UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

        Plaintiff,

        v.                              Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

        Defendants.

---

## TORONTO DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), The City of Toronto and Detective David Wilson (collectively the "Toronto Defendants"), by and through undersigned counsel, respectfully move to dismiss the claims against the Toronto Defendants.  In support of this motion, the Toronto Defendants respectfully refer the Court to the accompanying memorandum of law. A proposed order is submitted herewith.

Dated: January 9, 2025

                              Respectfully submitted,

                              PHILLIPS LYTLE LLP
                              Christopher D. Barraza
                              Attorneys for Defendants
                              *The City of Toronto and David Wilson*
                              620 Eighth Avenue
                              38th Floor
                              New York, New York 10018
                              (212) 759-4888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

        Plaintiff,

        v.                               Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

        Defendants.

_____

**STATEMENT OF THE SPECIFIC POINTS OF LAW
AND AUTHORITY IN SUPPORT OF
TORONTO DEFENDANTS' MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND .............................................................................................................. 1

ARGUMENT ................................................................................................................... 3

POINT I    TORONTO IS ENTITLED TO FOREIGN SOVEREIGN
           IMMUNITY .................................................................................... 3

POINT II   DETECTIVE WILSON IS ENTITLED TO FOREIGN OFFICIAL
           IMMUNITY .................................................................................... 6

POINT III  THIS COURT LACKS PERSONAL JURISDICTION  OVER THE
           TORONTO DEFENDANTS .............................................................. 7

POINT IV   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE
           TORONTO DEFENDANTS .............................................................. 9

           A.   Plaintiff fails to state a claim for false imprisonment ......................... 10

           B.   Plaintiff fails to state a claim for intrusion upon seclusion ................. 12

           C.   Plaintiff fails to state a claim for malicious prosecution .................... 12

           D.   Plaintiff fails to state a claim for complicity or civil conspiracy .......... 13

           E.   Plaintiff fails to state a claim for gross negligence ............................. 14

           F.   Plaintiff fails to state a claim for negligent hiring or negligent
                supervision ..................................................................................... 16

           G.   Plaintiff fails to state a claim for negligent infliction of emotional
                distress ........................................................................................... 18

CONCLUSION ............................................................................................................... 18

## **TABLE OF AUTHORITIES**

Page

**Cases**

*ACR Systems, Inc. v. Woori Bank,*
    232 F.Supp.3d 471 (S.D.N.Y. 2017) ..........................................................................13

*American Auto. Ins. Co. v. Rest Assured Alarm System, Inc.,*
    786 F.Supp.2d 798 (2011) ..........................................................................................16

*Applewhite v. Accuhealth, Inc.,*
    21 N.Y.3d 420 (2013) ................................................................................................15

*Argentine Republic v. Amerada Hess Shipping Corp.,*
    488 U.S. 428 (1989) ...............................................................................................3, 5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................... 9

*Asociacion de Reclamantes v. United Mexican States,*
    735 F.2d 1517 (D.C. Cir. 1984) ................................................................................. 5

*Banco Nacional de Cuba v. Sabbatino,*
    376 U.S. 398 (1964) ................................................................................................... 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................... 9

*Biggs v. City of New York,*
    2010 WL 4628360 (S.D.N.Y. 2010) .........................................................................17

*Blumenfeld v. Harris,*
    3 A.D.2d 219 (N.Y. App. Div. 1957) ........................................................................10

*Broidy Cap. Mgmt. LLC v. Muzin,*
    No. 19-CV-0150 (DLF), 2020 WL 1536350 (D.D.C. Mar. 31, 2020), *aff'd,*
    12 F.4th 789 (D.C. Cir. 2021) ................................................................................... 6

*Buari v. City of New York,*
    530 F.Supp.3d 356 (S.D.N.Y. 2021) .........................................................................13

*Buchanan for Buchanan v. Hesse,*
    521 F.Supp.3d 348 (S.D.N.Y. 2021) .........................................................................17

*Campbell v. Bank of New York Mellon Tr. Co.,*
    2012 WL 2952852 (S.D.N.Y. May 8, 2012) .............................................................18

*Ciambriello v. Cnty. of Nassau,*
    292 F.3d 307 (2d Cir. 2002) ........................................................................14

*Colodney v. Continuum Health Partners, Inc.,*
    2004 WL 823158 (S.D.N.Y. Apr. 15, 2004) ...............................................17

*Copantitla v. Fiskardo Estiatorio, Inc.,*
    788 F.Supp.2d 253 (S.D.N.Y. 2011) ...........................................................10

*Corley v. Vance,*
    365 F.Supp.3d 407 (S.D.N.Y. 2019) ...........................................................18

*Crane v. New York Zoological Soc.,*
    894 F.2d 454 (D.C. Cir. 1990) ..................................................................... 7

*Doe 1 v. Buratai,*
    318 F. Supp. 3d 218 (D.D.C. 2018), *aff'd*, 792 F. App'x 6 (D.C. Cir. 2019)................6, 7

*Doe v. Alsaud,*
    12 F.Supp.3d 676 (S.D.N.Y. 2014) .............................................................17

*Ehrens v. Lutheran Church,*
    385 F.3d 232 (2d Cir. 2004) ........................................................................16

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ......................................................................................10

*FC Inv. Grp. LC v. IFX Markets, Ltd.,*
    479 F. Supp. 2d 30 (D.D.C. 2007), *aff'd*, 529 F.3d 1087 (D.C. Cir. 2008) ...................... 8

*Ferrerira v. City of Binghamton,*
    38 N.Y.3d 298 (2022) ............................................................................ 15, 16

*Fisk v. Letterman,*
    424 F.Supp.2d 670 (S.D.N.Y. 2006) ...................................................... 13, 14

*Francis v. Kinds Park Manor, Inc.,*
    992 F.3d 67 (2d Cir. 2021) ..........................................................................18

*In re GEICO Customer Data Breach Litigation,*
    2023 WL 4778646, *R&R adopted*, 691 F. Supp. 3d 624 (E.D.N.Y. 2023)......................12

*GTE New Media Servs. Inc. v. BellSouth Corp.,*
    199 F.3d 1343 (D.C. Cir. 2000)................................................................... 8

*Hamalengwa v. Bentley,*
    2011 ONSC 4145, 2011 CarswellOnt 7392 (CanLII) ..................................17

*Hamlett v. Santander Consumer USA Inc.*,
  931 F.Supp.2d 451 (E.D.N.Y. 2013) ................................................................12

*Helton v. United States*,
  191 F. Supp. 2d 179 (D.D.C. 2002) ................................................................12

*Jessup v. Progressive Funding*,
  35 F.Supp.3d 26 (D.D.C. 2014) ....................................................................... 9

*Jones v. Grisanti*,
  2024 WL 3415361 (W.D.N.Y. 2024) ................................................................18

*Kilburn v. Socialist People's Libyan Arab Jamahiriya*,
  376 F.3d 1123 (D.C.Cir. 2004) ....................................................................... 3

*Levantino v. Skala*,
  56 F.Supp.3d 191 (E.D.N.Y. 2014) ........................................................... 10, 11

*Lewis v. Mutond*,
  258 F. Supp. 3d 168 (D.D.C. 2017) ................................................................. 6

*Lowth v. Town of Cheektowaga*,
  82 F.3d 563 (2d Cir. 1996) ............................................................................13

*Malewicz v. City of Amsterdam*,
  362 F. Supp. 2d 298 (D.D.C. 2005) ................................................................. 4

*Manganiello v. City of New York*,
  612 F.3d 149 (2d Cir. 2010) ...........................................................................12

*Martinetti v. Town of New Hartford Police Dep't*,
  112 F. Supp. 2d 251 (N.D.N.Y. 2000), *aff'd* 12 F. App'x 29 (2d Cir. 2001) ...................11

*Matar v. Dichter*,
  563 F.3d 9 (2d Cir. 2009)................................................................................. 6

*McFadden v. Washington Metro. Area Transit Auth.*,
  2016 WL 10672013 (D.D.C. Nov. 8, 2016) ....................................................... 9

*Millen Indus., Inc. v. Coordination Council for N. Am. Affairs*,
  855 F.2d 879 (D.C. Cir. 1988) ......................................................................... 4

*Moore v. Motz*,
  437 F.Supp.2d 88 (D.D.C. 2006) ...................................................................10

*Mortise v. United States*,
  102 F.3d 693 (2d Cir. 1996) ...........................................................................18

*Mwani v. bin Laden,*
    417 F.3d 1 (D.C. Cir. 2005) ............................................................................... 3

*PC-41 Doe v. Poly Prep Country Day School,*
    590 F.Supp.3d 551 (E.D.N.Y. 2021) ...............................................................16

*Persinger v. Islamic Republic of Iran,*
    729 F.2d 835 (D.C. Cir. 1984) ........................................................................... 5

*Pittman v. Inc. Village of Hempstead,*
    49 F.Supp.3d 307 (E.D.N.Y. 2014) ................................................................11

*Purchase Partners, LLC v. Carver Federal Sav. Bank,*
    914 F. Supp.2d 480 (S.D.N.Y. 2012) ............................................................15

*Rodriguez v. City of New York,*
    590 F.Supp.3d 518 (E.D.N.Y. 2022) ............................................................12

*Rodriguez v. City of New York,*
    594 F.Supp.3d 534 (E.D.N.Y. 2022) ............................................................17

*Rong v. Liaoning Province Gov't,*
    452 F.3d 883 (D.C. Cir. 2006) ........................................................................... 3

*Schoolcraft v. City of New York,*
    103 F.Supp.3d 465 (S.D.N.Y. 2015) ............................................................17

*Schwartzco Enters. LLC v. TMH Mgmt., LLC,*
    60 F.Supp.3d 331 (E.D.N.Y. 2014) ...............................................................14

*Sec. Bank, N. A. v. Tauber,*
    347 F. Supp. 511 (D.D.C. 1972) ....................................................................... 9

*Singer v. Fulton County Sheriff,*
    63 F.3d 110 (2d Cir. 1995) ..............................................................................10

*Solomon v. City of Rochester,*
    449 F.Supp.3d 104 (W.D.N.Y. 2020) ...........................................................12

*Sturdza v. U.A.E.,*
    658 F. Supp.2d 135 (D.D.C. 2009) ................................................................10

*Taggart v. Costabile,*
    131 A.D.3d 243 (N.Y. App. Div. 2015) .......................................................18

*Tara N.P. v. Western Suffolk Bd. of Coop. Educ. Servs.,*
    28 N.Y.3d 709 (2017) ......................................................................................16

*Thelwell v. Toronto Police Services Board,*
  2020 ONSC 1803 ¶¶ 97-98 (CanLII) ................................................ 7

*Treppel v. Biovail Corp.,*
  2005 WL 2086339 (S.D.N.Y. Aug. 20, 2005) ...................................13

*Turturro v City of New York,*
  28 N.Y.3d 469 (2016) ......................................................................16

*United States ex rel. Morsell v. Symantec Corp.,*
  130 F. Supp.3d 106 (D.D.C. 2015)................................................... 9

*Valdez v. City of New York,*
  18 N.Y.3d 69 (2011).........................................................................15

*Verlinden B.V. v. Cent. Bank of Nigeria,*
  461 U.S. 480 (1983)........................................................................... 5

*World Wide Mins., Ltd. v. Republic of Kazakhstan,*
  296 F.3d 1154 (D.C. Cir. 2002)........................................... 7, 11, 13

*Wu v. Stomber,*
  750 F.3d 944 (D.C. Cir. 2014) ........................................................10

**Statutes**

28 U.S.C. § 1330(b) ............................................................................. 8

28 U.S.C. § 1603 ................................................................................. 4

28 U.S.C. § 1604 ..............................................................................3, 4

28 U.S.C. § 1605(a) .........................................................................4, 5, 6

28 U.S.C. § 1605A ............................................................................... 4

City of Toronto Act, 2006, S.O. 2006, c. 11, Sched. A (CanLII)......... 4

D.C. Code § 13-423(a) ........................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)....................................................................... 1

Fed. R. Civ. P. 12(b)(2)....................................................................... 1

Fed. R. Civ. P. 12(b)(6).....................................................................1, 9

Restatement (Second) of Torts (1977) § 652B...................................12

## PRELIMINARY STATEMENT

Defendants The City of Toronto ("Toronto") and Detective David Wilson (collectively the "Toronto Defendants") submit this Memorandum of Law in support of their Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

Plaintiff's pro se claims against the Toronto Defendants should be dismissed for numerous independent reasons. First, Toronto is immune from the jurisdiction of U.S. courts under the Foreign Sovereign Immunities Act ("FSIA") because it is a political subdivision of Canada. Plaintiff has not identified any exception to the FSIA that would allow his claims against Toronto to proceed. Second, Detective Wilson is entitled to foreign official immunity for the acts he took as an employee of a foreign governmental entity. Third, this Court lacks personal jurisdiction over the Toronto Defendants because they have no connection to the District of Columbia.

Even setting aside these threshold legal defects, the Complaint also fails to state a claim against the Toronto Defendants. It merely alleges that Detective Wilson called Plaintiff to advise him that a warrant had been issued for his arrest by a justice of the peace in Canada. (Dkt. 1 ¶¶ 108, 116, 129). This anodyne conduct does not plausibly give rise to any cause of action. The claims Plaintiff has asserted against the Toronto Defendants should be dismissed.

## BACKGROUND

Plaintiff, proceeding pro se, filed a lengthy complaint focused on a long-running family dispute with his brother and sister-in-law. (Dkt. 1 ¶ 1). He claims to have been denied certain funds more than fifteen years ago by his mother. (*Id.* ¶ 54). Plaintiff alleges that his

brother engaged in an extensive campaign to undermine Plaintiff's relationship with other family members. (*Id.* ¶ 68). As part of this campaign, Plaintiff alleges, his brother sent various text messages purporting to be from Plaintiff.  (*Id.* ¶ 70).

Plaintiff's brother eventually reported to the Toronto Police Service that Plaintiff was harassing him and, based on safety concerns, sought to pursue criminal charges to prevent Plaintiff from making any unannounced visit. (*Id.* ¶ 116). Following this report, a warrant for Plaintiff's arrest was duly issued by a justice of the peace in Canada for "harassment and uttering death threat." (*Id.* ¶¶ 108, 116, 129). Plaintiff alleges that his brother's reports were false. (*Id.* ¶ 108). He does not claim that the Toronto Police Service knew that the reports were false, but instead alleges that the Service is generally incompetent as evidenced by numerous news reports having no connection to the present dispute. (*Id.* ¶¶ 131-38). Plaintiff also alleges that various lawsuits between the parties have been commenced in Canada. (*Id.* ¶¶ 139-49).

Although the Complaint spans some 237 paragraphs, there are few factual allegations regarding the Toronto Defendants. Plaintiff alleges that Detective Wilson sent him a text message requesting a call back. (*Id.* ¶ 100). When Plaintiff returned the call, Detective Wilson informed him that there was a warrant for his arrest, and advised that Plaintiff would be arrested if he entered Canada. (*Id.* ¶¶ 101-02). When Plaintiff complained about this call to the Toronto Police Service, he was informed that there was a valid warrant and that Detective Wilson had not engaged in any wrongdoing by so advising Plaintiff. (*Id.* ¶ 116). Finally, Plaintiff alleges that he believes Detective Wilson was suspended for three weeks for an unrelated incident, but provides no details. (*Id.* ¶ 135).

Plaintiff asserts claims against his brother, his sister-in-law, and three attorneys affiliated with them. (*Id*. ¶¶ 43-51). He also asserts claims against Canada itself, the Province of Ontario, the Attorney General of Ontario, the City of Toronto, and Detective Wilson. (*Id*. ¶¶ 32-42). In addition to damages, Plaintiff requests a public apology and an order granting him United States citizenship. (*Id*. ¶ 11, 231-37). For the reasons set forth below, Plaintiff's claims against the Toronto Defendants should be dismissed.

**ARGUMENT**

**POINT I**

**TORONTO IS ENTITLED TO FOREIGN SOVEREIGN IMMUNITY**

The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). It provides that "foreign states shall be immune from the jurisdiction of the courts of the United States and of the States," subject to specific, narrow exceptions. 28 U.S.C. § 1604. The term "foreign state" is defined to include "a political subdivision of a foreign state." 28 U.S.C. § 1604.

"If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, then the district court should take the plaintiff's factual allegations as true and determine whether they bring the case within any of the exceptions to immunity invoked by the plaintiff." *Mwani v. bin Laden*, 417 F.3d 1, 15 (D.C. Cir. 2005) (quoting *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1127 (D.C.Cir.2004)). "'[J]urisdiction will not obtain,' and the court may dismiss a complaint on that basis, 'if the cause of action is based on a sovereign activity.'" *Rong v. Liaoning Province Gov't*, 452 F.3d

883, 888 (D.C. Cir. 2006) (quoting *Millen Indus., Inc. v. Coordination Council for N. Am. Affairs*, 855 F.2d 879, 885 (D.C. Cir. 1988)).

Toronto is a city in the Province of Ontario, Canada. (Dkt. 1 ¶ 38). Its status and powers are set forth by the City of Toronto Act, 2006, S.O. 2006, c. 11, Sched. A (CanLII). As a municipality, Toronto qualifies as a "political subdivision of a foreign state." 28 U.S.C. § 1604; *see Malewicz v. City of Amsterdam*, 362 F. Supp. 2d 298, 306 (D.D.C. 2005) ("The City of Amsterdam is clearly a 'political subdivision' of The Kingdom of the Netherlands and is therefore a 'foreign state' within the meaning of FSIA, 28 U.S.C. § 1603."). Indeed, the Complaint specifically alleges that Toronto is a "sub political division [sic]" of Canada. (Dkt. 1 ¶ 196). Accordingly, Toronto is immune from suit unless one of the FSIA exception applies.

The Complaint does not identify any specific exception under the FSIA providing for jurisdiction over Plaintiff's claims. And it is clear based on the limited allegations of the Complaint that none of these exceptions is even plausibly relevant as to Toronto. The statute provides exceptions for actions based upon waiver, 28 U.S.C. § 1605(a)(1), commercial activity, § 1605(a)(2), takings in violation of international law § 1605(a)(2), rights in property in the United States acquired by succession or gift, or in immovable property, § 1605(a)(4), certain tortious conduct in the United States, § 1605(a)(5), arbitration agreements, § 1605(a)(6), and terrorist acts, 28 U.S.C. § 1605A. Toronto did not engage in activities falling within the scope of any exception.

The Complaint does not provide any well-pled factual allegations regarding actions taken by Toronto itself. Plaintiff appears to be asserting a theory of vicarious liability with respect to the actions of Detective Wilson. (*See* Dkt. 1 ¶ 39). As explained below, Detective

Wilson is not an employee of Toronto. But even if the Court were to attribute Detective Wilson's actions to Toronto, there is no basis for avoiding foreign sovereign immunity. The Complaint merely alleges that Detective Wilson contacted Plaintiff and advised him that he was subject to an arrest warrant in Canada. (*See* Dkt. 1 ¶¶ 101-02). Such a call would not qualify under any of the FSIA's exceptions.

The only reference contained in the Complaint to an FSIA exception is Plaintiff's assertion that 28 U.S.C. § 1605(a)(5)(B) is unconstitutional. (Dkt. 1, at 5). That provision excludes from the scope of non-commercial tort exception "any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 1605(a)(5)(B). But Plaintiff provides no reasoned argument in support of his constitutional assertion. And the Supreme Court has upheld the FSIA as a valid exercise of Congress' power. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 495 (1983). Those claims are thus not subject to the non-commercial tort exception.

In any event, the Court need not reach this argument because the Complaint does not plausibly allege that the non-commercial tort exception governs. "[T]he exception in § 1605(a)(5) covers only torts occurring within the territorial jurisdiction of the United States." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 (1989). And "the entire tort" must be committed in the United States. *Asociacion de Reclamantes v. United Mexican States*, 735 F.2d 1517, 1525 (D.C. Cir. 1984); *see also Persinger v. Islamic Republic of Iran*, 729 F.2d 835, 842 (D.C. Cir. 1984) (holding "both the tort and the injury must occur in the United States"). There is no allegation that Toronto or Detective Wilson committed any act from within the United States; instead, the Complaint suggest Detective Wilson

contacted Plaintiff from Canada.  (*See* Dkt. 1 ¶¶ 100-02).  Finally, Detective Wilson's call is excluded from the scope of the non-commercial tort exception by a separate provision.  The exception excludes "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused."  28 U.S.C. § 1605(a)(5)(A).  Toronto is thus entitled to foreign sovereign immunity.

## POINT II

## DETECTIVE WILSON IS ENTITLED TO FOREIGN OFFICIAL IMMUNITY

Although the FSIA does not apply to officials of foreign states, Detective Wilson is protected by the common law doctrine of foreign-official immunity.  "Foreign-official immunity is a question of subject-matter jurisdiction . . . ." *Broidy Cap. Mgmt. LLC v. Muzin*, No. 19-CV-0150 (DLF), 2020 WL 1536350, at *4 (D.D.C. Mar. 31, 2020), *aff'd*, 12 F.4th 789 (D.C. Cir. 2021). Conduct-based foreign-official immunity "is available to 'any public minister, official, or agent of the foreign state with respect to acts performed in his official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'" *Doe 1 v. Buratai*, 318 F. Supp. 3d 218, 230 (D.D.C. 2018), *aff'd*, 792 F. App'x 6 (D.C. Cir. 2019) (quoting *Lewis v. Mutond*, 258 F. Supp. 3d 168, 172 (D.D.C. 2017)).

All three prongs are satisfied here. Detective Wilson is an official or agent of a foreign state. (Dkt. 1 ¶¶ 40-42). Plaintiff alleges that Detective Wilson was acting in his official capacity as an employee. (Dkt. 1 ¶¶ 100-02, 116, 135); *see Buratai*, 318 F. Supp. 3d at 232 (holding "plaintiff's concession that defendant was at all relevant times an employee and agent of the defendant Spanish Government sufficed to dispose of the claim" (quoting *Matar v. Dichter*, 563 F.3d 9, 14 (2d Cir. 2009))).

Finally, "a decision by this Court on the legality of [Detective Wilson's] actions would amount to a decision on the legality of [the foreign state's] actions." (*Id.* at 233). As the Complaint itself establishes, the Toronto Police explained to Plaintiff that Detective Wilson did not engage in "any wrong doing," and that his message to Plaintiff was "legitimate and there is a warrant for your arrest." (Dkt. 1 ¶ 116). Granting relief to Plaintiff would thus imply the invalidity of the Canadian warrant. *See Thelwell v. Toronto Police Services Board*, 2020 ONSC 1803 ¶¶ 97-98 (CanLII) (explaining an officer cannot be held liable for acting pursuant to a duly issued arrest warrant). And "[t]he act of state doctrine 'precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory.'" *World Wide Mins., Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1164 (D.C. Cir. 2002) (quoting *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 401 (1964)). Accordingly, the warrant issued in Canada must be deemed valid for purposes of adjudicating this case. (*Id.* at 1166).

Because Plaintiff seeks to hold Detective Wilson liable for his official acts taken in Canada, Detective Wilson is entitled to foreign-official immunity.

## POINT III

### THIS COURT LACKS PERSONAL JURISDICTION OVER THE TORONTO DEFENDANTS

"The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). In assessing personal jurisdiction, the "court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."

*GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Plaintiff fails both prongs of this test.[1]

The District of Columbia's long arm statute permits the exercise of jurisdiction on a number of bases, including transacting business or causing injury in the District of Columbia. D.C. Code § 13-423(a). But the Complaint does not allege that the Toronto Defendants have any contacts whatsoever with the District of Columbia. Nor does Plaintiff allege that any portion of the acts giving rise to this case occurred in this District. Absent factual allegations establishing some link between the Toronto Defendants and the District of Columbia, personal jurisdiction is absent.

Even if the long-arm statute were satisfied, "a plaintiff must still show that the exercise of personal jurisdiction is within the permissible bounds of the Due Process Clause" by showing "'minimum contacts' between the defendant and the forum." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The Complaint fails under this standard because there are no contacts between the Toronto Defendants and the District of Columbia. The sole actions alleged against the Toronto Defendants concern Detective Wilson's call to Plaintiff advising him of an arrest warrant in Canada. (Dkt. 1 ¶¶ ¶¶ 101-02). There is no allegation that this call was made from or received in the District of Columbia. And regardless, courts have consistently held that a telephone call is insufficient to establish minimum contacts. *See, e.g.*, *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 479 F. Supp. 2d 30, 43 (D.D.C. 2007), *aff'd*, 529 F.3d 1087 (D.C. Cir. 2008) (small number of mailings

---

[1] The FSIA does not provide an independent basis for personal jurisdiction over Toronto. Under the FSIA, subject-matter jurisdiction together with valid service provides personal jurisdiction. 28 U.S.C. § 1330(b). However, as described above, this Court lacks subject matter jurisdiction over Toronto because none of the FSIA's exceptions apply. Accordingly, § 1330(b) does not provide a basis for personal jurisdiction.

"and two phone calls into the District of Columbia" insufficient); *McFadden v. Washington Metro. Area Transit Auth.*, 2016 WL 10672013, at *6 (D.D.C. Nov. 8, 2016) (holding "phone calls into the District of Columbia from elsewhere" insufficient); *Sec. Bank, N. A. v. Tauber*, 347 F. Supp. 511, 516 (D.D.C. 1972) ("Nor do the two phone calls made by defendant into the District of Columbia provide a jurisdictional basis . . . .").

Because the Complaint does not allege any contacts between the Toronto Defendants and the District of Columbia, this Court lacks personal jurisdiction.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE TORONTO DEFENDANTS

Under Federal Rule of Civil Procedure Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *United States ex rel. Morsell v. Symantec Corp.*, 130 F. Supp.3d 106, 117 (D.D.C. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Plaintiff's factual allegations 'must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Symantec Corp.*, 130 F. Supp.3d at 116-117  (quoting *Twombly*, 550 U.S. at 555-56).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are therefore insufficient to withstand a motion to dismiss." *Symantec Corp.*, 130 F. Supp.3d at 117 (quoting *Iqbal,* 556 U.S. at 678).

While "the pleadings of *pro se* parties are to be 'liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, . . . [t]his benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Jessup v. Progressive Funding*, 35 F.Supp.3d 26, 31

(D.D.C. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotation marks and citations omitted); *see also Sturdza v. U.A.E.*, 658 F. Supp.2d 135, 137 (D.D.C. 2009). "[T]he Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions" *Moore v. Motz*, 437 F.Supp.2d 88, 90 (D.D.C. 2006).

Here, Plaintiff has failed to state a claim upon which relief may be granted because the complaint fails to include factual allegations plausibly suggesting the Toronto Defendants are liable.

**A.    Plaintiff fails to state a claim for false imprisonment**

In order to establish a claim for false imprisonment under New York law, a plaintiff must show: "(1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified.'" *Levantino v. Skala,* 56 F.Supp.3d 191, 200 (E.D.N.Y. 2014) (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)).[2]

Plaintiff has not alleged facts supporting any of these elements. He merely claims that he is "effectively a prisoner" and "unable to leave the United States" because he is subject to an arrest warrant in Canada. (*See* Dkt. 1 ¶¶ 108, 120-121, 151-152). But he does not explain how this constitutes confinement. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d 253, 294 (S.D.N.Y. 2011) ("[A] fear of being arrested . . . does not suffice to support a false imprisonment claim."); *Blumenfeld v. Harris*, 3 A.D.2d 219, 220 (N.Y. App.

---

[2] Plaintiff resides in New York State and likely spoke to Detective Wilson from New York. (*See* Dkt. 1, at 2, 57). He also repeatedly cites to New York statutes. (*See, e.g.*, *id,* ¶¶ 153, 167, 172, 178, 183, 189). Accordingly, it appears that New York substantive law applies. *See Wu v. Stomber*, 750 F.3d 944, 949 (D.C. Cir. 2014) (setting forth the District of Columbia's choice of law factors for tort claims).

Div. 1957) ("Threats to invoke peacefully the processes of the law, standing alone and unaccompanied by force or any other form of restraint, cannot result in such a detention as would constitute false imprisonment . . . .).  And because Plaintiff was not confined, the second and third prongs cannot be met.

Nor has Plaintiff alleged facts indicating that any claimed confinement was unjustified.  "[I]t is well established that probable cause to arrest is a complete defense to a claim of false arrest or false imprisonment." *Skala*, 56 F.Supp.3d at 200.  And even if an arrest had occurred, "[a]n arrest pursuant to a valid warrant is presumptively made with probable cause." *Martinetti v. Town of New Hartford Police Dep't*, 112 F. Supp. 2d 251, 253 (N.D.N.Y. 2000), *aff'd* 12 F. App'x 29 (2d Cir. 2001). Further, as noted above, the validity of a Canadian warrant cannot be challenged in U.S. courts under the act of state doctrine. *See World Wide Mins., Ltd.*, 296 F.3d at 1164. Accordingly, this Court must treat the warrant as valid, and Plaintiff cannot prevail.

Still further, the Complaint itself establishes that the Toronto Defendants would have probable cause to justify an arrest. It includes a screenshot of an email correspondence dated March 4, 2024 between Officer Dave Lim and Plaintiff showing that David Kideckel reported "on-going harassment" and family members expressed safety concerns. (*See* Dkt. 1 ¶ 108). Even if these reports were inaccurate, "probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." *Pittman v. Inc. Village of Hempstead*, 49 F.Supp.3d 307, 318 (E.D.N.Y. 2014).

Because Plaintiff has failed to plead facts plausibly supporting the elements necessary to state a claim of false imprisonment, his claim must be dismissed.

**B.    Plaintiff fails to state a claim for intrusion upon seclusion**

New York has consistently refused to recognize a common law right of privacy, therefore, there is no cause of action of intrusion upon seclusion under New York law.  *In re GEICO Customer Data Breach Litig.*, 2023 WL 4778646, at *17, *R&R adopted*, 691 F. Supp. 3d 624 (E.D.N.Y. 2023); *see also Hamlett v. Santander Consumer USA Inc.*, 931 F.Supp.2d 451, 457-458 (E.D.N.Y. 2013). Accordingly, on this basis, Plaintiff's claim should be dismissed.[3]

**C.    Plaintiff fails to state a claim for malicious prosecution**

To establish a claim for malicious prosecution, Plaintiff must demonstrate: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Rodriguez v. City of New York*, 590 F.Supp.3d 518, 534 (E.D.N.Y. 2022) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)). This claim fails for several reasons.

First, Plaintiff has not alleged (and cannot allege) that a criminal proceeding was terminated in his favor. *Cf. Solomon v. City of Rochester*, 449 F.Supp.3d 104, 114 (W.D.N.Y. 2020) ("Plaintiff cannot maintain a malicious prosecution claim because he cannot show that the criminal proceeding terminated in his favor."). Instead, the Complaint indicates that an arrest warrant remains outstanding. (Dkt. 1 ¶ 117). Second, as noted above, the Complaint itself demonstrates that there was sufficient probable cause to justify the arrest

---

[3] Nor has Plaintiff alleged any facts concerning the Toronto Defendants in support of this theory more generally.  Under Section 652B of the Restatement (Second) of Torts (1977), "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Helton v. United States*, 191 F. Supp. 2d 179, 181 (D.D.C. 2002).  Plaintiff has not made any such allegations against the Toronto Defendants.  He simply alleges a brief phone call.

warrant, *see* Dkt. 1 ¶ 108, and the warrant must be deemed valid under the act of state

doctrine, *see World Wide Mins., Ltd.*, 296 F.3d at 1164.  Third, "malice requires a showing

'that the defendant must have commenced the criminal proceeding due to a wrong or

improper motive, something other than a desire to the ends of justice served." *Buari v. City

of New York*, 530 F.Supp.3d 356, 385 (S.D.N.Y. 2021) (quoting *Lowth v. Town of

Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)).  Plaintiff has failed to allege facts providing

any inference that the arrest warrant was a product of malice on the part of the Toronto

Defendants.  Rather, Plaintiff alleges that the warrant was issued by a justice of the peace

based on reports from David Kideckel and his family members.  (*See* Dkt. 1 ¶¶ 108, 116,

129).  Accordingly, Plaintiff has failed to plead all of the elements necessary to state a claim

of malicious prosecution and his claim should be dismissed.

### D.    Plaintiff fails to state a claim for complicity or civil conspiracy

"New York law only recognizes an action for civil conspiracy if it is connected to a

separate underlying tort." *Fisk v. Letterman*, 424 F.Supp.2d 670, 677 (S.D.N.Y. 2006).

"Once that threshold showing has been made, the plaintiff must establish four additional

elements: '(1) an agreement between two or more parties; (2) an overt act in furtherance of

the agreement; (3) the parties' intentional participation in the furtherance of a plan or

purpose; and (4) resulting damage or injury." *ACR Systems, Inc. v. Woori Bank*, 232

F.Supp.3d 471, 478-479 (S.D.N.Y. 2017) (quoting *Treppel v. Biovail Corp.*, 2005 WL

2086339, at *5 (S.D.N.Y. Aug. 20, 2005)).

Plaintiff has failed to plead any underlying tort as to the Toronto Defendants for the

reasons discussed elsewhere in this brief.  *See Woori Bank*, 232 F.Supp.3d at 479 ("[Plaintiff]

fail[ed] to plausibly allege [an underlying tort] . . . [a]ccordingly, [Plaintiff's] civil conspiracy

claim is dismissed.").  He has also failed to plead the other elements.  Plaintiff merely makes

the conclusory assertion that various people have conspired "in the perpetuation of

harassment, fraud, emotional distress, intrusion upon seclusion, and false imprisonment."

(Dkt. 1 ¶ 191).  The Complaint lacks any factual allegations suggesting that the Toronto

Defendants made an agreement, committed an overt act, participated in furtherance of a

plan, or damaged Plaintiff.  "[C]omplaints containing only conclusory, vague, or general

allegations that the defendants have engaged in a conspiracy . . . are properly dismissed;

diffuse and expansive allegations are insufficient, unless amplified by specific instances of

misconduct." *Letterman*, 424 F.Supp.2d at 677 (quoting *Ciambriello v. Cnty. of Nassau*, 292

F.3d 307, 325 (2d Cir. 2002)).  Accordingly, "even if [Plaintiff] had adequately pled an

independent tort, [Plaintiff] has offered no more than conclusory assertions of [Detective

Wilson's] involvement in the purported conspiracy, and [his] civil conspiracy claim must

therefore be dismissed." *Id.*[4]

E.    **Plaintiff fails to state a claim for gross negligence**

"To state a claim for gross negligence under New York law, a plaintiff must establish

four elements:  (1) the existence of a duty; (2) a breach of that duty; (3) injury as a result

thereof; and (4) conduct that evinces a reckless disregard for the rights of others or smacks of

intentional wrongdoing." *Schwartzco Enterprises LLC v. TMH Management, LLC.*, 60

F.Supp.3d 331, 355 (E.D.N.Y. 2014) (quoting *Purchase Partners, LLC v. Carver Federal Sav.

Bank*, 914 F. Supp.2d 480, 497 (S.D.N.Y. 2012)).

---

[4] Plaintiff also asserts a claim for "Complicity" against Detective Wilson.  (Dkt. 1 ¶¶ 190-
93).  New York law does not recognize a cause of action for "complicity."  The Complaint
cites to criminal law sources regarding accomplice liability, which do not apply in the civil
context.  (*Id.* ¶ 193).  Accordingly, it appears that this claim is best understood as asserting
some form of liability for civil conspiracy, and fails for the same reasons set forth here.

Plaintiff alleges a claim for gross negligence only against Toronto. When a negligence claim is asserted against a municipality, "a court must first decide whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose." *Ferrerira v. City of Binghamton*, 38 N.Y.3d 298, 309 (2022) (quoting *Applewhite v. Accuhealth, Inc.*, 21 N.Y.3d 420 (2013)). "A municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers." *Id.* (quoting *Accuhealth, Inc.*, 21 N.Y.3d at 972). And "when a municipality is exercising a governmental function," a plaintiff must show that "the municipality owed a special duty to the injured party." *Id.* at 309 (quoting *Applewhite*, 21 N.Y.3d at 426) (internal quotation marks omitted). Police investigations are a quintessential governmental function. *Id.*

A municipality "does not owe a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created." *Id.* at 309-310 (quoting *Valdez v. City of New York*, 18 N.Y.3d 69, 75 (2011) (internal quotation marks omitted). Courts have "recognized that a special duty can arise in three situations: (1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition." *Id.* at 310 (quoting *Applewhite*, 21 N.Y.3d at 426). Here, Plaintiff has not pled any facts suggesting Toronto owed him a special duty of care. (*See* Dkt. 1 ¶¶ 194-197). Accordingly, "the analysis ends and liability may not be imputed to the municipality that acted in a governmental capacity." *City of Binghamton*, 38 N.Y.3d at 310 (quoting *Tara N.P. v. Western Suffolk Bd. of Coop. Educ. Servs.*, 28 N.Y.3d 709, 713 (2017)). Even if there were a

special duty, Toronto is protected by governmental function immunity. "The governmental function immunity defense 'provides immunity for the exercise of discretionary authority during the performance of a governmental function.'" *Id.* at 311 (quoting *Turturro v City of New York*, 28 N.Y.3d 469, 479 (2016)).

Additionally, Plaintiff has failed to plead the remaining elements, specifically, how Toronto breached any alleged duty, any injury to Plaintiff as a result, or how Toronto's conduct evidenced a reckless disregard for the rights of others or smacks of intentional wrongdoing. *See American Auto. Ins. Co. v. Rest Assured Alarm System, Inc.*, 786 F.Supp.2d 798 (2011) ("Not a single fact suggesting why [Defendant] is believed to have been grossly negligent - i.e., any conduct that smacks of intentional wrongdoing - is alleged.") (quotations omitted). Accordingly, Plaintiff's claim of gross negligence should be dismissed.

## F.    Plaintiff fails to state a claim for negligent hiring or negligent supervision

Plaintiff asserts claims for negligent hiring and negligent supervision only against Toronto. In addition to the standard elements of negligence, a plaintiff alleging negligent hiring and supervision must show: "'(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer 'knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels.'" *PC-41 Doe v. Poly Prep Country Day School*, 590 F.Supp.3d 551, 566 (E.D.N.Y. 2021) (quoting *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004).

Initially, Detective Wilson is not an employee of the City or Toronto; the Complaint specifically alleges he is an employee of a separate entity, the Toronto Police Service. (Dkt.

1 ¶ 135).  "The Toronto Police Services Board . . . is a statutory entity which has responsibility over police services in its jurisdiction." *Hamalengwa v. Bentley*, 2011 ONSC 4145, 2011 CarswellOnt 7392 (CanLII).

Additionally, a claim for negligent hiring and supervision fails "where the defendants act in the scope of their employment." *Buchanan for Buchanan v. Hesse*, 521 F.Supp.3d 348, 356 (S.D.N.Y. 2021) (quoting *Schoolcraft v. City of New York*, 103 F.Supp.3d 465, 522 (S.D.N.Y. 2015); s*ee also Rodriguez v. City of New York*, 594 F.Supp.3d 534, 548 (E.D.N.Y. 2022) (quoting *Colodney v. Continuum Health Partners, Inc.*, 2004 WL 823158, at *8 (S.D.N.Y. Apr. 15, 2004)).  Here, the only conduct at issue by Detective Wilson concerned his police duties.  (Dkt. 1 ¶¶ 101-02).

Further, the Complaint lacks any factual allegation showing that Toronto "knew or should have known" that Detective Wilson had any "propensity for the [alleged] conduct which caused the [alleged] injury prior to the injury's occurrence." *Doe v. Alsaud*, 12 F.Supp.3d 676, 680 (S.D.N.Y. 2014) (quoting *Biggs v. City of New York*, 2010 WL 4628360, *9 (S.D.N.Y. 2010)).  "The absence [of] factual allegations concerning [the Toronto Defendants'] propensity for [the alleged conduct] is fatal to Plaintiff's negligence claim and warrants dismissal." *Id.*  While Plaintiff has included scattered assertions throughout his Complaint regarding the Toronto Police Service's operations, and an alleged suspension of Detective Wilson, (*see* Dkt. 1 ¶¶ 133-138), none of these assertions relate to the type of misconduct at issue.  *See Alsaud*, 12 F.Supp.3d at 681 ("The prior misconduct, moreover, must be of the same kind that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient.").  Accordingly, Plaintiff's negligent hiring and supervision claims should be dismissed.

**G.    Plaintiff fails to state a claim for negligent infliction of emotional distress**

A claim of negligent infliction of emotional distress requires a showing of: "(1) breach of duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Jones v. Grisanti*, 2024 WL 3415361, *13 (W.D.N.Y. 2024) (quoting *Francis v. Kinds Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021)).  "Moreover, '[n]egligent infliction of emotional distress requires that the emotional distress stem from either (1) physical injury or the threat of physical injury, or (2) breach of a special duty between [the] plaintiff and [the] defendant.'"  *Id.* (quoting *Campbell v. Bank of New York Mellon Tr. Co.*, 2012 WL 2952852, at *11 (S.D.N.Y. May 8, 2012)).

Plaintiff does not allege facts to support these elements.  He does not identify any duty the Toronto Defendants owed to him or how it was breached.  *See Corley v. Vance*, 365 F.Supp.3d 407, 454 (S.D.N.Y. 2019).  Plaintiff merely alleges that the Toronto Defendants owed him a duty of care based on "The Neighbor Rule."  (Dkt. 1 ¶ 220).  But "[t]he duty in such cases must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996).  And Plaintiff does not allege any physical injury or any assurance of genuine mental injury.  *See Taggart v. Costabile*, 131 A.D.3d 243, 253 (N.Y. App. Div. 2015).  Accordingly, his claim fails as a matter of law.

## <u>CONCLUSION</u>

The Toronto Defendants respectfully requests this Court dismiss Plaintiff's claims with prejudice.

Dated:  New York, New York
          January 9, 2025

PHILLIPS LYTLE LLP


By: */s/ Christopher D. Barraza*
Christopher D. Barraza (1012941)
Attorneys for Defendants
*The City of Toronto and David Wilson*
620 Eighth Avenue
38th Floor
New York, New York 10018
(212) 759-4888
cbarraza@phillipslytle.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

        Plaintiff,

        v.                              Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

        Defendants.

_____

**[PROPOSED] ORDER**

UPON CONSIDERATION of the motion to dismiss filed by Defendants The City of Toronto and David Wilson, and the entire record herein, it is hereby

ORDERED that motion to dismiss filed by Defendants The City of Toronto and David Wilson is GRANTED; and it is further

ORDERED that the claims against Defendants The City of Toronto and David Wilson are DISMISSED.


SO ORDERED:

_____
Date


                                              _____
                                              CARL J. NICHOLS
                                              United States District Judge