UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CANADA, et al.,<br><br>　　　　　Defendants. | Civ. A. No. 24-2907 (CJN) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT USCIS'S MOTION TO DISMISS**

Plaintiff, proceeding pro se, has failed in his untimely opposition to meaningfully oppose U.S. Citizenship and Immigration Services ("USCIS")'s motion to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).

First, Plaintiff's opposition to the motion to dismiss was submitted weeks beyond his deadline. Second, the opposition seemingly concedes the basis for dismissal identified by USCIS, namely that the Complaint contains no factual allegations related to USCIS, and thus fails to state a claim upon which relief can be granted. Third, Plaintiff notes he only recently filed a petition or application with USCIS and does not allege any unreasonable delay in support of any implied action against USCIS. Fourth, while Plaintiff references personal reasons for concealing his residency, that intentional omission cannot establish venue for a purported naturalization or citizenship claim against USCIS. As such, this Court should dismiss USCIS from the Complaint with prejudice.

**I.        Plaintiff's Opposition is Untimely.**

USCIS filed its motion to dismiss on December 16, 2024. Mot. Dismiss (ECF No. 18). As Plaintiff, proceeding pro se consented to electronic service, *see* Consent to Serv. (ECF No. 2), he

was served with the motion to dismiss on December 16, 2024. LCvR 5.4(b)(6). The deadline to file his opposition was December 30, 2024. *See* LCvR 7(b). Yet Plaintiff filed his opposition on January 11, 2025. Opp'n (ECF No. 28). As the opposition is untimely, the Court may strike the opposition and consider the motion to dismiss "as conceded." LCvR 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

### II.     Plaintiff Alleges No Claim Against USCIS.

In his opposition, Plaintiff states "Plaintiff is *not* seeking relief from the United States due to any failure, act, or omission, but rather is listed as a means for Plaintiff to seek the extraordinary relief as a last-resort option for this [C]ourt." Opp'n (ECF No. 28) at 1-2 (emphasis in original). As conceded, there are no material allegations made against USCIS and therefore, the Court should dismiss it from this litigation. *See, e.g.*, *Faller v. Dep't of Just.*, Civ. A. No. 20-1597, 2021 U.S. Dist. LEXIS 176976, at *36 (D.D.C. Sept. 17, 2021) (granting a motion to dismiss when plaintiff referenced defendants in the caption, but "did not include a single factual allegation about them in the remainder of the complaint"); *Bano v. Bright Horizons IMF*, Civ. A. No. 20-0064, 2020 U.S. Dist. LEXIS 167061, at *22 (D.D.C. Sept. 14, 2020) (dismissing a case against certain defendants because the complaint alleged no facts from which the Court could infer wrongdoing); *Jordan v. U.S. Att'ys Off.*, 882 F. Supp. 2d 84, 87 (D.D.C. 2012) (dismissal warranted when a complaint "utterly fails" to meet the standard of Rule 8). As there is not one statement in the Complaint that "states a claim to relief that is plausible on its face," dismissal is appropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    Plaintiff Further Admits He Has No Basis for a Mandamus Action Against USCIS.

In Plaintiff's opposition, he concedes that he has just "made an application under Section 1447(b) and stresses that relief is not being sought due to any fault of the USCIS'[s] procedures. Plaintiff acknowledges the status-que is detrimental due to his own inactions[.]" Opp'n (ECF

Case 1:24-cv-02907-CJN    Document 37    Filed 01/21/25    Page 3 of 4

No. 28) at 2-3.  This application referenced by Plaintiff in his opposition is vague and fails to reliably establish that he has properly filed a naturalization application with USCIS.

Nonetheless, any recent filing does not create a meaningful controversy to maintain USCIS as a defendant in this action. Section 1447(b) of the Immigration and Nationality Act ("INA") permits USCIS 120 calendar days from the date of an applicant's naturalization interview or examination to issue a final decision on that application.  Plaintiff has not plausibly alleged that he has applied for naturalization, let alone been interviewed, and therefore the Court lacks subject matter jurisdiction.  8 U.S.C. § 1447(b); *Shawuti v. USCIS*, 273 F. Supp. 3d 260, 263-64 (D.D.C. 2017) (affirming there is no delay claim whatsoever until 120 days following a naturalization interview).

### IV. Plaintiff Cannot Establish Venue Where He Intentionally Conceals His Residency.

In the opposition, Plaintiff concedes, he has "been obscuring his physical address" for personal safety reasons. Opp'n (ECF No. 28) at 3. No matter the justification, Plaintiff failing to disclose his residency does not establish jurisdiction for a specific venue action.  Even if the Court were to consider that Plaintiff attempted to raise a valid mandamus claim against USCIS for an application he has not alleged he filed, the proper venue is where Plaintiff resides. 8 U.S.C. § 1447(b) (limiting judicial review for a hearing in "the district in which the applicant resides"). He has not established venue is in the District of Columbia.

\*    \*    \*

- 3 -

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case.

Dated: January 21, 2025        Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. BAR #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____*/s/ Kristen J. Rees*_____
KRISTEN J. REES
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(956) 607-6897
kristen.rees@usdoj.gov

*Attorneys for the United States of America*