IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
| Plaintiff ) | **CASE NO.:   1:24-cv-02907-CJN** |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
| Defendants. ) | |
| _____ ) | |

# **PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY OPPOSING COUNSEL FOR CONFLICT OF INTEREST AND BAD FAITH LITIGATION TACTICS**

## **URGENT REQUEST FOR EXPEDITED HEARING**

Pursuant to **Local Civil Rule 65.1(d)**, Plaintiff **Brent Kideckel**, proceeding pro se, respectfully requests that this Court **immediately disqualify** attorney **Jeffrey Robinson** from representing Defendants due to **a blatant, unwaivable conflict of interest** and **egregious misconduct that irreparably undermines the fairness of these proceedings**.

Plaintiff further **demands an expedited hearing**, as **every day that Mr. Robinson remains in this case inflicts irreparable harm on the integrity of these proceedings**. **His conflicted representation actively obstructs justice, taints the litigation process, and enables Defendants to continue their fraudulent scheme without accountability.**

The urgency of this matter is further underscored by Mr. Robinson's **deliberate efforts to mislead the Court, manipulate procedural clarity, and persist in pursuing a fraudulent claim in Canada based on perjured affidavits**—all while **simultaneously contradicting those same claims in this Court.**

Each passing day increases the risk of **further obstruction of justice, additional procedural delays, and continued irreparable harm** to Plaintiff's ability to obtain a fair and just

RECEIVED

MAR 11 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

resolution. As such, **Plaintiff respectfully requests an emergency hearing at the Court's earliest possible availability**.

# MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

This motion presents **an urgent and pressing issue** that demands **immediate judicial intervention**. Mr. Robinson's ongoing **conflicted representation** of **multiple co-conspirator defendants** is **ethically, procedurally, and legally untenable**. Federal courts have consistently held that attorneys must be disqualified when their representation creates an unwaivable conflict that undermines the integrity of the proceedings.

Moreover, **Robinson's deliberate acts of deception—using varying forms of address to confuse the Court and advancing perjured affidavits in a foreign tribunal—exacerbate the need for swift action**. If not addressed **immediately**, his **continued presence in this case will further corrupt the proceedings** and permit **Defendants to continue their abuse of process unchecked**.

**Given the gravity of these ethical violations and their direct impact on the fairness of these proceedings, an expedited hearing is not only warranted but imperative.**

# II. LEGAL STANDARD FOR EMERGENCY RELIEF

The Court has **broad discretion** to disqualify an attorney and to **expedite relief where necessary to prevent irreparable harm**. **See In re Grand Jury Subpoena, 415 F.3d 333, 339 (4th Cir. 2005)** (affirming disqualification where continued representation would "taint the integrity of the proceedings").

Emergency relief is warranted where:

1. **An immediate and irreparable harm exists** (**Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975)**, recognizing the need for immediate judicial intervention to prevent further ethical breaches).
2. **The attorney's misconduct undermines fundamental fairness** (**Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)**, granting emergency relief where an attorney's conduct obstructed justice).
3. **The risk of continued injustice outweighs any delay in ordinary motion procedures** (**United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991)**, emphasizing the court's duty to intervene in cases of attorney misconduct).

# III. ARGUMENT

### A. Mr. Robinson's Representation Creates a non-ignorable, Irreconcilable Conflict That Must Be Addressed Immediately

Federal courts have **routinely disqualified attorneys representing co-defendants in conspiracy cases due to irreconcilable conflicts**. See **Wheat v. United States, 486 U.S. 153, 160 (1988)** (affirming disqualification where "the risk of conflict is too severe to ignore").

Here, Mr. Robinson **simultaneously represents multiple defendants with inherently conflicting defenses**. Defendants **have contradicted their own prior statements**, now claiming that the very messages forming the basis of their fraudulent allegations are merely "believed" to have originated from Plaintiff. **This alone necessitates disqualification, as Robinson cannot zealously represent all defendants without prejudicing at least one.**

### B. Mr. Robinson's Fraudulent Litigation Conduct Further Justifies Immediate Disqualification

Beyond his conflicts of interest, Mr. Robinson has engaged in **egregious misconduct**, including:

- **Deliberate misrepresentations to this Court** regarding key factual matters (**See In re Grand Jury Subpoena, 415 F.3d at 339**, recognizing false statements as grounds for disqualification).
- **Using varying forms of address to deceive the Court and create procedural confusion** (See **United States v. O'Keefe, 252 F.3d 626, 630 (2d Cir. 2001)**, disqualifying counsel for deceptive litigation tactics).
- **Pursuing a fraudulent claim in a foreign tribunal based on perjured affidavits** while contradicting those very claims before this Court (**See Chambers v. NASCO, Inc., 501 U.S. at 44**, affirming disqualification where litigation conduct obstructs justice).

### C. Delayed Action Will Cause Irreparable Harm to the Fairness of These Proceedings

Every day that Mr. Robinson remains in this case **further prejudices Plaintiff** and **compromises the integrity of these proceedings**. Courts have consistently recognized that permitting a conflicted attorney to continue representation **undermines due process and necessitates immediate relief**. See **Fiandaca v. Cunningham, 827 F.2d 825, 829 (1st Cir. 1987)** (finding disqualification necessary to prevent a "fundamental miscarriage of justice").

# IV. CONCLUSION

For the foregoing reasons, Plaintiff **demands immediate disqualification of Jeffrey Robinson** and requests that the Court **set an emergency hearing at the earliest possible date** to prevent **further irreparable harm, obstruction of justice, and bad-faith litigation tactics.**

### CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7(m)

Pursuant to **Local Civil Rule 7(m)** of the **United States District Court for the District of Columbia**, Plaintiff **Brent Kideckel**, proceeding pro se, certifies that he has made a good faith effort to confer with opposing counsel, **Jeffrey Robinson**, regarding the relief sought in this motion

**Dated:** March 11, 2025

Respectfully submitted,

**Brent Kideckel**
Plaintiff, Pro Se
P.O. Box 20901
Floral Park, NY 11002
Email: brentkideckel@gmail.com
Phone: 917-634-0637

# [PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY OPPOSING COUNSEL

Upon consideration of Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics, the memoranda and exhibits in support thereof, and the entire record in this matter, it is hereby:

**ORDERED** that Plaintiff's Emergency Motion to Disqualify Opposing Counsel, Jeffrey Robinson, is **GRANTED**; and it is further

**ORDERED** that attorney **Jeffrey Robinson** is **disqualified from representing Defendants** in this matter due to a conflict of interest and ongoing unethical conduct, including but not limited to, advancing fraudulent claims, conflicting representations, and using deceptive tactics to mislead the Court; and it is further

**ORDERED** that **Defendants** shall **immediately retain substitute counsel** within 14 days from the date of this Order.

SO ORDERED.

**Date:**

**Judge Carl J. Nichols**
United States District Judge