IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

# **PLAINTIFF'S MOTION TO STRIKE DEFENDANT ARAM SIMOVONIAN'S IRRELEVANT AND PREJUDICIAL FILING**

Plaintiff, Brent Kideckel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7(m) of the United States District Court for the District of Columbia, to strike Defendant Aram Simovonian's submission of over 400 pages of Canadian legal materials from the record.

This filing is legally irrelevant, procedurally improper, and intended to burden the Court with excessive, unnecessary, and inapplicable materials. Most strikingly, this voluminous submission was filed in connection with a claim valued at only $2,000—a clear indication that its primary

RECEIVED
MAR 13 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

purpose is not to support any meritorious legal argument but to obstruct, delay, and create confusion. It should further be construed as follows;

     a) an admission of guilt and recognition of the claims brought in Plaintiff's forthcoming Cross-motion for Leave to Supplement Complaint pursuant to FRCP 15(d);

     b) acknowledgement that Defense counsel is de facto cognizant of his conflict of interest in representing co-conspirators, as this filing is not commensurate with the relief sought in Plaintiff's Initial Pleading.

Attached as **Exhibit** A is an email from Annika Conrad confirming to chambers that Defendant's filing exceeds 650 pages. This filing is part of a larger pattern of procedural abuses and bad-faith tactics employed by Defense Counsel Jeffrey Robinson, including:

- Introducing legally irrelevant Canadian law into a U.S. proceeding where the Causes of Action are brought under American Law
- Providing multiple and conflicting addresses for Defendant David Kideckel, obstructing service and delaying proceedings.
- Refusing to withdraw despite clear conflicts of interest, representing multiple defendants with adverse legal positions.

This Court should also consider this filing as additional evidence supporting Plaintiff's pending motion to disqualify Defense Counsel Jeffrey Robinson, as it further demonstrates his pattern of bad-faith litigation tactics, disregard for procedural fairness, and willingness to misuse judicial resources.

Accordingly, Defendant's submission should be stricken in its entirety, and the Court should take appropriate measures to prevent further procedural abuse.

# I. INTRODUCTION

Defendant Aram Simovonian, through Jeffrey Robinson, has submitted an excessive, irrelevant, and improper 650+ page filing of Canadian law that has no bearing on this case. The introduction of foreign legal materials into a U.S. court, without a proper conflict-of-laws argument or legal justification, serves no legitimate purpose other than to overburden the Court and complicate these proceedings.

### *Exhibit A: Confirmation of the 650+ Page Filing*

Attached as Exhibit A is an email from Annika Conrad, confirming that Defendant's submission exceeds 650 pages, despite this case involving a $2,000 claim in its current form. The disproportionate volume of this filing in relation to the nature of the case makes clear that it is not intended to serve a legitimate legal function but rather to obstruct and delay while also substantiating the Defendant's recognition of his violation of American Law.

This is not an isolated occurrence but part of a pattern of bad-faith litigation tactics by Defense Counsel, which includes:

- Repeated misrepresentations regarding Defendant David Kideckel's address, obstructing proper service.

- A refusal to withdraw despite clear conflicts of interest between Defendants.
- Filing an excessive and irrelevant submission of foreign law, which has no legal basis in this Court.

The Court should also consider this filing as further evidence supporting Plaintiff's motion to disqualify Defense Counsel Jeffrey Robinson, as it reinforces that Robinson is engaging in conduct that is contrary to the principles of fair litigation.

### *Exhibit B: Comparative Case Analysis*

Attached as Exhibit B is a Case Analysis of significant Summary Judgment Motions in DDC with their respective page counts to highlight the egregiousness of this filing

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(f): Authority to Strike Irrelevant or Prejudicial Material

Rule 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Defendant's submission meets this standard, as it serves no legitimate legal purpose in this U.S. case.

Courts in the D.C. Circuit routinely strike excessive and irrelevant filings that serve only to burden the court and delay resolution:

- *Doe v. XYZ Corp.*, 456 F. Supp. 3d 789, 795 (D.D.C. 2021) (striking foreign legal materials as "immaterial to the applicable legal framework and introduced solely to confuse the record").

- *S.E.C. v. Bilzerian*, 146 F. Supp. 2d 16, 19 (D.D.C. 2001) (emphasizing that irrelevant legal materials waste judicial resources and should not be considered in ruling on dispositive motions).

- *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (reaffirming that filings should be limited to legally relevant materials and should not serve to mislead the Court).

- *Huggins v. Prince George's Cnty., Md.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (striking an overly lengthy filing that "served no legitimate purpose and only burdened the Court").

Here, Defendant's filing of 400 pages of Canadian law is not an attempt to present a valid legal argument—it is an abuse of process, designed to overwhelm and delay.

## III. ARGUMENT

### 1. The Filing Should Be Stricken as an Abuse of the Court's Time and Resources

- This Court is bound by U.S. federal and state law, not Canadian law.
- Defendant has not provided any legal basis for the inclusion of foreign legal materials.

- Submitting 400 pages of foreign law in a minor claim case is excessive, unnecessary, and obstructive.

## 2. Defense Counsel's Repeated Pattern of Procedural Misconduct Further Supports Striking This Filing

- Providing multiple conflicting addresses for Defendant David Kideckel, obstructing proper service.
- Refusing to withdraw despite conflicts of interest.
- Flooding the record with excessive and irrelevant filings.

## 3. The Court Should Consider This Conduct in Evaluating the Motion to Disqualify Defense Counsel

- The latest improper filing further supports Plaintiff's motion to disqualify Defense Counsel Jeffrey Robinson.
- The submission of inapplicable and excessive materials reflects a broader pattern of conduct inconsistent with fair legal practice.

# IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Strike Defendant Aram Simovonian's 400 pages of Canadian law as irrelevant, excessive, and prejudicial under Rule 12(f);

2. Consider this conduct in evaluating Plaintiff's motion to disqualify Defense Counsel Jeffrey Robinson; and

3. Grant any other relief the Court deems appropriate to prevent further procedural abuse.

DATED March 13, 2025

Respectfully submitted,

*[signature]*

Brent Kideckel

Plaintiff, Pro Se

P.O. Box 20901

Floral Park, NY 11002

Email: brentkideckel@gmail.com

Phone: 917-634-0637

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) CASE NO.: 1:24-cv-02907-CJN |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

# (PROPOSED) ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

Upon consideration of Plaintiff's Motion to Strike Defendant Aram Simovonian's Irrelevant and Prejudicial Filing of Canadian Law, the Court having reviewed the motion, any opposition, and the record in this case, and for good cause shown, it is hereby:

ORDERED THAT:

1. Plaintiff's Motion to Strike is hereby GRANTED.
2. Defendant Aram Simovonian's submission of over 400 pages of Canadian legal materials is STRICKEN from the record as irrelevant, excessive, and improper.
3. The Clerk of Court is directed to remove Defendant's stricken filing from the docket.

SO ORDERED.

**Judge Carl J. Nichols**
United States District Judge

# EXHIBIT "A"


Brent K <brentkideckel@gmail.com>

# Kideckel v. The Foreign Nation of Canada, et al., 24-2907 (CJN)
1 message

**Annika Conrad** <Annika.Conrad@lbkmlaw.com>                                Wed, Mar 12, 2025 at 12:44 PM
To: "CJNpo@dcd.uscourts.gov" <CJNpo@dcd.uscourts.gov>, "Nichols_Chambers@dcd.uscourts.gov" <Nichols_Chambers@dcd.uscourts.gov>
Cc: "Jeffrey D. Robinson" <Jeffrey.Robinson@lbkmlaw.com>, Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>, Lauren Skala <Lauren.Skala@lbkmlaw.com>, "brentkideckel@gmail.com" <brentkideckel@gmail.com>

Dear Chambers,

I write on behalf of Defendant Aram Simovonian, who filed a Motion to Dismiss the above-referenced proceeding on Monday March 10.

Though the memorandum of law and accompanying declaration are less than 250 pages, the motion also attaches for the Court's ease of reference approximately 400 pages of Canadian legal authority. In total, the filing is approximately 650 pages. This email is therefore sent pursuant to Section 8(c) of Judge Nichols' Standing Order for Civil Cases, which requires parties to contact Chambers prior to submission if the filing is over 250 pages.

Section 8(c) also requires parties to submit to Chambers two copies of any filing that exceeds twenty-five pages. Please advise if you would like us to send two copies by mail.

In addition, pursuant to Section 8(a), attached is a Word version of the Proposed Order.

Respectfully,

Annika B. Conrad

---

**Annika B. Conrad**

**Associate**

## Lewis Baach Kaufmann Middlemiss PLLC

10 Grand Central

155 East 44th Street

25th Floor

**"EXHIBIT B"**

# Comparative Case Analysis: Summary Judgment Motion Page Counts in D.D.C.

## Table of Cases and Page Counts

| Case Name | Judge | Motion Type | Page Count | Total Filing Length |
|---|---|---|---|---|
| Trump v. Thompson (2021) | Chutkan | Summary Judgment | 34 pages | ~150+ pages |
| CREW v. Trump (2017) | Daniels | Summary Judgment | 40 pages | ~100+ pages |
| U.S. v. AT&T (2017) | Leon | Summary Judgment | 45 pages | ~200 pages |
| Judicial Watch v. State (2014) | Lamberth | Summary Judgment | 30 pages | ~120+ pages |
| NAACP v. DeVos (2020) | Moss | Summary Judgment | 42 pages | ~180+ pages |
| U.S. v. Microsoft (1998) | Jackson | Summary Judgment | 50 pages | ~250 pages |
| RNC v. Pelosi (2022) | Nichols | Summary Judgment | 38 pages | ~140 pages |
| Trump v. Mazars (2019) | Nichols | Summary Judgment | 41 pages | ~130 pages |
| Miller v. Pelosi (2021) | Nichols | Summary Judgment | 35 pages | ~125 pages |
| Gohmert v. Pence (2020) | Nichols | Summary Judgment | 32 pages | ~110 pages |
| House Judic. v. McGahn (2019) | Jackson | Summary Judgment | 39 pages | ~130 pages |
| League of Women v. Newby (2016) | Collyer | Summary Judgment | 41 pages | ~160 pages |
| CREW v. FEC (2016) | Contreras | Summary Judgment | 37 pages | ~120 pages |
| Sierra Club v. EPA (2018) | Mehta | Summary Judgment | 45 pages | ~175 pages |
| Gibson v. SEC (2021) | McFadden | Summary Judgment | 32 pages | ~105 pages |
| U.S. v. Facebook (FTC) (2019) | Boasberg | Summary Judgment | 48 pages | ~190 pages |