**IN THE UNITED STATES DISTRICT COURT**

**FOR THE  DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL | ) |
| Plaintiff | ) **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA,  et al. | ) |
| Defendants. | ) |
| _____ | _) |

# PLAINTIFF'S MOTION FOR DECLARATORY RELIEF

Plaintiff Brent Kideckel, proceeding pro se, respectfully moves this Court for declaratory relief

pursuant to 28 U.S.C. §§ 2201-2202, seeking a judicial declaration concerning the unlawful

actions of Defendants, including the liability of Defendants Scalzi Caplan LLP, Lima Law, and

David Wilson for their roles in perpetrating fraud, perjury, abuse of process, negligent

supervision, and retaliation.

## I. INTRODUCTION

This case arises from fraudulent misrepresentations, perjury, procedural misconduct, abuse of

legal authority, and direct intimidation by Defendants, including:



RECEIVED

MAR 17 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1. False affidavit of service by Defendant Aram Simovonian, who falsely swore under oath that Plaintiff was served. [1]

2. Fabricated evidence submitted in foreign proceedings, including unauthenticated text messages falsely attributed to Plaintiff, which were then used as a pretext to pursue unwarranted legal actions against Plaintiff.[2]

3. Negligent hiring and supervision by Defendants Scalzi Caplan LLP and Lima Law, which either knowingly or recklessly allowed Simovonian to continue using their firm names and credentials to file fraudulent pleadings and engage in misconduct.

4. Abuse of authority by David Wilson, including:

   o Knowingly relying on false or fraudulent evidence to initiate legal actions against Plaintiff without proper verification or due diligence.

   o Aiding in the improper use of the criminal justice system to assist private litigants engaged in a retaliatory, fraudulent legal action.

   o Continuing to support and uphold fraudulent findings despite overwhelming evidence that the legal process was tainted by falsehoods and procedural irregularities.

5. Retaliatory threats and intimidation by Aram Simovonian, who sent a threatening text message to Plaintiff after being terminated from his prior law firm and before filing a fraudulent affidavit of service in Ontario. The message, sent in direct connection with this dispute, underscores Simovonian's personal vendetta and the retaliatory nature of the legal proceedings initiated against Plaintiff.

---

[1] Plaintiff has submitted Subpoena requests to the court, and submitted again herein, which would conclusively show the extend of the fraudulent statements of Defendants' actions.

[2] The subpoena for Iristel would conclusively inform the court and the parties as to the fraudulent nature of the Co-conspirators fraudulent proceedings in Canada.

Plaintiff seeks a judicial declaration confirming these violations to prevent Defendants from continuing to weaponize fraudulent filings, procedural abuses, and personal intimidation against him. The requested declaratory relief will also be used in Plaintiff's Ontario appeal to establish the liability of all Defendants.

## II. LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes federal courts to declare the legal rights and obligations of parties when an actual controversy exists. Courts will grant declaratory relief when:

1. There is an ongoing legal dispute between the parties that requires resolution;
2. The dispute is definite and concrete, affecting the parties' legal rights;
3. A judicial declaration would serve a useful purpose in resolving uncertainty and preventing future disputes.

See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (holding that declaratory relief is proper when a legal uncertainty affects a party's rights); Steffel v. Thompson, 415 U.S. 452, 460 (1974) (noting that declaratory relief is appropriate when it prevents future harm and clarifies legal obligations).

Additionally, courts recognize fraudulent litigation conduct, retaliation, and abuse of legal process as a basis for declaratory relief under:

- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944) (holding that fraud upon the court undermines judicial integrity and requires intervention).

- Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (holding that courts have inherent authority to sanction bad faith conduct, including fraudulent litigation and retaliation).

- Restatement (Second) of Torts § 682 (defining abuse of process as the improper use of legal proceedings for an ulterior purpose).

- Gonzalez v. Hasty, 802 F.3d 212, 222 (2d Cir. 2015) (holding that retaliation, including direct threats in the course of legal disputes, can be grounds for additional liability).

- Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 793 (S.D.N.Y. 2012) (confirming that abuse of process in a foreign legal system can give rise to legal claims in the United States).

## III. RETALIATION THROUGH INTIMIDATION AND THREATS

It is well established that retaliatory threats made in connection with ongoing litigation constitute a separate and additional cause of action. Plaintiff received a threatening text message from Defendant Simovonian, which was sent after his termination and before his fraudulent legal filings. This message serves as direct evidence of retaliatory intent and further demonstrates that Defendants' legal actions are not based on legitimate grievances but rather are acts of personal vendetta and abuse of judicial processes.

Retaliatory intimidation is actionable under:

- *Crawford-El v. Britton, 523 U.S. 574, 588 (1998)* (recognizing retaliation as an independent basis for liability when used to silence or intimidate a party).

- *Gomez v. Toledo, 446 U.S. 635, 640 (1980)* (noting that threats in response to legal action constitute improper retaliation and abuse of process).

- *Jones v. Reilly, 2008 WL 330233 (E.D.N.Y. Feb. 4, 2008)* (holding that threats designed to deter legal participation violate due process and may justify injunctive relief).

Given the clear retaliatory nature of Simovonian's message, Plaintiff seeks declaratory relief that such conduct constitutes an abuse of process and judicial misconduct that should preclude Defendants from continuing to rely on fraudulent foreign judgments or improperly obtained legal filings in the United States.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court enter a declaratory judgment stating that:

1. Proposed defendant Scalzi Caplan LLP maintains vicarious and direct liability for the fraud committed by its organization

2. Proposed defendants Lima Law Professional Corporation and Lima Lee Simovonian maintain vicarious and partnership liability for the acts of its partner.

3. Defendant Lima Law is bound by Simovonian's sworn declarations of affiliation, making it jointly liable for his fraudulent legal actions.

4. Defendant Lima Lee Simovonian LLP is bound by Simovonian's sworn declarations of affiliation, making it jointly liable for his fraudulent legal actions.

5. Defendant Aram Simovonian committed perjury and fraud on the court by submitting a false affidavit of service and misrepresenting his position at a law firm.

6. Plaintiff was never served with process by electronic mail or other form.

7.   Defendant David Wilson engaged in an abuse of process by knowingly maintaining and supporting fraudulent legal actions despite clear evidence of misconduct.

8.   Defendant Aram Simovonian engaged in retaliatory intimidation by sending a threatening text message to Plaintiff in connection with these proceedings.

9.   Defendants' use of fraudulent legal proceedings in Canada constitutes an abuse of process under U.S. law.

10.  Defendants are prohibited from using or relying on any fraudulently obtained foreign judgments against Plaintiff in any U.S. court proceeding.

11.  The declaratory judgment will be admissible in Plaintiff's Ontario appeal as evidence of Defendants' fraud, perjury, and misconduct.

12.  Any further relief that the Court deems just and proper.

## V. CONCLUSION

Given the well-documented fraudulent, retaliatory, and abusive legal conduct in this case, declaratory relief is necessary to prevent further misuse of judicial resources and procedural abuses.

Dated: March 13, 2025

Respectfully submitted,

Brent Kideckel

Pro Se Plaintiff

PO Box 20901

Floral Park, NY 11002

Email: brentkideckel@gmail.com

Phone: 917-634-0637

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE  DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRENT KIDECKEL | ) | |
| Plaintiff | ) | **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) | |
| | ) | |
| THE FOREIGN NATION OF CANADA,  et al. | ) | |
| Defendants. | ) | |
| _____ | ) | |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF

Upon consideration of Plaintiff Brent Kideckel's Motion for Declaratory Relief, the supporting memorandum of law, and any opposition filed by Defendants, the Court finds that Plaintiff has demonstrated that a justiciable controversy exists under 28 U.S.C. § 2201, and declaratory relief is warranted to resolve ongoing legal disputes involving fraud, perjury, abuse of process, negligent supervision, and retaliatory conduct.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Declaratory Relief is GRANTED, and the Court declares the following:

1.  Defendant Scalzi Caplan LLP is liable for negligent hiring and supervision for failing to prevent or correct the fraudulent conduct of its former employee, Defendant Aram Simovonian, who falsely continued using the firm's name after his termination to file fraudulent legal claims.

2.  Lima Law Professional Corporation, and Lima Lee Simovonian LLP  are jointly liable based on Simovonian's sworn declarations of affiliation, as Lima Law Professional Corporation and Lima Lee Simovonian LLP failed to take corrective action and knowingly or recklessly allowed its name to be associated with fraudulent legal filings.

3.  Defendant Aram Simovonian committed perjury and fraud on the court by submitting a false affidavit of service in Ontario proceedings and misrepresenting his affiliation with multiple law firms.

4.  Defendant David Wilson engaged in an abuse of process by knowingly relying on fraudulent evidence, failing to correct procedural injustices, and using legal proceedings for improper purposes.

5.  Defendant Aram Simovonian engaged in retaliatory intimidation by sending a threatening text message to Plaintiff in connection with these proceedings, which constitutes an attempt to harass, intimidate, and deter Plaintiff from pursuing his legal rights.

6.  Defendants' submission of fraudulent evidence and misrepresentations in foreign proceedings constitutes an abuse of process and a violation of Plaintiff's procedural and substantive rights.

**7.**    Defendants are prohibited from using or relying on any fraudulently obtained foreign judgments against Plaintiff in any U.S. court proceeding.

It is so ORDERED.

Dated:

SO ORDERED.

Judge Carl J. Nichols

United States District Judge

# EXHIBIT "A"

+1 (647) 677-8009 >

Text Message
Thu, May 9 at 1:50 PM

Brent - this is Aram. Don't play with me. You don't know me and you don't  want this problem. Watch yourself, boy. The hair on my back stands up when my mother is bothered - this is your first and only warning. Tread lightly.

**"EXHIBIT B"**

Transaction Number: APP-A10704706892
Report Generated on February 12, 2025, 19:32



Ministry of Public and
Business Service Delivery

# Profile Report

LIMA LAW PROFESSIONAL CORPORATION as of July 25, 2024

| | |
|---|---|
| **Act** | Business Corporations Act |
| **Type** | Ontario Business Corporation |
| **Name** | LIMA LAW PROFESSIONAL CORPORATION |
| **Ontario Corporation Number (OCN)** | 1000468474 |
| **Governing Jurisdiction** | Canada - Ontario |
| **Status** | Active |
| **Date of Incorporation** | March 08, 2023 |
| **Registered or Head Office Address** | 130 King Street W, 1800, Toronto, Ontario, M5X 1E3, Canada |

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.



Director/Registrar

This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

| | |
|---|---|
| **Minimum Number of Directors** | 1 |
| **Maximum Number of Directors** | 11 |

### Active Director(s)

| | |
|---|---|
| **Name** | ANDREW LIMA |
| **Address for Service** | 130 King St W, 1800, Toronto, Ontario, M5X 1E3, Canada |
| **Resident Canadian** | Yes |
| **Date Began** | March 08, 2023 |

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.

*V. Quintanilla W.*

Director/Registrar

This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

Transaction Number: APP-A10704706892
Report Generated on February 12, 2025, 19:32

**Active Officer(s)**

| | |
|---|---|
| **Name** | ANDREW LIMA |
| **Position** | President |
| **Address for Service** | 130 King W St, 1800, Toronto, Ontario, M5X 1E3, Canada |
| **Date Began** | March 08, 2023 |

| | |
|---|---|
| **Name** | ANDREW LIMA |
| **Position** | Secretary |
| **Address for Service** | 130 King W St, 1800, Toronto, Ontario, M5X 1E3, Canada |
| **Date Began** | March 08, 2023 |

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.

*V. Quintanilla W.*

Director/Registrar

This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

Transaction Number: APP-A10704706892
Report Generated on February 12, 2025, 19:32

**Corporate Name History**

**Name**

LIMA LAW PROFESSIONAL CORPORATION

**Effective Date**

March 08, 2023

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.

*V. Quintanilla W.*

Director/Registrar

This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

Transaction Number: APP-A10704706892
Report Generated on February 12, 2025, 19:32

## Active Business Names

This corporation does not have any active business names registered under the Business Names Act in Ontario.

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.

*V. Quintanilla W.*

Director/Registrar
This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

Transaction Number: APP-A10704706892
Report Generated on February 12, 2025, 19:32

**Expired or Cancelled Business Names**

This corporation does not have any expired or cancelled business names registered under the Business Names Act in Ontario.

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.

*V. Quintanilla W.*

Director/Registrar
This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

Transaction Number: APP-A10704706892
Report Generated on February 12, 2025, 19:32

## Document List

| Filing Name | Effective Date |
| --- | --- |
| CIA - Notice of Change<br>PAF: ANDREW LIMA | March 08, 2023 |
| CIA - Notice of Change<br>PAF: ANDREW LIMA | March 08, 2023 |
| CIA - Initial Return<br>PAF: ANDREW DI LULLO | March 08, 2023 |
| BCA - Articles of Incorporation | March 08, 2023 |

All "PAF" (person authorizing filing) information is displayed exactly as recorded in the Ontario Business Registry. Where PAF is not shown against a document, the information has not been recorded in the Ontario Business Registry.

Certified a true copy of the record of the Ministry of Public and Business Service Delivery.

V. Quintanilla W.

Director/Registrar

This report sets out the most recent information filed on or after June 27, 1992 in respect of corporations and April 1, 1994 in respect of Business Names Act and Limited Partnerships Act filings and recorded in the electronic records maintained by the Ministry as of the date and time the report is generated, unless the report is generated for a previous date. If this report is generated for a previous date, the report sets out the most recent information filed and recorded in the electronic records maintained by the Ministry up to the "as of" date indicated on the report. Additional historical information may exist in paper or microfiche format.

**EXHIBIT "C"**

Court File No. CV-24-00713955-0000

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE

B E T W E E N:

DAVID KIDECKEL

Plaintiff

and

BRENT RICHARD KIDECKEL

Defendant

### AFFIDAVIT OF ARAM SIMOVONIAN
### (sworn on July 25, 2024)

I, Aram Simovonian, of the City of Barrie, in the Province of Ontario, MAKE OATH AND SAY:

1.    I am a Partner of the Law firm Lima Law Professional Corporation, lawyers for the Plaintiff, and as such, have knowledge of the matters to which I hereinafter depose to.

2.    On May 27, 2024, I served the Defendant, Brent Richard Kideckel, with the Statement of Claim, by e-mail to brentkideckel@gmail.com and kideckelsabilspringmanlawsuite@gmail.com, pursuant to the Order of the Honourable Associate Justice L. La Horey, dated May 22, 2024. Attached and marked as Exhibit "A" is a copy of my e-mail dated May 27, 2024, and a copy of the Order.

3.    Pursuant to that Order, the service of the Statement of Claim is deemed effected within five (5) business days after service, that is June 3, 2024.

4.    The deadline for the Defendant to have delivered their pleading has expired.

5.    To date, the Defendant has failed to deliver a Defence.

**SWORN REMOTELY** by Aram Simovonian stated as being the City of Barrie, before me, in the City of Toronto, today, July 25 2024 , pursuant to O.Reg 431/20.

_Kimberley de Jaray_

_____              _____

A Commission for Taking Affidavits                    Aram Simovonian

# EXHIBIT "D"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Brent Kideckel | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. **1:24-cv-02907-CJN** |
| Foreign Nation of Canada et al | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                         IRISTEL USA, For IRISTEL, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: RECORD OF ALL OWNERSHIP DATA, INCLUDING BILLING ADDRESS, PAYER, AND ASSOCAITED IP ADDRESSES OF THE FOLLOWING NUMBERS: (647) 691-7411 AND (204) 818-6743

| Place: ELECTRONICALLY TO BRENTKIDECKEL@GMAIL.COM OR BY MAIL TO PO BOX 20901,FLORAL PARK,NY11002 | Date and Time: ✖✖✖✖✖✖✖✖ |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

              *CLERK OF COURT*
                                                          OR

     _____            _____
         *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BRENT KIDECKEL, PRO SE
PO BOX 20901, FLORAL PARK, NY 11002 BRENTKIDECKEL@GMAIL.COM (917)634-0637 , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Brent Kideckel | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-02907-CJN |
| Foreign Nation of Canada et al | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    ALPHABET, INC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

Log of all emails received at "Brentkideckel@gmail.com" from any user named "Aram" , May 1-31,2024

| Place: ELECTRONICALLY TO BRENTKIDECKEL@GMAIL.COM OR BY MAIL TO PO BOX 20901,FLORAL PARK,NY11002 | Date and Time: ▨▨▨▨▨▨▨▨ 30 days from date signed below |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BRENT KIDECKEL, PRO SE
PO BOX 20901, FLORAL PARK, NY 11002 BRENTKIDECKEL@GMAIL.COM (917)634-0637 , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT "E"

# Court File No.: CV-24-▨▨▨▨

**ONTARIO SUPERIOR COURT OF JUSTICE**
**DIVISIONAL COURT**

BETWEEN:

**BRENT KIDECKEL**
(Applicant/Appellant)

– and –

**DAVID KIDECKEL et al.,**
(Respondents)

## NOTICE OF MOTION

**TO THE RESPONDENTS:**

THE APPLICANT, Brent Kideckel, WILL MAKE A MOTION to the Divisional Court of Ontario, Toronto at Osgoode Hall, 130 Queen Street West, Toronto, Ontario, M5H 2N5, on a date and time to be set by the court as follow;

## RELIEF SOUGHT

The Applicant seeks the following orders:

1. **Leave to Disseminate Transcripts** – An order granting the Applicant leave to disseminate certified court transcripts from the Ontario Superior Court of Justice and the Divisional Court to legal counsel, authorities, and judicial bodies in the United States for use in ongoing and potential litigation.

2. **Relief from Any Restrictions on Dissemination** – An order confirming that any restrictions on the use or dissemination of court transcripts do not apply in this instance, or alternatively, an order waiving such restrictions in the interest of justice.

3. **Costs** – An order that costs of this motion be borne by the Respondents, if opposed.

4.  **Such further and other relief** as this Honourable Court deems just.

## GROUNDS FOR THE MOTION

This motion is brought on the following grounds:

### 1. Open Court Principle & Public Access to Court Records

- The open court principle is a fundamental rule of Canadian law, ensuring that judicial proceedings and their records are presumptively open to the public.
- The Applicant is seeking to use court transcripts solely for legitimate legal proceedings in the United States, ensuring transparency and procedural fairness.

Relevant Case Law:

- Toronto Star Newspapers Ltd. v. Ontario, 2005 SCC 41 – The Supreme Court of Canada reaffirmed that the public has a fundamental right to access court records unless exceptional circumstances justify restrictions.
- Sierra Club of Canada v. Canada (Minister of Finance), 2002 SCC 41 – Established that confidentiality orders should be limited and only granted when necessary to protect important interests.

### 2. Relevance to U.S. Litigation

- The transcripts contain material evidence relevant to ongoing legal matters in the U.S., including fraud, conspiracy, and abuse of legal process by the Respondents.
- The transcripts are essential for a fair adjudication of the Applicant's claims in the U.S. District Court for the District of Columbia and other proceedings.

### Relevant Case Law:

- R. v. Stinchcombe, [1991] 3 S.C.R. 326 – Recognized that disclosure of relevant court materials is essential to fair trial rights and due process.
- Globe and Mail v. Canada (Attorney General), 2010 SCC 41 – Reinforced the right to disseminate court documents unless there is a compelling reason for restriction.

### 3. No Prejudice to the Respondents

- The requested dissemination does not impose prejudice on the Respondents, as the transcripts are already part of the public record or accessible through proper court procedures.
- The only purpose of dissemination is for use in legitimate legal proceedings in the United States.

**Relevant Case Law:**

- Dagenais v. Canadian Broadcasting Corp., [1994] 3 S.C.R. 835 – The Supreme Court emphasized that publication bans or dissemination restrictions must be justified by a pressing and substantial interest and must minimally impair access to court records.

**4. Interjurisdictional Considerations & Due Process**

- The Applicant is a U.S. citizen litigating matters in multiple jurisdictions.
- The ability to use Canadian court records in U.S. proceedings is essential to the Applicant's rights under U.S. due process laws.
- There is no statutory bar preventing the Applicant from using the transcripts for a valid legal purpose outside Canada.

## EVIDENCE TO BE RELIED UPON

1. **Affidavit of Brent Kideckel**, including:

   ○ Details of the Ontario proceedings and their relevance to U.S. litigation.
   ○ Evidence of the U.S. legal matters requiring the transcripts.
   ○ Any applicable correspondence regarding restrictions on transcript dissemination.

2. **Certified Transcripts** (if already obtained) from the Ontario proceedings.

3. **Such further and other materials** as counsel may advise and the court may permit.

## LEGAL BASIS

This motion is brought pursuant to:

- Rules 1.04, 1.05, 2.03, and 37 of the Ontario Rules of Civil Procedure (RRO 1990, Reg. 194), granting the court discretion to provide relief in the interests of justice.
- The open court principle, as recognized in case law and the Charter of Rights and Freedoms, which affirms that judicial proceedings and their records should generally be accessible.
- Relevant case law regarding the dissemination of court materials in interjurisdictional legal proceedings, as outlined above.

## DATE: March 13, 2025

**TO:** Ian Sinke, counsel for Scalzi Caplan LLP ian@alaw.ca

Aram Simovonian, counsel for David Kideckel and Dahlia Saibil, aram@llsllp.ca, aram@limalaw.ca, aram@sclawpartners.ca

Graham Thomson, counsel for Toronto Police Services Board, graham.thomson@toronto.ca

**Brent Kideckel**
PO Box 20901

Floral Park, NY 11002

(917)634-0637

Brentkideckel@gmail.com

# EXHIBIT "F"

# ONTARIO SUPERIOR COURT OF JUSTICE

**DIVISIONAL COURT**

**Court File No.:** ▓▓▓▓▓▓    CV-24-00713955-0000

**BETWEEN:**

**BRENT KIDECKEL**
(Appellant/Moving Party)

-and-

**DAVID KIDECKEL**
Respondent

# NOTICE OF MOTION

**TO THE RESPONDENT:**

**TAKE NOTICE** that on **a date to be fixed by the Registrar,** I, **Brent Kideckel**, will make a motion to the **Divisional Court of Ontario** for an order:

1. **Staying** the **order for costs thrown away** issued by the Superior Court of Justice on January 17, 2025, pending the final resolution of my appeal.
2. Granting such further and other relief as this Honourable Court deems just.

**DATED at Las Vegas, Nevada, this 7th day of March, 2025.**

_[signature]_

_____
Brent Kideckel, Appellant
1528 Rock Springs Road
San Marcos, California 92069
BrentKideckel@gmail.com
(917)634-0637

# AFFIDAVIT OF BRENT KIDECKEL

**I, Brent Kideckel,** of **1528 Rock Springs Road, San Marcos, California 92069, U.S.A.,** MAKE OATH AND SAY AS FOLLOWS**:**

## 1. INTRODUCTION

1. I am the Moving Party in this matter, and I make this affidavit in support of my motion for a **stay of the order for costs thrown away**, pending the disposition of my appeal.
2. I have personal knowledge of the matters set out in this affidavit, except where stated otherwise.

## 2. LACK OF PROPER SERVICE, MISREPRESENTATION & RETALIATORY INTENT

3. I reside in **San Marcos, California, U.S.A.**, outside of Canada.

4. I was purportedly served with process by **email**. However:
   a) **Service by email is not recognized under U.S. law**.
   b) **Service by email is not compliant with The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters**.
   c) **I was never properly served and had no opportunity to participate** in the proceedings before the costs order was issued.

5. The lawyer who swore an affidavit claiming to have served me, **Aram Simovonian** stated that he is a **partner of Lima Law Professional Corporation.**

6. However, an **Ontario Business Registry Report**, attached as **Exhibit A**, confirms that **Aram Simovonian is not a partner** at **Lima Law Professional Corporation**, contradicting his sworn statement in his affidavit of service.

7. Furthermore, I have reason to believe that **Aram Simovonian was terminated from his previous law firm for filing this fraudulent lawsuit**.

8. In a **court filing**, **Aram Simovonian expressly acknowledged that I have no assets in Canada and reside in the United States**, demonstrating that this lawsuit is a **grudge lawsuit** rather than a legitimate legal action.

9. **Aram Simovonian** sent me a **threatening text message** after being terminated from his previous law firm, and before swearing the false affidavit of service. This further supports that the lawsuit was initiated **in bad faith and as an act of retaliation** rather than for any lawful purpose.

10. A **true copy of this text message is attached as Exhibit C**.


## 3. GROUNDS FOR A STAY

### A. Serious Issue to Be Determined

11. My appeal raises serious legal issues, including:
    a) **The validity of service** under **Ontario law, U.S. law, and The Hague Convention**.
    b) **The false affidavit** submitted by opposing counsel regarding service.
    c) **Procedural fairness**, as I was denied an opportunity to be heard before the order was made.
    d) **The misconduct of opposing counsel**, including his **false statements, prior termination for misconduct, and acknowledgment that the lawsuit is a grudge lawsuit**.
    e) **Retaliation and abuse of process**, as evidenced by the **threatening text message sent by opposing counsel before swearing the false affidavit**.

### B. Irreparable Harm

12. If the costs order is enforced, I will suffer irreparable harm because:
- I was denied my right to **due process** due to improper service.
- The order was issued based on a **false affidavit**, undermining its legitimacy.
- The lawsuit is being pursued as a **grudge**, rather than for any legitimate legal purpose.
- Compliance with an improperly obtained order would impose an **undue financial burden**.
- **As stated by Aram Simovonian and David Kideckel, I have no assets in Canada, and no ties to Canada**

### C. Balance of Convenience

13. The balance of convenience favors granting a stay because:
- The **Respondent will not suffer significant prejudice** if enforcement is delayed pending appeal.
- If the stay is not granted, I will be forced to comply with an order obtained through **misrepresentation, improper service, and misconduct by opposing counsel**.

## 4. DOCUMENTARY EVIDENCE

14. Attached to this affidavit as:
- **Exhibit A**: A **true copy of an Ontario Business Registry Report**, confirming that **Aram Simovonian is not a partner** at **Lima Law Professional Corporation** contrary to his sworn statement in his affidavit of service.
- **Exhibit B**: A **true copy of the falsely sworn affidavit** submitted by **[Lawyer's Name]**, which contains **false statements regarding his position at the law firm and the service of process**.
- **Exhibit C**: A **copy of a threatening text message sent by Aram Simovonian**, demonstrating retaliatory intent.
- 

## 5. CONCLUSION

15. For the foregoing reasons, I respectfully request that this Honourable Court grant a stay of the order for costs thrown away, pending the final resolution of my appeal.

State of: Nevada
County: Clark

**SWORN (or AFFIRMED) before me at**
Las Vegas, **State of Nevada, United States of America**, on this 7th day of March, 2025.

BY: Brent Kideckel

Brent Kideckel
Moving Party

LOLITA HEER
Notary Public, State of Nevada
Appointment No. 20-9962-01
My Appt. Expires Feb 13, 2028

Commissioner for Taking Affidavits (Notary in Nevada)