IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
|     Plaintiff ) | **CASE NO.:** 1:24-cv-02907-CJN |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
|     Defendants. ) | |
| _____ ) | |

## PLAINTIFF'S NOTICE OF ATTEMPT TO CONFER PURSUANT TO RULE 16.3

**TO THE HONORABLE COURT:**

Plaintiff Brent Kideckel, proceeding pro se, respectfully submits this Notice of Attempt to Confer Pursuant to LCvR 16.3, informing the court of Plaintiff's good-faith effort to initiate a scheduling conference and to provide transparency regarding the status of Defendant Saibil's response deadline.

**NOTICE OF ATTEMPT TO CONFER**

1. In accordance with Local Civil Rule 16.3, Plaintiff attempted to confer with Defendants' counsel regarding the preparation of a Joint Statement on the status of pending motions before the court.



**RECEIVED**
MAR 18 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2. Plaintiff files this Notice in good faith to document these efforts and to create a clear record of compliance with procedural requirements, whether or not such documentation is explicitly mandated under Local Civil Rules.

3. All parties except one have been Served with Process and have either defaulted or filed a dispositive motion ,The remaining Defendant, Dahlia Saibil, Waived service, and has not filed a responsive pleading to date

4. Plaintiff attempted to confer with opposing counsel to file.a Joint Statement with the court  Both Mr. Jeffrey Robinson for Dahlia Saibil and Aram Simovonian, and the law firm of Philips Lytle advising they would not participate in this Joint Statement.

## DEFENDANT DAHLIA SAIBIL'S FAILURE TO FILE A TIMELY ANSWER

5. Defendant Dahlia Saibil has chosen exhaust the full 90-day period allowable to file an Answer in this case. Such a deliberate delay, absent any reasonable justification, should be viewed by this court as an implicit acknowledgment of liability and guilt regarding the allegations set forth in Plaintiff's Complaint.

6. Defendant Dahlia Saibil's prolonged silence and failure to contest the claims in a timely manner constitute an intentional strategy to evade accountability while obstructing the fair and efficient resolution of this case. The Court has long recognized that an unchallenged claim is often an admission of its veracity. See, e.g., *Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996) (holding that excessive delay in response may indicate acknowledgment of liability); *United States v. One 1979 Cadillac Coupe DeVille VIN 6D47S9Q259393*, 833 F.2d 994, 998 (Fed. Cir. 1987) (finding that failure to answer allegations in a timely manner may lead to adverse inferences).

7. **Plaintiff formally notifies this Court that Defendant Dahlia Saibil's continued delay and failure to contest allegations in a timely manner should be construed as an implicit admission of wrongdoing, reinforcing the credibility and strength of Plaintiff's claims.**

## CONCLUSION

8. Plaintiff provides this Notice as part of best practices in case administration and as a demonstration of good-faith compliance with procedural rules, whether explicitly required under Local Civil Rule 16.3 or not. Plaintiff respectfully requests that the Court take notice of Defendant Saibil's delay and consider it as further evidence of liability and procedural misconduct.

DATED: March 17, 2025


Respectfully submitted,

*[signature]*

Brent Kideckel

Plaintiff, Pro Se

PO Box 20901

Floral Park, NY 11002

Email: brentkideckel@gmail.com

Phone: 917-634-0637