IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
| Plaintiff ) | CASE NO.: 1:24-cv-02907-CJN |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
| Defendants. ) | |
| _____ ) | |

## **PLAINTIFF'S MOTION TO COMPEL CONSISTENT, ACCURATE, AND LEGALLY RECOGNIZABLE PARTY IDENTIFICATION IN PLEADINGS AND FILINGS FOR DAVID MICHAEL KIDECKEL**

Plaintiff Brent Kideckel, proceeding *pro se*, respectfully moves this Honorable Court for an order compelling Defendants and their counsel to cease their ongoing, deliberate, and procedurally indefensible use of **aliases, misnomers, and deceptive naming conventions** in all pleadings and filings. This motion arises from a **pattern of intentional obfuscation** calculated to frustrate service, confuse the record, and obstruct Plaintiff's access to a fair adjudication on the merits.

Defendants' persistent and knowing misuse of identities—particularly as it relates to Defendant David Kideckel—constitutes a **gross violation of the basic rules of civil procedure**, and, if allowed to continue, would sanction a form of litigation-by-deception that this Court must not condone.

### I. INTRODUCTION

At the core of this motion lies a foundational principle: **parties must be clearly and accurately identified in civil proceedings**. The Federal Rules of Civil Procedure enshrine this concept in multiple provisions. Yet, in blatant disregard of this obligation, Defendants have employed an

RECEIVED
MAR 21 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

array of **aliases, abbreviations, and inconsistent references** in describing a key Defendant—David Kideckel. These include but are not limited to: "D. Kideckel," Dr. Kideckel," "Mr. Kideckel," and even cryptic references to "Brent alias", a fraudulent court filing presented to this court by Defendants' counsel.

Such conduct is not trivial. It is not accidental. It is a **deliberate procedural weapon** deployed to manipulate party identity and shield fraudulent conduct from judicial scrutiny. This tactic reflects a fundamental abuse of the litigation process and must be brought to a halt.

## II. BACKGROUND

From the inception of this matter, Plaintiff has scrupulously and consistently identified **Defendant David Kideckel by his full legal name**, in accordance with Rule 10(a), which requires every pleading to "name all the parties." Despite this clarity, Defendants have filed materials that reference multiple identities in relation to David Kideckel. These include:

- Abbreviated forms (e.g., "D. Kideckel");
- Misleading pseudo-labels (e.g., "Mr. Kideckel");
- 

This conduct cannot be dismissed as oversight. In fact, **Defendants' own counsel has openly admitted—on the docket—that the use of multiple names is deliberate**. This admission is dispositive. It removes all doubt that the inconsistencies are being used tactically to frustrate the proceedings.

## III. ARGUMENT

### A. The Court Has Authority—and the Obligation—to Prevent Naming Abuse

The Court has inherent authority to preserve clarity and fairness in its proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). That authority includes the power to issue orders ensuring that the identity of parties is not obscured or manipulated.

**Federal Rule of Civil Procedure 10(a)** requires that all parties be "named" in the caption. This is not a mere formality—it serves the vital purpose of ensuring clarity and accountability. *See*

*Estate of Rodriquez v. Drummond Co., Inc.*, 256 F. Supp. 2d 1250, 1254 (N.D. Ala. 2003). Rule 17(a) similarly mandates that an action be prosecuted in the name of the "real party in interest."

Failure to follow these rules is not harmless—it impairs the opposing party's ability to prosecute their case and the Court's ability to administer justice efficiently. As the Ninth Circuit stated in *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), "[i]n civil rights cases against individual defendants, the importance of naming the proper parties cannot be overstated."

### B. This Pattern of Misrepresentation is Procedural Misconduct

This is not merely an error of formatting. It is **intentional procedural misconduct**. The repeated use of shifting aliases—particularly after Plaintiff has raised concerns and in light of counsel's own admission—demonstrates a willful strategy of obfuscation. That violates not only the Federal Rules but the basic duty of candor to the tribunal.

The misconduct is compounded by the fact that opposing counsel is a former Assistant Attorney General, an officer of the court who is expected to uphold the highest standard of procedural fidelity. Instead, counsel has opted to weaponize ambiguity and procedural misdirection.

Courts have condemned such behavior. In *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989), the court noted that falsified or misleading filings are grounds for severe remedies, including sanctions. In *Hoeller v. Eaton Corp.*, 149 F.3d 1184 (7th Cir. 1998), sanctions were imposed where pleadings were intentionally confusing or misleading.

### C. Plaintiff and the Court Have Suffered Prejudice

This misconduct has materially harmed Plaintiff by:

- Delaying meaningful litigation;
- Increasing costs and complexity;
- Creating ambiguity in the record that undermines the integrity of judicial review.

It also burdens the Court, which must now disentangle the inconsistent use of names and determine the proper parties to this action—an unnecessary and avoidable distraction from the merits of the case.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Grant this Motion to Compel Consistent, Accurate, and Legally Recognizable Naming** of all parties in this action;
2. **Order Defendants to amend all prior filings** within 14 days to reflect the **full legal name of Defendant David Kideckel** wherever applicable;
3. **Enjoin further use of aliases, abbreviations, or ambiguous business designations** absent express leave of Court or submission of sworn proof of legal identity;
4. **Require Defendants and their counsel to certify in writing** that all future filings will comply strictly with Fed. R. Civ. P. 10(a), 11(b), and 17(a);
5. **Retain jurisdiction to impose sanctions** under Rule 11 or the Court's inherent authority if this misconduct continues or remains uncorrected;
6. **Grant such other relief** as the Court deems just and necessary to preserve the integrity of the proceedings.

## V. CONCLUSION

What has occurred here is not a clerical anomaly or harmless error—it is a calculated distortion of the litigation process. Defendants and their counsel have manipulated the identity of a named party through deliberate and admitted misuse of naming conventions, undermining the rules that govern civil litigation. The Court's intervention is not only warranted—it is essential.

Respectfully submitted,
Dated: March 21, 2025

**Brent Kideckel**
Plaintiff, *pro se*
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) **CASE NO.: 1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL CONSISTENT, ACCURATE, AND LEGALLY RECOGNIZABLE PARTY IDENTIFICATION IN PLEADINGS AND FILINGS FOR DAVID MICHAEL KIDECKEL

Upon consideration of Plaintiff's Motion to Compel Consistent, Accurate, and Legally Recognizable Name Usage the Court finds that Defendants and their counsel have engaged in deliberate and improper use of aliases, abbreviations, and inconsistent naming conventions, including the admitted use of multiple names for Defendant David Kideckel, resulting in procedural confusion, prejudice to the Plaintiff, and unnecessary burden on the Court.

The Court further finds that such conduct violates the Federal Rules of Civil Procedure, specifically Rules 10(a), 11(b), and 17(a), and that counsel's professional experience, including as a former Assistant Attorney General, heightens the obligation to maintain procedural fidelity.

Accordingly, it is hereby:

**ORDERED** that Plaintiff's Motion to Compel is GRANTED. Defendants shall amend all prior filings within **14 days** of the date of this Order to reflect the full and consistent legal name of Defendant David Kideckel;

**FURTHER ORDERED** that Defendants shall **withdraw or strike any filing** that contains unsubstantiated evidence linked to pseudonyms, aliases, abbreviations, or otherwise anonymized party identifiers, unless supported by sworn declarations or admissible documentation;

**FURTHER ORDERED** that Defendants and their counsel shall **certify in writing** within **14 days** that all future pleadings, motions, and filings will comply with Fed. R. Civ. P. 10(a), 11(b), and 17(a), and that they will refrain from using misleading, partial, or intentionally ambiguous party names;

**FURTHER ORDERED** that the Court **retains jurisdiction** to impose further sanctions or disciplinary referral should any continued or future violation of procedural obligations occur.

It is so Ordered:


Dated: _____

SO ORDERED.

_____-

Judge Carl J. Nichols

United States District Judge