## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE FOREIGN NATION OF CANADA, *et al.*,<br><br>                    Defendants. | Case No.:  24-02907 (CJN) |

### DECLARATION OF JEFFREY D. ROBINSON

Jeffrey D. Robinson hereby declares as follows:

1.   I am senior counsel at Lewis Baach Kaufmann Middlemiss pllc in Washington, D.C. I am a member of the bar of Washington, D.C. and of this Court. I represent David Kideckel and his wife, Dahlia Saibil, in this matter.

2.   I submit this declaration in connection with David Kideckel and Dahlia Saibil's opposition to Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics. Unless otherwise indicated, I have personal knowledge of the facts stated herein.

3.   On January 4, 2025, Plaintiff sent an email where he stated that he filed a police report against David Kideckel ("D. Kideckel") in San Diego and Sarasota, Florida. A true and accurate copy of that email, with subject "[External Email] Internet Stalking by Dr. David Kideckel" is attached as Exhibit A.

4.   On March 21, 2025, Plaintiff sent an email threatening to file a motion for sanctions against me for my "intentional use of aliases and inconsistent names" for my client, David Kideckel. A

true and accurate copy of that email, with subject "[External Email] Notice of Intent to File Rule 11 Motion for Sanctions | Safe-harbor notice" and its attachment are attached as Exhibit B.

5.  On January 19, 2025, after various failed attempts to serve Dahlia Saibil the summons and complaint for the instant matter, Plaintiff threatened to serve Ms. Saibil while she would be sitting shiva for D. Kideckel and Plaintiff's recently deceased father. To avoid this threatened harassment, Ms. Saibil agreed to waive service on January 24, 2025. A true and accurate copy of an email from my colleague to Plaintiff waiving service, with subject "RE: [External Email] Fwd: Service on Dahlia- upcoming shiva house," is attached as Exhibit C.

6.  Plaintiff's harassment of me and my firm escalated around March 11, 2025, when Plaintiff demanded an "immediate meet and confer" to discuss my firm's so-called conflict of interest resulting from my "simultaneous representation of co-conspirators in a fraud and conspiracy case." A true and accurate copy of that email, with subject "[External Email] URGENT: Meet and Confer – Conflict of Interest in Representation," is attached as Exhibit D.

7.  Though Plaintiff demanded a response to his request to meet and confer no later than 4:00 pm the following day, he did not wait and instead contacted the Court three and a half hours later to request an emergency hearing on the Motion to Disqualify. A true and accurate copy of that email, with subject "[External Email] Urgent Request for Emergency Hearing – Motion to Disqualify Opposing Counsel (Attached) | 24-02907," is attached as Exhibit E.

8.  The following day, on March 12, 2025, Plaintiff threatened to report me to "the appropriate regulatory body" in  an email copying some of the leaders of my law firm. A true and accurate copy of that email, with subject "[External Email] Regulatory action re: breach of ethics at LBKM," is attached as Exhibit F.

2

9. On March 21, 2025 Plaintiff sent an email to the leaders of my firm attaching a letter threatening "further legal and disciplinary consequences, including sanctions, referral to the D.C. Office of Disciplinary Counsel, and motions for relief based on compromised proceedings." A true and accurate copy of that email, with subject "[External Email] Urgent: Non-Waivable Conflict – Representation of Simovonian, Kideckel, and Saibil (Case No. 24-2907)", and letter is attached as Exhibit G.

10. Throughout the course of my representation of D. Kideckel, Ms. Saibil, and Mr. Simovonian, Plaintiff has threatened on multiple occasions to file a supplemental complaint naming additional defendants and claims. A true and accurate copy of emails with the subject "[External Email] Time-sensitive | Hope Springman | conspiracy participation | RICO," "[External Email] Re:  Delivery Status Notification (Failure)," and "[External Email] Re: Reminder: CV-24-00719990-000 appointment at Civil Practice Court on Wednesday, March 26, 2025 at 09:00am (Eastern Time – US & Canada)" are attached as Exhibit H.

11. On March 17, 2025, an associate from Phillips Lytle, LLP, the firm representing the City of Toronto and David Wilson, entered an appearance. In an email to counsel at my firm and Phillips Lytle, Plaintiff accused Phillips Lytle of engaging in "procedural delay tactics." A true and accurate copy of this email, with subject "[External Email] 24-2907 Courtesy Copy," and its attachment are attached as Exhibit I.

12. Plaintiff has alleged in his filing that I am "[p]ursuing a fraudulent claim in a foreign tribunal based on perjured affidavits." This is false. I only represent these clients in this matter pending in the United States District Court for the District of Columbia. I have been clear to Plaintiff about the scope of my representation. A true and accurate copy of two such communications to Plaintiff, an email with subject "KIDECKEL v. FOREIGN NATION OF

CANADA et al No. 1:24-cv-02907-CJN," and an email with subject "RE: [External Email] Immediate action requires required – ongoing fraud and abuse of process," are attached as Exhibit J.

13. On March 24, 2025, in an email to Chambers, copied to counsel, Plaintiff served a courtesy copy of his Motion for Leave to Supplement Complaint, which adds additional defendants and claims, and a courtesy copy of his Preliminary Memorandum of Law in Opposition to Defendant Aram Simovonian's Motion to Dismiss. A true and accurate copy of that email with subject "[External Email] 24-2907 | Chambers Courtesy Copy | Cross-Motion/Memo of Opposition to Dismiss" is attached as Exhibit K.


I declare under the penalty of perjury that the foregoing is true and correct.


Executed on March 25, 2025
Washington, D.C.

                                          */s/ Jeffrey D. Robinson*
                                             Jeffrey D. Robinson

# EXHIBIT A

| | |
|---|---|
| **From:** | Brent Kideckel <brentkideckel@gmail.com> |
| **Sent time:** | 01/04/2025 08:56:20 AM |
| **To:** | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com> |
| **Cc:** | Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Lauren Skala <Lauren.Skala@LBKMLAW.com> |
| **Subject:** | [External Email] Internet stalking by Dr. David Kideckel |

Mr. Robinson:

I'm writing to inform you of your client's inappropriate online behavior.

It was brought to my attention that your client has been stalking my ex-husband online, visiting his LinkedIn page no less than four times in the last week.

What's he looking for?

Hopefully he saw Chaim has been a lead plaintiff in three lawsuits and currently in law school.

I've provided Chaim with all of David's contact info so he may block him accordingly, like everyone else before him.  I've also encouraged him to file a police report with the NYPD against Dr. David Kideckel. This is an addition to police reports previously filed against David in Toronto by his ex-wife Dr. Sari Herman, Vancouver by my uncle Dr. Alan Jeroff, and Sarasota and San Diego by me.

(There's likely many more police interactions with your client given his history of violence and uncontrolled anger. I look forward to presenting my records to the court in appropriate filings.)

This will be the only warning given for your client to cease this behavior.

Regards,

Brent Kideckel
Plaintiff, pro se
(917)634-0637

# EXHIBIT B

| | |
|---|---|
| **From:** | Brent R. Kideckel <brentkideckel@gmail.com> |
| **Sent time:** | 03/21/2025 01:06:58 PM |
| **To:** | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>; Christopher D. Barraza <cbarraza@phillipslytle.com>; Natalia Marte <NMarte@phillipslytle.com> |
| **Cc:** | Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Joshua Glasgow <JGlasgow@phillipslytle.com>; Sharon L. Matheny <smatheny@phillipslytle.com> |
| **Subject:** | [External Email] Notice of Intent to File Rule 11 Motion for Sanctions \| Safe-harbor notice |
| **Attachments:** | Rule11safeharbornotice.pdf    motionrule11.pdf |

Mr. Robinson:

Attached and served today, March 21, 2025, Plaintiff's Rule 11 Motion for Sanctions and Safe-Harbor Notice, to be filed with the court in 21 days if corrective action isn't taken.

Regards,

Brent Kideckel

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL | ) |
| Plaintiff | ) **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA,  et al. | ) |
| Defendants. | ) |
| _____ | _) |

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 FOR DELIBERATE MISREPRESENTATIONS, PROCEDURAL OBSTRUCTION, AND ABUSE OF THE JUDICIAL PROCESS

Plaintiff Brent Kideckel, proceeding *pro se*, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 11(c) for an order imposing sanctions upon Defendants and their counsel for conduct that egregiously violates the procedural and ethical standards required of parties appearing before this Court. This misconduct includes, but is not limited to, the repeated and knowing use of aliases and improper party identifiers, the submission of unsupported and deceptive evidence, and an intentional scheme to obscure identity, thereby subverting the fair administration of justice.

Defendants' conduct is not the result of mistake, ambiguity, or misunderstanding of the applicable rules. To the contrary, it is part of a sustained and calculated pattern of procedural manipulation, confirmed by an explicit admission by counsel on this Court's own docket. Opposing counsel, a former Assistant Attorney General, cannot plausibly claim ignorance or inadvertence. The deliberate nature of the violations and the professional experience of counsel make the conduct all the more alarming, and all the more deserving of meaningful sanction.

## I. INTRODUCTION

The procedural rules governing civil litigation exist to ensure clarity, transparency, fairness, and judicial efficiency. Rule 11 in particular was crafted as a safeguard to prevent parties and counsel from weaponizing court filings for purposes of delay, harassment, or deception. In this case, Defendants have violated the letter and spirit of Rule 11 by knowingly misidentifying parties, obscuring the record with alias-based references, and submitting false or unsubstantiated materials under misleading labels.

Plaintiff has made good faith efforts to navigate the litigation process with transparency and procedural integrity. In contrast, Defendants have chosen to exploit ambiguity as a tactic of obstruction. Such behavior not only prejudices Plaintiff but also constitutes a serious affront to this Court and the public's expectation of an orderly and honest judicial process.

## II. LEGAL STANDARD

**Federal Rule of Civil Procedure 11(b)** imposes on attorneys and pro se litigants an affirmative obligation to ensure that all submissions to the Court:

1. Are not presented for any improper purpose, including to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
2. Are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;
3. Have evidentiary support for all factual contentions;
4. Do not contain misstatements, half-truths, or omissions that mislead the Court.

Rule 11 is designed to deter abuse of the judicial process and to impose accountability on those who misuse it. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Business Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 547 (1991) (Rule 11 establishes a standard of objective reasonableness).

The standard applies equally to counsel and to represented parties. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003) (sanctions appropriate where counsel acts in a misleading or obstructive manner).

## III. GROUNDS FOR SANCTIONS

### A. Defendants Have Deliberately and Repeatedly Used Misleading Aliases

Defendants have filed pleadings and submissions referring to Defendant David Kideckel under multiple inconsistent and incomplete names, including "D. Kideckel," "Dr. Kideckel," and others. Even more egregiously, certain filings refer to "Brent alias" without attribution or evidentiary basis, suggesting—without proof—that communications or allegations were made by Plaintiff without authenticating phone numbers, metadata, or originating information.

This is not a clerical oversight. It is a conscious decision to evade proper identification, obscure responsibility, and confuse the record. Such conduct violates the procedural mandates of Rule 10(a), Rule 17(a), and Rule 11(b)(3), and constitutes a direct attack on the clarity and integrity required for proper litigation. Courts have consistently condemned such behavior. *See*, e.g., *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("Proper identification of parties is essential to due process."); *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990) ("Rule 11 should be applied to discourage abuse of procedure and ensure truthfulness in filings.").

## B. Defendants' Own Counsel Admitted to the Naming Misconduct on the Court's Docket

In a filing presently on this Court's docket, Defendants' own counsel explicitly admits to the deliberate use of alternate names for the same party. This admission eliminates any claim that the misidentification was accidental or immaterial. The acknowledgment is binding and judicially noticeable. It confirms that the misconduct was **intentional, strategic, and coordinated**.

This is not a trivial admission. When an officer of the court acknowledges the use of misleading aliases, it triggers the Court's obligation to protect the integrity of its proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (courts possess inherent authority to sanction attorneys who act in bad faith or abuse court procedures); *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (affirming dismissal as a Rule 11 sanction for submitting false evidence to the court).

## C. Opposing Counsel's Status as a Former Assistant Attorney General Warrants Heightened Scrutiny

This misconduct was not committed by a layperson unfamiliar with civil procedure. It was carried out by an attorney who formerly held the title of Assistant Attorney General. Such a role demands not only substantive legal competence, but also a clear understanding of the ethical obligations owed to the Court and the public.

That an attorney with such experience would knowingly distort party identification and submit unsupported allegations only underscores the severity of the violation. The Court may—and

should—consider counsel's background in evaluating whether the conduct meets the threshold of bad faith. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) (Rule 11's standard includes consideration of what a reasonable attorney would do under the circumstances).

**D. Plaintiff Has Been Prejudiced, and the Court Has Been Misled**

As a result of Defendants' conduct, Plaintiff has faced repeated challenges in:

- Properly identifying parties;
- Analyzing and responding to evidence tied to vague or fabricated aliases;
- Navigating a needlessly confusing and contradictory record.

Meanwhile, the Court has been burdened by filings that complicate party identification and inject factual ambiguities into what should be straightforward matters of identity. This behavior imposes unnecessary costs on all parties and erodes public confidence in the fairness of the judicial system.

## IV. REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), Plaintiff respectfully requests that the Court take judicial notice of the filing on its own docket in which defense counsel expressly acknowledges the use of multiple names for Defendant David Kideckel. Judicial notice is proper for court records and party admissions. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir. 1986); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

## V. REQUEST FOR SANCTIONS PAYABLE TO CHARITY

Plaintiff does not seek monetary relief for himself. Instead, Plaintiff requests that any sanctions be directed as a mandatory donation to a charitable organization serving the homeless in Washington, D.C., to reflect the public impact of abusing judicial process. Suggested organizations include:

**1. Advancement Project (National Office – DC)**

**Mission:** A national civil rights organization focused on voter justice, policing reform, and dismantling structural racism.
**EIN:** 52-2100734
**Address:** 1220 L Street NW, Suite 850, Washington, DC 20005
**Website:** https://advancementproject.org


### 2. NAACP Legal Defense and Educational Fund (LDF) – DC Office

**Mission:** The nation's premier legal organization fighting for racial justice through litigation, advocacy, and education.
**EIN:** 13-1655255
**Address:** 700 14th St NW, Suite 600, Washington, DC 20005
**Website:** https://www.naacpldf.org


### 3. DC Pro Bono Counsel

**Mission:** The nation's premier legal organization fighting for racial justice through litigation, advocacy, and education.
**EIN:** 13-1655255
**Address:** 700 14th St NW, Suite 600, Washington, DC 20005
**Website:** https://www.naacpldf.org


## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Grant this Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c);
2. Take judicial notice of defense counsel's admission on the docket;
3. Impose a monetary sanction in an amount the Court deems appropriate, payable directly to one of the charitable organizations listed above;
4. Order Defendants to amend all pleadings and prior filings to reflect consistent, accurate legal names for all parties;
5. Order Defendants to strike or withdraw any filings that contain evidence attributed to aliases, pseudonyms, or unverified sources;
6. Require counsel and Defendants to certify future compliance with Rules 10(a), 11(b), and 17(a);

7. Grant any other relief the Court deems necessary and just to protect the integrity of these proceedings.

## VII. CONCLUSION

This Court must not turn a blind eye to litigation by deception. The conduct at issue here is not merely careless or sloppy—it is strategic, admitted, and fundamentally dishonest. The Federal Rules were not designed to be optional guidelines. They are binding procedural safeguards that ensure justice is more than a hope—it is a standard. Plaintiff respectfully requests that the Court affirm that standard here.

Dated: March 21, 2025

Respectfully submitted,

**Brent Kideckel**
Plaintiff, *pro se*
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

**Brent Kideckel**
Plaintiff, *pro se*
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

**March 21, 2025**

**Via Email**

Jeffrey Robinson
Jeffrey.Robinson@lbkmlaw.com


## Re: Rule 11 Safe Harbor Notice – Intent to File Motion for Sanctions

**Case: Kideckel v. Canada, et al.**
**Civil Action No. CV-24-02907-CJN**

Dear Mr. Robinson,

Pursuant to Federal Rule of Civil Procedure 11(c)(2), this letter serves as formal notice that I intend to file the enclosed Motion for Sanctions against you and your client(s) unless corrective action is taken within 21 days of service of this notice.

The enclosed motion details a pattern of deliberate procedural misconduct, including but not limited to:

- Repeated and intentional use of **aliases and inconsistent names** for Defendant David Kideckel in court filings;
- Submission of **unsubstantiated and misleading evidence** under such aliases, including references to "Brent alias" without attribution or authentication;
- An **admission on the docket** by you or your firm acknowledging the use of multiple names for the same party;
- Conduct which violates Rule 11(b)(1), (2), and (3), and which appears designed to mislead, obstruct, and harass.

Your status as a **former Assistant Attorney General** further heightens the seriousness of this matter, as the professional obligations of candor, clarity, and fidelity to the Court are clearly known to you.

To avoid filing the enclosed Rule 11 motion, you must:

1. **Amend all filings** to reflect consistent, full legal names for all parties;
2. **Withdraw or strike** any submissions containing alias-based or unverified evidence;

3.  **Certify in writing** that future filings will comply fully with Fed. R. Civ. P. 10(a), 11(b), and 17(a).

If these corrective actions are not taken **within 21 days** of this notice, I will file the enclosed motion with the Court and request that the Court impose sanctions—including charitable monetary sanctions—under Rule 11(c).

Sincerely,

**Brent Kideckel**
Plaintiff, *pro se*

**Enclosure:** Draft Rule 11 Motion for Sanctions

# EXHIBIT C

| From: | Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com> |
|---|---|
| Sent time: | 01/21/2025 11:30:12 AM |
| To: | brentkideckel@gmail.com |
| Subject: | RE: [External Email] Fwd: Service on Dahlia Saibil- upcoming shiva house |

Dear Brent,

I am writing in response to your email to Mr. Simovonian regarding service on Ms. Saibil. To avoid service on Ms. Saibil while she and Dr. Kideckel attend shiva for Dr. Kideckel's late father, I will accept service on Ms. Saibil's behalf in connection with *Kideckel v. The Foreign Nation of Canada, et al.*, Case No. 1:24-cv-02907, which is currently pending in the Federal District Court for the District of Columbia.

To be clear, and for the avoidance of doubt, my offer to accept service relates only to Ms. Saibil in the above-mentioned case, and does not extend to any other matters that you have filed or may file against Ms. Saibil and Dr. Kideckel.

Regards,

_____

Elizabeth M. Velez

**Lewis Baach Kaufmann Middlemiss** PLLC

10 Grand Central
155 East 44th Street
25th Floor
New York, New York 10017
**t** 646 965-8830

Bio | Email | Website | vCard

_____

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

---------- Forwarded message ---------
From: **Aram Simovonian** <asimovonian@limalaw.ca>
Date: Sun, Jan 19, 2025 at 6:34 PM
Subject: RE: Service on Dahlia Saibil- upcoming shiva house
To: Brent Kideckel <brentkideckel@gmail.com>

Hi, Brent:

Is this for the USA proceeding?

My client has USA counsel that you should be speaking with - I will get their details for you.

Thank you for confirming your attendance on January 29, 2025. If you do attend, I will only need 1 day to cross-examine you and your attendance on the 30th will be unnecessary. You should have the zoom details.

Thanks,

Aram Simovonian
Partner
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email

-----Original Message-----
From: Brent Kideckel <brentkideckel@gmail.com>
Sent: Sunday, January 19, 2025 6:31 PM
To: Aram Simovonian <asimovonian@limalaw.ca>
Subject: Fwd: Service on Dahlia Saibil- upcoming shiva house

Mr. Simovonian:

Please advise your client that a Process Server will be attending the shiva house to effect Service if she doesn't agree to be served electronically.

Perhaps they'd like to avoid that scenario.

Thanks. See you on the 22nd, 29th, and 30th.

Brent Kideckel


>
> Greetings;
>
> Please advise if you will be accepting Service of Process for Ms. Saibil, or, I will have a Process Server attend the Shiva house for our deceased father this coming week.
>
> I'm happy to send the Server there then for efficiency.
>
> Please advise by Wednesday January, 22, 2025 if your client wishes to avoid that scenario.
>
> Thank you.
>
> Brent Kideckel
>
>

EXHIBIT D

| **From:** | Brent R. Kideckel <brentkideckel@gmail.com> |
| **Sent time:** | 03/11/2025 01:11:31 PM |
| **To:** | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com> |
| **Cc:** | Lauren Skala <Lauren.Skala@LBKMLAW.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; smatheny@phillipslytle.com; cbarraza@phillipslytle.com |
| **Subject:** | [External Email] URGENT: Meet and Confer – Conflict of Interest in Representation |
| **Attachments:** | 7mDisq.pdf |

**Mr. Robinson,**

I am writing to demand an immediate meet and confer regarding your ongoing representation of multiple co-defendants in this matter, despite clear and irreconcilable conflicts of interest. Your simultaneous representation of co-conspirators in a fraud and conspiracy case is a blatant violation of ethical rules, including but not limited to your duty of loyalty and confidentiality. The conflict is exacerbated by your client and co-counsel's continued pursuit of fraudulent claims in Canada while attempting to confuse the court with varying forms of address and misrepresentations.

Additionally, your clients' fraudulent and perjured affidavits have resulted in arrest warrants based on falsehoods, yet they now claim the messages in question are merely "believed" to have come from me. These inconsistencies further highlight the deceptive nature of your litigation strategy and the inherent conflict in your representation.

Pursuant to Local Civil Rule 7(m), I expect you to engage in a meaningful discussion regarding this motion before I file it with the court. Given the gravity of this issue, I require a response no later than 4 PM ET March 12, 2025.  If you refuse to confer in good faith, I will inform the court accordingly and proceed with the motion to disqualify.

I expect a prompt response.

**Brent Kideckel**
P.O. Box 20901
Floral Park, NY 11002
Phone: 917-634-0637
Email: brentkideckel@gmail.com

# UNITED STATES DISTRICT COURT

## FOR THE

### DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
| Plaintiff | ) **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA,  et al. | ) |
| Defendants. | ) |
| _____ | _) |

## <u>MOTION TO DISQUALIFY OPPOSING COUNSEL JEFFREY ROBINSON FOR CONFLICT OF INTEREST</u>

Plaintiff, **Brent Kideckel,** respectfully moves this Honorable Court for an order disqualifying **Jeffrey Robinson**, counsel for the Defendant, from representing Defendant in this matter due to a conflict of interest and improper conduct. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff requests the Court disqualify **Jeffrey Robinson**, who represents multiple Defendants in this action, due to a significant conflict of interest arising from his representation of co-conspirators engaged in fraud and other torts. Additionally, **Jeffrey Robinson** has engaged in improper conduct by using varying forms of address to confuse the Court, undermining the integrity of the proceedings. Further complicating the matter, **David Kideckel and Aram Simovonian** continues to pursue a fraudulent claim in Canada based on fraudulent and perjured affidavits, while also making claims that arrest warrants, based on those same fraudulent affidavits, are still active despite evidence to the contrary.

## II. FACTUAL BACKGROUND

1. On October 15, 2024, **Brent Kideckel** filed the present action against Defendants David Kideckel and **Aram Simovonian** and other parties for fraud, conspiracy, and other torts, including actions related to fraudulent claims made in Canada.

2. **Jeffrey Robinson** is representing multiple Defendants in this case, each of whom is a co-conspirator involved in fraudulent activity and other torts that are the subject of Plaintiff's claims.

3. Plaintiff asserts that these Defendants, under the guidance of their counsel, **Jeffrey Robinson**, have conspired to commit fraud and engage in tortious conduct, creating a situation where conflicting interests between the Defendants cannot be resolved without a breach of fiduciary duty to one or more of the parties.

4. **Jeffrey Robinson** has further undermined the integrity of this case by using varying forms of address in his filings and communications with the Court in an apparent attempt to confuse and mislead the Court regarding the true nature of the parties and claims involved.

5. Additionally, despite the fact that arrest warrants are based on fraudulent and perjured affidavits submitted by the Defendants, **Jeffrey Robinson** continues to make statements that these messages, which were originally attributed to Plaintiff, are now "believed" to have come from Plaintiff. This demonstrates further fraudulent behavior and complicates Plaintiff's ability to obtain justice in both the United States and Canada.

6. The nature of these claims, involving allegations of fraud, conspiracy, and perjury, requires each Defendant to act in their own best interests. **Jeffrey Robinson** cannot effectively represent multiple co-conspirators, as he must choose between conflicting defenses, potentially violating the ethical duty of loyalty and confidentiality.

7. **Jeffrey Robinson**'s continued representation of these co-conspirators in this matter will undermine the fairness of the proceedings and prejudices Plaintiff's ability to obtain a fair resolution of the claims.

## III. LEGAL STANDARD

A motion to disqualify counsel is governed by the Rules of Professional Conduct and ethical obligations governing attorneys in the District of Columbia. Specifically, Rule 1.7 of the D.C.

Rules of Professional Conduct prohibits a lawyer from representing multiple clients whose interests are directly adverse unless each client gives informed consent. Moreover, Rule 1.9 prohibits a lawyer from representing a client in a matter that is substantially related to a previous matter in which the lawyer represented another client with conflicting interests.

Additionally, the ethical principles of loyalty and confidentiality prohibit **Jeffrey Robinson** from representing co-conspirators involved in the same fraudulent scheme, as his representation of one client may compromise his duty to another and lead to a conflict of interest that violates his professional obligations.

## IV. ARGUMENT

### A. Conflict of Interest and Violation of Ethical Rules

1. **Jeffrey Robinson** is representing multiple Defendants who are engaged in a conspiracy to commit fraud and other torts. The interests of these Defendants are inherently conflicting, as each may seek to shift liability onto the other, and no lawyer can effectively represent multiple parties with such directly adverse interests in the same litigation.

2. The D.C. Rules of Professional Conduct, specifically Rule 1.7, prohibit the representation of clients with directly conflicting interests unless informed consent is given. However, such consent is unlikely in a situation involving co-conspirators engaged in fraudulent activity, as the interests of these Defendants are not reconcilable.

3. **Jeffrey Robinson**'s continued representation of these co-conspirators violates his duty of loyalty and confidentiality, as he cannot protect each Defendant's best interests without compromising another. This conflict is especially egregious in cases involving fraud and conspiracy, where the potential for perjury, false statements, and shifting blame is high.

### B. Improper Conduct and Attempts to Mislead the Court

4. **Jeffrey Robinson** has engaged in improper conduct by using varying forms of address in his filings and communications with the Court. These varying forms of address, which appear inconsistent and unclear, serve no legitimate purpose other than to confuse the Court and obscure the true nature of the parties involved in this case. Such conduct undermines the integrity of these proceedings and should not be tolerated.

### C. Continuing to Pursue Fraudulent Claims

5. Despite the fact that arrest warrants remain in place based on fraudulent and perjured affidavits submitted by the Defendants, **Jeffrey Robinson** continues to assert that messages, which were originally attributed to Plaintiff, are "believed" to have come from.

6.  Plaintiff. This is a continued fraudulent claim, and **Jeffrey Robinson**'s involvement in pursuing this fraudulent narrative further demonstrates a fundamental conflict of interest that justifies his disqualification from this matter.

### D. The Need for Disqualification

7.  The courts in the District of Columbia recognize that disqualification is warranted when an attorney represents multiple clients with adverse interests, particularly in cases involving fraudulent activity. The risk of prejudice to Plaintiff and the potential for unfairness in the proceedings is substantial if **Jeffrey Robinson** is allowed to continue representing these Defendants.

8.  Disqualifying **Jeffrey Robinson** from representing the co-conspirators in this case is necessary to preserve the integrity of these proceedings and to ensure that Plaintiff's rights are not compromised by conflicts of interest or improper conduct.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court disqualify **Jeffrey Robinson** from representing the co-conspirators in this matter due to a conflict of interest, improper conduct, and his continued involvement in pursuing fraudulent claims, and grant such other and further relief as the Court deems just and proper.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(m), counsel for Plaintiff has conferred with counsel for Defendant regarding this motion. Defendant's counsel opposes the relief sought in this motion.

**Respectfully submitted,**

Brent Kideckel
P.O. Box 20901
Floral Park, NY 11002

Phone: 917-634-0637
Email: brentkideckel@gmail.com

**Dated:** March 11, 2025

# EXHIBIT E

**Jeffrey D. Robinson**

| | |
|---|---|
| **From:** | Brent R. Kideckel <brentkideckel@gmail.com> |
| **Sent:** | Tuesday, March 11, 2025 4:45 PM |
| **To:** | courtney_moore@dcd.uscourts.gov |
| **Cc:** | Jeffrey D. Robinson; cbarraza@phillipslytle.com |
| **Subject:** | [External Email] Urgent Request for Emergency Hearing – Motion to Disqualify Opposing Counsel (Attached) | 24-02907 |
| **Attachments:** | emergmotion.pdf |

Dear Ms. Moore,

I write to respectfully request an urgent in-person hearing on my Emergency Motion to Disqualify Opposing Counsel, which is attached for the Court's consideration as filed with the Clerk. This matter, Kideckel v. Canada et al., Case No. 24-02907, requires immediate judicial intervention due to serious conflicts of interest and ongoing misconduct by opposing counsel, Jeffrey Robinson.

The urgency of this request arises from:

1. Unwaivable Conflicts of Interest – Mr. Robinson represents multiple co-defendants whose legal interests are directly adverse, creating a clear ethical violation that cannot be remedied without disqualification.

2. Bad Faith Litigation Conduct – Mr. Robinson has engaged in misleading representations, procedural manipulation, and contradictory legal arguments in parallel proceedings in-concert with his client and co-counsel. which are actively prejudicing Plaintiff's ability to obtain a fair adjudication.

3. Immediate and Ongoing Prejudice to Plaintiff – Every day that Mr. Robinson remains in this case undermines the integrity of these proceedings and allows Defendants to continue abusing the judicial system through fraudulent claims and deceptive litigation tactics.


Given the severity of these issues, I respectfully request that the Court schedule an expedited hearing at the earliest possible date. I intend to appear in person for this matter and am available at the Court's earliest convenience.

Please confirm receipt of this request and advise regarding scheduling. I appreciate your prompt attention to this matter.


Best regards,

Brent Kideckel

Plaintiff, Pro Se

P.O. Box 20901

Floral Park, NY 11002

Email: brentkideckel@gmail.com

Phone: 917-634-0637

## IN THE UNITED STATES DISTRICT COURT

## FOR THE  DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
| Plaintiff | ) **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) |
| | **)** |
| THE FOREIGN NATION OF CANADA,  et al. | ) |
| Defendants. | ) |
| _____ | _) |

# <u>PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY OPPOSING COUNSEL FOR CONFLICT OF INTEREST AND BAD FAITH LITIGATION TACTICS</u>

# URGENT REQUEST FOR EXPEDITED HEARING

Pursuant to **Local Civil Rule 65.1(d)**, Plaintiff **Brent Kideckel**, proceeding pro se, respectfully requests that this Court **immediately disqualify** attorney **Jeffrey Robinson** from representing Defendants due to **a blatant, unwaivable conflict of interest** and **egregious misconduct that irreparably undermines the fairness of these proceedings**.

Plaintiff further **demands an expedited hearing**, as **every day that Mr. Robinson remains in this case inflicts irreparable harm on the integrity of these proceedings. His conflicted representation actively obstructs justice, taints the litigation process, and enables Defendants to continue their fraudulent scheme without accountability.**

The urgency of this matter is further underscored by Mr. Robinson's **deliberate efforts to mislead the Court, manipulate procedural clarity, and persist in pursuing a fraudulent claim in Canada based on perjured affidavits**—all while **simultaneously contradicting those same claims in this Court.**

Each passing day increases the risk of **further obstruction of justice, additional procedural delays, and continued irreparable harm** to Plaintiff's ability to obtain a fair and just

resolution. As such, **Plaintiff respectfully requests an emergency hearing at the Court's earliest possible availability**.

# MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

This motion presents **an urgent and pressing issue** that demands **immediate judicial intervention**. Mr. Robinson's ongoing **conflicted representation** of **multiple co-conspirator defendants** is **ethically, procedurally, and legally untenable. Federal courts have consistently held that attorneys must be disqualified when their representation creates an unwaivable conflict that undermines the integrity of the proceedings.**

Moreover, **Robinson's deliberate acts of deception—using varying forms of address to confuse the Court and advancing perjured affidavits in a foreign tribunal—exacerbate the need for swift action**. If not addressed **immediately**, his **continued presence in this case will further corrupt the proceedings** and permit **Defendants to continue their abuse of process unchecked**.

**Given the gravity of these ethical violations and their direct impact on the fairness of these proceedings, an expedited hearing is not only warranted but imperative.**

# II. LEGAL STANDARD FOR EMERGENCY RELIEF

The Court has **broad discretion** to disqualify an attorney and to **expedite relief where necessary to prevent irreparable harm. See In re Grand Jury Subpoena, 415 F.3d 333, 339 (4th Cir. 2005)** (affirming disqualification where continued representation would "taint the integrity of the proceedings").

Emergency relief is warranted where:

1. **An immediate and irreparable harm exists (Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975)**, recognizing the need for immediate judicial intervention to prevent further ethical breaches).
2. **The attorney's misconduct undermines fundamental fairness (Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)**, granting emergency relief where an attorney's conduct obstructed justice).
3. **The risk of continued injustice outweighs any delay in ordinary motion procedures (United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991)**, emphasizing the court's duty to intervene in cases of attorney misconduct).

# III. ARGUMENT

## A. Mr. Robinson's Representation Creates a non-ignorable, Irreconcilable Conflict That Must Be Addressed Immediately

Federal courts have **routinely disqualified attorneys representing co-defendants in conspiracy cases due to irreconcilable conflicts**. See Wheat v. United States, 486 U.S. 153, **160 (1988)** (affirming disqualification where "the risk of conflict is too severe to ignore").

Here, Mr. Robinson **simultaneously represents multiple defendants with inherently conflicting defenses**. Defendants **have contradicted their own prior statements**, now claiming that the very messages forming the basis of their fraudulent allegations are merely "believed" to have originated from Plaintiff. **This alone necessitates disqualification, as Robinson cannot zealously represent all defendants without prejudicing at least one.**

## B. Mr. Robinson's Fraudulent Litigation Conduct Further Justifies Immediate Disqualification

Beyond his conflicts of interest, Mr. Robinson has engaged in **egregious misconduct**, including:

- **Deliberate misrepresentations to this Court** regarding key factual matters (**See In re Grand Jury Subpoena, 415 F.3d at 339**, recognizing false statements as grounds for disqualification).
- **Using varying forms of address to deceive the Court and create procedural confusion** (**See United States v. O'Keefe, 252 F.3d 626, 630 (2d Cir. 2001)**, disqualifying counsel for deceptive litigation tactics).
- **Pursuing a fraudulent claim in a foreign tribunal based on perjured affidavits** while contradicting those very claims before this Court (**See Chambers v. NASCO, Inc., 501 U.S. at 44**, affirming disqualification where litigation conduct obstructs justice).

## C. Delayed Action Will Cause Irreparable Harm to the Fairness of These Proceedings

Every day that Mr. Robinson remains in this case **further prejudices Plaintiff** and **compromises the integrity of these proceedings**. Courts have consistently recognized that permitting a conflicted attorney to continue representation **undermines due process and necessitates immediate relief**. See Fiandaca v. Cunningham, 827 F.2d 825, 829 (1st Cir. 1987) (finding disqualification necessary to prevent a "fundamental miscarriage of justice").

# IV. CONCLUSION

For the foregoing reasons, Plaintiff **demands immediate disqualification of Jeffrey Robinson** and requests that the Court **set an emergency hearing at the earliest possible date** to prevent **further irreparable harm, obstruction of justice, and bad-faith litigation tactics.**

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7(m)

Pursuant to **Local Civil Rule 7(m)** of the **United States District Court for the District of Columbia**, Plaintiff **Brent Kideckel**, proceeding pro se, certifies that he has made a good faith effort to confer with opposing counsel, **Jeffrey Robinson**, regarding the relief sought in this motion

**Dated:** March 11, 2025

Respectfully submitted,

**Brent Kideckel**
Plaintiff, Pro Se
P.O. Box 20901
Floral Park, NY 11002
Email: brentkideckel@gmail.com
Phone: 917-634-0637

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE  DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRENT KIDECKEL | ) | |
| Plaintiff | ) | **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) | |
| | ) | |
| THE FOREIGN NATION OF CANADA,  et al. | ) | |
| Defendants. | ) | |
| _____ | ) | |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY OPPOSING COUNSEL

Upon consideration of Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics, the memoranda and exhibits in support thereof, and the entire record in this matter, it is hereby:

**ORDERED** that Plaintiff's Emergency Motion to Disqualify Opposing Counsel, Jeffrey Robinson, is **GRANTED**; and it is further

**ORDERED** that attorney **Jeffrey Robinson** is **disqualified from representing Defendants** in this matter due to a conflict of interest and ongoing unethical conduct, including but not limited to, advancing fraudulent claims, conflicting representations, and using deceptive tactics to mislead the Court; and it is further

**ORDERED** that **Defendants** shall **immediately retain substitute counsel** within 14 days from the date of this Order.

SO ORDERED.

**Date:**


**Judge Carl J. Nichols**
United States District Judge

EXHIBIT F

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Sent time:** 03/12/2025 08:48:02 AM
**To:** Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>
**Cc:** Arthur D. Middlemiss <Arthur.Middlemiss@LBKMLAW.com>; Eric L. Lewis <Eric.Lewis@LBKMLAW.com>; Martin R. Baach <Martin.Baach@LBKMLAW.com>; Lauren Skala <Lauren.Skala@LBKMLAW.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>
**Subject:** [External Email] Regulatory action re: breach of ethics at LBKM

Hello again Jeff,

I noticed at the beginning of litigation you were using a New York office address, however now you're using a District address, presumably a field office for the firm you affiliate with.

In light of your response to my notice of emergency motion for your disqualification, or lack thereof, coupled with your ongoing failure to provide me a courtesy copy of the Motion you filed and have requested thrice, I anticipate regulatory involvement in these breaches in ethics.

**To ensure I address this with the appropriate regulatory body, please confirm where you are situated and licensed to practice law**.

I hope I don't have to use this email as further evidence of bad faith litigation tactics and I look forward to your prompt clarity as you seem unwilling to withdrawal from clearly conflicting representation.

I will go ahead and file appropriate regulatory complaints if you haven't withdrawn from representation be end of business today.

Thank you for your prompt attention to this matter.

Regards,

Brent Kideckel
Plaintiff, pro se
(917)634-0637
Brentkideckel@gmail.com

# EXHIBIT G

| From: | Brent Kideckel <brentkideckel@gmail.com> |
|---|---|
| Sent time: | 03/21/2025 05:47:50 PM |
| To: | Eric L. Lewis <Eric.Lewis@LBKMLAW.com> |
| Cc: | Arthur D. Middlemiss <Arthur.Middlemiss@LBKMLAW.com>; Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com> |
| Subject: | [External Email] Urgent: Non-Waivable Conflict – Representation of Simovonian, Kideckel, and Saibil (Case No. 24-2907) |
| Attachments: | LBKM.pdf |

Dear Mr. Lewis,


Please find attached a formal notice regarding a serious and active conflict of interest concerning your firm's continued joint representation of Aram Simovonian, Dr. David Kideckel, and Ms. Dahlia Saibil in Kideckel v. Simovonian et al., Case No. 24-2907, currently pending in the U.S. District Court for the District of Columbia.


As outlined in the letter, the conflict is non-waivable and now a matter of record. You are required to confirm, within five (5) calendar days, that Lewis Baach Kaufmann Middlemiss PLLC has taken appropriate steps to withdraw from representation of one or more parties in compliance with the D.C. Rules of Professional Conduct.


Failure to act promptly will result in further legal and disciplinary consequences, including sanctions, referral to the D.C. Office of Disciplinary Counsel, and motions for relief based on compromised proceedings.



Sincerely,

Brent Kideckel

Plaintiff, pro se

Email: brentkideckel@gmail.com

(917)634-0637

Brent Kideckel
P.O. Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637


March 21, 2025


Eric L. Lewis
Lewis Baach Kaufmann Middlemiss PLLC
The Chrysler Building
405 Lexington Avenue, 64th Floor
New York, NY 10174
eric.lewis@lbkmlaw.com


Re: Non-Waivable Conflict - Representation of Aram Simovonian, Dr. David Kideckel, and Dahlia Saibil
U.S. District Court for the District of Columbia - Case No. 24-2907


Dear Mr. Lewis,


This letter serves as formal and final notice to Lewis Baach Kaufmann Middlemiss PLLC (LBKM) of a non-waivable, active conflict of interest arising from your continued joint representation of Aram Simovonian, Dr. David Kideckel, and by extension, Dahlia Saibil, in the above-captioned matter.


As reflected in the public record and the subject of a filed motion to disqualify, your client Aram Simovonian sent a threatening text message to me just six days prior to submitting perjured evidence in a Canadian court. This threat is a central component of my claims for civil conspiracy, intentional infliction of emotional distress (IIED), judicial stalking, witness intimidation, malicious prosecution, and abuse of process now pending before the U.S. District Court.


Dr. Kideckel's interests are plainly and materially adverse to those of Mr. Simovonian. If Dr. Kideckel asserts - entirely lawfully - that Mr. Simovonian acted alone or without his knowledge, your firm will be forced to advance arguments against one client to protect another. Such a conflict is not subject to waiver, regardless of consent. The same applies to your firm's concurrent representation of Dahlia Saibil, whose legal interests are inextricably linked to those of her husband and thus derivatively compromised under the conflict rules.


Your continued participation under these circumstances raises serious ethical and legal concerns. Beyond the black-letter conflict under D.C. Rules 1.7(a)(1) and (a)(2), your firm's ongoing involvement creates the perception that LBKM is deliberately baking in grounds for appeal by compromising the integrity of these proceedings from the outset. Such conduct may be viewed by the Court as a calculated attempt to manufacture structural reversible error by design, a tactic which undermines judicial fairness and could constitute litigation misconduct.


The law is clear. The D.C. Circuit and federal courts have long held that even the appearance of divided loyalty is enough to warrant disqualification. See Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225, 234 (2d Cir. 1977) ('Even the appearance of divided loyalty may justify disqualification.'); In re Rail Freight Fuel Surcharge Antitrust Litigation, 965 F. Supp. 2d 104, 110 (D.D.C. 2013) ('Disqualification is warranted where continued representation will taint the integrity of the proceedings.')

Additionally, your firm is bound by Rule 5.1 to ensure firmwide ethical compliance. Now that you are on formal and documented notice, any further involvement in this matter without curing the conflict will be deemed intentional and pursued accordingly.

You are hereby directed to confirm within five (5) calendar days that your firm has withdrawn from representation of Mr. Simovonian, Dr. Kideckel, and Ms. Saibil. Should you fail to do so, I will seek:
- Disqualification with prejudice,
- Sanctions under Rule 11,
- Referral to the D.C. Office of Disciplinary Counsel, and
- All available costs and equitable remedies arising from compromised proceedings.

You are advised to govern yourselves accordingly.

Brent Kideckel
Plaintiff, pro se

Dated: March 21, 2025

# EXHIBIT H

**From:**    Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>
**Sent time:**    01/29/2025 03:06:47 PM
**To:**    Annika Conrad <Annika.Conrad@lbkmlaw.com>
**Subject:**    Fwd: [External Email] Re: Kideckel v Kideckel

Begin forwarded message:

> **From:** Brent Kideckel <brentkideckel@gmail.com>
> **Date:** January 29, 2025 at 2:37:14 PM EST
> **To:** Aram Simovonian <asimovonian@limalaw.ca>
> **Cc:** Ian Sinke <ian@alaw.ca>, "Jeffrey D. Robinson" <Jeffrey.Robinson@lbkmlaw.com>, Lauren Skala <Lauren.Skala@lbkmlaw.com>, Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>, Tony Antoniou <tony@alaw.ca>
> **Subject:** [External Email] Re: Kideckel v Kideckel

> Mr. Simovonian-

> May I gently add for your own benefit - as you're acutely aware - unlike in Canada, American court records are extremely public. Top of google search results as you've seen.

> All of your frauds will be tied to your family name in perpetuity and you have a very unique name.  If someone google's your mother for realtor services, your fraud will be at the top.  Be mindful of what you're doing. For her sake.

> If I may also retort your statement that I dislike you; this is incorrect. I don't know you, I only know that you've committed the cardinal sin of the legal profession and I have no respect for dirty lawyers. I welcome a lawsuit against me if I've wronged someone, but committing fraud and perjury makes you look bad. And a criminal. Truthfully I actually feel sorry for you because it seems your client has blackmailed or bullied you, because there is no other justification for your actions.

> And to answer your question I'm in Vegas to use the spa as therapy for having to deal with your abuse or process and fraud. I'll  be seeking full reimbursement as damages.

> Stay warm up there.

>> On Jan 29, 2025, at 8:07 AM, Brent Kideckel <brentkideckel@gmail.com> wrote:

>> Proceed as you wish, Mr. Simovonian, however you'll note that you didn't ask a single relevant question. Not a single one. We can discuss that with the motion judge.

>> Please provide the transcript and recording when available.

>> I too recommend you obtain counsel in the US.

>>> On Jan 29, 2025, at 7:54 AM, Aram Simovonian <asimovonian@limalaw.ca> wrote:

>>> Hi, Brent:

>>> If you allowed me to complete my cross, I would need one day – but, you did not.

I know you'll not attend tomorrow so we'll finish what we started. If you don't attend, I will have to take out the Certificate of Non-Attendance.

It is my recommendation to you to retain Ontario counsel.

I will advise on a scheduling date for CPC so we can schedule the return of your motion and my client's motion.

Thank you,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image001.png>

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Sent:** Wednesday, January 29, 2025 10:39 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Cc:** Ian Sinke <ian@alaw.ca>; Jeffrey D. Robinson <Jeffrey.Robinson@lbkmlaw.com>; Lauren Skala <Lauren.Skala@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>; Tony Antoniou <tony@alaw.ca>
**Subject:** Re: Kideckel v Kideckel

Mr. Simovonian:

Once you were informed I had no counsel whose billing you could rack up you advised you only required one day. I've attached that email as a courtesy.

If you file an affidavit of non attendance I will go ahead and provide that to the Law Society and it will be used in my Action against you and your past and present employers. Not to mention the OCA will see all your fraudulent affidavits.

Accordingly I will not be in attendance and you'll note I recorded the cross as well.

Please advise when we'll be scheduling our hearing on the motion.

I'll await filing a Supplemental complaint against you here in the US to ensure I can adequately supply evidence of your frauds.

Best,

<image002.jpg>

On Jan 29, 2025, at 7:22  AM, Aram Simovonian <asimovonian@limalaw.ca> wrote:

Hi, Brent:

Although I appreciate you attending today, it was disappointing to see you log off after about 15 minutes. You have interfered with my cross-examination.

As you know, we have also scheduled an attendance for tomorrow at 30, 2025. I will be there, and I hope you will be there, too. If you fail to attend, I will obtain a certificate of non attendance.

I hope to see you tomorrow so we can go through my questions.

Thank you,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image001.png>

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Sent:** Wednesday, January 29, 2025 9:53 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Cc:** Ian Sinke <ian@alaw.ca>; Jeffrey D. Robinson <Jeffrey.Robinson@lbkmlaw.com>; Lauren Skala <Lauren.Skala@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>; Tony Antoniou <tony@alaw.ca>
**Subject:** Re: Kideckel v Kideckel

Mr. Simovonian:

This concerns them because:

a) you're abusing process for which relief is sought in the US on behalf of your client;

b) you are aware that the Statement of Claim you filed is fraudulent and continue to pursue it;

c)  Judge Akazaki granted me Leave to add you and Lima Law Professional as Defendants which I intend to do.  Your lawyer should be aware as relief for the entire $380,000 is required after Friday, per my demand letter;

d) you're engaged in a conspiracy to defraud me-knowingly. And you have not provided US counsel for yourself.  Your Canadian counsel can perhaps advise of your exposure to US torts.

Hope that clears it up.

> On Jan 29, 2025, at 6:35  AM, Aram Simovonian <asimovonian@limalaw.ca> wrote:
>
> Thanks, Brent.
>
> I confirm that I am not blocking your e-mails.
>
> Just so you know, Brent, again, for your own ease, Ian, Jeff, Lauren, Elizabeth, and Tony, have nothing to do with this matter – it is an action started by David and I am David's lawyer. You don't have to cc them – but, of course, you're free to do what you wish.

Thanks,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image003.png>

The information contained in this electronic message is legally
privileged and confidential information that is exempt from
disclosure under applicable law and is intended only for the use of
the individual or entity to which it is addressed. If you have received
this communication in error, please notify me immediately by
replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Sent:** Wednesday, January 29, 2025 9:33 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Cc:** Ian Sinke <ian@alaw.ca>; Jeffrey D. Robinson
<jeffrey.robinson@lbkmlaw.com>; Lauren Skala
<Lauren.Skala@lbkmlaw.com>; Elizabeth Velez
<Elizabeth.Velez@lbkmlaw.com>; Tony Antoniou
<tony@alaw.ca>
**Subject:** Re: Kideckel v Kideckel

I'm already logged in and await your arrival.

Are you still blocking my emails? Please confirm receipt of
this email.

Also I reserve the right to mute you like Judge Akazaki did and
will end the Zoom after three questions unrelated to The
Hague Convention as previously advised.

 I have no less than eight emails from you to my counsel
demanding cross-examination including the initial contact, all
of which demanding in-person cross.  Those will all be used
against your client in the US too.  Just to keep in mind.

On Jan 29, 2025, at 6:17 AM, Aram Simovonian
<asimovonian@limalaw.ca> wrote:

Hi, Brent:

Here is the link for ease of reference – see you
shortly.

Topic: Kideckel v Kideckel
Time: Jan 29 and 30, 2025 10:00 AM
Eastern Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/85340611319?
pwd=a5rvgwjSL3wWw0Yt2c2xPckXjTjSi2.1

Meeting ID: 853 4061 1319
Passcode: 057158

Thanks,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image003.png>

The information contained in this electronic message
is legally privileged and confidential information that
is exempt from disclosure under applicable law and is
intended only for the use of the individual or entity to
which it is addressed. If you have received this
communication in error, please notify me immediately
by replying to this email or by telephone at
647.677.8009. Thank you.

---

**From:** Aram Simovonian
**Sent:** Tuesday, January 28, 2025 4:29 PM
**To:** Info <info@victoryverbatim.com>; Brent
Kideckel <brentkideckel@gmail.com>
**Cc:** Jamie Roberts
<jamieroberts@victoryverbatim.com>
**Subject:** RE: Kideckel v Kideckel

I'm fine with it being video recorded.

Brent, just so you know – it's also transcribed.

Thank you,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image003.png>

The information contained in this electronic message
is legally privileged and confidential information that
is exempt from disclosure under applicable law and is
intended only for the use of the individual or entity to
which it is addressed. If you have received this
communication in error, please notify me immediately
by replying to this email or by telephone at
647.677.8009. Thank you.

---

**From:** Info <info@victoryverbatim.com>
**Sent:** Tuesday, January 28, 2025 4:28 PM
**To:** ian@alaw.ca; tony@alaw.ca;
andrew@limalaw.ca; Brent Kideckel
<brentkideckel@gmail.com>; Aram Simovonian
<asimovonian@limalaw.ca>
**Cc:** Jamie Roberts
<jamieroberts@victoryverbatim.com>
**Subject:** RE: Kideckel v Kideckel
**Importance:** High

Hey everyone,

Could someone confirm if we need to **record**
the examinations tomorrow?
Based on the last email sent from Brent, we're
asking so that our reporter is informed.

**\*NO CANCELLATION FEE CHARGED,
PROVIDED YOU CANCEL THE BUSINESS DAY
PRIOR BEFORE 5PM\***

*Anna Talsie*

Receptionist

VICTORY VERBATIM REPORTING SERVICES INC.
222 Bay Street, Suite 900
Toronto, Ontario M5K 1H6
T:  416-360-6117
F:  416-360-6482
E  info@victoryverbatim.com
W: www.victoryverbatim.com

Celebrating 40 years of Victory.
*Many thanks to our loyal friends and clients.*
<image004.png>
<image005.png>

---

**From:** Brent Kideckel
<brentkideckel@gmail.com>
**Sent:** January 28, 2025 10:18 AM
**To:** Aram Simovonian
<asimovonian@limalaw.ca>; Aram Simovonian
<asimovonian@limalaw.ca>
**Cc:** Jamie Roberts
<jamieroberts@victoryverbatim.com>; Ian Sinke
<ian@alaw.ca>; Tony Antoniou <tony@alaw.ca>;
andrew@limalaw.ca
**Subject:** Re: Kideckel v Kideckel

Confirmed.

As a reminder: questions will be restricted to
that pertaining to The Hague Convention of 1965
of which Service wasn't adhered to.

Any other queries will be objected to and after
three objections the cross-examination will end.

While notice is not required under American Law
kindly note that the zoom will be recorded in its
entirety and used in USDC against you, your
client, and your law firms.

Regards,

On Jan 28, 2025, at 6:57  AM, Info
<info@victoryverbatim.com> wrote:

Thank you, I made notes, have a
great day 😊

**\*NO CANCELLATION FEE CHARGED, PROVIDED YOU CANCEL THE BUSINESS DAY PRIOR BEFORE 5PM\***

*Anna Tulsie*

*Receptionist*

Vɪᴄᴛᴏʀʏ Vᴇʀʙᴀᴛɪᴍ Rᴇᴘᴏʀᴛɪɴɢ
Sᴇʀᴠɪᴄᴇꜱ Iɴᴄ.
222 Bay Street, Suite 900
Toronto, Ontario M5K 1H6
T: 416-360-6117
F: 416-360-6482
E: info@victoryverbatim.com
W: www.victoryverbatim.com

Celebrating 40 years of
Victory.
*Many thanks to our loyal friends
and clients.*
<image006.png>
<image007.png>

---

**From:** Aram Simovonian
<asimovonian@limalaw.ca>
**Sent:** Tuesday, January 28, 2025 9:50
AM
**To:** Info
<info@victoryverbatim.com>; Jamie
Roberts
<jamieroberts@victoryverbatim.com>
**Cc:** Brent Kideckel
<brentkideckel@gmail.com>; Daniel
Freudman
<daniel@freudmanlaw.com>
**Subject:** RE: Kideckel v Kideckel

Good Morning, and thank you.

I confirm that we will proceed
tomorrow at 10:00 a.m. EST – please
note that I have cc'd Brent Kideckel
as Mr. Daniel Freudman is no longer
counsel for Mr. Kideckel.

Thanks,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image008.png>

The information contained in this
electronic message is legally privileged
and confidential information that is
exempt from disclosure under
applicable law and is intended only for
the use of the individual or entity to
which it is addressed. If you have

received this information in error,
please notify me immediately by
replying to this email or by telephone at
647.677.8009. Thank you.

---

**From:** Info
<info@victoryverbatim.com>
**Sent:** Tuesday, January 28, 2025 9:48
AM
**To:** Aram Simovonian
<asimovonian@limalaw.ca>; Jamie
Roberts
<jamieroberts@victoryverbatim.com>
**Cc:** Daniel Freudman
<daniel@freudmanlaw.com>
**Subject:** RE: Kideckel v Kideckel
**Importance:** High

Happy Tuesday😊

Please confirm at your earliest
convenience whether the matter
will proceed on **Wednesday,
January 29th, 2025** at **10:00 a.m.**
via Zoom.

Thank you!

**\*NO CANCELLATION FEE
CHARGED, PROVIDED YOU
CANCEL THE BUSINESS DAY
PRIOR BEFORE 5PM\***

*Anna Talsie*

*Receptionist*

VICTORY VERBATIM REPORTING
SERVICES INC.
222 Bay Street, Suite 900
Toronto, Ontario M5K 1H6
T: 416-360-6117
F: 416-360-6482
E:  info@victoryverbatim.com
W: www.victoryverbatim.com

Celebrating 40 years of
Victory.
*Many thanks to our loyal friends
and clients.*
<image009.png>
<image010.png>

---

**From:** Info
**Sent:** Friday, January 17, 2025 2:12
PM
**To:** Aram Simovonian
<asimovonian@limalaw.ca>; Jamie
Roberts
<jamieroberts@victoryverbatim.com>
**Cc:** Daniel Freudman
<daniel@freudmanlaw.com>
**Subject:** RE: Kideckel v Kideckel

Received with thanks!

**\*NO CANCELLATION FEE
CHARGED, PROVIDED YOU
CANCEL THE BUSINESS DAY
PRIOR BEFORE 5PM\***

*Anna Tulsie*

*Receptionist*

Vɪᴄᴛᴏʀʏ Vᴇʀʙᴀᴛɪᴍ Rᴇᴘᴏʀᴛɪɴɢ
Sᴇʀᴠɪᴄᴇꜱ Iɴᴄ.
222 Bay Street, Suite 900
Toronto, Ontario M5K 1H6
T:  416-360-6117
F:  416-360-6482
E:  info@victoryverbatim.com
W:  www.victoryverbatim.com

Celebrating 40 years of
Victory.
*Many thanks to our loyal friends
and clients.*
<image011.png>
<image012.png>

---

**From:** Aram Simovonian
<asimovonian@limalaw.ca>
**Sent:** Friday, January 17, 2025 1:37
PM
**To:** Jamie Roberts
<jamieroberts@victoryverbatim.com>;
Info <info@victoryverbatim.com>
**Cc:** Daniel Freudman
<daniel@freudmanlaw.com>
**Subject:** RE: Kideckel v Kideckel

Hi, Jamie:

I attach the NOE for your records.

Thank you,

**Aram Simovonian
Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image013.png>

The information contained in this
electronic message is legally privileged
and confidential information that is
exempt from disclosure under
applicable law and is intended only for
the use of the individual or entity to
which it is addressed. If you have
received this communication in error,
please notify me immediately by
replying to this email or by telephone at
647.677.8009. Thank you.

---

**From:** Jamie Roberts

<jamie.roberts@victoryverbatim.com>
**Sent:** Friday, January 17, 2025 11:28 AM
**To:** Info
<info@victoryverbatim.com>; Aram Simovonian
<asimovonian@limalaw.ca>
**Cc:** Daniel Freudman
<daniel@freudmanlaw.com>
**Subject:** RE: Kideckel v Kideckel

Victory Verbatim is inviting you to a scheduled Zoom meeting.

Topic: Kideckel v Kideckel
Time: Jan 29 and 30, 2025
10:00 AM Eastern Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/85340611319?pwd=a5rvgwjSL3wWw0Yt2c2xPckXjTjSi2.1

Meeting ID: 853 4061 1319
Passcode: 057158

---

One tap mobile
+15873281099,,85340611319# Canada
+16473744685,,85340611319# Canada

---

Dial by your location
• +1 587 328 1099 Canada
• +1 647 374 4685 Canada
• +1 647 558 0588 Canada
• +1 778 907 2071 Canada
• +1 780 666 0144 Canada
• +1 204 272 7920 Canada
• +1 438 809 7799 Canada

Meeting ID: 853 4061 1319

Find your local number:
https://us02web.zoom.us/u/kezRQRxWRJ


**\*NO CANCELLATION FEE CHARGED, PROVIDED YOU CANCEL THE BUSINESS DAY PRIOR BEFORE 5PM\***

*Jamie Roberts*

**It Manager**

**V**ICTORY **V**ERBATIM **R**EPORTING
**S**ERVICES **I**NC**.**
222 Bay Street, Suite 900
Toronto, Ontario M5K 1H6
T:  416-360-6117
F:  416-360-6482

E: info@victoryverbatim.com
W: www.victoryverbatim.com

Celebrating 40 years of
Victory.
*Many thanks to our loyal friends
and clients.*
<image014.png>
<image015.png>

---

**From:** Info
<info@victoryverbatim.com>
**Sent:** January 17, 2025 9:29 AM
**To:** Aram Simovonian
<asimovonian@limalaw.ca>
**Cc:** Daniel Freudman
<daniel@freudmanlaw.com>; Jamie
Roberts
<jamieroberts@victoryverbatim.com>
**Subject:** Kideckel v Kideckel

Hi Aram,

Thank you for your booking. I am
confirming that the above-named
matter has been scheduled on
**January 29th & 30th, 2025** at
**10:00 a.m.** via our Victory Verbatim
Zoom for 2 **full days**.

We will reconfirm with you again
on the day prior. Our IT Manager
will provide you with the link that
you may forward to all
participants.

If you require any further
assistance, please do not hesitate
to contact us.

**\*NO CANCELLATION FEE
CHARGED, PROVIDED YOU
CANCEL THE BUSINESS DAY
PRIOR BEFORE 5PM\***

*Anna Talsie*

**Receptionist**

Vɪᴄᴛᴏʀʏ Vᴇʀʙᴀᴛɪᴍ Rᴇᴘᴏʀᴛɪɴɢ
Sᴇʀᴠɪᴄᴇs Iɴᴄ.
222 Bay Street, Suite 900
Toronto, Ontario M5K 1H6
T: 416-360-6117
F: 416-360-6482
E: info@victoryverbatim.com
W: www.victoryverbatim.com

Celebrating 40 years of
Victory.
*Many thanks to our loyal friends
and clients.*
<image016.png>
<image017.png>

**From:** Aram Simovonian
<asimovonian@limalaw.ca>
**Sent:** Friday, January 17, 2025 7:01 AM
**To:** Info
<info@victoryverbatim.com>
**Cc:** Daniel Freudman
<daniel@freudmanlaw.com>
**Subject:** David Kideckel v Brent Richard Kideckel - CV-24-00713955-0000

Good Morning:

I wish to please schedule two days of cross-examination for the above noted matter on January 29, 2025, and January 30, 2029 – 2 full days.

The person being examined will be Brent Richard Kideckel – his lawyer, Daniel Freudman is cc'd in this e-mail.

Once I have your confirmation of the booking, and the zoom details, I will deliver a Notice of Examination.

Thank you,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8

<image018.png>

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

| | |
|---|---|
| **From:** | David Kideckel <kideckel.david@gmail.com> |
| **Sent time:** | 02/21/2025 01:30:39 PM |
| **To:** | Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Aram Simovonian <asimovonian@limalaw.ca> |
| **Subject:** | [External Email] Fwd: Simovonian LSO suspension \| Lima Law conspirator |
| **Attachments:** | motionrecordstrikesetasidecostconsequences.pdf    icon.png    mime-attachment    Law society \| conflicts of interest |

What is this nonsense?? Can we not shut this guy down through law enforcement?

---------- Forwarded message ---------
From: **Brent Kideckel** <brentkideckel@gmail.com>
Date: Fri, Feb 21, 2025 at 1:27 PM
Subject: Simovonian LSO suspension | Lima Law conspirator
To: David Kideckel <kideckeldavid@gmail.com>, <dsaibil@gmail.com>, Aram Simovonian <simovonian.aram@gmail.com>, <aramsimovonian@gmail.com>, Tony Antoniou <tony@alaw.ca> Ian Sinke <ian@alaw.ca>, Graham Thomson <Graham.Thomson@toronto.ca>, Jeffrey D. Robinson <Jeffrey.Robinson@lbkmlaw.com>, Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>, Lauren Skala <Lauren.Skala@lbkmlaw.com>, <andrew@limalaw.ca>, <gary@sclawpartners.ca>, <carmine@sclawpartners.com>


Dr. Kideckel,

Has your lawyer Mr. Simovonian been suspended from practicing law in Ontario? It appears his law firm has taken down their website entirely. Is this evidence of Andrew Lima conspiring with you and Ms. Saibil too?

**This is the third time your lawyer has blocked my email address; an opposing party in ongoing litigation.**

There is a hearing next week to schedule my motion for cost consequences of $200,000 from you, your lawyer, and his law firms, per *Brunning*.

Do you have a new lawyer? I will send all documents, zoom links, etc, to you directly, and to Mr. Simovonian's counsel and employer unless until new representation is made on your behalf.

You'll note that this, along with the record of Hope being involved in no less than five lawsuits with her living husband's children, will be used in the US Amended Complaint against you and your co-conspirators.

Motion record attached. I've also tendered a Rule 49 Offer inviting you to file a counterclaim in the US if you believe one exists, however I don't get the impression Jeffrey is willing to engage in perjury and fraud the way and your wife and former counsel have in O


Begin forwarded message:


       **From:** Mail Delivery Subsystem <mailer-daemon@googlemail.com>
       **Date:** February 21, 2025 at 9:11:13 AM PST
       **To:** brentkideckel@gmail.com
       **Subject: Delivery Status Notification (Failure)**

**Address not found**

Your message wasn't delivered to **asimovonian@limalaw.ca** because the address couldn't be found, or is unable to receive mail.

The response from the remote server was:

```
550 permanent failure for one or more recipients (andrew@limalaw.ca:550 5.4.1
Recipient address rejected: Access denied. [TO1PEPF00005344.CANPRD01.PROD.OUTLOOK.COM
202...)
```

---------- Forwarded message ----------
From: Brent Kideckel <brentkideckel@gmail.com>
To: Ian Sinke <ian@alaw.ca>, Tony Antoniou <tony@alaw.ca>
Cc: Aram Simovonian <asimovonian@limalaw.ca>, carmine@sclawpartners.com, gary@sclawpartners.ca, andrew@limalaw.ca
Bcc:
Date: Fri, 21 Feb 2025 09:10:59 -0800
Subject: Law society | conflicts of interest
Messrs Sinke and Antoniou,

As brought to your attention multiple times you are in a conflict of interest in your representations of adverse defendants.

I have asked for clarity by end of day today as to your representations moving forward.

If I do not receive that guidance a complaint with the LSO will be filed this evening.

If this persists, I too must add Scalzi Caplan and Lima Law to US litigation in an Amended Complaint that will be filed shortly as it will be explicitly clear that multiple officers of the court in Ontario feel free to not follow Rules of Civil Procedure -and- Professional Conduct thereby demanding all claims be resolved in the United States.

I've also had the opportunity to review the OCA decision in Brunning, so all your lies that you keep spouting can stop.

Thanks

| | |
|---|---|
| **From:** | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com> |
| **Sent time:** | 03/12/2025 11:31:22 AM |
| **To:** | Brent Kideckel <brentkideckel@gmail.com> |
| **Subject:** | Re: [External Email] URGENT: Meet and Confer – Conflict of Interest in Representation |
| **Attachments:** | preview.png    2025.03.10 #048 A.Simovonian Notice of Motion(1148325.1).pdf    2025.03.10 #048-1 A. Simovonian Motion to Dismiss(1147002.1).pdf    2025.03.10 #048-2 Ex. 1 A. Simovonian's MTD(1148293.1)[19].pdf    2025.03.10 #048-3 Ex. 2 Canadian Case Law(1148294.1)[82].pdf    image001.png |

Mr. Kideckel,

My understanding is that you consented to receive filings by ECF. For your convenience, enclosed are copies of the filings.

We will address your remaining issues in due course, in the appropriate forum.

---

**Jeffrey Robinson**
**Senior Counsel**

**Lewis Baach Kaufmann Middlemiss PLLC**
1050 K Street, NW
Suite 400
Washington, DC 20001
**t** 202 659 7205

Bio | Email | Website | vCard

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

---

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Date:** Tuesday, March 11, 2025 at 8:26 PM
**To:** Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>, Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>, Lauren Skala <Lauren.Skala@LBKMLAW.com>
**Subject:** Re: [External Email] URGENT: Meet and Confer – Conflict of Interest in Representation

Dear Jeff,

The date of the deadline to confer should have been set for the 11th, given the urgency of the matter. I awaited your reply at which time I moved forward with filing the motion with the clerk and seeking an urgent hearing date. Based on your numerous hiccups in filing to the docket starting with your first filing that was bounced back, you'll note that emails to the chamber are not a request to file; the motion has in fact been submitted to the clerk for filing.

Given what appears to be your inexperience in this venue, conveniently placing us on equal footing, as a courtesy I've attached a copy of Judge Nichols' standing order for civil cases.

I am scheduled to travel to Maui this weekend however I will cancel these plans and travel to the District if the court graciously schedules this important and urgent matter for next week. I trust you will make yourself available as well.

Additionally, **I am still awaiting a courtesy copy of the motion to dismiss** filed on behalf of your newly acquired client. I have requested this document twice now, and if I do not receive it promptly, I will be forced to use this failure as further evidence of bad faith tactics in this motion.

I too am awaiting your defaulted client's guidance on preferred form of address as each subsequent filing *you* put forth to the court yields a new and creative means to obscure David Kideckel's identity and his fraud and tortious acts- for reasons obvious.

As transient counsel to Mr. Simovonian, I too await guidance as to which law firm he affiliates with, as it pertains to his prosecution of a fraudulent claim.  To refresh your memory  -and the record- Mr. Simovonian stated on Affidavit to be a partner of "Lima Law Professional Corporation" contrary to the Business Registry records. This is noteworthy as the Lima Law website has been taken down from the internet since he was Served. Additionally, since being served with process, Mr. Simovonian has removed the by-line of "Lima Lee Simovonian LLP" from all emails that don't get bounced back as blocked (from opposing counsel in active litigation.)

In short, if I don't get clarity- **_all_** the law firms your temporary client purports to affiliate with will be named as Defendants for fraud.  This includes Lima Law Professional Corporation, Lima Lee Simovonian LLP, and Simovonian Professional Corporation.  This is my second good faith attempt in the United States seeking guidance.

A supplemental complaint will be filed with the clerk in the coming days, so I must demand Mr. Simovonian clarify by Thursday March 13, 2025.

I trust you will ensure that the required documents and clarity are provided without further delay.

Regards,

Brent Kideckel



CJNSampleCivilStandingOrder
PDF Document · 117 KB

On Mar 11, 2025, at 4:50 PM, Jeffrey D. Robinson <Jeffrey.Robinson@lbkmlaw.com> wrote:

Mr. Kideckel,

I received your emailed request for a meet and confer regarding your disqualification motion at 1:12 PM on Tuesday, March 11, 2025.  In your email you requested a response by 4 PM ET on March 12, 2025.

At 4:46 PM , March 11,2025, I received a copy of an email you sent to Ms. Moore at the United States District Court for the District of Columbia requesting that your disqualification motion be filed and that the Court

conduct an in-person hearing.

Given that you have attempted to file your motion without waiting for a response to your initial email on the schedule you set, I understand that there is now no need to meet and confer regarding the motion.  We will respond to the motion as required by the Rules or directed by the Court.

Sincerely,

<image001.png>

**Jeffrey Robinson**
Senior Counsel

**Lewis Baach Kaufmann Middlemiss** PLLC
1050 K Street, NW
Suite 400
Washington, DC 20001
**t** 202 659 7205

Bio | Email | Website | vCard

<image001.png>

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

---

**From:** Brent R. Kideckel <brentkideckel@gmail.com>
**Date:** Tuesday, March 11, 2025 at 1:12 PM
**To:** Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>
**Cc:** Lauren Skala <Lauren.Skala@LBKMLAW.com>, Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>, smatheny@phillipslytle.com <smatheny@phillipslytle.com>, cbarraza@phillipslytle.com <cbarraza@phillipslytle.com>
**Subject:** [External Email] URGENT: Meet and Confer – Conflict of Interest in Representation

**Mr. Robinson,**

I am writing to demand an immediate meet and confer regarding your ongoing representation of multiple co-defendants in this matter, despite clear and irreconcilable conflicts of interest. Your simultaneous representation of co-conspirators in a fraud and conspiracy case is a blatant violation of ethical rules, including but not limited to your duty of loyalty and confidentiality. The conflict is exacerbated by your client and co-counsel's continued pursuit of fraudulent claims in Canada while attempting to confuse the court with varying forms of address and misrepresentations.

Additionally, your clients' fraudulent and perjured affidavits have resulted in arrest warrants based on falsehoods, yet they now claim the messages in question are merely "believed" to have come from me. These inconsistencies further highlight the deceptive nature of your litigation strategy and the inherent conflict in your representation.

Pursuant to Local Civil Rule 7(m), I expect you to engage in a meaningful discussion regarding this motion before I file it with the court. Given the gravity of this issue, I require a response no later than 4 PM ET March 12, 2025.  If you refuse to confer in good faith, I will inform the court accordingly and proceed with the motion to disqualify.

I expect a prompt response.

**Brent Kideckel**
P.O. Box 20901
Floral Park, NY 11002
Phone: 917-634-0637
Email: brentkideckel@gmail.com

| From: | Brent Kideckel <brentkideckel@gmail.com> |
|---|---|
| Sent time: | 03/17/2025 02:29:16 PM |
| To: | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com> |
| Cc: | cbarraza@phillipslytle.com; nmarte@phillipslytle.com; JGlasgow@phillipslytle.com; smatheny@phillipslytle.com; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Natalia Marte <NMarte@phillipslytle.com> |
| Subject: | Re: [External Email] Re: 24-2907 | LR 7m Motion for Leave to Conduct Early Discovery | Stipulation request |

Hi Mr. Robinson,

Thank you for your email.

It seems we have differing views on the status quo and the status of litigation.

If you wish to confer by telephone I would be more than happy to offer you as much time as you'd like to discuss this matter, however it does seem that judicial intervention will be required.

You'll excuse me as I'm treating Mr. Simovonian's motion to dismiss as to be denied based only partially on the frivolity of the arguments raised. I.e, your "throw everything at the wall" defense including a challenge to Subject-matter jurisdiction, which is shocking as you conveniently disregarded the caption of the case, as well as the following from the Foreign Sovereign Immunities Act:


28 U.S.C. § 1330(a) - Jurisdiction


The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

Supplemental jurisdiction is further outlined in 28 USC § 1367.

If you have something substantive that we can address by telephone; kindly advise, otherwise it would just appear to be another delay/bad-faith tactic by a former assistant attorney general.  How disappointing.

While we await the full extent of the fraud committed towards the jurisdiction of the United States by your co-conspiring clients you'll inform your client's that the evidence forthcoming on the public record will be even more damning than the previous ones. Mr. Simovonian has been fired; is under disbarment proceedings in Ontario; and has committed countless criminal acts in Canada and the United States. That's a lot for a 25 year old.

I will file my motions and notice accordingly and if they need to be withdrawn; they will.

Thanks -



On Mar 17, 2025, at 7:59 AM, Jeffrey D. Robinson <Jeffrey.Robinson@lbkmlaw.com> wrote:


Mr. Kideckel,

I write in response to your requests to meet and confer concerning your proposed motion for declaratory relief (emails dated March 14, 2025) and your proposed motion seeking leave to conduct early discovery (emails dated March 15, 2025). I am also responding to your email dated March 15, 2025, concerning the provision to the Court of a "joint statement on pending motions."

On behalf of my client Aram Simovonian, I do not agree to the relief you seek in either of the two proposed motions. Given the pending challenges by all defendants who have appeared to the Court's jurisdiction to hear this matter, I believe it is inappropriate to proceed to discovery or to address any of the issues raised in your proposed motion for declaratory relief. I also disagree that you are entitled to

the relief you are seeking on substantive grounds. In addition, I disagree that Mr. Simovonian's motion to dismiss has been converted to a summary judgment motion.

If you wish to discuss this position further, I am available for a telephonic meet and confer on Tuesday March 18 between 3pm and 5pm at a time of your choosing, or we can schedule a time later in the week that is mutually convenient.

As to your request to prepare a "joint statement on pending motions," I do not believe that doing so at this point in the litigation is called for by the Rules, nor do I believe that doing so now would advance the timely and efficient resolution of this litigation.

<image001.png>

**Jeffrey Robinson**
**Senior Counsel**

## Lewis Baach Kaufmann Middlemiss PLLC

1050 K Street, NW
Suite 400
Washington, DC 20001
**t** 202 659 7205

Bio │ Email │ Website │ vCard

<image001.png>

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

---

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Date:** Saturday, March 15, 2025 at 9:36 AM
**To:** Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>, cbarraza@phillipslytle.com <cbarraza@phillipslytle.com>
**Cc:** JGlasgow@phillipslytle.com <JGlasgow@phillipslytle.com>, smatheny@phillipslytle.com <smatheny@phillipslytle.com>, Lauren Skala <Lauren.Skala@LBKMLAW.com>, Annika Conrad <Annika.Conrad@lbkmlaw.com>, Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>
**Subject:** [External Email] Re: 24-2907 | LR 7m Motion for Leave to Conduct Early Discovery | Stipulation request

Apologies for the omission; I believe this is also required for the motions to dismiss under 56(d) as Mr. Simovonian has effectively converted his motion to summary judgment.

A stipulation is in all parties' best interest.

Thanks,

> On Mar 15, 2025, at 6:20 AM, Brent Kideckel <brentkideckel@gmail.com> wrote:
>
> Greetings,
>
> Pursuant to FRCP 26(d)(1) and 45 I wish to move the court for leave to conduct early discovery in support of my motion for declaratory relief.
>
> For judicial economy and expediency do the parties wish to stipulate to early discovery so I may have the clerk issue the previously provided subpoenas?
>
> This should not prejudice the parties, rather it should prove insightful and beneficial to establish the roles and liabilities of all.
>
> There are just two subpoenas required at this time- for my own Gmail account, and the ownership of the Canadian Numbering Administrator-issued phone numbers used to defraud the court and the [Ontario] taxpayers.
>
> To ensure you have the appropriate time to confer with your clients I'll refrain from moving the court until Monday evening HST giving you the entirety of the weekend and Monday. I will push back the filing of the

Motion for Declaratory Relief pending this motion's merit/stipulation

>
> (Memos of opposition and cross motion for leave to supplement will come thereafter so as to not burden the clerk or the court as they are currently working on matters with significant international implications.)
>
> I will be traveling and operating from the Hawaii-Aleutian Time Zone for the remainder of the week. Thank you for your understanding in any delay or off-schedule timing of correspondence.
>
> Thanks,
>
>
> Brent Kideckel
> Plaintiff, pro se
> Brentkideckel@gmail.com
> (917)634-0637
>
>
>
>

**From:**     Brent Kideckel <brentkideckel@gmail.com>
**Sent time:**  03/19/2025 09:16:45 PM
**To:**      Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>
**Cc:**      Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>
**Subject:**   [External Email] Time- sensitive | Hope Springman | conspiracy participation | RICO

Aloha Mr. Robinson,

Thanks very much for *finally* answering my queries regarding your and your client's procedural manipulations and attempt to obscure liability, albeit non-sequentially, and in vain. The record should reflect that I made multiple direct attempts seeking your clarity but failing to do so required my filing the Request on the docket.  As previously advised, Lima Law PC  is still bound by the sworn affidavit of your other client and pursuant to the Ontario Business Registry listing of the principals of Lima Lee Simovonian LLP, Simovonian Professional Corporation also is liable for my damages.

But that's not why I write, I write seeking clarity on the involvement of Hope Springman as a co-conspirator with your other clients- under RICO. Given the timeline of events and recently uncovered legal actions taken by Ms. Springman, it would appear plausible and more likely than not that she is an active co-conspirator.

So I need your client to provide a sworn affidavit- done virtually and notarized in the United States (under penalty of perjury of the laws of our beautiful country) stating Hope Springman's role in this conspiracy, if any. Fedex.com can assist in this task.

**Like Ms. Saibil's failure to assert a defense challenging allegations of fraud and public mischief against her, your client's failure to address this by Friday March 21, 2025 end of business hours (here in Hawaii, giving you Friday evening) will be construed as a full admission of Hope Springman's ongoing participation warranting inclusion as a defendant in the supplemental complaint, based on the newly uncovered information.**

We presume she is also paying your fees, further cementing her involvement.

Because the Supplemental Complaint must be filed expeditiously, as you're aware, I cannot wait a fortnight for your reply, like the previous clarification requests.

Thank you for your prompt attention to this urgent matter.

Regards,


Brent Kideckel

**From:**  Brent R. Kideckel <brentkdeckel@gmail.com>

**Sent time:**  03/21/2025 09:46:10 PM

**To:**  Aram Simovonian <asimovonian@limalaw.ca>; aram@llsllp.ca; Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; David Kideckel <kideckel.david@gmail.com>

**Subject:**  [External Email] Re: Delivery Status Notification (Failure)

**Attachments:**  icon.png

---

Hello,

Could one of David Kideckel's counsellors clarify if he has been released from his role as Chairman of the Board, in contrast to recent statements presented to courts in multiple jurisdictions? This would be David Kideckel's eighth employer in a calendar year according to publicly available records.  This will be noted in the Supplemental Complaint in the US as well.

Also if David Kideckel has counsel in Manitoba and whether I must send a formal letter to the Royal Bank of Canada and the Assiniboine Credit Union.

Thank you for your prompt clarity.


On Fri, Mar 21, 2025 at 6:38 PM Mail Delivery Subsystem <mailer-daemon@googlemail.com> wrote:



### Address not found

Your message wasn't delivered to **david@pharmadrug.ca** because the address couldn't be found, or is unable to receive mail.


The response from the remote server was:

```
550 5.4.1 Recipient address rejected: Access denied.
[QB1PEPF00004E0F.CANPRD01.PROD.OUTLOOK.COM 2025-03-22T01:38:40.776Z 08DD66CFCF9151A7]
```


---------- Forwarded message ----------
From: "Brent R. Kideckel" <brentkdeckel@gmail.com>
To: David Kideckel <kideckeldavid@gmail.com>, david@pharmadrug.ca
Cc: Aram Simovonian <asimovonian@limalaw.ca>, aram@llsllp.ca, "Jeffrey D. Robinson" <Jeffrey.Robinson@lbkmlaw.com>, Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>, Annika Conrad <annika.conrad@lbkmlaw.com>
Bcc:
Date: Fri, 21 Mar 2025 18:38:28 -0700
Subject: Demand for Estate accounting and distribution
----- Message truncated -----



| From: | Brent Kideckel <brchtkideckel@gmail.com> |
|---|---|
| Sent time: | 03/23/2025 09:28:02 AM |
| To: | Aram Simovonian <asimovonian@limalaw.ca> |
| Cc: | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com> |
| Subject: | [External Email] Re: Reminder: CV-24-00719990-0000 appointment at Civil Practice Court on Wednesday, March 26, 2025 at 09:00am (Eastern Time - US & Canada) |
| Attachments: | image001.png   ~WRD1576.jpg |

Please inform the court I'm bringing a cross motion as you have presented a draft motion with fraudulent and false statements and continue to knowingly advance a fraudulent narrative.

You must also inform the court I did not agree to your timeline presented.

This has been included in a supplemental complaint for damages against you personally in the US.

On Mar 23, 2025, at 6:07 AM, Aram Simovonian <asimovonian@limalaw.ca> wrote:

Hi, Brent – FYI below.

I'll advise the Court that I did not confer the time with you and that you specifically advised that you are not available for the CPC hearing. I will make this clear so there is no confusion that I did **not confer with you on the timing of the CPC.**

Thank you,

**Aram Simovonian**
**Partner**
T: 647.677.8009 (direct)
E: asimovonian@limalaw.ca
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

**From:** Calendly <no-reply@calendly.com>
**Sent:** Sunday, March 23, 2025 9:00 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Reminder: CV-24-00719990-0000 appointment at Civil Practice Court on Wednesday, March 26, 2025 at 09:00am (Eastern Time - US & Canada)

In the matter of CV-24-00719990-0000, Brent Richard Kideckel v DAVID MICHAEL KIDECKEL, DAHLIA SAIBIL, HOPE SPRINGMAN, KENNETH NORWICH, ARAM SIMOVONIAN, GARY CAPLAN, CARMINE SCALZI, SCALZI CAPLAN LLP, DAVID WILSON as an Officer of Toronto Police Service, DAVE LIM as Staff Sergeant of Toronto Police Service, TORONTO POLICE SERVICE, THE PROVINCE OF ONTARIO, CANADA, DOUG DOWNEY as Attorney General of the Canadian Province of Ontario :

This is a friendly reminder that your appearance at Civil Practice Court on Wednesday, March 26, 2025 at 09:00am (Eastern Time - US & Canada) is soon.

Please ensure you have completed the following tasks before your appearance at Civil Practice Court:

· **Forward this email to ALL parties in the action. You are required to provide all Calendly email notifications that you receive relating to this matter to ALL parties.**

· You can complete the event form found at https://www.ontariocourts.ca/scj/files/cpc/endorsement-attend-EN.doc and emailed it to civilpracticecourt@ontario.ca (including providing all prior endorsements as an attachment).

Your appearance before Civil Practice Court will proceed via **Zoom**. You will receive the details to join your Zoom meeting from the court via email prior to your appearance.

Unsubscribe from notifications about this event



EXHIBIT I

| | |
|---|---|
| **From:** | Brent R. Kideckel <brentkideckel@gmail.com> |
| **Sent time:** | 03/18/2025 08:00:00 AM |
| **To:** | Natalia Marte <NMarte@phillipslytle.com>; Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>; Christopher D. Barraza <cbarraza@phillipslytle.com> |
| **Cc:** | Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Joshua Glasgow <JGlasgow@phillipslytle.com>; Sharon L. Matheny <smatheny@phillipslytle.com> |
| **Subject:** | [External Email] 24-2907 Courtesy copy |
| **Attachments:** | RJN1.pdf |

Hi Ms. Marte etc,

Please find attached a courtesy copy of Plaintiff's Request for Judicial Notice filed with the court.

I'm flattered that at such an early stage in litigation your clients (and your firm?) feel compelled to engage in such procedural delay.tactics. We must nip that in the bud.

Thank you for the compliment as I interpret it to be.

Best,


Brent Kideckel

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL                                              )

       Plaintiff                                              )  **CASE NO.:    1:24-cv-02907-CJN**

       V.                                                     )

                                                              )

THE FOREIGN NATION OF CANADA,  et al.    )

       Defendants.                                     )

_____ )

# PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE NUMBER 1

**TO THE HONORABLE COURT:**

Plaintiff Brent Kideckel, proceeding pro se, respectfully requests that the Court take judicial notice of the following facts pursuant to Federal Rule of Evidence 201 and the Court's inherent authority to ensure the efficient administration of justice.

## FACTS SUBJECT TO JUDICIAL NOTICE

1.  The Defendants **CITY OF TORONTO** and **DAVID WILSON** appear to have engaged in a change of legal representation, which may have the effect of delaying, obstructing, or complicating the orderly progression of this case. This is notable as we are still in the pleading stage and the **Defendants have made double the number of representations than actual filings in this case.**

2.  Frequent counsel changes and strategic transfers of case carriage, whether intentional or not, can result in procedural inefficiencies, increased litigation costs, and undue burden

on the Plaintiff as a self-represented litigant.

3.   Other courts have recognized the potential for counsel substitutions to create unnecessary delays and procedural confusion, which could warrant judicial oversight if it appears to interfere with the progress of the litigation.

4.   Judicial notice of these facts is proper because they are not subject to reasonable dispute and can be readily verified by court records, filings, and procedural history.

## LEGAL BASIS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is:

- (1) generally known within the trial court's territorial jurisdiction; or
- (2) capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned.

The procedural history of this case—including prior substitutions of counsel, case transfers, and any resulting delays—is a matter of public record and can be verified through the Court's own docket.

## REQUESTED ACTION

In light of the above, Plaintiff respectfully requests that the Court:

1.   Take judicial notice of the procedural history regarding changes in Defendants' legal representation.

2.   Acknowledge that, whether by design or otherwise, frequent transfers of counsel can contribute to delay and procedural inefficiencies.

3.   Consider, as a matter of case management, whether any measures may be warranted to prevent unnecessary disruptions to the progress of these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the Defendants' representation history and its potential impact on case management.

DATED: March 17, 2025

Respectfully submitted,

Brent Kideckel

Plaintiff, Pro Se

1528 Rock Springs Road

San Marcos, CA 92069

Email: brentkideckel@gmail.com

Phone: 917-634-0637

EXHIBIT J

| | |
|---|---|
| **From:** | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com> |
| **Sent time:** | 03/19/2025 06:26:38 PM |
| **To:** | brentkideckel@gmail.com |
| **Subject:** | KIDECKEL v. FOREIGN NATION OF CANADA et al No. 1:24-cv-02907-CJN |
| **Attachments:** | 2025.03.19 #58 Response to Plaintiff's Notice Seeking Clarification of Prefix of David Michael Kideckel(1150873.1).pdf |

Mr. Kideckel,

Enclosed is a copy of Response to Plaintiff's Notice Seeking Clarification on Prefix of David Michael Kideckel.
With respect to your request regarding probate counsel, please be advised that this firm not represent David Kideckel in any proceeding other than the one pending in the District of Columbia.

**Jeffrey Robinson**
**Senior Counsel**

**Lewis Baach Kaufmann Middlemiss** PLLC
1050 K Street, NW
Suite 400
Washington, DC 20001
**t** 202 659 7205

Bio | Email | Website | vCard

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

2025.03.19 #58 Response to Plaintiff's Notice Seeking Clarification of Prefix of David Michael Kideckel(1150873.1).pdf

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

               Plaintiff,

    v.

THE FOREIGN NATION OF CANADA,
DOUG DOWNEY as Attorney General of
Ontario, THE PROVINCE OF ONTARIO
CANADA, THE CITY OF TORONTO
CANADA, DAVID J.N. WILSON, DAVID
KIDECKEL, DAHLIA SAIBIL, ARAM
SIMOVONIAN, GARY CAPLAN, IAN SINKE,
JOHN DOE 1-15, UNITED STATES
CITIZENSIHP & IMMIGRATION SERVICES
"USCIS"

               Defendants.

No. 1:24-cv-02907-CJN

### RESPONSE TO PLAINTIFF'S NOTICE SEEKING
### CLARIFICATION ON PREFIX OF DAVID MICHAEL KIDECKEL

       Plaintiff Brent Kideckel ("Plaintiff") sought clarification regarding the "preferred form of address"

for Defendant David Kideckel on March 11, 2025, ECF 50. During this proceeding, Defendant David

Kideckel has been refered to at various times as "D. Kideckel," "Mr. Kideckel," and "Dr. Kideckel." Each

identifies the same individual and the Defendant has no preference among those forms of identification.

       Counsel submits that the use of the various refrences in different pleadings has not caused any

confusion as to the identy of the Defendant. Accordingly, Plaintiff's request for a single form of reference is

neither necessary nor required by the Federal Rules of Civil Procedure or the Rules of this Court.

Dated: March 19, 2025                          Respectfully submitted,


                                               ___/s/ Jeffrey D. Robinson___
                                               Jeffrey D. Robinson, D.C. Bar No. 376037
                                               LEWIS BAACH KAUFMANN
                                               MIDDLEMISS PLLC
                                               1050 K Street NW, Suite 400
                                               Washington, DC 20001
                                               Telephone: (202) 833-8900
                                               Facsimile: (202) 466-5738
                                               Jeffrey.Robinson@lbkmlaw.com

                                               *Counsel for Defendant David Kideckel*

| From: | Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com> |
|---|---|
| Sent time: | 03/21/2025 04:04:41 PM |
| To: | Brent Kideckel <brentkideckel@gmail.com>; Natalia Marte <NMarte@phillipslytle.com>; Christopher D. Barraza <cbarraza@phillipslytle.com> |
| Cc: | Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Joshua Glasgow <JGlasgow@phillipslytle.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Sharon S. Matheny <smatheny@phillipslytle.com> |
| Subject: | RE: [External Email] Immediate action required - ongoing fraud and abuse of process |
| Attachments: | image001.png |

Mr. Kideckel,

As I previously advised you, I only represent David Kideckel with respect to Kideckel v. Foreign Nation of Canada, et. al., No. 1:24-cv-02907-CJN. This firm does not represent Hope Springman.

I have responded to your meet and confer request by separate email.

There is no good faith basis for you to file a Rule 11 Motion and there have been no fraudulent filings made by or on behalf of David Kideckel.

I do not join in your request for a hearing, but will, of course, respond should the Court choose to set one.  For your information, I am not available on April 1 or April 4.

---

**Jeffrey Robinson**
**Senior Counsel**

**Lewis Baach Kaufmann Middlemiss** PLLC
1050 K Street, NW
Suite 400
Washington, DC 20001
**t** 202 659 7205

Bio | Email | Website | vCard

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

---

**From:** Brent Kideckel <brentkideckel@gmail.com>
**Sent:** Friday, March 21, 2025 11:12 AM
**To:** Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>; Natalia Marte <NMarte@phillipslytle.com>; Christopher D. Barraza <cbarraza@phillipslytle.com>
**Cc:** Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Joshua Glasgow <JGlasgow@phillipslytle.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Sharon L. Matheny <smatheny@phillipslytle.com>
**Subject:** [External Email] Immediate action required - ongoing fraud and abuse of process

Mr. Robinson etc,

I am writing to put you on formal notice of yet another brazen act of fraud perpetrated by your client upon the Ontario Superior Court.

In what can only be described as retaliatory conduct—immediately following my clear communication that (a) legal proceedings are imminent in Manitoba due to your client's ongoing refusal to disperse my father's Estate, and (b) Ms. Hope Springman is being named as a Defendant —Mr. Simovonian has now filed yet another deceitful, bad-faith motion, saturated with deliberate falsehoods and flagrant abuse of process.

Let me be perfectly clear: Mr. Simovonian's prior acts of witness intimidation are already a matter of record. His latest filing—patently frivolous and malicious—will be met with a cross-motion for sanctions. If your client dares to proceed unilaterally in Ontario, I will immediately initiate an emergency motion for early discovery here to prevent irreparable harm from this ongoing fraud.

To recap:

A) A supplemental complaint naming Hope Springman, Tyron D'Souza, Lima Law, and others will be filed, with full documentation of the ongoing fraud—most recently evidenced on March 19— unless your client swears under oath by end of day today that Ms. Springman is not a participant in the conspiracy. Silence will be treated as confirmation.

B) A 7m conference for the motion to compel consistent name usage is pending your position— again, required by end of day.

C) A Rule 11 motion and safe-harbor notice will be served immediately should you fail to confer, amend, or withdraw the fraudulent filings.

D) Mr. Simovonian's reinstatement of his by-line—after it was conspicuously removed post- service—raises serious ethical and legal concerns. His conduct suggests not only bad faith, but a calculated attempt to evade liability. The public record is clear: he has no other clients and this is a direct attempt to obscure and obstruct

E) The OIPRD has confirmed Mr. D'Souza's gross negligence and retaliatory misconduct, justifying his inclusion under joint and several liability. This is compounded by the recent demotion and discipline of Mr. Wilson, which underscores the systemic misconduct at play.

F) I am formally requesting dates for an urgent hearing: April 1, April 4, or April 11. If we cannot agree, I will advise the court that the hearing is necessitated by your client's escalating misconduct.

You have until close of business today to respond. Should you fail to do so, I will proceed accordingly and without further notice.

Brent Kideckel



Liability_of_an_Attorney_for_Damages_to_the_Opposing_Party
PDF Document · 67 KB

# EXHIBIT K

**Jeffrey D. Robinson**

| | |
|---|---|
| **From:** | Brent R. Kideckel <brentkideckel@gmail.com> |
| **Sent:** | Monday, March 24, 2025 7:42 PM |
| **To:** | Nichols_Chambers@dcd.uscourts.gov |
| **Cc:** | Jeffrey D. Robinson; Natalia Marte |
| **Subject:** | [External Email] 24-2907 | Chambers Courtesy Copy | Cross-Motion/Memo of Opposition to Dismiss |
| **Attachments:** | crossmotion.pdf; suppcomplaint.pdf |

Dear Chambers,

Please find attached a courtesy copy of my recent filing in the matter of *Kideckel v Canada*, "Cross-motion for Leave to Supplement Complaint and Preliminary Memorandum of Law in Opposition to Defendant Aram Simovonian's Motion to Dismiss", for the Court's reference.

Due to the size of the filing, I will also be sending two hard copies to Chambers by U.S. Mail for ease of review. These are attached in two bundles, with the exhibits separated.

Kind regards,


Brent Kideckel

Plaintiff, pro se

(917)634-0637