IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) CASE NO.:   1:24-cv-02907-CJN |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

## SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF TORONTO'S MOTION TO DISMISS

Plaintiff respectfully submits this supplemental memorandum in opposition to Defendant City of Toronto's motion to dismiss pursuant to the Foreign Sovereign Immunities Act ("FSIA"), specifically addressing the unconstitutional exclusion of malicious prosecution from the FSIA's tort exception under 28 U.S.C. § 1605(a)(5)(B).

## I. INTRODUCTION

The City of Toronto and its agents stand accused of engaging in a campaign of malicious prosecution, abuse of process, and retaliatory intimidation—all arising from conduct occurring, at least in part, on U.S. soil and in direct connection with Plaintiff's protected activity in the United States. The FSIA's tort exception purports to permit suits against foreign sovereigns for certain torts but carves out a categorical bar for malicious prosecution, among others. Plaintiff asserts that this exclusion is unconstitutional as applied, depriving him of fundamental rights guaranteed by the Due Process Clause, the First Amendment, and the constitutional right of access to courts.

**RECEIVED**
MAR 25 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(1) or 12(b)(6), the Court must accept the plaintiff's allegations as true and construe all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A facial challenge to statutory immunity must be carefully weighed against the Constitution's structural guarantees and individual rights.

## III. THE FSIA'S EXCLUSION OF MALICIOUS PROSECUTION IS UNCONSTITUTIONAL AS APPLIED

### A. The FSIA Deprives Victims of Foreign Retaliatory Prosecution of Procedural and Substantive Due Process

Plaintiff alleges that the City of Toronto and its agents orchestrated malicious prosecution in retaliation for whistleblowing, protected speech, and civil rights claims. The exclusion of malicious prosecution claims under § 1605(a)(5)(B) bars Plaintiff from seeking redress for a grave abuse of government power, despite having suffered significant reputational, emotional, and economic harm—all originating or substantially affecting him in the United States.

This blanket exclusion offends both procedural and substantive due process under the Fifth Amendment, denying victims of foreign abuse any process by which to vindicate their rights. Where the government confers a general right of access to the courts, it must do so in a non-arbitrary and non-discriminatory manner. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982).

### B. The Carveout Lacks a Rational Basis and Violates Equal Protection Principles

The FSIA allows claims for negligent driving but prohibits claims for intentional abuse of legal process. No rational basis supports this distinction, particularly when the torts excluded are often more egregious and more injurious than those permitted. This irrational carveout violates the equal protection component of the Due Process Clause.

### C. The Exclusion Infringes on Plaintiff's First Amendment Rights and Access to Courts

The retaliatory acts Plaintiff alleges—including a pattern of judicial stalking, coercion, and the issuance of a non-prosecutorial arrest warrant—targeted his core First Amendment activity: legal

redress, reporting public corruption, and criticizing state actors. The inability to sue for malicious prosecution in this context chills protected activity and effectively grants foreign sovereigns the ability to weaponize U.S. legal process against dissidents or litigants without consequence.

The Supreme Court has held that access to the courts is a fundamental right. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). To the extent FSIA's carveout deprives Plaintiff of any forum to challenge this retaliatory conduct, it constitutes a structural constitutional violation.

## IV. CONGRESS MAY NOT CONFER ABSOLUTE IMMUNITY FOR UNCONSTITUTIONAL CONDUCT

The exclusion of malicious prosecution under § 1605(a)(5)(B) cannot be interpreted to immunize plainly incompetent or unconstitutional conduct committed by foreign actors within U.S. jurisdiction. Doing so would violate the principle that sovereign immunity must yield when constitutional rights are at stake, particularly in the absence of compelling governmental interests. *See United States v. Klein*, 80 U.S. (13 Wall.) 128 (1871).

Even if immunity generally applies, courts have consistently refused to extend it to ultra vires or plainly retaliatory actions, particularly where there is no legitimate governmental interest. Foreign governments should not be permitted to engage in conduct that would be plainly unconstitutional for any U.S. state or municipality.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss, or in the alternative, declare 28 U.S.C. § 1605(a)(5)(B) unconstitutional as applied to Plaintiff's claims for malicious prosecution and allow the case to proceed on those grounds.

DATED Match 25, 2025

Respectfully submitted,

*[signature]*

Brent Kideckel
Pro Se Plaintiff
(917)634-06367