IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) CASE NO.:   1:24-cv-02907-CJN |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

# **NOTICE OF RIPENESS AND REQUEST FOR RESOLUTION OF MOTION TO DISQUALIFY COUNSEL**

Plaintiff respectfully submits this notice to advise the Court that the pending Motion to Disqualify Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC is now fully briefed and ripe for decision. Mr. Robinson submitted an unauthorized declaration on behalf of a client he no longer represents, alongside a self-serving declaration unsupported by any valid authority or standing. Accordingly, the motion may properly be deemed conceded under Local Rule 7(b).

Plaintiff emphasizes that this motion cannot be rendered moot by informal or partial withdrawal. The ethical violations and procedural misconduct at issue—including conflicted dual representation, tainted filings, and continued litigation conduct without clear authority—strike at the heart of the Court's institutional integrity. A written ruling on the merits is essential to preserve the reliability of the record, prevent future manipulation of the docket, and ensure that misconduct is neither tolerated nor repeated.

The prejudice to Plaintiff is ongoing and compounding: the 650-page Motion to Dismiss remains unwithdrawn; the declaration filed under conflict has not been certified, amended, or disavowed; and opposing counsel continues to litigate as though no conflict ever existed. Plaintiff respectfully urges the Court to rule at its earliest opportunity and to consider the conduct documented in the disqualification briefing—including false statements, conflicted filings, and

**RECEIVED**

MAR 31 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

procedural deception—as part of a broader pattern of abuse designed to derail the fair administration of justice.

This conduct is not merely improper—it is predatory. The record reflects a calculated effort to burden a pro se litigant with overwhelming, unauthorized filings, a tainted evidentiary record, and misdirection surrounding counsel's standing and authority. This was not zealous advocacy; it was a strategic abuse of the judicial process, intended to shield wrongdoing and obstruct a fair airing of claims. The Court's intervention is not only warranted—it is essential to protect the integrity of the proceeding and prevent further harm to the administration of justice.

## Request for Evidentiary Hearing and Limited Discovery (If Necessary)

Should the Court find any material fact in dispute that requires resolution prior to ruling on disqualification, Plaintiff respectfully requests an evidentiary hearing pursuant to Fed. R. Civ. P. 43(c) and the Court's inherent authority. This hearing would be narrowly focused on issues of:

- Authorship and truthfulness of the declaration submitted under conflict;
- Procedural accuracy of purported service by email;
- Scope of Robinson's current and former representation across multiple defendants.

In preparation for such a hearing, Plaintiff further requests leave to conduct limited discovery narrowly tailored to those issues, including:

- A deposition of Mr. Robinson limited to the drafting and submission of the declaration and MTD;
- Subpoena authority for metadata and authorship confirmation;
- Communications related to representation conflicts and scope of authority.

Plaintiff does not request broader merits discovery at this time and believes this narrow inquiry will allow the Court to protect its proceedings and resolve factual ambiguity, if any, with efficiency and transparency.

## Request for Judicial Notice

Plaintiff also respectfully requests that the Court take judicial notice of Plaintiff's separately filed Motion for Leave to Conduct Targeted Early Discovery, which overlaps with and informs the same core issues of conflict, authorship, fraud, and procedural abuse at the heart of the disqualification motion. Judicial notice of that related filing will ensure consistency in evaluating the full scope of misconduct and support any parallel relief necessary to protect the record.

March 30, 2025

Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff