IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) CASE NO.:  1:24-cv-02907-CJN |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

## **PLAINTIFF'S MOTION FOR TARGETED DISCOVERY INTO FRAUDULENT DECLARATIONS AND MTD EXHIBITS**

Plaintiff Brent Kideckel respectfully moves this Court for an order authorizing narrowly tailored discovery into declarations and filings suspected to be fraudulent or perjured, including exhibits filed in support of the Motion to Dismiss by Aram Simovonian, and factual assertions relating to the claimed service of process by email, which Plaintiff contends was knowingly false.

## **I. Purpose and Scope of Requested Discovery**

Plaintiff seeks limited discovery into the following:

1. Drafts, metadata, and communications related to the declaration submitted on behalf of Aram Simovonian;

2. Communications between Jeffrey Robinson, Lewis Baach Kaufmann Middlemiss PLLC, and both defendants concerning the Motion to Dismiss and its exhibits;

3. Identification and ownership data of Canadian phone numbers referenced in the MTD exhibits;

**RECEIVED**

MAR 31 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. Documents and internal communications relating to the assertion that service was effectuated by email, including from Alphabet, Inc.

## II. Legal Authority

Federal Rule of Civil Procedure 26(b)(1) provides that:

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Relevance under Rule 26 is interpreted broadly, particularly in early discovery stages and where the truthfulness and validity of the record itself is in question. Here, Plaintiff seeks discovery to determine whether filings submitted to this Court—under conflict and without certification—contain material misstatements, falsified evidence, or false claims of Service.

Where there are credible allegations of fraud on the court, perjury, or procedural manipulation, discovery is not only permitted—it is essential to preserve judicial integrity.
See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989); *Shepherd v. ABC*, 62 F.3d 1469 (D.C. Cir. 1995).

Plaintiff's motion falls squarely within Rule 26(b)(1)'s scope of relevance and proportionality.

## III. Opposition as Further Evidence of Obstruction

Defendants opposed Plaintiff's targeted discovery motion during the Rule 7(m) conference, not on grounds of burden or scope, but in wholesale resistance to any inquiry into the integrity of their filings. This posture, when viewed in the context of alleged fraud on the court and tainted declarations, reflects not ordinary litigation defense—but procedural obstruction. A party acting in good faith would welcome the opportunity to clarify the record. Instead, Defendants seek to suppress it. This opposition further underscores the necessity of limited court-supervised discovery.

## IV. Counsel's Refusal to Identify a Client with Standing

Following the Rule 7(m) conference, Plaintiff asked counsel Jeffrey Robinson to identify which clients, if any, he currently represents who have standing to oppose the motion. Mr. Robinson refused to provide a direct answer, stating only: "I understand your position, but I disagree. You asked for my position on your proposed motion and I provided it."

This evasive response further confirms that no defendant represented by Jeffrey Robinson is properly before the Court to oppose the motion. Defendant David Kideckel is the subject of a pending motion for entry of default and has not filed a responsive pleading. Defendant Dahlia Kideckel has waived service but has not appeared or submitted any filing. As such, Mr. Robinson lacks authority to oppose the motion, and his continued litigation activity on behalf of non-appearing or defaulted parties raises serious concerns regarding procedural misuse.

## V. Authority to Subpoena Canadian Telecommunications Entities

To the extent the Court grants discovery into authorship and ownership of the Canadian phone numbers cited in the Motion to Dismiss exhibits, Plaintiff intends to issue narrowly tailored subpoenas to Iristel, Inc. and Bell, both foreign telecommunications providers with U.S. business operations or contacts. These requests fall squarely within the scope of Rule 45 and the doctrine recognized in *Nova Scotia v. U.S. Steel Corp.*, 196 F. Supp. 2d 457, 461 (D.N.J. 2002), which authorizes U.S. courts to compel production from foreign corporations with a U.S. presence when the documents are relevant and within the entity's control.

The purpose of these subpoenas is to verify the origin and ownership of phone numbers used to falsely attribute statements to Plaintiff, and to test the factual assertions made in the exhibits to a now-abandoned motion filed under conflict. Discovery into these matters is necessary to preserve the integrity of the record and to prevent continued reliance on fabricated or improperly authenticated communications.

## VI. The City of Toronto's Opposition Undermines Its Credibility and Suggests a Conflict of Interest

The City of Toronto, a government entity, has opposed even narrowly tailored discovery designed to test the integrity of disputed evidence, false service claims, and an allegedly perjured declaration. That a public authority would oppose truth-finding discovery—rather than seek

clarification in the interest of justice—raises serious concerns. A municipal government should not be seen as obstructing inquiry into alleged misconduct, especially where the underlying allegations involve abuse of process and fabrication of evidence.

Moreover, Toronto's categorical opposition to discovery raises the possibility of a divergence of interest between the City of Toronto and its employee, David Wilson, who is personally implicated in the events at issue. The City and Wilson are currently represented by the same counsel, yet their interests may no longer be aligned: the City has institutional motivations to preserve its reputation, while Wilson may be personally exposed to findings of misconduct, abuse, or professional negligence.

Courts have routinely held that where co-defendants share counsel but face potential divergent liability, the conflict must be addressed. See *Zador Corp. v. Kwan*, 37 Cal. App. 4th 125, 159 (1995) (conflict arises when attorney's duty of loyalty to one client requires action prejudicial to another). Plaintiff respectfully submits that this issue may soon require the Court's attention if Toronto's position continues to diverge from the facts and legal interests of the individual defendants it defends.

## VII. Relief Requested

Plaintiff respectfully requests that the Court:

1. Authorize discovery into the areas listed above;

2. Permit interrogatories and limited document production;

3. Allow service of subpoenas to third parties, including Alphabet, Inc., Iristel, Inc. and Bell Nexxia; and

4. Grant such further relief as the Court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)

Pursuant to Local Civil Rule 7(m), Plaintiff certifies that he conferred with counsel for Defendants by email regarding the relief sought in this motion. Counsel indicated that

Defendants oppose the requested discovery in full. No compromise or narrowing was offered, and counsel refused to confirm which, if any, of his clients have standing to oppose the motion.

March 30, 2025

Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) **CASE NO.: 1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR TARGETED DISCOVERY

Upon consideration of Plaintiff's Motion for Targeted Discovery into filings suspected to be fraudulent or submitted in conflict, and the record before the Court, it is hereby:

ORDERED that the Motion is GRANTED. Plaintiff may serve limited discovery related to:

1. The authorship, authenticity, and submission of the declaration filed by or on behalf of Aram Simovonian;

2. Communications and metadata concerning the 650-page Motion to Dismiss filed under conflict of interest;

3. Phone number ownership data, communications metadata, and authorship of exhibits included in the MTD;

4. The factual and legal basis for the assertion that service of process was properly made by email; and

IT IS FURTHER ORDERED that Plaintiff may serve subpoenas pursuant to Federal Rule of Civil Procedure 45 on third parties including Iristel, Inc. and Bell Nexxia, consistent with the principles articulated in *Nova Scotia v. U.S. Steel Corp.*, 196 F. Supp. 2d 457 (D.N.J. 2002), to obtain relevant information and records within the control of foreign entities with U.S. presence.

IT IS FURTHER ORDERED that to the extent the Court deems any factual dispute unresolved, it may set a hearing pursuant to Federal Rule of Civil Procedure 43(c), and Plaintiff is granted leave to conduct narrowly tailored pre-hearing discovery for purposes of authentication, authorship, and representation scope.

SO ORDERED.

Date: _____


Hon. Carl J. Nichols
United States District Judge