UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

       Plaintiff,

       v.                             Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

       Defendants.

_____

**TORONTO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
TORONTO DEFENDANTS' MOTION TO DISMISS**

       The City of Toronto and Detective David Wilson (collectively the "Toronto Defendants"), by and through undersigned counsel, respectfully reply to Plaintiff's opposition to the Toronto Defendants' motion to dismiss. (Dkt. 71).

Dated: April 1, 2025

                            Respectfully submitted,

                            PHILLIPS LYTLE LLP
                            Natalia Marte
                            Attorney for Defendants
                            *The City of Toronto and David Wilson*
                            601 Pennsylvania Avenue NW
                            South Building, Suite 900
                            Washington, DC 20004
                            (202) 617-2712

                            Christopher D. Barraza
                            Attorney for Defendants
                            *The City of Toronto and David Wilson*
                            620 Eighth Avenue
                            38th Floor
                            New York, New York 10018
                            (212) 759-4888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

       Plaintiff,

       v.                             Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

       Defendants.

_____

**STATEMENT OF THE SPECIFIC POINTS OF LAW
AND AUTHORITY IN SUPPORT OF
TORONTO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
TORONTO DEFENDANTS' MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ................................................................................................................. 1

POINT I          PLAINTIFF'S OPPOSITION IS UNTIMELY ........................................... 1

POINT II         THE FSIA'S NON-COMMERCIAL TORT EXCEPTION DOES
                 NOT APPLY ................................................................................................ 2

POINT III        PLAINTIFF FAILS TO ADDRESS PERSONAL JURISDICTION,
                 FOREIGN OFFICIAL IMMUNITY, OR FAILURE TO STATE A
                 CLAIM ARGUMENTS .............................................................................. 3

POINT IV         THE COURT SHOULD ADDRESS FOREIGN IMMUNITY
                 ISSUES PROMPTLY ................................................................................ 4

CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

Page

**Cases**

*Argentine Republic v. Amerada Hess Shipping Corp.*,
    488 U.S. 428 (1989) ................................................................................ 2

*Asociacion de Reclamantes v. United Mexican States*,
    735 F.2d 1517 (D.C. Cir. 1984) ............................................................... 2

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
    581 U.S. 170 (2017) ................................................................................ 4

*Doe 1 v. Buratai*,
    318 F. Supp. 3d 218 (D.D.C. 2018) ........................................................ 4

*Dole Food Co. v. Patrickson*,
    538 U.S. 468 (2003) ................................................................................ 4

*Int'l Union of Elec., Salaried, Mach., & Furniture Workers, AFL-CIO v. Taylor*,
    669 A.2d 699 (D.C. 1995) ........................................................................ 3

*Jerez v. Republic of Cuba*,
    775 F.3d 419 (D.C. Cir. 2014) ................................................................ 2

*MacArthur Area Citizens Ass'n v. Republic of Peru*,
    809 F.2d 918, 921 (D.C. Cir.) (second quote quoting *Olsen ex rel. Sheldon v.*
    *Gov't of Mexico*, 729 F.2d 641, 645 (9th Cir. 1984), *abrogation recognized by*
    *Broidy Cap. Mgmt., LLC v. State of Qatar*, 982 F.3d 582 (9th Cir. 2020)),
    *modified*, 823 F.2d 606 (D.C. Cir. 1987) ............................................... 2

*Matar v. Dichter*,
    563 F.3d 9, 14 (2d Cir. 2009), *aff'd*, No. 18-7170, 2019 WL 668339 (D.C.
    Cir. Feb. 15, 2019), *and aff'd*, 792 F. App'x 6 (D.C. Cir. 2019) ............ 4

**Statutes**

28 U.S.C. § 1605(a)(5)(A) ............................................................................ 2

28 U.S.C. § 1605(a)(5)(B) ............................................................................ 3

[28 U.S.C.] § 1605(a)(5) ............................................................................ 2

**Other Authorities**

D.D.C. Local Civil Rule 7(b) ............................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 3

## PRELIMINARY STATEMENT

Defendants The City of Toronto ("Toronto") and Detective David Wilson (collectively the "Toronto Defendants") submit this Memorandum of Law in reply to Plaintiff's opposition to the Toronto Defendants' motion to dismiss.

Plaintiff's opposition is untimely and fails to respond to most of the points raised in the Toronto Defendants' motion to dismiss, including lack of personal jurisdiction, foreign official immunity, and failure to state a claim. Further, Plaintiff's arguments regarding the Foreign Sovereign Immunities Act ("FSIA") lack merit. The FSIA's non-commercial tort exception does not apply because the Toronto Defendants did not engage in any conduct in the United States, and the alleged conduct concerns discretionary functions. The Court should grant the Toronto Defendants' motion to dismiss.

## ARGUMENT

## POINT I

### PLAINTIFF'S OPPOSITION IS UNTIMELY

As an initial matter, Plaintiff's opposition is untimely. The Toronto Defendants filed their Motion to Dismiss on January 9, 2025. (Dkt. 25). Under D.D.C. Local Civil Rule 7(b), Plaintiff's response was due within fourteen days. On January 18, 2025 Plaintiff filed a "Notice of Intent to Oppose" the Toronto Defendants' Motion to Dismiss by January 31, 2025. (Dkt. 38). Nonetheless, Plaintiff has filed his opposition nearly two months past the deadline prescribed by the local rules, on March 25. (Dkt. 71). Under Local Civil Rule 7(b), if an opposition is not filed within the prescribed time, the Court may treat the motion as conceded.

## POINT II

## THE FSIA'S NON-COMMERCIAL TORT EXCEPTION DOES NOT APPLY

Plaintiff's primary argument is that the FSIA's non-commercial tort exception provides for subject matter jurisdiction over his claims against Toronto. That argument is incorrect. "[T]he exception in [28 U.S.C.] § 1605(a)(5) covers only torts occurring within the territorial jurisdiction of the United States." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 (1989). And "the entire tort" must be committed in the United States. *Asociacion de Reclamantes v. United Mexican States*, 735 F.2d 1517, 1525 (D.C. Cir. 1984); *see also Jerez v. Republic of Cuba*, 775 F.3d 419, 424 (D.C. Cir. 2014) (quoting *Asociacion de Reclamantes*, 735 F.2d at 1525) ("The law is clear that 'the entire tort'—including not only the injury but also the act precipitating that injury—must occur in the United States."). Plaintiff has not alleged the Toronto Defendants engaged in any tortious conduct on United States soil. To the contrary, the Complaint suggests Detective Wilson contacted Plaintiff from Canada. (*See* Dkt. 1 ¶¶ 100-02).

In any event, the non-commercial tort exception excludes "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused[.]" 28 U.S.C. § 1605(a)(5)(A). Because the non-commercial tort exception "was designed primarily to remove immunity for cases arising from traffic accidents[,]" this provision excludes "acts or omissions of a fundamentally governmental nature." *MacArthur Area Citizens Ass'n v. Republic of Peru*, 809 F.2d 918, 921 (D.C. Cir.) (second quote quoting *Olsen ex rel. Sheldon v. Gov't of Mexico*, 729 F.2d 641, 645 (9th Cir. 1984), *abrogation recognized by Broidy Cap. Mgmt., LLC v. State of Qatar*,

982 F.3d 582 (9th Cir. 2020)), *modified*, 823 F.2d 606 (D.C. Cir. 1987).  Detective Wilson's

discharge of his police duties thus do not qualify under the non-commercial tort exception.

Because the FSIA's non-commercial tort exception does not apply to this

case, the Court need not consider Plaintiff's constitutional argument regarding the separate

exception for "malicious prosecution, abuse of process, libel, slander, misrepresentation,

deceit, or interference with contract rights[.]"  28 U.S.C. § 1605(a)(5)(B).  *See Int'l Union of*

*Elec., Salaried, Mach., & Furniture Workers, AFL-CIO v. Taylor*, 669 A.2d 699, 700 (D.C. 1995)

("Only if the case passes muster under . . . Rule 12(b)(6) should the court address the

constitutional issues . . . .").  In short, Plaintiff has offered no basis to deny sovereign

immunity to Toronto.

**POINT III**

**PLAINTIFF FAILS TO ADDRESS PERSONAL JURISDICTION, FOREIGN
OFFICIAL IMMUNITY, OR FAILURE TO STATE A CLAIM ARGUMENTS**

Plaintiff's opposition to the Toronto Defendants' Motion to Dismiss focuses

only on the FSIA non-commercial tort exception and fails to address the Toronto

Defendants' other arguments as it relates to personal jurisdiction, Detective Wilson being

entitled to foreign official immunity, and Plaintiff's failure to state a claim.

Plaintiff has failed to meet his burden in establishing a basis for the Court's

exercise of personal jurisdiction over the Toronto Defendants.  The sole action alleged

against the Toronto Defendants was Detective Wilson's call to Plaintiff advising him of an

arrest warrant in Canada.  (Dkt. 1 ¶¶ 101-02).  Plaintiff has not alleged that this call was

made from or received in the District of Columbia.  (*Id.*).

Moreover, Detective Wilson is protected by the common law doctrine of

foreign official immunity because he is an official or agent of a foreign state and was acting

- 3 -

in his official capacity as an employee.  (*See* Dkt. 1 ¶¶ 40-42; ¶¶ 100-02, 116, 135); *see also*

*Doe 1 v. Buratai*, 318 F. Supp. 3d 218, 232 (D.D.C. 2018) (quoting *Matar v. Dichter*, 563 F.3d

9, 14 (2d Cir. 2009)) (holding "plaintiff's concession that defendant was 'at all relevant times

an employee and agent of the defendant Spanish Government' sufficed to dispose of the

claim"), *aff'd*, No. 18-7170, 2019 WL 668339 (D.C. Cir. Feb. 15, 2019), *and aff'd*, 792 F.

App'x 6 (D.C. Cir. 2019).

   Finally, Plaintiff has not responded to the Toronto Defendants' showing that

he fails to state a claim against the Toronto Defendants for false imprisonment, intrusion

upon inclusion, malicious prosecution, complicity or civil conspiracy, gross negligence,

negligent hiring or negligent supervision, and negligent infliction of emotional distress.

## POINT IV

## THE COURT SHOULD ADDRESS FOREIGN IMMUNITY ISSUES PROMPTLY

   Plaintiff has recently filed numerous miscellaneous documents, including a

status update to the Court and a cross-motion, essentially reiterating his initial claims

against the Toronto Defendants and requesting early discovery.  (Dkt. 69, 72).  None of

these filings change the Toronto Defendants' entitlement to dismissal.  However, the

Toronto Defendants have been forced to review to Plaintiffs' filings and respond when

appropriate.  The Supreme Court has stressed that foreign immunity is intended to "give

'protection from the inconvenience of suit as a gesture of comity[.]'"  *Bolivarian Republic of*

*Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 184 (2017) (quoting *Dole Food*

*Co. v. Patrickson*, 538 U.S. 468, 469 (2003)).  Accordingly, courts should "reach a decision

about immunity as near to the outset of the case as is reasonably possible."  *Id.* at 174.  The

Toronto Defendants respectfully request that the Court do so here and grant their motion to dismiss.

## <u>CONCLUSION</u>

The Toronto Defendants respectfully requests this Court dismiss Plaintiff's claims with prejudice.

Dated:  Washington, D.C.  
April 1, 2025

PHILLIPS LYTLE LLP

By: <u>/s/ Natalia Marte</u>  
Natalia Marte (9006283)  
Attorney for Defendants  
*The City of Toronto and David Wilson*  
601 Pennsylvania Avenue NW  
South Building, Suite 900  
Washington, DC 20004  
(202) 617-2712  
nmarte@phillipslytle.com

Christopher D. Barraza (1012941)  
Attorney for Defendants  
*The City of Toronto and David Wilson*  
620 Eighth Avenue  
38th Floor  
New York, New York 10018  
(212) 759-4888  
cbarraza@phillipslytle.com