UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRENT KIDECKEL,<br><br>                      Plaintiff,<br>   v.<br><br>THE FOREIGN NATION OF CANADA, DOUG DOWNEY as Attorney General of Ontario, THE PROVINCE OF ONTARIO CANADA, THE CITY OF TORONTO CANADA, DAVID J.N. WILSON, DAVID KIDECKEL, DAHLIA SAIBIL, ARAM SIMOVONIAN, GARY CAPLAN, IAN SINKE, JOHN DOE 1-15, UNITED STATES CITIZENSIHP & IMMIGRATION SERVICES "USCIS"<br><br>                      Defendants. | No. 1:24-cv-02907-CJN |

### DEFENDANTS DAVID KIDECKEL AND DAHLIA SAIBIL'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, LIMITED DISCOVERY, AND REQUEST FOR EXPEDITED HEARING

Defendants David Kideckel ("D. Kideckel") and Dahlia Saibil ("Ms. Saibil"), through undersigned counsel, submit this Opposition to the Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing ("TRO Motion").[1] ECF 66. The TRO motion should be denied because (i) this Court lacks subject matter jurisdiction over this

---

[1] This opposition is submitted without waiving any defenses or objections to Plaintiff's claims. D. Kideckel opposed the entry of default against him, as he has not been properly served in this matter. ECF 23 (Memorandum in Opposition to Plaintiff's Motion for Entry of Default). He reserves the ability to contest the Court's jurisdiction over him and will contest the Court's lack of jurisdiction over the subject matter and Plaintiff's failure to state a claim. *Id*. Ms. Saibil will move to dismiss on April 16, 2025 pursuant to her waiver of service. *See* ECF 41 (Dahlia Saibil's Waiver of Service). Ms. Saibil reserves the ability to contest the Court's jurisdiction over her and will assert similar arguments pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6).

dispute and personal jurisdiction over D. Kideckel and Ms. Sabil; (ii) Plaintiff cannot show that he will suffer irreparable injury absent the grant of a TRO; (iii) granting the TRO would cause significant hardship to the other parties; and (iv) granting the TRO would be contrary to the public interest.

## ARGUMENT

The TRO Motion is yet another action by Plaintiff Brent Kideckel ("Plaintiff") that needlessly complicates this proceeding, interferes with the prompt and efficient resolution of this matter, increases the costs to the defendants, and potentially delays dismissal of Plaintiff's meritless claims. This is not a case where Plaintiff is entitled to any relief, much less the "extraordinary equitable remedy" of a TRO.

A preliminary injunction is "an extraordinary equitable remedy that may be granted only upon a clear showing of entitlement." *Arrow Air, Inc. v. United States,* 649 F. Supp. 993, 998 (D.D.C. 1986). The purpose of a TRO is to ensure the status quo is preserved until the court can rule on the merits. *See State v. Musk*, No. 25-cv-429 (TSC), 2025 WL 520583, at *2 (D.D.C. Feb. 18, 2025).

A party seeking a TRO must show: (1) a substantial likelihood of success on the merits, (2) that it will suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998). The movant has the "substantial burden" to show that "all four factors . . . weigh in favor of the injunction." *Competitive Enters. Inst., Inc. v. United States Dep't of Agric.,* 954 F. Supp. 265, 269 (D.D.C. 1996); *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009).

Here, Plaintiff cannot demonstrate that any of these factors weigh in favor of an injunction.

## A. Plaintiff Cannot Establish Likelihood of Success on the Merits.

Plaintiff cannot show that he will succeed on the merits of this matter because this Court lacks jurisdiction over the subject matter of his claims and over D. Kideckel and Ms. Saibil. "[W]here a court lacks jurisdiction, a plaintiff is not entitled to any relief, let alone the extraordinary remedy of a preliminary injunction." *McCray v. Biden*, 574 F.Supp.3d 1, 8 (D.D.C. 2021).

To begin, Plaintiff's claims lie outside of the Court's jurisdiction. The Court does not have jurisdiction pursuant to 28 U.S.C. § 1330(a) because (i) the foreign sovereigns in this case are entitled to sovereign immunity (*see* ECF 25) and (ii) Plaintiff has explicitly requested a jury trial. ECF 1 at 1. The Court also lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts only common law claims in the Complaint. Though Plaintiff expects certain defendants to raise federal questions in defense to his claims, federal question jurisdiction "cannot be predicated on an actual anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); ECF 1 ¶¶ 14, 18. Lastly, the Court lacks diversity jurisdiction pursuant to 18 U.S.C. § 1332 because D. Kideckel, Ms. Saibil, and Plaintiff—as well as Defendants Aram Simovonian, the City of Toronto, and David Wilson—are all Canadian citizens (ECF 1 ¶¶ 31, 43, 45), and there is no diversity between noncitizens, even if one of them (such as Plaintiff) resides in the United States. *See Nwosu v. Four Seasons Hotels Ltd.*, 2024 WL 4332605, at *4 (D.D.C. Sept. 27, 2024).[2]

Additionally, Plaintiff has not and cannot establish that this Court has personal jurisdiction over D. Kideckel and Ms. Saibil.[3] Both reside in Canada (ECF 1 ¶ 43-44), and neither is alleged

---

[2] *See also* ECF 48 (Aram Simovonian's Motion to Dismiss), at 4-6 for a fuller discussion of why there is no subject matter jurisdiction to consider this matter.

[3] *See* ECF 48 at 7-8 for a discussion of the applicable legal standard for determining whether the Court has personal jurisdiction over a defendant.

to have acted in the District of Columbia, caused Plaintiff injury in the forum, or otherwise had any contacts with the forum. *See generally id.* (describing actions allegedly taken by D. Kideckel and Ms. Saibil in Canada).

Given Plaintiff's failure to demonstrate a likelihood of success on the merits, "inquiry into the remaining factors is unnecessary, for the injunctive relief must be denied on that ground alone." *McGinn, Smith & Co., Inc. v. Fin. Indus. Regulatory Auth.*, 786 F. Supp. 2d 139, 144-45 (D.D.C. 2011) (collecting cases).

### B. Plaintiff Cannot Demonstrate Irreparable Injury.

Plaintiff has not shown—and, in fact, has conceded—that he will not suffer an irreparable harm if a TRO is not granted. To constitute irreparable harm, the injury must be certain and great; it must be actual and not theoretical. *See Wisconsin Gas Co v. F.E.R.C.,* 758 F.2d 669, 674 (D.C. Cir. 1985). The moving party must show that "[t]he injury complained of [is] of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Id.* (quoting *Ashland Oil, Inc. v. FTC*, 409 F. Supp. 297, 307 (D.D.C. 1976)). Bare assertions of anticipated harm are insufficient since the Court must decide whether the harm will in fact occur.

Plaintiff claims that he and his spouse are suffering from "emotional, reputational, and procedural harm" because D. Kideckel purportedly labeled Plaintiff "a criminal fugitive."[4] ECF 66 at 1, 5. This is not the type of irreparable injury that demands this Court's intervention, nor is it likely to generate "further" and "escalating" harm. Indeed, seven days after filing the TRO Motion,

---

[4] In the email to which Plaintiff refers, D. Kideckel did not, in fact, label Plaintiff a "criminal fugitive." Rather, D. Kideckel stated in the email that Plaintiff is "wanted in Canada on an outstanding warrant for criminal harassment and uttering a death threat"—a fact that Plaintiff, himself, has acknowledged and which was mentioned in his own Complaint. ECF 1 ¶¶ 102-13, 116 (an email from the Toronto Police Department, stating "there is a warrant for your arrest at this time for 'harassment and uttering a death threat'").

Plaintiff informed the Court that "it would be premature to proceed with the adjudication of the TRO" before other outstanding motions and requested the Court "hold the TRO motion in abeyance." *See* ECF 78 (Notice Regarding Temporary Restraining Order and Request to Hold In Abeyance). By doing so, Plaintiff concedes that he is not suffering the type of immediate irreparable injury that could warrant grant of a TRO. He believes that his other motions are "higher-priority matters" (*id.*)—and that the relief he seeks in the TRO Motion is not a priority. The TRO Motion can, and should, be denied on this ground alone.[5]

### C. An Injunction Would Substantially Injure the Other Interested Parties and No Public Interest Would be Furthered by an Injunction.

While Plaintiff stands to endure no hardship if his motion is denied, D. Kideckel and Ms. Saibil would be substantially injured if the Court granted the TRO Motion. Plaintiff asks the Court for relief that is extraordinary and (improperly) extraterritorial. By way of example, Plaintiff seeks to: (1) enjoin D. Kideckel and Ms. Saibil from participating in any actions against Plaintiff or his spouse in the United States or Canada without leave of court; (2) enjoin Mr. Simovonian, who acts as counsel for D. Kideckel and Ms. Saibil in Canadian legal proceedings against Plaintiff, from acting on behalf of his clients; and (3) obtain merits discovery from defendants over whom the Court does not have jurisdiction.[6] Plaintiff's requests are not aimed to preserve the status quo, but rather seek to alter conditions to the detriment of D. Kideckel and Ms. Saibil—by silencing them in this proceeding, subjecting them to needless and unnecessary discovery, and curtailing their

---

[5] Plaintiff cites his spouse's historic family trauma as a factor that exacerbates their supposed irreparable harm. However, he has failed to establish any nexus between such trauma and the need for a TRO. *See Standing Rock Sioux Tribe v. U.S. Army Corps. Of Engin.*, 540 F.Supp.3d 45, 62-63 (D.D.C. 2021) (denying injunctive relief to prevent the creation of an oil pipeline for the Sioux Tribe based on the "anxiety, trauma, and stress" of a potential oil spill and the "historic trauma" of the government's actions to the Sioux Tribe).

[6] This is Plaintiff's third (of five) attempts to request discovery before the Court rules on dispositive motions. *See* ECF 12, 59, 80, 81.

ability to litigate elsewhere.[7] Such relief is not appropriately granted under a TRO. *See, e.g., Sherley v. Sebelius*, 644 F.3d 388, 389 (D.C. Cir. 2011) (vacating preliminary injunction which "upend[ed] the status quo").

Lastly, Plaintiff's request for a TRO should be denied as contrary to public policy. "[T]he principle of comity weighs in favor of deference to parallel litigation in foreign proceedings" (*Juniper Networks Inc. v. Bahattab*, No. CV 07-1771 (PLF)(AK), 2011 WL 13262819, at *5 (D.D.C. May 25, 2011)), and where, as here, Plaintiff seeks the Court's assistance in impairing the ability of D. Kideckel and Ms. Saibil to litigate the proceedings in Canada, American courts are reluctant to impair or enjoin the foreign proceeding. *See Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 926-27 (D.C. Cir. 1984) ("[I]njunctions restraining litigants from proceeding in courts of independent countries are rarely issued.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing must be denied.

Dated: April 7, 2025

Respectfully submitted,

 */s/ Jeffrey D. Robinson*
Jeffrey D. Robinson, D.C. Bar No. 376037
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Jeffrey.Robinson@lbkmlaw.com

---

[7] Plaintiff's reasoning for filing his TRO—to prevent D. Kideckel and Ms. Saibil from "abusing court systems abroad" and "to prevent . . . interference with parallel proceedings"—once again demonstrates Plaintiff's attempt to use this forum to litigate his case in Canada. ECF 66 at 6; ECF 78.

Elizabeth Velez
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
115 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for David Kideckel and Dahlia Saibil*