IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brent Kideckel,<br><br>   Plaintiff,<br><br>  v.<br><br>Foreign Nation of Canada, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-02907-CJN |

**DEFENDANT ARAM SIMOVONIAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, LIMITED DISCOVERY, AND REQUEST FOR EXPEDITED HEARING**

Defendant Aram Simovonian ("Defendant"), by counsel, hereby submits this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing [Dkt. 66] ("Motion")[1]. The Motion represents yet another improper attempt by Plaintiff to obtain, without basis, a ruling from this Court about activities related to legal proceedings in a foreign jurisdiction and an order preventing the same from continuing. Not only has Plaintiff failed to demonstrate that this Motion is warranted, the relief he seeks is premature in light of Defendant's pending Motion to Dismiss [Dkts. 48, 82], which challenges both subject matter and personal jurisdiction. Because there is no good cause for Plaintiff's petition, this Motion should be denied.

---

[1] After filing the Motion and without withdrawing it, Plaintiff filed a Notice Regarding Temporary Restraining Order and Request to Hold in Abeyance ("Notice") [Dkt. 78], requesting that the Court hold the Motion in abeyance because "Plaintiff now believes it would be premature to proceed with adjudication of the TRO" before the Court rules on other pending motions and effectively conceding there is no emergency that would justify the relief sought.

## BACKGROUND

Plaintiff's Complaint arises out of a broader cross-border dispute between him and his brother, Defendant David Kideckel ("Defendant Kideckel"), with parallel proceedings underway in Ontario, Canada, and the District of Columbia. Defendant was retained as attorney of record for Defendant Kideckel to file a lawsuit against Plaintiff in Ontario. *See* Dkt. 48-1 at 9-10. Plaintiff then initiated his own separate lawsuits—both in Ontario and here—against Defendant Kideckel, Defendant, and other parties, advancing similar claims and effectively attempting to relitigate the same underlying issues across jurisdictions. *Id*. at 8-10.

On March 11, 2025, Defendant filed a Motion to Dismiss [Dkt. 48], which seeks dismissal of the Complaint filed in the instant action for lack of subject matter and personal jurisdiction and the failure to state a single claim against Defendant upon which relief can be granted. Since Defendant filed his Motion to Dismiss, Plaintiff has inundated the docket with a flurry of filings aimed at obtaining from this Court a premature ruling on the merits of his evolving allegations. He filed, *inter alia*, a Motion to Disqualify Opposing Counsel [Dkt. 52] on March 11, a Motion for Declaratory Relief [Dkt. 59] on March 17, a Cross-Motion for Leave to Supplement Complaint [Dkt. 69] on March 24, this Motion on March 24, and a Motion for Targeted Discovery Into Fraudulent Declarations and MTD Exhibits [Dkt. 81] on March 31. Also on March 31, Plaintiff filed the Notice [Dkt. 78], requesting that the Court hold his Motion in abeyance pending resolution of "higher-priority matters." *Id*. at 1. Plaintiff claims the higher-priority matters include his Motion to Disqualify Opposing Counsel [Dkt. 52] and Motion for Targeted Discovery [Dkt. 81].

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs temporary restraining orders ("TRO"), which a court may issue without notice when "specific facts in an affidavit or a verified complaint clearly

2

show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

It is well established that preliminary injunctive relief is a drastic and exceptional remedy, and the party seeking it has a substantial burden of proof. *See Tolson v. Stanton*, 844 F. Supp. 2d 53, 56 (D.D.C. 2012) (holding the "standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high"). Further, a [TRO] is an extraordinary remedy, one that should be granted only when the moving party, by a clear showing, carries the burden of persuasion." *Sibley v. Obama*, 810 F. Supp. 2d 309, 310 (D.D.C. 2011) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) and *Munaf v. Geren,* 553 U.S. 674 (2008)). The party seeking a TRO order has the burden to establish: "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (alteration in original; internal quotation marks omitted).[2] Plaintiff has not met his burden of demonstrating the requisite elements, and his Motion should be denied.

## ARGUMENT

### I. Plaintiff Has Not Met His Burden of Demonstrating A Substantial Likelihood Of Success On The Merits.

The requirement of demonstrating the likelihood of success on the merits for injunctive relief includes not "only substantive theories but also ***establishment of jurisdiction***." *See Church*

---

[2] District of Columbia courts have also articulated the third element as "that an injunction would not substantially injure other interested parties"—a formulation that is substantially similar to the more recent formulation requiring a "balance of the equities tips in the moving party's favor." *See e.g.*, *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

*v. Biden*, 573 F. Supp. 3d 118, 133 (D.D.C. 2021) (quoting *Elec. Priv. Info. Ctr. v. Dep't of Com.*, 928 F.3d 95, 104 (D.C. Cir. 2019)) (emphasis added).

Plaintiff has not demonstrated a substantial likelihood of success on the merits. In fact, not only has Defendant moved to dismiss the Complaint for failure to state a single claim against Defendant upon which relief can be granted, Defendant has challenged Plaintiff's failure to establish the threshold jurisdictional requirements. *See* Dkt. 48-1 at 11-17, Dkt. 82 at 11-17. Because Plaintiff's case suffers from a complete lack of both subject matter and personal jurisdiction, he is "not entitled to any relief, let alone the extraordinary remedy of preliminary injunction." *See Schindler Elevator Corp. v. Washington Metro. Area Transit Auth.*, 514 F. Supp. 3d 197 (D.D.C. 2020), aff'd, 16 F.4th 294 (D.C. Cir. 2021).[3] Accordingly, Plaintiff has not met the first element, and his Motion should be denied on that basis alone.

## II. Plaintiff Has Not Met His Burden of Demonstrating Immediate And Irreparable Harm.

The District of Columbia Circuit sets a "high standard for irreparable injury." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The injury must be "both certain and great," and "actual and not theoretical." *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff has failed to establish that he or his spouse will suffer immediate and irreparable injury if the TRO is not issued, particularly because much of the relief he seeks concerns legal proceedings in Ontario and not purported "threats" made to Plaintiff or his spouse. *See, e.g.*, Dkt. 66 at 2-3, ¶ 3 (seeking to enjoin "U.S. law enforcement agencies from cooperating with Canadian authorities on any retaliatory, non-

---

[3] *See also Dehghanighanatghestani v. Mesquita*, CV 22-2595 (CKK), 2022 WL 4379061, at 4 (D.D.C. Sept. 22, 2022) (holding that an application for a TRO is analyzed using the same factors applicable to a request for preliminary injunctive relief relying on *Gordon v. Holder*, 632 F.3d 722, 723–24 (D.C. Cir. 2011) and *Sibley*, 810 F. Supp. 2d at 310).

prosecutorial actions involving Plaintiff"), ¶ 4 (seeking to enjoin Defendant from "initiating or continuing any legal, enforcement, or investigative actions against Plaintiff or his spouse"), ¶ 5 (seeking to enjoin Defendant from "engaging in any legal scheduling or filings that exclude Plaintiff from due process"), ¶ 6 (seeking an order enjoining all defendants from "abusing Canadian or foreign judicial systems").

Further, Plaintiff alleges that Defendant sent him a text message on May 9, 2024—***nearly one year ago***—but offers no context for the message, nor does he explain why or how it is purportedly "threatening" or how it arises to an immediate or irreparable harm almost one year later. Plaintiff also alleges an email was sent to his spouse on March 22, 2025 by Defendant Kideckel, but again fails to detail how or why the email constitutes an immediate or irreparable harm or is in any way attributable to Defendant. Plaintiff now bootstraps two unrelated events into his petition for a TRO, vaguely claiming that Defendant and Defendant Kideckel are part of a "cross-border conspiracy" to undermine Plaintiff's legal claim by now engaging in "emotional terrorism." *Id*. at 7, ¶ 6.[4] More critically, Plaintiff's request to hold the Motion in abeyance pending resolution of other filings fatally undermines his claim that he faces immediate and irreparable harm. In fact, Plaintiff concedes that further harm will "likely" escalate in the absence of a TRO—an acknowledgement that does not meet the requisite high standard. *Id.* at 5. Plaintiff's own conduct reveals that the true objective of the Motion is not to prevent alleged threats, but to prompt the Court to adjudicate the merits of his claims under the guise of emergency injunctive relief.

---

[4] Plaintiff also once again argues that Defendant submitted a false affidavit to a Canadian court. Defendant has already addressed this allegation in his Reply in the Motion to Dismiss. *See* Dkt. 82 at 21.

### III. Plaintiff Has Not Met His Burden Of Demonstrating That The Balance Of Equities Favors Plaintiff.

The balance of equities strongly favors Defendant. Not only has Plaintiff failed to establish that the Court has jurisdiction over the instant matter or Defendant, Plaintiff seeks to enjoin Defendant from representing his client in the Canadian legal proceedings. This is an extraordinary request that would impair Defendant's ability to fulfill his obligations as an attorney under the Law Society of Ontario Rules of Professional Conduct and interfere with litigation outside this Court's jurisdiction.[5] Moreover, granting such relief would destroy the attorney-client relationship and impose catastrophic professional and reputational consequences on Defendant. By contrast, Plaintiff has failed to identify any harm he or his spouse would suffer if the TRO were denied.

### IV. Plaintiff Has Not Met His Burden of Demonstrating That The Public Interest Supports Granting The TRO.

Plaintiff's general appeal to the public interest is speculative and legally unsupported. He asks this Court to shield him from ongoing Canadian proceedings under the guise of protecting the Court's integrity, despite offering no factual or legal basis to support his claims. Moreover, Canada is a "sister common law jurisdiction with procedures akin to our own." Thus, this Court should extend comity because the Plaintiff can justly defend himself in Ontario. *See In re Bd. of Directors of Hopewell Int'l Ins. Ltd.*, 238 B.R. 25 (Bankr. S.D.N.Y. 1999) (citing *Clarkson Co., Ltd. v. Shaheen,* 544 F.2d 624 (2d Cir. 1976)) (holding Canada is a sister common-law jurisdiction with procedures akin to our own so United States courts should extend comity with less hesitation).

---

[5] *See* Rules of Professional Conduct, r. 5.1-1 (Law Society of Ontario), *available at* https://lso.ca/about-lso/legislation-rules/rules-of-professional-conduct/complete-rules-of-professional-conduct.

## CONCLUSION

For the above reasons, Defendant respectfully requests that this Motion be denied.

Dated: April 7, 2025                                      Respectfully submitted,

*/s/ George B. Breen*
George B. Breen (Bar No. 428665)
Elizabeth A. Harris (Bar No. 1615589)
(*Admission pending*)
**Epstein, Becker & Green, P.C.**
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
gbreen@ebglaw.com
eharris@ebglaw.com

*Attorneys for Defendant Aram Simovonian*