IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brent Kideckel,

        Plaintiff,

v.

Foreign Nation of Canada, *et al.*,

        Defendants.

Case No. 1:24-cv-02907-CJN

**DEFENDANT ARAM SIMOVONIAN'S RESPONSE TO PLAINTIFF'S NOTICE REGARING RULE 56(c)(4), ETHICAL CERTIFICATION, AND THE STATUS OF PRIOR FILINGS BY CONFLICTED COUNSEL**

Although neither the Federal Rules of Civil Procedure nor the Local Rules provide authority for Plaintiff's procedurally improper filing, given the nature of this and the similarly inappropriate subsequent filings, Defendant Aram Simovonian ("Defendant"), by counsel, respectfully submits this Response to Plaintiff's Notice Regarding Rule 56(c)(4), Ethical Certification, and the Status of Prior Filings By Conflicted Counsel [Dkt. 77] ("Notice"). This Notice – one of three filed by Plaintiff in the past two weeks [*see also* Dkts. 80, 89] – constitutes another baseless attempt by Plaintiff to litigate foreign proceedings in this Court while insinuating Defendant and his current counsel are improperly relying on what he claims are "procedurally compromised submissions." There are no grounds whatsoever for Plaintiff's claims, and the Notice should be disregarded.

As authority for Plaintiff's Notice, he cites to Federal Rule of Civil Procedure 11 and Federal Rule of Civil Procedure 56(c)(4).[1] Any motion for sanctions for alleged violations of Rule

---

[1] Rule 56 concerns motions for summary judgment or partial summary judgment and is not applicable to the declarations at issue here. *See* Dkt. 73 at 4-8 (arguing the Court may properly

1

11 "must describe the specific conduct that allegedly violates Rule 11(b)" and "must be served under Rule 5, but must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). Rule 11 applies to both attorneys ***and*** unrepresented parties. *See* Fed. R. Civ. P. 11(b).

Not only has Plaintiff failed to follow the procedures set forth by Rule 11[2], his Notice, along with his numerous other recent filings, serves only to harass, cause unnecessary delay, and needlessly increase the cost of litigation and waste judicial and party time and resources—in direct contravention of the same Rule he seeks to "enforce." Moreover, Plaintiff's pattern of filing excessive motions and notices constitutes an unwarranted burden on "the orderly and expeditious administration of justice." *See Urban v. United Nations,* 768 F.2d 1497, 67 (D.C. Cir. 1985).[3]

Procedure aside, Plaintiff's claims are meritless. First, Plaintiff has made no connection whatsoever to the alleged conflict of interest and the statements made in declarations, which Plaintiff baselessly concludes were "signed under circumstances suggesting unreliability and

---

consider the materials attached to Defendant's Motion to Dismiss without converting it into a motion for summary judgment).

[2] Plaintiff sent two emails to counsel – one on March 26, 2025 and another on March 27, 2025 – regarding the "false declaration" filed in support of Defendant's Motion to Dismiss [Dkt. 48]. *See* March 26, 2025 Email, attached as **Exhibit A**; March 27, 2025 Email, attached as **Exhibit B**. Plaintiff filed the Notice on March 28, 2025—two days after sending his initial email.

[3] Defendant and counsel respectfully request this Court to schedule a conference in the coming weeks or otherwise warn Plaintiff about these baseless filings. As stated above, *pro se* litigants are also subject to Rule 11 sanctions, and the resources already expended to respond to each of these improper filings is mounting. Plaintiff has already been found by other courts to be a vexatious litigant, and his behavior here is unfortunately following that same pattern. *See Nevada Administrative Office of the Courts, Vexatious Litigant List (updated Mar. 18, 2025),* https://nvcourts.gov/__data/assets/pdf_file/0023/13496/Vexatious_Litigant_03.18.25.pdf; *Judicial Council of California, Vexatious Litigant List (updated Mar. 2, 2025)* https://courts.ca.gov/system/files/file/vexlit.pdf.

potential misrepresentation." Dkt. 77 at 1. Additionally, it is difficult to discern the precise nature of the conduct that Plaintiff believes violates Rules 11 and 56(c)(4) and whether such conduct involves the instant case or Ontario legal proceedings. *See, e.g.*, Dkt. 77 at ¶¶ 1-2 (seeking clarification from counsel that the declaration attached to the Motion to Dismiss complies with Rule 56(c)(4)); **Exhibit A** at 2 (accusing former counsel of "[a]sserting knowingly false facts in a sworn filing (email service that never occurred)"); Dkt. 69 at 2 (accusing Defendant of "[k]nowingly present[ing] a perjured affidavit in Canadian court"); *id.* at 22 (alleging in a proposed supplemental complaint that Defendant "falsely swore under penalty of perjury that he was a 'partner' at Lima Law Professional Corporation" and "claimed on this same affidavit to have 'Served' process with an Initial Pleading by email to the United States").

However, based on a comprehensive review and granting Plaintiff a generous interpretation of his various filings and correspondences, the basis for Plaintiff's Notice seems to stem from one statement made in the Declaration of Aram Simovonian submitted in support of Defendant's Motion to Dismiss [Dkt. 48-2 at 1-4] ("Declaration") and another made in an Affidavit of Aram Simovonian filed in *David Kideckel v. Brent Kideckel*, Court File No. CV-24-00713955-0000, in the Ontario Superior Court of Justice ("Ontario Action") [*id.* at 67]. These two statements include the following: (1) Defendant is a "partner" at Lima Law Professional Corporation; and (2) Defendant served Plaintiff with the Statement of Claims in the Ontario Action via email on May 27, 2024. *See id.* at 1, ¶ 1; *id.* at 67.

Plaintiff's arguments about the above statements are unfounded. In fact, Defendant has responded to and rebutted Plaintiff's accusations concerning these two statements. *See* Dkt. 82 at

3

21-22. Despite this, Plaintiff subsequently filed his third[4] Notice on April 8, 2025, falsely stating that Defendant has not denied or rebutted his allegations that Defendant submitted false statements. *See* Dkt. 89 at 3. Further, Plaintiff's concern that the Declaration does not comply with Rule 56(c)(4) is similarly baseless. Defendant, as counsel of record in the Ontario Action and partner at Lima Lee Simovonian LLP, has personal knowledge of, and is competent to testify as to, the facts stated in his Declaration.

Accordingly, Defendant respectfully requests that the Court disregard Plaintiff's Notice and deny any requests for relief therein. Should the Court request additional briefing on this issue, Defendant will expeditiously submit same.

Dated: April 11, 2025                                 Respectfully submitted,

                                                      */s/ George B. Breen*
                                                      George B. Breen (Bar No. 428665)
                                                      Elizabeth A. Harris (Bar No. 1615589)
                                                      (*Admission pending*)
                                                      **Epstein, Becker & Green, P.C.**
                                                      1227 25th Street, NW, Suite 700
                                                      Washington, D.C. 20037
                                                      Telephone: (202) 861-1823
                                                      Facsimile: (202) 861-3523
                                                      gbreen@ebglaw.com
                                                      eharris@ebglaw.com

                                                      *Attorneys for Defendant Aram Simovonian*

---

[4] Plaintiff also filed a Notice of Ripeness and Request for Resolution of Motion to Disqualify Counsel ("Notice of Ripeness") [Dkt. 80] on March 31, 2025, in which he again defied the Federal Rules of Civil Procedure by submitting an unauthorized supplemental brief, disguised as a "Notice," apparently in support of his Emergency Motion to Disqualify Counsel [Dkt. 52] and seeking limited discovery.