UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

                Plaintiff,

  v.

THE FOREIGN NATION OF CANADA, DOUG DOWNEY as Attorney General of Ontario, THE PROVINCE OF ONTARIO CANADA, THE CITY OF TORONTO CANADA, DAVID J.N. WILSON, DAVID KIDECKEL, DAHLIA SAIBIL, ARAM SIMOVONIAN, GARY CAPLAN, IAN SINKE, JOHN DOE 1-15, UNITED STATES CITIZENSIHP & IMMIGRATION SERVICES "USCIS"

                Defendants.

No. 1:24-cv-02907-CJN

### DEFENDANTS DAVID KIDECKEL AND DAHLIA SAIBIL'S OPPOSITION TO PLAINTIFF'S MOTION FOR TARGETED DISCOVERY INTO FRAUDULENT DECLARATIONS AND MTD EXHIBITS

Defendants David Kideckel ("D. Kideckel") and Dahlia Saibil ("Ms. Saibil"), through undersigned counsel, submit this Opposition to Plaintiff's Motion for Targeted Discovery into Fraudulent Declarations and MTD Exhibits (the "Discovery Motion").[1] ECF 81. The Discovery

---

[1] This opposition is submitted without waiving any defenses or objections to Plaintiff's claims. D. Kideckel opposed the entry of default against him, as he has not been properly served in this matter. ECF 23 (Memorandum in Opposition to Plaintiff's Motion for Entry of Default). He reserves the ability to contest the Court's jurisdiction over him and will contest the Court's lack of jurisdiction over the subject matter and Plaintiff's failure to state a claim. *Id*. Ms. Saibil will move to dismiss on April 16, 2025 pursuant to her waiver of service. *See* ECF 41 (Dahlia Saibil's Waiver of Service). Ms. Saibil reserves the ability to contest the Court's jurisdiction over her and will assert similar arguments pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6).

Motion is Plaintiff Brent Kideckel's ("Plaintiff") fifth filing[2] seeking discovery in this proceeding.[3] The Discovery Motion should be denied for multiple reasons, including that (i) the information Plaintiff seeks is protected from disclosure by privilege; and (ii) Plaintiff's request is premature given the procedural posture of this case and the outstanding, and expected, challenges to the Court's lack of subject matter jurisdiction over the underlying dispute and personal jurisdiction over the parties Plaintiff is suing.

Plaintiff has alleged that Lewis Baach Kaufmann Middlemiss PLLC ("LBKM"), counsel for D. Kideckel and Ms. Saibil, was conflicted from representing and filing a motion to dismiss on behalf of Defendant Aram Simovonian. ECF 52 (Plaintiff's Motion to Disqualify Opposing Counsel for Conflict of Interests & Bad Faith Litigation Tactics) ("Motion to Disqualify"). These allegations, as well as Plaintiff's other assertions of malfeasance on the part of LBKM, are meritless, without basis in law or fact. Plaintiff's allegations were addressed and refuted in D. Kideckel and Ms. Saibil's Opposition to Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics. ECF 68. Though Plaintiff

---

[2] Plaintiff filed subpoenas on the docket (ECF 12, 57), and motions requesting discovery (ECF 66, 80, 81). ECF 64 and 69 also make passing reference to the need for discovery and an evidentiary hearing. ECF 12 was also improperly premature, seeking discovery before any defendants filed a response to the Complaint—and before some defendants were even served.

[3] Per Plaintiff, the Discovery Motion "overlaps with and informs" Plaintiff's Notice of Ripeness and Request for Resolution of Motion to Disqualify Counsel ("Notice of Ripeness"), which also seeks discovery. ECF 80. Though styled as a notice and not a motion, to the extent the Notice of Ripeness requires a response, D. Kideckel and Ms. Saibil also object to the discovery requests contained therein as they are the same as requested in the Motion to Disqualify. Plaintiff's request in his Notice of Ripeness for an evidentiary hearing should also be denied as it improperly seeks discovery for his "broad generalizations" of fraud and for information related to effective service in the Canadian proceedings, which should be properly requested in the Canadian forum. *Freedom Watch v. Bureau of Land Mgmt.*, No. 16-2320 (CKK), 2017 WL 11895018, at 1*1-2 (D.D.C. Nov. 30, 2017) (denying evidentiary hearing, adding that "[t]he Court has previously cautioned Plaintiff that, absent objective evidence, it will not countenance 'Plaintiff's generalized and unsupported claims of misconduct against either Defendants or their attorneys.'").

acknowledges that his Motion to Disqualify "is now fully briefed and ripe for decision," he has continued his attacks, alleging that LBKM, and particularly Jeffrey Robinson, is engaged in fraud simply because it continues to represent and advocate on behalf of its clients in this matter. The Discovery Motion seeks information as part of Plaintiff's aggressive and baseless campaign against LBKM.

Further to his campaign, Plaintiff now requests "[d]rafts, metadata, and communications related to the declaration submitted on behalf of Aram Simovonian" (though he does not specify the declaration at issue) and "[c]ommunications between Jeffrey Robinson, Lewis Baach Kaufmann Middlemiss PLLC" and its clients concerning "the Motion to Dismiss." ECF 81 at 1. The documents Plaintiff is seeking are the very essence of privileged attorney-client communications and attorney work product. *See* Federal Rule of Civil Procedure 26 (permitting discovery "regarding any *non-privileged* matter"); *A.N.S.W.E.R. Coalition v. Jewell*, 292 F.R.D. 44, 47-50 (D.D.C. 2013) (documents which were protected by the attorney-client privilege and attorney work product were not discoverable). Plaintiff's accusations of fraud are baseless and do not provide any justification for seeking discovery.[4] Plaintiff's attempt to bypass these protections should not be permitted and his requests should be denied.

Plaintiff also seeks to conduct discovery regarding "phone number ownership data," the "authorship of the exhibits included in the MTD," and "the assertion that service of process was

---

[4] Nor would such baseless accusations render the documents discoverable pursuant to the crime-fraud exception. For such exception to apply, Plaintiff would have to prove that "(1) the client made or received the otherwise privileged communication with the intent to further an unlawful or fraudulent act, and (2) the client has carried out the crime or fraud." *Tri-State Hosp. Supply Corp. v. U.S.*, 238 F.R.D. 102, 104 (D.D.C. 2006). None of those elements are present here: Plaintiff seeks discovery into "filings suspected to be fraudulent or perjured," without offering any evidence that they were, let alone any legal authority showing that the filing of declarations and exhibits detailing proceedings in Canada constitutes any violation of law. *See e.g., id.* (crime-fraud exception inapplicable because "more is necessary than mere allegations of wrongdoing").

properly made by email." ECF 81 at 6. While the Discovery Motion fails to provide a more detailed description of the discovery sought, Plaintiff's requests appear to concern the merits of his case: (i) the allegation that the harassing text messages at issue in this matter were sent by D. Kideckel (ECF 1 ¶¶ 5-6, 66-82, 108-110); (ii) the proceedings before the Canadian courts that Plaintiff has alleged are an "abuse of process" and "malicious prosecution" (*id.* ¶¶ 206; ECF 39 ¶¶ 23, 33); and (iii) Plaintiff's attempt to challenge in this Court service on him in one of Canadian proceedings (ECF 68-2 (Declaration of Aram Simovonian)), an issue wholly unrelated to this case. D. Kideckel and Ms. Saibil, both of whom reside in Canada and are not alleged to have committed any acts in the District of Columbia, intend to move to dismiss this matter for lack of personal jurisdiction and for this Court's lack of subject matter jurisdiction to hear Plaintiff's claims. *See also* ECF 48-1 at 4-9 (Aram Simovonian's Motion to Dismiss). Where, as here, these dispositive threshold issues are outstanding, Plaintiff's attempt to conduct merits discovery is premature and must be denied. *See Attkisson v. Holder*, 113 F.Supp.3d 156, 164-66 (D.D.C. 2015) (denying discovery requests which came "well in advance of typical discovery"—where defendants challenged service and intended to renew their motion to dismiss).

With the issue of D. Kideckel's alleged default unresolved, Ms. Saibil's response to the Complaint not yet filed, and dispositive motions outstanding, Plaintiff's repeated requests seeking merits discovery are premature and should not be permitted. "[R]easonbleness dictates that the Court consider defendants' motion to dismiss before requiring extensive and expensive discovery." *Guttenberg v. Emery*, 26 F.Supp.3d 88, 99 (D.D.C. 2014) (denying motion for discovery while there were outstanding dispositive motions and where "defendants have already been forced to expend resources responding to the numerous motions filed by plaintiff.").

Because Plaintiff's discovery requests are improper in timing and in content, Plaintiff's Motion for Targeted Discovery Intro Fraudulent Declarations and MTD Exhibits must be denied.[5]

Dated: April 14, 2025                    Respectfully submitted,

                                         */s/ Jeffrey D. Robinson*
                                         Jeffrey D. Robinson, D.C. Bar No. 376037
                                         LEWIS BAACH KAUFMANN
                                         MIDDLEMISS PLLC
                                         1050 K Street NW, Suite 400
                                         Washington, DC 20001
                                         Telephone: (202) 833-8900
                                         Facsimile: (202) 466-5738
                                         Jeffrey.Robinson@lbkmlaw.com

                                         Elizabeth Velez
                                         LEWIS BAACH KAUFMANN
                                         MIDDLEMISS PLLC
                                         115 E. 44th Street, 25th Floor
                                         New York, NY 10017
                                         Telephone: (212) 826-7001
                                         Facsimile: (212) 826-7146
                                         Elizabeth.Velez@lbkmlaw.com

                                         *Counsel for David Kideckel and Dahlia Saibil*

---

[5] D. Kideckel and Ms. Sabil join in the request of Defendant Aram Simovonian that the Court take action to control Plaintiff's filings. *See* ECF 91 at 2, fn. 3. Plaintiff's conduct is needlessly increasing costs and interfering with the efficient resolution of this action.