IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
|     Plaintiff ) | CASE NO.: 1:24-cv-02907-CJN |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
|     Defendants. ) | |
| _____ ) | |

## **PLAINTIFF'S MOTION TO STRIKE THE APRIL 16, 2025 MOTION TO DISMISS FILED BY CONFLICTED COUNSEL**

(Fed. R. Civ. P. 12(f); Local Rule 7(g))

Plaintiff Brent Kideckel respectfully moves this Court under Federal Rule of Civil Procedure 12(f) to strike in its entirety the April 16, 2025 Motion to Dismiss filed by Lewis Baach Kaufmann Middlemiss PLLC ("LBKM") and Jeffrey B. Robinson, on behalf of Defendant Dahlia Saibil—a defendant whose procedural silence has now been grotesquely hijacked by counsel whose continued participation in this case is itself an affront to the integrity of the judicial system.

### **I. INTRODUCTION**

This is not merely a late motion. It is not merely an unauthorized filing. It is not merely a conflict of interest. It is a disgraceful manipulation of the Court's docket by an attorney, Jeffrey Robinson, whose own presence in this case is the subject of a fully briefed, unrebutted, and deeply meritorious motion for disqualification based on an unwaivable, active conflict between two central co-defendants, Aram Simovonian and David Kideckel. Robinson had no right—legal, ethical, or practical—to file anything on behalf of Dahlia Saibil, who has neither appeared nor authorized representation, and who waived service and waited until the 90th day to file.

**RECEIVED**

APR 18 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

This is litigation fraud masquerading as advocacy. This Court should strike the April 16 motion as tainted, unethical, unauthorized, and utterly improper, and it should signal clearly that weaponizing default to reanimate silent defendants through conflicted, rogue filings will not be tolerated.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading… any redundant, immaterial, impertinent, or scandalous matter." Courts have long recognized that this rule encompasses not only *content*, but also *entire pleadings* that are procedurally improper, ethically impermissible, or prejudicial to the administration of justice. See, e.g., United States ex rel. Johnson v. Golden Gate Nat'l Senior Care LLC, 223 F. Supp. 3d 882, 893 (D. Minn. 2016) ("Courts may strike filings that are improperly made, such as by unauthorized parties or counsel under conflict."); Abdelkarim v. Gonzales, 2006 WL 8456310, at *2 (N.D. Ga. Feb. 7, 2006) (striking motion filed without proper appearance or authority).

The D.C. Circuit has made clear that courts possess "inherent power to control the disposition of the causes on its docket with economy of time and effort." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). This includes the power to strike filings submitted in bad faith, or where counsel's conduct "impugns the integrity of the judicial process." See Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991).

## III. ARGUMENT

### A. This Filing Was Made by a Disqualified and Ethically Compromised Attorney Acting Without Authority

The Motion to Dismiss was filed by Jeffrey Robinson, an attorney whose involvement in this case is the subject of a fully briefed and devastatingly substantiated motion to disqualify, citing dual representation of parties with irreconcilably adverse interests. See, e.g., Fiandaca v. Cunningham, 827 F.2d 825, 829 (1st Cir. 1987) (disqualifying counsel who attempted to represent parties with "actual, current conflict"); Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225, 232 (2d Cir. 1977) ("Where the conflict is real, disqualification is mandatory, not discretionary.").

Robinson represented Aram Simovonian—accused of perjury and obstruction—and simultaneously speaks for David Kideckel, a co-defendant in default who is alleged to be a co-conspirator and the executor of a probate estate under dispute. Robinson has never even attempted to rebut the motion for disqualification—because he cannot. His conflict is structural, unwaivable, and disqualifying *per se*.

For Robinson now to insert himself as de facto counsel for Defendant Saibil—it is sanctionable misconduct. See In re Dresser Indus., Inc., 972 F.2d 540, 543 (5th Cir. 1992) (courts must strike filings by "lawyers whose ethical obligations are fatally compromised"); FDIC v. U.S. Fire Ins. Co., 50 F.3d 1304, 1312 (5th Cir. 1995) ("An attorney's participation in a case despite a conflict of interest corrupts the integrity of the proceeding and cannot be allowed.").

**B. The Filing Pollutes the Record and Obstructs Justice**

This Court cannot allow its docket to be polluted with tainted filings made by counsel who has already violated bedrock ethical rules and whose firm is under direct scrutiny for litigation misconduct. The longer this filing remains, the more confusion it creates, the more delay it generates, and the more Robinson's misconduct metastasizes.

The April 16 MTD is not a legitimate document—it is a procedural corpse animated by an ethically radioactive puppeteer, and its very existence is prejudicial to Plaintiff's rights, this Court's reputation, and the administration of justice.

Allowing it to remain would signal to all litigants—especially pro se ones—that this Court tolerates unauthorized filings, tainted advocacy, and last-minute hijacking of the record by disqualified attorneys.

## IV. CONCLUSION

This is not a close call. It is not a gray area. This filing is a procedural abomination. It was filed without standing, without authority, and under the banner of a law firm already deep in conflict. The Court should strike it immediately, publicly, and forcefully.

Accordingly, Plaintiff respectfully moves the Court to:

1. STRIKE the April 16, 2025 Motion to Dismiss in its entirety pursuant to Rule 12(f);

2. Issue a warning or sanctions against Jeffrey Robinson and LBKM for filing unauthorized pleadings on behalf of a defaulted and unrepresented defendant;

3. Clarify that no further filings shall be permitted by or on behalf of Defendant Saibil without a proper appearance by conflict-free counsel.

Dated: April 17, 2025

Respectfully submitted,

*[signature]*

Brent Kideckel
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|    Plaintiff | ) **CASE NO.:   1:24-cv-02907-CJN** |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|    Defendants. | ) |
| _____ | ___) |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE THE APRIL 16, 2025 MOTION TO DISMISS FILED ON BEHALF OF DEFENDANT DAHLIA SAIBIL

Upon consideration of Plaintiff's Motion to Strike the April 16, 2025 Motion to Dismiss filed on behalf of Defendant Dahlia Saibil, and the entire record herein, it is hereby:

ORDERED that the Motion is GRANTED;

ORDERED that the April 16, 2025 Motion to Dismiss filed by Lewis Baach Kaufmann Middlemiss PLLC and attorney Jeffrey Robinson, purporting to represent Defendant Dahlia Saibil, is STRICKEN from the record in its entirety pursuant to Federal Rule of Civil Procedure 12(f);

ORDERED that no further filings shall be accepted on behalf of Defendant Dahlia Saibil unless and until a proper notice of appearance is filed by authorized, conflict-free counsel;

FURTHER ORDERED that the Court finds the challenged filing to be unauthorized and made under circumstances suggestive of conflict, impropriety, and procedural abuse.

IT IS SO ORDERED.

Dated: _____
Washington, D.C.

HON. CARL J. NICHOLS
United States District Judge