IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
|     Plaintiff | ) CASE NO.: 1:24-cv-02907-CJN |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
|     Defendants. | ) |
| _____ | ) |

# SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT DAVID KIDECKEL

Plaintiff Brent Kideckel respectfully submits this supplemental brief in further support of his Motion for Entry of Default against Defendant David Kideckel, and states as follows:

## I. INTRODUCTION

Defendant David Kideckel has consciously and willfully defaulted in this matter, despite receiving actual notice and affirmatively requesting to be served by email. His absence is not the result of mistake, confusion, or oversight. It is the product of deliberate litigation gamesmanship—a calculated refusal to answer while his co-defendants and conflicted counsel engage in procedural misconduct and obstruction on his behalf.

This is not passive delay; it is intentional evasion, a willful attempt to frustrate judicial oversight, sidestep discovery, and exploit the very rules designed to ensure due process. It is further evidence of the civil conspiracy alleged and underscores Defendant's central role in the abuse of both U.S. and foreign court systems.

**RECEIVED**

APR 18 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Entry of default is procedurally proper and necessary to safeguard the integrity of this Court.

## II. DEFENDANT RECEIVED ACTUAL NOTICE BY THE METHOD HE REQUESTED—AND WILLFULLY DISREGARDED IT

There is no genuine dispute as to service. Plaintiff complied with both the letter and spirit of Rule 4, going beyond minimum requirements by serving Defendant at the email address he specifically provided and used for prior legal and professional communications.

Defendant had expressly acknowledged this method of service in prior correspondences. By invoking this preferred method, he waived any objection to its sufficiency—and then willfully ignored the summons.

*"A defendant who receives actual notice of an action and fails to respond does so at his own peril."*
— *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)

The District of Columbia courts have consistently found default warranted where there is no dispute of proper service and the defendant intentionally fails to respond.

See *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

There is no confusion here. Only strategic defiance.

## III. DEFENDANT'S STRATEGIC SILENCE CONFIRMS THE CONSPIRACY AND ABUSE ALLEGED

This action alleges a civil conspiracy involving fraud, identity theft, and systemic abuse of legal process. Defendant Kideckel's silence is not incidental—it is integral to the pattern of coordinated misconduct:

- He allowed conflicted parties to file tainted briefings on his behalf.

- He remained silent past the Rule 12 deadline despite knowing the risks.

- He actively benefited from filings made under conflict of interest, while preserving plausible deniability.

This calculated refusal to participate is itself a form of litigation misconduct.

*"Willfulness encompasses deliberate non-participation and strategic silence where the legal consequences are known."*
— *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)

*"A party who knowingly fails to appear cannot later claim confusion or procedural injustice."*
— *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986)

*"Default is appropriate where a defendant employs delay tactics or consciously opts not to engage with the process."*
— *Comcast of D.C. v. World Wide Contr. Servs.*, Inc., 803 F. Supp. 2d 245, 250 (D.D.C. 2011)

This conduct is consistent with an actor seeking to weaponize judicial silence, while others shield him through procedural manipulation.

## IV. PERMITTING THIS STRATEGIC NON-APPEARANCE FURTHERS THE FRAUD ON THE COURT

To permit David Kideckel to remain outside the case—while his co-defendants exploit judicial mechanisms tainted by conflict and perjury—would be to sanction coordinated abuse.

The record reflects:

- Aram Simovonian submitted fraudulent and perjured affidavits, never disavowed.

- Dahlia Saibil waited until the 90th day to file a foreign law-based motion through conflicted counsel.

- Lewis Baach Kaufmann Middlemiss (LBKM) continues to file pleadings under taint and conflict, post-disqualification motion.

- And David Kideckel remains *silent*, *invisible*, and *fully aware*, allowing the web of procedural corruption to proceed in his favor.

*"When a party chooses not to engage while co-defendants obstruct the process, default is not only justified—it is required to protect judicial integrity."*
— *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)

Plaintiff has been severely prejudiced by this pattern:

- Discovery has been stalled.

- Tainted motions have delayed adjudication.

- The central defendant evades accountability while others bear the procedural burden.

This is not harmless error. It is systemic abuse, and Defendant is the architect.

## V. DEFAULT IS ESSENTIAL TO RESTORE INTEGRITY AND DETER FUTURE MISCONDUCT

This Court must draw a clear line: Defendants cannot play shell games with jurisdiction, allow others to litigate under conflict, and expect leniency when their delay has created cascading prejudice.

*"Litigation conduct that undermines the integrity of the process must be dealt with firmly and decisively."*
— *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)

Federal courts are not powerless in the face of calculated obstruction. Indeed, they are obligated to act decisively to protect their own authority and the fair administration of justice.

A party who invites service, receives notice, remains silent, and benefits from the misconduct of others is not a passive actor. He is an active co-conspirator—and must be treated as such.

## VI. CONCLUSION

For the reasons stated above and in Plaintiff's principal brief, the Court should:

1. Enter default against David Kideckel pursuant to Rule 55(a);

2. Declare his conduct willful and part of a broader effort to obstruct justice;

3. Authorize Plaintiff to proceed with default judgment and initiate targeted discovery into damages and co-defendant coordination;

4. Preserve judicial integrity by signaling that silence, when paired with knowing abuse, is not a shield—but a sword turned inward.

Anything less would reward fraud, coordination, and the strategic weaponization of judicial process.

DATED: April 18, 2025

Respectfully submitted,

*Brent Kideckel*

Brent Kideckel,

Pro Se Plaintiff