IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
|     Plaintiff ) | CASE NO.: 1:24-cv-02907-CJN |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
|     Defendants. ) | |
| _____ ) | |

# **<u>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO CITY OF TORONTO'S MOTION TO DISMISS</u>**

Plaintiff Brent Kideckel respectfully submits this Notice of Supplemental Authority in further opposition to the City of Toronto's pending Motion to Dismiss, to bring to the Court's attention recent developments and supporting authority that are materially relevant to the City's invocation of sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA").

## I. Recent Procedural Developments Reinforce Plaintiff's FSIA Exceptions Argument

Since the close of briefing on the City's motion, several material facts have come to light that directly implicate the City's proximity to procedurally tainted litigation tactics:

1. **Withdrawal of Counsel for Co-Defendant (Barraza):**
   Senior partner Christopher Barraza of Phillips Lytle LLP, who had filed submissions on behalf of the City of Toronto, formally withdrew from the case shortly after a tainted Motion to Dismiss was filed by conflicted co-counsel. This withdrawal—coming on the heels of documented litigation misconduct—further supports Plaintiff's argument that the City is not a neutral sovereign but an engaged and complicit party to the broader abuse of



RECEIVED
APR 25 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

    process.

    **2.** **Continued Reliance on Fraudulent Affidavit of Service in Ontario:**
Defendant Aram Simovonian, while represented in this forum by Epstein Becker & Green, is continuing to pursue a default judgment against Plaintiff in Ontario based on an affidavit of service previously alleged to be perjured and jurisdictionally invalid under both Ontario civil procedure and The Hague Convention. The City's ongoing alignment with co-defendants who are actively exploiting known procedural falsehoods undermines any pretense of sovereign detachment or good faith.

## II. Supporting Authority: FSIA Does Not Immunize Sovereign Defendants from Conduct Arising From or Perpetuating Fraud

Plaintiff respectfully directs the Court to the following authority, which has clarified that FSIA immunity does not shield sovereign actors who directly participate in, or knowingly benefit from, fraud or tortious conduct:

- Republic of Argentina v. Weltover, Inc., 504 U.S. 607 (1992)
  (commercial or tortious acts with substantial U.S. contacts may pierce FSIA immunity);

- Letelier v. Republic of Chile, 488 F. Supp. 665 (D.D.C. 1980)
  (no immunity for acts that constitute violations of U.S. law or internationally condemned practices);

- Cabiri v. Government of the Republic of Ghana, 165 F.3d 193 (2d Cir. 1999)
  (tortious or retaliatory conduct aimed at suppressing private rights not shielded by FSIA).

## III. Judicial Notice of Systemic Misconduct by Co-Defendant Simovonian

Defendant Simovonian's pattern of misconduct—including verified perjury, misrepresentations to counsel, and continued reliance on tainted process abroad—is now well documented on this Court's docket. Plaintiff has repeatedly requested the production or certification of an alleged email central to co-defendants' defense narrative, which has never been produced. Meanwhile, Simovonian's parallel conduct in Ontario continues to deteriorate the integrity of judicial proceedings.

## IV. Ontario's Judicial System Enables Abuse Through Blind Deference to Unverified Affidavits

Ontario's judicial and policing systems operate under a structure in which affidavits of service, statements of claim, and even arrest justifications are routinely accepted without independent verification. In Plaintiff's case, the entire Canadian default action was initiated without actual proof of service—only a single affidavit submitted by Defendant Simovonian, who has since been implicated in sworn falsehoods before this Court.

Despite multiple opportunities to present actual evidence of service, including email headers, timestamps, or signed receipts, Simovonian submitted none—because none exist. Instead, the Ontario court, consistent with its bureaucratic and largely unverified affidavit-based protocol, accepted the statement without scrutiny. That mechanical acceptance of perjury-laden filings highlights not just individual fraud but a broader systemic incompetence that incentivizes and enables retaliatory abuse against vulnerable foreign defendants.

The FSIA does not shield foreign sovereigns or municipalities who align themselves with, or rely on, litigation that is procedurally fraudulent in its foundation—especially where the sovereign actor's own administrative and judicial systems permit abuse through unchecked affidavits.

## V. Conclusion

These developments further reinforce Plaintiff's position that the City of Toronto is not merely invoking FSIA as a sovereign defendant—it is a coordinated actor participating in a procedural fraud that spans international jurisdictions. The Court is respectfully asked to consider these developments in ruling on the pending motion to dismiss and to treat the City's conduct accordingly under the tort and commercial activity exceptions to FSIA.

DATED: April 25, 2025

Respectfully submitted,

*[signature]*

Brent Kideckel
Plaintiff, Pro Se