IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
| Plaintiff ) | **CASE NO.:   1:24-cv-02907-CJN** |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
| Defendants. ) | |
| _____ ) | |

# **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT ARAM SIMOVONIAN, REPRESENTED AND RATIFIED BY EPSTEIN, BECKER & GREEN (EBG)**

Plaintiff Brent Kideckel respectfully submits this motion for default judgment against Defendant Aram Simovonian under Federal Rule of Civil Procedure 55(b) and the Court's inherent authority to address fraud on the court. Defendant Simovonian has repeatedly violated the principles of judicial integrity by submitting a knowingly false affidavit of service, refusing to correct or withdraw that perjured filing, and leveraging that false affidavit in a parallel foreign proceeding. His conduct is no longer mere procedural misstep—it is an ongoing, deliberate fraud on two courts in two countries.

### **I. INTRODUCTION**

This is not a case of silence or neglect—it is deliberate deceit. Defendant Aram Simovonian, a practicing attorney, executed and submitted an affidavit attesting that Plaintiff was served via email. He has never produced the alleged email. Plaintiff has made multiple formal requests—both directly and through opposing counsel. These requests have gone unanswered. The email does not exist. The affidavit is false.

**RECEIVED**

APR 25 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Fraud on the court is not simply a tort—it is a repudiation of the judicial system itself. When that fraud originates from an officer of the court, the damage multiplies.

"A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms."
— *In re Snyder*, 472 U.S. 634, 645 (1985)

Simovonian has failed on all counts. He continues to rely on the fabricated affidavit in Ontario to seek a default judgment there, compounding the taint across jurisdictions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment where a defendant "has failed to plead or otherwise defend." Beyond procedural grounds, courts retain inherent authority to dismiss or default parties who commit fraud on the court.
    See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);
    *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991)

"A decision produced by fraud on the court is not in essence a decision at all, and never becomes final."
— *Kenner v. Commissioner*, 387 F.2d 689, 691 (7th Cir. 1968)

The D.C. Circuit has recognized the need for terminating sanctions where a party engages in a "clear pattern of delay, deception, and disregard for the court's orders."
    See *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998);
    *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)

## III. FRAUD ON THE COURT

The affidavit submitted by Simovonian is materially false. No email was sent. No metadata exists. Simovonian has refused to verify the time, date, source, or server of any such transmission.

In *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989), the First Circuit emphasized that courts must not tolerate "fraudulent schemes, carefully constructed and persistently maintained."

There, as here, dismissal was warranted even in the absence of prejudice, because judicial integrity is paramount.

Courts have imposed default sanctions where litigants submitted false affidavits to initiate or maintain jurisdiction:

- *Combs v. Nick Garin Trucking*, 825 F.2d 437 (D.C. Cir. 1987)

- *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) ("Litigants must not be allowed to conduct discovery or trial under false pretenses.")

- *Derzack v. County of Allegheny*, 173 F.R.D. 400 (W.D. Pa. 1996)

## IV. INTERNATIONAL ABUSE OF PROCESS

Simovonian is using the false affidavit in Ontario Superior Court to seek a default judgment. This is not isolated conduct—it is the continuation of fraud.

Ontario courts require personal service unless substituted service is authorized. See:

- *Ontario Rules of Civil Procedure, Rule 16.06(1)*

- *Mehedi v. 2057161 Ontario Inc.*, 2015 ONCA 670

- *J.P. v. R.M.*, 2017 ONSC 2734

- *CIBC Mortgages Inc. v. Computershare Trust Co.*, 2016 ONSC 6350

This transnational use of fabricated evidence constitutes abuse of process. U.S. courts have an obligation to intercede when litigants manipulate foreign courts using U.S.-origin fraud:

- *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)

- *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 329 (1994)

## V. THE NECESSITY OF DEFAULT

Permitting Simovonian to remain in this case would send a dangerous message:

- That verified perjury is tolerable if left uncorrected;

- That silence, when tactical, is rewarded;

- That officers of the court may falsify service and escape accountability.

That is unacceptable.

## VI. THE COURT'S INHERENT POWER TO PROTECT ITS PROCESS

In *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962), the Supreme Court affirmed that courts have the power to dismiss sua sponte where conduct demonstrates willful delay or misconduct. The same rationale supports entry of default.

This Court retains inherent authority to protect its own process. The fact that Simovonian is a lawyer enhances—not reduces—the urgency.

"It is essential that courts not be made the victims of fraud or corruption."
— *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)

## VII. EBG'S FAILURE TO CORRECT THE RECORD IS A FORM OF RATIFICATION

Epstein Becker & Green, P.C. ("EBG"), current counsel of record for Defendant Simovonian, has been afforded multiple opportunities—formally and informally—to correct the record, disavow the fraudulent affidavit, and withdraw from representation. They have done none of these things.

Instead, they continue to remain silent despite being explicitly notified of verified perjury and procedural fraud. This silence is not passive—it is a knowing ratification of falsehoods. The firm is now entangled in the very fraud it was expected to avoid.

Under Rule 3.3 of the D.C. Rules of Professional Conduct, an attorney "shall not knowingly offer evidence that the lawyer knows to be false." The duty to correct is mandatory.

"An attorney's silence can amount to misrepresentation if it permits the court to be misled."
— *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)

"Judicial integrity is threatened by the toleration of known falsehoods."
— *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 329 (1994)

## VIII. SIMOVONIAN'S PROFESSIONAL MISCONDUCT—A DIRECT ASSAULT ON THE INTEGRITY OF THE COURT

Simovonian was terminated from his prior firm, Scalzi Caplan LLP, for filing this very lawsuit—a suit repeatedly characterized as fraudulent. Plaintiff is informed and believes that Simovonian is under active investigation by the Law Society of Ontario.

Despite this, he continues to submit perjured affidavits, fabricate evidence, and misuse foreign orders to undermine the U.S. legal process. He has not withdrawn. He has not corrected. He continues to act under color of law while knowingly violating its foundations.

"A lawyer is a representative of the court just as much as a judge."
— *United States v. Prof'l Air Traffic Controllers Org.*, 678 F.2d 1, 5 (1st Cir. 1982)

In *Gong v. City of Rosemead*, 226 F. App'x 547 (9th Cir. 2007), the Ninth Circuit affirmed sanctions against a lawyer who abused process across jurisdictions. So too here. Simovonian's conduct is a direct assault on this Court's integrity.

"Cross-border manipulation using falsified U.S. documents" has been condemned.
— *Tymoshenko v. Firtash*, 57 F. Supp. 3d 311 (S.D.N.Y. 2014);
— *In re Puda Coal Sec. Inc. Litig.*, 30 F. Supp. 3d 230 (S.D.N.Y. 2014)

This Court should do the same.

## IX. THE COURT'S DUTY TO DETER AND PRESERVE JUDICIAL INTEGRITY

This case presents more than a conflict between parties. It is a challenge to the very concept of judicial truth-seeking. Defendant Simovonian, a licensed attorney, has defrauded this Court and is using that fraud to seek advantage elsewhere. Counsel at Epstein Becker & Green—who know better—have declined to act. The silence is systemic. The danger is real.

Where lawyers lie with impunity, where process is weaponized, and where firms ratify the misconduct of their clients, the judicial system itself becomes hostage to the bad faith of its participants.

"The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts."
— *United States v. Nixon*, 418 U.S. 683, 709 (1974)

"The power of courts to sanction is not merely punitive—it is prophylactic, designed to prevent future misconduct and protect the public trust."
— *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)

"Fraud on the court is fraud which does or attempts to, defile the court itself... so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."
— *Bullock v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)

## X. REQUEST FOR AN EVIDENTIARY HEARING TO RESOLVE PERJURY AND SERVICE FRAUD

Should this Court determine that default cannot yet be entered without further factual development, Plaintiff respectfully requests that the Court set an evidentiary hearing to resolve the disputed issues of service, perjury, and abuse of process.

Plaintiff is prepared to present:

- A verified transcript and recording of the direct threat made by Defendant Simovonian;

- Multiple written demands requesting production of the alleged service email;

- Evidence that the substituted service order in Ontario was obtained through false affidavits;

- Evidence of Defendant's continued reliance on the fraudulent affidavit to secure default abroad.

## XI. SIMOVONIAN'S PERVASIVE TAINT—THE ORIGIN OF CONFLICT, COLLAPSE OF DEFENSE, AND DENIAL OF COVERAGE

Defendant Simovonian is not merely a participant in these proceedings—he is the origin point of the entire taint. He is the nexus between verified perjury, transnational abuse of process, and now, the collapse of professional representation.

Simovonian was initially jointly represented with David Kideckel by attorney Geoffrey Robinson of LBKM—despite the unwaivable conflict this created. Robinson attempted to represent both the clients (David Kideckel and Saibil) and lawyer (Simovonian). Simovonian's centrality in the facts made that dual representation unsustainable, unethical, and procedurally toxic.

The taint begins with Simovonian. It ends with disqualification, sanctions, and collapse.

Early in this case, Simovonian advised Plaintiff that he was to be defended by counsel appointed through LawPRO, the professional liability insurer for lawyers in Ontario. But LawPRO's coverage excludes claims arising from dishonesty, fraud, criminal acts, or malicious conduct. Plaintiff is informed and believes that Simovonian was denied coverage because his actions—submitting perjured affidavits, fabricating service, and threatening the Plaintiff—rendered him uninsurable.

A lawyer who cannot be insured is a lawyer who cannot be trusted. A lawyer who cannot be defended is a party whose presence on the docket undermines the adversarial system itself.

See also:

- *Ontario Lawyers' Professional Indemnity Company (LawPRO), Policy Terms and Exclusions*
- *In re Disciplinary Proceedings Against Inglimo*, 756 N.W.2d 117 (Wis. 2008)
- *United States v. Cronic*, 466 U.S. 648 (1984)

## XII. CANADIAN AUTHORITIES ON ABUSE OF PROCESS AND LAWYER LIABILITY FOR LITIGATION MISCONDUCT

Canadian courts have long prohibited abuse of process and sanctioned lawyers who misuse the judicial system. This case would be no different under Canadian law.

- *Toronto (City) v. C.U.P.E., Local 79*, 2003 SCC 63

- *Behn v. Moulton Contracting Ltd.*, 2013 SCC 26

- *Groia v. Law Society of Upper Canada*, 2018 SCC 27

- *Fontaine v. Canada (Attorney General)*, 2014 ONSC 2431

- *Nelles v. Ontario*, [1989] 2 S.C.R. 170

Each of these decisions affirms the core principle that judicial integrity must be protected from litigants and lawyers who lie, mislead, and weaponize process.

## XIII. REQUEST FOR JUDICIAL NOTICE

Plaintiff requests judicial notice of:

1. The unauthorized declaration filed by Robinson post-withdrawal;

2. The pending motion for default against David Kideckel;

3. The motion for service by publication on Dahlia Saibil, based on David Kideckel's violent and obstructive behavior.

All are filed on the public docket and are directly relevant to this motion under Fed. R. Evid. 201(b).

## XIV. THE BROADER CONSPIRACY: UNANSWERED QUESTIONS AND INESCAPABLE COLLUSION

The facts of this case no longer suggest isolated misconduct—they scream conspiracy. The connections between Aram Simovonian, David Kideckel, and Dahlia Saibil cannot be explained by mere coincidence, parallel bad judgment, or even shared counsel. What is unfolding before

this Court is the coordinated abuse of judicial process to inflict reputational, emotional, and financial harm upon Plaintiff. The only logical conclusion is a broader criminal enterprise masquerading as litigation.

What does David Kideckel have on Aram Simovonian?

Why would a disbarment-risk lawyer with no insurance coverage continue to lie under oath to protect a co-defendant?

What kind of pressure must be leveraged behind the scenes for a disgraced, fired attorney under regulatory investigation to stake his credibility—and risk perjury across two countries—for a man with a documented history of coercion and manipulation?

These questions are not academic. Either David is blackmailing Aram, or David, Aram, and Dahlia are jointly operating a retaliatory scheme born of extortion, psychological manipulation, and mutual criminal liability. There is no legitimate basis for Aram Simovonian to continue representing David Kideckel in Canada unless they are bound by more than just legal strategy.

Their actions are inescapably aligned. They have each demonstrated:

- A comfort with verified perjury;

- A willingness to submit false affidavits;

- A pattern of extortionist behavior;

- A shared strategy of evasion, delay, and misrepresentation;

- And an open contempt for truth, law, and accountability.

Courts have long held that such concerted acts give rise to an inference of conspiracy and bad faith:

- *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)

- *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519 (6th Cir. 2000)

- *Kaufman v. Islamic Soc'y of Arlington*, 291 F. Supp. 2d 698 (D. Tex. 2003)

- *Canada v. Midway Chrysler*, 2010 ONSC 4197

This Court should not be forced to play host to what increasingly resembles a transnational fraud ring.

The cumulative misconduct of Simovonian, Kideckel, and Saibil—each of whom appears to regard the law as a weapon to be wielded rather than a code to be followed—warrants not only procedural sanctions but substantive inquiry.

What else are they hiding?

If they are willing to lie this brazenly in public filings, fabricate affidavits, and manipulate service orders, then one must ask: what other criminal conduct have they conspired to conceal?

This is not speculative—it is demanded by the facts.
This conspiracy must be unmasked. And this Court should not delay its reckoning.

## XV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Enter default judgment against Defendant Aram Simovonian for verified perjury, abuse of process, and fraud on the court;

2. Declare the record irreversibly tainted by falsehood and bar further participation by Defendant absent full correction;

3. Refer this matter to disciplinary authorities for the District of Columbia and the Law Society of Ontario;

4. And grant such further relief as this Court deems just and proper to preserve the dignity, functionality, and trustworthiness of these proceedings.

Dated: April 24, 2025

Respectfully submitted,

*[signature]*

Brent Kideckel
*Pro Se Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL ) | |
| Plaintiff ) | **CASE NO.:   1:24-cv-02907-CJN** |
| V. ) | |
| ) | |
| THE FOREIGN NATION OF CANADA, et al. ) | |
| Defendants. ) | |
| _____ ) | |

# **[PROPOSED] ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT ARAM SIMOVONIAN, IMPOSING SANCTIONS, AND REFERRING MATTER FOR CRIMINAL INVESTIGATION**

Upon consideration of Plaintiff Brent Kideckel's Motion for Default Judgment against Defendant Aram Simovonian, and the Court's review of the procedural record, including Defendant Simovonian's reliance on tainted and conflicted filings, material misrepresentations submitted to this Court, and Plaintiff's detailed and uncontroverted filings, the Court hereby finds:

1. Defendant Simovonian has participated in this action through filings submitted on his behalf under a clear and unwaivable conflict of interest, including a Motion to Dismiss and sworn declarations prepared and submitted by conflicted counsel.

2. Specifically, after partial withdrawal of conflicted counsel Jeffrey Robinson, Robinson nonetheless filed a declaration purportedly on behalf of Defendant Simovonian, which included material false statements regarding critical evidence (an alleged exculpatory email) that has never been produced or certified, despite direct challenges by Plaintiff.

3. Neither Defendant Simovonian nor his successor counsel George Breen has adopted, corrected, or disavowed the perjured declaration or the tainted filings, nor has Defendant

    Simovonian made any effort to cure the procedural contamination that now infects the defense.

4. Simultaneously, Defendant Simovonian is actively pursuing a default judgment in Ontario based on an affidavit of service that is alleged—and now demonstrated—to be perjured and jurisdictionally defective, without producing any actual evidence of service.

5. The Court finds that Defendant Simovonian's conduct constitutes a fraud upon the Court, an abuse of process, and a deliberate obstruction of judicial proceedings both in this Court and abroad. His conduct undermines the integrity of judicial proceedings and warrants the most serious available procedural consequences.

Accordingly, it is hereby:

ORDERED that Plaintiff's Motion for Default Judgment against Defendant Aram Simovonian is GRANTED;

ORDERED that Default Judgment is entered against Defendant Aram Simovonian on all claims alleged in the operative and Supplemental Complaint;

ORDERED that Plaintiff shall file within [14] days a Motion for Entry of Damages and Proposed Final Judgment consistent with this Order;

ORDERED that the Clerk of the Court shall transmit a copy of this Order, together with the relevant portions of the record, to the United States Attorney for the District of Columbia for consideration of potential criminal prosecution of Defendant Aram Simovonian under 18 U.S.C. § 1621 (Perjury) and 18 U.S.C. § 1001 (False Statements), and to any appropriate licensing or disciplinary authorities for further action consistent with this Court's findings;

SO ORDERED.

Dated: _____

The Honorable Carl J. Nichols
United States District Judge