# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>           Plaintiff,<br><br>     v.<br><br>THE FOREIGN NATION OF CANADA, *et al.*,<br><br>           Defendants. | No. 1:24-cv-02907-CJN |

**DEFENDANTS DAVID KIDECKEL AND DAHLIA SAIBIL'S**
**CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION FOR**
**SANCTIONS UNDER 28 U.S.C. § 1927 AND MOTION TO STRIKE**
**THE APRIL 16, 2025 MOTION TO DISMISS FILED BY CONFLICTED COUNSEL**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ..................................................................................................................... 3

ARGUMENT ........................................................................................................................... 7

    I.     Standard of Law ....................................................................................................... 7

    II.    The Motion for Sanctions and Motion to Strike Attempt to Relitigate the Motion to Disqualify .......................................................................................................... 8

CONCLUSION ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Alexander v. F.B.I.*,
  186 F.R.D. 6 (D.D.C. 1998)..................................................................................................8

*Amobi v. Dist. of Columbia Dept. of Correction*,
  257 F.R.D. 8 (D.D.C. 2009)..................................................................................................4

*Barnes v. D.C.*,
  289 F.R.D. 1 (D.D.C. 2012)..................................................................................................8

*Chambers v. Nasco*,
  501 U.S. 32 (1991)................................................................................................................9

*Cobell v. Norton*,
  224 F.R.D. 1 (D.D.C. 2004).............................................................................................8, 10

*Cobell v. Norton*,
  No. CIV.A. 96-1285 RCL, 2003 WL 721477 (D.D.C. Mar. 3, 2003)....................................9

*Cowtown Found., Inc. v. U.S. Dep't of Agric.*,
  No. CV 22-1258 (RC), 2023 WL 5507280 (D.D.C. Aug. 25, 2023)......................................7

*Cowtown Found. Inc. v. United States Dep't of Agric.*,
  No. 23-5226, 2024 WL 1693614 (D.C. Cir. Apr. 12, 2024)...................................................8

*Doe #1 v. Am. Fed'n of Gov't Emps.*,
  No. CV 20-1558 (JDB), 2022 WL 4182223 (D.D.C. Sept. 13, 2022)....................................7

*United States ex rel. Johnson v. Golden Gate Nat'l Senior Care, L.L.C.*,
  223 F. Supp. 3d 882 (D. Minn. 2016)....................................................................................9

*Jud. Watch, Inc. v. U.S. Dep't of Com.*,
  224 F.R.D. 261 (D.D.C. 2004)..............................................................................................8

*Thomas v. Cap. Sec. Servs., Inc.*,
  836 F.2d 866 (5th Cir. 1988).................................................................................................9

*United States v. Wallace*,
  964 F.2d 1214 (D.C. Cir.1992)..............................................................................................7

**Statutes**

28 U.S.C. § 1927.................................................................................................1, 7, 9, 10

**Other Authorities**

Fed. R. Civ. P. 12(a)(1)(A)(ii) ................................................................................................3

Federal Rule of Civil Procedure 12(f) .....................................................................................8

Defendants David Kideckel ("D. Kideckel")[1] and Dahlia Saibil ("Ms. Saibil"), through undersigned counsel, submit this Consolidated Opposition to Plaintiff Brent Kideckel ("Plaintiff")'s (i) Motion for Sanctions under 28 U.S.C. § 1927 Against Jeffrey Robinson, Annika Conrad, Lewis Baach Kaufmann Middlemiss pllc, and Dahlia Saibil (ECF No. 96, the "Motion for Sanctions") and (ii) Motion to Strike the April 16, 2025 Motion to Dismiss Filed by Conflicted Counsel (ECF No. 97, the "Motion to Strike"). In support thereof, D. Kideckel and Ms. Saibil state as follows:

## PRELIMINARY STATEMENT

Plaintiff's Motion for Sanctions and Motion to Strike are the 96th and 97th docket entries, respectively, in a case that has been pending before this Court for less than seven months. In this relatively new case, where one defendant, D. Kideckel, has opposed the entry of default and challenged the sufficiency of service, and the other defendants—Ms. Saibil, Aram Simovonian, David Wilson, and the City of Toronto—have moved to dismiss, the Court should not be faced with over 100 submissions.

Plaintiff is responsible for this excessive number. He has flooded the docket with unnecessary notices and baseless motions seeking a number of remedies, among them summary judgment (without a factual record), discovery of privileged material, the use of a consistent prefix for D. Kideckel, and the issuance of a temporary restraining order for a matter that Plaintiff himself conceded could be held in abeyance. Plaintiff's submissions share a number of characteristics: most are filed outside the contemplated procedural rules, many are redundant in nature, and, most

---

[1] This opposition is submitted without waiving D. Kideckel's defenses and objections to Plaintiff's claims. D. Kideckel opposes the entry of default against him, as he has not been properly served in this matter. ECF No. 23 (Memorandum in Opposition to Plaintiff's Motion for Entry of Default). He reserves the ability to contest the Court's jurisdiction over him and will contest the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim. *Id.*

1

importantly, all lack merit and require the Court and parties to expend inordinate and unnecessary resources.

The Motion for Sanctions and Motion to Strike are Plaintiff's latest maneuvers. They repeat the unfounded narrative of fraud, malfeasance, and misconduct by D. Kideckel and Ms. Saibil's counsel, Lewis Baach Kaufmann Middlemiss PLLC ("LBKM"), at the center of Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics (ECF No. 52, the "Motion to Disqualify") and are, by virtue, extensions thereof. Indeed, in an email to Chambers on April 30, 2025, Plaintiff conceded that the motions are both intended to address purported "procedural taint" related to LBKM's supposed ethical violations. *See* Exhibit A.

As D. Kideckel and Ms. Saibil demonstrated in their opposition to the Motion to Disqualify, Plaintiff's accusations of fraud and wrongdoing are factually baseless, unsupported by law, and part of Plaintiff's consistent practice of attacking opposing counsel. LBKM has not engaged in any misconduct, and its ongoing representation of its clients is entirely proper. To the extent that the Motion for Sanctions and Motion to Strike reiterate the arguments in the Motion to Disqualify, D. Kideckel and Ms. Saibil rely upon their previously filed submission and will not repeat their responses here. *See* David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics (ECF No. 68). To the extent the Motion for Sanctions and Motion to Strike target LBKM's continued representation of its clients through filing legally and factually appropriate responses to Plaintiff's numerous motions and filing a motion to dismiss on behalf of Ms. Saibil, LBKM's actions are entirely proper and in no way sanctionable.

2

Neither D. Kideckel, Ms. Saibil, nor their counsel have committed any wrongdoing. Plaintiff's threats and numerous, redundant filings have forced them to expend needless resources to respond to and oppose Plaintiff's submissions. The Motion for Sanctions and Motion to Strike add nothing new of substance to the docket; each repeats the conclusory allegations in Motion to Disqualify and advances the same theory of purported liability. Rather, the motions multiply these proceedings and require additional time, effort, and expense on behalf of D. Kideckel, Ms. Saibil. Accordingly, both the Motion for Sanctions and the Motion to Strike should be denied.

## BACKGROUND

Plaintiff commenced this proceeding against D. Kideckel and Ms. Saibil, among others, on October 15, 2024. ECF No. 01. He moved for entry of default against D. Kideckel on December 13, 2024 (ECF No. 13), which D. Kideckel timely opposed on December 26, 2024 (ECF No. 23). Plaintiff filed a reply in support of his motion on January 11, 2025, in which he conceded that he had not read D. Kideckel's opposition, but "presume[d] it to be consistent" with his communications with LBKM. ECF Nos. 29, 30. On January 21, 2025, after the motion was fully briefed but before it had been resolved by the Court, Plaintiff prematurely and improperly moved for "summary (or default) judgment" against D. Kideckel. ECF No. 39.

Following the passing of D. Kideckel and Plaintiff's father in January 2025, Plaintiff threatened service of process on Ms. Saibil while she attended shiva. ECF No. 68-1 at 18-19. To avoid such an unpleasant experience, Ms. Saibil waived service on January 21, 2025. ECF No. 41. As Ms. Saibil is a citizen and resident of Ontario, Canada, she was given 90 days—through and including April 16, 2025—to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(ii); ECF No. 41.

3

When LBKM was retained by Aram Simovonian and filed a motion to dismiss on his behalf on March 10, 2025[2] (ECF No. 48), the volume of Plaintiff's filings increased dramatically:

- <u>Filings Addressing D. Kideckel's Prefix</u>: On March 11, 2025, following a number of emails claiming confusion regarding references to "Mr. Kideckel," "Dr. Kideckel," and "D. Kideckel" on the docket, Plaintiff filed a Notice Seeking Clarification on Prefix of David Michael Kideckel. ECF No. 50. Though D. Kideckel was not obligated to "clarify" his prefix, he filed a response to Plaintiff's notice on March 19, 2025. ECF No. 58. On March 21, 2025, Plaintiff nonetheless filed the Motion to Compel Consistent, Accurate, and Legally Recognizable Party Identification in Pleadings and Filings for David Michael Kideckel. ECF No. 63. D. Kideckel timely opposed the motion on April 4, 2025. ECF No. 85.

- <u>The Motion to Disqualify</u>: On March 11, 2025, Plaintiff filed the Motion to Disqualify (ECF No. 52), which D. Kideckel and Ms. Saibil timely opposed on March 25, 2025 (ECF No. 68). The following day, Plaintiff filed a Status Update in which he continued to allege "deliberate misconduct" by LBKM. ECF No. 72. On March 27, 2025, Plaintiff filed a reply in support of the Motion to Disqualify. ECF No. 76. Acknowledging that the Motion to Disqualify was fully briefed, Plaintiff filed a Notice of Ripeness and Request for Resolution of Motion to Disqualify Counsel on March 31, 2025. ECF No. 80. (He now claims that the Motion to Disqualify is unopposed.[3] Mot. for Sanctions at 2; Mot. to Strike at 2; Plaintiff's Status Update Regarding

---

[2] LBKM was subsequently replaced by other counsel, who currently represent Mr. Simovonian. ECF No. 67. Plaintiff has since directed a number of needless filings to Mr. Simovonian (*see, e.g.*, ECF Nos. 72, 77, 81) and is now also accusing Mr. Simovonian's new counsel of perpetrating fraud on the Court. ECF No. 103.

[3] Plaintiff has suggested that D. Kideckel and Ms. Saibil do not challenge the allegations of fraud because they did not oppose his reply in support of the Motion to Disqualify. ECF 99 at 4. No such response was necessary, nor would it have been procedurally appropriate. *See Amobi v. Dist. of Columbia Dept. of Correction*, 257 F.R.D. 8, 9 (D.D.C. 2009) (striking a surreply improperly filed

Irremediable Taint, and Lewis Baach Kaufmann Middlemiss' Unparalleled Misconduct (ECF No. 100) ("[N]either Robinson nor LBKM has filed an opposition. Not even a token denial."). A week later, on April 8, 2025, Plaintiff continued to propound the narrative of conflicted and unethical counsel in his Notice of Ongoing Prejudice Caused by Unrebutted Ethical Breach (ECF No. 89) and in his reply in support of the Motion for TRO (ECF No. 90).

- The Motion for Temporary Restraining Order: On March 24, 2025, Plaintiff filed the Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing (the "Motion for TRO"). ECF No. 66. The following week, on March 31, 2025, Plaintiff filed a notice with the Court requesting that it hold the Motion for TRO in abeyance "pending resolution of threshold matters presently before the Court"—namely, the baseless accusations of fraud and conflict in the Motion to Disqualify. ECF No. 78. Despite the ambiguity created by Plaintiff's conflicting requests (and the implicit concession that Plaintiff was facing no irreparable harm), D. Kideckel and Ms. Saibil timely opposed the Motion for TRO on April 7, 2025. ECF No. 87. Plaintiff's reply, filed on April 8, 2025, did not revisit the grounds for the Motion for TRO, but instead reiterated the same allegations previously made in his Motion to Disqualify—the purported procedural impropriety and fraud of opposing counsel. ECF No. 90.

- Filings Addressing the Timeliness of Ms. Saibil's Motion to Dismiss: On March 18, 2025, in Plaintiff's Notice of Attempt to Confer Pursuant to Rule 16.3, Plaintiff notified the Court of Ms. Saibil's "continued delay and failure to contest allegations in a timely manner" because she had not yet filed a responsive pleading—nearly a month before the April 16, 2025 deadline. ECF No. 61. Plaintiff made a similar observation on March 26, 2026, in a Status Update submitted to

---

without leave of court because "there is no automatic right to file a surreply to be found in the Federal Rules of Civil Procedure or the Local Rules of this Court.").

the Court. ECF No. 72. Ms. Saibil timely moved to dismiss on April 16, 2025. ECF No. 94. In the Motion to Strike, Plaintiff nevertheless claims the Motion to Dismiss was "late" and filed under a purported conflict. Mot. to Strike at 1.

- <u>Filings Revisiting D. Kideckel's Purported Default</u>: Months after moving for the entry of default as to D. Kideckel, Plaintiff filed a procedurally improper Supplemental Brief in Support of Plaintiff's Motion for Entry of Default Against Defendant David Kideckel. ECF No. 98. The filing made many of the same arguments about service on D. Kideckel and argued that his continued "silence" was a fraud on the Court.

- <u>Filings Regarding Discovery</u>: Plaintiff first sought discovery from the Court as early as December 8, 2024 (ECF No. 12) but started making repeated requests in March 2025. His Motion for TRO (ECF No. 66), Motion for Targeted Discovery into Fraudulent Declarations and MTD Exhibits (ECF No. 81), and Notice of Ripeness (ECF No. 80)—all filed within one week of each other—sought discovery from defendants and their counsel. At approximately the same time, Plaintiff served litigation hold notices on LBKM and counsel for other defendants. *See* ECF No. 89. Plaintiff also filed a purported request for subpoenas to issue on March 14, 2025, which lacked a brief and consisted of a sole subpoena to Alphabet, Inc., Google's parent company, seeking a log of Plaintiff's emails with "any user named 'Aram.'" ECF No. 57. D. Kideckel and Ms. Saibil timely opposed Plaintiff's motion for targeted discovery on April 14, 2025. ECF No. 92. On April 21, 2025, Plaintiff submitted a reply in support of his Motion for Targeted Discovery (ECF No. 99), in which he repeated many of the same allegations of "procedural fraud."

- <u>Miscellaneous Filings Seeking Relief Against Unnamed Defendants</u>: In addition to the filings specifically targeting D. Kideckel and Ms. Saibil, Plaintiff has submitted other filings seeking relief against unspecified defendants. For example, on March 17, 2025, Plaintiff moved

6

for declaratory relief, which he noted would "be used in Plaintiff's Ontario appeal to establish the liability of all Defendants." ECF No. 59. Similarly, when opposing Aram Simovonian's motion to dismiss, Plaintiff cross-moved for leave to file a Supplemental Complaint on March 24, 2025. ECF No. 69.[4]

Since March 10, 2025, the docket has more than doubled in size. The most recent nine docket entries are all from Plaintiff. ECF Nos. 96-104.

## ARGUMENT

### I.     Standard of Law

Plaintiff brings the Motion for Sanctions pursuant to 28 U.S.C.§ 1927, which provides that "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Though the D.C. Circuit "has not yet established whether the standard for imposition of sanctions under 28 U.S.C. § 1927 should be recklessness or the more stringent bad faith, an attorney's behavior must be at least reckless to be sanctionable."[5] *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558 (JDB), 2022 WL 4182223, at *15 (D.D.C. Sept. 13, 2022) (quoting *Chandler v. Berlin*, Case No. 18-cv-02136 (APM), 2020 WL 5593905, at *6 (D.D.C. Sept. 18, 2020)). This is a "high threshold" (*United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir.1992)), granted "only in instances of a serious and studied disregard for the orderly process of justice" and upon a showing of "clear and convincing evidence." *Cowtown Found., Inc.*

---

[4] On April 26, 2025, Plaintiff filed a Notice of Correction (ECF No. 101) to provide the Court an update on Hope Springman (who is not a party to this litigation) and to alert the Court that Plaintiff may, at an undetermined point in time, seek leave to amend his complaint to lodge claims against LBKM.

[5] Plaintiff is not pursuing sanctions pursuant to the Court's inherent powers. Were he to do so, a more stringent showing of bad faith—that an "unreasonable delay [w]as the *purpose* of the attorney's actions"—would be required. *Wallace*, 964 F.2d at 1219 (emphasis in original).

7

*v. U.S. Dep't of Agric.*, No. CV 22-1258 (RC), 2023 WL 5507280, at *6 (D.D.C. Aug. 25, 2023), *appeal dismissed sub nom. Cowtown Found. Inc. v. United States Dep't of Agric.*, No. 23-5226, 2024 WL 1693614 (D.C. Cir. Apr. 12, 2024)).

The Motion to Strike is brought pursuant to Federal Rule of Civil Procedure 12(f), which provides that the Court may strike a pleading, or portions thereof, that are "redundant, immaterial, impertinent, or scandalous." "A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand." *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 263 (D.D.C. 2004). "Scandalous" statements are those that "unnecessarily reflect[] on the moral character of an individual" or that state anything in "repulsive language that detracts from the dignity of the court." *Id.* Motions to strike are "generally disfavored, being regarded as 'time wasters.'" *Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004). As such motions are an "exceptional remedy," "the proponent of such a motion must carry a 'formidable burden.'" *Barnes v. D.C.*, 289 F.R.D. 1, 6 (D.D.C. 2012) (quoting *Jud. Watch*, *Inc.,* 224 F.R.D. at 264).

## II. The Motion for Sanctions and Motion to Strike Attempt to Relitigate the Motion to Disqualify

Plaintiff fails to satisfy the standard to impose sanctions or strike Ms. Saibil's Motion to Dismiss. With regard to the Motion for Sanctions, "the purpose of [section 1927] is 'to deter unnecessary delays in litigation,'" and an award under the statute is proper only when "the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for" that improper purpose. *Alexander v. F.B.I.*, 186 F.R.D. 6, 11 (D.D.C. 1998). Here, Plaintiff has paid only lip service to the concept of delay, with various conclusory references to "procedural," "strategic," or "deliberate[]" delay, but nothing approximating clear and convincing evidence of such purported misconduct. With regard to the Motion to Strike, Plaintiff has not highlighted any "redundant, immaterial, impertinent, or scandalous" material in the Motion

8

to Dismiss. *See Cobell v. Norton*, No. CIV.A. 96-1285 RCL, 2003 WL 721477 (D.D.C. Mar. 3, 2003) ("[The] motion to strike must be denied because it commits the equally objectionable sin of frivolity.") (citing *United States v. Property Identified as Lot Numbered 718*, 983 F. Supp. 9, 13 (D.D.C. 1997)). Likewise, Plaintiff has failed to cite any case law suggesting that sanctions or striking would be merited under these circumstances.[6]

The crux of Plaintiff's argument in the Motions for Sanctions and to Strike is LBKM's alleged misconduct. The Motion for Sanctions seeks to rectify a purported "campaign of deliberate litigation abuse orchestrated by [LBKM]" due to its supposed conflict (Mot. for Sanctions at 1), while the basis for the Motion to Strike is LBKM's supposed "sanctionable conduct" arising from its representation of "parties with irreconcilably adverse interests" (Mot. to Strike at 1, 2). Plaintiff confirmed as much in an email to Chambers on April 30, 2025, wherein he asked the Court to consolidate the Motion for Sanctions and Motion to Strike (as well as Ms. Saibil's Motion to Dismiss) because the record purportedly demonstrates LBKM's alleged "dual representation and ethical violations." Exhibit A. This issue has, as Plaintiff concedes, been fully briefed in connection

---

[6] Plaintiff has again cited a collection of inapplicable case law in support of his argument. For example, in the Motion for Sanctions, Plaintiff describes *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 885 (5th Cir. 1988) as a case where the court found liability under § 1927 because the conduct "manifests intentional or reckless disregard to the duties to the court." Mot. for Sanctions at 3. In that case, not only did the Fifth Circuit "affirm the district court's order denying attorney's fees under 28 U.S.C. § 1927" (*id.*) but the words "intentional" and "reckless" do not appear in the opinion. Moreover, much of the language quoted by Plaintiff from those cases does not exist. By way of example, the Supreme Court's decision in *Chambers v. Nasco*, 501 U.S. 32 (1991) does not state that sanctions are appropriate where an attorney exhibits "serious and studied disregard for the orderly process of justice" or that courts have "the inherent power to sanction misconduct in order to preserve the integrity of the judicial process," as claimed in the Motion for Sanctions. And *United States ex rel. Johnson v. Golden Gate Nat'l Senior Care, L.L.C.*, 223 F. Supp. 3d 882, 911 (D. Minn. 2016), addressed a motion to strike an "evidence chart," did not involve a purported conflict of interest, and certainly did not state that "[c]ourts may strike filings that are improperly made, such as by unauthorized parties or counsel under conflict," as claimed in the Motion to Strike.

9

with the Motion to Disqualify. Mot. to Strike at 2; ECF No. 80. To continue to litigate the same issue would, itself, be a "multipli[cation of] the proceeding" (28 U.S.C. § 1927) and a "time waster" (*Cobell*, 224 F.R.D. at 5).

LBKM neither faced a conflict of interest nor has it committed fraud. Its continued representation of D. Kideckel and Ms. Saibil is a routine matter and is not, as Plaintiff claims, a "taint" on the Court. Accordingly, the actions LBKM has taken on behalf of its clients—responses to Plaintiff's baseless filings, the Motion to Dismiss filed on behalf of Ms. Saibil, and now, this supplemental opposition to the instant motions—are not sanctionable pursuant to 28 U.S.C. § 1927, and its filings on behalf of its clients should not be stricken.

## CONCLUSION

For the foregoing reasons, D. Kideckel and Ms. Saibil respectfully request that this Court deny Plaintiff's Motion for Sanctions and Motion to Strike.

Dated: May 2, 2025

                Respectfully submitted,

                 /s/ *Jeffrey D. Robinson*

                Jeffrey D. Robinson, D.C. Bar No. 376037
                LEWIS BAACH KAUFMANN MIDDLEMISS pllc
                1050 K Street NW, Suite 400
                Washington, DC 20001
                Telephone: (202) 833-8900
                Facsimile: (202) 466-5738
                Jeffrey.Robinson@lbkmlaw.com

                Elizabeth Velez
                LEWIS BAACH KAUFMANN MIDDLEMISS pllc
                115 E. 44th Street, 25th Floor
                New York, NY 10017

Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for Defendants David Kideckel and Dahlia Saibil*