IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL | ) |
| Plaintiff | ) CASE NO.:   1:24-cv-02907-CJN |
| V. | ) |
| | ) |
| THE FOREIGN NATION OF CANADA, et al. | ) |
| Defendants. | ) |
| | ) |

# **<u>PLAINTIFF'S OPPOSITION TO DEFENDANT SAIBIL'S MOTION TO DISMISS</u>**

(Filed in the Alternative and for Preservation of Rights)

Plaintiff Brent Kideckel respectfully files this opposition to Defendant Dahlia Saibil's Motion to Dismiss ("MTD"), filed under the signature of disqualified and ethically compromised counsel, Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC ("LBKM"). The motion was submitted on the 90th day—a tactical timing designed to preserve procedural posture while evading direct accountability for the mounting record of misconduct.

Plaintiff has already filed a Motion to Strike this MTD (ECF 97), and separately moved to sanction Defendant Saibil for her participation in this tainted pleading and for aligning herself with counsel known to be under ethical and procedural fire (ECF 96). This opposition is filed only in the alternative and for the limited purpose of preservation in the event the Court declines to strike the MTD in its entirety. Plaintiff expressly maintains and reasserts all arguments in his motion to strike and underscores that this opposition does not concede the legitimacy or ethical permissibility of the filing.

**RECEIVED**
APR 30 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**I. The Motion to Dismiss Is Procedurally Tainted and Ethically Unsalvageable**

The Court is already aware that:

- Jeffrey Robinson, of LBKM, has been the subject of a fully briefed Motion to Disqualify (ECF 52),

- Defendant Saibil is represented by this same counsel,

- The MTD was filed after the motion to disqualify was fully briefed, and

- Within 24 hours, co-defendant City of Toronto's counsel (Christopher Barraza) filed a formal withdrawal from the case, signaling an internal recognition of the irreparable taint now surrounding this litigation.

It is hard to imagine a more audacious act than this: a tainted lawyer, already facing disqualification, filing a tainted motion to dismiss on behalf of a lawyer-defendant, who herself is now implicated in ongoing retaliation, and whose filing caused the sovereign co-defendant's own attorney to withdraw to escape association.

The Court should be reminded of the following principles:

- In Waid v. Merrill Lynch, 2022 WL 2306213, at *6 (D.D.C. 2022), the court reaffirmed that "[f]ilings submitted under an unresolved cloud of ethical conflict must be viewed with skepticism and, when necessary, struck to preserve the integrity of the proceedings."

- Hull v. Celanese Corp., 513 F.2d 568, 572 (2d Cir. 1975) holds that a lawyer may not continue to represent a party where the representation would compromise fairness or create the appearance of divided loyalty.

- Under Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991), the Court has inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process"—which includes unethical filings that corrode record integrity.

- In re Liotti, 667 F.3d 419 (4th Cir. 2011) affirms that attorneys have a duty to disavow improper litigation conduct and that failing to do so—even passively—may result in sanctions and disqualification.

Here, Robinson not only failed to disavow—he doubled down.

And Saibil, herself an attorney, allowed it to happen, despite knowledge of ongoing ethical conflict, despite the public record of a conceded Motion to Disqualify LBKM, and despite the withdrawal of another co-defendant's counsel.

This isn't procedural error. This is willful alignment with procedural corruption.

### II. Defendant Saibil Has Already Sought Relief—She Cannot Now Claim Jurisdictional Deficiency

The MTD's jurisdictional arguments are barred. Defendant Saibil:

- Has already appeared in this case,
- Has sought affirmative relief,
- And has already participated in the litigation with full knowledge of Plaintiff's claims and identity

A party who engages the merits and seeks relief waives personal jurisdiction objections. See Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1129 (9th Cir. 2010) (personal jurisdiction may be waived through participation in litigation); Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 703 (1982).

Her jurisdictional objection is not only waived—it is procedurally insulting given her prior arguments and knowing engagement with the record.

### III. Defendant Saibil's Conduct Was Knowing and Deliberate

As Plaintiff has already alleged:

- Defendant Saibil filed a false police report in Toronto knowing Plaintiff resided in the United States.
- She is a lawyer.
- She had, and continues to have, full knowledge of the procedural collapse surrounding this case.

- She has elected to align herself with the very counsel at the center of that collapse.

This is not passive acquiescence. This is deliberate participation in ongoing retaliatory abuse, under the guidance of an attorney already facing a disqualification motion and a six-figure sanctions motion.

### IV. The Complaint States Plausible Claims and Dismissal Is Improper

Even if the Court were to consider the motion on its merits—which it should not—dismissal is unwarranted. The complaint alleges:

- Coordinated retaliatory legal action by and among the defendants,

- Knowledge by Defendant Saibil of Plaintiff's residence and vulnerability,

- Her role in fraudulently triggering foreign law enforcement actions despite U.S. jurisdiction and constitutional protection,

- Her continued association with co-defendants under fraud and ethics allegations.

These are not abstract claims. They are factually pled, legally cognizable, and entitled to discovery under Rule 8 and Rule 12(b)(6) standards. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

### V. The Motion Must Be Stricken or Sanctioned

Finally, Plaintiff reminds the Court that this MTD is the very filing that triggered Plaintiff's Motion to Sanction Defendant Saibil. (ECF 96). Its submission by tainted counsel, following weeks of silence under a litigation hold, and amid known dual representation, is not merely inappropriate—it is sanctionable.

The Court need not wait for further briefing to know what is before it:

- A tainted motion,

- Authored by tainted counsel,

- Filed on behalf of a lawyer who aligned herself with procedural fraud.

**CONCLUSION**

The Motion to Dismiss must be denied on the merits, and should be struck on procedural and ethical grounds. Alternatively, Plaintiff requests that the Court act on his pending Motion to Strike and Motion for Sanctions against Defendant Saibil for knowingly participating in and benefiting from tainted litigation strategy.

Dated: April 30, 2025

Respectfully submitted,

Brent Kideckel

Pro se Plaintiff

brentkideckel@gmail.com

P.O. Box 20901

Floral Park, NY 11002