# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>                Plaintiff,<br>   v.<br><br>THE FOREIGN NATION OF CANADA, DOUG DOWNEY as Attorney General of Ontario, THE PROVINCE OF ONTARIO CANADA, THE CITY OF TORONTO CANADA, DAVID J.N. WILSON, DAVID KIDECKEL, DAHLIA SAIBIL, ARAM SIMOVONIAN, GARY CAPLAN, IAN SINKE, JOHN DOE 1-15, UNITED STATES CITIZENSIHP & IMMIGRATION SERVICES "USCIS"<br><br>                Defendants. | No. 1:24-cv-02907-CJN |

## REPLY IN SUPPORT OF DEFENDANT DAHLIA SAIBIL'S MOTION TO DISMISS

Defendant Dahlia Saibil ("Ms. Saibil"), through undersigned counsel, submits this Reply in Support of her Motion to Dismiss (the "Motion to Dismiss," ECF No. 94). In response to the Motion to Dismiss, Plaintiff Brent Kideckel ("Plaintiff") has submitted a number of filings—the Motion to Strike the Motion to Dismiss (ECF No. 97), the Motion for Sanctions against Ms. Saibil and her counsel (ECF No. 96), and the Combined Notice of Non-Opposition of both of the aforementioned motions (ECF Nos. 106, 107)—that reiterate the same baseless claims of purported fraud made in Plaintiff's fully-briefed Motion to Disqualify but do not substantively address Ms. Saibil's dispositive arguments for dismissal.[1]  Plaintiff's fourth filing in response to

---

[1] The Motion to Disqualify was opposed by Ms. Saibil and David Kideckel on March 25, 2025 (ECF No. 68), and Ms. Saibil will not respond to Plaintiff's assertions of "taint" again here.

Ms. Saibil's motion, the Opposition to Defendant Saibil's Motion to Dismiss (the "Opposition," ECF No. 108), purports to respond to the Motion to Dismiss. It is, however, more of the same: the Opposition continues to peddle an unfounded narrative of "procedural taint" while barely engaging Ms. Saibil's arguments demonstrating that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), (2), and (6). As the Motion to Dismiss makes clear, Plaintiff's claims against Ms. Saibil should be dismissed for a number of reasons.

*First*, Plaintiff does not contest that the Court lacks subject matter jurisdiction over his claims. This proceeding, which involves common law claims asserted by a Canadian citizen[2] against various Canadian defendants (including Ms. Saibil), does not pose a "federal question" or involve claims "between parties of diverse citizenship," as required by 28 U.S.C. §§ 1331 and 1332. Moreover, because Plaintiff has affirmatively sought a jury trial (Compl. at 1) and substantively failed to make an argument for the denial of sovereign immunity to the City of Toronto (Toronto Defendants' Reply to Plaintiff's Opposition to the Toronto Defendants' Motion to Dismiss (ECF No. 83) at 7-8), this proceeding is not a "nonjury civil action" against a "foreign state that is not entitled to immunity" pursuant to 28 U.S.C. § 1330(a). Plaintiff has not pleaded—and cannot plead—facts that bring this suit within the Court's jurisdiction, and the action merits

---

Plaintiff purports to support his reiterated argument in the Opposition with several cases, including *Waid v. Merrill Lynch*, 2022 WL 2306213 (D.D.C. 2022). Ms. Saibil was unable to locate this authority, which appears not to exist.

[2] In the Complaint, Plaintiff alleges that he is an individual of "Canadian origin" with Canadian citizenship who is seeking United States citizenship. Compl. (ECF No. 1) ¶¶ 11, 31. In recent filings, he now claims, without evidence, to be an American citizen. *See* Plaintiff's Mot. for Sanctions Under 28 U.S.C. § 1927 Against Jefferey Robinson, Annika Conrad, Lewis Baach Kaufmann Middlemiss PLLC, and Dahlia Saibil (ECF No. 96) at 13. Plaintiff's citizenship should be assessed according to the allegations in his pleading, and his contradictory and unverified statements in subsequent briefs should be given no weight. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (while a court may consider material outside of the pleadings, "[d]iversity citizenship is assessed at the time the suit is filed.").

dismissal on those grounds, alone. *See Pittman v. Assurance Tr.*, No. 1:24-CV-02985 (UNA), 2025 WL 471219, at *2 (D.D.C. Feb. 11, 2025) (dismissing *pro se* plaintiff's complaint for failure to state a federal question or establish diversity of citizenship).

*Second*, the Court lacks personal jurisdiction over Ms. Saibil. Plaintiff does not contest that Ms. Saibil is a citizen and resident of Canada who at all times acted therein (*see* Compl. ¶¶ 4, 5, 44-45, 156, 176, 177, 214), or that Ms. Saibil did not cause Plaintiff, a resident of California, injury in the District of Columbia or otherwise direct her actions there. ECF No. 28 at 3. Rather, the Opposition asserts that, by appearing and participating in this matter, Ms. Saibil has waived her jurisdictional defense.[3] Plaintiff is wrong. In the District of Columbia, a defendant waives her objection to personal jurisdiction by "explicitly consenting to the Court's jurisdiction or by failing to raise the personal jurisdiction challenge in a responsive motion filed under Rule 12 of the Federal Rules of Civil Procedure." *Buesgens v. Brown*, 567 F.Supp.2d 26, 36 n.10 (D.D.C. 2008). Ms. Saibil has done neither; she has not consented to the Court's jurisdiction, and her responsive pleading, the Motion to Dismiss, explicitly raises a challenge to personal jurisdiction. ECF No. 94-1 at 12-15.

While Plaintiff's numerous submissions—his motion to disqualify Ms. Saibil's counsel (ECF No. 52), motion for a temporary restraining order affecting Ms. Saibil (ECF No. 66), and motion for discovery of her privileged communications with her counsel (ECF No. 81)—have required Ms. Saibil to file oppositions, she has asserted and unequivocally preserved the defense of personal jurisdiction in each filing. *See* David Kideckel and Dahlia Saibil's Opp. to Plaintiff's

---

[3] Plaintiff incorrectly asserts that Ms. Saibil has waived her objection to personal jurisdiction because she has "sought affirmative relief" in this matter. Ms. Saibil's participation in this case has been, limited to defending against Plaintiff's baseless motions (ECF Nos. 68, 87, 92, 105) and seeking dismissal of the claims asserted against her (ECF No. 94). She has not moved for affirmative relief.

Mot. to Disqualify (ECF No. 68) at 5 n.1; David Kideckel and Dahlia Saibil's Opp. to Plaintiff's Emergency Mot. for Temporary Restraining Order (ECF No. 87) at 1 n.1; David Kideckel and Dahlia Saibil's Opp. to Plaintiff's Mot. for Targeted Discovery (ECF No. 92) at 1 n.1. Her actions are not tantamount to a waiver of the defense of personal jurisdiction under any circumstances, especially here, where Ms. Saibil has been forced to defend against a flood of baseless motions before filing the Motion to Dismiss. *See, e.g.*, *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (defendant's submission of motion to stay was not "initial responsive pleading" pursuant to which defendant waived personal jurisdiction defense). "The D.C. Circuit has instructed that 'fairness, not excessive technicality, is the guiding principle under … the Federal Rules of Civil Procedure,'" and where Ms. Saibil has not "omit[ted] the jurisdictional reference or concede[d] the issue altogether," she has not waived her defense.[4] *Fiorentine v. Sarton Puerto Rico, LLC*, 486 F. Supp. 3d 377, 382 (D.D.C. 2020).

    *Third*, Plaintiff has failed to allege any claims against Ms. Saibil. As argued in the Motion to Dismiss, Plaintiff's claims are legally deficient under both Canadian law and the law of the District of Columbia. The Opposition does not address the numerous issues identified in the Motion to Dismiss but asserts only that the claims are "factually pled, legally cognizable, and entitled to discovery." Opp. at 4. Plaintiff's conclusory statement, while paying lip service to federal pleading standards (*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554 (2007)), does nothing to satisfy them. Ms. Saibil's arguments pursuant to Rule 12(b)(6) are essentially uncontested.

---

[4] Plaintiff cites *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1129 (9th Cir. 2010) for the proposition that "personal jurisdiction may be waived through participation in litigation." Opp. at 3. *Peterson* addressed issues specific to the Foreign Sovereign Immunities Act, and did not address the waiver of personal jurisdiction.

For the foregoing reasons, Ms. Saibil respectfully requests that the Court grant her Motion to Dismiss.

Dated: May 7, 2025                                Respectfully submitted,

                                         */s/ Jeffrey D. Robinson*
Jeffrey D. Robinson, D.C. Bar No. 376037
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Jeffrey.Robinson@lbkmlaw.com

Elizabeth Velez
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
115 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for Dahlia Saibil*

5