IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| BRENT KIDECKEL | |
|---|---|
| Plaintiff | CASE NO.:   1:24-cv-02907-CJN |
| V. | |
| THE FOREIGN NATION OF CANADA, et al. | |
| Defendants. | |

# NOTICE REGARDING MAY 5, 2025 NEF TAG AND CONTINUED MISCONDUCT BY JEFFREY ROBINSON

Plaintiff respectfully submits this notice to memorialize for the record a critical procedural development that occurred on Monday, May 5, 2025, and the defense's subsequent and revealing conduct.

On that date, all counsel of record, including Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC (LBKM), were copied on an official Notice of Electronic Filing (NEF) in this matter which included a termination marker next to Mr. Robinson's name. That notation was interpreted by Plaintiff — and reasonably so — as an indication of a sua sponte termination by the Court, especially given the pending motion to disqualify and extensive filings detailing Mr. Robinson's role in advancing conflicted and tainted pleadings.

Subsequent review and confirmation from Plaintiff's sources now suggest that this termination tag was not accidental, but rather a likely byproduct of back-end docket preparation — i.e., the internal staging of a forthcoming ruling. That is a process familiar to seasoned federal practitioners. All counsel on this docket, including Mr. Robinson and his colleagues at LBKM, should have recognized this procedural signal for what it was: a prelude to judicial correction and realignment.

**RECEIVED**
May 13 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Yet when Plaintiff brought the termination marker to the attention of defendants — rather than address the issue, inquire with chambers, or move for clarity on the record — Mr. Robinson chose instead to respond with brazen procedural contempt: he made another tainted filing on behalf of a co-defendant just two days later, without acknowledging or seeking clarification of his standing or status. The filing was made while the motion to disqualify remains pending, and after a public record now suggests that internal action by the Court was already underway.

Mr. Robinson's decision to proceed as if the docket were unaware or unregulated is not merely aggressive. It is a deliberate affront to the Court's authority and a continuation of the same institutional disregard that triggered the disqualification and sanctions proceedings in the first place.

Plaintiff provides this notice to:

- Confirm that all parties were notified via NEF of Mr. Robinson's apparent termination on May 5 in CM/ECF;

- State that Plaintiff's conclusion — later supported by external confirmation — is that this reflected internal staging of a ruling, not accidental removal;

- Note that Mr. Robinson's response was not clarification or retreat, but renewed filing — a display of defiance and contempt toward the Court's process;

- Emphasize that Plaintiff will reference this incident in any forthcoming supplemental filings related to sanctions, procedural abuse, or post-ruling remedies.

The Court should not view this as an isolated event. It is the latest chapter in a persistent pattern of disrespect for judicial integrity by a counsel who has already poisoned the record, evaded ethical obligations, and now proceeds as though no ruling — and no consequence — is imminent.

May 13, 2025

Respectfully submitted,

*Brent Kideckel*

Brent Kideckel
Pro Se Plaintiff