**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL | \| |
| Plaintiff | \| CASE NO.:   1:24-cv-02907-CJN |
| V. | \| |
| | \| |
| THE FOREIGN NATION OF CANADA,  et al. | \| |
| Defendants. | \| |
| _____ | \| |

## PLAINTIFF'S MOTION TO DISQUALIFY CHRISTOPHER BARRAZA AND PHILLIPS LYTLE LLP, FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY, AND TO STRIKE ALL FILINGS AB INITIO

## INTRODUCTION

Plaintiff Brent Kideckel respectfully moves this Court to disqualify attorney Christopher Barraza and his law firm, Phillips Lytle LLP, from further participation in this case, and to impose sanctions for knowingly engaging in a conflicted and deceptive dual representation, failing to disclose material ethical violations, and abandoning the docket only after it became procedurally and reputationally unsafe to remain.

Barraza's conduct is emblematic of strategic withdrawal rather than ethical accountability. From the outset, Phillips Lytle LLP—through Barraza—represented multiple Canadian defendants in this litigation with adverse interests: the institutional entity (City of Toronto) and individual co-defendants implicated in the same events, including David Wilson.



**RECEIVED**

JUN 16 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

That dual representation was never disclosed, never waived, and never remedied. When the Court was formally presented with Plaintiff's unopposed motion to disqualify conflicted counsel Jeffrey Robinson, and Robinson filed a tainted motion to dismiss for Dahlia Saibil—under direct ethical and procedural cloud—Barraza withdrew the very next day, on April 17, 2025.

This was not coincidence. It was avoidance.

Plaintiff respectfully requests that the Court:

1. Disqualify Barraza and Phillips Lytle LLP retroactively and from any further participation;

2. Sanction them jointly and severally under 28 U.S.C. § 1927 and the Court's inherent powers;

3. Refer this matter for professional discipline if warranted;

4. And compel full cooperation in discovery, as the sovereign immunity defense upon which this conflict rested has collapsed in both fact and function.

## PROCEDURAL BACKGROUND

- January 2025: Christopher Barraza appeared on behalf of the City of Toronto, and an individual employee, David Wilson—who was already implicated in Plaintiff's constitutional claims and challenged filings.

- April 16, 2025: Jeffrey Robinson filed a motion to dismiss on behalf of Dahlia Saibil, despite having already been subject to a disqualification motion grounded in dual representation and fraud. Barraza took no action to correct the record or address overlapping representation of institutional and individual defendants.

- April 17, 2025: Barraza abruptly withdrew from the record, with no explanation, and substituted in junior associate Natalia Marte, who did not address or cure the conflict either. This withdrawal occurred the very next day after the conflicted filing for Saibil.

- May–June 2025: The sovereign immunity defense relied upon by the institutional defendants has failed to resolve the case, and discovery is now imminent. The conflict,

once papered over with presumptions of early dismissal, is now structural and inescapable.

- June 12, 2025: Ontario Superior Court of Justice issues a Notice of Hearing for June 19, 2025, to hear Defendants' Motion for Judgement- grounded in fabricated evidence and fraudulent non-compliant Service— and Plaintiff's Motion for Prohibition and Costs, seized to the Honorable Justice Akazaki, who intentionally included Graham Thomson, in-house counsel for the City of Toronto (and Ian Sink), who has no involvement or standing in this matter—a clear indication the Canadian court sees overlapping iiability.

Barraza did not act ethically. He retreated tactically, after knowingly participating in a procedural scheme that has now unraveled.

## GROUNDS FOR RELIEF

### I. Barraza and Phillips Lytle Engaged in Undisclosed Dual Representation From the Outset

Barraza never disclosed that his firm simultaneously represented both the City of Toronto and David Wilson, its employee, whose interests were facially adverse. Wilson is alleged to have knowingly and intentionally issued fraudulent arrest warrants, while the City's liability arises from institutional negligence, false arrest, and systemic misconduct.

There is no legitimate justification for a single law firm to represent both the accused actor and the accused enabler—particularly in a federal civil rights suit.

This is an impermissible dual representation under D.C. Rule of Professional Conduct 1.7(a). The rule does not permit lawyers to represent two clients with conflicting defenses in the same underlying fact pattern, particularly where claims involve intentional torts, police overreach, and malicious prosecution.

Moreover, this conflict was never cured or waived. No waiver was submitted, no motion for joint representation was filed, and no ethical disclosure was made. Instead, Barraza withdrew the day after a tainted MTD was filed by conflicted co-counsel, as if to distance himself from the record without disavowing it.

## II. The Collapse of the Sovereign Immunity Defense Requires Discovery—and Disqualifies Their Continued Role

Phillips Lytle's strategic assumption, from the beginning, was that its clients—especially institutional ones—would be dismissed early under sovereign immunity or jurisdictional abstention. That premise has now failed.

The Court has been presented with extensive evidence that Canadian officials, police actors, and their legal proxies crossed jurisdictional boundaries, committed intentional torts, and submitted fraudulent process and threats even after litigation began. Immunity is not self-executing, and neither Rule 12(b)(1) nor FSIA provides a shield for malicious conduct or criminal fraud.

Because dismissal has not occurred—and because discovery is imminent—Barraza's firm can no longer pretend that its dual allegiances do not matter. Their knowledge of prior filings, communications with codefendants, and internal participation in framing the defense strategy cannot be disentangled from upcoming discovery and potential witness testimony.

Barraza and Phillips Lytle LLP cannot ethically remain on this case in any capacity, nor can they shift ethical obligations onto junior counsel without disavowing the tainted filings.


## III. The Record Has Been Tainted, and All Filings Must Be Stricken *Ab Initio*

Plaintiff further requests that the Court strike all filings submitted by Barraza and Phillips Lytle LLP ab initio—including:

- All appearances, pleadings, and responsive filings made between their initial appearance and their April 17, 2025, withdrawal;

- Any filings made in reliance on joint representation or shared defense strategies;

- All responsive pleadings submitted under the institutional assumption of early immunity dismissal.

Filings submitted under a conflicted certification and never corrected cannot remain part of a clean record. The Court has the inherent authority to strike all pleadings infected by ethical

breaches, particularly when done to mislead or evade judicial review. See *Chambers v. NASCO*, 501 U.S. 32 (1991); *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 457 (4th Cir. 1993).

## IV. Disciplinary Referral Is Warranted

Barraza's silent withdrawal—without acknowledgment of the conflict, without corrective action, and without disavowing prior representations—raises serious concerns under the D.C. Rules of Professional Conduct. His firm knowingly participated in a strategy that depended on misrepresenting to the Court that there were no conflicts between institutional and individual defendants, while simultaneously litigating against the backdrop of bad-faith filings and procedural concealment.

At minimum, the following ethical violations apply:

- Rule 1.7 – Prohibited dual representation without waiver;

- Rule 3.3 – Failure to disclose conflict and correct tainted filings;

- Rule 5.1 – Lack of supervision and abdication of firm-wide responsibility;

- Rule 8.3 – Failure to report co-counsel's misconduct once known.

This Court may refer Barraza and Phillips Lytle LLP under Local Rule 83.15 to the appropriate bar authorities. If senior partners are allowed to step away quietly after shaping a compromised litigation strategy, the legal profession loses its credibility—and so does the Court's record.

## RELIEF REQUESTED

For the reasons stated herein, Plaintiff respectfully requests that this Court:

1. DISQUALIFY Christopher Barraza and Phillips Lytle LLP from further participation in this action;

2. STRIKE all filings submitted by Barraza and Phillips Lytle LLP ab initio, including appearances, responses, and any joint pleadings made under conflict;

3. IMPOSE MONETARY SANCTIONS under 28 U.S.C. § 1927 and the Court's inherent authority, in the amount of $250,000, jointly and severally;

4. REFER Barraza and the firm for investigation under Local Rule 83.15 and applicable professional conduct rules;

5. ORDER full cooperation in discovery, including deposition availability and document production relating to Barraza's knowledge and participation in defense strategy;

6. And grant such further and additional relief as the Court deems just and necessary.

## Sanction Discretion and Allocation

As with other sanctions sought in this case, Plaintiff defers to the Court's discretion in determining the allocation of any monetary penalty imposed. The Court may:

- Award funds compensatorily to Plaintiff;

- Treat them as punitive sanctions payable to the Court;

- Or allocate them to a neutral third-party fund, such as a public legal ethics program or court-supervised bar compliance initiative.

Plaintiff suggests a sanctions range of $200,000 to $300,000, with the $250,000 midpoint reflecting the unique harm caused by strategic withdrawal and early procedural taint.

Dated: June 16, 2025

Respectfully submitted,

Brent Kideckel
Plaintiff, Pro Se
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL | &#124; |
| Plaintiff | &#124;  CASE NO.:   1:24-cv-02907-CJN |
| V. | &#124; |
| | &#124; |
| THE FOREIGN NATION OF CANADA,  et al. | &#124; |
| Defendants. | &#124; |
| _____ | &#124; |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY CHRISTOPHER BARRAZA AND PHILLIPS LYTLE LLP, FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY AND TO STRIKE ALL FILINGS AB INITIO

## INTRODUCTION

This memorandum supports Plaintiff's motion to disqualify attorney Christopher Barraza and the law firm Phillips Lytle LLP, and to impose monetary sanctions for litigation misconduct that has undermined the integrity of this case from its inception.

The record shows that Phillips Lytle LLP, through Barraza, engaged in undisclosed dual representation, certified pleadings under conflict, and strategically withdrew only after being exposed to liability. The firm's conduct was not inadvertent; it was tactical. Barraza's withdrawal on April 17, 2025—the day after a motion to dismiss was filed by conflicted co-counsel—confirms this. So does his firm's silence in the face of ethical disqualification proceedings against Robinson.

Disqualification, sanctions, and striking of all conflicted filings are not discretionary responses to this misconduct. They are mandatory. The Court has the authority—and duty—to purge the record of tainted pleadings and sanction attorneys who gamble on silence as a litigation tactic.

# I. DISQUALIFICATION IS REQUIRED BASED ON UNWAIVABLE DUAL REPRESENTATION

Barraza represented the City of Toronto while knowingly participating in a defense strategy that implicated individual actors, including David Wilson. These parties have materially divergent interests. The City's liability arises from institutional negligence and retaliatory prosecution, while Wilson's exposure arises from his personal acts of malice, and harassment.

No attorney may simultaneously represent both a municipal actor accused of enabling misconduct and the individual accused of committing it, without waiver, disclosure, or strict procedural safeguards. Barraza did none of this. Nor did he disavow co-counsel's filings once they were shown to be tainted.

Under D.C. Rule 1.7, concurrent representation of parties with adverse legal interests is prohibited unless:

1. The attorney reasonably believes the dual representation will not be adversely affected;

2. The clients give informed consent, confirmed in writing.

Here, neither condition was met. The disqualifying conflict was live and disclaimed. See:

- *United States v. Wheat*, 486 U.S. 153, 162–63 (1988) ("Even where clients consent, courts retain wide latitude to disqualify counsel to preserve integrity.");

- *In re American Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992) ("Superficial compliance with consent procedures does not cure an unwaivable conflict.");

- *Coleman v. D.C.*, 284 F.R.D. 16, 21 (D.D.C. 2012) ("Disqualification is appropriate where defense strategy is shaped under ethical impairment.")

Barraza failed to disclose the conflict. His firm proceeded to shape strategy. When exposure became likely, he exited. That is not compliance—it is abdication.


## II. SANCTIONS ARE REQUIRED UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY

### A. Pattern of Bad Faith Warrants Sanctions Under § 1927

28 U.S.C. § 1927 authorizes monetary sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." The D.C. Circuit has applied § 1927 to attorneys who act in bad faith or recklessly abuse procedure in service of litigation tactics that mislead or delay. See *LaPrade v. Kidder Peabody*, 146 F.3d 899, 905 (D.C. Cir. 1998).

Barraza's conduct fits squarely within the statute:

- He entered the case under dual representation, which was never waived or disclosed;

- He participated in early strategy despite those conflicts;

- He withdrew only after disqualification proceedings had been triggered against others, knowing that discovery would soon implicate him or require certification of the record.


This conduct is not neutral. It is procedural opportunism. It delayed resolution, enabled fraud to continue unchallenged, and multiplied litigation through avoidance.

In *Iron Oak Inc. v. Porter et al.* (Harris County, Texas No. 2022−80846), the court imposed over $525,000 in sanctions against attorneys who filed a frivolous and fraudulent lawsuit with the improper purpose of forum manipulation and false factual premises. The court described the conduct as a "ruse … to defraud the courts" and emphasized that attorneys who knowingly advance litigation based on concealment and tactical silence warrant the full deterrent weight of § 1927.

Barraza did the same. His silence prolonged fraud. His withdrawal avoided the consequences.


### B. The Court May Also Sanction Under Its Inherent Authority

Even if § 1927 were unavailable, the Court may sanction attorneys under its inherent authority for conduct that constitutes a fraud upon the court, bad-faith litigation, or ethical abuse. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).

Barraza's retreat from the record—without disavowal, and without effort to cure the ethical breach—warrants sanctions under *Chambers*. His actions "defiled the temple of justice," id. at 46, and permitted the fraud to persist through silence.

Silence is not compliance. It is complicity.


## C. All Filings by Barraza and Phillips Lytle LLP Must Be Stricken *Ab Initio*

Any filings submitted under an undisclosed conflict of interest are presumptively tainted and subject to being stricken in full. Plaintiff respectfully requests that the Court strike all pleadings and appearances made by Phillips Lytle LLP while Christopher Barraza was counsel of record, including:

- All appearances;

- All responsive pleadings and pre-discovery submissions;

- All jointly filed motions relying on firm knowledge, certifications, or signed filings by Barraza.

The Court may strike pleadings under its inherent authority where the integrity of the docket has been compromised by attorney misconduct. *See Shaffer Equipment Co.*, 11 F.3d 450, 457 (4th Cir. 1993) ("Fraud on the court includes acts calculated to mislead the court into proceeding under false pretenses.")

Barraza's filings were made under a false presumption of ethical legitimacy. They should be treated as void from inception.


## D. Canadian Judicial Notice Confirms Institutional Knowledge and Cross-Border Coordination

Plaintiff further notes that on or about June 12, 2025, the Ontario Superior Court reassigned the related Canadian matter to Justice Akazaki and issued a formal Notice of Hearing that explicitly included Graham Thomson, in-house legal counsel for the City of Toronto, among the recipients —despite the fact that Thomson is not a party to the proceeding, nor has he appeared in any capacity.

This administrative inclusion is not bureaucratic happenstance. It constitutes tacit acknowledgment by the Ontario judiciary that the City of Toronto's legal apparatus is directly implicated in a broader scheme of retaliatory litigation abuse and procedural gamesmanship across jurisdictions. The inclusion of Thomson—without filing, motion, or representation— suggests the Court is aware that municipal actors are working behind the scenes to manipulate process and avoid judicial accountability.

This aligns with Plaintiff's argument that the same institutional actors represented in this Court by Phillips Lytle LLP are continuing to weaponize cross-border legal systems, while shielding themselves with procedural gaps and selective disclosure.

It also confirms that the pattern of ethical misconduct and concealment is not isolated to any one law firm, but rather reflects a coordinated institutional defense strategy now unraveling under judicial scrutiny.

For this reason as well, the Court should strike all conflicted and compromised filings from the record and proceed with sanctions under its full authority.

## III. DISCIPLINARY REFERRAL AND SANCTIONS ARE REQUIRED TO PRESERVE THE INTEGRITY OF THE COURT

This Court cannot permit senior attorneys to strategically withdraw in silence after contaminating the record with tainted filings, misrepresenting the nature of their role, and failing to disavow ethically impermissible conduct. The D.C. Rules of Professional Conduct, including Rules 1.7, 3.3, 5.1, and 8.3, impose affirmative duties that Barraza and Phillips Lytle LLP ignored at every turn.

As a matter of judicial ethics and deterrence, Plaintiff respectfully requests that the Court refer Barraza and his firm to the appropriate disciplinary authorities under Local Civil Rule 83.15.

Moreover, monetary sanctions are warranted not simply as a compensatory measure, but to penalize procedural abuse, concealment of conflicts, and unethical silence under the color of sovereign immunity.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. DISQUALIFY Christopher Barraza and Phillips Lytle LLP from any continued participation in this action;

2. STRIKE all filings and docket activity by Barraza and Phillips Lytle LLP ab initio, including but not limited to appearances, responsive pleadings, joint defenses, and procedural certifications made between their entry and withdrawal from the case;

3. IMPOSE MONETARY SANCTIONS in the amount of $200,000, jointly and severally, under 28 U.S.C. § 1927 and the Court's inherent authority, due to knowingly unethical representation, concealment of a dual representation conflict, and abuse of early procedural silence;

4. REFER Barraza and Phillips Lytle LLP for disciplinary investigation under Local Rule 83.15 and the applicable D.C. Rules of Professional Conduct;

5. ORDER full cooperation in forthcoming discovery, including availability for deposition and production of internal communications pertaining to conflicted strategy;

6. And grant such other relief as the Court deems just and appropriate.

## Sanction Allocation Discretion

Plaintiff expressly defers to the Court's discretion in determining the appropriate allocation of monetary sanctions. The Court may direct the $200,000 award as:

- Compensatory relief to Plaintiff for the cost of delay, reputational harm, and litigation inefficiency;

- Punitive damages payable to the Court as an exercise of inherent sanctioning power;

- Or to a neutral third-party legal ethics or judicial oversight fund, consistent with the Court's equitable role.

Plaintiff recommends a range of $150,000 to $250,000, with $200,000 as the midpoint reflecting the depth of strategic misconduct, the seniority of the actors involved, and the systemic nature of the abuse.

Dated: June 16, 2025

Respectfully submitted,

Brent Kideckel
Plaintiff, Pro Se
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL | \| |
| Plaintiff | \|  CASE NO.:   1:24-cv-02907-CJN |
| V. | \| |
| | \| |
| THE FOREIGN NATION OF CANADA,  et al. | \| |
| Defendants. | \| |
| _____ | \| |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY CHRISTOPHER BARRAZA AND PHILLIPS LYTLE LLP, STRIKE TAINTED FILINGS, AND IMPOSE SANCTIONS

Upon consideration of Plaintiff's motion to disqualify attorney Christopher Barraza and the law firm Phillips Lytle LLP, to strike their prior filings *ab initio*, and to impose sanctions under 28 U.S.C. § 1927 and the Court's inherent authority, and for good cause shown, it is hereby:

ORDERED that the motion is GRANTED;

IT IS FURTHER ORDERED that Christopher Barraza and Phillips Lytle LLP are disqualified from any continued participation in this matter;

IT IS FURTHER ORDERED that all appearances, pleadings, certifications, or filings submitted by Christopher Barraza or Phillips Lytle LLP are hereby stricken from the record as void *ab initio*;

IT IS FURTHER ORDERED that monetary sanctions in the amount of $200,000 are imposed jointly and severally against Christopher Barraza and Phillips Lytle LLP under 28 U.S.C. § 1927 and the Court's inherent powers;

IT IS FURTHER ORDERED that the Court shall determine, in its discretion, the allocation of the monetary sanctions, including whether they shall be awarded:

- (a) as compensatory damages to Plaintiff;

- (b) as punitive sanctions payable to the Court; or

- (c) to a neutral third-party fund serving judicial integrity or legal ethics;

IT IS FURTHER ORDERED that all filings, responses, joiners or memoranda be stricken ab initio;

IT IS FURTHER ORDERED that this matter is referred to the appropriate disciplinary authorities for further review under Local Civil Rule 83.15;

IT IS FURTHER ORDERED that Phillips Lytle LLP shall cooperate fully with any forthcoming discovery requests or subpoenas relevant to their conflicted representation, communications, and withdrawal.

SO ORDERED.

Date: _____
Washington, D.C.


HON. CARL J. NICHOLS
United States District Judge

# EXHIBIT "A"

 Gmail

**Brent K <brentkideckel@gmail.com>**

## Hybrid Hearing: KIDECKEL v. KIDECKEL - CV-24-00713955-0000
3 messages

**JUS-G-MAG-CSD-Long Motions** <LongMotionsStatus.Judge@ontario.ca>
To: Aram Simovonian <asimovonian@limalaw.ca>
Cc: "Brent R. Kideckel" <brentkideckel@gmail.com>, "kideckelsaibilspringmanlawsuit@gmail.com"
<kideckelsaibilspringmanlawsuit@gmail.com>, Tony Antoniou <tony@alaw.ca>, "asimovonian@limalaw.ca"
<asimovonian@limalaw.ca>, Graham Thomson <Graham.Thomson@toronto.ca>, Ian Sinke <ian@alaw.ca>

Thu, Jun 12, 2025 at 12:38
PM

Good afternoon,

This hybrid hearing will proceed on June 5, 2025, at 10:00 A.M. at 330 University Ave, Toronto, ON M5G
1R8 in courtroom 9-2 and via Zoom. Kindly forward this email to all other participants.

Please see the link below to the Wi-Fi application form.

Ontario Public Service (OPSGuest) Wi-Fi Account Application

The Wi-Fi name has changed to Ontario Guest but parties are advised upon receiving their credentials that
they may see a different Wi-Fi signal name.

Attached is the Wi-Fi request form to be completed by each counsel/participant and submitted to
wifi@ontario.ca if you wish to connect to the court's Wi-Fi.

_Please be advised that all parties listed on this email have been invited to access Case Center. Please upload all_
_materials for the Hearing to the appropriate bundle on Case Center immediately. As a reminder, it is incumbent on the_
_moving parties to ensure that all relevant parties are invited to the Case Center page._

To upload court documents and exhibits for this case, click here: KIDECKEL v. KIDECKEL

Below are the Zoom details for the.  Kindly forward to all who should attend.

Topic: AKAZAKI, J.

Time: Jun 19, 2025 10:00 PM Eastern Time (US and Canada)

Join Zoom Meeting

https://ca01web.zoom.us/j/64249909132?pwd=2Waqic8Hy4RYQbT6EGFPhwyzVNVnnc.1

Meeting ID: 642 4990 9132

Passcode: 721353

---

One tap mobile

+16473744685,,64249909132#,,,,*721353# Canada

+16475580588,,64249909132#,,,,*721353# Canada

---

Dial by your location

• +1 647 374 4685 Canada

• +1 647 558 0588 Canada

• +1 778 907 2071 Canada

• +1 204 272 7920 Canada

• +1 438 809 7799 Canada

• +1 587 328 1099 Canada

• +1 613 209 3054 Canada

• 833 643 3358 Canada Toll-free

• 833 955 1088 Canada Toll-free

• 833 958 1164 Canada Toll-free

• 855 703 8985 Canada Toll-free

• 833 643 3354 Canada Toll-free

• 833 643 3355 Canada Toll-free

• 833 643 3356 Canada Toll-free

• 833 643 3357 Canada Toll-free

• 833 928 4610 US Toll-free

• 877 853 5247 US Toll-free

• 888 788 0099 US Toll-free

• 833 548 0276 US Toll-free

• 833 548 0282 US Toll-free

• 833 928 4608 US Toll-free

• 833 928 4609 US Toll-free


Meeting ID: 642 4990 9132

Passcode: 721353


Find your local number: https://ca01web.zoom.us/u/gcTgYtnEdq


---


Join by SIP

• 64249909132@zmca.us


---


Join by H.323

• 159.124.168.213 (Canada Toronto)

• 159.124.196.25 (Canada Vancouver)


Meeting ID: 642 4990 9132

Passcode: 721353


*Please be advised that all parties listed on this email have been invited to access Case Center. Please upload all materials for the hearing to the appropriate bundle on Case Center immediatelyte. As a reminder, it is incumbent on the moving parties to ensure that all relevant parties are invited to the Case Center page.*


To upload court documents and exhibits for this case, click here:



**WARNING:  Under section 136 of the Courts of Justice Act, it is an offence for anyone to copy, record, publish, broadcast or disseminate a court hearing or any portion of it, including a hearing conducted over videoconference or teleconference, without leave of the Court. This prohibition includes screenshots.**


**Furthermore, members of the public and all other persons in the courtroom must comply with the terms of the Court's protocol on the use of electronic devices in the courtroom, which is available on the Superior Court of Justice website.**

Civil Trial Office.

Ministry of Attorney General

Superior Court of Justice – Civil Trial Office

330 University Ave., 7th Floor.

Toronto, ON M5G 1R7

longmotionsstatus.judge@ontario.ca

**WARNING:  Under section 136 of the Courts of Justice Act, it is an offence for anyone to copy, record, publish, broadcast or disseminate a court hearing or any portion of it, including a hearing conducted over videoconference or teleconference, without leave of the Court. This prohibition includes screenshots.**

**Furthermore, members of the public and all other persons in the courtroom must comply with the terms of the Court's protocol on the use of electronic devices in the courtroom, which is available on the Superior Court of Justice website.**

Regards

Civil Trial Office.

Ministry of Attorney General

Superior Court of Justice – Civil Trial Office

330 University Ave., 7th Floor

Toronto, ON  M5G 1R7

longmotionsstatus.judge@ontario.ca

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 20, 2025 11:17 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / June 19, 2025

        **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Dear Honourable Court:

Please find attached the Motion Confirmation form for this matter which has been scheduled to now proceed on June 19, 2025.

Thank you for your assistance.

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Aram Simovonian
**Sent:** Tuesday, May 20, 2025 8:38 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Thank you very much – I appreciate it.

I will resubmit the form in the next day / two.

Kind Regards,

**Aram Simovonian**

Partner

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt
from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed.
If you have received this communication in error, please notify me immediately by replying to this email or by telephone
at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 20, 2025 8:37 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025


Thank you very much, date scheduled.


Yes, please re-submit the confirmation form.


Thank you,

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 20, 2025 8:36 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025


          **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning, and thank you.


Yes, I confirm that June 19, 2025, works well.

I must note that the issues in the action pertain to a vexatious litigant – I am not going to inquire with the opposing side as to their availability for June 19, 2025, because they will not agree to this date as their goal is to only delay the matter.

I ask that the date be scheduled, and I will advise the opposing side of the new scheduled date.

Does the Court require a confirmation form be re-submitted?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 20, 2025 8:30 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Apologies for the delay, are the parties available on June 19?

Thank you,

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Friday, May 16, 2025 7:19 PM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kid:eckel v Brent Kideckel - Confirmation / May 15, 2025

---

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Evening:

May I please know the new date for our long motion? The motion was scheduled in CPC Court for a 4 hour hybrid hearing to be heard on May 15, 2025. The motion did not proceed due to Judge unavailability.

This matter is time sensitive and I was told that I would get a new possible date, today.

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 13, 2025 1:44 PM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Good afternoon,

We unfortunately do not have a judge available for this motion on Thursday.

We will provide adjournment dates by the end of the week.

Apologies for the inconvenience.

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 13, 2025 6:16 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning:

This matter is proceeding by way of long motion on May 15, 2025 – I have the case center link and all of our materials have been uploaded. I don't see the reference to the court location uploaded (yet), nor do I see the Zoom link (it is a hybrid hearing).

Would you kindly advise when the Zoom details and Court location will be posted?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt
from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed.
If you have received this communication in error, please notify me immediately by replying to this email or by telephone
at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, April 29, 2025 9:10 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Apologies, motion confirmed for a full day on May 15, 2025.

The Case Centre is here:

KIDECKEL v. KIDECKEL

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, April 29, 2025 5:55 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning – may I please hear from you re the below?

Would you please confirm that the motion is confirmed to proceed?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8

6/15/25, 5:25 PM    Mail - D. Kudun - Re: KIDECKEL v KIDECKEL - 007 - - 007 ...

Case 1:24-cv-02907-CJN   Document 116   Filed 06/16/25   Page 27 of 43



**LIMA LEE
SIMOVONIAN**
LLP

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Aram Simovonian
**Sent:** Tuesday, April 22, 2025 10:11 AM
**To:** LongMotionsStatus.Judge@ontario.ca
**Subject:** David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Dear Honourable Court:

I am counsel to Mr. David Kideckel in the above captioned matter.

Further to the Endorsement of Justice I. Parghi, dated February 12, 2025 (attached), we attach the confirmation form for Mr. D. Kideckel's Judgement Motion, returnable on May 15, 2025, for 4 hours. The motion is hybrid and I and Mr. D. Kideckel will appear at the motion in person. The Defendant, Mr. Brent Kideckel, may appear in person, or virtually.

Please note that the Defendant, Mr. Brent Kideckel is self represented, and has his own Motion that is also returnable on May 15, 2025 (a motion to set aside a noting in default). This motion must be confirmed as well, and it may be that the Defendant is unaware of how to complete the confirmation – if this is the case, I, as noted in the penultimate paragraph of Justice Parghi's Endorsement, will assist.

All materials for the Judgment motion have been served and filed as it was originally returnable in early Jan. 2025.

I look forward to your confirmation that Mr. D. Kideckel's Judgment motion is confirmed to proceed on May 15, 2025.

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**2 attachments**

 **#6----24-00713955-0000 (13-FEB-2025).pdf**
223K

 **Confirmation re Kideckel re Judgment (20-MAY-2025).doc**
80K

---

**Brent K** <brentkideckel@gmail.com>          Thu, Jun 12, 2025 at 12:46 PM
To: JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
Cc: Aram Simovonian <asimovonian@limalaw.ca>, kideckelsaibilspringmanlawsuit@gmail.com, Tony Antoniou <tony@alaw.ca>, Graham Thomson <Graham.Thomson@toronto.ca>, Ian Sinke <ian@alaw.ca>, gbreen@ebglaw.com, pwagner@ebglaw.com, "Elizabeth A. Harris" <EHarris@ebglaw.com>

Hello,

The email below shows a hearing at 10 PM EST on June 19, while also referencing a date that has passed - June 5.

Please confirm the exact date and time.

Thank you

> On Jun 12, 2025, at 12:38 PM, JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca> wrote:

[Quoted text hidden]

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

**From:** Aram Simovonian
**Sent:** Tuesday, May 20, 2025 8:38 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Thank you very much – I appreciate it.

I will resubmit the form in the next day / two.

Kind Regards,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 20, 2025 8:37 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Thank you very much, date scheduled.

Yes, please re-submit the confirmation form.

Thank you,

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 20, 2025 8:36 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning, and thank you.

Yes, I confirm that June 19, 2025, works well.

I must note that the issues in the action pertain to a vexatious litigant – I am not going to inquire with the opposing side as to their availability for June 19, 2025, because they will not agree to this date as their goal is to only delay the matter.

I ask that the date be scheduled, and I will advise the opposing side of the new scheduled date.

Does the Court require a confirmation form be re-submitted?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 20, 2025 8:30 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Apologies for the delay, are the parties available on June 19?


Thank you,

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Friday, May 16, 2025 7:19 PM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025


          **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the
                                                      sender.**

Good Evening:


May I please know the new date for our long motion? The motion was scheduled in CPC Court
for a 4 hour hybrid hearing to be heard on May 15, 2025. The motion did not proceed due to
Judge unavailability.


This matter is time sensitive and I was told that I would get a new possible date, today.


Thank you,


**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8




The information contained in this electronic message is legally privileged and confidential information that
is exempt from disclosure under applicable law and is intended only for the use of the individual or entity
to which it is addressed. If you have received this communication in error, please notify me immediately
by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 13, 2025 1:44 PM

**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Good afternoon,

We unfortunately do not have a judge available for this motion on Thursday.

We will provide adjournment dates by the end of the week.

Apologies for the inconvenience.

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 13, 2025 6:16 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning:

This matter is proceeding by way of long motion on May 15, 2025 – I have the case center link and all of our materials have been uploaded. I don't see the reference to the court location uploaded (yet), nor do I see the Zoom link (it is a hybrid hearing).

Would you kindly advise when the Zoom details and Court location will be posted?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, April 29, 2025 9:10 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Apologies, motion confirmed for a full day on May 15, 2025.

The Case Centre is here:

KIDECKEL v. KIDECKEL

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, April 29, 2025 5:55 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning – may I please hear from you re the below?

Would you please confirm that the motion is confirmed to proceed?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Aram Simovonian
**Sent:** Tuesday, April 22, 2025 10:11 AM
**To:** LongMotionsStatus.Judge@ontario.ca
**Subject:** David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Dear Honourable Court:

I am counsel to Mr. David Kideckel in the above captioned matter.

Further to the Endorsement of Justice I. Parghi, dated February 12, 2025 (attached), we attach the confirmation form for Mr. D. Kideckel's Judgement Motion, returnable on May 15, 2025, for 4 hours. The motion is hybrid and I and Mr. D. Kideckel will appear at the motion in person. The Defendant, Mr. Brent Kideckel, may appear in person, or virtually.

Please note that the Defendant, Mr. Brent Kideckel is self represented, and has his own Motion that is also returnable on May 15, 2025 (a motion to set aside a noting in default). This motion must be confirmed as well, and it may be that the Defendant is unaware of how to complete the confirmation – if this is the case, I, as noted in the penultimate paragraph of Justice Parghi's Endorsement, will assist.

All materials for the Judgment motion have been served and filed as it was originally returnable in early Jan. 2025.

I look forward to your confirmation that Mr. D. Kideckel's Judgment motion is confirmed to proceed on May 15, 2025.

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8

The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**9 attachments**

 image001.png
45K

 image001.png
45K

 image001.png
45K

 image001.png
45K

 image001.png
45K

 image001.png
45K

 image001.png
45K

 **#6----24-00713955-0000 (13-FEB-2025).pdf**
223K



📄 **Confirmation re Kideckel re Judgment (20-MAY-2025).doc**
80K

---

**JUS-G-MAG-CSD-Long Motions** <LongMotionsStatus.Judge@ontario.ca>

Thu, Jun 12, 2025 at 12:50 PM

To: Aram Simovonian <asimovonian@limalaw.ca>
Cc: "Brent R. Kideckel" <brentkideckel@gmail.com>, "kideckelsaibilspringmanlawsuit@gmail.com" <kideckelsaibilspringmanlawsuit@gmail.com>, Tony Antoniou <tony@alaw.ca>, "asimovonian@limalaw.ca" <asimovonian@limalaw.ca>, Graham Thomson <Graham.Thomson@toronto.ca>, Ian Sinke <ian@alaw.ca>

Good afternoon,

This hybrid hearing will proceed on June 19, 2025, at 10:00 A.M. at 330 University Ave, Toronto, ON M5G 1R8 in courtroom 9-2 and via Zoom. Kindly forward this email to all other participants.

---

**From:** JUS-G-MAG-CSD-Long Motions
**Sent:** Thursday, June 12, 2025 3:38 PM
**To:** 'Aram Simovonian' <asimovonian@limalaw.ca>

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Aram Simovonian
**Sent:** Tuesday, May 20, 2025 8:38 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Thank you very much – I appreciate it.

I will resubmit the form in the next day / two.

Kind Regards,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 20, 2025 8:37 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Thank you very much, date scheduled.

Yes, please re-submit the confirmation form.

Thank you,

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 20, 2025 8:36 AM

**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning, and thank you.

Yes, I confirm that June 19, 2025, works well.

I must note that the issues in the action pertain to a vexatious litigant – I am not going to inquire with the opposing side as to their availability for June 19, 2025, because they will not agree to this date as their goal is to only delay the matter.

I ask that the date be scheduled, and I will advise the opposing side of the new scheduled date.

Does the Court require a confirmation form be re-submitted?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 20, 2025 8:30 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025


Apologies for the delay, are the parties available on June 19?


Thank you,

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Friday, May 16, 2025 7:19 PM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025


**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Evening:


May I please know the new date for our long motion? The motion was scheduled in CPC Court for a 4 hour hybrid hearing to be heard on May 15, 2025. The motion did not proceed due to Judge unavailability.


This matter is time sensitive and I was told that I would get a new possible date, today.


Thank you,


**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8




The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, May 13, 2025 1:44 PM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Good afternoon,

We unfortunately do not have a judge available for this motion on Thursday.

We will provide adjournment dates by the end of the week.

Apologies for the inconvenience.

---

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, May 13, 2025 6:16 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

> **CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning:

This matter is proceeding by way of long motion on May 15, 2025 – I have the case center link and all of our materials have been uploaded. I don't see the reference to the court location uploaded (yet), nor do I see the Zoom link (it is a hybrid hearing).

Would you kindly advise when the Zoom details and Court location will be posted?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

**From:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Sent:** Tuesday, April 29, 2025 9:10 AM
**To:** Aram Simovonian <asimovonian@limalaw.ca>
**Subject:** Re: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Apologies, motion confirmed for a full day on May 15, 2025.

The Case Centre is here:

KIDECKEL v. KIDECKEL

**From:** Aram Simovonian <asimovonian@limalaw.ca>
**Sent:** Tuesday, April 29, 2025 5:55 AM
**To:** JUS-G-MAG-CSD-Long Motions <LongMotionsStatus.Judge@ontario.ca>
**Subject:** RE: David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

**CAUTION -- EXTERNAL E-MAIL - Do not click links or open attachments unless you recognize the sender.**

Good Morning – may I please hear from you re the below?

Would you please confirm that the motion is confirmed to proceed?

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



The information contained in this electronic message is legally privileged and confidential information that is exempt from disclosure under applicable law and is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please notify me immediately by replying to this email or by telephone at 647.677.8009. Thank you.

---

**From:** Aram Simovonian
**Sent:** Tuesday, April 22, 2025 10:11 AM
**To:** LongMotionsStatus.Judge@ontario.ca
**Subject:** David Kideckel v Brent Kideckel - Confirmation / May 15, 2025

Dear Honourable Court:

I am counsel to Mr. David Kideckel in the above captioned matter.

Further to the Endorsement of Justice I. Parghi, dated February 12, 2025 (attached), we attach the confirmation form for Mr. D. Kideckel's Judgement Motion, returnable on May 15, 2025, for 4 hours. The motion is hybrid and I and Mr. D. Kideckel will appear at the motion in person. The Defendant, Mr. Brent Kideckel, may appear in person, or virtually.

Please note that the Defendant, Mr. Brent Kideckel is self represented, and has his own Motion that is also returnable on May 15, 2025 (a motion to set aside a noting in default). This motion must be confirmed as well, and it may be that the Defendant is unaware of how to complete the confirmation – if this is the case, I, as noted in the penultimate paragraph of Justice Parghi's Endorsement, will assist.

All materials for the Judgment motion have been served and filed as it was originally returnable in early Jan. 2025.

I look forward to your confirmation that Mr. D. Kideckel's Judgment motion is confirmed to proceed on May 15, 2025.

Thank you,

**Aram Simovonian**

**Partner**

T: 647.677.8009 (direct)

E: asimovonian@limalaw.ca

5353 Dundas St. W., Suite 503

Etobicoke, ON  M9B 6H8



[Quoted text hidden]