IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| BRENT KIDECKEL | |
|---|---|
| Plaintiff | CASE NO.:  1:24-cv-02907-CJN |
| V. | |
| THE FOREIGN NATION OF CANADA, et al. | |
| Defendants. | |

# **NOTICE OF NON-COMPLIANCE, ADOPTION OF FRAUD ON A FOREIGN TRIBUNAL, AND RISK OF SPOLIATION BY GARY CAPLAN, CARMINE SCALZI, SCALZI CAPLAN LLP AND SCALZI PROFESSIONAL CORPORATION**

Plaintiff Brent Kideckel hereby notifies this Court and all parties of continuing non-compliance by the above-named Ontario-based attorneys and law firms, who have now:

1. Failed to respond to a formal litigation hold,

2. Knowingly ratified fraud on a foreign tribunal, and

3. Placed themselves at direct risk of spoliation sanctions and joinder as defendants in this matter.

These entities are not mere bystanders. They are now functionally entangled in the facts and claims before this Court and are subject to all relevant procedural and evidentiary rules governing litigation within the United States.

**RECEIVED**

JUN 18 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## I. NON-COMPLIANCE WITH LITIGATION HOLD

Upon formal notice of their involvement in the conduct at issue, Scalzi Caplan LLP, Scalzi Caplan Law Professional Corporation, Gary Caplan, and Carmine Scalzi were served with a litigation hold. Under U.S. law, this hold triggered a binding duty to preserve all materials within their possession, custody, or control.

To date, they have not responded. This is not a procedural oversight—it is a calculated act of nonfeasance in defiance of established preservation obligations.

**See:**

- *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold.'")

- *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010) (failure to issue or respond to a litigation hold may amount to gross negligence, though later decisions clarify it is a significant but not dispositive factor)

- Fed. R. Civ. P. 26(b)(1), 34(a)(1)

The risk of spoliation is both present and acute.

## II. ADOPTION AND RATIFICATION OF FRAUD ON A FOREIGN TRIBUNAL

The record reflects that Scalzi Caplan LLP employed Aram Simovonian, who prosecuted a fabricated and procedurally abusive lawsuit in Ontario under the firm's name. The foreign litigation included:

- False and perjured affidavits,

- Illegitimate substituted service,

- Fabricated evidence relied upon by Canadian courts.

Despite Simovonian's termination, the firm has failed to disavow or correct the record. By knowingly allowing its name and materials to remain uncorrected, the firm has ratified the misconduct.

**See:**

- Restatement (Third) of Agency § 4.01 ("A principal is liable for the acts of its agent if it subsequently ratifies those acts by knowingly accepting their benefits or failing to repudiate them.")

- *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1121 (D.C. Cir. 2009)

This constitutes fraud on the court, a sanctionable offense.

**See also:**

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944)

- *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)

- *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989)

## III. SUBJECT TO DISCOVERY — JURISDICTION OVER THE MATTER

Although based in Ontario, the named firms and individuals are now participants in conduct central to this U.S. action. Jurisdiction over their actions has attached, and U.S. discovery rules govern their conduct.

Discovery includes:

- Requests for production under Fed. R. Civ. P. 34,

- Subpoenas and depositions under Fed. R. Civ. P. 30 and 45,

- Preservation obligations under Fed. R. Civ. P. 26 and 37.

Canadian legal privilege will not bar discovery in this matter. U.S. courts routinely enforce domestic discovery obligations over foreign confidentiality laws when needed to adjudicate federal claims.

**See:**

- *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522, 546 (1987)

- *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 661 (M.D. Fla. 2007)

Plaintiff has already issued courtesy notice of discovery. The grace period for voluntary compliance has now expired.

## IV. NOTICE TO THE COURT — RECKLESSNESS, LIABILITY, AND ADDITION OF DEFENDANTS

Plaintiff respectfully advises the Court that:

- Scalzi Caplan LLP and its affiliated entities were placed on notice,

- They failed to respond,

- They have knowingly ratified misconduct,

- Their conduct endangers the integrity of this Court's proceedings.

These failures support forthcoming motions under:

- Fed. R. Civ. P. 15(a)(2) — to amend the complaint,

- Fed. R. Civ. P. 20(a)(2) — for joinder of additional defendants,

- Fed. R. Civ. P. 37(e) — for sanctions based on spoliation,

- And the Court's inherent power to protect its process.

Their misconduct is no longer speculative—it is evidentiary. Their absence from the caption will not protect them from scrutiny under the Federal Rules.

**Respectfully submitted,**

*[signature: Brent Kideckel]*

Brent Kideckel
Pro Se Plaintiff
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

June 11, 2025