IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| BRENT KIDECKEL | |
|---|---|
| Plaintiff | CASE NO.:   1:24-cv-02907-CJN |
| V. | |
| THE FOREIGN NATION OF CANADA, et al. | |
| Defendants. | |

# **NOTICE OF NON-COMPLIANCE, RATIFICATION OF FRAUD ON A FOREIGN TRIBUNAL, AND RISK OF SPOLIATION BY IAN SINKE AND ANTONIOU LAW**

This notice is submitted to preserve the record and to formally alert the Court to the breathtaking and disqualifying misconduct of Ontario-based attorneys Ian Sinke and Antonius Antoniou, and their firm Antoniou Law. Appointed as malpractice counsel, these lawyers have instead descended into the very malpractice they were assigned to monitor—participating in a cover-up, shielding procedural fraud, and violating the core duties of candor, loyalty, and professional independence.

Their failure to act—let alone disavow or correct—places them at the center of a coordinated effort to prolong, conceal, and benefit from fraud on a foreign tribunal, now infecting proceedings before this Court.

This notice is based on:

(1) Willful failure to comply with a binding litigation hold,

(2) Aiding and abetting of procedural fraud by a terminated associate,

(3) Participation in an unwaivable conflict of interest, and

(4) Active concealment and ratification of misconduct through studied silence.



**RECEIVED**

JUN 18 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Their role was to protect the integrity of litigation. Instead, they endorsed its collapse.

## I. FAILURE TO RESPOND TO LITIGATION HOLD

Sinke, Antoniou, and their firm were formally placed on notice through a litigation hold requiring immediate preservation of all documents relevant to the ongoing misconduct. Despite being aware of this obligation, and despite their proximity to the core events, they have failed to even acknowledge the directive.

This is not an oversight. It is a calculated act of bad faith—one that willfully endangers the preservation of evidence in a cross-border case already marred by perjury, forged affidavits, and fabricated evidence. .

See:

- *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003);

- *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010);

- *Fed. R. Civ. P. 26, 34, 37*.

What is especially disturbing is that these are not junior attorneys unfamiliar with the rules. These are lawyers who held themselves out as malpractice counsel—yet when presented with undeniable fraud, their response was not withdrawal, reporting, or redress. Their response was nothing.

## II. AIDING, ABETTING, AND CONFLICTED MALPRACTICE

While employed at Scalzi Caplan LLP, Aram Simovonian filed a lawsuit premised on fraudulent service, retaliatory intent, and fabricated and fraudulent claims. He did so with full use of the firm's infrastructure, branding, and legal authority—acting entirely through the hand of the firm. After his termination, Scalzi Caplan LLP failed to disavow the fraud. Instead, they permitted their prior filings and procedural victories—obtained through deception—to remain in place.

Into this ethical collapse stepped Ian Sinke and Antonius Antoniou. Appointed by LawPRO, the quasi-governmental mandatory malpractice insurance carrier for Ontario lawyers- they inexplicably undertook joint representation of both Simovonian and his former employer—

despite the obvious and inescapable conflict between them. Their decision to continue representing both clients under these circumstances is not just negligent—it is inexcusable.

Rather than withdraw or even raise the conflict, they:

- Defended tainted filings;

- Sanctioned the use of perjured documents by their silence;

- Chose loyalty to institutional insurance over duty to the law.

This isn't mere ethical gray area—it is a bright-line violation of fiduciary and professional responsibility, undertaken by lawyers whose very practice purports to address legal malpractice.

See:

- *Restatement (Third) of the Law Governing Lawyers § 125*;

- *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991);

- *In re Snyder*, 472 U.S. 634, 645 (1985);

- *Koller v. West Bay Acquisitions, LLC*, 2013 WL 4538695, at *2 (N.D. Cal. Aug. 27, 2013).

These attorneys weren't just conflicted. They were complicit.

## III. PRIOR DISMISSAL OF IAN SINKE — COURTESY WITHDRAWAL REVOKED

Ian Sinke was originally named in the complaint, and was voluntarily dismissed only as a courtesy to Plaintiff's Canadian counsel, Daniel Freudman, due to professional collegiality.

That courtesy has been revoked.

In light of Mr. Sinke's conscious alignment with known fraud, ethical breach, and failure to preserve evidence, he will be re-added as a named defendant pursuant to the two-dismissal rule.

Separately and independently, he will be held jointly and severally liable for aiding and abetting fraud, ratifying procedural abuse, and betraying his professional duties to both courts.

## IV. COURT HAS JURISDICTION OVER THE MATTER

These parties are not immune due to geography. The misconduct they facilitated has crossed into the United States and directly obstructed justice in this forum. As such, they are now subject to full discovery obligations under the Federal Rules of Civil Procedure.

This includes:

- *Fed. R. Civ. P. 26(b)(1)* — mandatory preservation and disclosure;
- *Fed. R. Civ. P. 30 and 34* — depositions and document production;
- *Fed. R. Civ. P. 37(e)* — sanctions for suppression and spoliation.

Foreign location will not shield their misconduct.

See:

- *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 546 (1987);
- *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 661 (M.D. Fla. 2007);
- *Salvador v. Banco Real S.A.*, 111 F.R.D. 184, 193 (E.D.N.Y. 1986).

## V. NOTICE TO THE COURT — ETHICAL COLLAPSE, JOINDER, AND LIABILITY

These lawyers were not merely negligent. They were opportunistic enablers of a procedural scheme designed to silence, isolate, and retaliate against a foreign litigant through manufactured court orders. They stood silent when withdrawal was mandatory. They represented both sides of a conflict when such representation was impermissible. And they did so in service of a legal fraud already proven by the record.

This Court is respectfully advised that:

- Joinder under *Fed. R. Civ. P. 15 and 20* is imminent;

- Sanctions under *Fed. R. Civ. P. 37* will be sought for spoliation and bad faith;

- Joint and several liability will be pursued for aiding, abetting, and ratifying fraud on a foreign tribunal.

The record will not be sanitized by insurance-appointed silence. It will be corrected by this Court.

Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

June 11, 2025