IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

              Plaintiff

      V.

THE FOREIGN NATION OF CANADA,  et al.

         Defendants.

CASE NO.:    1:24-cv-02907-CJN

## PLAINTIFF'S MOTION TO COMPEL WITHDRAWAL OF TERMINATED COUNSEL JEFFREY ROBINSON, TO CLARIFY SCOPE OF PRIOR § 1927 MOTION, AND TO IMPOSE TREBLED SANCTIONS FOR BAD-FAITH CONDUCT

## 1. INTRODUCTION

Plaintiff Brent Kideckel, proceeding pro se, respectfully moves this Court for an order:

1. Compelling the formal withdrawal of Attorney Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC, whose representation was terminated by the Court via multiple NEF entries but who remains improperly active on the docket;

2. Clarifying that Plaintiff's prior sanctions motion under 28 U.S.C. § 1927 was directed solely at counsel, and that any sanctionable conduct by Defendant Dahlia Saibil is now pursued under this Court's inherent authority;

3. Imposing a separate monetary sanction of $75 on Defendant Dahlia Saibil for ratifying the unauthorized and conflicted filings that continued in her name.

RECEIVED

JUN 23 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. Imposing treble sanctions on Robinson and LBKM, totaling $2,034,000, for egregious and unrepentant bad-faith litigation tactics; and

This motion is supported by the following memorandum of law and proposed order.

## 2: PROCEDURAL BACKGROUND

On March 10, 2025, Mr. Robinson, after already appearing for defaulted Defendant David Kideckel, filed a 650 page Motion to Dismiss on behalf of David Kideckel's Canadian counsel in a fraudulent scheme, Mr. Aram Simovonian.

On March 11, 2025, Plaintiff filed a Motion to Disqualify Mr. Robinson for this dual representation of clients with an unwaivable conflict of interest— a fraud on this court.

On March 25, 2025, at 8:33 PM, Mr. George Breen, filed a Notice of Substitution of Counsel for Aram Simovonian - the 14th and final day to oppose the motion to disqualify Mr. Robinson. (ECF 67)

On March 25, 2025, at 9:03 PM, Mr. Jeffrey Robinson, having been replaced 30 minutes prior, filed an unauthorized declaration on behalf of Mr. Simovonian, concealed on the docket as on behalf of David Kideckel- in default, and Dahlia Saibil- who had yet to make a formal appearance in this litigation, affirmatively tying Mr. Simovonian to perjury. (ECF 68)

On April 10, 2025, ahead of the 90 day deadline for Ms. Saibil to file, Plaintiff warned Jeffrey Robinson, and LBKM, that if they file on behalf of Ms. Saibil I will immediately seek sanctions- under which authority unspecified. [1]

On April 16, 2025, Jeffrey Robinson filed a Motion to Dismiss on behalf of Ms. Saibil, despite not formally opposing disqualification, and being replaced mid-motion practice for unethical representation of Mr. Simovonian.

---

[1] Being pro se, and having only mentioned Rule 11 previously, Plaintiff presumes it was the perceived lack of awareness to Sec. 1927, that filing under conflict would go unnoticed or unpunished.

On April 17, 2025, Mr. Christopher Barraza, filed a procedurally unnecessary Notice of Formal Withdrawal, having already been replaced by a junior associate. [2]

On April 18, 2025 Plaintiff filed a Motion for Sanctions.

On April 30, 2025, Plaintiff submitted an opposition to Ms. Saibil's Motion to Dismiss for docketing. [3]

On May 2, 2025, Mr. Robinson filed a consolidated opposition to Plaintiff's Motion to Strike and Opposition to Sanctions on behalf of Ms. Saibil.[4]

On May 5, 2025- Monday- after no opposition to Plaintiff's Motion for Sanctions was filed, Plaintiff's submitted opposition was docketed by the court, showing the first NEF tag.[5]

On May 7, 2025,  at 8:33 AM, two days since the first NEF tag, Plaintiff addressed the clients directly regarding this apparent termination. (Exhibit A)

On May 7, 2025, at 11:53 AM, Mr. Robinson filed that fateful reply brief.[6]

On May 14, June 17, and June 20, 2025, the Court issued further Notices of Electronic Filing reflecting the termination of Attorney Jeffrey Robinson as counsel for Defendants David Kideckel and Dahlia Saibil (Exhibits B=L)On June 18, 2025, Plaintiff warned Robinson in writing that failure to formally withdraw by June 20 would result in a request to treble the sanctions demand. No withdrawal occurred. (Exhibit M) [7]

_____

[2]. The replacement of a junior associate, while often as a form of containment and longer-term participation, however in this instance it came after Mr. Robinson's initial fraud on the court.

[3] In what's believed, in hindsight, to be a strategic withholding, this filing was held past the deadline for Mr. Robinson to oppose sanctions.

[4] No opposition was filed on behalf of Mr. Robinson, Ms. Annika Conrad, or LBKM, a concession warranting summary relief.

[5] With only a reply brief left in open motion practice for Mr. Robinson to file, Plaintiff reasonably believes this filing was held pending close of briefing on Sanctions, to place the tag, and see if Robinson files again or seeks clarity from the court.

[6] It's unknown if it was to ensure it was filed, or to mislead his clients on his current status.

[7] Again, disregarding an abstract sanction, Mr. Robinson failed to consider the pro se was aware of procedural enforcement mechanisms.

Despite these terminations, Mr. Robinson has continued to engage with this litigation, receive service, and attempt to act on behalf of Defendant Saibil, in direct violation of the Court's intention.  To date, neither Mr. Robinson nor his firm LBKM has filed a formal motion to withdraw or stipulated notice of withdrawal.. This continued presence on the docket creates ethical ambiguity, jurisdictional confusion, and procedural delay.

Separately, Defendant Dahlia Saibil has failed to obtain unconflicted, authorized substitute counsel. She has allowed filings to proceed in her name by an attorney already terminated by the Court, constituting ratification of unethical and unauthorized filings.

## 3. ARGUMENT

### I. Compel Withdrawal of Terminated Counsel

Under LCvR 83.6(c), an attorney "may withdraw an appearance for a party only by leave of Court." Where termination has already been effectuated by the Court, the burden falls on counsel to comply with withdrawal protocol and eliminate procedural confusion.

Mr. Robinson's failure to do so over a six-week span is inexcusable. His continued presence on the docket violates not only local rules but the **D.C. Rules of Professional Conduct 1.16(a)(3)**, which mandates withdrawal upon discharge.

### II. Clarification of § 1927 Sanctions Motion

Plaintiff's original sanctions motion under 28 U.S.C. § 1927 targeted Jeffrey Robinson and LBKM. Although Defendant Dahlia Saibil was referenced in the factual narrative, Plaintiff now clarifies that **§ 1927 applies solely to counsel** and no relief was sought against Ms. Saibil under that statute.

Instead, this motion now invokes the Court's **inherent authority** to sanction Dahlia Saibil for:

- Knowingly allowing Mr. Robinson to continue filing unauthorized and conflicted pleadings in her name after Court termination;

- Failing to disavow fraudulent submissions and adopt a neutral procedural posture;

- Engaging in ratification of litigation abuse, which federal courts have repeatedly held to be sanctionable.

See

Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991);

United States v. Philip Morris USA Inc., 566 F.3d 1095, 1121 (D.C. Cir. 2009);

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245–46 (1944).

**III. Trebled Sanctions Are Now Warranted**

The original sanctions motion sought $678,000 for Robinson's serial misconduct. These violations were not contested, and the Court's docket reflects repeated escalation of bad faith.

On June 18, 2025, Plaintiff issued a direct written notice to Mr. Robinson warning that failure to file a formal withdrawal by June 20, 2025, would result in a request to treble the sanction amount. Robinson ignored this warning. No opposition has been filed. No withdrawal has occurred.

Accordingly, Plaintiff now requests that the Court enter judgment for trebled sanctions in the amount of $2,034,000 against Robinson, payable to a neutral public fund or charitable entity at the Court's discretion. Plaintiff does not request personal receipt of these trebled sanctions and leaves their destination to the Court's equitable determination.


# 4. ROBINSON HAS BEEN GIVEN EVERY OPPORTUNITY TO CORRECT COURSE BUT HAS RESPONDED ONLY WITH ARROGANCE AND DEFIANCE

Mr. Robinson has not been ambushed by these proceedings. He has been granted multiple clear opportunities to clarify the record, disavow his misconduct, express remorse, or acknowledge even a single procedural error. He has taken none of them.

• He has received 11 separate NEF terminations, spanning from May 5 to June 20, 2025;

- He has been served with a detailed, itemized § 1927 sanctions motion supported by factual and legal bases,

- He, his firm,  and his clients have been personally warned— on June 18, 2025—that failure to withdraw would result in a request to treble the sanctions amount;

- He has had weeks of uninterrupted silence from the Court, during which he could have accepted responsibility, sought leave to correct the record, or filed any explanatory brief or motion for reconsideration.

Yet Robinson has filed nothing. No withdrawal. No disavowal. No apology. No acknowledgment of error. Instead, he has chosen a posture of procedural arrogance, ignoring this Court's docket, abusing his continued access to ECF notices, and forcing Plaintiff and this Court to expend resources policing his misconduct.

This is not the conduct of an attorney who made a mistake. It is the conduct of a practitioner who believes himself to be above consequence.

The Court's inherent authority exists precisely for moments like this—where counsel has been repeatedly placed on notice, offered multiple paths to rectify the record, and instead responds with a sustained and escalating refusal to comply.

Sanctions must be imposed not merely as punishment, but as a reaffirmation that this Court's rules, its orders, and its procedural integrity cannot be flaunted with impunity.


## 5. THIS IS NOT ZEALOUS ADVOCACY — THIS IS OBSTRUCTION OF JUSTICE BY A WHITE-SHOE FIRM TARGETING A PRO SE LITIGANT

This Court is now confronted with a disturbing truth: a white-shoe international law firm—Lewis Baach Kaufmann Middlemiss PLLC—has used its prestige, resources, and access to the judicial system not to pursue justice, but to attempt to bludgeon a pro se litigant into silence.

The facts are not in dispute. A fraudulent motion for default was filed in Ontario based on fabricated service, perjured affidavits, and procedural misconduct. That motion has now been denied from the bench by the Ontario court—a denial that vindicates what Plaintiff has long alleged: that the foreign proceeding was initiated and sustained through bad faith, deception, and unlawful litigation tactics.

This ruling casts Robinson's actions in an even darker light. His continued representation, despite multiple NEF terminations; his refusal to withdraw or acknowledge misconduct; his perpetuation of tainted filings in this Court and in foreign proceedings—all of it is now exposed not as error, but as intentional litigation abuse.[8]

This is not advocacy. It is retaliation. It is bullying. And more dangerously, it constitutes obstruction of justice.

"The purpose of 28 U.S.C. § 1927 and the court's inherent powers is to deter attorneys from conduct that impedes the fair administration of justice and undermines the integrity of judicial proceedings."
— *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)

Robinson and LBKM have used their law license not as a shield, but as a weapon—to bury a self-represented litigant in fraud, to ratify illegal filings, and to leverage their professional stature against the truth. The Ontario court's decision confirms that their entire narrative was a lie.

What began as a civil dispute has now devolved into systemic obstruction by counsel who refused to stop—even after foreign courts refused to play along.

There must be consequences. The rules of ethics, procedure, and truth do not yield to privilege or pedigree. If anything, those with greater power and institutional knowledge bear the greater burden of compliance.

Robinson's conduct is no longer merely sanctionable. It borders on criminal obstruction in both jurisdictions.


## 6. REQUEST FOR JUDICIAL NOTICE OF EARLY CORRESPONDENCE DEMONSTRATING PRO SE INTIMIDATION AND OBSTRUCTION

Plaintiff respectfully requests that the Court take judicial notice under Fed. R. Evid. 201(b)(2) of the correspondence attached to Plaintiff's Reply Brief in Support of Entry of Default (ECF 19), which includes an early email from Elizabeth Velez, an assistant to Jeffrey Robinson at Lewis Baach Kaufmann Middlemiss PLLC.

---

[8] It cannot be overlooked or overstated, that this was done to a pro se Plaintiff, whose assertions of conspiracy and fraud have been validated by a foreign tribunal.

In that correspondence, Ms. Velez—acting under the authority of LBKM—threatened Plaintiff with continued litigation efforts by the firm while simultaneously characterizing this lawsuit as "frivolous." The threat was clear: either abandon a legally sound complaint or prepare to be crushed by superior institutional firepower.

That threat proved false on both counts:

- The complaint was not frivolous; it was legally and factually justified, as now corroborated by subsequent developments and the Ontario court's rejection of the fraudulent default proceedings;

- The firm's intention was not to resolve the matter fairly but to overwhelm a pro se litigant with deception, delay, and manufactured filings, including through Mr. Robinson's unauthorized post-termination actions.

This correspondence must now be read not as an isolated misstep, but as part of a deliberate campaign of obstruction, intimidation, and procedural manipulation designed to weaponize the federal process against a self-represented party.

"The use of procedural rules or court process to harass, intimidate, or suppress valid claims by a pro se litigant is an abuse of the adversarial system and is sanctionable under both statutory and inherent powers."
— *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977)

Plaintiff does not lightly accuse a firm of such misconduct. But the record now makes clear: LBKM entered this case by mocking the claims, threatening retaliation, and ultimately following through with a campaign of obstruction that spanned international borders and involved both court systems.

The Court should take judicial notice of the Velez email and consider it as additional support for Plaintiff's request for treble sanctions, mandatory withdrawal, and further relief under the Court's inherent power.


## 7. SANCTIONS ARE NOT ABOUT ENRICHMENT — THEY ARE ABOUT RESTORING BALANCE AND DEFENDING THE INTEGRITY OF THE JUDICIAL PROCESS

Plaintiff respectfully emphasizes that this motion is not driven by personal enrichment. The request for treble sanctions is not punitive for Plaintiff's benefit—it is corrective for the integrity of the system. It is meant to uphold the dignity of this Court, to reaffirm that ethical boundaries matter, and to send a clear message: white-shoe firms cannot bully pro se litigants with impunity.

Sanctions serve a symbolic role. They are an expression of judicial censure—a rare and serious rebuke that says misconduct occurred, that it was institutional and deliberate, and that the Court will not tolerate it.

Plaintiff therefore asks that the trebled sanction portion amount be directed not to Plaintiff, but to a qualified nonprofit public interest organization, where it can serve the very access-to-justice ideals Mr. Robinson's misconduct tried to undermine.

Plaintiff respectfully recommends the following 501(c)(3) organizations based in the District of Columbia, all of which work directly with underserved and unrepresented litigants:

- **The D.C. Bar Pro Bono Center**
  Federal Tax ID: 52-1574217
  Provides free legal help to thousands of pro se parties in D.C. every year.

- **Bread for the City**
  Federal Tax ID: 52-1138207
  Offers legal aid and wraparound services for vulnerable residents facing eviction, abuse, and injustice.

- **The Legal Aid Society of the District of Columbia**
  Federal Tax ID: 53-0196600
  The oldest and largest general civil legal services organization in D.C., fighting for residents' rights in court every day.

Plaintiff leaves to the discretion of this Court whether the full amount should go to one recipient or be divided equitably among them. What matters is that the funds serve the public—not private retaliation.

"Sanctions are not meant to enrich but to instruct. They are a court's way of saying: this stops here."
— *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)

If the Court grants treble sanctions, Plaintiff respectfully asks that the Court specify one or more of the above organizations as the designated recipients, and that Mr. Robinson be required to file proof of payment on the docket within ten (10) days.


## 8. THE $75 SANCTION AGAINST DAHLIA SAIBIL IS SYMBOLIC — A TRIBUTE TO THE TRIBUNAL, NOT A PERSONAL VICTORY

Plaintiff requests a modest sanction of seventy-five dollars ($75.00) against Defendant Dahlia Saibil—not as punishment, not as retaliation, and not for enrichment—but as a symbolic line in the sand. A gesture of meaning, proportion, and respect.

Ms. Saibil is not an ordinary litigant. She is a licensed attorney. She graduated from Georgetown Law, one of the most esteemed legal institutions in this country. She is employed as counsel with the Ministry of the Attorney General for Ontario, and she understands, better than most, what it means to litigate before a tribunal and what it means to be an officer of the court.

She knew Mr. Robinson had been terminated. She knew that filings in her name were unauthorized. And still, she said nothing. She took no steps to distance herself from them, to disavow the improprieties, or to reaffirm respect for this Court's rulings. That silence was not neutral—it was ratification. It was complicity in procedural misconduct.

And yet, this sanction is not about breaking her down. In truth, it is Plaintiff's way of reflecting on his own journey—a recognition that everyone must be held accountable when they cross ethical lines. Plaintiff has had to examine his own past conduct. He has lived the consequences. He has grown from them. And he believes others can grow too.

This $75 penalty is a tribute to the Court, a sign that respect for judicial authority is non-negotiable, and a hope that Ms. Saibil will carry this experience forward with the integrity that her education, license, and public office require.

It is a reminder, not a rebuke.

This Court deserves better than silence in the face of known misconduct. And this sanction represents the quiet dignity of saying: "That wasn't okay. Let's not do that again."

## 9. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter an Order as follows:

1. Compelling Jeffrey Robinson to formally withdraw from this action within **three (3) days** of the Order;

2. Compelling Dahlia Saibil and David Kideckel (if permitted) to retain qualified, unconflicted, and authorized replacement counsel within **fourteen (14) days**, or face further sanctions;

3. Imposing a sanction of $75.00 on Dahlia Saibil, payable to the United States Treasury General Fund;

4. Awarding treble sanctions against Jeffrey Robinson, for sustained bad-faith litigation under 28 U.S.C. § 1927 and the Court's inherent authority;

5. Requiring that proof of payment be filed on the public docket within ten (10) days of payment.


Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

Dated: June 23, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

            Plaintiff

      V.

THE FOREIGN NATION OF CANADA,  et al.

         Defendants.

CASE NO.:    1:24-cv-02907-CJN

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WITHDRAWAL OF JEFFREY ROBINSON, TO COMPEL SUBSTITUTION OF COUNSEL, AND TO IMPOSE TREBLED SANCTIONS FOR ONGOING MISCONDUCT

## I. INTRODUCTION

This Court has now issued over ten NEF terminations of Attorney Jeffrey Robinson (on May 5, 14, June 17, and June 20, 2025). Despite this, Mr. Robinson has failed to formally withdraw as required by local rules and continues to function as if he remains counsel of record. Meanwhile, Defendant Dahlia Saibil has ratified Mr. Robinson's unauthorized conduct by permitting these filings to continue in her name. No replacement counsel has appeared, and no corrective action has been taken.

The record supports urgent and escalating relief:

- Three-day deadline for Robinson to formally withdraw;

- Fourteen-day deadline for Saibil (and if permitted, David Kideckel) to obtain authorized counsel;

- $75 sanction on Saibil for ratification of filings;

- Trebled sanctions of $2,034,000 against Robinson, up from the original $678,000 sought under 28 U.S.C. § 1927.

## II. LEGAL STANDARD

### A. Withdrawal and Substitution of Counsel – LCvR 83.6(c)

Under Local Civil Rule 83.6(c), an attorney "may withdraw an appearance for a party only by leave of court." The rule contemplates formal filings to prevent confusion and to ensure that no party is left in procedural limbo.

When an attorney is terminated—especially after multiple NEFs—he must comply with this rule by formally withdrawing, ensuring that no filings or service irregularities occur. Noncompliance is sanctionable, particularly where it causes delay or procedural misrepresentation.

### B. Sanctions Under 28 U.S.C. § 1927

Section 1927 provides:

"Any attorney or other person admitted to conduct cases ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Sanctions under § 1927 apply where an attorney's conduct is objectively unreasonable and undertaken in bad faith, including:

- Filing knowingly frivolous motions,

- Causing delay through procedural gamesmanship,

- Abusing conflict rules and concealment tactics.

See:

- *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006)

- *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 905 (D.C. Cir. 1998)

- *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)

A full accounting of Robinson's misconduct is already before the Court in Plaintiff's uncontested sanctions motion. Failure to respond further justifies increased penalties. The Court may treble the original amount, especially where advance warning was given and ignored.

**C. Inherent Authority to Sanction Parties**

This Court also retains inherent power to sanction litigants for conduct that abuses the judicial process, even if § 1927 does not apply. See:

- *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991)

- *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107–08 (2017)

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944)

In particular, ratification of misconduct by a party—through silence, inaction, or continued benefit from fraud—supports imposition of direct sanctions. See *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1121 (D.C. Cir. 2009) ("a party may be liable for fraud if it knowingly benefits from false representations and fails to correct the record").

## III. ARGUMENT

**A. Robinson Has Willfully Defied Termination and Must Be Compelled to Withdraw**

Robinson's refusal to file a formal withdrawal—after eleven NEF entries and an express May 7 and June 18 warning—is not mere oversight. It reflects:

- A calculated attempt to maintain improper influence over this case;

- An open defiance of LCvR 83.6(c) and Rule 1.16(a)(3) of the D.C. Bar; and

- A strategy to mislead both the Court and opposing parties as to his standing.

Withdrawal must be compelled immediately to preserve the clarity and integrity of this docket.

### B. Saibil's Ratification of Filings Justifies Sanction

Ms. Saibil was aware of Mr. Robinson's termination no later than May 7, 2025, but has taken no steps to disavow filings made on her behalf. This silence is not neutral—it is ratification.

Her actions support a modest monetary sanction under the Court's inherent authority and justify a 14-day deadline to secure replacement counsel.

### C. Trebling the Sanctions Award Is Justified and Consistent with Due Process

Plaintiff originally sought $678,000 under § 1927, supported by uncontested evidence. On June 18, 2025, Plaintiff served a warning: failure to withdraw by June 20 would trigger a request to treble the amount.

No withdrawal occurred. No opposition was filed. No justification has been offered.

Trebling the sanction is warranted under *Chambers*, supra, and is consistent with principles of deterrence, proportionality, and court management.


## IV. CONCLUSION

The Court has already taken steps to separate Mr. Robinson from this case. What remains is enforcement. Termination without withdrawal invites fraud. Silence without disavowal ratifies abuse. And sanction without consequence undermines deterrence.

Plaintiff respectfully requests entry of the proposed order accompanying this motion.


Respectfully submitted,

Brent Kideckel

Pro Se Plaintiff
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

Dated: June 23, 2025

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

                Plaintiff

        V.

THE FOREIGN NATION OF CANADA,  et al.

            Defendants.

CASE NO.:    **1:24-cv-02907-CJN**

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL WITHDRAWAL OF TERMINATED COUNSEL JEFFREY ROBINSON AND LBKM, RETENTION OF NEW COUNSEL BY DEFENDANT DAHLIA SAIBIL, AND IMPOSING SYMBOLIC AND TREBLE SANCTIONS

Upon consideration of Plaintiff's Motion to Compel the withdrawal of Jeffrey Robinson as counsel for Defendants David Kideckel and Dahlia Saibil; to compel Defendant Saibil, and defaulted Defendant David Kideckel, if invited to participate, to retain unconflicted replacement counsel; and to impose sanctions based on persistent misconduct; and for good cause shown, the Court finds as follows:

- Attorney Jeffrey Robinson has been terminated by the Court as telegraphed through Notices of Electronic Filings dated May 5,  May 14, June 17, and June 20, 2025.

- Despite this termination, Mr. Robinson continued to act as counsel to Defendants David Kideckel and Saibil in violation of Court rules and ethical standards;

- Plaintiff previously filed a motion for sanctions totaling $678,000, supported by detailed evidence of willful and bad-faith conduct by Mr. Robinson, including multiple violations of 28 U.S.C. § 1927 and this Court's inherent powers;

- Mr. Robinson failed to oppose or rebut the sanctions motion, and was personally warned by Plaintiff on June 18, 2025 that failure to withdraw by Friday June 20 [21], 2025 would result in a request to treble the previously sought amount;

- Defendant Dahlia Saibil ratified this misconduct by allowing conflicted and unauthorized filings to proceed in her name, even after the Court terminated Mr. Robinson, on May 7, 2025.

Accordingly, it is hereby:

ORDERED that:

1. Jeffrey Robinson is compelled to formally withdraw within three (3) days of the date of this Order;

2. Defendants Dahlia Saibil, and David Kideckel if so required, are compelled to retain qualified, unconflicted, and authorized replacement counsel within fourteen (14) days, or face further sanctions, including the entry of default;

3. A symbolic sanction of seventy-five dollars ($75.00) is imposed on Defendant Dahlia Saibil, payable to the Clerk of Court, for deposit to the United States Treasury (General Fund) for ratifying filings from unauthorized counsel in direct contravention of the Court's termination;

4. The previously requested sanction amount of $678,000 against Jeffrey Robinson is hereby trebled, for his sustained bad-faith litigation misconduct, under the Court's inherent powers and 28 U.S.C. § 1927;

5. This sanction is payable at the sole discretion of the Court to a destination the Court deems appropriate, including but not limited to the United States Treasury, or a third-party neutral charitable organization.  Plaintiff does not request, and this Order does not direct, that the trebled sanction portion be paid to Plaintiff;

6. All monetary sanctions must be paid in accordance with this Court's procedures, and proof of payment must be filed on the public docket within ten (10) days;

7.   The Court retains jurisdiction to impose additional sanctions, refer ethical violations to
     bar authorities, or hold parties in contempt as may be warranted by subsequent findings.


SO ORDERED.

Dated: _____
Washington, D.C.


Hon. Carl J. Nichols
United States District Judge

**EXHIBIT "A"**

 Gmail

**Brent K <brentkideckel@gmail.com>**

## Notice of Termination of Counsel and Unrepresented Status
1 message

**Brent Kideckel** <brentkideckel@gmail.com>                                    Wed, May 7, 2025 at 5:23 AM
To: dsaibil@gmail.com, David Kideckel <kideckeldavid@gmail.com>
Cc: "Jeffrey D. Robinson" <jeffrey.robinson@lbkmlaw.com>, Annika Conrad <annika.conrad@lbkmlaw.com>, Lauren Skala
<Lauren.Skala@lbkmlaw.com>, Elizabeth Velez <Elizabeth.Velez@lbkmlaw.com>, eric.lewis@lbkmlaw.com,
adam.kaufmann@lbkmlaw.com, martin.baach@lbkmlaw.com, arthur.middlemiss@lbkmlaw.com

Dr. Kideckel and Ms. Saibil,

This email serves as formal notice that your former attorney, Mr. Jeffrey Robinson of
LBKM, was sua sponte terminated from the docket by the United States District Court
for the District of Columbia on the morning of May 5, 2025. This action was not based
on a voluntary withdrawal or motion—it was ordered by the Court, unilaterally and
without briefing, following a sustained pattern of misconduct, conflict of interest, and
filings riddled with fraud on the court.

To be absolutely clear: Mr. Robinson is no longer permitted to file on your behalf. As
of this writing, no new attorney has appeared on your behalf. If you are currently
unrepresented, that must be acknowledged immediately. If counsel has been retained,
their notice of appearance must be filed without delay.

I am sending this correspondence so that it may be placed on the record that you were
made explicitly aware—as of today—of your current status. This is necessary in the
event Mr. Robinson has failed to inform you due to embarrassment or self-
preservation. I am cc'ing him to ensure no further misrepresentations are made to either
the Court or to you.

You are also on notice that any attempt to delay, stall, or sidestep these developments
will be cited in an amended complaint as further evidence of fraud on the court, and
will give rise to additional claims against all parties and their counsel, past and present.

If you believed the worst was behind you, you are mistaken. The Court's
unprecedented removal of your attorney is the beginning—not the end—of
accountability. Jurisdictional discovery will be deep, forensic, and thorough. I will
pursue it with the same intensity and precision that exposed your now-terminated
counsel's misconduct.

This is your opportunity to respond responsibly. I strongly suggest you take it.

Brent Kideckel

Plaintiff, pro se

**EXHIBIT "B"**



**Brent K <brentkideckel@gmail.com>**

## Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Notice (Other)

1 message

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>
To: DCD_ECFNotice@dcd.uscourts.gov

Mon, May 5, 2025 at 9:21 AM

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 5/5/2025 at 12:21 PM and filed on 5/5/2025
**Case Name:** KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:** 1:24-cv-02907-CJN
**Filer:** BRENT KIDECKEL
**Document Number:** 106

**Docket Text:**
**NOTICE of Non-Opposition Ripeness by BRENT KIDECKEL (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/5/2025] [FileNumber=9514515-0]
[7eae68451f8b1bbd1324a1623d8a872601558755721b1ba41bac8502db3c2db5cd14
506958c74d9a0d011901a49c4d0387ed3471b64fb55d63966d020a1db60]]

# EXHIBIT "C"

 Gmail

**Brent K <brentkideckel@gmail.com>**

---

## Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Supplemental Memorandum
1 message

---

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>
To: DCD_ECFNotice@dcd.uscourts.gov

Mon, May 5, 2025 at 9:22 AM

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 5/5/2025 at 12:22 PM and filed on 5/5/2025
**Case Name:**      KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**    1:24-cv-02907-CJN
**Filer:**      BRENT KIDECKEL
**Document Number:** 107(No document attached)

**Docket Text:**
**SUPPLEMENTAL MEMORANDUM to re [96] MOTION for Sanctions filed by BRENT KIDECKEL. (See Docket entry [106] to view document) (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

**EXHIBIT "D"**

 **Gmail**

**Brent K <brentkideckel@gmail.com>**

## Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Memorandum in Opposition
1 message

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>
To: DCD_ECFNotice@dcd.uscourts.gov

Mon, May 5, 2025 at 9:31 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 5/5/2025 at 12:31 PM and filed on 4/30/2025
**Case Name:**         KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**     1:24-cv-02907-CJN
**Filer:**                    BRENT KIDECKEL
**Document Number:** 108

**Docket Text:**
**Memorandum in opposition to re [94] MOTION to Dismiss filed by BRENT KIDECKEL. (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/5/2025] [FileNumber=9514542-0]
[822f6fb5f3d0aa217713ecd051fcf71a8d2f7601e43e848c77ca25a3b337f4e19becd
058e597944dd8e51320d153bf4f85308a6d617e78ea5531df692c5ec954]]

**EXHIBIT "E"**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of Columbia**

## Notice of Electronic Filing

The following transaction was entered on 5/14/2025 at 3:21 PM and filed on 5/13/2025
**Case Name:**        KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**      1:24-cv-02907-CJN
**Filer:**            BRENT KIDECKEL
**Document Number:** 112

**Docket Text:**
**NOTICE Regarding Strategic Withdrawal of Christopher Barraza by BRENT KIDECKEL (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/14/2025] [FileNumber=9531747-0]
[5e2bfa5546ee067811d5deb5f1cf76cc3d8eea3f318a43f36c128cb01adce4f87ba1
18d30b792c6877df71da4be3327ca678597bd00cecebfb99642c03028dc7]]

---

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>                    Wed, May 14, 2025 at 12:22 PM

To: DCD_ECFNotice@dcd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**EXHIBIT "F"**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/17/2025 at 11:19 AM and filed on 6/16/2025

**Case Name:** KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:** 1:24-cv-02907-CJN
**Filer:** BRENT KIDECKEL
**Document Number:** 115

**Docket Text:**
**NOTICE Regarding May 13th Second NEF TAG by BRENT KIDECKEL (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)   jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen   gbreen@ebglaw.com

Kristen J. Rees   kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte   nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris   eharris@ebglaw.com

BRENT KIDECKEL   Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/17/2025] [FileNumber=9586519-0]
[9db4ac28634f37588413221d01bb13ae99be158ec5a0b675d370c24bfe39e27b1b92
44c756aad421e04113eb0a964737555f417bb3d7ed7e6984dd1c30ea1094]]

**EXHIBIT "G"**



**Brent K <brentkideckel@gmail.com>**

---

## Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Motion to Disqualify Counsel

---

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>
To: DCD_ECFNotice@dcd.uscourts.gov

Tue, Jun 17, 2025 at 8:29 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/17/2025 at 11:29 AM and filed on 6/16/2025
**Case Name:**        KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**      1:24-cv-02907-CJN
**Filer:**            BRENT KIDECKEL
**Document Number:** 117

**Docket Text:**
**MOTION to Disqualify Counsel, MOTION for Sanctions, MOTION to Strike [82] Reply to opposition to Motion, [88] Memorandum in Opposition, [84] Notice (Other), [93] Memorandum in Opposition, [73] Memorandum in Opposition, [91] Response to Document, [86] Notice (Other), [67] Substitution of Counsel by BRENT KIDECKEL. (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/17/2025] [FileNumber=9586586-0]

# EXHIBIT "H"

6/22/25, 5:29 PM
Case 1:24-cv-02907-CJN   Document 122   Filed 06/23/25   Page 36 of 47
Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Motion to Disqualify Counsel

 Gmail

**Brent K <brentkideckel@gmail.com>**

## Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Motion to Disqualify Counsel

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>
To: DCD_ECFNotice@dcd.uscourts.gov

Tue, Jun 17, 2025 at 8:24 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/17/2025 at 11:24 AM and filed on 6/16/2025
| | |
|---|---|
| **Case Name:** | KIDECKEL v. FOREIGN NATION OF CANADA et al |
| **Case Number:** | 1:24-cv-02907-CJN |
| **Filer:** | BRENT KIDECKEL |
| **Document Number:** | 116 |

**Docket Text:**
**MOTION to Disqualify Counsel, MOTION for Sanctions, MOTION to Strike [25] MOTION to Dismiss , [114] Response to Document, [95] Notice of Withdrawal of Appearance, [24] Notice of Appearance by BRENT KIDECKEL. (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/17/2025] [FileNumber=9586539-0]

**EXHIBIT "I"**

6/22/25, 5:30 PM

Case 1:24-cv-02907-CJN-Document 122-Filed-06/23/25-Page-38-of 47
1:24-cv-02907-CJN DOCUMENTK122 FORE IGN ANAD 2006 08 CCW NADR of docs U Withdrawal of Motion

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 6/20/2025 at 1:04 PM and filed on 6/18/2025

**Case Name:**        KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**      1:24-cv-02907-CJN
**Filer:**            BRENT KIDECKEL
**Document Number:** 119

**Docket Text:**
**NOTICE OF WITHDRAWAL OF MOTION by BRENT KIDECKEL re [26] MOTION to Appoint Counsel (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/20/2025] [FileNumber=9592672-0]
[19cbd811b3a49dfe6593802c8445420f3a450b1f05790ee31e9aba89dd16c9898502
40c2cf2f55b32683be881b911d619d28e8313ad9ee833db3d7d5d7f0950d]]

**EXHIBIT "J"**

6/22/25, 5:31 PM    Gmail - Activity in Case 1:24-cv-02907-CJN DOCUMENT 122. FOREIGN NOnoton6ds25ANADA Reply to Opposition to Motion

Case 1:24-cv-02907-CJN   Document 122   Filed 06/23/25   Page 40 of 47

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 6/20/2025 at 2:08 PM and filed on 6/18/2025

| | |
|---|---|
| **Case Name:** | KIDECKEL v. FOREIGN NATION OF CANADA et al |
| **Case Number:** | 1:24-cv-02907-CJN |
| **Filer:** | BRENT KIDECKEL |
| **Document Number:** | 120 |

**Docket Text:**
**REPLY to opposition to motion re [103] Motion for Entry of Default filed by BRENT KIDECKEL. (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973480458 [Date=6/20/2025] [FileNumber=9592912-0]
[aa57f0d5453715a867e68c18a283414a6d9d9259e0aef2f01105b0b1a7dbc994fd8d
2fe355e2e9a4aa7f2b69983e2bd36a506094bcfaade9174a5ce3c930df73]]

# EXHIBIT "K"

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/20/2025 at 1:01 PM and filed on 6/18/2025
**Case Name:**       KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**    1:24-cv-02907-CJN
**Filer:**            BRENT KIDECKEL
**Document Number:** 118

**Docket Text:**
**NOTICE OF NON Compliance by BRENT KIDECKEL (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)   jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees     kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/20/2025] [FileNumber=9592660-0]
[00bd3394cb3834da2ae0ba67c266b4db0ca463b2dc1daeb8f39c6cb4d39ee1908249
4b123b32ef8bdfff7085e9700097f7f11405a7a59b1b4633cd405de8717d]]

---

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>

To: DCD_ECFNotice@dcd.uscourts.gov

Fri, Jun 20, 2025 at 11:10 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

# EXHIBIT "L"

 **Gmail**

**Brent K <brentkideckel@gmail.com>**

## Activity in Case 1:24-cv-02907-CJN KIDECKEL v. FOREIGN NATION OF CANADA et al Notice (Other)

**DCD_ECFNotice@dcd.uscourts.gov** <DCD_ECFNotice@dcd.uscourts.gov>
To: DCD_ECFNotice@dcd.uscourts.gov

Fri, Jun 20, 2025 at 11:10 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/20/2025 at 2:10 PM and filed on 6/18/2025
**Case Name:**          KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**        1:24-cv-02907-CJN
**Filer:**              BRENT KIDECKEL
**Document Number:** 121

**Docket Text:**
**NOTICE OF NON Compliance by BRENT KIDECKEL (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)   jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees     kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte   nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris    eharris@ebglaw.com

BRENT KIDECKEL    Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/20/2025] [FileNumber=9592918-0]
[0c34cf9b4ab7fd6f9093d55a2a8a2df739eaa4c7f08839c735137ec040f1729d49c9
dc60565ae24e447a0dc8c9ca574ed3b493107cfa972d366493729db3cad7]]

# EXHIBIT "M"

6/22/25, 6:04 PM
Case 1:24-cv-02907-CJN Document 132 Filed 06/23/25 Page 46 of 47
LBKM/Saibil: Final Notice of Intent to Supplement Sanctions Motions — Required Withdrawal by June 21



**Brent K <brentkideckel@gmail.com>**

## LBKM/Saibil: Final Notice of Intent to Supplement Sanctions Motions — Required Withdrawal by June 21

1 message

**Brent K** <brentkideckel@gmail.com>                                                                    Wed, Jun 18, 2025 at 10:55 AM
To: "Jeffrey D. Robinson" <Jeffrey.Robinson@lbkmlaw.com>, Annika Conrad <annika.conrad@lbkmlaw.com>, Elizabeth Velez
<Elizabeth.Velez@lbkmlaw.com>, anthony.munroe@lbkmlaw.com, eric.lewis@lbkmlaw.com,
arthur.middlemiss@lbkmlaw.com, adam.kaufmann@lbkmlaw.com, martin.baach@lbkmlaw.com, Lauren Skala
<Lauren.Skala@lbkmlaw.com>
Cc: "Christopher D. Barraza" <cbarraza@phillipslytle.com>, pwagner@ebglaw.com, "James R. Grasso"
<jgrasso@phillipslytle.com>, gbreen@ebglaw.com, "Elizabeth A. Harris" <eharris@ebglaw.com>, Natalia Marte
<NMarte@phillipslytle.com>, ddimitroff@phillipslytle.com, jflynn@ebglaw.com

To Counsel:

This correspondence serves as formal notice regarding the outstanding procedural and
ethical violations pending before the Court in this matter, and the Court's documented
procedural management via NEF docket entries reflecting the termination of Mr.
Robinson and associated LBKM counsel.

LBKM / Jeffrey Robinson:

As of today, no formal withdrawal has been entered on the docket despite repeated
NEF entries confirming termination status — as recently as yesterday, June 17, 2025.
The ongoing appearance of terminated counsel on the docket constitutes a knowing,
willful procedural violation.

Accordingly, if a formal withdrawal is not filed by 5:00 PM (Eastern) on Friday, June
21, 2025, I will file a supplemental sanctions and disqualification brief seeking treble
sanctions, adverse inferences, and further procedural relief against both Mr. Robinson
and the clients he continues to purport to represent.

Phillips Lytle & EBG:

Separate motions to disqualify and sanction Phillips Lytle and EBG have been filed
and docketed. Counsel are advised that the briefing window for those motions remains
open. However, absent appropriate corrective action prior to the conclusion of that
window, I intend to request that treble sanctions and procedural adverse inferences
likewise be imposed against those firms and their respective clients for ratification,
dereliction, and failure to disavow tainted filings following documented procedural

6/22/25, 6:04 PM
Case 1:24-cv-02907-CJN   Document 132   Filed 06/23/25   Page 47 of 47
Gmail - Notice of Intent: Final Document 132 Supplement & Objection to Dismissal — Reminder via Fraud at 4 June 21

notice from the Court via multiple NEF entries. Those clients include Mr. Simovonian, Mr. Wilson, and the City of Toronto.

As federal courts consistently hold, clients are charged with the acts and omissions of their counsel. Failure to disavow ethically contaminated filings or to secure unconflicted replacement counsel following procedural termination constitutes ratification of fraud upon the tribunal and will be addressed accordingly in my forthcoming submission if necessary.

This notice is provided to afford all parties one final opportunity to correct the procedural record and mitigate further sanctions exposure.

Respectfully,

Brent Kideckel

Pro Se Plaintiff