UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

    v.                                   Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

### TORONTO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY CHRISTOPHER BARRAZA AND PHILLIPS LYTLE LLP, SANCTIONS, AND TO STRIKE FILINGS AND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT THEREOF

Defendants The City of Toronto and Detective David Wilson (collectively, the "Toronto Defendants") submit this response to Plaintiff's motion to "Disqualify Christopher Barraza and Phillips Lytle LLP, For Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, and to Strike all Filings Ab Initio" and Supplemental Brief in further support of that motion. (Dkt. 116; 124).

As a preliminary matter, contrary to Plaintiff's arguments, and as expressly noted in the notice of withdrawal of appearance, as well as the Toronto Defendants' recent opposition to Plaintiff's "Notice" concerning Mr. Barraza's withdrawal, Mr. Barraza withdrew from this matter because he moved to another law firm. (*See* Dkt. 95; 114).

In any event, Plaintiff's claims that Phillips Lytle LLP and Mr. Barraza engaged in "conflicted and deceptive dual representation" and failed to "disclose material ethical violations" lack merit. (*See* Dkt. 116). Phillips Lytle LLP's dual representation of the Toronto Defendants fully complies with the District of Columbia's Bar Association Rules of

Professional Conduct Rule 1.7(a) because the Toronto Defendants interests' are not adverse to each other, nor have any Phillips Lytle LLP attorneys argued as such.

A motion to disqualify counsel is a drastic measure disfavored by the courts and subject to strict judicial scrutiny. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 965 F. Supp. 2d 104, 110 (D.D.C. 2013). When considering a motion to disqualify, the court considers "whether a violation of an applicable Rule of Professional Conduct has occurred or is occurring, and if so, whether such violation provides sufficient grounds for disqualification." *Id.*

"While the prohibition of Rule 1.7(a) is 'absolute,' its 'reach . . . is relatively narrow.'" *Iacangelo v. Georgetown Univ.*, 710 F. Supp. 2d 83, 89 (D.D.C. 2010) (quoting D.C. Bar Legal Ethics Comm., Op. 217 (1991)). "The prohibition of Rule 1.7(a) 'relates only to actual conflicts of position [], not to mere formalities . . . [A] lawyer is not absolutely forbidden to provide joint or simultaneous representation if the clients' positions are only nominally but not actually adverse.'" *Id.* (quoting D.C. R. Pro. Conduct 1.7(a), cmt. 6.). Additionally, Rule 1.7(a) applies only when "a lawyer *actually* asserts two incompatible arguments on behalf of two different clients on the same issue in the same proceeding." *Id.*

The Toronto Defendants have not asserted incompatible arguments or defenses. Nor has Plaintiff demonstrated that any conflict of interest exists. *See, e.g.*, *Berliner Corcoran & Rowe LLP v. Orian*, No. 06-CV-1543, 2009 WL 10713544, at 11* (D.D.C. Aug. 17, 2009) (denying motion where movant has not "identified evidence of an actual conflict of interest"), *aff'd*, No. 09-7163, 2010 WL 2574139 (D.C. Cir. June 10, 2010). Accordingly, Plaintiff's motion to disqualify the firm's representation of the Toronto Defendants should be denied and Additionally, Plaintiff's motion for sanctions against Mr. Barraza is meritless.

Further, the Court should deny Plaintiff's motion to refer Phillips Lytle LLP and former member of the firm, Mr. Barraza, to "disciplinary authorities under L. Civ. R. 83.15." (*See* Dkt. 116).

For the same reasons, Plaintiff request to strike all filings should be denied. "Motions to strike pleadings are generally considered a drastic remedy disfavored by courts . . . ." *Alexander v. Washington Gas Light Co.*, 481 F. Supp. 2d 16, 38 (D.D.C. 2006), *aff'd*, No. 06-7040, 2006 WL 3798858 (D.C. Cir. Aug. 24, 2006). Plaintiff has failed to provide any facts suggesting that striking of the pleadings is warranted.

Finally, this Court should deny Plaintiff's motion to compel discovery because such requests are premature. *See Arias v. Dyncorp*, 517 F.Supp.2d 221, 230 (D.D.C. 2007).

Dated: Washington, D.C.
       June 30, 2025

PHILLIPS LYTLE LLP

By: */s/ Natalia Marte*
Natalia Marte (9006283)
Attorney for Defendants
*The City of Toronto and David Wilson*
601 Pennsylvania Avenue NW
South Building, Suite 900
Washington, DC 20004
(202) 617-2712
nmarte@phillipslytle.com

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

    v.                                            Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

## [PROPOSED] ORDER

UPON CONSIDERATION of the motion to disqualify and impose sanctions against former Phillips Lytle LLP attorney, Chris Barraza, and the firm, Phillips Lytle LLP, filed by Plaintiff Brent Kideckel, and the entire record herein, it is hereby

ORDERED that motion to disqualify and impose sanctions against former Phillips Lytle LLP attorney, Chris Barraza, and the firm, Phillips Lytle LLP, filed by Brent Kideckel is DENIED.

SO ORDERED:

_____
Date

                                                      _____
                                                      CARL J. NICHOLS
                                                      United States District Judge