IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL<br><br>Plaintiff,<br><br>V.<br><br>THE FOREIGN NATION OF CANADA, et al.<br><br>Defendants. | CASE NO.:    1:24-cv-02907-CJN |

# **MOTION FOR PROCEDURAL SANCTIONS AGAINST THE CITY OF TORONTO AND DAVID WILSON AND TO COMPEL CLARIFICATION OF REPRESENTATION BY PHILLIPS LYTLE LLP**

Plaintiff Brent Kideckel respectfully moves this Court to impose procedural sanctions against Defendants the City of Toronto and its employee David Wilson, and to compel Phillips Lytle LLP, as counsel of record, to clarify its scope of representation and resolve a structural conflict.

Specifically, Plaintiff seeks:

1. Denial of any sovereign immunity defense to both the City of Toronto and David Wilson as a procedural sanction for their knowing silence and failure to disavow fraud on the Court and on the Ontario Superior Court;

2. An order compelling Phillips Lytle LLP to formally state whether it represents David Wilson in his individual capacity, and to clarify the scope and ethical basis of its dual representation of the City and its employee.

**RECEIVED**

JUL 24 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

This motion does not seek dispositive relief on the merits but invokes the Court's inherent authority to police fraud, protect its proceedings, and impose appropriate procedural consequences where institutional silence has enabled abuse of process.

A memorandum of law and proposed order are submitted herewith.

Respectfully submitted,

*[signature]*

Brent Kideckel
Pro Se Plaintiff


Dated: July 24, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL<br><br>       Plaintiff,<br><br>V.<br><br>THE FOREIGN NATION OF CANADA, et al.<br><br>       Defendants. | CASE NO.:   1:24-cv-02907-CJN |

# **<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROCEDURAL SANCTIONS AGAINST THE CITY OF TORONTO AND DAVID WILSON, AND TO COMPEL CLARIFICATION OF REPRESENTATION BY PHILLIPS LYTLE LLP</u>**

## INTRODUCTION

This Court is entitled to expect candor from litigants and their counsel. Yet here, the City of Toronto, a sovereign defendant served and represented since inception, and David Wilson, an employee of that City individually named in this action, have remained entirely silent despite being placed on notice of demonstrable fraud. This silence—deliberate, strategic, and indefensible—has obstructed the integrity of these proceedings.

Plaintiff respectfully requests that the Court:

1. Deny sovereign immunity as a procedural sanction to both the City and Wilson for their inexcusable silence in the face of litigation fraud;

2. Compel Phillips Lytle LLP, counsel of record for the City, to clarify whether it represents David Wilson, and to justify the ethical basis of any such dual representation.

Silence by institutions and their attorneys amid allegations of fraud is not abstention. It is complicity.

## I. FEDERAL COURTS HAVE INHERENT POWER TO IMPOSE PROCEDURAL SANCTIONS

Federal courts possess inherent authority to impose sanctions necessary to preserve the integrity of the proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This includes imposing procedural consequences where a party sits silently beside fraud or deliberately avoids clarification of a known conflict.

Christopher Barraza, now of Dorsey & Whitney LLP, appeared in this case in January, 2025. He was counsel of record when Jeffrey Robinson filed a tainted, and now orphaned, 650+ page Motion to Dismiss for Aram Simovonian under an active an unwaivable conflict of interest. Rather than alert the Court to this fraud, the City and Wilson instead allowed Mr. Barraza to be substituted by a junior associate, leaving a foreign sovereign Defendant without senior counsel as representation. Counsel to the City and Wilson received mutable Notices of Electronic Filing ("NEF") labeling co-counsel Jeffrey Robinson as "(Terminated)", listed solely on Plaintiff's filings and *not* on any others.[1] [2]

The City and Wilson should not be rewarded for sitting silent beside a fraud on this court. Taken in context, this is not just a matter of Plain Incompetence, it is willful complicity and ratification of fraud on two tribunals. [3]

---

[1] This is not a glitch or metadata error in CM/ECF. It is an accurate reflection of Jeffrey Robinson's appearance before this Court, under ABA Rule 1.7, Rule 1.16(a)(1).

[2] See *Picker Int'l, Inc. v. Varian Assocs., Inc.*, 670 F. Supp. 1363, 1365 (N.D. Ohio 1987), aff'd, 869 F.2d 578 (Fed. Cir. 1989) (disqualifying law firm that attempted to withdraw from a long-standing client in order to represent a new, adverse client in litigation; holding that "a firm may not drop a client like a hot potato" to cure a conflict of interest); see also *Restatement (Third) of the Law Governing Lawyers* § 132 cmt. c (2000) (a lawyer may not unilaterally convert a current client into a former client by withdrawal motivated by adverse representation); *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386–87 (2d Cir. 1976) (establishing per se disqualification when a lawyer concurrently represents opposing parties in litigation).

[3] See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (establishing the modern qualified immunity standard: government officials performing discretionary functions are insulated from civil liability unless their conduct violated clearly established rights); accord *Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("under the Harlow standard . . . qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law")

Plaintiff respectfully requests that this Court make appropriate adverse inferences on the conduct of the City, its agents, and the appetite and tolerance for fraud by the Foreign Nation of Canada, and the Province of Ontario.[4]

## II. THE CITY OF TORONTO'S SILENCE CONSTITUTES PROCEDURAL COMPLICITY

Since being named as a defendant, the City of Toronto has:

- Been served with process;

- Entered appearances through Phillips Lytle LLP;

- Attended or monitored proceedings in Ontario where fraud by its agents was directly exposed;

- Received formal litigation filings documenting fabrication, perjury, and abuse of process.

Despite these facts, the City has filed no disclaimer of the conduct of its co-defendants or agents. Its silence is deafening—and procedurally disqualifying.

## III. DAVID WILSON IS NOT ENTITLED TO SOVEREIGN IMMUNITY

Defendant David Wilson, as an individual named employee of the City, is not entitled to assert sovereign immunity as a shield against personal liability for intentional misconduct or participation in fraud.

In *Hafer v. Melo*, 502 U.S. 21, 25–26 (1991), the Supreme Court held that public officials sued in their personal capacities are not protected by sovereign immunity. Where an employee fails to repudiate fraud, misrepresentation, or abuse of process—especially when named individually—courts may impose consequences.

David Wilson has:

- Remained silent despite being identified in multiple pleadings as a participant in or witness to fraud;

- Benefited from institutional silence while appearing to invoke phantom sovereign protections.

---

[4] The voluntary dismissal of Canada and Ontario does not preclude their re-addition in an amended complaint where the two-dismissal rule has not yet been triggered and they are reasonably on notice of forthcoming claims. See *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1018 (2d Cir. 1976).

This posture is not tenable. The Court should deny any assertion of immunity by or on behalf of Wilson and treat him as an individual party subject to ordinary rules of procedure and ethics.

## IV. PHILLIPS LYTLE LLP MUST CLARIFY ITS REPRESENTATION

Phillips Lytle LLP is listed as counsel of record for the City of Toronto, and its employee David Wilson—an unambiguous conflict of interest.

Such posture is ethically impermissible.

Under D.C. Rule of Professional Conduct 1.7, an attorney must avoid conflicts of interest when representing multiple clients whose interests may diverge. Here:

- The City may seek to shield itself by blaming Wilson;

- Wilson may have personal exposure that cannot be shielded by the City;

- Any representation of both, is procedurally and ethically suspect.

*See also* ABA Formal Opinion 08-450: "Government lawyers must not represent multiple clients with potentially conflicting interests unless informed consent is obtained."

Plaintiff respectfully asks the Court to compel Phillips Lytle LLP to file a declaration stating:

1. Whether it currently represents David Wilson in his personal capacity;

2. Whether any waiver or informed consent was obtained to permit dual representation;

3. Whether it disclaims responsibility for Wilson's conduct.

This clarification is necessary to prevent ongoing ethical and procedural gamesmanship.

## V. THE REQUESTED RELIEF IS CALIBRATED AND PROCEDURALLY APPROPRIATE

Plaintiff does not seek dispositive judgment. He requests:

- Denial of sovereign immunity defenses as a procedural sanction for silence in the face of fraud;

- Clarification of representation to protect the Court and the proceedings;

- Preservation of the Court's integrity in the face of coordinated evasions.

This Court has discretion to deny immunity where a sovereign engages in misconduct or fails to preserve the integrity of the judicial process. *Combs v. United States*, 999 F.3d 278 (6th Cir. 2021).

## CONCLUSION

The City of Toronto and David Wilson have each chosen silence in the face of fraud. That silence cannot be rewarded with deference. It must be sanctioned.

Phillips Lytle LLP, as counsel of record, has a duty of candor to this Court and a duty of loyalty to each of its clients. It cannot satisfy either laboring under dual representation while sitting silently beside fraud on the court.

Plaintiff respectfully requests:

- Denial of any sovereign immunity defense by the City and by David Wilson;

- An order compelling Phillips Lytle LLP to clarify its representation and identify any ethical waiver that would justify it.

Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff

Dated: July 24, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL<br><br>    Plaintiff,<br><br>V.<br><br>THE FOREIGN NATION OF CANADA, et al.<br><br>    Defendants. | CASE NO.: 1:24-cv-02907-CJN |

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PROCEDURAL SANCTIONS AGAINST THE CITY OF TORONTO AND DAVID WILSON, AND TO COMPEL CLARIFICATION OF REPRESENTATION

Upon consideration of Plaintiff's Motion for Procedural Sanctions Against the City of Toronto and David Wilson, and to Compel Clarification of Representation by Phillips Lytle LLP, and the entire record herein, it is hereby:

**ORDERED** that Plaintiff's motion is GRANTED.

It is further:

**ORDERED** that as a procedural sanction for remaining silent in the face of fraud on the Court and failing to disavow or clarify material misrepresentations, the Defendants City of Toronto and David Wilson shall not be entitled to assert sovereign immunity or derivative immunity defenses in this action.

It is further:

**ORDERED** that within seven (7) days of the entry of this Order, Phillips Lytle LLP, as counsel of record, shall file a written statement with this Court:

4. Disclosing whether informed consent or a written waiver has been obtained to allow the firm to represent both the City of Toronto and David Wilson simultaneously, in compliance with applicable ethical obligations under D.C. Rule of Professional Conduct 1.7 or analogous rules;

5. Indicating whether it disclaims or affirms responsibility for any representations or silence by David Wilson in connection with the allegations of fraud and procedural abuse raised by Plaintiff.

SO ORDERED.

Dated: _____
Washington, D.C.

_____

CARL J. NICHOLS
United States District Judge

**EXHIBIT "A"**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

# U.S. District Court

# District of Columbia

### Notice of Electronic Filing

The following transaction was entered by Marte, Natalia on 6/30/2025 at 2:15 PM and filed on 6/30/2025

| | |
|---|---|
| **Case Name:** | KIDECKEL v. FOREIGN NATION OF CANADA et al |
| **Case Number:** | 1:24-cv-02907-CJN |
| **Filer:** | CITY OF TORONTO CANADA |
| | DAVID J.N. WILSON |
| **Document Number:** | 125 |

**Docket Text:**
**RESPONSE re [116] MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike [25] MOTION to Dismiss , [114] Response to Document, [95] Notice of Withdrawal of Appearance, [24] Notice of Appearance filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

BRENT KIDECKEL     Brentkideckel@gmail.com

Elizabeth Harris     eharris@ebglaw.com

George Bradley Breen    gbreen@ebglaw.com

Jeffrey D. Robinson    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, anthony.munroe@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov, TAli@usa.doj.gov

Natalia Marte    nmarte@phillipslytle.com, ctarbell@phillipslytle.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=6/30/2025]
[FileNumber=9607362-0]
[778c4c42e8a54b4c1aa9578de8d0d6000b519149bdbd1d7900175cfa81a1125a8547
3a64219db370b304777922b51e9a7070ac8440b739682f90394d0fc5d524]]

# EXHIBIT "B"

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 7/24/2025 at 2:24 PM and filed on 7/24/2025

**Case Name:**  KIDECKEL v. FOREIGN NATION OF CANADA et al
**Case Number:**  1:24-cv-02907-CJN
**Filer:**  BRENT KIDECKEL
**Document Number:** 130

**Docket Text:**
**NOTICE of Submission for In Camera Review by BRENT KIDECKEL (zdp)**

**1:24-cv-02907-CJN Notice has been electronically mailed to:**

Jeffrey D. Robinson (Terminated)    jeffrey.robinson@lbkmlaw.com, Annika.Conrad@lbkmlaw.com, Elizabeth.Velez@LBKMLAW.com, anthony.munroe@lbkmlaw.com

George Bradley Breen    gbreen@ebglaw.com

Kristen J. Rees    kristen.rees@usdoj.gov, CaseView.ECF@usdoj.gov,

TAli@usa.doj.gov

Natalia Marte     nmarte@phillipslytle.com, ctarbell@phillipslytle.com

Elizabeth Harris     eharris@ebglaw.com

BRENT KIDECKEL     Brentkideckel@gmail.com

**1:24-cv-02907-CJN Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**suppressed
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=7/24/2025]
[FileNumber=9647258-0]
[530b890910cb17cd254a67cee81a5ff24958ea1dc12fc93bea4112dd352d2214298a
71dfd1f73ef814ca4c90d35eb801d89638dc32620f478c92719164a9c4e1]]