IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL<br><br>    Plaintiff,<br><br>V.<br><br>THE FOREIGN NATION OF CANADA, et al.<br><br>    Defendants. | CASE NO.:   1:24-cv-02907-CJN |

# NOTICE OF VIOLATION OF DUE PROCESS BY THE FOREIGN NATION OF CANADA AND ITS PROVINCE OF ONTARIO

Plaintiff Brent Kideckel respectfully submits this notice to preserve for the record an egregious due process violation committed by the Ontario Superior Court of Justice in *David Kideckel v. Brent Richard Kideckel*, 2025 ONSC 4338, and to preserve the integrity of these proceedings in light of growing international interference.

The foreign tribunal, whose jurisdiction Plaintiff has challenged from the outset, entered a *default* judgment based entirely on **fabricated service** and a sworn affidavit that was shielded from any examination or challenge. Plaintiff was present at the hearing, objected in real time, and made the presiding judge aware of the fundamental defects in service and the underlying fraud. Yet the court, with full awareness, chose to proceed and enter a default judgment with injunctive relief. In doing so, the Ontario Superior Court engaged in a flagrant jurisdictional overreach with clear awareness of parallel U.S. proceedings and preexisting misconduct.

**This Court must not allow a foreign judicial system—especially one now exposed as incompetent and institutionally compromised—to dictate or disrupt proceedings on**

RECEIVED

JUL 29 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**American soil.** Ontario has demonstrated a systemic failure to apply even the most basic protections of due process, and this ruling, built entirely on an unexamined affidavit and email that has never been produced, is legally worthless and ethically indefensible.

Despite appearances of procedural formality at the hearing, the presiding judge had clearly pre-decided the outcome, ignoring Plaintiff's objections and rewarding fraud. Compounding the misconduct, the decision openly states that service by email is permitted in the United States—an inaccurate assertion of foreign procedural law. That statement alone offends the sovereignty of this Court and suggests a deliberate effort to provoke jurisdictional conflict.

The same Ontario judge oversaw Plaintiff's originating Claim on the Defendants' Motion to Strike.[1] [2] in that proceeding, knew the facts, and still chose to enter judgment on fabricated evidence. This constitutes not only a denial of due process but a political act of judicial grandstanding designed to interfere with a U.S. federal case. At a time of increasing tension between the United States and Canada, this reckless ruling threatens to create an international incident, and appears intended to do exactly that.

Notably, one of the defendants in this matter, Dahlia Saibil, is employed by the Ministry of the Attorney General for the Province of Ontario—-Doug Downey, of the Doug Ford Administration. Her continued silence and government employment raise serious questions of institutional protection and influence over the tribunal's conduct.

This Court is respectfully urged to treat this foreign judgment as a nullity and as supplemental authority supporting Plaintiff's emergency motion for protective relief, as well as his ongoing motions for sanctions and discovery. The Ontario judgment is not merely unenforceable—it is a manifest violation of American constitutional principles and judicial independence.

---

[1] This was a dismissal brought by the Toronto Police Services Board, who ignored the case for months due to Plaintiff labeling the Board as "Service Board" instead of Services Board", only entering the case after awareness of this US proceeding. Graham Thomson as counsel sought $14,000 in costs on behalf of the municipality to suppress Plaintiff's exposure of their willful blindness and negligence to the truth. Additionally, Ian Sinke, under dual representation of Scalzi Caplan LLP and Aram Simovonian, sought dismissal on the basis of no vicarious liability when the employee isn't named. Justice Akazaki failed to consider or acknowledge that Scalzi Caplan LLP, having initiated the fraudulent lawsuit and was made by and through their hands, had **direct liability.**

[2] What Defendants and their counsel assert as "too many emails" is in fact Plaintiff's commitment to overt transparency, when counsel on both sides of the border act in bad faith, abusive process, and obstruction of natural justice. Plaintiff will submit the transcripts of the hearings In-camera for this Court's review. Should the Ontario Court of Appeal grant Leave to disseminate a public hearing, they will be posted to the docket directly to highlight the mounting inconsistencies and fraud on two tribunals.

Finally, Plaintiff reaffirms his original complaint's assertion that the Ontario Superior Court is not a competent court, and that jurisdiction in this matter rests solely and exclusively with this Court. Defendant Dahlia Saibil—by and through counsel Jeffrey Robinson and Aram Simovonian — has made contradictory positions—arguing this Court lacks jurisdiction while simultaneously seeking to strike abroad—which only confirm the forum manipulation at play. This case must remain within the authority of this Court, and this latest development only heightens the urgency for injunctive relief and judicial scrutiny.[3]

Plaintiff does not walk back his prior acknowledgment that the Ontario hearing appeared to be conducted with integrity on its face; however, it is now evident that the presiding judge had predetermined the outcome and merely staged the hearing to give a false air of credibility—an impression underscored by Plaintiff's contemporaneous notation of a bench denial and the judge's deliberate efforts to confuse the record regarding the actual disposition of the motion to set aside also in front of him.[4]

Respectfully submitted,

Brent Kideckel

Pro Se Plaintiff

Dated: July 29, 2025

---

[3] This Court should consider **inductive relief on enforcement of any Ontario Superior Court Judgement in the United States**, pending subpoena of Plaintiff's gmail account. The Ontario Superior Court has invited this Article III United States District Court to assert its jurisdiction over its residents. Plaintiff respectfully requests that this Court do just that.

[4] This Court cannot allow a foreign tribunal- not least of which a British commonwealth- already engulfed in a national attack on America First, to dictate American Law. This is the Court's **Boston Tea Party** moment.

**EXHIBIT "A"**

**COURT OF APPEAL FOR ONTARIO**
BETWEEN:
**Brent Richard Kideckel**
*(Appellant)*

– and –

**David Kideckel**
*(Respondent)*

**Court File No.:CV-24-00713955**
**Ontario Superior Court of Justice**
**Toronto Region**

## NOTICE OF APPEAL

(Pursuant to Rules 61.03 and 61.04 of the Rules of Civil Procedure)

THE APPELLANT, Brent Richard Kideckel, appeals to the Court of Appeal for Ontario from the final judgment of the Honourable Justice Akazaki of the Superior Court of Justice dated July 25, 2025, which:

1. Entered default judgment against the Appellant;

2. Granted a permanent injunction prohibiting the Appellant from publishing, repeating, or disseminating any statements concerning the Respondent and related parties;

3. Reserved jurisdiction to determine costs;

4. Dismissed or purported to deny the Appellant's prior request to set aside the noting in default.

## THE APPELLANT ASKS THAT:

1. The judgment be set aside in its entirety;

2. The action be remitted for determination on the merits, with procedural fairness afforded to the Appellant;

3. The injunction be vacated as overbroad, punitive, and in violation of constitutional principles and natural justice;

4. Any costs award or entitlement be set aside or stayed;

5. Such further and other relief as this Honourable Court may deem just.

## GROUNDS OF APPEAL:

The Appellant relies on the following grounds:

1. **Denial of natural justice**: The Appellant was not properly served, and the motion proceeded without affording him a fair opportunity to be heard.

2. **Improper entry of default judgment**: The record did not justify default, and the alleged service was procedurally defective and fraudulently procured.

3. **Jurisdictional overreach**: The permanent injunction purports to restrain litigation and protected speech in foreign jurisdictions, including the United States, and constitutes an unlawful extraterritorial gag.

4. **Disproportionality and bias**: The judgment includes inflammatory, personal language and imposes extraordinary remedies on a procedural default without factual findings or evidentiary testing.

5. **Lack of procedural fairness in costs**: The invitation for costs submissions, without a fair trial or merits determination, compounds the prejudice to the Appellant.

### THE APPELLANT'S ADDRESS FOR SERVICE IS:

PO Box 20901
Floral Park, NY 11002
Email: brentkideckel@gmail.com
Tel: (917) 634-0637

DATE: July 25, 2025

*[signature]*

Brent Kideckel

Self-represented Litigant

**"EXHIBIT B"**

**COURT OF APPEAL FOR ONTARIO**
BETWEEN:
Brent Richard Kideckel
*Appellant*

– and –

David Kideckel
*Respondent*

Court File No.:
Ontario Superior Court File No.: cv-24-0073955

## NOTICE OF MOTION

(Motion for Stay of Enforcement Pending Appeal, with Request for Interim Relief)

THE APPELLANT, Brent Richard Kideckel, will make a motion to a single judge of the Court of Appeal for Ontario, at Osgoode Hall, 130 Queen Street West, Toronto, Ontario, on a date and time to be fixed by the Court, for an order staying enforcement of the judgment of the Honourable Justice Akazaki of the Superior Court of Justice, dated July 25, 2025, pending the hearing and disposition of the Appellant's appeal.

## THE APPELLANT ASKS FOR:

1. An order staying enforcement of the judgment of the Superior Court of Justice dated July 25, 2025, pending the determination of the Appellant's appeal;

2. In the alternative, an interim stay of enforcement pending the determination of this motion;

3. An order that the Respondent shall take no steps to enforce the judgment in Ontario or in any other jurisdiction, including the United States, until the motion is resolved;

4. Costs of this motion; and

5. Such further and other relief as this Honourable Court may deem just.

## THE GROUNDS FOR THE MOTION ARE:

1. The Appellant has filed a Notice of Appeal from the judgment of the Honourable Justice Akazaki, dated July 25, 2025, which entered default judgment, issued a permanent injunction, and reserved jurisdiction to impose costs;

2. The appeal raises serious issues to be determined, including:

    o Defective and unproven service of process;

    o Denial of natural justice and procedural fairness;

    o Improper issuance of permanent injunctive relief on default without evidence;

    o Extraterritorial overreach infringing the Appellant's First Amendment rights in the United States;

    o Use of inflammatory, punitive language inappropriate for a default proceeding;

3. The Appellant faces irreparable harm if a stay is not granted:

    o Enforcement may proceed in Ontario or abroad while appeal rights are live;

    o The Respondent may attempt to register and enforce the judgment in the United States, impairing the Appellant's ongoing federal litigation;

    o The judgment includes an open-ended speech gag and threatens constitutional injury in a foreign jurisdiction;

4. The balance of convenience overwhelmingly favors the Appellant:

    o There is no prejudice to the Respondent in preserving the status quo while the appeal is heard;

    o Enforcement now would cause disproportionate harm and may moot the appeal;

5. Rules 63.02 and 37.14 of the *Rules of Civil Procedure* permit this Court to grant a stay, including interim relief;

6. Such further and other grounds as may appear in the Appellant's affidavit and factum.

THE FOLLOWING DOCUMENTARY EVIDENCE WILL BE USED:

1. The Appellant's Affidavit

2. The Notice of Appeal dated July 25, 2025;

3. A copy of the judgment under appeal (2025 ONSC 4338);

4. Such further and other material as counsel may advise and this Honourable Court may permit.

DATED: July 25, 2025

Respectfully submitted,

*[signature]*

Brent Richard Kideckel
Self-represented Appellant
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

# EXHIBIT "C"

+1 (647) 677-8009

Text Message
Thu, May 9 at 1:50 PM

Brent - this is Aram. Don't play with me. You don't know me and you don't want this problem. Watch yourself, boy. The hair on my back stands up when my mother is bothered - this is your first and only warning. Tread lightly.