# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

           Plaintiff,                      CASE NO.:    1:24-cv-02907-CJN

     V.

THE FOREIGN NATION OF CANADA,  et al.

         Defendants.

# <u>NOTICE REGARDING WIRE FRAUD</u>

Plaintiff Brent Kideckel respectfully submits this Notice to formally identify and preserve the record regarding the use of knowingly fraudulent electronic service methods by Defendant Aram Simovonian, and to place on the record the adoption and ratification of that fraud by his legal counsel, affiliated insurance carrier, and institutional enablers. This Notice further names individual attorneys and firms who have, through silence, continued representation, or explicit action, adopted or facilitated the fraud on a foreign tribunal and on this Court.

The fraudulent conduct at issue centers on the use of falsified service claims to procure a **default** judgment in Ontario under materially false pretenses. That fraud was then weaponized in this U.S. action by counsel who knew or should have known that the underlying service had never occurred and that the exhibits supporting the motion to dismiss—in the fraudulent Canadian action= were falsified.

The individuals and institutions identified herein are now on formal notice that their continued silence or advocacy in support of such filings constitutes ratification. The record is replete with warnings, contradicting statements to two tribunals, and procedural motions signaling these defects. Plaintiff has provided opportunity after opportunity for correction, certification, or

**RECEIVED**

JUL 31 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

disavowal. None has come. Silence, therefore, is adoption. And in light of the published Ontario judgement, obtained through wire fraud, must be memorialized for the record.

## I. Individuals and Firms Who Have Adopted or Enabled Wire Fraud

The following persons and entities are now on notice for having directly or constructively adopted the fraudulent service and fabricated evidence submitted by Aram Simovonian, both in Ontario and in this Court. Their ongoing failure to withdraw, disavow, or seek correction—despite repeated notice—renders them co-responsible for fraud on the court and procedural misconduct:

### A. Canadian Counsel and Related Parties

- Tony Antoniou, Antoniou Law, panel counsel for LawPRO

- Ian Sinke, panel counsel for LawPRO[1]

- Gary Caplan, Scalzi Caplan LLP[2]

- Carmine Scalzi, Scalzi Caplan LLP[3]

- Scalzi Caplan LLP

- Scalzi Professional Corporation

---

[1] Mr. Sinke did his articling at LawPRO, which highlights institutional tolerance for fraud and perjury by LawPRO and the Law Society of Ontario. Mr. Sinke further engaged in a dual representation of Mr. Simovonian and Scalzi Caplan LLP.. Mr Sinke, in threatening "significant indemnity costs" as to Scalzi Caplan LLP, who already terminated Mr. Simovonian, has perverted and obstructed the course of justice.

[2] Mr. Caplan was aware of the fraud, as he took the step to terminate Mr. Simovonian from his employment as a mortgage (escrow-officer equivalent) closing attorney, upon receipt of my initial complaint to the Law Society of Ontario.

[3] The intended benefactor of the wire fraud, with instructions in a self-defeating "Cease and Desist" to make payment to Mr. Scalzi's bank account.

- Andrew Lima, Lima Law Professional Corporation[4][5]

- Lima Law Professional Corporation

These Canadian legal professionals and law firms were either directly involved in the submission of fraudulent materials to the Ontario Superior Court, including the falsified affidavit of service and fabricated text messages, or remained silent while benefitting from their effects. Antoniou Law are directly tied to the procedural violations that led to a default judgment procured by fraud.

**B. U.S. Counsel and Law Firms**

- George Breen, Epstein Becker & Green, P.C.

- Elizabeth Harris, Epstein Becker & Green, P.C.

- Jeffrey Robinson, Lewis Baach Kaufmann Middlemiss PLLC

- Annika Conrad, Lewis Beach Kaufmann Middlemiss PLLC

- Lewis Baach Kaufmann Middlemiss PLLC

- Epstein Becker & Green, P.C.

Each of the above has adopted or enabled Simovonian's wire fraud and procedural misconduct by:

---

[4] After being terminated from Scalzi Caplan, to continue his fraud Mr. Simovonian began using a "limalaw.ca" email domain, belonging to Lima Law, Andrew Lima's professional corporation. To give himself an air of credibility as a 20-something year-old fired lawyer, Mr. Simovonian registered the "Simovonian Professional Corporation" and subsequent "Lima Lee Simovonian ("LLS")" with Simovonian Professional Corporation as Mr Simovonian's Officer. Mr. Simovonian then began using a "llsllp.ca" email domain. Once being advised that his GoDaddy email server is located in the United States, he reverted back to "limalaw.ca"  When Plaintiff requested clarification on the docket as to Mr. Simovonian's affiliation. Jeffrey Robinson was advised that Mr. Simovonian was using a Limalaw email with a LLS by-line, attaching liability to both Lima Law and LLS. That same day, Mr. Simovonian removed the LLS by-line from his email. Plaintiff advised Mr. Robinson that this panicked adjustment (akin to the game of musical chairs played by George Breen and Elizabeth Harris) was noted but not necessary and to "advise your client to put the by-line back on if he's going to play lawyer. The LLS by-line reappeared the next day.

[5] Like Mr. Simovonian who has blocked Plaintiff's emails at various points during his representation of David Kideckel and Dahlia Saibil in Canada (memorialized in Delivery Failure Notifications), Andrew Lima has constructive knowledge of the fraud carried out under his company and his awareness is also memorialized in Delivery Failure Notifications.

(1) filing motions that rely on the tainted Ontario record,

(2) failing to certify or disavow that record after substitution of counsel, and

(3) failing to withdraw after receiving NEF termination tags and multiple warnings of ethical exposure.

This conduct constitutes not only civil misconduct but, in light of the underlying fabrication of documents and use of email for fraudulent purposes across borders, implicates potential violations of U.S. wire fraud statutes.

## II. Insurance-Ratified Fraud: LawPRO and Its Panel Counsel

The fraud detailed above—originating in Ontario and weaponized in this Court—has now been expressly ratified or constructively adopted by the Lawyers' Professional Indemnity Company ("LawPRO"), Ontario's mandatory malpractice insurer for lawyers. LawPRO has been placed on repeated notice of the fabricated affidavit of service, the misrepresented email exhibits, and the conflicting litigation postures between jurisdictions.

Rather than take corrective action, LawPRO has continued to indemnify, enable, or otherwise support the defense of Aram Simovonian and his enablers, signaling institutional ratification of the misconduct.

By proceeding with indemnification and failing to withdraw coverage or mandate correction, LawPRO has formally ratified and adopted the underlying fraud, and now faces exposure for aiding and abetting misconduct and for perpetuating international abuse of process.

## III. Institutional Silence and the Adverse Inference of Adoption

Despite clear opportunities to correct the record, reject fraudulent affidavits, or disavow client misconduct, none of these actors has moved to do so.

Instead, the record shows:

- A refusal to certify filings.

- A reliance on fabricated service and contradictory foreign positions.

- A refusal to rebut motions or notices that expose the misconduct, instead opting for procedural obstruction, calculated silence, and ad hominem attacks.

The wire fraud perpetrated by Aram Simovonian has now been widely adopted, enabled, or institutionalized across multiple actors on both sides of the border. This Notice places on record that the parties and firms named above have either affirmatively relied on the fraudulent materials or remained silent despite formal notice and procedural opportunity to disavow.

Their continued silence in the face of incontrovertible contradictions—especially regarding fabricated service, sworn misrepresentations, and misuse of digital communication platforms to procure a foreign default judgment—amounts to ratification. Those who failed to act, speak, or withdraw when prompted have now crossed the line from passive observance into active complicity.

This Court is respectfully advised that the fraud has metastasized across jurisdictions, and that the undersigned intends to preserve all rights to pursue appropriate sanctions, discovery, and damages. This Notice does not request relief but ensures that each named participant is now tethered to the record for purposes of future proceedings, including motions for contempt, sanctions, or amendment of pleadings.

Dated: July 30, 2025

Respectfully submitted,

Brent Kideckel

Pro Se Plaintiff

PO Box 20901

Floral Park, NY 11002

brentkideckel@gmail.com

(917) 634-0637