UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

    v.                                                                  Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

**TORONTO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROCEDURAL SANCTIONS AGAINST THE CITY OF TORONTO AND DAVID WILSON AND TO COMPEL CLARIFICATION OF REPRESENTATION BY PHILLIPS LYTLE LLP**

    Defendants The City of Toronto and Detective David Wilson (collectively, the "Toronto Defendants") submit this opposition to Plaintiff's motion for "Procedural Sanctions against the City of Toronto and David Wilson and to Compel Clarification of Representation by Phillips Lytle LLP." (Dkt. 131).

    Plaintiff claims that the court should sanction the Toronto Defendants for their "silence" in response to counsel Jeffrey Robinson's alleged actions by denying the Toronto Defendants' sovereign immunity defenses. (Dkt. 131). Plaintiff incorrectly asserts that Detective Wilson engaged in fraud by not responding to counsel Jeffrey Robinson's alleged actions on the docket. But Plaintiff has not shown Detective Wilson engaged in any behavior that would impute to him personal liability. Any action taken by Detective Wilson in this matter is done in conjunction with his role as an official or agent of a foreign state. *See Doe 1 v. Buratai*, 318 F. Supp. 3d 218, 232 (D.D.C. 2018) (alterations in original) (quoting *Lewis v. Mutond*, 258 F. Supp. 3d 168, 171 (D.D.C. 2017), *vacated and remanded*, 918 F.3d 142 (D.C. Cir. 2019)) ("[S]uits against officers in their personal capacities must pertain

to private action[s],—that is, to actions that exceed the scope of authority vested in that official so that the official cannot be said to have acted on behalf of the state."), *aff'd*, No. 18-7170, 2019 WL 668339 (D.C. Cir. Feb. 15, 2019), *and aff'd sub nom., Doe v. Buratai*, 792 F. App'x 6 (D.C. Cir. 2019).  In any event, and as demonstrated in the Toronto Defendants' motion to dismiss, Detective Wilson is entitled to foreign-official immunity because Plaintiff seeks to hold Detective Wilson liable for his official acts.  (*See* Dkt. 25).

Plaintiff's argument regarding the prior withdrawal of another attorney, Mr. Barraza, lacks merit.  As repeatedly shown in prior filings, Mr. Barraza withdrew from this matter because he moved to another law firm.  (*See* Dkt. 95; 114; 125).

Finally, and again as shown in prior filings, Phillips Lytle LLP's dual representation of the Toronto Defendants fully complies with the District of Columbia's Bar Association Rules of Professional Conduct Rule 1.7(a) because the Toronto Defendants interests are not adverse to each other, nor have any Phillips Lytle LLP attorneys argued as such.  *See Iacangelo v. Georgetown Univ.*, 710 F. Supp. 2d 83, 89 (D.D.C. 2010); s*ee also* Dkt. 125.

Accordingly, for the reasons set forth above, Plaintiff's motion should be denied.

Dated: Washington, D.C.
   August 7, 2025

PHILLIPS LYTLE LLP

By: */s/ Natalia Marte*
Natalia Marte (9006283)
Attorney for Defendants
*The City of Toronto and David Wilson*
601 Pennsylvania Avenue NW
South Building, Suite 900
Washington, DC 20004
(202) 617-2712
nmarte@phillipslytle.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

    v.                                Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff Brent Kideckel's Motion for Procedural Sanctions Against the City of Toronto and David Wilson and to Compel Clarification of Representation by Phillips Lytle LLP [Dkt. 131] ("Motion"), and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion is DENIED.

SO ORDERED:

_____
Date

                                                    _____
                                                    CARL J. NICHOLS
                                                    United States District Judge