# EXHIBIT C

|  | CITATION: |
|---|---|
|  | **ONTARIO SUPERIOR COURT OF JUSTICE (TORONTO REGION)**<br>**CIVIL ENDORSEMENT FORM**<br>*(Rule 59.02(2)(c)(i))* |
| **BEFORE** **Judge**<br>**Papageorgiou, J** | **Court File Number**:<br>**CV-24-00719990-0000** |

**Title of Proceeding**:

**KIDECKEL** Plaintiff(s)

-v-

**KIDECKEL et al** Defendants(s)

| **Case Management:** ☐ Yes  If so, by whom: | ☐ **No** |
|---|---|

**Participants and Non-Participants:** *(Rule 59.02(2)((vii))*

|  | **Party** | **Counsel** | **E-mail Address** | **Phone #** | **Participant (Y/N)** |
|---|---|---|---|---|---|
| 1) | **Plaintiff, Self-Represented** | **Brent Richard Kideckel** | brentkideckel@gmail.com<br>kideckelsaibilspringmanlawsuit@gmail.com |  | **N** |
| 2) | **Defendants, David Kideckel & Dahlia Saibil** | **Aram Simovonian** | asimovonian@limalaw.ca |  | **Y** |

**Date Heard:** *(Rule 59.02(2)(c)(iii))*  **August 6, 2025**

**Nature of Hearing (mark with an "X"):** *(Rule 59.02(2)(c)(iv))*

☒ Motion    ☐ Appeal    ☐ Case Conference    ☐ Pre-Trial Conference    ☐ Application

**Format of Hearing (mark with an "X"):** *(Rule 59.02(2)(c)(iv))*

☐ In Writing    ☐ Telephone    ☒ Videoconference    ☐ In Person

If in person, indicate courthouse address:

**Relief Requested:** *(Rule. 59.02(2)(c)(v))*

**Disposition made at hearing or conference (operative terms ordered):** *(Rule 59.02(2)(c)(vi))*

**Overview**

1. The defendants David Michael Kideckel "David") and his wife Dahlia Saibil ("Dahlia") bring a motion to strike against the plaintiff Brent Kideckel ("Brent").
2. Brent is self-represented and did not file any materials or attend at the motion.
3. David's counsel sent him the zoom link for this proceeding and Brent advised that he would not be attending and asked that the order be sent to him.

**Decision**

4. For the reasons that follow I grant the motion and also order that Brent may not bring any further proceeding against David or Dhalia without leave of the court in Ontario.

**Issues**

- Issue: Is the Statement of Claim issued by the plaintiff frivolous, vexatious and an abuse of process?

**Analysis**

**Issue 1: Is the Statement of Claim issued by the plaintiff frivolous, vexatious and an abuse of process?**

5. In *Lang Michener Lash Johnston v. Fabian*, [1987] O.J. No. 355 at para 20, the court provided a list of indicia or considerations for courts to take into account in determining whether a litigant or proceeding is vexatious:
    - the bringing of one or more actions to determine an issue which has already been determined by a Court of competent jurisdiction.
    - where it is obvious that an action cannot succeed, or if the action would lead to no possible good, or if no reasonable person can reasonably expect to obtain relief.
    - where the action is brought for an improper purpose, including the harassment and oppression of other parties by multifarious proceedings brought for purposes other than the assertion of legitimate rights;
    - where issues raised tend to be rolled forward into subsequent actions and repeated and supplemented, often with actions brought against the lawyers who have acted for or against the litigant in earlier proceedings;
    - the failure of the person instituting the proceedings to pay the costs of unsuccessful proceedings; and
    - the respondent's conduct in persistently taking unsuccessful appeals from judicial decisions can be considered vexatious conduct of legal proceedings.
6. Further, in determining whether proceedings are vexatious, the Court must look at the whole history of the matter and not just whether there was originally a good cause of action: at para 15.
7. I am satisfied that considering the whole history of this matter, this claim should be struck as frivolous, vexatious and an abuse of process as against David and Dahlia. Further, the plaintiff, should be restrained from bringing any further proceedings against these defendants without leave of the court.
8. The Plaintiff Brent and the Defendant David are estranged brothers with no relationship. As noted, the Defendant, Dahlia Saibil, is David's spouse ("Dahlia").
9. Brent resides in the United States of America, in the State of California at 1528 Rock Springs Road, San Marcos, CA 92069. Brent has no assets in Canada, nor has he been in Canada in over 12 years.
10. David is an individual, holds a PhD from the Institute of Medical Science & Program in Neuroscience at the University of Toronto, and an MBA from the Rotman School of Management.
11. On February 1, 2024, David commenced an action against Brent in Court File No.: CV-24- 00713955-0000 ("David's Action"), for, inter alia, defamation, intimidation, publicly placing a person in false light, and intentional infliction of mental suffering. He says that Brent has engaged in a campaign of harassment, intimidation, and defamation against him and his family. The claim pleads that he uses certain phone numbers to execute his campaign and set out texts from these phone numbers. It also pleads that Brent phoned the police and made complaints that David's children were in danger. As a result, police came to David's home. The Claim pleads that this was done to cause David and his family anxiety, depression and physical harm. David made a complaint to the police in that regard.

12. As set out in Akazaki J.'s endorsement dated January 25, 2025, there was a police investigation which led to the laying of an information and formal charges as well as an arrest warrant of Brent.
13. Shortly thereafter, on May 10, 2024, Brent commenced this proceeding against David, Dahlia, a number of parties with whom he is associated and others including: (a) Hope Springman (Brent's mother); (b) Kenneth Norwich (Hope's husband); (c) Aram Simovonian (David's lawyer); (d) Gary Caplan (partner at Scalzi Caplan LLP); (e) Carmine Scalzi (partner at Scalzi Caplan LLP); (f) Scalzi Caplan LLP (Aram Simovonian's former employer); (f) David Wilson and Dave Lim (Toronto Police); (h) Toronto Police Service; (i) The Province of Ontario; (j) Canada; and (k) Doug Downey.
14. This action has many of the hallmarks of a vexatious proceeding. It contains a number of methods of emphasis including italics, bolding and capital letters: *Gao v. Ontario WSIB*, 2014 ONSC 6497.
15. It contains rambling discourse, repetition, and rhetorical questions. It is an angry diatribe against David.
16. This action is primarily a response to David's Action and the claim that Brent sent the texts referenced in David's Action and essentially sets out his defence which is that he did not do this and a counterclaim which involves claims that David has brought his claim to harass and intimidate him, as well as pleadings against others who have assisted David including his lawyers and/or police who have investigated David's complaints and who made arrest warrants against him for criminal harassment and uttering death threats should he ever come to Canada.
17. For example, paragraphs 6, 7 and 8 plead:

    > 6. Sometime in December 2023 Lynn and I were on the phone and she asked casually, "are you texting your brother?" I had no idea what she was talking about. I said, "No of course not," and referenced the above last contact on Maui- and that I want nothing to do with David. The literal last thing I'd ever do is initiate contact with him after going to such lengths to avoid hearing from him.
    > 7. I thought nothing of it really, and Lynn said she'd show me when I got to Sarasota as I was going 3-4 weeks later. The text messages were of a threatening and harassing nature, purporting to be from Canadian phone numbers I have no association with, apparently defamatory in nature to his boss….In January he told I was messaging his boss at whatever new company he was at…
    > 8. I have no idea, as I have no Canadian phone numbers; don't know who Mr. Kideckel's boss-du-jour is, and most importantly, and I cannot stress this enough—I DON'T CARE about his work life, family life or any other parts of his sad and miserable existence.

18. There are other paragraphs that relate to the issues of the text messages referenced in David's Action and the fact that Brent has not had any contact with David, including 4, 10, 11, 12, 13, 14, 17, 26, where Brent references cease and desist letters sent to him and also alleges that David has fabricated these texts and then provided them to the police to harass him. He references cease and desist letters that he has sent David in that regard. I note that the Statement of Claim jumps from paragraph 17 to 26.
19. Thus, instead of issuing a counterclaim in David's Action, he commenced this action.
20. The language used, animus displayed, and irrelevant statements made also support the conclusion that this is a vexatious proceeding.
    - He calls David and his mother "narcissistic and abusive people" and a "predatory gold digger" para 2.
    - He calls Ontario's justice system a "Kangaroo Court" and "Kangaroo Judicial System" "Guilty until proven innocent" and the Toronto Police Service's practices as being of a "third world nature of arresting people based on anyone's sworn statement": para 14 and also para 30.
    - He calls one of the defendants, "overweight": para 15.
    - He says that one of the defendants "doesn't give a shit": para 15.
    - He calls David "A hockey player jock at his core, he's never been the smartest": para 17
    - He references the case involving Barry and Honey Sherman: para 17.

- He says that "not a single employee of 13 Division can afford to own a single-family home in the neighbourhood they patrol" which affects their "performance and commitment to finding the truth": para 17.
- He pleads that "David has always been envious of me, though. Social life, sex life, or standing amongst friends- Plaintiff has what David's fortune could never buy him- inner peace, happiness, and insatiable likeability. David doesn't have friends. He's pissed off everyone who has even known him. (His poor kids, though, they're the ones who will suffer most from his toxicity.)

21. There many are other pleadings that demonstrate this claim is vexatious including the kind of relief claimed as follows:
    - An Order requiring certain defendants including the Chief of the Toronto Police to place an ad in the papers of record for Canada and the United States apologizing.
    - An order that lawyers he has sued be referred to the Law Society of Ontario for disbarment or discipline.
    - An order revoking the business license of Scalzi Caplan LLP.
    - An order requiring David to seek a mental health evaluation.
    - An order appointing a third-party administrator to oversee the Toronto Police and 13 Division.
    - An order requiring the police to investigate and charge certain defendants.
22. Brent's claim also indicates he is seeking an order in the United States that certain defendants are permanently excluded from the United States given their "toxic, politely, unpredictable and historic behaviour."
23. In addition to this proceeding, Brent commenced a mirror action in the U.S.A. in the District of Columbia. This subsequent action in the U.S.A. is characteristic of multifarious proceedings brought for purposes other than the assertion of legitimate right. I note that in the U.S. claim, Brent pleads that the texts received by David were phone numbers that have a great likeness to Justin Trudeau's number.
24. Notably, Brent was also found to be a vexatious litigant in the State of Nevada and State of California. As such, even though he resides in California, he commenced the U.S proceeding in the District Court of Columbia, a state in which he does not reside.
25. Brent did not defend David's Ontario Action and has been noted in default.
26. Brent subsequently retained counsel, on a limited scope retainer, brought a motion to set aside the noting in default, and then abandoned the motion.
27. On January 17, 2025, in David's Action, Justice Akbarali, by way of her Endorsement, found that Brent Kideckel "has made choices designed to increase [David Kideckel's] costs and delay the progress of [David's Action]. In my view a modest costs award is appropriate to make clear to [Brent Kideckel] that behavior designed to frustrate the process of the Court will not be tolerated." Justice Akbarali ordered that Brent pay David costs of $2,500 forthwith.
28. In making this award, Akbarali J. found that there was a recent communication from Brent advising David's counsel that he would not be attending to be cross-examined on his affidavit filed on the motion to set aside the default judgment, notwithstanding that the date had been set. She was concerned that Brent was abusing the processes of the court.
29. On January 22, 2025, in this action, Justice Akazaki, by way of Endorsement, made the following orders: (i) the claim against Scalzi Caplan LLP, David Wilson, Dave Lynn, Toronto Police Services Board, and His Majesty the King in Right of Ontario, Doug Downey were struck for failing to disclose a reasonable cause of action; and (ii) Brent Kideckel shall pay costs of $4,000, to Scalzi Caplan LLP; costs of $5,000 to the Toronto Police Service Board; and, costs of $1,000, to his Majesty the King in Right of Ontario. After the motion was brought, Brent discontinued the action against Aram Simovonian, Gary Caplan and Carmine Scalzi who are lawyers at Scalzi Caplan.
30. To date, and despite demand, Brent has not paid any of these costs.
31. The claim is currently alive as against David, and Dhalia. Although Hope Springman Brent and David's mom and Kenneth Norwich, David and Brent's stepfather are named they have not been served.

32. David moved for Judgment and David's Motion for Judgment was returnable on June 19, 2025. Brent was present at the motion. Akazaki J. did not set aside the noting in default and then granted judgment to David for defamation in the amount of $50,000 as well as aggravate and punitive damages in the amount of $40,000, substantial indemnity costs in the sum of $20,954.34.
33. Given this finding, this action is also res judicata as against David.
34. As well, to the extent that there was anything related to this claim that involved his wife Dahlia, it should have been brought as a third-party claim against her and as such, any such claim in this proceeding is also an abuse of process.
35. In any event there are insufficient particulars of any claim against her. The only paragraphs that make reference to her are:
    - Paragraph 13 which requests that she be excluded permanently from the United States given her toxic, politely
    - Paragraph 15 where he alleges that Dahlia and David used knowledge of the system for their personal benefit and bullied, harassed and flexed their roles for personal benefit.
    - Paragraph 26 where Brent says he sent Dahlia and David a notice of cease-and-desist letter and notice of this upcoming lawsuit.
    - Paragraph 28 where he pleads that Dahlia and David done all things possible to exact revenge on people who want nothing to do with them.
36. In all the circumstances it is clear that the action cannot succeed and has been brought for an improper purpose including the harassment of David and Dahlia.
37. In my view, leave to amend is not granted in such circumstances but even if it could be, Brent has not appeared and provided any submissions on what amendments could be granted that would cure any defects.
38. Therefore, I order that the claim as against David and Dahlia is struck out without any leave to amend and that Brent shall not bring any further proceedings against David or Dahlia without leave.
39. David and Dahlia request costs in the amount of $4,000 which is more than reasonable in all the circumstances. These costs are within the reasonable contemplation of Brent given all the circumstances.

**Costs:** On a **N/A** indemnity basis, fixed at $         are payable by         to         [when]

**Brief Reasons, if any:** *(Rule 59.02(2)(b))*

**Additional pages attached:**  ☐ Yes   ☐ No

| **August 6,** , 20 **25** | _[signature]_ |
|---|---|
| Date of Endorsement *(Rule 59.02(2)(c)(ii))* | Signature of Judge *(Rule 59.02(2)(c)(i))* |