.UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>       Plaintiff,<br><br>  v.<br><br>THE FOREIGN NATION OF CANADA, *et al.*,<br><br>       Defendants. | No. 1:24-cv-02907-CJN |

**DEFENDANTS DAVID KIDECKEL AND DAHLIA SAIBIL'S
OPPOSITION TO PLAINTIFF'S MOTION FOR ORAL ARGUMENT
AND PROTECTIVE SCHEDULING RELIEF**

Defendants David Kideckel ("D. Kideckel")[1] and Dahlia Saibil ("Ms. Saibil"), through undersigned counsel, submit this Opposition to Plaintiff Brent Kideckel ("Plaintiff")'s Motion for Oral Argument and Protective Scheduling Relief (ECF 134, the "Motion"). In support thereof, D. Kideckel and Ms. Saibil state as follows:

## PRELIMINARY STATEMENT

This matter is one of three related proceedings between Plaintiff and D. Kideckel; the other two, pending in the Ontario Superior Court, arise out of the events at issue here. On July 25, 2025, the Ontario Superior Court resolved one those cases—the matter sounding in defamation brought by D. Kideckel against Plaintiff—by issuing a default judgment against Plaintiff. *See David Kideckel v. Brent Kideckel*, CV-24-00713955-0000, Reasons for Judgment, 2025 ONSC 4338 (July 25, 2025) (the "Ontario Judgment").[2] The court, finding that (i) Plaintiff had failed to defend against D. Kideckel's allegations and (ii) D. Kideckel had stated a viable claim for defamation against Plaintiff, granted D. Kideckel $90,000 in damages and enjoined Plaintiff from making "any false or defamatory statements" relating to D. Kideckel. *Id.* at ¶¶ 41-42.

Almost immediately after the decision was issued, Plaintiff filed the Motion, seeking to "neutralize" the Ontario Judgment; bar defendants "from relying on, enforcing, or referencing [the Ontario Judgment]… except as evidence of foreign interference;" and have the Court take judicial notice for the limited purpose of recognizing its purported "procedural irregularity." Mot. at 3-4. Plaintiff offered no justification for this request—aside from his unsupported claims of "foreign

---

[1] This opposition is submitted without waiving D. Kideckel's defenses and objections to Plaintiff's claims. D. Kideckel opposes the entry of default against him, as he has not been properly served in this matter. ECF 23 (Memorandum in Opposition to Plaintiff's Motion for Entry of Default). He reserves the ability to contest the Court's jurisdiction over him and will contest the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim. *Id.*

[2] The Ontario Judgment was submitted by Plaintiff as Exhibit "A" to the Motion.

1

interference" and procedural "taint"—nor could he, as the Court is entitled to take judicial notice of the Ontario Judgment, and Plaintiff cannot preemptively block it from doing so merely because he is dissatisfied with the outcome of the Ontario proceeding.

The Motion, supported by neither facts nor law, must be denied.

## ARGUMENT

The Motion is improper and defective for a number of reasons.

*First*, the Motion, focused on the purported reasons why the Ontario Judgment cannot be recognized by this Court, conflates enforcement and judicial notice. Neither D. Kideckel, Ms. Saibil, nor any of the other defendants have sought to enforce the Ontario Judgment in this proceeding. It is only Plaintiff, who has now submitted five filings addressing the decision (ECF 133-37), who has presented it to this Court. Therefore, the majority of the Motion's analysis—the expressed procedural issues with the Ontario Superior Court, challenges to service, and claims of unconstitutionality[3]—is irrelevant.

*Second*, there is no basis for the asserted factual underpinnings of the Motion—the purported "procedural fraud" that has now become Plaintiff's focus (*see, e.g.*, ECF 52, 72, 76, 80, 89, 90, 96, 100, 106, 107, 113, 124, 127). The Motion continues to build on the same non-existent foundation with accusations of "institutional misconduct" by the Ontario Superior Court, but fails to assert any misdeed by D. Kideckel, Ms. Saibil, or their counsel. These baseless assertions have already been addressed in previous filings, and D. Kideckel and Ms. Saibil will not address them

---

[3] The Motion asserts that the Ontario Judgment acts as a "gag order" on Plaintiff in this proceeding because it enjoins him from making "any statements, allegations, or insinuations … including but not limited to allegations of fraud, dishonesty, or professional misconduct." Mot. at 2. The Motion misquotes the Ontario Judgment, which notably only enjoins Plaintiff from making "any false or defamatory statements relating to [D. Kideckel]." Ontario Judgment ¶ 41 (Mot. at 20). If Plaintiff is constrained in his prosecution of this matter, it is only to the extent that his actions are based on false statements about D. Kideckel.

again here. *See* ECF 68 (David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Motion to Disqualify Opposing Counsel, for Conflict of Interest and Bad Faith Litigation Tactics) at 14-18; ECF 105 (Defendant David Kideckel and Dahlia Saibil's Consolidated Opposition to Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 and Motion to Strike the April 16, 2025 Motion to Dismiss Filed by Conflicted Counsel) at 12-14; ECF 128 (Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Motion to Compel Withdrawal of Terminated Counsel, Jeffrey Robinson, to Clarify Scope of Prior § 1927 Motion, and to Impose Trebled Sanctions for Bad-Faith Conduct) at 7-9.

*Third*, should a party request it, or on its own initative, the Court may take judicial notice of the Ontario Judgment. *See Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1049 (D.C. Cir. 2014) (citing approvingly district court's judicial notice of foreign court judgment pursuant to Rule 201); *Owens v. Republic of Sudan*, 864 F.3d 751, 789 (D.C. Cir. 2017) (recognizing judicial notice of foreign court judgment in *Kim*); *Giaguara S.p.A. v. Amiglio*, 257 F. Supp. 2d 529, 532 (E.D.N.Y. 2003) (taking judicial notice of decision rendered by Canadian Court of Appeal for the Province of Queben, District of Montreal).[4] Taking judicial notice of the

---

[4] *See also also Ermini v. Vittori*, 758 F.3d 153, 156 n.2 (2d Cir. 2014) (granting motion to take judicial notice of foreign court decision from Italy); *Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009) ("An American court can take judicial notice of a foreign judgment….) (citing *Hilton v. Guyot,* 159 U.S. 113, 205–06, 16 S.Ct. 139, 40 L.Ed. 95 (1895)); *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 412 (6th Cir. 2006) (taking judicial notice of English translations of documents generated during Korean judicial proceedings); *MCGM, GmbH v. OPTA Grp. LLC*, No. 22-CV-5851 (PKC), 2024 WL 1250629, at *3 (S.D.N.Y. Mar. 21, 2024) ("A court may properly take judicial notice of a foreign court decision, including to establish the facts of the litigation and the opinions stated therein, without assuming their truth.); *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, No. 216CV01001CASAFMX, 2016 WL 4072332, at *1 n.3 (C.D. Cal. July 27, 2016) (taking judicial notice of Egyptian court order because "where properly authenticated, foreign court documents are properly the subject of judicial notice"); *Luxpro Corp. v. Apple Inc.*, No. C 10-03058 JSW, 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011) (taking judicial notice of Taiwanese and German court orders).

Ontario Judgment would not raise any of Plaintiff's articulated concerns, as doing so would not supplant this Court's independent analysis and findings of the issues before it. *See Karcher v. Islamic Republic of Iran*, No. CV 16-232 (CKK), 2018 WL 10742324, at *2-3 (D.D.C. Nov. 28, 2018).

## CONCLUSION

For the foregoing reasons, D. Kideckel and Ms. Saibil respectfully request that this Court deny Plaintiff's Motion for Oral Argument and Protective Scheduling Relief.

Dated: August 8, 2025

Respectfully submitted,

　/s/　Jeffrey D. Robinson

Jeffrey D. Robinson, D.C. Bar No. 376037
LEWIS BAACH KAUFMANN
MIDDLEMISS pllc
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Jeffrey.Robinson@lbkmlaw.com

Elizabeth Velez
LEWIS BAACH KAUFMANN
MIDDLEMISS pllc
115 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for Defendants David Kideckel and Dahlia Saibil*

4