IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL<br><br>Plaintiff,<br><br>V.<br><br>THE FOREIGN NATION OF CANADA, et al.<br><br>Defendants. | CASE NO.:   1:24-cv-02907-CJN |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), OR IN THE ALTERNATIVE FOR RELIEF UNDER RULE 60(b), WITH LEAVE TO AMEND COMPLAINT

## I. INTRODUCTION

Plaintiff respectfully seeks relief from the judgment entered August 12, which dismissed this case for lack of subject-matter jurisdiction. Relief is warranted under Federal Rule of Civil Procedure 59(e) to correct clear errors of fact and law, to prevent manifest injustice, and to address curative filings overlooked at the time of judgment. Alternatively, relief is warranted under Rule 60(b)(3) for fraud and misconduct, and under Rule 60(b)(6) because extraordinary circumstances have undermined the integrity of these proceedings.

The proposed Amended Complaint cures the jurisdictional defects by removing FSIA defendants, pleading federal-question jurisdiction under 28 U.S.C. § 1331, and preserving related state-law claims. Under *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004), and *Foman v. Davis*, 371 U.S. 178

(1962), the proper course is to reopen and allow amendment so that claims may be adjudicated on their merits.

## II. LEGAL STANDARDS

**Rule 59(e).** A motion to alter or amend judgment may be granted: (1) to correct clear error; (2) to account for new evidence; or (3) to prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted).

**Rule 60(b).** A court may relieve a party from judgment for "fraud, misrepresentation, or misconduct by an opposing party" (Rule 60(b)(3)) or for "any other reason that justifies relief" (Rule 60(b)(6)). Relief under Rule 60(b)(6) is available in "extraordinary circumstances" to preserve "the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988).

**Rule 15(a).** Once judgment is reopened, leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Refusal to allow amendment "without any justifying reason" such as undue delay, bad faith, prejudice, or futility is itself an abuse of discretion. *Id.*

## III. ARGUMENT

### A. Relief Is Required to Correct Clear Error

1. **Misapprehension of Conflicted Representation.**
   The dismissal order referenced dual representation between Dahlia Saibil and David Kideckel. In fact, the documented conflict was Jeffrey Robinson's simultaneous representation of **David Kideckel and Aram Simovonian**. The D.C. Rules of Professional Conduct prohibit such representation, as "representation of one client is directly adverse to another" and thus non-waivable. See D.C. Rule of Prof'l Conduct 1.7(a). Courts consistently hold that disqualification of counsel is required where conflicts taint proceedings. See *Kevlik v. Goldstein*, 724 F.2d 844, 849 (1st Cir. 1984) ("An attorney disqualified due to a conflict in representing one client may not continue to

represent another whose interests are legally entangled with those of the first client."). Misidentifying the conflicted parties materially distorted the record.

2. **Overlooked Supplemental Complaint.**
Plaintiff filed a supplemental complaint [ECF No. 69] as a cross-motion to Defendants' motions to dismiss, asserting federal RICO and civil rights claims. The Court entered judgment without addressing this filing. Failure to adjudicate a live curative motion is error. See *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (reversing denial of Rule 59(e) where district court failed to allow plaintiff to file an amended complaint that cured defects); *Williams v. Savage*, 569 F. Supp. 2d 99, 109 (D.D.C. 2008) (relief granted where "the Court overlooked arguments that were squarely presented").

3. **Court-Generated NEF Signals.**
Judicial NEF entries marked Robinson as "(Terminated)" while he continued filing. Plaintiff raised this as evidence of conflicted filings; the dismissal order did not address it. Courts treat docket entries and notices as part of the judicial record subject to judicial notice. See *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986). Overlooking such evidence is error.

**B. Relief Is Necessary to Prevent Manifest Injustice**

1. **Timely Attempt to Cure Jurisdiction.**
Plaintiff did not delay or sandbag. He moved to supplement the complaint before judgment to add federal claims that cured the jurisdictional defect. As the D.C. Circuit explained, "Rule 59(e) permits a district court to reconsider a decision in order to prevent manifest injustice." *Firestone*, 76 F.3d at 1208.

2. **Prejudice from Conflicted Filings.**
Dismissal was influenced by motions filed under an unwaivable conflict, introducing prejudicial materials such as Plaintiff's unrelated vexatious-litigant designation. Courts reject reliance on "irrelevant, inflammatory" materials in jurisdictional rulings. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (fraud on the court occurs when "tampering with the administration of justice" produces a judgment "not fairly based").

3. **Unresolved "Theoretically Survivable" Motions.**
The Court expressly noted Plaintiff's disqualification and sanctions motions were "theoretically survivable" but denied them upon dismissal for insufficiently pleading.

> Refusing to reopen would ensure those issues — implicating fraud, conflicts, and fabricated evidence — are never adjudicated. Denying relief in these circumstances is manifest injustice. See *Ciralsky*, 355 F.3d at 673–74 (denying leave to amend after dismissal where claims were "theoretically viable" is abuse of discretion).

**C. New Evidence and Extraordinary Circumstances Require Relief**

1. **Ontario Ruling Confirming Fraud.**
   On July 25, 2025, the Ontario Superior Court entered judgment against Plaintiff based on fabricated service and falsified text messages. That judgment contradicts representations previously made in this Court. Subsequent ratification by U.S. counsel has been documented in Plaintiff's filings (e.g., ECF 136, 144).

2. **Robinson's Admission of Termination.**
   Robinson has since admitted his awareness of NEF "(Terminated)" tags while continuing to appear. Continued advocacy while effectively disqualified is extraordinary misconduct.

3. **Rule 60(b)(3) and (6).**
   Fraud and misconduct that prevent a party from presenting his case fairly warrant relief under Rule 60(b)(3). *Shepherd v. ABC*, 62 F.3d 1469, 1477 (D.C. Cir. 1995). Even if not neatly within Rule 60(b)(3), extraordinary circumstances justify relief under Rule 60(b)(6). *Liljeberg*, 486 U.S. at 864–65 (reversing judgment to protect integrity of judicial process).

**D. Judicial Economy Requires Reopening**

*Foman v. Davis*, 371 U.S. 178, 182 (1962), held that leave to amend must be "freely given when justice so requires," and that refusal without articulated reason is an abuse of discretion. Here, there is no undue delay, bad faith, or prejudice. Plaintiff acted diligently, and the amendment cures jurisdiction.

Reopening avoids duplicative litigation. Denying relief would force Plaintiff to refile an identical complaint — wasting judicial resources and risking inconsistent results. Courts have consistently recognized that "when a plaintiff could cure defects in the complaint, dismissal without leave to amend is improper." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006). *Ciralsky* itself reversed because refusing to allow amendment after a without-prejudice dismissal created manifest injustice.

# IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court vacate judgment under Rule 59(e) or 60(b), grant leave to file the proposed Amended Complaint, discharge the Order to Show Causeand reinstate Plaintiff's pending motions for disqualification and sanctions.

Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff
P.O. Box 20901
Floral Park, NY 11002
(917) 634-0637
brentkideckel@gmail.com

Dated: August 24, 2025