UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

    v.                                           Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

**TORONTO DEFENDANTS' OPPOSITION TO "PLAINTIFF'S COMBINED MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), OR IN THE ALTERNATIVE FOR RELIEF UNDER RULE 60(b), WITH LEAVE TO AMEND COMPLAINT, AND OSC RESPONSE"**

Defendants the City of Toronto and Detective David Wilson (collectively, the "Toronto Defendants") submit this opposition to Plaintiff's "Combined Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief under Rule 60(b), with Leave to Amend Complaint, and OSC Response." (Dkt. 146).

Plaintiff moves for relief under Rule 59(e) and Rule 15(a) to alter or amend the judgment of dismissal and for leave to file Plaintiff's Amended Complaint on the basis that the court's order rests on a "misapprehension of the parties" and "overlooked filings that directly addressed jurisdiction and conflicts of representation." (*See* Dkt. 146; 145). More specifically, Plaintiff seeks relief to alter or amend the court's judgment of dismissal pursuant to alleged manifest injustice, new evidence, and "judicial economy and controlling precedent." (Dkt. 146). The motion should be denied for several reasons.

First, Plaintiff's claim of entitlement for relief under Rule 59(e) pursuant to alleged "manifest injustice" lacks merit. Plaintiff did not file a supplemental complaint. His cross-motion for leave to file supplement complaint was denied by the Court's order.

Accordingly, contrary to Plaintiff's argument, the Court did not fail to adjudicate any live matters prior to rendering judgment on all of the standing motions. (*See* Dkt. 145; 146). Additionally, Plaintiff's claim that the Court failed to address his arguments regarding the "NEF signals" and other filings lacks merit because the Court considered the entirety of Plaintiff's complaint and exhibits in rendering its decision. (*See* Dkt. 145; 146); *see also Paul v. District of Columbia*, No. CIV.A. 10-1671, 2012 WL 1156431, at *1 (D.D.C. Apr. 6, 2012), *aff'd*, No. 12-7040, 2012 WL 4774662 (D.C. Cir. Sep. 24, 2012).

Similarly, Plaintiff's claim that there is newly discovered evidence warranting relief under Rule 59(e) and 60(b) lacks merit because he merely repeats the same arguments that the Court already addressed. *See Smith v. Lynch*, 115 F. Supp. 3d 5, 11 (D.D.C. 2015) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Additionally, judicial economy will not be advanced by altering or amending the court's judgment because doing so would simply provide Plaintiff with a "second bite of the apple" to continue the needless motion practice referenced in the Court's order. (*See* Dkt. 145) (*See also Nwachukwu v. Karl*, 222 F.R.D. 208, 212 (D.D.C. 2004).

Lastly, Plaintiff's request to leave to file an amended complaint should be denied because the amended pleading would not survive a motion to dismiss and, therefore, would be futile. *See Searcy v. Smith*, No. CV 19-921, 2022 WL 17146938, at *3 (D.D.C. Nov. 22, 2022).

Accordingly, for the reasons set forth above, Plaintiff's motion should be denied. *See e.g. Hall v. Fed. Bureau of Prisons*, No. CV 14-1082, 2016 WL 11104965, at *2 (D.D.C. Feb. 10, 2016).

Dated: Washington, D.C.
September 8, 2025

PHILLIPS LYTLE LLP

By: */s/ Natalia Marte*
Natalia Marte (9006283)
Attorney for Defendants
*The City of Toronto and David Wilson*
601 Pennsylvania Avenue NW
South Building, Suite 900
Washington, DC 20004
(202) 617-2712
nmarte@phillipslytle.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

    v.                                                               Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

### [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiff Brent Kideckel's "Combined Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief under Rule 60(b), with Leave to Amend Complaint, and OSC Response" [Dkt. 146] ("Motion"), and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion is DENIED.

SO ORDERED:

_____
Date

                                                                                   _____
                                                                                    CARL J. NICHOLS
                                                                                  United States District Judge