# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

                Plaintiff,

     v.

THE FOREIGN NATION OF CANADA, *et al.*,

                Defendants.

No. 1:24-cv-02907-CJN

## DEFENDANTS DAVID KIDECKEL AND DAHLIA SAIBIL'S
## OPPOSITION TO PLAINTIFF'S COMBINED MOTION TO ALTER OR AMEND
## JUDGMENT PURSUANT TO RULE 59(e), OR IN THE ALTERNATIVE FOR RELIEF
## UNDER RULE 60(b), WITH LEAVE TO AMEND COMPLAINT, AND OSC RESPONSE,
## AND CROSS-MOTION FOR ATTORNEYS' FEES

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................iii

PRELIMINARY STATEMENT..........................................................................................1

BACKGROUND ...............................................................................................................2

ARGUMENT .....................................................................................................................3

CONCLUSION.................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Garland*,
No. 1:20-CV-03384-RMM, 2024 WL 5264337 (D.D.C. Mar. 29, 2024) .............................10

*Am. Employers Inc. Co. v. Am. Sec. Bank, N.A.*,
747 F.2d 1493 (D.C. Cir. 1984) ........................................................................................14

*Amer. Hosp. Ass'n v. Sullivan*,
938 F.2d 216 (D.C. Cir. 1991) ..........................................................................................14

*Basily v. Bunch*,
No. CV 23-2719 (RDM), 2024 WL 4416952 (D.D.C. Oct. 5, 2024) .....................................3

*Betz v. Howard Univ. Hosp.*,
CV 22-1578 (JEB), 2023 WL 130734 (D.D.C. Jan. 9, 2023) ..................................................7

*BLOM Bank SAL v. Honickman*,
145 S. Ct. 1612 (2025) ......................................................................................................10

*Burka v. Aetna Life Ins. Co.*,
945 F. Supp. 313 (D.D.C. 1996) ........................................................................................11

*Cabrera v. Mogoo, Inc.*,
22-CV-1816 (TJK), 2025 WL 1341520 (D.D.C. May 8, 2025) .............................................13

*Calzada, v. Roberts*,
CV 24-2477, 2025 WL 1895610 (D.D.C. Jul. 9, 2025).........................................................7

*F.D. Rich Co. v. United States*,
417 U.S. 116 (1974)..........................................................................................................14

*Forman v. Davis*,
371 U.S. 178 (1962) ..........................................................................................................11

*Gharb v. Mitsubishi Elec. Corp.*,
No. 1:15-cv-00328-RC, 148 F.Supp.3d 44 (D.D.C. 2015)....................................................15

*Greer v. Board of Trustees of Univ. of District of Columbia*,
CV 24-710, 2025 WL 1186260 (D.D.C. Apr. 4, 2025) .................................................3, 5, 7, 8

*Harbison v. U.S. Senate Comm. on Foreign Rels.*,
839 F. Supp. 2d 99 (D.D.C. 2012) ................................................................................12, 13

*Jaiyeola v. Teeter*,
    CV 24-1798 (RC), 2025 WL 2171098 (D.D.C. Jul. 31, 2025)..................................................4

*Jarvis v. Parker*,
    13 F. Supp. 3d 74 (D.D.C. 2014) .........................................................................................10

*Johnson v. D.C.*,
    266 F. Supp. 3d 206 (D.D.C. 2017) ........................................................................................4

*Karadzic v. Pallucconi*,
    No. 23-CV-1226 (TSC), 2025 WL 2105569 (D.D.C. July 28, 2025) ......................................4

*Landmark Health Sols., LLC v. Not For Profit Hosp. Corp.*,
    950 F.Supp.2d 130 (D.D.C. 2013) .........................................................................................11

*Li v. Blinken*,
    No. 22-CV-2331 (TSC), 2024 WL 5044581 (D.D.C. Sept. 23, 2024) .....................................3

*Lightfoot v. D.C.*,
    555 F. Supp. 2d 61 (D.D.C. 2008) ...........................................................................................4

*Lipsig v. Nat'l Student Marketing Corp.*,
    663 F.2d 178 (D.C. Cir. 1980) ...............................................................................................14

*Liu v. Georgetown Univ.*,
    CV 22-157 (RDM), 2024 WL 5316247 (D.D.C. Dec. 12, 2024) ...........................................10

*Lyons v. New York State Dep't of Fin. Servs.*,
    CV 24-3040 (JEB), 2025 WL 71887 (D.D.C. Jan. 10, 2025).................................................6

*McCreary v. Heath*,
    CIV.A. 04-00623PLF, 2005 WL 975736 (D.D.C. Apr. 22, 2005) .........................................12

*Murray v. District of Columbia*,
    52 F.3d 353 (D.C. Cir. 1995) ..................................................................................................4

*Nabaya v. Lauck*,
    1:23-CV-2650 (ACR), 2024 WL 687967 (D.D.C. Feb. 16, 2024) .........................................11

*Niedermeier v. Off. Of Baucus*,
    153 F.Supp.2d 23 (D.D.C. 2001) .........................................................................................3, 4

*Nikolaishvili v. Steele*,
    CV 22-3630 (ABJ), 2024 WL 2294833 (D.D.C. Feb. 5, 2024) .............................................11

*Nwaneri v. George Washington Univ. Hosp.*,
    No. CV 22-821 (JDB), 2024 WL 1908670 (D.D.C. Apr. 30, 2024) .........................................9

*Prunty v. Vivendi*,
    195 F.Supp.3d 107 (D.D.C. 2016) ........................................................................................15

*Sai v. Clinton*,
    778 F.Supp.3d 1 (D.D.C. 2011) ...........................................................................................11

*Schoenman v. FBI*,
    857 F.Supp.2d 76 (D.D.C. 2012) ......................................................................................3, 9

*Select Specialty Hospital-Denver, Inc. v. Azar*,
    CV 10-1356, 2020 WL 3469685 (D.D.C. June 25, 2020) ...................................................14

*Smith v. Lynch*,
    115 F. Supp. 3d 5 (D.D.C. 2015) ......................................................................................5, 8

*Wallace v. Saffa*,
    No. CIV.A.06-402(RBW), 2007 WL 1020791 (D.D.C. Mar. 30, 2007) ...............................12

*Whitehead v. Paramount Pictures Corp.*,
    145 F. Supp. 2d 3 (D.D.C. 2001) .......................................................................................13

**Statutes**

Foreign Sovereign Immunities Act ...............................................................................................2

**Other Authorities**

Fed. R. Civ. P. 11 ..........................................................................................................................2

Fed. R. Civ. P. 11(b) ............................................................................................................1, 2, 12

Fed. R. Civ. P. 15(a)(2) ...........................................................................................................7, 10

Fed. R. Civ. P. 15(d) .....................................................................................................................7

Fed. R. Civ. P. 54(d)(2) ...............................................................................................................13

Fed. R. Civ. P. 59(e) ........................................................................................................1, 3, 4, 13

Fed. R. Civ. P. 60(b) ......................................................................................................1, 3, 4, 10

Fed. R. Civ. P. 60(b)(1) ...............................................................................................................10

Fed. R. Civ. P. 60(b)(2) .................................................................................................................4

Fed. R. Civ. P. 60(b)(3) ...........................................................................................................9, 10

Fed. R. Civ. P. 60(b)(6) ...............................................................................................................10

Defendants David Kideckel[1] ("D. Kideckel") and Dahlia Saibil ("Ms. Saibil"), through undersigned counsel, submit this (i) Opposition to Plaintiff Brent Kideckel ("Plaintiff")'s Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief Under Rule 60(b), with Leave to Amend Complaint, and OSC Response (the "Motion"), and (ii) Cross-Motion for Attorneys' Fees. In support thereof, D. Kideckel and Ms. Saibil state as follows:

## PRELIMINARY STATEMENT

For nearly a year, Plaintiff has bombarded D. Kideckel, Ms. Saibil, and their counsel, Lewis Baach Kaufmann Middlemiss pllc ("LBKM"), with baseless motions, unfounded accusations of fraud, and general threats of retribution for the simple act of defending against Plaintiff's frivolous claims. On August 12, 2025, the Court addressed and sought to end Plaintiff's vexatious litigation practice, issuing an order (ECF 145, the "Order") dismissing Plaintiff's claims and *sua sponte* invoking its authority to impose sanctions against Plaintiff. The Court requested a response from Plaintiff as to why his conduct throughout this litigation had not violated Federal Rule of Civil Procedure ("Rule") 11(b). Rather than defend his actions, Plaintiff doubled down. He submitted the Motion, requesting reconsideration of the Order not for any legitimate reason, but on the basis of the same arguments he previously made that the Court rejected.

Plaintiff's recycled narrative of purported fraud, misconduct, and conflicts of interest that "taint" this proceeding is unfounded and frivolous. His repetition of the same story in the Motion not only highlights why the Motion must be denied, but it further supports the appropriateness of sanctions—including the sanction that Plaintiff be declared a vexatious litigant. In addition, D.

---

[1] Although the Court has already determined that it lacks jurisdiction over Plaintiff's claims and dismissed the defendants on that basis, out of an abundance of caution, D. Kideckel nonetheless again explicitly reserves the ability to contest the Court's jurisdiction over him and all other claims and defenses available to him.

Kideckel and Ms. Saibil respectfully cross-move for an award of attorneys' fees to compensate them for the resources they have expended defending against Plaintiff's meritless Complaint and prolific, baseless motions practice.

## BACKGROUND

On August 12, 2025, this Court dismissed this case for lack of subject matter jurisdiction and denied the multiple motions for sanctions and disqualification as meritless. *See* ECF 145. Citing Plaintiff's "cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year," the Court also ordered the Plaintiff to show cause as to why he should not be subject to Rule 11(b) sanctions for his conduct. *Id.* at 7-8.

On August 25, 2025, Plaintiff filed his response to the Court's request and moved to alter or amend the judgment and for leave to file an amended complaint. ECF 146. Plaintiff argues that the Court should vacate its judgment and permit the case to go forward to prevent a "manifest injustice" (ECF 146 at 2) for a number of reasons and proposes an Amended Complaint with "new evidence" that purportedly supports his claims of "fraud, conflicts, and prejudice." ECF 146 at 5-6.

In response to the Court's order to show cause, Plaintiff misconstrues the Court's instructions to show why his excessive motions practice is not sanctionable and instead purports to demonstrate why Plaintiff's "invocation of [the Foreign Sovereign Immunities Act] was made in good faith, was legally colorable, and cannot be deemed frivolous under Rule 11 or the Court's inherent power." ECF 146 at 15. As far as seeking to justify his prolific motion practice, Plaintiff recycles the same narrative of fraud—based "on one issue alone: Jeffrey Robinson's dual representation and the resulting conflicts that infected these proceedings" (ECF 146 at 18)—that this Court has already rejected. He makes no other argument as to why his conduct did not violate Rule 11(b).

2

Similar to Plaintiff's previous filings in this case, Plaintiff's Motion misconstrues (and at times misstates) the Court's Order, the record, and the law. The Motion therefore must be denied, and this case should remain dismissed.

## ARGUMENT

### I.    Plaintiff's Motion for Reconsideration Should be Denied

To prevail on a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), the moving party bears the "high burden" of identifying "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[2] *Greer v. Board of Trustees of Univ. of District of Columbia*, CV 24-710 (JEB), 2025 WL 1186260, at *1-2 (D.D.C. Apr. 4, 2025) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "Rule 59(e) does not provide a vehicle to 'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (*Schoenman v. FBI*, 857 F.Supp.2d 76, 80 (D.D.C. 2012)), nor is it "a second opportunity to present argument upon which the court has already ruled." *Niedermeier v. Off. Of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "disfavored, and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Id.*

Rule 60(b), which sets forth five grounds upon which a "court may relieve a party … from a final judgment [or] order" (Fed .R. Civ. P. 60(b)), "is more restrictive than…Rule 59(e)." *Li v. Blinken*, No. 22-CV-2331(TSC), 2024 WL 5044581, at *2 (D.D.C. Sept. 23, 2024). A movant under Rule 60(b) bears the burden of showing that he is entitled to relief (*Basily v. Bunch*, No. CV 23-2719(RDM), 2024 WL 4416952, at *2 (D.D.C. Oct. 5, 2024))—that "vacating the

---

[2] In the Motion, Plaintiff does not argue that there was an "intervening change of controlling law".

judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). Like Rule 59(e), Rule 60(b) cannot be used to relitigate arguments this court has already rejected." *Jaiyeola v. Teeter*, CV 24-1798 (RC), 2025 WL 2171098, at *3 (D.D.C. Jul. 31, 2025).[3]

Plaintiff has not and cannot present any circumstances justifying reconsideration under either Rules 59(e) or 60(b), and the Motion must be denied.

### A.  Plaintiff Identifies No New Evidence that Justifies Reconsideration.

"Rule 59(e) motions on the basis of new evidence are restricted to evidence that is 'newly discovered or previously unavailable despite the exercise of due diligence.'" *Johnson v. D.C.*, 266 F. Supp. 3d 206, 211 (D.D.C. 2017) (quoting *Niedermeier*, 153 F. Supp. 2d at 29). Similarly, Rule 60(b)(2) requires a showing of "'newly discovered evidence' that could not have been discovered through 'reasonable diligence.'" *Lightfoot v. D.C.*, 555 F. Supp. 2d 61, 68 (D.D.C. 2008). Such motions are "routinely denied" where "all relevant facts were known or should have been known by the party prior to the entry of judgment." *Johnson,* 266 F. Supp. 3d at 211.

All of the "new evidence" cited by Plaintiff in the Motion was not only known to Plaintiff, but documented on the docket:

- The Ontario ruling dismissing Plaintiff's claims was issued on July 25, 2025, and filed by Plaintiff on this docket that same day. *See* Plaintiff's Emergency Mot. for Oral Argument and Protective Scheduling Relief, Exh. A (ECF No. 134).

- Jeffrey Robinson's purported acknowledgment of the "NEF (Terminated) tags"— assumed to be Mr. Robinson's declaration in which he noted that he was listed as

---

[3] A motion for reconsideration under Rule 60(b) that is filed within 28 days, as Plaintiff did here, will be treated as a motion for reconsideration under Rule 59(e). *Karadzic v. Palluconi*, No. 23-CV-1226 (TSC), 2025 WL 2105569, at *2 (D.D.C. July 28, 2025).

"Terminated" following his withdrawal as Aram Simovonian's counsel on March 26, 2025 (ECF No. 128-1 at ¶¶ 3-4)—was filed on July 7, 2025.

- Plaintiff's unfounded allegations of fraud were repeated at length by Plaintiff on the docket. *See, e.g.*, ECF 29, 52-53, 59, 72, 76, 78, 80-81, 89-90, 96-100, 102-104, 106, 112-113, 115-118, 120-124, 127, 129-134, 136-137, 143-144.

None of these facts were unknown or previously unavailable to Plaintiff before the Court issued the Order on August 12, 2025; none justifies altering, amending, or vacating the Order.

    B.  <u>Plaintiff Cites no Error that Justifies Altering or Amending the Order</u>.

To show clear error, the moving party "must demonstrate that the final judgment was 'dead wrong.'" *Greer*, 2025 WL 1186260 at *2 (quoting *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)); *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015) ("[T]o be clearly erroneous, a decision must strike a court as more than just maybe or probably wrong; it must strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.") (cleaned up) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F. 2d 228, 233 (7th Cir. 1988)). None of the purported errors cited by Plaintiff rise to this level.

    *First*, Plaintiff's claim that this Court misapprehended LBKM's purported conflict of interest is technically correct but ultimately inconsequential. The Court, after sorting through Plaintiff's numerous filings and baseless allegations of fraud and misconduct, characterized Plaintiff's claim as arising out of LBKM's representation of D. Kideckel and Ms. Saibil. *See* Order (ECF 145) at 6. However, in his initial Motion to Disqualify, Plaintiff argued that the conflict arose out of LBKM's joint representation of D. Kideckel and his Canadian counsel, Aram Simovonian. *See* Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics (ECF 52). This misunderstanding is a distinction without a difference, as

no unwaivable conflict exists in either event. D. Kideckel and Mr. Simovonian do not have adverse interests in Canada or in this matter. Mr. Robinson's short tenure as Mr. Simovonian's counsel did not violate any Rules of Professional Conduct, affect his advocacy, or otherwise impact these proceedings.[4] *See* David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Mot. to Disqualify Oppong Counsel for Conflict of Interest and Bad Faith Litigation Tactics (ECF 68) at 14-16. Plaintiff's contention otherwise, and particularly his claim that representation of the two poses an "unwaivable conflict," is conclusory, unsupported, and patently wrong.[5] Ultimately, whether the conflict was alleged as between D. Kideckel and Ms. Saibil or D. Kideckel and Mr. Simovonian, the Order was correct: "Plaintiff has failed to establish [a conflict], and he has thus failed to demonstrate that there is any prohibition on [LBKM] representing both." ECF 145 at 6.

*Second*, Plaintiff's contention that his proposed Supplemental Complaint (ECF 69) contained a federal law claim capable of conferring subject matter jurisdiction is untrue. Plaintiff's Supplemental Complaint did not assert a civil RICO claim or otherwise invoke federal law; rather, the proposed pleading asserted elements of a common law conspiracy, a distinct cause of action, under the mistaken heading of "Civil Conspiracy- RICO." ECF 69 at 16; *see Lyons v. New York State Dep't of Fin. Servs.*, CV 24-3040(JEB), 2025 WL 71887, at *2 (D.D.C. Jan. 10, 2025) (distinguishing between common law civil conspiracy and civil RICO claims). The common law claim asserted by Plaintiff in his Supplemental Complaint did not give rise to federal question

---

[4] LBKM was subsequently replaced by other counsel for reasons unrelated to Plaintiff's motion to disqualify. *See* ECF No. 67.

[5] To the extent that Plaintiff argues that D. Kideckel and Mr. Simovonian have taken conflicting positions regarding Plaintiff's service in one of the Canadian proceedings, not only are D. Kideckel and Mr. Simovonian's statements perfectly in sync, but they were credited by the Ontario Superior Court of Justice, which found that Plaintiff was served with the complaint and that his protestations were no more than "a convoluted tactic based on an unfounded allegation of a false affidavit of service." ECF 134 at 17.

jurisdiction, and the Court did not "overlook" the Supplemental Complaint or err in finding that it lacks jurisdiction over Plaintiff's claims.[6] *See Calzada*, *v. Roberts*, CV 24-2477(LLA), 2025 WL 1895610 at *2 (D.D.C. Jul. 9, 2025) (rejecting motion for reconsideration and motion for leave to file amended complaint where amended pleading failed to assert any foundation for subject matter jurisdiction).

*Third*, contrary to Plaintiff's assertion, the Court did address the purported "NEF tags marking Jeffrey Robinson as 'Terminated.'" ECF 146 at 4. It specifically denied Plaintiff's baseless sanctions motions raising the argument. *See* ECF 145 at 7 (denying ECF 122, which erroneously argued that ECF notifications signaled Mr. Robinson's termination from the matter). The Court did not leave "unresolved evidence" on the docket.

*Fourth*, Plaintiff's argument that he was deprived of "adversarial testing" because the Court "treated Defendants' factual assertions as dispositive while disregarding Plaintiff's allegations and filings" (ECF 146 at 4) reflects a fundamental misunderstanding of the Order. The Court did not make improper factual findings in its analysis or otherwise construe allegations against Plaintiff on a motion to dismiss; in fact, it did not reach the merits of Plaintiff's claims. ECF 145 at 3. Rather, the Court correctly dismissed the suit for lack of subject matter jurisdiction. *See, e.g.*, *Greer*, 2025 WL 1186260, at *2 (denying reconsideration on grounds that court "made impermissible fact-based determinations" because dismissal, based on other dispositive grounds,

---

[6] The Court denied Plaintiff's motion for leave to file the Supplemental Complaint as moot. ECF 145 at 7. Its decision was not error, much less "dead wrong": Plaintiff's claim for civil conspiracy in the Supplemental Complaint failed to state a claim (*see* Reply (ECF 82) at 23-24), and the Court is not obligated to grant a party leave to file a supplemental or amended complaint where "the new or amended causes of action would still be deficient notwithstanding the proposed amendment." *Betz v. Howard Univ. Hosp.*, CV 22-1578 (JEB), 2023 WL 130734, at *3 (D.D.C. Jan. 9, 2023), *dismissed*, 23-7004, 2023 WL 4445327 (D.C. Cir. Mar. 14, 2023); *see gen.* Rule 15 (a)(2), (d).

"made absolutely no factual findings in its analysis"). The Order did not run afoul of procedural rules or deprive Plaintiff of "the basic adversarial process."

      C.  <u>Plaintiff Identifies No Manifest Injustice that Justifies Altering or Amending the Order</u>.

"[M]anifest injustice is 'an exceptionally narrow concept' and 'arises from rulings that upset settled expectation—expectations on which a party might reasonably place reliance.'" *Greer,* 2025 WL 1186260, at *2 (quoting *Wannall v. Honeywell Int'l, Inc.*, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013)). It requires more than a showing that Plaintiff's perceived "harm may go unremedied" or even that he may sustain "clear and certain prejudice." *Smith*, 115 F. Supp. 3d at 12. To make a showing of manifest injustice, a moving party must show "a result that is fundamentally unfair in light of governing law." *Id.* Plaintiff does not clear this high bar.

*First*, Plaintiff was not, as he contends, deprived of the opportunity to timely cure the jurisdictional defects in his Complaint. As addressed above, Plaintiff sought leave to file a Supplemental Complaint that did not assert any claims arising under federal law. That Plaintiff was ultimately unable to file the pleading, which would have likewise been dismissed for lack of subject matter jurisdiction, is not manifest injustice.

*Second*, Plaintiff's argument that the Order was obtained by "conflicted counsel" who "introduced prejudicial material" is merely an attempt to relitigate matters already decided. Plaintiff's numerous motions to disqualify counsel and for sanctions were denied, and the Motion's continued insistence that counsel was "conflicted" or otherwise engaged in misconduct fails to show why the Court's holding was "fundamentally unfair in light of governing law." *Smith*, 115 F. Supp. 3d at 12. Likewise, Plaintiff's contention that the "vexatious litigant" label, earned in other jurisdictions where he engaged in similar behavior, is "prejudicial" is an attempt to revisit those other courts' findings. However, "manifest injustice" would not result here "by declining to

reconsider an issue that [Plaintiff[ did not even see fit to contest in the first place." *Schoenman*, 857 F. Supp. 2d at 86.[7]

   *Third*, Plaintiff's assertion that the Court left "theoretically survivable" motions unresolved is incorrect. In its Order, the Court noted that a dismissal for lack of subject matter jurisdiction would "typically suffice to terminate this action" but recognized that Plaintiff's numerous motions for sanctions and disqualification would "in theory remain operative notwithstanding this dismissal." ECF 145 at 5. Accordingly, the Court addressed those motions and dismissed them outright because neither LBKM nor any other counsel in the matter committed any wrongdoing. *Id.* at 5-7. The Order never called the motions "theoretically survivable," nor did it improperly ignore them.

   D. <u>Plaintiff Identifies No Fraud, Misrepresentation, or Misconduct Warranting Reconsideration</u>.

   Relief from judgment pursuant to Rule 60(b)(3) due to "fraud, misrepresentation, or misconduct by an opposing party" is only available upon a showing of fraud by "clear and convincing evidence" and a showing of "actual prejudice"—that "the defendant's conduct prevented him from presenting his case fully and fairly." *Nwaneri v. George Washington Univ. Hosp.*, No. CV 22-821(JDB), 2024 WL 1908670, at *5 (D.D.C. Apr. 30, 2024), *appeal dismissed*, No. 24-7173, 2025 WL 1374929 (D.C. Cir. Feb. 7, 2025). The Motion provides neither.

   Plaintiff does not demonstrate actual fraud. Rather, he touts the same conclusory and unfounded allegations of conflicted counsel and supposedly prejudicial material (addressed above) without offering any evidence in support of his narrative. In addition, Plaintiff's assertion that he has suffered prejudice is unsupportable. Plaintiff's claims were dismissed for lack of subject matter

---

[7] Plaintiff's argument that judgment was "prejudiced by a tainted record created by conflicted counsel" (ECF 146 at 7-8) repeats these same arguments.

jurisdiction (ECF 145 at 3-5)—a legal finding arising out of the nature of Plaintiff's asserted causes of action and the residence of the parties, not the "fraud" that, per Plaintiff's telling, permeated this proceeding. Relief pursuant to Rule 60(b)(3) is therefore not warranted.

      E.  <u>Plaintiff Cites No Other Circumstances Under Rule 60(b)(6) Warranting Reconsideration</u>.

Only "extraordinary circumstances" justify relief under the Rule 60(b)(6) catchall. *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1617 (2025). The rule is "sparingly used"—it is not a vehicle to argue or relitigate the other grounds for relief enumerated in Rule 60(b). *Jarvis v. Parker*, 13 F. Supp. 3d 74, 80 (D.D.C. 2014). That is, however, what the Motion purports to do. Plaintiff frames the same claims of unresolved but "theoretically survivable" motions (sounding in Rule 60(b)(1)[8]) and fraudulent evidence and conflicted counsel (sounding in Rule 60(b)(3)) as "extraordinary circumstances" deserving of relief. As addressed above, none of these arguments justifies reconsideration, and to credit them under the guise of Rule 60(b)(6) would "stretch the boundaries of [the rule]." *Jarvis*, 13 F. Supp. 3d at 81; *Liu v. Georgetown Univ.*, CV 22-157 (RDM), 2024 WL 5316247, n.1 (D.D.C. Dec. 12, 2024) (denying reconsideration pursuant to Rule 60(b)(6) where movant was arguing grounds for Rule 60(b)(1)). Plaintiff has cited no unique "extraordinary circumstances" that would merit reconsideration.

**II.    Plaintiff's Motion for Leave to Amend Should be Denied**

Plaintiff does not explicitly argue for leave to amend the Complaint, but to the extent he does, such relief should be denied. Leave to amend is granted pursuant to Rule 15(a)(2) "when justice so requires," but may be denied where there is "bad faith or dilatory motive on the part of

---

[8] "As currently written, 'mistake' in Rule 60(b)(1) includes legal errors made by judges." *Adams v. Garland*, No. 1:20-CV-03384-RMM, 2024 WL 5264337, at *5 (D.D.C. Mar. 29, 2024) (quoting *Kemp v. United States*, 596 U.S. 528, 535 (2022)).

the movant, […] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Proposed amendments "similar to already-rejected claims" are brought in bad faith and should be denied. *Nabaya v. Lauck*, 1:23-CV-2650(ACR), 2024 WL 687967, at *1 (D.D.C. Feb. 16, 2024), *appeal dismissed*, 24-5048, 2024 WL 2790390 (D.C. Cir. May 30, 2024) (denying motion to amend by a *pro se* litigant as futile and brought in bad faith).

Plaintiff's proposed Amended Complaint purports to create subject matter jurisdiction by introducing new parties—counsel whose only purported misdeed is their representations of clients in this case—and alleged post-filing actions. Such amendment, however, is incapable of injecting a federal question into this litigation. "[I]f subject matter does not exist at the outset of the litigation, it cannot automatically be created by factual events that occur after the complaint is filed." *Landmark Health Sols., LLC v. Not For Profit Hosp. Corp.*, 950 F.Supp.2d 130, 135 (D.D.C. 2013); *Nikolaishvili v. Steele*, CV 22-3630(ABJ), 2024 WL 2294833, at *3 (D.D.C. Feb. 5, 2024) ("[P]laintiff cannot rely on his post-filing actions curing the defect in his application to create jurisdiction where none would otherwise exist"). Plaintiff's proposed amendment is therefore entirely futile and brought in bad faith.[9] Moreover, granting Plaintiff leave to amend would cause

---

[9] To the extent that Plaintiff's Amended Complaint is, in fact, a supplemental pleading, this Court should still deny Plaintiff's motion for leave. "[I]n deciding whether to grant or deny a motion to supplement, the Court may consider the merits of the new proposed pleading." *Burka v. Aetna Life Ins. Co.*, 945 F. Supp. 313, 317 (D.D.C. 1996). Here, Plaintiff's proposed Amended Complaint contains the same allegations made in Plaintiff's original complaint and his sanctions motions, which the Court denied. *See* ECF 145; *Sai v. Clinton*, 778 F.Supp.3d 1, at 7-8 (D.D.C. 2011), *aff'd sub nom*, *Sai v. Obama*, 11-5142, 2011 WL 49170303 (D.C. Cir. Sept. 26, 2011) (motion for leave to file supplemental complaint adding new parties and claims denied as futile where it did not remedy the dispositive issues in the first complaint); *Nabaya*, 2024 WL 687967 at *4 (denying motion for leave to amend where "[t]he proposed amendments to the Complaint are simply the latest examples of [Plaintiff's] misguided efforts to sue virtually every public official he thinks has wronged him").

undue prejudice to D. Kideckel and Ms. Saibil, who would be required to continue litigating Plaintiff's meritless and unfounded allegations and to endure Plantif's numerous motions and aggressive litigation tactics.

### III.    The Court Should Declare Plaintiff a Vexatious Litigant

The Court recognized in its Order that "Plaintiff has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year." ECF 145 at 7. D. Kideckel, Ms. Saibil, and their counsel have borne the burden of Plaintiff's numerous filings, expending needless time and resources to oppose Plaintiff's baseless motions. They encourage the Court to impose sanctions—including but not limited to restricting Plaintiff's ability to file other motions and actions and declaring him a vexatious litigant—because Plaintiff, rather than show why his conduct in this case did not violated Rule 11(b), has doubled down on his baseless claims and even threatened to file a new matter should the Motion be denied. ECF 146 at 2 ("Plaintiff reserves the right to refile the same pleading as a new action….").

The sanction of declaring a party a vexatious litigant—enjoining one who approaches the judicial system in a frivolous or harassing nature from making further filings without leave of court—is appropriate where, as here, the party has "flooded the judicial system with duplicative, unduly voluminous, and hyperbolic filings" and "no adverse decision would deter the plaintiff from continuing to file." *McCreary v. Heath*, CIV.A. 04-00623PLF, 2005 WL 975736, at *2 (D.D.C. Apr. 22, 2005); *see also Harbison v. U.S. Senate Comm. on Foreign Rels.*, 839 F. Supp. 2d 99, 111 (D.D.C. 2012) (barring plaintiff from future filings against defendants or related to claims without leave of court because "[a]ny additional filings against these defendants around this nucleus of facts would constitute harassment of the defendants and would amount to a waste of resources for both the defendants and for this Court"); *Wallace v. Saffa*, No. CIV.A. 06-

402(RBW), 2007 WL 1020791, at *3 (D.D.C. Mar. 30, 2007) (enjoining litigant from filing lawsuits in District of Columbia courts "concerning the actions, circumstances, transactions, or other events against the named defendants or any related parties"); *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3, 5 (D.D.C. 2001), *aff'd sub nom. Whitehead v. Paramount Picture Corp.*, 01-7062, 2001 WL 936260 (D.C. Cir. July 27, 2001) (imposing pre-suit injunction where plaintiff's filings were "opaque, nonsensical and frivolous" and litigant was undeterred by adverse decisions or sanctions). Plaintiff has demonstrated that he "has no regard for [the] judicial system or the drain on its resources caused by his actions" (*Whitehead*, 145 F. Supp. 2d at 5), as he continues to pursue his frivolous claims again D. Kideckel and Ms. Saibil, threatens to add claims arising out of his perceived grievances against LBKM, and has made explicit his intention to refile the action as a new proceeding if the Court is unreceptive to the Motion. "To protect the integrity of the courts and to prevent further harassment of the defendants, [Plaintiff's] filing of duplicative claims must stop." *Harbison*, 839 F. Supp. 2d at 111.

## IV.    The Court Should Grant D. Kideckel and Ms. Saibil's Cross-Motion for Attorneys' Fees

D. Kideckel and Ms. Saibil also respectfully request attorneys' fees incurred as a result of Plaintiff's extensive motions practice that has vexatiously and needlessly multiplied this proceeding.[10] Attorneys' fees are generally not recoverable; however, where the court finds a party

---

[10] Plaintiff's Motion was filed on August 25, 2025—the day before D. Kideckel and Ms. Saibil's deadline to request attorneys' fees. *See* Fed. R. Civ. P. 54(d)(2) (motion to recover attorneys' fees must be filed 14 days after judgment). Because "[t]he filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment,'" and "[o]nly the disposition of that motion 'restores th[e] finality' of the original judgment," D. Kideckel and Ms. Saibil's motion for attorneys' fees is not only timely, but appropriate considering that they incurred additional and unforeseen expenses in opposing Plaintiff's Rule 59(e) motion. *See Honickman*, 145 S. Ct. at 1622; *see also Cabrera v. Mogoo, Inc.*, 22-CV-1816 (TJK), 2025 WL 1341520, at *2 (D.D.C. May 8, 2025), *report and recommendation adopted*, 22-CV-1816 (TJK), 2025 WL 1824814 (D.D.C. Jul.

to have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," an award of attorneys' fees may be appropriate. *F.D. Rich Co. v. United States,* 417 U.S. 116, 129 (1974). Examples of bad faith meriting the payment of attorneys' fees "include the filing of a frivolous complaint or meritless motion." *Amer. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219 (D.C. Cir. 1991); *see also Am. Employers Inc. Co. v. Am. Sec. Bank, N.A.*, 747 F.2d 1493, 1502 (D.C. Cir. 1984) (common law "allows an award of attorneys' fees when the party has been the victim of unwarranted, oppressive, or vexatious conduct on the part of his opponent"); *Lipsig v. Nat'l Student Marketing Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) ("[W]here a litigant is substantially motivated by vindictiveness, obduracy or mala fides, the assertion of a colorable claim will not bar the assessment of attorneys' fees against him."). A finding of bad faith must be supported by clear and convincing evidence. *Select Specialty Hospital-Denver, Inc. v. Azar*, CV 10-1356 (BAH), 2020 WL 3469685, at *4 (D.D.C. June 25, 2020).

Plaintiff's actions in this litigation present clear and convincing evidence of bad faith. From the outset, he treated this Court as a forum to relitigate the lawsuits between Plaintiff and D. Kideckel pending before the Ontario Superior Court of Justice. Indeed, the claims asserted by Plaintiff against D. Kideckel, Ms. Saibil, and others in this Court closely mirror (and in fact, duplicate) the claims he asserted before the Canadian court. *See* ECF 68 at 7-8. Those claims were recently dismissed, without leave to amend, "as being frivolous, vexatious, and an abuse of process" by the Ontario Superior Court of Justice.[11] ECF 139-7. D. Kideckel and Ms. Saibil were nonetheless forced to also retain American counsel to revisit the issues here.

---

2, 2025) (motion for attorneys' fees granted after motion for reconsideration was filed after entry of judgment).

[11] The Ontario Superior Court of Justice also awarded that Plaintiff pay defendants their costs following the dismissal. ECF 139-7.

This proceeding could have been resolved easily and swiftly with a motion to dismiss. ECF 145 at 3-5. Plaintiff, however, proceeded to needlessly populate the docket with over 90 meritless filings, including multiple improper requests for discovery, an unwarranted emergency temporary restraining order, requests for sanctions, and disqualification motions against multiple defense attorneys in this case. *See, e.g.*, ECF 12, 52, 57, 65-66, 76-78, 80-81, 89-90, 96-99, 104, 112-113, 115-118, 121, 123-124, 127, 129-137, 143-144. Plaintiff has also alleged—without evidence or any credible basis—that D. Kideckel and Ms. Saibil's mere defense against Plaintiff's claims was "fraud." D. Kideckel and Ms. Saibil have been required to expend additional time and resources to clarify that it is not. The docket itself is clear and convincing evidence that Plaintiff commenced this proceeding and conducted the litigation in bad faith. *See Prunty v. Vivendi*, 195 F.Supp.3d 107, 111 (D.D.C. 2016) (motion for attorneys' fees against a repeat *pro se* plaintiff was granted where claims were "fanciful," "fantastic," and "factually frivolous.").

Due to Plaintiff's vexatious behavior, D. Kideckel and Ms. Saibil respectfully request that this Court grant D. Kideckel and Ms. Saibil's cross-motion for attorneys' fees. Upon the Court's request, D. Kideckel and Ms. Saibil will provide the Court with a petition documenting their fees in this proceeding under seal. *See Gharb v. Mitsubishi Elec. Corp.*, No. 1:15-cv-00328-RC, 148 F.Supp.3d 44, 55 (D.D.C. 2015) (granting attorneys' fees against a vexatious *pro se* plaintiff and leave to file a fee petition); *id.* at ECF 19, 21-23 (granting the filing of the fee petition under seal).

15

## CONCLUSION

For the foregoing reasons, D. Kideckel and Ms. Saibil respectfully request that this Court deny the Motion and grant D. Kideckel and Ms. Saibil's Cross-Motion for Attorneys' Fees.


Dated:  September 8, 2025

Respectfully submitted,

   /s/  *Jeffrey D. Robinson*

Jeffrey D. Robinson, D.C. Bar No. 376037
LEWIS BAACH KAUFMANN
MIDDLEMISS pllc
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Jeffrey.Robinson@lbkmlaw.com

Elizabeth Velez
LEWIS BAACH KAUFMANN
MIDDLEMISS pllc
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for Defendants David Kideckel and Dahlia Saibil*