# EXHIBIT 1

**From:** Brent K <brentkideckel@gmail.com>

**Sent time:** 11/02/2025 06:38:56 PM

**To:** Eric L. Lewis <Eric.Lewis@LBKMLAW.com>; Aisha Bembry <Aisha.Bembry@LBKMLAW.com>; Arthur D. Middlemiss <Arthur.Middlemiss@LBKMLAW.com>; Martin R. Baach <Martin.Baach@LBKMLAW.com>; Solomon B. Shinerock <Solomon.Shinerock@lbkmlaw.com>; Adam S. Kaufmann <Adam.Kaufmann@LBKMLAW.com>; Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>

**Subject:** [External Email] Evidence of LBKM client fraud and perjured submissions by Annika Conrad and General Counsel Jeffrey Robinson

**Attachments:** Ecf152.pdf    Ecf152exhibits.pdf

---

Dear LBKM Partnership,

I write to ensure the firm as a whole is aware of the incontrovertible documentary evidence of LBKM client fraud and perjured affidavits now before the Court.

Annika Conrad, along with this firm's General Counsel, submitted those affidavits now known to be perjured, and presumed suborned by the firm. I have enclosed the exhibit deck of the Plaintiff's Notice of Supplemental Authority (ECF152) with the firm partnership now on constructive and actual notice.

In light of this firm's clients' forum manipulation, ongoing fraud on a foreign tribunal, false affidavits in two tribunals, and your failure to correct, I respectfully advise of a petition to the Court of Appeals for a writ of mandamus this coming week.

To ensure the Circuit is presented with an accurate and *not* incomplete record, i urge the firm to evaluate its ethical posture and firm-wide adoption of fraud ahead of appellate review.

Thank you for your attention to this matter.


Brent Kideckel
Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL
                Plaintiff,

    V.

THE FOREIGN NATION OF CANADA, et al.
          Defendants.

**CASE NO.:**   **1:24-cv-02907-CJN**

# <u>NOTICE OF SUPPLEMENTAL AUTHORITY TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E)</u>

Plaintiff Brent Kideckel, appearing pro se, respectfully submits this Notice of Supplemental Authority to preserve and supplement the appellate record in connection with his pending Rule 59(e) motion to alter or amend judgment. This filing provides updated information demonstrating (1) continuing prejudice caused by the Court's August 12, 2025 Order, (2) ongoing fraud on a foreign tribunal that now relies on that Order, and (3) Plaintiff's intent to seek extraordinary relief if necessary to protect due process and judicial integrity.

## I. FSIA and Dual Representation

1. The Court's August 12 Order dismissed this action under the Foreign Sovereign Immunities Act ("FSIA") while adopting defense counsel's framing and disregarding the jurisdictional cure set forth in Plaintiff's supplemental complaint filed in March 2025.



RECEIVED

OCT 30 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2.    The dismissal further overlooked undisputed evidence that Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC simultaneously represented both David Kideckel and Aram Simovonian, an unwaivable conflict acknowledged by Robinson's partial withdrawal. Yet he continued filing on behalf of conflicted clients while the City of Toronto and employee David Wilson sat silent beside a fraud on the Court. Such conduct constitutes "commercial activity" under 28 U.S.C. § 1605(a)(2), defeating the basis for sovereign immunity.

## II. Ongoing Prejudice and Foreign Reliance on the Flawed Order

3.    On October 30, 2025, Defendants again relied upon this Court's August 12 Order before the Court of Appeal for Ontario, misrepresenting it as validation of their conduct.

4.    The Court is respectfully reminded that the Order of August 12 dismissed on jurisdictional grounds while offering dicta on merits without testing them through the adversarial process, adopting Defendants' unsworn advocacy over Plaintiff's documentary evidence.

5.    The framing adopted by this Court, was tainted as submitted by conflicted counsel, which Plaintiff respectfully reminds the Court was the basis for a Motion to Disqualify Jeffrey Robinson which yielded his partial withdrawal; a tacit acknowledgement of an unwaivable conflict.

6.    Plaintiff attaches the following exhibits demonstrating the scope of the misuse, thee fraud on the Court and public, and the ongoing prejudice to his rights in both jurisdictions:

- Exhibit A – Declaration of Brent Kideckel, confirming no March 2 or March 4 emails were ever sent and no email service was received on May 27, 2024;

- Exhibit B – Notice of Appeal, Court of Appeal for Ontario;

- Exhibit C – Google Takeout Server Logs, verifying no emails originated from Aram Simovonian on the dates cited in the Ontario Substitute Service Order;

- Exhibit D – Ontario filing of October 30, 2025, using this Court's Order to justify fraudulent service;

- Exhibit E – Affidavit of Non-Service, showing Plaintiff's U.S. home address and confirming he was reachable;

- Exhibit F – Ontario Order claiming David Kideckel did not know Plaintiff's location, issued days after Simovonian's threatening communications;

- Exhibit G – Email from Jeffrey Robinson, deflecting responsibility and contradicting his own U.S. representation posture;

- Exhibit H – False Affidavit of David Kideckel, reproducing portions of this Court's Order to mislead the Ontario tribunal; and

- Exhibits I–L – Website and regulatory records of Aram Simovonian's firm, showing misrepresentation of unlicensed individuals as lawyers to the public.

5. These materials demonstrate that the Ontario courts are continuing to rely on fabricated evidence and this Court's misapprehended Order to perpetuate procedural fraud, causing Plaintiff ongoing and tangible prejudice.

## III. Forum Manipulation and Failure to Rebut Under Oath

6. Defendants have not filed a single sworn rebuttal in this proceeding. Their entire opposition rests on unsworn argument, while they continue advancing contradictory narratives in Canada and the United States.

7. In Ontario, David Kideckel and Dahlia Saibil rely on the flawed U.S. Order to defend a fraudulent judgment. In this Court, their counsel invoke the foreign case to deflect liability. Jeffrey Robinson's statement that he "does not represent David Kideckel in Canada" while being aware of contradictory positions on a foreign tribunal illustrates precisely the forum manipulation Plaintiff has warned of repeatedly.

8. This Court's inaction has emboldened that misconduct. Each day of delay deepens the damage as false affidavits and foreign orders gain apparent credibility through unrebutted silence.

## IV. Intent to Petition for Mandamus

9.  Plaintiff filed his Rule 59(e) motion on August 25, 2025, and his reply on September 15, 2025. No order has issued. Plaintiff's October 20 status inquiry remains unanswered.

10. Given the year-long period of docket disengagement preceding the August Order and the continuing prejudice documented herein, Plaintiff intends to petition the U.S. Court of Appeals for the District of Columbia Circuit for a writ of mandamus to compel resolution of the pending motion if such extraordinary relief becomes the only viable procedural remedy..

## V. Conclusion

Plaintiff respectfully urges the Court to take judicial notice of the attached exhibits, recognize that its August 12 Order is being misused to propagate fraud in a foreign tribunal, and promptly address the Rule 59(e) motion to mitigate ongoing harm and preserve the integrity of the record for appellate review.


**Dated:** October 30, 2025


Respectfully submitted,

Brent Kideckel
Pro Se Plaintiff
P.O. Box 20901
Floral Park, NY 11002
(917) 634-0637 • brentkideckel@gmail.com

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

               Plaintiff,

V.

THE FOREIGN NATION OF CANADA,  et al.

               Defendants.

CASE NO.:    1:24-cv-02907-CJN

# <u>SWORN DECLARATION OF BRENT KIDECKEL</u>

I, Brent Kideckel, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action. This declaration is based on my personal knowledge and supplemental to the record supporting my pending Rule 59(e) motion to alter or amend judgment.

2. I do not possess or use any Canadian telephone numbers. I have never sent a single text message to Dahlia Saibil, nor do I know her telephone number. Any affidavit or claim suggesting that I have communicated with her by text is false.

3. I did not receive any emails on March 2 or March 4, 2024, that is referenced in the Ontario Order for Substitute Service nor did I receive the purported service email of May 27, 2024. Attached Google Takeout records confirm that no such emails were ever sent to me from Aram Simovonian, his firm, or anyone acting on his behalf. These records are complete and verifiable from Google's servers and show that no electronic service occurred.

4. The Ontario Order for Substitute Service falsely asserts that emails were sent on those dates and that I had requested service by email. That is untrue. I have never waived formal service requirements under Ontario or U.S. law. I did not receive notice of the Ontario action until November 2024, after a default motion had already been brought.

Since that time, I have consistently and promptly disputed service before every relevant tribunal.

5. Despite these facts, David Kideckel and Aram Simovonian have continued to mislead the Ontario courts through false affidavits and fabricated evidence. Their latest filings before the Court of Appeal for Ontario again rely on the false substitute-service order and even cite this Court's August 12, 2025 Order for validation. That order was issued on a misapprehended record and has now been weaponized abroad to perpetuate fraud and abuse of process.

6. When I contacted Jeffrey Robinson of Lewis Baach Kaufmann Middlemiss PLLC to verify the authenticity of David Kideckel's affidavit filed in Ontario, Robinson stated that he "does not represent David Kideckel in Canada." That statement is irreconcilable with his continued filings in this U.S. action on David Kideckel's behalf and his refusal to correct the misrepresentations that have now spread across two jurisdictions. This silence and inconsistency have directly prejudiced me and prolonged the harm from fraudulent records in both countries.

7. As this Court has previously seen in the record, David Kideckel has a history of violence and instability, including aggressive conduct toward family members and others. My uncle, Dr. Alan Jeroff, has confirmed to me that David has been terminated from multiple positions, apparently for behavior inconsistent with professional standards. This pattern of volatility and deceit is consistent with his litigation tactics and his use of counsel to continue harassing me through fraudulent processes.

8. Evidence submitted in this filing further shows that Aram Simovonian's law firm has misrepresented its staff to the public by listing unlicensed persons as lawyers on its website. That false presentation to the public is another instance of the deceptive pattern underlying their broader conduct. Both in Canada and here, they have treated procedural rules and truthful representation as optional.

9. These facts collectively illustrate that the so-called "service" in Ontario was fabricated and that the foreign judgment obtained there is a product of fraud. The continuing reliance on that judgment by defendants and their counsel in this Court exacerbates the prejudice to me and undermines confidence in both judicial systems, precisely why The SPEECH Act exists I made two attempts for relief under The SPEECH Act in this action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 30th day of October 2025, at San Marcos, California.

Brent Richard Kideckel
Pro Se Plaintiff

Ecf152exhibits.pdf

Ecf152exhibits.pdf

# EXHIBIT "B"

COURT OF APPEAL FOR ONTARIO
SUBMITTED/SOUMIS: 21/A...
FILED/DÉPOSÉ: 19/Sep/2025
REGISTRAR / GREFFIER
COUR D'APPEL DE L'ONTARIO
Ecf152enp...

Case 1:24-cv-02907-CJN Document 154-1 Filed 11/05/25 Page 12 of 53

**COURT OF APPEAL FOR ONTARIO**

BETWEEN:

Brent Richard Kideckel

(Appellant)

– and –

David Kideckel

(Respondent)


Court File No.: CV-24-00713955

Ontario Superior Court of Justice


# NOTICE OF APPEAL

(Pursuant to Rules 61.03 and 61.04 of the Rules of Civil Procedure)


THE APPELLANT, Brent Richard Kideckel, appeals to the Court of Appeal for Ontario from the final judgment of the Honourable Justice Akazaki of the Superior Court of Justice dated July 25, 2025, which:

    1.      Entered default judgment against the Appellant;

    2.      Granted a permanent injunction prohibiting the Appellant from publishing, repeating, or disseminating any statements concerning the Respondent and related parties;

    3.      Reserved jurisdiction to determine costs;

    4.      Dismissed or purported to deny the Appellant's prior request to set aside the noting in default.


**THE APPELLANT ASKS THAT:**


    1.      The judgment be struck in its entirety as obtained by fraud on the court;

    2.      The action be remitted for determination on the merits, with procedural fairness afforded to the Appellant;

    3.      The injunction be vacated as overbroad, punitive, and in violation of constitutional principles and natural justice;

4.      Any costs award or entitlement be set aside or stayed;

5.      Costs of this appeal and of the underlying proceedings be awarded to the Appellant on a substantial indemnity basis, jointly and severally against:

- David Kideckel (Respondent);

- Aram Simovonian (counsel of record);

- Scalzi Caplan LLP (former firm of record);

- Lima Law Professional Corporation (former firm of record);

- Lima Lee Simovonian LLP (current firm of record);

- Simovonian Professional Corporation (current proprietorship of Aram Simovonian's equity of Lima Lee Simovonian LLP partnership.)

- Any other lawyer, firm, or non-party who aided or benefited from the procedural misconduct, including costs for abuse of process, fraud on the court, and reputational harm caused to the Appellant, including Andrew Lima, Gary Caplan, Carmine Scalzi, Ian Sinke, and Antonious Antoniou.)

6.      Such further and other relief as this Honourable Court may deem just.


**GROUNDS OF APPEAL:**


1.      **Fraud on the court:** The underlying affidavit of service was falsified, the record included fabricated or unserved evidence, and the judgment was obtained through material misrepresentations to the Court.

2.      **Denial of natural justice**: The Appellant was not properly served, and the motion proceeded without affording him a fair opportunity to be heard. The presiding judge acknowledged during oral argument that the Appellant was unaware of his right to contest the authenticity or admissibility of the alleged service email, and then refused to allow such examination.

3.      **Improper entry of default judgment:** The record did not justify default. The judgment relied on defective service, an improper court order obtained by misrepresenting the Appellant's whereabouts, and included evidence that was never delivered. The Respondent falsely claimed the Appellant's address was unknown, while simultaneously attaching it to the

originating process. Additionally the Service claimed to have been effected was sworn to and effected by Counsel of Record, Aram Simovonian, an interested party.

4. **Extraterritorial overreach and unconstitutional restraint**: The permanent injunction purports to restrict expressive activity by the Appellant even outside Canada, including in the United States, without jurisdictional basis or due process. The judgment seeks to silence criticism globally based on untested claims and without evidentiary hearing.

5. **Disproportionality and bias**: The judgment includes inflammatory, personal language and imposes extraordinary remedies on a procedural default without factual findings or evidentiary testing. It improperly characterizes the Appellant's intelligence and motive in terms that raise a reasonable apprehension of bias and retaliatory overreach.

6. **Lack of procedural fairness in costs**: The invitation for costs submissions, without a fair trial or merits determination, compounds the prejudice to the Appellant and creates a chilling effect on his ability to pursue judicial review.

7. **Contradictory forum positions and concealment of parallel litigation**: The Respondent and related parties are actively litigating in the United States District Court for the District of Columbia (Kideckel v. The Foreign Nation of Canada, No. 1:24-cv-02907-CJN), where they have simultaneously argued that Ontario—not D.C.—is the appropriate forum. In Ontario, they assert this action is meritless; in D.C., they assert it belongs here. This contradiction supports judicial estoppel and exposes a pattern of forum manipulation.

8. **Failure of U.S. counsel to certify the Canadian ruling:** At least three separate U.S. law firms have entered and exited representation of the same parties, and none have certified the legitimacy or propriety of the Ontario default judgment. The failure to stand behind the Canadian ruling—despite using it in U.S. motions—strongly suggests it is tainted by fraud or perjury.

9. **Evidence of unclean hands and reputational taint**: The Respondent's counsel of record in Canada (Aram Simovonian) has been implicated in procedural misconduct and fraud, and is actively under pressure from parallel motions in the United States. The Respondent has directly benefited from this misconduct. The inability or unwillingness of U.S. counsel to affirm the Canadian record is strong evidence that the default judgment lacks reliability and was obtained improperly.


**JURISDICTION**

This appeal is brought under section 6(1)(b) of the Courts of Justice Act, RSO 1990, c C.43, which provides that an appeal lies to the Court of Appeal from a final order of a judge of the Superior Court of Justice.

The order appealed from is final, as it disposes of the proceeding by granting a permanent injunction and entering default judgement. Accordingly, leave is not required.

**THE APPELLANT'S ADDRESS FOR SERVICE IS:**

PO Box 20901

Floral Park, NY 11002

United States of America

Email: brentkideckel@gmail.com

Tel: (917) 634-0637

**THE RESPONDENT'S COUNSEL IS:**

Aram Simovonian

Lima Lee Simovonian LLP/Simovonian Professional Corporation

17 Turnberry Lane

Barrie, Ontario L9J 0M6

asimovonian@limalaw.ca

(647)677-8009

DATE: August 21, 2025

Brent Kideckel

Self-represented Litigant

**EXHIBIT "C"**

Redacted

| Att | From | To | Subject | Sent | Received |
|---|---|---|---|---|---|
| | "Redfin" <listings@... | brentkideckel@gm... | Pending in Idyllwild: 12... | 5/26/2024 9:10:36... | 5/26/2024 2:... |
| | customerservice██... | brentkideckel@gm... | | 5/27/2024 1:09:32... | 5/26/2024 6:... |
| | "Crack Corn" <sale... | brentkideckel@gm... | Happy Memorial Day!... | 5/27/2024 1:35:51... | 5/27/2024 6:... |
| | "Brent K" <brentkid... | "Rachel ██... | Re: Upcoming Visit | 5/27/2024 1:44:36... | 5/26/2024 6:... |
| | "Amazon ██... | brentkideckel@gm... | | 5/27/2024 1:45:15... | 5/27/2024 6:... |
| | "Discover Card" <d... | BRENTKIDECKEL@... | | 5/27/2024 1:45:27... | 5/27/2024 6:... |
| | "Discover Card" <d... | BRENTKIDECKEL@... | | 5/27/2024 1:45:27... | 5/27/2024 6:... |
| | "Brent K" <brentkid... | "Rachel ██... | Re: Upcoming Visit | 5/27/2024 1:53:35... | 5/26/2024 6:... |
| | "The New York Tim... | brentkideckel@gm... | Limited time: 7 days fr... | 5/27/2024 10:05:1... | 5/27/2024 3:... |
| | "Polo Factory Store... | brentkideckel@gm... | Last Chance: 30% off... | 5/27/2024 11:27:1... | 5/27/2024 4:... |
| | "TLDR ██... | brentkideckel@gm... | | 5/27/2024 11:34:2... | 5/27/2024 4:... |
| | "Brent K" <brentkid... | "Rachel ██ | Re: Upcoming Visit | 5/27/2024 12:03:1... | 5/26/2024 5:... |
| | "Brent K" <brentkid... | "Rachel ██ | Re: Upcoming Visit | 5/27/2024 12:15:4... | 5/26/2024 5:... |
| 📄 | "Rache ██. | "Brent K" <brentkid... | Re: Upcoming Visit | 5/27/2024 12:25:1... | 5/26/2024 5:... |
| | onlineordering ██. | brentkideckel@gm... | | 5/27/2024 12:40:1... | 5/26/2024 5:... |
| | onlineordering ██. | brentkideckel@gm... | | 5/27/2024 12:41:3... | 5/26/2024 5:... |
| | "Crack Corn" <sale... | brentkideckel@gm... | LAST CHANCE to save... | 5/27/2024 12:47:3... | 5/26/2024 5:... |
| 📄 | OnlineOrdering@L... | brentkideckel@gm... | | 5/27/2024 12:50:3... | 5/26/2024 5:... |
| 📄 | OnlineOrdering@L... | brentkideckel@gm... | | 5/27/2024 12:55:2... | 5/26/2024 5:... |
| | "Camp ██.. | brentkideckel@gm... | Hi Brent! | 5/27/2024 12:57:4... | 5/26/2024 5:... |
| | "The Second City"... | brentkideckel@gm... | Cowabunga!! It's a Co... | 5/27/2024 2:00:45... | 5/27/2024 7:1. |
| | "Fidelity ██ | | | 5/27/2024 ██ | |
| | | brentkideckel@gm... | We honor our nation's... | 5/27/2024 2:05:10... | 5/27/2024 7:... |
| | "Rocky Kanaka" <s... | brentkideckel@gm... | Last 24 Hours to Save... | 5/27/2024 2:29:51... | 5/26/2024 7:... |
| | "Flight Centre" <de... | brentkideckel@gm... | Big Red Sale ends Frid... | 5/27/2024 3:01:42... | 5/27/2024 8:... |
| | "Alaska Airlines" <s... | brentkideckel@gm... | Alaska Airlines receipt. | 5/27/2024 3:51:06... | 5/27/2024 8:... |
| | "The Ritz-Carlton S... | brentkideckel@gm... | | 5/27/2024 4:01:19... | 5/27/2024 9:... |
| | "Valley View Casin... | brentkideckel@gm... | Our June Dining Guide | 5/27/2024 4:01:51... | 5/27/2024 9:... |
| | "Spotify" <no-reply... | brentkideckel@gm... | Sign up for Premium D... | 5/27/2024 4:56:4... | 5/27/2024 9:... |
| | ██ NYC... | brentkideckel@gm... | This week ██.. | 5/27/2024 5:37:51... | 5/27/2024 10:... |
| | "The ██. | brentkideckel@gm... | ██ parties this week... | 5/27/2024 5:38:20... | 5/27/2024 10:... |
| | "Turo" <noreply@h... | brentkideckel@gm... | A red '82 Ferrari, Cybe... | 5/27/2024 5:42:33... | 5/26/2024 10:... |
| | "Wi-Fi Onboard" <i... | brentkideckel@gm... | Here's Your Wi-Fi Onb... | 5/27/2024 6:22:04... | 5/27/2024 11:... |



| | | | | |
|---|---|---|---|---|
| "Rachel ▮▮▮ | "Brent K" <brentkid... | Re: Upcoming Visit | 5/27/2024 6:43:14... | 5/27/2024 11:... |
| "Crack Corn" <sale... | brentkideckel@gm... | LAST CHANCE to save... | 5/27/2024 7:13:24... | 5/27/2024 12:... |
| "Kansas Lottery Pla... | brentkideckel@gm... | ⏰ Time is ticking on t... | 5/27/2024 7:27:48... | 5/27/2024 12:... |
| "Brent K" <brentkid... | "Rache ▮▮▮ | Re: Upcoming Visit | 5/27/2024 7:33:05... | 5/27/2024 12:... |
| "Rachel ▮▮▮ | "Brent K" <brentkid... | Automatic reply: Upco... | 5/27/2024 7:33:35... | 5/27/2024 12:... |
| "Easton Mountain"... | brentkideckel@gm... | 🎎 Just a few beds lef... | 5/27/2024 7:49:48... | 5/27/2024 12:... |
| "Amazon ▮▮▮ | brentkideckel@gm... | | 5/27/2024 8:05:26... | 5/27/2024 1:... |
| "Rachel ▮▮▮ | "Brent K" <brentkid... | Re: Upcoming Visit | 5/27/2024 9:41:14... | 5/27/2024 2:... |
| "Amazo ▮▮▮ | brentkideckel@gm... | ▮▮▮ | 5/27/2024 9:55:5... | 5/27/2024 2:... |
| "Points.com - ▮▮▮ | BRENTKIDECKEL@... | Hours Left! Don't Miss... | 5/28/2024 1:06:23... | 5/28/2024 6:... |
| customerservice@s... | brentkideckel@qm... | ▮▮▮ | 5/28/2024 1:08:02... | 5/27/2024 6:... |

**The instances of emails being received prior to the stated time being sent is a result of travel that day between San Diego, CA, and Maui, HI**

# EXHIBIT "D"

Ecf152exhibits.pdf

Court File No.: COA-25-CV-1156
SCJ Court File No.: CV-24-00713955-0000

**COURT OF APPEAL FOR ONTARIO**

B E T W E E N:

DAVID KIDECKEL

Plaintiff
(Respondent on Appeal)

and

BRENT KIDECKEL

Defendant
(Appellant on Appeal)

# RESPONDING MOTION RECORD OF THE RESPONDENT
### (returnable, November 4, 2025, by Zoom)

October 30, 2025

**LIMA LEE SIMOVONIAN LLP**
5353 Dundas St. W., Suite 503
Etobicoke, ON  M9B 6H8
**Aram Simovonian (73974D)**
E: asimovonian@limalaw.ca
D: 647.677.8009

Lawyers for the Appellant

**TO:**      **BRENT KIDECKEL**
PO Box 20901
Floral Park, NY 11002, USA
E: brentkideckel@gmail.com
D: 917.634.0637

Respondent

Court File No.: COA-25-CV-1156
SCJ Court File No.: CV-24-00713955-0000

**COURT OF APPEAL FOR ONTARIO**

B E T W E E N:

DAVID KIDECKEL

Plaintiff
(Respondent on Appeal)

and

BRENT KIDECKEL

Defendant
(Appellant on Appeal)

**INDEX**

| TAB | DOCUMENT | DATE |
|-----|----------|------|
| 1 | Affidavit of David Michael Kideckel | September 18, 2025 |
| A | Statement of Claim (David's Action) | February 1, 2024 |
| B | Affidavit of Attempted Service | March 4, 2024 |
| C | Requisition to note in Default, Affidavit of Service, and Confirmation of Filing | August 1, 2024 |
| D | Justice Akbarali's Endorsement (David's Action) | January 17, 2025 |
| E | E-mails between counsel and Brent Kideckel | May 20, 2025 |
| F | Reasons for Judgment and Judgment of Justice Akazaki (David's Action) | July 25, 2025 |
| G | Statement of Claim (Brent's Action) | May 10, 2024 |
| H | Justice Akazaki Endorsement (Brent's Action | January 27, 2025 |
| I | Justice Parghi's Endorsement (Brent's Action) | March 26, 2025 |
| J | E-mails between counsel and Brent Kideckel | July 31, 2025 |

| K | Justice Papageorgiou's Endorsement and Order | August 6, 2025 |
| L | Complaint re USA District of Columbia | October 15, 2024 |
| M | Order of the Superior Court of the State of California | October 19, 2020 |
| N | Order of Justice C. Nichols of the District of Columbia, U.S.A. | August 12, 2025 |
| O | Endorsement of Justice Monahan | October 3, 2025 |
| P | Notice of Dismissal | October 16, 27, 2025 |

**EXHIBIT "E"**

## AFFIDAVIT OF NON-SERVICE

| Case:<br>CV-24-00713955-0000 | Court:<br>ONTARIO SUPERIOR COURT OF JUSTICE | County: | Job: |
|---|---|---|---|
| Plaintiff / Petitioner:<br>David Kideckel | | Defendant / Respondent:<br>Brent Richard Kideckel | |
| Received by:<br>Southwest Legal Services | | For:<br>KAP Litigation Services | |
| To be served upon:<br>Brent Richard Kideckel | | | |

I, Timothy W. Barrett, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Brent Richard Kideckel, 1528 Rock Springs Road, San Marcos, CA 92069

**Manner of Service:**  Unsuccessful Attempt

**Documents:**  Statement of Claim and Claim

**Additional Comments:**

1) Unsuccessful Attempt: Feb 8, 2024, 6:20 pm PST at 1528 Rock Springs Road, San Marcos, CA 92069
No Answer, No Activity, No Lights on.

2) Unsuccessful Attempt: Feb 13, 2024, 12:35 pm PST at 1528 Rock Springs Road, San Marcos, CA 92069
No Answer, No Lights on, No Activity heard. I knocked on the door of both neighbors on either side of the house. There was no answer there either.

3) Unsuccessful Attempt: Feb 16, 2024, 7:00 pm PST at 1528 Rock Springs Road, San Marcos, CA 92069
No Answer, No Lights on, No Activity. I knocked on the neighbors doors and there was no answer.

4) Unsuccessful Attempt: Feb 17, 2024, 9:10 am PST at 1528 Rock Springs Road, San Marcos, CA 92069
No Answer, No Activity

I looked up the address to see if I could find out if the defendant lived there.  The report I got back said that he did live there.

_Timothy W. Barrett_     3-4-24

Timothy W. Barrett        Date

Southwest Legal Services
2221 Camino Del Rio South Suite 103
San Diego, CA 92108
619-955-7225
ID Number 1436
County: San Diego

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____

**Notary Public**

_____

**Date**        **Commission Expires**

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _San Diego_

Subscribed and sworn to (or affirmed) before me on this _4th_
day of _March_, 20 _24_, by
_Timothy W. Barrett_,
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

_____
Signature

(Seal)

OMAR R. KANAN
COMM. # 2436183
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. FEB. 23, 2027

# EXHIBIT "F"

Court File No. CV-24-00713955-0000



**Superior Court of Justice - Toronto Region**
393 University Avenue, 6th Floor
Toronto, Ontario M5G 1E6

## ENDORSEMENT

Total # Pages 1

**May 22, 2024**

*DAVID KIDECKEL v BRENT RICHARD KIDECKEL*

Motion in writing, without notice

The plaintiff moves for an order for an order validating service by email or for an order for substituted service on the defendant.

I adjourned the motion to myself in writing for the reasons set out in my endorsements of April 11, 2024, and April 30, 2024. The moving party has now filed a further supplementary motion record dated May 10, 2024, that contains the affidavit of David Kideckel (the plaintiff) sworn May 10, 2024. The moving party has also filed a factum dated May 10, 2024.

The plaintiff commenced the action on February 1, 2024.  The plaintiff attempted personal service but was not successful. The statement of claim was sent by email to the defendant by plaintiff's counsel at brentkideckel@gmail.com on March 5 and 6, 2024.

The plaintiff and defendant are estranged brothers. The plaintiff deposes that the plaintiff lives in the United States but is not certain of his address. A document created by the defendant purporting to be a statement of claim commenced by him against the plaintiff and others, states that he is signing in Las Vegas Nevada but is withholding his US address to protect the safety of his family. Thus, this case is similar to *Del Guidice v Thompson*, 2021 ONSC 903, where Justice Perell granted an order for substituted service in a case where the defendant was resident in the United States (a signatory to the Hague Convention) but whose address was unknown, under Article 1 of the Hague Convention.

The defendant has recently sent threatening emails to the plaintiff, his family members and others from another email kideckelsaibilspringmanlawsuit@gmail.com . The defendant has at various times requested that the plaintiff accept service of a lawsuit by email. It is clear from the record that the defendant uses email frequently. I am satisfied that the statement of claim will almost certainly come to the attention of the defendant if emailed to the two email addresses proposed.

The plaintiff asks for costs of the motion of $1,500. However, Rule 57.03(3) provides that on a motion made without notice, there shall be no costs to any party unless the court orders otherwise.  Given that there is uncertainty as to whether the defendant resides at the address where the plaintiff's process server attempted service, I cannot say that the defendant was evading service.  In the circumstances, I will make an order that the costs of the motion be in the cause.

Order to go in the form amended by me electronically and signed by me.

Associate Justice L. La Horey

# EXHIBIT "G"

From: Jeffrey D. Robinson Jeffrey.Robinson@lbkmlaw.com
Subject: RE: [External Email] David Kideckel Affidavit- confirmation request
Date: Sep 19, 2025 at 6:42:10 AM
To: Brent K brentkideckel@gmail.com

Dear Mr. Kideckel,

Lewis Baach Kaufmann Middlemisss does not represent David Kideckel in proceedings in Canada. Accordingly, I have no comment on the affidavit attached to your email.

Sincerely,

_____

**Jeffrey Robinson**
**Senior Counsel**

## Lewis Baach Kaufmann Middlemiss PLLC

1050 K Street, NW
Suite 400
Washington, DC 20001
t 202 659 7205
Bio | Email | Website | vCard

_____

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

---

**From:** Brent K <brentkideckel@gmail.com>
**Sent:** Thursday, September 18, 2025 3:53 PM
**To:** Jeffrey D. Robinson <Jeffrey.Robinson@LBKMLAW.com>
**Cc:** Annika Conrad <Annika.Conrad@lbkmlaw.com>; Elizabeth Velez <Elizabeth.Velez@LBKMLAW.com>; Anthony Munroe <anthony.munroe@lbkmlaw.com>; Anthony Capozzolo <Anthony.Capozzolo@LBKMLAW.com>; Lauren Skala <Lauren.Skala@LBKMLAW.com>
**Subject:** [External Email] David Kideckel Affidavit- confirmation request

Good afternoon,

I write regarding the enclosed Affidavit of David Kideckel, which I intend to file as Supplemental Authority in DDC.

This affidavit, bearing only a docusign pseudo-signature, was submitted on the heels of a submission by Aram Simovonian of a a letter to the Court of Appeal attempting to clarify his engagement and authority with David— unsworn and unsigned by David. This was submitted in opposition to my motion for third-party production of my Gmail records and the Retainer Agreement from Simovonian's previous employer, being heard next Thursday in

the Court of Appeal for Ontario.

**I ask for very narrow clarity - is this a true submission authorized by your client to the foreign tribunal with Simovonian's full authority?**

Should I not receive confirmation by end of day tomorrow I will assume that it is a) authorized by your client and b) you're adopting it.

Thank you,


Brent Kideckel

EXHIBIT "H"

Court File No.: COA-25-CV-1115
SCJ Court File No.: CV-24-00719990-0000

**COURT OF APPEAL FOR ONTARIO**

B E T W E E N:

Brent Kideckel

Plaintiff
(Appellant on Appeal)

and

David Michael Kideckel, Dahlia Saibil, Hope Springman, Kenneth Norwich, Aram Simovonian, Gary Caplan, Carmine Scalzi, Scalzi Caplan LLP,  David Wilson as an Officer of Toronto Police Service,  David Lim as Staff Sergeant of Toronto Police Service, Toronto Police Service, The Province of Ontario, Canada,  Doug Downey as Attorney General of the Canadian Province of Ontario

Defendants
(David Kideckel and Dahlia Saibil, Respondents on Appeal)

**AFFIDAVIT OF DAVID MICHAEL KIDECKEL**
**(sworn on September 18, 2025)**

I, David Michael Kideckel, of the City of Toronto, in the Province of Ontario, MAKE OATH AND SAY:

1.      I am a Respondent in this action, and as such, have knowledge of the matters to which I hereafter depose to. Where I rely on information received from others, I state the source of such information and verily believe such information to be true.

2.      I make this affidavit on behalf of myself, and my wife, Dahlia Saibil.

**THE VEXATIOUS LITIGANT: BRENT KIDECKEL**

3.      Brent Kideckel ("**Brent**") is my estranged brother. Brent and I have no relationship, and the last time I saw Brent in person was in or about 2008.

4.      Brent currently lives in the United States of America, at 1528 Rock Spring Road, San Marcos, CA 92069. Brent has not been to Canada in over 13 years. Brent is currently subject to an arrest warrant and if he does attempt to come to Canada, he will be placed under arrest.

5.      In or about August 2023, Brent engaged in a vicious, carefully orchestrated and unlawful campaign of defamation against me. Brent's campaign has been planned with malice for the express purpose of publicly embarrassing me, harming my reputation in the community, and tarnishing my career.

6.      Brent is a vexatious litigant and has been labelled as such in various Courts in the U.S.A. I offer a summary of Brent's numerous legal proceedings, and relevant website links to them:

   a.   *Brent Kideckel v Wells Fargo Bank, N.A*., Case No.: 20-cv-00681-DMS (JLB), in the Southern District of California: This is a Court order requiring Brent to pay sanctions of $75 for failure to appear at a Mandatory Settlement Conference;[1]

   b.   Vexatious Litigant List: Prepared and maintained by the Judicial Council of California: Brent Kideckel, Case Number PSC2000944;[2]

   c.   Vexatious Litigant List (updated as of August 1, 2024): Prepared and maintained by the Administrative Office of the Courts from Prefiling Orders Received from Nevada Courts: Case Number 19C-027549 (Order granting motion for vexatious litigant determination);[3]

   d.   *Brent Kideckel v Lyft, Inc.,* Case No.: CGC-19-574331, in the Superior Court of California, County of San Francisco;[4]

   e.   *Brent Kideckel v Patricia Hodges et al*, in the Riverside County Superior Court, California;[5]

   f.   *Brent Kideckel v Parmendra "Patrick" Prasad*, Case No.: 77983, in the Supreme Court of Nevada;[6]

---

[1] https://www.govinfo.gov/content/pkg/USCOURTS-casd-3_20-cv-00681/pdf/USCOURTS-casd-3_20-cv-00681-1.pdf
[2] https://www.courts.ca.gov/documents/vexlit.pdf
[3] https://nvcourts.gov/__data/assets/pdf_file/0023/13496/Vexatious_Litigant_web_8_1_2024_web.pdf
[4] https://trellis.law/case/cgc19574331/brent-kideckel-vs-lyft-inc
[5] https://unicourt.com/case/ca-riv-kideckel-vs-hodges-1753986
[6] https://caselaw.findlaw.com/court/nv-supreme-court/1989592.html

g. *Brent Kideckel v Paige Huffman et al*, in the Palm Springs Courthouse, in Riverside County Superior Court, Riverside California;[7] and

h. *Brent Kideckel v Michael Rowe et al,* No 82133, in the Supreme Court of Nevada.[8]

7.      The above information is readily available by a simple "Google" search. The point is this: Brent is no stranger to lawsuits.

**MY ATTEMPT AT VINDICATION: CV-24-00713955-0000 ("DAVID'S ACTION")**

8.      To vindicate myself, I commenced an action against Brent, by way of Statement of Claim, on February 1, 2024. I sought general damages in the sum of $180,000 for (i) defamation; (ii) intimidation; (iii) publicly placing a person in false light; and (iv) intentional infliction of mental suffering. I also sought punitive damages in the sum of $20,000, and a permanent injunction to restrain the Brent, and those associated with Brent, from further defaming me. Attached and marked as **Exhibit "A"** is a copy of the Statement of Claim.

9.      I was advised by my lawyers that a Statement of Claim must be personally served on a Defendant. I made my best effort to personally serve Brent, however, was not successful. On the advice of my lawyers, I brought a motion for validation of service and/or substituted service of the Statement of Claim, on Brent, by e-mail. Attached and marked as **Exhibit "B"** is an Affidavit of Attempted Service showing that the process server I hired tried to serve Brent 4 times, but was not successful.

10.     On May 22, 2024, the Honourable Associate Justice L. La Horey, granted to me an Order for substituted service to serve the Statement of Claim on Brent by e-mail to brentkideckel@gmail.com and kideckelsaibilspringmanlawsuit@gmail.com.

11.     The Statement of Claim was served on Brent, as per the Order of AJ La Horey, on May 27, 2024.

---

[7] https://unicourt.com/case/ca-riv-kideckel-vs-huffman-1706869
[8] https://caselaw.findlaw.com/court/nv-supreme-court/2103805.html

12.    Brent, unsurprisingly, did not respond, and was noted in default on August 1, 2024. Attached and marked as **Exhibit "C"** is the Requisition to Note in Default, Affidavit of Service, and confirmation of filing same with the Court.

13.    I scheduled a motion for Default Judgment, returnable on January 17, 2025. Brent, at that time, had hired a lawyer, on a limited scope retainer, and his then lawyer sought an adjournment of my motion so that Brent can bring a motion to set aside the noting in default. I did consent to the adjournment, but also sought my thrown away costs. On January 17, 2025, at the return of the motion for Judgment, Justice Akbarali granted the adjournment, and also accepted that Brent has "*made choices designed to increase* [my] *costs and delay the progress of this action",* and in that regard, ordered Brent to pay my costs of $2,500, payable forthwith. To date, Brent has not paid the $2,500 costs award and remains in breach of this Endorsement. Attached and marked as **Exhibit "D"** is a copy of Justice Akbarali's Endorsement.

14.    My motion for Judgment was ultimately returnable on June 19, 2025, before the Honourable Justice Akazaki.

15.    On May 20, 2025, my lawyer advised Brent of the return of the motion, by e-mail. Brent, on the same day, stated that he will not be in attendance, and then, sent a subsequent e-mail stating that he is formally withdrawing his motion to set aside the noting in default. Attached and marked as **Exhibit "E"** are copies of these e-mails.

16.    Despite saying that he will not attend, and that he has abandoned his motion, Brent did, in fact, attend on June 19, 2025, and did deliver argument before Justice Akazaki. Justice Akazaki released his reasons on July 25, 2025: here are a few excerpts from the reasons:

"*On May 20, 2025, Brent Kideckel formally abandoned the motion to set aside the noting in default. Instead, on June 12, 2025, he brought a "motion for prohibition.*".

"*His* [Brent's] *name appears on the vexatious litigant lists of the courts of California and Nevada. He is currently working up litigation in the District of Columbia.*"

"*Brent Kideckel's submission about the fraudulent affidavit of service differed from the statement in his affidavit of December 19, 2024, from the abandoned motion to set*

Ecf152exhibits.pdf

*aside the noting in default (italics mine):   9. Furthermore, apropos the service via email, I never received same. While I am not alleging the [sic] Mr. Simovonian swore a false affidavit of service, it is distinctly possible that the said email was automatically diverted into my Spam/Junk folder, unbeknownst to me. In any event, despite regularly checking the relevant email addresses, I never received the Claim."*

"*The evidence fell short of the email landing in the junk folder, and Brent Kideckel never checked to see if that had occurred. One can appreciate the importance of this omission from his evidence, because the original cease-and-desist letter from Mr. Simovonian of January 26, 2024, evidently did land in his Gmail inbox. Brent Kideckel responded to the email attaching the letter with a threat of a countersuit and of reporting counsel "to the Ontario Bar Association – actually I may do that anyway." Before wishing counsel a good weekend, he told him: "I'll be blocking this email so any further contact will need to be addressed to my attorney." However, there was no attorney.*"

"*About a half hour later, he sent a further email to Mr. Simovonian asking: "Will you accept service electronically for my countersuit?" From the attachment, labelled "SC to Brent (26-Jan-2024).pdf," and from Brent Kideckel's statement: "Let's get going file your complaint and let's open discovery!" it appears he received the draft statement of claim and challenged the plaintiff's lawyer to get is issued. I take judicial notice of the fact that statements of claim are called "complaints" in U.S. courts.*"

"*On March 12, 2024, Brent Kideckel sent out an email to various persons threatening a lawsuit. He sent that email not only to Mr. Simovonian but also to Annessa Cenerini, the law clerk who had sent him the second March email with the issued statement of claim.*"

"*The formal service emails sent to two email addresses provided by Brent Kideckel followed the responding emails that he sent to various individuals including Mr. Simovonian and his law clerk. He knew of the draft statement of claim. If he did block the emails from Mr. Simovonian's firm, that would have been a further act of service evasion. He himself proposed service by email. A person with Brent Kideckel's perspicacity about legal disputes would have been on the lookout for the issued*

Ecf152exhibits.pdf

*statement of claim. Had he blocked Mr. Simovonian's law firm, he likely would have checked his junk mail regularly. The statement in his affidavit that the email could have been diverted there "unbeknownst to me" bears no credibility, in the face of his stated intent to block the emails from the law firm.*"

"*I therefore find, on a balance of probabilities, that the statement of claim came to the defendant's attention. The decision to abandon the motion to set aside the default in favour of a "prohibition" motion to seek, inter alia, a costs order against plaintiff's counsel, appears to have been a convoluted tactic based on an unfounded allegation of a false affidavit of service.*"

"*While this decision was under reserve, Brent Kideckel ordered the motion transcript with a view to providing it to a judge in his District of Columbia case. I know nothing about the suit and can only speculate that he chose D.C. because the courts of his home state of California and his home-away-from-home of Nevada have barred him.*"

"*Because a reasonable person would likely think twice about pursuing a vexatious foreign litigant in his home jurisdiction, the court must provide some remedy that provides some solace beyond a paper money judgment.*"

Attached and marked as **Exhibit "F"** is a copy of the Reasons for Judgment, and Judgment of Justice Akazaki.

17.     Justice Akazaki awarded to me the following: $50,000 as general damages for defamation; $20,000 as aggravated damages; $20,000 as punitive damages; $20,954.34 as costs on a substantial indemnity scale; and a permanent injunction to restrain Brent from making, publishing, or causing to be published, any false, or defamatory statements relating to me.

**BRENT'S FIRST ATTACK: CV-24-00719990-0000 ("BRENT'S ACTION")**

18.     As a collateral attack against me, on May 10, 2024, Brent commenced an action against me, my wife, Dahlia Saibil, our mother and step-father, the Ministry of Attorney General ("**MAG**"), the Toronto Police (and various detectives), my lawyer, Aram Simovonian, other

members of the Ontario Bar, and Doug Downey. Attached and marked as **Exhibit "G"** is a copy of Brent's Statement of Claim.

19.    Below are some incomprehensible statements which came to Brent's mind and found themselves, unedited, on paper:

*The truth will prevail.*

*[...]*

*2. I do not have a relationship with my brother or mother as they are awful, narcissistic, and abuse people. [...]*

*[...]*

*8. I really have no idea, as I have no Canadian phone numbers; don't know who Mr. Kideckel's boss-du-jour is, and most importantly, and I cannot stress this enough – I DON'T CARE about his work life, family life, or any other part of his sad and miserable existence.*

*[...]*

*13. I in turn responded to this so-called lawyer advising him of what he was doing, and that a complaint was being filed seeking David Kideckel, David Wilson, and Dahlia Saibil's PERMANENT EXCLUSION FROM THE UNITED STATES given their toxic, politely, unpredictable, and historic behavior.*

*14. That triggers Mr. David Kideckel again. Having just been informed that he was being reported to the FBI, never one to engage originality, he, along with his wife, opted to take the fake text messages that he was using (for whatever he was using them for) to the Toronto Police Service. Using their knowledge of Ontario's third-world nature of arresting people based on \*anyone's\* sworn statement, [...] a Kangaroo Court and Kangaroo Judicial System. [...].*

*15. Mr Wilson opted **not** to do basic due diligence, let alone contact me. Oh no, the overweight and unionized Mr. David Wilson shuffled some papers, pressed charges*

*and drove home to his double-wide in Oshawa. He doesn't give a shit, that's quite obvious. [...]*

*17. I believe that Mr. David Kideckel did not realize he was committing identity Theft by faking text messages purporting to be from Plaintiff nor that any of his actions are actionable. (A hockey player jock at his core, he's never been the smartest.).*

*27. Mr. Kideckel responded taking issue with my advisement of a forthcoming lawsuit against him, his family, and all those he's used to advance his harassment campaign. To be sure, all Defendants acted with their own negligent, malicious intent on their own accord. Curiously he referenced emailing "his lawyer and the lawyer's partner." I guess he means the fired Aram Simovonian. (The only thing Aram will be a partner of is his local food co-op.) Can't be a partner of a firm you're fired from, and definitely can't have a lawyer whose career you've upended.*

*28. [...] David has always been envious of me, though. Social life, sex life, or standing amongst friends- Plaintiff has what David's fortune could never buy him- inner peace, happiness, and insatiable likeability. David doesn't have friends. He's pissed off everyone who has even known him. (His poor kids, though, they're the ones who will suffer most from his toxicity.)*

*30. Fortunately, the truth will always prevail. Even in the Third World Kangaroo Criminal Justice System of Ontario Canada. But especially in the United States*

20.    In my opinion, a review of Brent's "pleading" reveals two things: (i) his hatred towards me; and (ii) his hatred towards the Ontario (and perhaps Canadian) justice system (or as Brent call it, the "Kangaroo Courts"). It is my further opinion, and I do verily believe that Brent is driven by hatred, and perhaps, mental illness: he is immune from financial constraints, does not comply with Court Orders, and appears to be completely ungovernable, as he can proceed with his campaign, untouched, from a computer in his home State of California.

21.    The Toronto Police, the MAG, LawPro (on behalf of my lawyer, Scalzi Caplan LLP, Gary Caplan and Carmine Scalzi), brought motions to strike Brent's action. These motions were heard

on January 27, 2025, before Justice Akazaki. Brent's claims against these parties were struck and he was ordered to pay costs as follows: (i) $4,000 to Scalzi Caplan; (ii) $5,000 to the Toronto Police; and (iii) $1,000 to the MAG. To date, Brent has not paid these costs. Attached and marked as **Exhibit "H"** is a copy of Justice Akazaki's Endorsement.

22.    At the end of March 2025, Dahlia and I brought a motion to strike Brent's Action against us, on proper notice to Brent. The motion was scheduled before Justice Parghi, on March 26, 2025, and was made returnable on August 6, 2025. Attached and marked as **Exhibit "I"** is a copy of Justice Parghi's Endorsement.

23.    Brent did not attend at the return of the motion on August 6, 2025, and, true to his habit in David's Action, on July 31, 2025, advised my lawyer, by e-mail, that he will not be in attendance. Attached and marked as **Exhibit "J"** are various e-mails between my lawyer and Brent.

24.    On August 6, 2025, Dahlia and I obtained an Order, granted by the Honourable Madam Justice Papageorgiou, striking Brent's action against us, and prohibiting Brent from filing any further litigation against us in Ontario without leave of the Court. We were also awarded full costs. Here are a few excerpts from Justice Papageorgiou's Endorsement:

> "*I am satisfied that considering the whole history of this matter, this claim should be struck as frivolous, vexatious and an abuse of process as against David and Dahlia. Further, the plaintiff [Brent], should be restrained from bringing any further proceedings against these defendants without leave of the court.*"

> "*This action has many of the hallmarks of a vexatious proceeding. It contains a number of methods of emphasis including italics, bolding and capital letters: Gao v. Ontario WSIB, 2014 ONSC 6497.*"

> "*It contains rambling discourse, repetition, and rhetorical questions. It is an angry diatribe against David.*"

> "*This action is primarily a response to David's Action and the claim that Brent sent the texts referenced in David's Action and essentially sets out his defence which is that he did not do this and a counterclaim which involves claims that David has*

*brought his claim to harass and intimidate him, as well as pleadings against others who have assisted David including his lawyers and/or police who have investigated David's complaints and who made arrest warrants against him for criminal harassment and uttering death threats should he ever come to Canada."*

*"The language used, animus displayed, and irrelevant statements made also support the conclusion that this is a vexatious proceeding."*

*"In addition to this proceeding, Brent commenced a mirror action in the U.S.A. in the District of Columbia. This subsequent action in the U.S.A. is characteristic of multifarious proceedings brought for purposes other than the assertion of legitimate right. I note that in the U.S. claim, Brent pleads that the texts received by David were phone numbers that have a great likeness to Justin Trudeau's number."*

*"Notably, Brent was also found to be a vexatious litigant in the State of Nevada and State of California. As such, even though he resides in California, he commenced the U.S. proceeding in the District of Columbia, a state in which he does not reside."*

*"On January 17, 2025, in David's Action, Justice Akbarali, by way of her Endorsement, found that Brent Kideckel "has made choices designed to increase [David Kideckel's] costs and delay the progress of [David's Action]. In my view a modest costs award is appropriate to make clear to [Brent Kideckel] that behavior designed to frustrate the process of the Court will not be tolerated." Justice Akbarali ordered that Brent pay David costs of $2,500 forthwith."*

*"In making this award, Akbarali J. found that there was a recent communication from Brent advising David's counsel that he would not be attending to be cross-examined on his affidavit filed on the motion to set aside the default judgment, notwithstanding that the date had been set. She was concerned that Brent was abusing the processes of the court."*

> "*In all the circumstances it is clear that the action cannot succeed and has bene brought for an improper purpose including harassment of David and Dahlia*."

Attached and marked as **Exhibit "K"** are copies of Justice Papageorgiou's Endorsement and Order.

**BRENT'S SECOND ATTACK: 1:24-cv-02907 ("BRENT'S USA ACTION")**

25.     It was not enough for Brent to sue me in Ontario only: on October 15, 2024, Brent commenced an action against me, my wife, my lawyer, other members of the Bar, including my lawyers' LawPro counsel, Doug Downey, the Province of Ontario, and the City of Toronto, in the District of Columbia, U.S.A. Attached and marked as **Exhibit "L"** is a copy of Brent's pleading in this U.S.A. Action.

26.     Of particular note, Brent commenced his USA Action in D.C., and not in the state of California (where he resides) because he is deemed a "vexatious litigant" in California, and is banned from starting claims in California without leave of the Court. Attached and marked as **Exhibit "M"** is a copy of the California Order.

27.     On August 12, 2025, Justice Carl J. Nichols of the United States District Court of Columbia made an Order, against Brent, and made the following findings:

> "*Plaintiff Brent Kideckel is a serial plaintiff who has been listed as a vexatious litigant in multiple states. In this frivolous suit, he has filed 32 motions in less than a year. For the reasons that follow, the Court will grant each of the three motions to dismiss filed by Defendants and deny all of Kideckel's motions. The Court will also order Kideckel to show cause as to why his patently meritless motions do not constitute vexatious harassment under Rule 11(b).*"

> "*Kideckel is Canadian, but has been "permanently domicil[ed]" in the United States since 2012. As presently relevant, his Complaint asserts sixteen counts against five main defendants: his brother David Kideckel, David's wife Dahlia Saibil, David's lawyer Aram Simovonian, the City of Toronto, and a Toronto police detective named David J.N. Wilson.*"

"*The factual allegations are difficult to follow; his bedrock claim seems to be that David was "sending messages purporting to be from Plaintiff in an elaborate, albeit criminal, and ill-thought out plot of misappropriation and defamation.". Indeed, he alleges that David" started sending himself threats of bodily harm" as though they had come from Plaintiff. David, perhaps not surprisingly, asserts that the Plaintiff himself was the one sending the harassing and threatening messages.*"

"*David acted on that belief in January 2024 when he secured a warrant for Plaintiff's arrest—one apparently conveyed to Plaintiff via a phone call from Detective Wilson. The next month, David sued Plaintiff in Ontario regarding the alleged harassing messages. Plaintiff responded to that lawsuit with one of his own, also filed in Ontario, against David and David's lawyer Simovonian. Id. Six months later, Plaintiff filed this suit. The sixteen counts he alleges include false imprisonment, intrusion upon seclusion, defamation, malicious prosecution, fraud, complicity, negligence, negligent hiring (presumably of Detective Wilson—the complaint does not specify), aiding and abetting, and abuse of process. For relief, he requests $75,000 against David, Saibil, and the Government Defendants; $2,000 from Simovian; punitive damages against David and Saibil; and a public apology "in the newspapers of record for Canada and the United States (Toronto Star, and New York Times, respectively)" printed as a "1/8 page broad sheet in the Sunday Editions.*"

"*At the start of this litigation, three private parties and the United States Citizenship and Immigration Services were also Defendants. By this point, each has been terminated from the case.*"

"*Plaintiff's Ontario suit was resolved, in David's favor, on July 25, 2025.*"

"*It is apparent that Plaintiff fails to adequately plead the merits any of his claims.*"

"*For the foregoing reasons, it is ORDERED that each Motion to Dismiss—ECF 25, 48, and 94—is GRANTED. It is FURTHER ORDERED that Plaintiffs' various*"

*sanction/disqualification motions and related motions to compel—ECF 52, 96, 116, 117, 122, 131, 132, and 144—are all DENIED. All of Plaintiff's remaining motions— ECF 12, 13, 14, 19, 20, 39, 53, 54, 57, 59, 60, 62, 63, 66, 69, 78, 80, 81, 97, 103, and 134—are DENIED as moot."*

*"That, however, is not enough. Plaintiff [Brent] has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year, they present exactly the kinds of "baseless filings… not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings" that Rule 11 is designed to neutralize."*

Attached and marked as **Exhibit "N"** is a copy of the Order.

28.    I make this affidavit to oppose Brent's motion, and for no other or improper purpose.

Sworn before me by David Michael Kideckel )
of the City of Toronto on September 18, )
2025 pursuant to O.Reg. 431/20. )
 )
 )
_____ )    *David Michael Kideckel*
Commission for taking Affidavits )    _____
 David Michael Kideckel

Aram Simovonian

THIS IS EXHIBIT "A" TO THE AFFIDAVIT OF DAVID MICHAEL KIDECKEL,
SWORN TODAY, SEPTEMBER 18, 2025

_____

A commissioner etc.

# EXHIBIT "I"



Home    About    Team ∨    Expertise ∨

Publications

# Sharon Chow

## Junior Associate

Home | Team | Sharon Chow
Home | Team | Sharon Chow

Accept

Ecf152exhibits.pdf



Home    About    Team ⌄    Expertise ⌄

Publications



## Contact

📱  647-343-1436

✉  schow@limalaw.ca

in  Sharon Chow

vCard 🪪

« Back to Team

« Back to Team

Dedicated
Lawyers
Delivering

Accept

# EXHIBIT "J"

 

# Paralegal Contact Information

## Sharon Tze Fung Chow

**Assumed Name**

**Law Society Number**

P15616

**Class of Licence**

Paralegal (P1)

**Status**

Not Providing Legal Services

**Trusteeships**

None

**Current Practice Restrictions**

None

**Current Regulatory Proceedings**

None

**Regulatory History**

None

# EXHIBIT "K"

Ecf152exhibits.pdf



📱 647-254-2513          ✉ info@limalaw.ca



Home    About    Team ▾

Expertise ▾    Publications

Contact Us  

# Kimberley de Jaray

### Junior Associate

Home | Team | Kimberley de Jaray

Home | Team | Kimberley de Jaray

This website uses cookies and third party services.          Accept

# EXHIBIT "L"



# Paralegal Contact Information

## Kimberley-Ann Elizabeth De Jaray

**Assumed Name**

Kimberley de Jaray

**Law Society Number**

P14104

**Class of Licence**

Paralegal (P1)

**Status**

Licence Surrendered - Administrative
Surrender of Licence

**Area(s) of Law/Legal Services**

Small Claims Court matters| Ontario Court of
Justice Provincial Offences Act matters|
Ontario Court of Justice – Summary
Conviction Offences

**Trusteeships**

None

**Current Practice Restrictions**

None

**Current Regulatory Proceedings**

None

**Regulatory History**

None