APPEAL,CLOSED,E–NTC,JURY,PROSE–NP,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–02907–CJN</u>

| | |
|---|---|
| KIDECKEL v. FOREIGN NATION OF CANADA et al | Date Filed: 10/15/2024 |
| Assigned to: Judge Carl J. Nichols | Date Terminated: 08/12/2025 |
| Cause: 28:1605A Foreign Sovereign Immunities Act | Jury Demand: Plaintiff |
| | Nature of Suit: 370 Other Fraud |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**BRENT KIDECKEL**                    represented by    **BRENT KIDECKEL**
P.O. BOX 20901
Floral Park, NY 11002
917–634–0637
Email: Brentkideckel@gmail.com
PRO SE

V.

**<u>Defendant</u>**

**FOREIGN NATION OF CANADA**

**<u>Defendant</u>**

**DOUG DOWNEY**
*Attorney General of Ontario*

**<u>Defendant</u>**

**PROVINCE OF ONTARIO CANADA**

**<u>Defendant</u>**

**CITY OF TORONTO CANADA**            represented by    **Christopher D. Barraza**
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
212–415–9200
Email: Barraza.Christopher@dorsey.com
*TERMINATED: 04/17/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natalia Marte**
601 Pennsylvania Avenue NW
South Building
Suite 900
Washington, DC 20004
202–617–2700

1

Email: nmarte@phillipslytle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID J.N. WILSON**                  represented by   **Christopher D. Barraza**
(See above for address)
*TERMINATED: 04/17/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natalia Marte**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID KIDECKEL**                     represented by   **Jeffrey D. Robinson**
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1050 K Street, N.W.
Suite 400
Washington, DC 20001
202–833–8900
Email: jeffrey.robinson@lbkmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAHLIA SAIBIL**                      represented by   **Jeffrey D. Robinson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ARAM SIMOVONIAN**                    represented by   **George Bradley Breen**
EPSTEIN, BECKER & GREEN, P.C
1227 25th Street, N.W.
Suite 7th Floor
Washington, DC 20037
202–861–1823
Fax: 202–861–3523
Email: gbreen@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Robinson**
(See above for address)
*TERMINATED: 03/25/2025*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Elizabeth Harris**
EPSTEIN BECKER & GREEN, PC
1227 25th St NW
Ste 700
Washington, DC 20037
202–861–0900
Fax: 202–296–2882
Email: eharris@ebglaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GARY CAPLAN**
*TERMINATED: 12/08/2024*

**Defendant**

**IAN SINKE**
*TERMINATED: 12/08/2024*

**Defendant**

**JOHN DOE 1–15**

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** *USCIS* *TERMINATED: 02/18/2025* | represented by | **Kristen J. Rees** DOJ–USAO 601 D Street, NW Washinton, DC 20530 (956) 706–6897 Email: kristen.rees@usdoj.gov *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2024 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405, receipt number 208346) with Jury Demand filed by BRENT KIDECKEL. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(zdp) (Entered: 10/16/2024) |
| 10/15/2024 | | Summons (11) Issued as to GARY CAPLAN, CITY OF TORONTO CANADA, DOUG DOWNEY, FOREIGN NATION OF CANADA, JOHN DOE 1–15, DAVID KIDECKEL, PROVINCE OF ONTARIO CANADA, DAHLIA SAIBIL, ARAM SIMOVONIAN, IAN SINKE, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DAVID J.N. WILSON. (zdp) (Entered: 10/16/2024) |
| 10/15/2024 | 2 | NEW Pro Se Consent To Receive Notices of Electronic Filing by BRENT KIDECKEL (zdp) (Entered: 10/16/2024) |
| 11/15/2024 | 3 | AFFIDAVIT REQUESTING FOREIGN MAILING as to FOREIGN NATION OF CANADA and PROVINCE OF ONTARIO CANADA by BRENT KIDECKEL. (zdp) (Entered: 11/15/2024) |

| 11/15/2024 | 4 | Summons (2) Issued as to FOREIGN NATION OF CANADA, PROVINCE OF ONTARIO CANADA. (Attachments: # 1 Notice and Consent)(zdp) (Entered: 11/15/2024) |
|---|---|---|
| 11/15/2024 | 5 | REQUEST from BRENT KIDECKEL for the Clerk to dispatch for mailing one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3). (See docket entry 3 to view to document) (zdp) (Entered: 11/15/2024) |
| 11/15/2024 | 6 | CERTIFICATE OF CLERK dispatching one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state on 11/15/2024, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3). (Attachments: # 1 Waybill) (zdp) (Entered: 11/15/2024) |
| 12/08/2024 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID KIDECKEL served on 12/8/2024, answer due 12/29/2024 (zdp) Modified docket text on 12/13/2024 (zdp). (Entered: 12/10/2024) |
| 12/08/2024 | 8 | AFFIDAVIT FOR DEFAULT by BRENT KIDECKEL. (zdp) (Entered: 12/10/2024) |
| 12/08/2024 | 10 | NOTICE OF Partial Dismissal of Defendants Ian Sinke and Gary Caplan by BRENT KIDECKEL (zdp) (Entered: 12/12/2024) |
| 12/08/2024 | 11 | WITHDRAWN PURSUANT TO NOTICE FILED 2/18/2025.....Ex Parte, MOTION for Leave to Serve Defendant Aram Simovonian by BRENT KIDECKEL. (zdp) Modified on 2/19/2025 (zdp). (Entered: 12/12/2024) |
| 12/08/2024 | 12 | REQUEST FOR SUBPOENAS TO ISSUE. (zdp) (Entered: 12/13/2024) |
| 12/10/2024 | 9 | MILITARY AFFIDAVIT re 8 Affidavit for Default by BRENT KIDECKEL. (zdp) (Entered: 12/12/2024) |
| 12/13/2024 | 13 | MOTION for Entry of Default by BRENT KIDECKEL. (zdp) (Entered: 12/16/2024) |
| 12/13/2024 | 14 | Ex Parte, MOTION for Leave to Serve by BRENT KIDECKEL. (zdp) (Entered: 12/16/2024) |
| 12/13/2024 | 15 | AFFIDAVIT REQUESTING FOREIGN MAILING by BRENT KIDECKEL. (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | | SUMMONS (1) REISSUED as to DAVID J.N. WILSON (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | 16 | REQUEST from BRENT KIDECKEL for the Clerk to effect service of one copy of the summons and complaint, together with a translation of each into the official language of the foreign state, by FED EX to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(b)(3)(B). (See docket entry 15 to view document) (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | 17 | CERTIFICATE OF CLERK dispatching one copy of the summons and complaint, together with a translation of each into the official language of the foreign state on 12/16/2024, by FED EX to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(b)(3)(B). (Attachments: # 1 Waybill) (zdp) (Entered: 12/16/2024) |

| 12/16/2024 | 18 | MOTION to Dismiss by UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. (Rees, Kristen) (Entered: 12/16/2024) |
|---|---|---|
| 12/19/2024 | 19 | Ex Parte, MOTION to Amend/Correct 11 MOTION for Leave to File by BRENT KIDECKEL. (zdp) (Entered: 12/20/2024) |
| 12/19/2024 | 20 | Ex Parte, MOTION to Amend/Correct 14 MOTION for Leave to File by BRENT KIDECKEL. (zdp) (Entered: 12/20/2024) |
| 12/20/2024 | 21 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID KIDECKEL served on 10/18/2024, answer due 11/8/2024 (zdp) (Entered: 12/23/2024) |
| 12/23/2024 | 22 | ENTERED IN ERROR.....Memorandum in opposition to re 13 Motion for Entry of Default filed by DAVID KIDECKEL. (Attachments: # 1 Declaration Declaration of David Kideckel in Support of his Opposition to Plaintiff's Motion for Entry of Default)(Lewis, Eric) Modified on 12/26/2024 (zdp). (Entered: 12/23/2024) |
| 12/26/2024 | | NOTICE OF ERROR regarding 22 Memorandum in Opposition,. The following error(s) need correction: Invalid attorney signature– signature on document must match PACER login. Please refile. (zdp) (Entered: 12/26/2024) |
| 12/26/2024 | 23 | Memorandum in opposition to re 13 Motion for Entry of Default filed by DAVID KIDECKEL. (Attachments: # 1 Declaration Declaration of David Kideckel in Support of his Opposition to Plaintiff's Motion for Entry of Default)(Robinson, Jeffrey) (Entered: 12/26/2024) |
| 01/09/2025 | 24 | NOTICE of Appearance by Christopher D. Barraza on behalf of CITY OF TORONTO CANADA, DAVID J.N. WILSON (Barraza, Christopher) (Entered: 01/09/2025) |
| 01/09/2025 | 25 | MOTION to Dismiss by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Barraza, Christopher) (Entered: 01/09/2025) |
| 01/10/2025 | 26 | WITHDRAWN PURSUAMT TO NOTICE FILED ON 6/18/2025.....Ex Parte, MOTION to Appoint Counsel by BRENT KIDECKEL. (zdp) Modified on 6/20/2025 (zdp). (Entered: 01/14/2025) |
| 01/11/2025 | 28 | Memorandum in opposition to re 25 Motion to Dismiss filed by BRENT KIDECKEL. (zdp) (Entered: 01/14/2025) |
| 01/11/2025 | 29 | REPLY to opposition to motion re 13 Motion for Entry of Default filed by BRENT KIDECKEL. (zdp) (Entered: 01/14/2025) |
| 01/11/2025 | 30 | SUPPLEMENTAL MEMORANDUM to re 29 Reply to opposition to Motion filed by BRENT KIDECKEL. (zdp) (Entered: 01/14/2025) |
| 01/13/2025 | 31 | AFFIDAVIT REQUESTING FOREIGN MAILING under FRCP 4(f)(2)(C)(ii) by BRENT KIDECKEL. (Attachments: # 1 Letter)(mg) (Entered: 01/16/2025) |
| 01/13/2025 | 34 | AFFIDAVIT REQUESTING FOREIGN MAILING under FRCP 4(f)(2)(C)(ii) by BRENT KIDECKEL. (Attachments: # 1 Letter)(mg) (Attachment 1 replaced on 1/16/2025) (mg). (Entered: 01/16/2025) |
| 01/14/2025 | 27 | SUMMONS (2) ReIssued Electronically as to DAHLIA SAIBIL, ARAM SIMOVONIAN. (Attachments: # 1 Summons, # 2 Notice and Consent)(zdp) (Entered: 01/14/2025) |

| 01/16/2025 | 32 | REQUEST for the Clerk from Plaintiff to dispatch for mailing one copy of the summons and complaint upon ARAM SIMOVONIAN by FedEx, pursuant to FRCP 4(f)(2)(C)(ii). (See docket entry 31 to view document). (mg) (Entered: 01/16/2025) |
| 01/16/2025 | 33 | CERTIFICATE OF CLERK dispatching one copy of the summons and complaint on 1/16/2025 upon ARAM SIMOVONIAN by FedEx pursuant to FRCP 4(f)(2)(C)(ii). (Attachments: # 1 Waybill) (mg) (Entered: 01/16/2025) |
| 01/16/2025 | 35 | WITHDRAWN PURSUANT TO NOTICE FILED 1/24/2025.....REQUEST for the Clerk from Plaintiff to dispatch for mailing one copy of the summons and complaint upon DAHLIA SAIBIL by FedEx, pursuant to FRCP 4(f)(2)(C)(ii). (See docket entry 34 to view document). (mg) Modified on 1/27/2025 (zdp). (Entered: 01/16/2025) |
| 01/16/2025 | 36 | CERTIFICATE OF CLERK dispatching one copy of the summons and complaint on 1/16/2025 upon DAHLIA SAIBIL by FedEx pursuant to FRCP 4(f)(2)(C)(ii). (Attachments: # 1 Waybill) (mg) (Entered: 01/16/2025) |
| 01/18/2025 | 38 | NOTICE OF INTENT TO OPPOSE re 18 MOTION to Dismiss by BRENT KIDECKEL (zdp) Modified docket text on 1/23/2025 (zdp). (Entered: 01/22/2025) |
| 01/21/2025 | 37 | REPLY to opposition to motion re 18 Motion to Dismiss filed by UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. (Rees, Kristen) (Entered: 01/21/2025) |
| 01/21/2025 | 39 | MOTION for Default Judgment as to DAVID KIDECKEL, MOTION for Summary Judgment by BRENT KIDECKEL. (zdp) (Entered: 01/22/2025) |
| 01/23/2025 | 40 | RESPONSE re 39 MOTION for Default Judgment as to MOTION for Summary Judgment filed by DAVID KIDECKEL. (Robinson, Jeffrey) (Entered: 01/23/2025) |
| 01/23/2025 | 41 | WAIVER OF SERVICE. DAHLIA SAIBIL waiver sent on 1/16/2025, answer due 4/16/2025. (zdp) (Entered: 01/23/2025) |
| 01/24/2025 | 42 | NOTICE OF WITHDRAWAL OF REQUEST by BRENT KIDECKEL re 35 Request–FRCP 4(f)(2)(C)(ii) – DHL (zdp) (Entered: 01/27/2025) |
| 02/05/2025 | 43 | NOTICE of Partial Dismissal of Defendants Canada, Downey and Ontario by BRENT KIDECKEL. (zdp) (Entered: 02/05/2025) |
| 02/18/2025 | 44 | NOTICE OF WITHDRAWAL OF MOTION by BRENT KIDECKEL re 11 MOTION for Leave to File (zdp) (Entered: 02/19/2025) |
| 02/18/2025 | 45 | NOTICE of Voluntary Partial Dismissal of USCIS by BRENT KIDECKEL. (zdp) (Entered: 02/19/2025) |
| 02/23/2025 | 46 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ARAM SIMOVONIAN served on 2/23/2025, answer due 3/16/2025 (zdp) (Entered: 02/26/2025) |
| 03/08/2025 | 47 | NOTICE Seeking Clarification by BRENT KIDECKEL (zdp) (Entered: 03/10/2025) |
| 03/10/2025 | 48 | MOTION to Dismiss by DAVID KIDECKEL, ARAM SIMOVONIAN. (Attachments: # 1 Memorandum in Support Memorandum of Points and Authorities in Support of Aram Simovonian's Motion to Dismiss, # 2 Exhibit Aram Simovonian's Motion to Dismiss, # 3 Exhibit Canadian Case Law)(Robinson, Jeffrey) (Entered: 03/10/2025) |

| 03/10/2025 | 49 | NOTICE *Praecipe Regarding Aram Simovonian's Motion to Dismiss* by ARAM SIMOVONIAN re 48 Motion to Dismiss, (Robinson, Jeffrey) (Entered: 03/10/2025) |
|---|---|---|
| 03/11/2025 | 50 | NOTICE Seeking Clarification by BRENT KIDECKEL (zdp) (Entered: 03/12/2025) |
| 03/11/2025 | 51 | NOTICE of Intent to Oppose re 48 MOTION to Dismiss by BRENT KIDECKEL (zdp) Modified docket text on 3/14/2025 (zdp). (Entered: 03/12/2025) |
| 03/11/2025 | 52 | Emergency MOTION to Disqualify Opposing Counsel by BRENT KIDECKEL. (zdp) Modified docket text on 3/12/2025 (zdp). (Entered: 03/12/2025) |
| 03/13/2025 | 53 | MOTION to Strike 48 MOTION to Dismiss by BRENT KIDECKEL. (zdp) (Entered: 03/14/2025) |
| 03/14/2025 | 54 | MOTION to Amend/Correct Case Caption by BRENT KIDECKEL. (zdp) Modified docket text on 3/14/2025 (zdp). (Entered: 03/14/2025) |
| 03/14/2025 | 55 | RESPONSE re 47 Notice (Other) *to Plaintiff's Notice Seeking Clarification of Defendant Aram Simovonian's Law Firm Affiliation* filed by ARAM SIMOVONIAN. (Robinson, Jeffrey) (Entered: 03/14/2025) |
| 03/14/2025 | 57 | REQUEST FOR SUBPOENAS TO ISSUE by BRENT KIDECKEL. (Attachment: # 1 Subpoena)(zsl) (Entered: 03/18/2025) |
| 03/17/2025 | 56 | NOTICE of Appearance by Natalia Marte on behalf of CITY OF TORONTO CANADA, DAVID J.N. WILSON (Marte, Natalia) (Entered: 03/17/2025) |
| 03/17/2025 | 59 | MOTION Declaratory Relief by BRENT KIDECKEL. (zdp) (Entered: 03/20/2025) |
| 03/18/2025 | 60 | MOTION to Take Judicial Notice by BRENT KIDECKEL. (zdp) (Entered: 03/20/2025) |
| 03/18/2025 | 61 | NOTICE of Attempt to Confer by BRENT KIDECKEL (zdp) (Entered: 03/20/2025) |
| 03/19/2025 | 58 | RESPONSE re 50 Notice (Other) *Response to Plaintiff's Notice Seeking Clarification on Prefix of David Michael Kideckel* filed by DAVID KIDECKEL. (Robinson, Jeffrey) (Entered: 03/19/2025) |
| 03/19/2025 | 62 | Ex Parte, MOTION for CM/ECF Password by BRENT KIDECKEL. (zdp) (Entered: 03/20/2025) |
| 03/21/2025 | 63 | MOTION to Compel by BRENT KIDECKEL. (zdp) (Entered: 03/24/2025) |
| 03/22/2025 | 64 | SUPPLEMENTAL MEMORANDUM to re 28 Memorandum in Opposition filed by BRENT KIDECKEL. (zdp) (Entered: 03/24/2025) |
| 03/24/2025 | 65 | NOTICE OF Emergency Filing by BRENT KIDECKEL (zdp) (Entered: 03/24/2025) |
| 03/24/2025 | 66 | EMERGENCY MOTION for Temporary Restraining Order, MOTION for Hearing, MOTION for Discovery by BRENT KIDECKEL. (zdp) (Entered: 03/24/2025) |
| 03/24/2025 | 69 | Cross MOTION for Leave to File Supplement Complaint by BRENT KIDECKEL. (Attachments: # 1 Exhibit)(zdp) (Entered: 03/26/2025) |
| 03/24/2025 | 70 | Memorandum in opposition to re 48 Motion to Dismiss, filed by BRENT KIDECKEL. (See docket entry 69 to view document) (zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 67 | NOTICE OF SUBSTITUTION OF COUNSEL by George Bradley Breen on behalf of ARAM SIMOVONIAN Substituting for attorney Jeffrey D. Robinson (Breen, |

| | | George) (Entered: 03/25/2025) |
|---|---|---|
| 03/25/2025 | 68 | Memorandum in opposition to re 52 Motion to Disqualify Counsel *David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Declaration Declaration of Jeffrey D. Robinson, # 2 Declaration Declaration of Aram Simovonian)(Robinson, Jeffrey) (Entered: 03/25/2025) |
| 03/25/2025 | 71 | SUPPLEMENTAL MEMORANDUM to re 28 Memorandum in Opposition filed by BRENT KIDECKEL. (zdp) (Entered: 03/26/2025) |
| 03/26/2025 | 72 | Plaintiff STATUS REPORT by BRENT KIDECKEL. (zdp) (Entered: 03/26/2025) |
| 03/27/2025 | 73 | Memorandum in opposition to re 53 Motion to Strike filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 03/27/2025) |
| 03/27/2025 | 76 | REPLY to opposition to motion re 52 Motion to Disqualify Counsel filed by BRENT KIDECKEL. (zdp) (Entered: 03/28/2025) |
| 03/28/2025 | 74 | RESPONSE re 60 MOTION to Take Judicial Notice *Opposition to Motion* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 03/28/2025) |
| 03/28/2025 | 75 | RESPONSE re 59 MOTION Declaratory Relief *Opposition to Motion* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 03/28/2025) |
| 03/28/2025 | 77 | NOTICE Regarding Ethical Certification by BRENT KIDECKEL (zdp) (Entered: 03/28/2025) |
| 03/31/2025 | 78 | MOTION to Hold in Abeyance re 66 MOTION for Temporary Restraining Order MOTION for Hearing MOTION for Discovery by BRENT KIDECKEL. (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 79 | NOTICE of Non–Opposition by BRENT KIDECKEL re 54 Motion to Amend/Correct (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 80 | MOTION for Order for Resolution re 52 Emergency MOTION to Disqualify Opposing Counsel by BRENT KIDECKEL. (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 81 | MOTION for Discovery by BRENT KIDECKEL. (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 82 | REPLY to opposition to motion re 69 Motion for Leave to File *70 Memorandum in Opposition to Motion to Dismiss* filed by ARAM SIMOVONIAN. (Attachments: # 1 Exhibit A)(Breen, George) (Entered: 03/31/2025) |
| 04/01/2025 | 83 | REPLY to opposition to motion re 25 Motion to Dismiss *Reply to Plaintiff's Opposition* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 04/01/2025) |
| 04/01/2025 | 84 | NOTICE *of Joinder in Toronto Defendants' Opposition to Plaintiff's Motion for Declaratory Relief* by ARAM SIMOVONIAN re 75 Response to motion (Breen, George) (Entered: 04/01/2025) |
| 04/04/2025 | 85 | |

| | | Memorandum in opposition to re 63 Motion to Compel *David Kideckel's Opposition to Plaintiff's Motion to Compel Consistent, Accurate, and Legally Recognizable Party Identification in Pleadings and Filings for David Michael Kideckel* filed by DAVID KIDECKEL. (Robinson, Jeffrey) (Entered: 04/04/2025) |
|---|---|---|
| 04/04/2025 | 86 | NOTICE *of Joinder in Defendant David Kideckels Opposition to Plaintiffs Motion to Compel Consistent, Accurate, and Legally Recognizable Party Identification in Pleadings and Filings for David Michael Kideckel* by ARAM SIMOVONIAN re 85 Memorandum in Opposition, (Breen, George) (Entered: 04/04/2025) |
| 04/07/2025 | 87 | Memorandum in opposition to re 66 Motion for TRO, Motion for Hearing, Motion for Discovery *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 04/07/2025) |
| 04/07/2025 | 88 | Memorandum in opposition to re 66 Motion for TRO, Motion for Hearing, Motion for Discovery filed by ARAM SIMOVONIAN. (Breen, George) (Entered: 04/07/2025) |
| 04/08/2025 | 89 | NOTICE OF Ongoing Prejudice by BRENT KIDECKEL (zdp) (Entered: 04/08/2025) |
| 04/08/2025 | 90 | REPLY to opposition to motion re 66 Motion for TRO, Motion for Hearing, Motion for Discovery filed by BRENT KIDECKEL. (zdp) (Entered: 04/08/2025) |
| 04/11/2025 | 91 | RESPONSE re 77 Notice (Other) filed by ARAM SIMOVONIAN. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Declaration of George B. Breen in Support)(Breen, George) (Entered: 04/11/2025) |
| 04/14/2025 | 92 | Memorandum in opposition to re 81 Motion for Discovery *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Motion for Targeted Discovery Into Fraudulent Declarations and MTD Exhibits* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 04/14/2025) |
| 04/14/2025 | 93 | Memorandum in opposition to re 81 Motion for Discovery filed by ARAM SIMOVONIAN. (Breen, George) (Entered: 04/14/2025) |
| 04/16/2025 | 94 | MOTION to Dismiss by DAHLIA SAIBIL. (Attachments: # 1 Memorandum in Support Defendant Dahlia Saibil's Motion to Dismiss, # 2 Exhibit Canadian Case Law)(Robinson, Jeffrey) (Entered: 04/16/2025) |
| 04/17/2025 | 95 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CITY OF TORONTO CANADA, DAVID J.N. WILSON. Attorney Christopher D. Barraza terminated. (Marte, Natalia) (Entered: 04/17/2025) |
| 04/18/2025 | 96 | MOTION for Sanctions by BRENT KIDECKEL. (zdp) (Entered: 04/18/2025) |
| 04/18/2025 | 97 | MOTION to Strike 94 MOTION to Dismiss by BRENT KIDECKEL. (zdp) (Entered: 04/18/2025) |
| 04/18/2025 | 98 | SUPPLEMENTAL MEMORANDUM to re 13 MOTION for Entry of Default filed by BRENT KIDECKEL. (zdp) (Entered: 04/18/2025) |
| 04/21/2025 | 99 | REPLY to opposition to motion re 81 Motion for Discovery filed by BRENT KIDECKEL. (znmw) (Entered: 04/23/2025) |

| 04/21/2025 | 100 | STATUS REPORT by BRENT KIDECKEL. (znmw) (Entered: 04/23/2025) |
| 04/25/2025 | 101 | NOTICE OF Correction by BRENT KIDECKEL (zdp) (Entered: 04/28/2025) |
| 04/25/2025 | 102 | NOTICE OF SUPPLEMENTAL AUTHORITY to re 28 Memorandum in Opposition filed by BRENT KIDECKEL. (zdp) Modified docket text on 5/6/2025 (zdp). (Entered: 04/28/2025) |
| 04/25/2025 | 103 | MOTION for Entry of Default by BRENT KIDECKEL. (zdp) (Entered: 04/28/2025) |
| 04/29/2025 | 104 | NOTICE of Ratification and Complicity by BRENT KIDECKEL (zdp) (Entered: 04/29/2025) |
| 04/30/2025 | 108 | Memorandum in opposition to re 94 MOTION to Dismiss filed by BRENT KIDECKEL. (zdp) (Entered: 05/05/2025) |
| 05/02/2025 | 105 | Memorandum in opposition to re 96 MOTION for Sanctions, 97 MOTION to Strike 94 MOTION to Dismiss *Defendants David Kideckel and Dahlia Saibil's Consolidated Opposition to Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 and Motion to Strike the April 16, 2025 Motion to Dismiss Filed by Conflicted Counsel* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Exhibit Ex. A *Plaintiff's 4/30/2025 E–mail to Chambers*)(Robinson, Jeffrey) (Entered: 05/02/2025) |
| 05/05/2025 | 106 | NOTICE of Non–Opposition Ripeness by BRENT KIDECKEL (zdp) (Entered: 05/05/2025) |
| 05/05/2025 | 107 | SUPPLEMENTAL MEMORANDUM to re 96 MOTION for Sanctions filed by BRENT KIDECKEL. (See Docket entry 106 to view document) (zdp) (Entered: 05/05/2025) |
| 05/07/2025 | 109 | REPLY to opposition to motion re 94 Motion to Dismiss *Reply in Support of Defendant Dahlia Saibil's Motion to Dismiss* filed by DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 05/07/2025) |
| 05/09/2025 | 110 | NOTICE of Appearance by Elizabeth Harris on behalf of ARAM SIMOVONIAN (Harris, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | 111 | Memorandum in opposition to re 103 MOTION for Entry of Default filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of George B. Breen, # 3 Declaration of Aram Simovonian, # 4 Index of Exhibits, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E)(Harris, Elizabeth) (Entered: 05/09/2025) |
| 05/13/2025 | 112 | NOTICE Regarding Strategic Withdrawal of Christopher Barraza by BRENT KIDECKEL (zdp) (Entered: 05/14/2025) |
| 05/13/2025 | 113 | NOTICE Regarding May 5th NEF tag by BRENT KIDECKEL (zdp) (Entered: 05/14/2025) |
| 05/21/2025 | 114 | RESPONSE re 112 Notice (Other), 95 Notice of Withdrawal of Appearance *Toronto Defendants' Response to Plaintiff's "Notice Regarding Strategic Withdrawal of Christopher Barraza and Derelection of Duty to the Court"* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 05/21/2025) |
| 06/16/2025 | 115 | |

| | | |
|---|---|---|
| | | NOTICE Regarding May 13th Second NEF TAG by BRENT KIDECKEL (zdp) (Entered: 06/17/2025) |
| 06/16/2025 | 116 | MOTION to Disqualify Counsel, MOTION for Sanctions, MOTION to Strike 25 MOTION to Dismiss , 114 Response to Document, 95 Notice of Withdrawal of Appearance, 24 Notice of Appearance by BRENT KIDECKEL. (zdp) (Entered: 06/17/2025) |
| 06/16/2025 | 117 | MOTION to Disqualify Counsel, MOTION for Sanctions, MOTION to Strike 82 Reply to opposition to Motion, 88 Memorandum in Opposition, 84 Notice (Other), 93 Memorandum in Opposition, 73 Memorandum in Opposition, 91 Response to Document, 86 Notice (Other), 67 Substitution of Counsel by BRENT KIDECKEL. (zdp) (Entered: 06/17/2025) |
| 06/18/2025 | 118 | NOTICE OF NON Compliance by BRENT KIDECKEL (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | 119 | NOTICE OF WITHDRAWAL OF MOTION by BRENT KIDECKEL re 26 MOTION to Appoint Counsel (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | 120 | REPLY to opposition to motion re 103 Motion for Entry of Default filed by BRENT KIDECKEL. (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | 121 | NOTICE OF NON Compliance by BRENT KIDECKEL (zdp) (Entered: 06/20/2025) |
| 06/23/2025 | 122 | MOTION to Compel by BRENT KIDECKEL. (zdp) (Entered: 06/23/2025) |
| 06/25/2025 | 123 | SUPPLEMENTAL MEMORANDUM to re 122 MOTION to Compel, 116 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 25 MOTION to Dismiss , 114 Response to Document, 95 Notice of Withdrawal of Appearance, 24 Notice of Appearance filed by BRENT KIDECKEL. (zdp) (Entered: 06/26/2025) |
| 06/25/2025 | 124 | SUPPLEMENTAL MEMORANDUM to re 117 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 82 Reply to opposition to Motion, 88 Memorandum in Opposition, 84 Notice (Other), 93 Memorandum in Opposition, 73 Memorandum in Opposition, 91 Response to Document, 86 Notice (Other), 67 Substitution of Counsel filed by BRENT KIDECKEL. (zdp) (Entered: 06/26/2025) |
| 06/30/2025 | 125 | RESPONSE re 116 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 25 MOTION to Dismiss , 114 Response to Document, 95 Notice of Withdrawal of Appearance, 24 Notice of Appearance filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 06/30/2025) |
| 06/30/2025 | 126 | Memorandum in opposition to re 117 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 82 Reply to opposition to Motion, 88 Memorandum in Opposition, 84 Notice (Other), 93 Memorandum in Opposition, 73 Memorandum in Opposition, 91 Response to Document, 86 Notice (Other), 67 Substitution of Counsel filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 06/30/2025) |
| 07/02/2025 | 127 | REPLY to opposition to motion re 117 Motion to Disqualify Counsel,, Motion for Sanctions,, Motion to Strike, 116 Motion to Disqualify Counsel, Motion for Sanctions, Motion to Strike filed by BRENT KIDECKEL. (zdp) (Entered: 07/07/2025) |
| 07/07/2025 | 128 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 122 MOTION to Compel *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Motion to Compel Withdrawal of Terminated Counsel, Jeffrey Robinson, to Clarify Scope of Prior § 1927 Motion, and to Impose Trebled Sanctions for Bad–Faith Conduct* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Declaration Declaration of Jeffrey D. Robinson)(Robinson, Jeffrey) (Entered: 07/07/2025) |
| 07/09/2025 | 129 | REPLY to opposition to motion re 122 Motion to Compel filed by BRENT KIDECKEL. (zdp) (Entered: 07/09/2025) |
| 07/24/2025 | 130 | NOTICE of Submission for In Camera Review by BRENT KIDECKEL (zdp) (Entered: 07/24/2025) |
| 07/24/2025 | 131 | MOTION to Compel, MOTION for Sanctions by BRENT KIDECKEL. (zdp) (Entered: 07/25/2025) |
| 07/24/2025 | 132 | MOTION to Compel by BRENT KIDECKEL. (zdp) (Entered: 07/25/2025) |
| 07/25/2025 | 133 | NOTICE OF Emergency Motion by BRENT KIDECKEL (zdp) (Entered: 07/25/2025) |
| 07/25/2025 | 134 | EMERGENCY MOTION for Hearing, MOTION Protective Scheduling Relief by BRENT KIDECKEL. (zdp) (Entered: 07/25/2025) |
| 07/29/2025 | 135 | NOTICE OF Violation of Due Process by BRENT KIDECKEL (zdp) (Entered: 07/30/2025) |
| 07/30/2025 | 136 | NOTICE OF Adoption by BRENT KIDECKEL (zdp) (Entered: 07/30/2025) |
| 07/31/2025 | 137 | NOTICE OF WIREFRAUD by BRENT KIDECKEL (zdp) (Entered: 08/04/2025) |
| 08/07/2025 | 138 | Memorandum in opposition to re 131 MOTION to Compel MOTION for Sanctions *against City of Toronto and David Wilson* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 08/07/2025) |
| 08/07/2025 | 139 | Memorandum in opposition to re 132 MOTION to Compel *Certification or Disavowal* filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order, # 2 Index of Exhibits, # 3 Declaration of Aram Simovonian in Support, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Declaration of George Breen in Support)(Breen, George) (Entered: 08/07/2025) |
| 08/08/2025 | 140 | Memorandum in opposition to re 134 MOTION for Hearing MOTION Protective Scheduling Relief *Defendants David Kideckel & Dahlia Saibil's Opposition to Plaintiff's Motion for Oral Argument and Protective Scheduling Relief* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 08/08/2025) |
| 08/08/2025 | 141 | NOTICE of Proposed Order by DAVID KIDECKEL, DAHLIA SAIBIL re 134 MOTION for Hearing MOTION Protective Scheduling Relief, 140 Memorandum in Opposition, (Robinson, Jeffrey) (Entered: 08/08/2025) |
| 08/08/2025 | 142 | Memorandum in opposition to re 134 MOTION for Hearing MOTION Protective Scheduling Relief filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 08/08/2025) |
| 08/08/2025 | 143 | NOTICE OF NON–CERTIFICATION by BRENT KIDECKEL (zdp) (Entered: 08/12/2025) |

| 08/11/2025 | 144 | MOTION for Sanctions by BRENT KIDECKEL. (zdp) (Entered: 08/12/2025) |
|---|---|---|
| 08/12/2025 | 145 | ORDER finding as moot 39 Motion for Default Judgment; finding as moot 39 Motion for Summary Judgment; granting 48 Motion to Dismiss; denying 52 Motion to Disqualify Counsel. ; finding as moot 53 Motion to Strike ; finding as moot 54 Motion to Amend/Correct; finding as moot 57 Request for Subpoenas to Issue ; finding as moot 59 Motion ; finding as moot 60 Motion to Take Judicial Notice; finding as moot 63 Motion to Compel; finding as moot 66 Motion for TRO; finding as moot 66 Motion for Hearing; finding as moot 66 Motion for Discovery; finding as moot 69 Motion for Leave to File; finding as moot 78 Order on Motion to Hold in Abeyance; finding as moot 80 Motion for Order; finding as moot 81 Motion for Discovery; granting 94 Motion to Dismiss; denying 96 Motion for Sanctions; finding as moot 97 Motion to Strike ; finding as moot 103 Motion for Entry of Default; denying 116 Motion to Disqualify Counsel. ; denying 116 Motion for Sanctions; denying 116 Motion to Strike ; denying 117 Motion to Disqualify Counsel. ; denying 117 Motion for Sanctions; denying 117 Motion to Strike ; denying 122 Motion to Compel; denying 131 Motion to Compel; denying 131 Motion for Sanctions; denying 132 Motion to Compel; finding as moot 134 Motion for Hearing; finding as moot 134 Motion ; denying 144 Motion for Sanctions; finding as moot 12 Request for Subpoenas to Issue ; finding as moot 13 Motion for Entry of Default; finding as moot 18 Motion to Dismiss; granting 25 Motion to Dismiss; Set/Reset Deadlines: Response to Show Cause due by 9/5/2025.. Signed by Judge Carl J. Nichols on 8/12/2025. (lccjn3) (Entered: 08/12/2025) |
| 08/25/2025 | 146 | MOTION to Alter or Amend Judgment as to 145 Order on Motion for Default Judgment, Order on Motion for Summary Judgment, Order on Motion to Dismiss, Order on Motion to Disqualify Counsel, Order on Motion to Strike, Order on Motion to Amend/Correct, Order on Request for Subpoenas to Issue, Order on Motion for Miscellaneous Relief, Order on Motion to Take Judicial Notice, Order on Motion to Compel, Order on Motion for TRO, Order on Motion for Hearing, Order on Motion for Discovery, Order on Motion for Leave to File, Order on Motion to Hold in Abeyance, Order on Motion for Order, Order on Motion for Sanctions, Order on Motion for Entry of Default by BRENT KIDECKEL. (Attachments: # 1 Memorandum in Support, # 2 Exhibits, # 3 Text of Proposed Order)(znmw) (Entered: 08/26/2025) |
| 08/25/2025 | 147 | RESPONSE TO ORDER TO SHOW CAUSE re 145 Order filed by BRENT KIDECKEL. (See Docket Entry 146 to view document). (znmw) (Entered: 08/26/2025) |
| 09/08/2025 | 148 | Memorandum in opposition to re 146 MOTION to Alter Judgment as to 145 Order on Motion for Default Judgment,,,,,,, Order on Motion for Summary Judgment,,,,,,, Order on Motion to Dismiss,,,,,,, Order on Motion to Disqualify Counsel,,,,,,, Order on Motion to Strike,,,,,,, Order on Motio *Toronto Defendants' Opposition to "Plaintiffs Combined Motion to Alter or Amend Judgment Pursuant To Rule 59(e), or in the Alternative For Relief Under Rule 60(b), With Leave to Amend Complaint, and OSC Response"* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 09/08/2025) |
| 09/08/2025 | 149 | Memorandum in opposition to re 146 MOTION to Alter Judgment as to 145 Order on Motion for Default Judgment,,,,,,, Order on Motion for Summary Judgment,,,,,,, Order on Motion to Dismiss,,,,,,, Order on Motion to Disqualify Counsel,,,,,,, Order on Motion to Strike,,,,,,, Order on Motio *Defendants David Kideckel and Dahlia* |

|  |  | *Saibil's Opposition to Plaintiff's Combined Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief Under Rule 60(b), with Leave to Amend Complaint, and OSC Response, and Cross−Motion for Attorneys' Fees* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Text of Proposed Order Proposed Order)(Robinson, Jeffrey) (Entered: 09/08/2025) |
|---|---|---|
| 09/08/2025 | 150 | Memorandum in opposition to re 146 MOTION to Alter Judgment as to 145 Order on Motion for Default Judgment,,,,,,, Order on Motion for Summary Judgment,,,,,,, Order on Motion to Dismiss,,,,,,, Order on Motion to Disqualify Counsel,,,,,,, Order on Motion to Strike,,,,,,, Order on Motio filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 09/08/2025) |
| 09/14/2025 | 151 | REPLY to opposition to motion re 146 Motion to Alter Judgment filed by BRENT KIDECKEL. (znmw) (Entered: 09/15/2025) |
| 10/30/2025 | 152 | NOTICE OF SUPPLEMENTAL AUTHORITY by BRENT KIDECKEL (Attachments: # 1 Exhibits)(znmw) (Entered: 10/31/2025) |
| 11/04/2025 | 153 | MOTION for Leave to File by BRENT KIDECKEL. (znmw) (Entered: 11/05/2025) |
| 11/05/2025 | 154 | NOTICE *of Supplemental Facts* by DAVID KIDECKEL, DAHLIA SAIBIL (Attachments: # 1 Exhibit 11/2/2025 E−mail)(Robinson, Jeffrey) (Entered: 11/05/2025) |
| 11/05/2025 | 155 | NOTICE to the Court by BRENT KIDECKEL re 154 Notice (Other), 149 Memorandum in Opposition. (znmw) (Entered: 11/06/2025) |
| 11/21/2025 | 156 | NOTICE of Disclaimed Representation by BRENT KIDECKEL (znmw) (Entered: 11/24/2025) |
| 01/16/2026 | 157 | MEMORANDUM OPINION. Signed by Judge Carl J. Nichols on 01/16/2026. (lccjn3) (Entered: 01/16/2026) |
| 01/16/2026 | 158 | ORDER denying 146 Motion to Alter Judgment, dismissing 153 Motion for Leave to File as moot, and ordering sanctions under Fed. R. Civ. P. 11. Signed by Judge Carl J. Nichols on 01/16/2026. (lccjn3) (Entered: 01/16/2026) |
| 01/18/2026 | 159 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 158 Order on Motion to Alter Judgment, Order on Motion for Leave to File, 145 Order on Motion for Default Judgment, Order on Motion for Summary Judgment, Order on Motion to Dismiss, Order on Motion to Disqualify Counsel, Order on Motion to Strike, Order on Motion to Amend/Correct, Order on Request for Subpoenas to Issue, Order on Motion for Miscellaneous Relief, Order on Motion to Take Judicial Notice, Order on Motion to Compel, Order on Motion for TRO, Order on Motion for Hearing, Order on Motion for Discovery, Order on Motion for Leave to File, Order on Motion to Hold in Abeyance, Order on Motion for Order, Order on Motion for Sanctions, Order on Motion for Entry of Default, 157 Memorandum & Opinion by BRENT KIDECKEL. Fee Status: No Fee Paid. Parties have been notified. (znmw) (Entered: 01/20/2026) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

        Plaintiff,

   V.


THE FOREIGN NATION OF CANADA, et al.

        Defendants.

**CASE NO.:    1:24-cv-02907-CJN**

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Brent Kideckel, proceeding pro se, appeals to the United States Court of Appeals for the District of Columbia Circuit from:

1. the Memorandum Opinion and Order entered January 16, 2026, denying Plaintiff's motion under Federal Rules of Civil Procedure 59(e) and 15(a) and imposing related relief;

2. the Memorandum Opinion and Order entered August 12, 2025, dismissing the action; and

3. all interlocutory orders, rulings, and determinations that merge into the final judgment, including any sanctions-related rulings, injunctions, or limitations on refiling.

This appeal is taken pursuant to 28 U.S.C. § 1291 and all other applicable provisions.

Dated: January 18, 2026

Respectfully submitted,


*[signature]*

Brent Kideckel
Plaintiff, pro se
PO Box 20901
Floral Park, NY 11002
brentkideckel@gmail.com
(917) 634-0637

**RECEIVED**

JAN 18 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

      *Plaintiff*,

   v.

FOREIGN NATION OF CANADA *et al.*,

      *Defendants*.

Civil Action No. 1:24-cv-02907 (CJN)

## <u>ORDER</u>

For the reasons stated in the accompanying Memorandum Opinion, ECF No. 157, it is

**ORDERED** that Kideckel's Motion to Alter or Amend Judgment, ECF No. 146, is **DENIED**; it is further

**ORDERED** that Kideckel's Motion for Leave to File, ECF No. 153, is **DISMISSED** as moot; it is further

**ORDERED** that Kideckel is barred from making additional filings in this action or in another action against these Defendants before this Court without leave of the Court; it is further

**ORDERED** that Kideckel shall pay to Defendants reasonable attorneys' fees to be specified by further order of this Court; and it is further

**ORDERED** that Defendants shall file statements of attorneys' fees within 10 calendar days from the date of this Order.

**SO ORDERED.**

DATE:  January 16, 2026

CARL J. NICHOLS
United States District Judge

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,

      *Plaintiff*,

    v.

FOREIGN NATION OF CANADA *et al.*,

      *Defendants*.

Civil Action No. 1:24-cv-02907 (CJN)

**MEMORANDUM OPINION**

On August 12, 2025, the Court dismissed Plaintiff Brent Kideckel's lawsuit for lack of subject-matter jurisdiction. ECF No. 145 (Order). Noting that Kideckel is a serial plaintiff who has been deemed a vexatious litigant in multiple states and has filed 32 motions in this action in less than a year, the Court also ordered Kideckel to show cause as to why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b). Order at 1.

Kideckel has responded by filing a "Combined Motion to Alter or Amend Judgment" pursuant to Rules 59(e) and 60(b), ECF No. 146 (Mot.); a reply in support of that motion, ECF No. 151; a notice of supplemental authority, ECF No. 152; a motion for leave to file, ECF No. 153; a "Notice to the Court," ECF No. 155; and a "Notice of Disclaimed Representation," ECF No. 156. Kideckel's motion to alter the judgment also seeks leave to amend his complaint under Rule 15(a) and responds to the Court's show cause order. Mot. at 1, 7, 15–19.

Defendants oppose Kideckel's request to alter the Court's judgment or allow him to amend his complaint. *See* ECF Nos. 148, 149, 150. The Court agrees with Defendants and denies Kideckel's motion to alter the judgment, denies his motion to amend his complaint, denies his motion for leave to file, and sanctions him for frivolous and vexatious conduct.

1

## I.    Legal Standards

The Federal Rules of Civil Procedure provide limited options for parties seeking relief from adverse judgments.  Rule 59(e) allows a party to file a "motion to alter or amend a judgment," which "must be filed no later than 28 days after the entry of the judgment."  Rule 60(b) provides that on a party's "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as "mistake, inadvertence, surprise," "newly discovered evidence," "fraud," and "any other reason that justifies relief."  But motions for reconsideration are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (citation omitted).  Such motions are not an opportunity "to reargue facts and theories upon which a court has already ruled."  *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80–81 (D.D.C. 2015) (citation omitted).

Rule 15 governs the amendment of complaints.  Outside of amendments as a matter of course, which must be filed no later than 21 days after serving a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Although generally leave should be "freely given," *id.*, leave may be denied for "futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 11 allows courts to sanction a party for advancing an argument that is frivolous or presented for an improper purpose.  Fed. R. Civ. P. 11(b)(1)–(4), (c).  "[S]uch sanctions may be imposed against pro se plaintiffs, [and] the district court is accorded wide discretion in determining whether sanctions are appropriate."  *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010) (citations and internal quotation marks omitted).

## II.    Kideckel's Motions

Kideckel's arguments for leave to amend his complaint and for relief from the Court's August 2025 Order are meritless.  The Court briefly addresses each in turn.

### A.    Proposed Amended Complaint

In its August 2025 Order, the Court concluded that it lacks subject-matter jurisdiction over this action.  Order at 3.  Seeking to cure that jurisdictional defect, Kideckel's motion to alter the judgment attaches a proposed amended complaint that "eliminates the Foreign Sovereign Immunities Act defendants and asserts only federal claims—RICO, conspiracy under 42 U.S.C. § 1985(2), and related common-law causes of action—against private actors and their counsel." Mot. at 1.  In other words, Kideckel's proposed amendment aims to create jurisdiction where none existed before.  But "a plaintiff may not amend a complaint when a court has no subject matter jurisdiction over the case."  *Adams v. Jud. Council of Sixth Cir.*, No. 17-cv-1894, 2020 WL 5409142, at *10 n.4 (D.D.C. Sept. 9, 2020).

His proposed amendment is futile in any event.  To state a RICO claim, a plaintiff must allege a "pattern of racketeering activity."  18 U.S.C. § 1961(5).  Kideckel's allegations, principally alleging that his family members sent fake texts and filed false affidavits in the context of a family dispute, "are simply not colorable and do not present a federal question for this Court's decision." *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d 22, 28 (D.D.C. 2012).  As for his proposed conspiracy claims under 42 U.S.C. §§ 1985 and 1986, Kideckel fails to plead facts showing any agreement—let alone a conspiracy—to deter Kideckel from attending or testifying in U.S. federal court.  *See* § 1985(2). It is well established that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In short, the new allegations in Kideckel's proposed amended complaint "are simply the latest examples of [his] misguided efforts to sue virtually every public official he thinks has wronged him." *Nabaya v. Lauck*, No. 23-cv-2650, 2024 WL 687967, at *4 (D.D.C. Feb. 16, 2024). Because the Court lacks subject-matter jurisdiction over this action, and because it would be futile to allow such an amendment in any event, Kideckel's request for leave to amend is denied.

## B.    Motion to Alter Judgment

Kideckel's motion to alter the judgment fares no better. As noted above, the Court dismissed this action for lack of subject-matter jurisdiction. Nothing in Kideckel's motion calls that conclusion into question. Kideckel's primary argument is that the Court "misapprehended the alignment of parties and the status of conflicted representation." Mot. at 11. Even assuming that is true, such "misapprehension" has no impact on the Court's jurisdictional conclusion. Neither does the "new evidence" Kideckel purports to have found or Defendants' alleged "misconduct," even if that misconduct "substantially interfered with Plaintiff's ability to litigate." *Id.* at 5, 19. Kideckel has thus not met the standards to obtain relief under either Rule 59(e) or 60(b).

## III.    Sanctions

Finally, the Court previously noted that Kideckel "has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year." Order at 7. Accordingly, the Court ordered Kideckel "to show cause why the conduct at issue has not violated Rule 11(b)," which requires representations made to the Court to meet certain minimal standards. *Id.* at 8. Kideckel's motion to alter the judgment responds to the show-cause order over several pages. *See* Mot. at 15–19. He argues that "[s]anctions cannot be predicated on the Court's own misunderstanding of the parties and issue." *Id.* at 19. The Court does not share Kideckel's view that there is any misunderstanding here; rather, it is because the Court understands the nature of Kideckel's lawsuit that the Court believes Rule 11 sanctions are appropriate.

### A.  Kideckel Has Violated Rule 11

District courts have the authority to impose sanctions *sua sponte* after issuing a show-cause order to the offending party.  Fed. R. Civ. P. 11(c)(3); 11(c)(5)(B).  This inherent power "guard[s] against abuses of the judicial process," *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995), and serves the purpose of protecting the Court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (citation omitted).  The court may impose an "appropriate sanction" on any party that violated Rule 11(b).  Fed. R. Civ. P. 11(c)(1).

Here, Kideckel "has flooded the judicial system with duplicative, unduly voluminous, and hyperbolic filings." *McCreary v. Heath*, No. 04-cv-00623, 2005 WL 975736, at *1 (D.D.C. Apr. 22, 2005).  Worse, several of his filings appear to have been written using generative artificial intelligence, as he frequently "includes direct quotes from case law that do not appear anywhere in the cited decisions."  *See* ECF No. 111 at 3 n.4 (citing examples).  Obviously, it "is not acceptable for parties to submit filings to the Court containing citations to legal authority that does not exist, whether drafted with the assistance of artificial intelligence or not." *Williams v. Cap. One Bank, N.A.*, No. 24-cv-2032, 2025 WL 843285, at *7 (D.D.C. Mar. 18, 2025).  Kideckel's latest filing, in which he responds to the Court's show-cause order, repeat offends:  He reports, for instance, that in *Chambers v. NASCO, Inc.*, the Supreme Court wrote that federal courts "must have the means to sanction conduct which abuses the judicial process."  Mot. at 12 (citing 501 U.S. 32, 46 (1991)).  That quote does not appear in *Chambers*.[1]

---

[1] Kideckel's motion also bears other hallmarks of being largely unedited A.I. output.  *See* Sam Kriss, *Why Does A.I. Write Like . . . That?* N.Y. TIMES MAG. (Dec. 3, 2025), https://www.nytimes.com/2025/12/03/magazine/chatbot-writing-style.html  (noting  that generative A.I. is "extremely fixated on the rule of threes" and "always says, 'It's not X, it's Y.'").

5

Even setting his likely A.I. misuse aside, Kideckel's response to the Court's show-cause order is inadequate. He first offers "context" of his litigation history, seeking to explain why previous courts have deemed him a vexatious litigant. Mot. at 15. But he only discusses three lawsuits he's previously brought, not the dozen-plus noted by the Court. *See* Order at 1 n.1 (stating that "Kideckel has filed at least 15 lawsuits in multiple states" and citing examples). Kideckel also does not contest California and Nevada's designations of him as a vexatious litigant. *Id.*

Kideckel then argues that his FSIA claims were colorable and grounded in precedent. Mot. at 16. But the precedents he cites—*Letelier v. Republic of Chile*, *Liu v. Republic of China*, and *Republic of Argentina v. Weltover, Inc.*[2]—are simply hornbook examples of FSIA exceptions. *See generally* GEORGE A. BERMANN & DONALD E. CHILDRESS, TRANSNATIONAL LITIG. IN A NUTSHELL 135–75 (2d ed. 2021). Kideckel's response does not come close to explaining why he could reasonably believe that *his* suit against a foreign sovereign could proceed. At most, Kideckel argues that Canada's supposed hypocrisy regarding foreign sovereign immunity justifies stripping Canada of immunity in this case. Mot. at 17. That argument, of course, has no basis in law.[3]

Kideckel also asserts that "procedural developments since filing underscore [his] good faith." Mot. at 16 (capitalizations altered). Specifically, he asserts that Defendants "procured a default judgment in Ontario through falsified service and fabricated exhibits" and that multiple

---

*Compare with* Mot. at 12 ("This shift is significant for three reasons") *and id.* at 3–4 ("This is not a trivial error. The distinction goes to the heart of Plaintiff's ethics motions[.]").

[2] 488 F. Supp. 665, 673 (D.D.C. 1980); 892 F.2d 1419 (9th Cir. 1989); 504 U.S. 607 (1992).

[3] In Kideckel's telling, the Canadian government "urged the Government of India to revoke diplomatic immunity for its agents accused of extrajudicial conduct" in Canada but refuses to waive its own sovereign immunity here. Mot. at 17. Even assuming *arguendo* that Canada's conduct is somehow hypocritical, it provides no basis for piercing Canada's sovereign immunity in this suit.

law firms have "ratified [that] fraud." Mot. at 16.  The Court does not see how an Ontario court's adverse judgment against Kideckel supports his claim that he has "been vindicated by subsequent events." *Id.*  Nor does the Court think that Kideckel's "litigation conduct was in good faith." *Id.* at 17 (capitalizations altered).  Far from exhibiting "the opposite of vexatious behavior," *id.*, Kideckel's filing of dozens of meritless motions in a matter of months demonstrates that he "has no regard for [the] judicial system or the drain on its resources caused by his actions." *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3, 5 (D.D.C. 2001), *aff'd* No. 01-7062, 2001 WL 936260 (D.C. Cir. July 27, 2001).

Finally, Kideckel's stated intention to revive his claims if the Court does not grant his motions by launching a new action against Defendants and other parties, based solely on their involvement in defending their clients in this litigation, further evinces Kideckel's bad faith.  *See* Mot. at 2 ("If leave is denied, Plaintiff reserves the right to refile the same pleading as a new action[.]").  That is on top of the "cartoonishly frivolous" motions Kideckel has filed in an attempt to sanction *Defendants* in this case.  See Order at 7; ECF Nos. 96, 107, 116, 117, 123, 124, 127, 128, 131, 144.  It almost goes without saying that "[a]ny additional filings against these defendants and around this nucleus of facts would constitute harassment of the defendants and would amount to a waste of resources both for the defendants and for this Court." *Harbison v. U.S. Senate Comm. on Foreign Rels.*, 839 F. Supp. 2d 99, 111 (D.D.C. 2012).

The Court therefore finds that Kideckel has failed to meet the standards required by Rule 11(b).  His countless motions and other filings have done little more than "harass, cause unnecessary delay, [and] needlessly increase the cost of litigation," and his legal contentions are seldom "warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1), (2).  The next step is to determine an "appropriate sanction" for Kideckel's violation.  Fed. R. Civ. P. 11(c)(1).

## B.    Monetary and Injunctive Sanctions Are Appropriate

Although the Court exercises "virtually untrammeled" discretion in fixing the amount of sanctions to be imposed on a plaintiff like Kideckel for Rule 11 violations, provided that the sanctions are "appropriate to the facts," it should impose "the least severe sanction" adequate to effectuate the purposes of Rule 11.  *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 46 (D.C. Cir. 1990) (citations and internal quotation marks omitted).  Courts in this district have recognized that monetary sanctions under Rule 11 may be measured by the cost of defending against the frivolous action.  *See, e.g.*, *John Akridge Co. v. Travelers Companies*, 944 F. Supp. 33, 34 (D.D.C. 1996) (granting sanctions of the "full cost" of defending the plaintiff's bad faith action); *Washington Bancorp. v. Said*, 812 F. Supp. 1256, 1275 (D.D.C.1993) (granting sanctions for defendant's attorneys' fees and costs in defending against baseless claims).  Monetary sanctions are also appropriate under 28 U.S.C. § 1927.

Two of the Defendants ask the Court to declare Kideckel a vexatious litigant and order Kideckel to pay their attorneys' fees.  ECF No. 149 at 12–15.  The Court agrees that such a response is reasonable and constitutes an "appropriate sanction" under Rule 11.  Kideckel is thus "hereby barred from any future filings against these defendants, or arising from these claims, in this Court without leave of the Court."  *Harbison*, 839 F. Supp. 2d at 111; *see also Wallace v. Saffa*, No. 06-cv-402, 2007 WL 1020791, at *3 (D.D.C. Mar. 30, 2007) (enjoining litigant from filing lawsuits in this Court "concerning the actions, circumstances, transactions, or other events against the named defendants or any related parties").  Further, because Kideckel's conduct has "so multiplie[d] the proceedings . . . unreasonably and vexatiously," the Court will require him to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of

such conduct." 28 U.S.C. § 1927. The Court concludes that this sanction "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Court will thus order Defendants to file statements of attorneys' fees for final Court approval. *See Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 132 (D.D.C. 2012), *aff'd*, 554 F. App'x 3 (D.C. Cir. 2014) ("Within 10 days of the date of this order, the attorneys shall file unredacted copies of the bills for which they are seeking compensation[.]").

## IV.    Conclusion

Kideckel's Motion to Alter or Amend Judgment, which includes his request to amend his Complaint, *see* ECF No. 146, is denied for the reasons stated above. His Motion for Leave to Submit Ontario Court Transcript for In-Camera Review Under Seal, ECF No. 153, is denied as moot. And his conduct merits both injunctive and monetary sanctions. A separate Order effectuating these decisions will issue contemporaneously.

DATE: January 16, 2026

_____
CARL J. NICHOLS
United States District Judge

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

*Plaintiff*

v.

FOREIGN NATION OF CANADA, et. al.,

*Defendants.*

Civil Action No. 1: 24-cv-02907 (CJN)

### ORDER

Plaintiff Brent Kideckel is a serial plaintiff who has been listed as a vexatious litigant in multiple states.[1]  In this frivolous suit, he has filed 32 motions in less than a year.  For the reasons that follow, the Court will grant each of the three motions to dismiss filed by Defendants and deny all of Kideckel's motions.  The Court will also order Kideckel to show cause as to why his patently meritless motions do not constitute vexatious harassment under Rule 11(b).

### I.    Background

Kideckel is Canadian, but has been "permanently domicil[ed]" in the United States since 2012.  ECF 1 at 14.  As presently relevant, his Complaint asserts sixteen counts against five main defendants:  his brother David Kideckel, David's wife Dahlia Saibil, David's lawyer Aram

---

[1] Kideckel has filed at least 15 lawsuits in multiple states. *See, e.g., Kideckel v. Wells Fargo Bank*, No. 3:20-cv-0681- DMS-JLB (S.D. Cal.); Kideckel v. Lyft, No. CGC19574331 (Cal. Super. Ct., San Francisco Cnty); *Kideckel v. City of New York*, No. 152358/2017 (N.Y. Sup. Ct., N.Y. Cnty.); *Kideckel v. Mid-Century Ins.*, No. 2:19-cv-00515-APGBNW (D. Nev.). Plaintiff has also been formally listed as a vexatious litigant in Nevada and California. *See* Nevada Administrative Office of the Courts, Vexatious Litigant List (updated Nov. 20,2024), https://nvcourts.gov/__data/assets/pdf_file/0023/13496/Vexatious_Litigant_11.20.24_4.pdf; Judicial Council of California, Vexatious Litigant List (updated Dec. 2, 2024) https://courts.ca.gov/sites/default/files/courts/default/2024-12/vexlit_0.pdf.

1

Simovonian, the City of Toronto, and a Toronto police detective named David J.N. Wilson.[2]  *See generally id*.  The factual allegations are difficult to follow; his bedrock claim seems to be that David was "sending messages purporting to be from Plaintiff in an elaborate, albeit criminal, and ill-thought out plot of misappropriation and defamation."  *Id.* at 17.  Indeed, he alleges that David "started sending himself threats of bodily harm" as though they had come from Plaintiff.  David, perhaps not surprisingly, asserts that the Plaintiff himself was the one sending the harassing and threatening messages.  ECF 48 at 2–3.

David acted on that belief in January 2024 when he secured a warrant for Plaintiff's arrest— one apparently conveyed to Plaintiff via a phone call from Detective Wilson.  ECF 25 at 2.  The next month, David sued Plaintiff in Ontario regarding the alleged harassing messages.  ECF 48 at 4.  Plaintiff responded to that lawsuit with one of his own, also filed in Ontario, against David and David's lawyer Simovonian.  *Id.*  Six months later, Plaintiff filed this suit.  The sixteen counts he alleges include false imprisonment, intrusion upon seclusion, defamation, malicious prosecution, fraud, complicity, negligence, negligent *hiring* (presumably of Detective Wilson—the complaint does not specify), aiding and abetting, and abuse of process.  ECF 1.  For relief, he requests $75,000 against David, Saibil, and the Government Defendants; $2,000 from Simovian; punitive damages against David and Saibil; and a public apology "in the newspapers of record for Canada and the United States (Toronto Star, and New York Times, respectively)" printed as a "1/8 page broadsheet ad in the Sunday Editions."

Plaintiff's Ontario suit was resolved, in David's favor, on July 25, 2025.  ECF 134.

---

[2] At the start of this litigation, three private parties and the United States Citizenship and Immigration Services were also Defendants.  By this point, each has been terminated from the case.

## II.    Analysis

It is apparent that Plaintiff fails to adequately plead the merits any of his claims.  The Court

need not reach those issues, however, because it lacks subject matter jurisdiction over all of his claims.

### A.    The Government Defendants

It is well established that the Foreign Sovereign Immunities Act (FSIA) "provides the sole

basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada*

*Hess Shipping Corp.*, 488 U.S. 428, 439 (1989).  It provides that "foreign states shall be immune from

the jurisdiction of the courts of the United States and of the States," subject to specific, narrow

exceptions.  28 U.S.C. § 1604.  The term "foreign state" is defined to include "a political subdivision

of a foreign state," like Toronto.  28 U.S.C. § 1604. "If the defendant challenges only the legal

sufficiency of the plaintiff's jurisdictional allegations, then the district court should take the plaintiff's

factual allegations as true and determine whether they bring the case within any of the exceptions to

immunity invoked by the plaintiff." *Mwani v. bin Laden*, 417 F.3d 1, 15 (D.C. Cir. 2005) (quoting

*Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1127 (D.C.Cir.2004)).

"'[J]urisdiction will not obtain,' and the court may dismiss a complaint on that basis, 'if the cause of

action is based on a sovereign activity.'" *Rong v. Liaoning Province Gov't*, 452 F.3d - 4 - 883, 888

(D.C. Cir. 2006) (*quoting Millen Indus., Inc. v. Coordination Council for N. Am. Affairs*, 855 F.2d

879, 885 (D.C. Cir. 1988)).

The Complaint does not identify any FSIA exception that might cover Plaintiff's claims

against Toronto, nor do his many other filings.  Indeed, the only reference contained in the Complaint

to an FSIA exception is Plaintiff's assertion that 28 U.S.C. § 1605(a)(5)(B)—which excludes from the

scope of the non-commercial tort exception "any claim arising out of malicious prosecution, abuse of

process, libel, slander, misrepresentation, deceit, or interference with contract rights"—is

unconstitutional.  ECF 1 at 5.  But Plaintiff provides no reasoned argument in support of this argument,

electing instead to cite law review articles that criticize sovereign immunity on policy grounds.  ECF 1 at 6–7.  The FSIA thus remains operative and bars suit against Toronto here.

That leaves Detective Wilson.  Although the FSIA does not apply to officials of foreign states, the Court agrees with the Government Defendants that Wilson is protected by the common law doctrine of foreign-official immunity.  Conduct-based foreign-official immunity "is available to 'any public minister, official, or agent of the foreign state with respect to acts performed in his official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'" *Doe 1 v. Buratai*, 318 F. Supp. 3d 218, 230 (D.D.C. 2018), aff'd, 792 F. App'x 6 (D.C. Cir. 2019) *(quoting Lewis v. Mutond*, 258 F. Supp. 3d 168, 172 (D.D.C. 2017)).  That is the case here.  Plaintiff alleges that Wilson was acting in his official capacity as an employee of Toronto.  *Id.* at 23–24, 26, 135; *see Buratai,* 318 F. Supp. 3d at 232 ("plaintiff's concession that defendant was at all relevant times an employee and agent of the defendant Spanish Government sufficed to dispose of the claim").  Permitting Plaintiff's claims against Wilson to proceed would have the effect of enforcing a rule of law against Toronto.  The Court therefore also lacks jurisdiction over those claims.[3]

## B.    The Nongovernment Defendants

The Court also lacks subject matter jurisdiction over Plaintiff's claims against the remaining three Defendants (David, David's wife Dahlia Saibil, and David's lawyer Aram Simovonian).  With respect to federal question jurisdiction, 28 U.S.C. § 1331, Plaintiff does not actually assert a federal claim against any of these Defendants.  Instead, he argues that this case presents a federal question because he "anticipates the Foreign Nation of Canada, its sub political [sic] divisions, and its employees, will assert a defense of immunity under the FSIA on Plaintiff's pleading giving rise to The

---

[3] "Foreign-official immunity is a question of subject-matter jurisdiction." *Broidy Cap. Mgmt. LLC v. Muzin,* No. 19-CV-0150 (DLF), 2020 WL 1536350, at *4 (D.D.C. Mar. 31, 2020), aff'd, 12 F.4th 789 (D.C. Cir. 2021).

4

Federal Question aforementioned."  ECF 1 at 5.  But "[f]ederal jurisdiction cannot be predicated on an actual anticipated defense."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

The Court also lacks diversity jurisdiction under 28 U.S.C. § 1332 because foreign parties are on both sides of the dispute.  *See Nwosu v. Four Seasons Hotels Ltd.*, No. 24-CV-00025(CRC), 2024 WL 4332605, at *4 (D.D.C. Sept. 27, 2024) ("[D]iversity jurisdiction does not apply to suits between noncitizens regardless of whether they reside in the United States.").  The fact that Plaintiff currently resides in the United States (as a temporary, permanent resident or anything less than a full citizen), does not alter this conclusion.  *Saadeh v. Farouki*, 107 F.3d 52, 58 (D.C. Cir. 1997).

**C.    Plaintiff's Numerous Motions for Sanctions**

For those reasons, the Court lacks subject-matter jurisdiction over this entire case.  That would typically suffice to terminate this action, but Plaintiff has filed several motions for sanctions and disqualification—which could in theory remain operative notwithstanding this dismissal.  The Court will therefore address them briefly.

The statute on which Plaintiff relies, 28 U.S.C.§ 1927, provides that "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Though the Court of Appeals "has not yet established whether the standard for imposition of sanctions under 28 U.S.C. § 1927 should be recklessness or the more stringent bad faith, an attorney's behavior must be at least reckless to be sanctionable."  *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558 (JDB), 2022 WL 4182223, at *15 (D.D.C. Sept. 13, 2022).  This is a "high threshold," *United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir.1992), granted "only in instances of a serious and studied disregard for the orderly process of justice" and upon a showing of "clear and convincing evidence."  *Cowtown Found., Inc. v. U.S. Dep't of Agric.*, No. CV 22-1258 (RC), 2023 WL 5507280, at *6 (D.D.C. Aug. 25, 2023).

5

Plaintiff first seeks sanctions against lawyers Jeffrey Robinson and Annika Conrad (counsel for David Kideckel and Dahlia Saibel), their law firm Lewis Baach Kaufmann Middlemiss, and Defendant Saibil herself.  ECF 52 (repeated a second time as ECF 96).  Plaintiff seeks $678,000 for "serial misconduct," *id.* at 5, which he calls "a campaign of deliberate litigation abuse orchestrated by [Lewis Baach]" against Plaintiff—claiming that the firm "has made tainted declarations" and caused "ongoing prejudice."  ECF 96 at 1.  How so exactly?  It's hard to say.  As best the Court can decipher, the brunt of the claim is that Lewis Baach represents both David Kideckel and Saibil in the same case.  But Plaintiff has failed to establish that there is any conflict between those Defendants, and he has thus failed to demonstrate that there is any prohibition on Lewis Baach (and its lawyers) representing both.  *See* District of Columbia Rules of Professional Conduct, Rule 1.7.[4]

Plaintiff also seeks to sanction and disqualify Christopher Barraza and his firm, Phillips Lytle LLP, who represent the City of Toronto and Detective Wilson.  ECF 116 (repeated a second time in a motion to compel, ECF 131).  Plaintiff requests $250,000 for what he calls "conflicted and deceptive dual representation" and the failure to disclose "material ethical violations."  ECF 116 at 1, 7.  But Plaintiff has again failed to demonstrate any conflict of interest between the Toronto and Wilson.

With respect to George Breen and Elizabeth Harris and their firm, Epstein Becker & Green (counsel for Defendant Simovonian), ECF 117 at 9 (repeated a second time in a motion to compel, ECF 132), Plaintiff argues first that "Epstein Becker allowed [Simovonian] to serve as legal counsel for co-defendant David Kideckel" in the still-pending Ontario matters.  But without more that does not demonstrate any conflict.  Plaintiff also argues that Epstein Becker attorneys made two allegedly false statements in the Ontario action:  that Simovonian is a "partner of the Law firm Lima Law

---

[4] Plaintiff later moved to force the withdrawal of Robinson and for *trebled* sanctions on top of the original request (bringing the total sum to $2,034,000).  ECF 128 at 2.  That later motion raises all the same arguments as the original Lewis Baach motion; for all the same reasons, it fails.

6

Professional Corporation" and that Defendant served Plaintiff with the Statement of Claim in that case via email. ECF 111 at 3–4. The Court has no idea whether these were falsehoods; Plaintiff simply states that they were so without any explanation. There is no evidence that Plaintiff did not receive email notice in the Ontario action, nor is there any evidence in the record—for or against—Simovonian's employment with "Lima Law." Simovonian states that "from Plaintiff's filings, it is difficult to discern which aspect of Defendant's statement about service Plaintiff alleges is false, particularly given the inconsistencies between the Ontario Action and the instant case." *Id.* at 5. The Court has the same view. In any event, Plaintiff fails to demonstrate how those actions in a different case would warrant sanctions here.[5]

### III.    Conclusion

For the foregoing reasons, it is ORDERED that each Motion to Dismiss—ECF 25, 48, and 94—is GRANTED. It is FURTHER ORDERED that Plaintiffs' various sanction/disqualification motions and related motions to compel—ECF 52, 96, 116, 117, 122, 131, 132, and 144—are all DENIED. All of Plaintiff's remaining motions—ECF 12, 13, 14, 19, 20, 39, 53, 54, 57, 59, 60, 62, 63, 66, 69, 78, 80, 81, 97, 103, and 134—are DENIED as moot.

That, however, is not enough. Plaintiff has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year; they present exactly the kinds of "baseless filings… not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings" that Rule 11 is designed to neutralize. *Cobell v. Norton,* 211 F.R.D. 7, 10 (D.D.C. 2002). It's true that "Rule 11 sanctions are an extreme punishment" the imposition of which "is not something courts take lightly"—particularly when the vexations litigant is proceeding

---

[5] Just yesterday, Plaintiff filed yet another motion for sanctions, this time against the three law firms representing the Defendants. ECF 144. This motion is meritless for the same reasons as Plaintiff's other motions, and is also denied.

7

*pro se. Naegele v. Albers*, 355 F. Supp. 2d 129, 144 (D.D.C. 2005). But the Court cannot imagine a clearer-cut example of judicial frustration. To that end, the Court "has the authority to impose Rule 11 sanctions *sua sponte*" under FRCP 11(c)(5)(B) on the condition that, pursuant to FRCP 11(c)(3), it first orders the offending party to show cause why the conduct at issue has not violated Rule 11(b). Accordingly, Plaintiff is ORDERED to SHOW CAUSE by no later than September 5, 2025, why his conduct in this case has not violated Rule 11(b).

This is a final and appealable order. The Clerk of Court is directed to terminate this case.


DATE: August 12, 2025

CARL J. NICHOLS
United States District Judge