IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brent Kideckel,<br><br>            Plaintiff,<br><br>    v.<br><br>Foreign Nation of Canada, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-02907-CJN |

**DECLARATION OF GEORGE B. BREEN
IN SUPPORT OF DEFENDANT ARAM SIMOVONIAN'S STATEMENT OF
ATTORNEYS' FEES SUBMITTED IN RESPONSE TO COURT'S JANUARY 16, 2026
ORDER**

      I, George B. Breen, hereby submit the following declaration in support of the Statement of Attorneys' Fees on behalf of Defendant Aram Simovonian ("Defendant"). Defendant submits this Statement of Attorneys' Fees ("Fees Statement") in accordance with Judge Nichols's January 16, 2026 Memorandum Opinion [ECF No. 157] and Order [ECF No. 158], which ordered Plaintiff Brent Kideckel ("Plaintiff") to pay Defendant's reasonable attorneys' fees to be specified by a further order of the Court.

    1.    I am an attorney with the law firm of Epstein Becker & Green, P.C. ("EBG"), attorneys for Defendant.

    2.    On August 12, 2025, the Court issued an order granting each of the three motions to dismiss filed by the defendants (which included a motion filed on behalf of Defendant Simovonian) and denying all of Plaintiff Brent Kideckel's motions. *See* ECF No. 145 at 1, 7. Concluding that "Plaintiff has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year [,]" the Court denied Plaintiff's "various

1

sanction/disqualification motions and related motions to compel[,]" including ECF Nos. 117 and 132 (collectively, the "Sanctions/Disqualification Motions"). *Id*. at 7. The Court further denied Plaintiff's remaining motions, including ECF Nos. 66, 81, 103, and 134, as moot (collectively, the "Motions Denied as Moot"), and ordered Plaintiff to show cause "why his conduct in this case has not violated Rule 11(b)." *Id*. at 7-8.

3. On August 25, 2025, Plaintiff filed a Combined Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief Under Rule 60(b), With Leave to Amend Complaint, and OSC Response [ECF No. 146] ("Combined Motion"). On September 8, 2025, Defendant filed a Memorandum of Points and Authorities in Opposition to Plaintiff's Combined Motion [ECF No. 150] ("Opposition"). Plaintiff filed a reply in support of his Combined Motion [ECF No. 151] and Notice of Supplemental Authority [ECF No. 152] on September 14 and October 30, respectively.

4. On January 16, 2026, the Court denied Plaintiff's Combined Motion and determined that, based on the Court's authority to impose sanctions *sua sponte* after issuing a show-cause order to Plaintiff, Plaintiff had "failed to meet the standards required by Rule 11(b)[,]" and both monetary and injunctive sanctions are appropriate. ECF No. 157 at 5, 7, 8. The Court then ordered the defendants "to file statements of attorneys' fees for final Court approval" by January 26, 2026. *Id*. at 9; ECF No. 158.

5. The Court's Memorandum Opinion orders "***Defendants*** to file statements of attorneys' fees for final Court approval." *See* ECF No. 157 at 9 (emphasis added). The Court's Order states "that Kideckel shall pay to ***Defendants*** reasonable attorneys' fees to be specified by further order of this Court" and "***Defendants*** shall file statements of attorneys' fees…" *See* ECF

2

No. 158 (emphasis added). Accordingly, Defendant's counsel submits this declaration in support of Defendant's Fees Statement.

6. As of January 26, 2026, there are four attorneys at EBG regularly staffed on this matter: George B. Breen, Elizabeth A. Harris, Erica Sibley Bahnsen, and Jean-Claude Velasquez.

7. **Plaintiff's Sanctions/Disqualification Motions [ECF Nos. 117, 132]:** Counsel for Defendant, George B. Breen, Elizabeth A. Harris, and Jean-Claude Velasquez, spent a total of 27.3 hours in preparation of Defendant's Oppositions to Plaintiff's Sanctions/Disqualification Motions and accompanying declarations and exhibits, including: (a) 18.5 hours in preparation of Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Disqualification and Sanctions [ECF No. 126]; and (b) 8.8 hours in preparation of Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Compel Certification or Disavowal by George Breen and Epstein Becker & Green, P.C. [ECF No. 139]. The total fees and costs incurred in preparation of Defendant's Oppositions to Plaintiff's Sanctions/Disqualification Motions and all supporting documents were $15,438 ($17,154 before the 10% courtesy discount).[1]

8. **Plaintiff's Motions Denied as Moot [ECF Nos. 66, 81, 103, 134]:** Counsel for Defendant, George B. Breen, Elizabeth A. Harris, and Jean-Claude Velasquez, spent a total of 74.8 hours in preparation of Defendant's Oppositions to Plaintiff's Motions Denied as Moot and accompanying declarations and exhibits, including: (a) 15.6 hours in preparation of Defendant's

---

[1] Due to the overwhelming amount of services being provided to Defendant to counter these frivolous claims and filings, EBG, as a professional courtesy, reduced its total fees and costs incurred and charged to LawPRO for the preparation of Oppositions to Plaintiff's Sanctions/Disqualification Motions, reflecting a 10% courtesy discount of the standard rates charged by EBG for the services of Ms. Harris, Mr. Velasquez, and myself. EBG maintains that it should be permitted to recover the total fees it would have normally charged.

Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for TRO, Limited Discovery, and Request for Expedited Hearing [ECF No. 88]; (b) 12.3 hours in preparation of Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Discovery [ECF No. 93]; (c) 20.8 hours in preparation of Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Entry of Default [ECF No. 111]; and (d) 26.1 hours in preparation of Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for Oral Argument and Protective Scheduling Relief [ECF No. 142]. The total fees and costs incurred in preparation of Defendant's Oppositions to Plaintiff's Motions Denied as Moot and all supporting documents were $37,839 ($41,284 before the 10% courtesy discount).[2]

9.   **Plaintiff's Combined Motion [ECF No. 146]:** Counsel for Defendant, George B. Breen, Elizabeth A. Harris, Erica Sibley Bahnsen, and Jean-Claude Velasquez, spent a total of 51.5 hours in preparation of Defendant's Opposition to Plaintiff's Combined Motion [ECF No. 150]. The total fees and costs incurred in preparation of Defendant's Opposition to Plaintiff's Combined Motion and all supporting documents were $28,073 ($31,193 before the 10% courtesy discount).[3]

---

[2] As stated in footnote 1, *supra,* the identical 10% professional courtesy discount was applied for the preparation of Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for TRO, Limited Discovery, and Request for Expedited Hearing [ECF No. 88]; Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Discovery [ECF No. 93]; and Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for Oral Argument and Protective Scheduling Relief [ECF No. 142].

[3] *See* footnotes 1 and 2, *supra.* The total fees and costs for the preparation of the Opposition to Plaintiff's Combined Motion reflect a 10% courtesy discount of the standard rates charged by EBG for the services of Ms. Harris, Ms. Bahnsen, Mr. Velasquez, and myself.

4

10.     **Defendant's Fees Statement:** Counsel for Defendant, George B. Breen, Elizabeth A. Harris, and Jean-Claude Velasquez, spent a total of 15.7 hours in preparation of Defendant's Fees Statement. The total fees and costs incurred in preparation of Defendant's Fees Statement and all supporting documents are $8,565. *See Cobell v. Norton*, 231 F.Supp.2d 295, 306-07 (D.D.C. 2002) (citations omitted) (holding that the time and expense reasonably incurred to prepare a statement for attorneys' fees is compensable). These fees and costs are currently unbilled and classified within EBG's business records as "Work in Progress," but will be finalized and forwarded to the client at the conclusion of the month.

11.     The total fees and costs incurred in preparation of all of the above were $89,915 ($98,194 before the 10% courtesy discount applied, as stated above). Attached hereto as **Exhibit A** is an itemized bill of the legal fees and costs incurred by Defendant from April 2025 through September 2025, redacted[4] to include billing rates and the portion of the time billed and spent on the Oppositions to the Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion, and all supporting declarations and exhibits. The total time spent and total fees and costs incurred in preparation of the above reflect the additional resources and time that counsel for Defendant were required to expend in order to decipher Plaintiff's record and arguments and to identify the cases and authorities that Plaintiff cited, which were largely fabricated, misconstrued, or inaccurate and likely generated by artificial intelligence ("AI") programs. *See* ECF No. 157 at 5.

---

[4] To avoid confusion and protect attorney client and work product information, Exhibit A has been redacted to exclude legal fees and costs for which Defendant is not seeking compensation. The entries for the legal fees and costs for which Defendant is seeking compensation are fully unredacted.

5

12. I am a 1989 graduate of Catholic University of America, Columbus School of Law and a partner at EBG, a highly regarded national law firm. I am an experienced and skilled attorney with more than 36 years of experience as a litigator specializing in health care litigation, commercial and contract litigation, and federal and state government investigations. I am consistently recognized as a leader in the fields of Healthcare & Life Sciences and Civil Litigation by *Chambers USA*, *The Best Lawyers in America*, *The Legal 500 United States*, and *Washington, DC, Super Lawyers*, and I am a Senior Fellow with the invitation-only trial lawyer honorary society, the Litigation Counsel of America. I am licensed to practice law in the District of Columbia, Maryland, and Virginia. Attached hereto as **Exhibit B** is my biography published on EBG's website.

13. My hourly rate for this matter and as charged to Defendant, through his professional liability insurer, Lawyers Professional Indemnity Company ("LawPRO"), is $950.00 per hour. *See* **Exhibit A** at 17.

14. As to the Oppositions to Plaintiff's Sanctions/Disqualification Motions, between April 2025 and the date of this filing, I billed Defendant for 3.5 hours of work related to Defendant's Opposition to Plaintiff's Motion for Disqualification and Sanctions and 1.1 hours of work related to Defendant's Opposition to Plaintiff's Motion to Compel Certification or Disavowal by George Breen and Epstein Becker & Green, P.C., for a total of 4.6 hours of work, including descriptions that I "[r]eview[ed], revise[d] and edit[ed] draft opposition to motion for sanctions[,]" made "edits to opposition to plaintiff's motion to compel[,]" and "[r]eview[ed] draft declaration in connection with opposition to motion to compel." *See id.* at 29, 40, 42.

15. As to the Oppositions to Plaintiff's Motions Denied as Moot, between April 2025 and the date of this filing, I billed Defendant for 0.3 hours of work related to Defendant's

6

Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for TRO, Limited Discovery, and Request for Expedited Hearing; 0.3 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Discovery; 0.4 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Entry of Default; and 0.9 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for Oral Argument and Protective Scheduling Relief, for a total of 1.9 hours of work, including descriptions that I "[r]eview[ed] draft opposition to TRO motion[,]" "[r]eview[ed] opposition to plaintiff[']s motion for limited discovery and suggest[ed] edits thereto[,]" "[r]eview[ed] opposition and associated declaration[,]" "[r]eview[ed]…opposition to plaintiff's emergency motion for oral argument and protective scheduling relief[,]" and "[r]eview[ed] and suggest[ed] revisions to opposition to plaintiff's emergency motion…" *See id.* at 10, 13, 21, 42.

16. As to the Opposition to Plaintiff's Combined Motion, between April 2025 and the date of this filing, I billed Defendant for 1 hour of work, including the description that I "[r]eview[ed] and suggest[ed] edits to opposition to plaintiff's combined motion[.]" *See id.* at 51.

17. As to the preparation of Defendant's Fees Statement, I spent a total of 2 hours, including reviewing and revising this declaration and accompanying exhibits and approving the same for filing.

18. In total, I spent a reasonable 9.5 hours responding to Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion, and preparing Defendant's Fees Statement. During this time, I reviewed the draft documents, advised on the arguments contained therein, reviewed and revised the initial drafts by Ms. Harris, Ms. Bahnsen, and Mr. Velasquez, and approved the filing of all documents.

19. Ms. Harris is a 2011 graduate of California Western School of Law and a partner at EBG. Ms. Harris is a seasoned attorney with more than 14 years of experience as a litigator specializing in health care litigation, civil litigation, commercial and contract litigation, and federal and state government investigations. Ms. Harris is licensed to practice law in California, the District of Columbia, and Maryland.

20. Ms. Harris's hourly rate for this matter and as charged to Defendant, through his professional liability insurer, LawPRO, is $625.00 per hour. *See id*. at 17.

21. As to the Oppositions to Plaintiff's Sanctions/Disqualification Motions, between April 2025 and the date of this filing, Ms. Harris billed Defendant for 9.6 hours of work related to Defendant's Opposition to Plaintiff's Motion for Disqualification and Sanctions and 7.7 hours of work related to Defendant's Opposition to Plaintiff's Motion to Compel Certification or Disavowal by George Breen and Epstein Becker & Green, P.C., for a total of 17.3 hours of work, including descriptions that she "[r]eview[ed] and analyze[d] cases and authority cited by plaintiff in motion to disqualify and for sanctions…[,]" "[s]trategize[d] and finalize[d] opposition to plaintiff's motion to disqualify and for sanctions and proposed order in support of same[,]" and "[s]trategize[d] and prepare[d] opposition to plaintiff's motion to compel certification or disavowal[.]" *See id*. at 29-30, 36.

22. As to the Oppositions to Plaintiff's Motions Denied as Moot, between April 2025 and the date of this filing, Ms. Harris billed Defendant for 7.2 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for TRO, Limited Discovery, and Request for Expedited Hearing; 6.3 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Discovery; 12.8 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to

8

Plaintiff's Motion for Entry of Default; and 23.2 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for Oral Argument and Protective Scheduling Relief, for a total of 49.5 hours of work, including descriptions that she "[r]eview[ed] and revise[d] opposition to plaintiff's emergency motion for TRO and limited discovery…[,]" "[r]esearch[ed] and review[ed] case law for opposition to plaintiff's motion for targeted discovery…[,]" "[s]trategize[d] and revise[d] opposition to plaintiff's motion for limited discovery[,]" "[s]trategize[d] and finalize[d] opposition to motion for entry of default, declarations, and exhibits[,]" "[r]esearch[ed] and prepare[d] opposition to plaintiff's emergency motion for oral argument and protective order[,]" and "[s]trategize[d] and finalize[d] opposition to plaintiff's emergency motion for oral argument and protective order[.]" *See id.* at 10, 12-13, 21, 40-42.

23.     As to the Opposition to Plaintiff's Combined Motion, between April 2025 and the date of this filing, Ms. Harris billed Defendant for 32.5 hours of work, including the description that she "[s]trategize[d] and prepare[d] opposition to Plaintiff's combined motions to alter or amend judgment, for leave to amend complaint, and OSC response[]" and "[s]trategize[d] and finalize[d] opposition to plaintiff's combined motion…" *See id.* at 45, 50.

24.     As to the preparation of Defendant's Fees Statement, Ms. Harris spent a total of 6.4 hours, including reviewing and redacting invoices, preparing and revising the draft declaration, and calculating the total hours of work spent on each of the Defendant's Oppositions to Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion.

25.     In total, Ms. Harris spent a reasonable 105.7 hours responding to Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion, and preparing Defendant's Fees Statement. During this time, Ms. Harris conducted legal research,

crafted legal arguments, drafted, and revised drafts pursuant to edits made by me, Ms. Bahnsen, and Mr. Velasquez, and finalized for filing the Oppositions to Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion, and Defendant's Fees Statement and all supporting documents.

26. Ms. Bahnsen is a 2011 graduate of Seton Hall University School of Law and a partner at EBG. Ms. Bahnsen is a seasoned attorney with more than 14 years of experience specializing in health care litigation, civil litigation, and both civil and criminal government investigations. Ms. Bahnsen is licensed to practice law in the District of Columbia and New Jersey.

27. Ms. Bahnsen's hourly rate for this matter and as charged to Defendant, through his professional liability insurer, LawPRO, is $685.00 per hour. *See id*. at 17.

28. As to the Opposition to Plaintiff's Combined Motion, between April 2025 and the date of this filing, Ms. Bahnsen billed Defendant for 10.5 hours of work, including descriptions that she conducted "[r]esearch regarding dismissal of RICO claims in First Amended Complaint[,]" and "[d]raft[ed] response to plaintiff's motion for leave to file a FAC[.]" *See id*. at 50.

29. In total, Ms. Bahnsen spent a reasonable 10.5 hours responding to Plaintiff's Combined Motion. During this time, Ms. Bahnsen conducted legal research, crafted legal arguments, drafted, and developed key arguments related to Plaintiff's alleged RICO violations for Defendant's Opposition to Plaintiff's Combined Motion.

30. Mr. Velasquez is a 2023 graduate of the University of Ottawa Faculty of Law and is an associate at EBG. Before joining EBG as an associate, he worked in Ottawa, Canada, specializing in commercial litigation. Mr. Velasquez is licensed to practice law in Ontario (Canada), the District of Columbia, and New York.

31. Mr. Velasquez's hourly rate for this matter and as charged to Defendant, through his professional liability insurer, LawPRO, is $365.00 per hour. *See id*. at 17.

32. As to the Oppositions to Plaintiff's Sanctions/Disqualification Motions, between April 2025 and the date of this filing, Mr. Velasquez billed Defendant for 5.4 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Disqualification and Sanctions, including descriptions that he "[s]trategize[d] and research[ed] authority regarding 28 U.S.C. § 1927 sanctions for opposition to plaintiff's motion to disqualify counsel and for sanctions" and "[d]raft[ed] opposition to plaintiff's motion to disqualify counsel and for sanctions." *See id*. at 29.

33. As to the Oppositions to Plaintiff's Motions Denied as Moot, between April 2025 and the date of this filing, Mr. Velasquez billed Defendant for 8.1 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for TRO, Limited Discovery, and Request for Expedited Hearing; 5.7 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Discovery; 7.6 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Entry of Default; and 2 hours of work related to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Emergency Motion for Oral Argument and Protective Scheduling Relief, for a total of 23.4 hours of work, including descriptions that he "[d]raft[ed] and revise[d] opposition to Plaintiff's emergency motion for temporary restraining order," "[r]esearch[ed] case law regarding several elements" in opposition to motion, and "[r]esearch[ed] and summarize[d] relevant" Canadian case law. ]. *See id*. at 10, 12, 41.

11

34. As to the Opposition to Plaintiff's Combined Motion, between April 2025 and the date of this filing, Mr. Velasquez billed Defendant for 7.5 hours of work, including the description that he "[r]esearch[ed] and review[ed] plaintiff's inability to amend his complaint to cure subject-matter jurisdictional deficiencies for opposition to request for leave to amend complaint," "[r]esearch[ed] additional case law in support of legal standard for opposition to plaintiff's combined motion," "[d]raft[ed] opposition to plaintiff's motion for leave to amend addressing that proposed amended complaint does not create subject-matter jurisdiction," and "[c]onduct[ed] additional research regarding jurisdictional deficiency arguments to oppose Plaintiff's leave to amend complaint." *See id.* at 44, 49.

35. As to the preparation of Defendant's Fees Statement, Mr. Velasquez spent a total of 7.3 hours, including reviewing invoices, preparing the initial draft declaration, and calculating the total fees and costs incurred in the preparation of the Defendant's Oppositions to Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion.

36. In total, Mr. Velasquez spent a reasonable 43.6 hours responding to Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion, and preparing Defendant's Fees Statement. During this time, Mr. Velasquez conducted legal research, crafted legal arguments, prepared initial drafts, and revised drafts pursuant to Ms. Harris's and my edits and supervision.

37. Given the experience and skill held by counsel for Defendant, George B. Breen, Elizabeth A. Harris, Erica Sibley Bahnsen, and Jean-Claude Velasquez, the market has demonstrated that the rate charged by George B. Breen at $950.00 per hour, Elizabeth A. Harris at $625.00 per hour, Erica Sibley Bahnsen at $685.00 per hour, and Jean-Claude Velasquez at $365.00 per hour, is a reasonable rate that reflects the quality of representation afforded by a firm

of the caliber of EBG. These rates also reflect the seniority and experience level of the respective counsel and the efficiency that comes with such experience.

38. With more than 36 years of experience, I have worked on numerous oppositions to motions in both state and federal courts and have significant experience defending cases brought by pro se litigants. Based on that experience, the time spent and amounts charged to our client is fair, reasonable, and necessary to zealously advocate on his behalf against a vexatious litigant.

39. I hereby certify that the requested award of fees and costs is true and correct and represents the reasonable and necessary work associated with opposing Plaintiff's Sanctions/Disqualification Motions, Motions Denied as Moot, and Combined Motion, and preparing Defendant's Fees Statement.

40. Based on the foregoing, Defendant respectfully requests that the Court award $89,915 to Defendant to be paid by Plaintiff in this matter.

Dated: January 26, 2026                                         Respectfully submitted,

*/s/ George B. Breen*
George B. Breen (Bar No. 428665)
Elizabeth A. Harris (Bar No. 1615589)
**Epstein Becker & Green, P.C.**
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
gbreen@ebglaw.com
eharris@ebglaw.com

*Attorneys for Defendant Aram Simovonian*