IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL

        Plaintiff,

V.

THE FOREIGN NATION OF CANADA, et al.

        Defendants.

CASE NO.:  1:24-cv-02907-CJN

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR COSTS; CROSS-MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a); AND FOR INDICATIVE RULINGS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 12.1 (WITH LEAVE IF REQUIRED)

Plaintiff Brent Kideckel respectfully opposes Defendants' motion for costs and cross-moves for (1) recusal pursuant to 28 U.S.C. § 455(a), and (2) indicative rulings on Plaintiff's pending but unruled threshold motions pursuant to Federal Rule of Appellate Procedure 12.1.

This filing is procedurally proper, timely, and necessary to preserve the integrity of the record while this case is pending on appeal before the United States Court of Appeals for the District of Columbia Circuit (Case No. 26-7006).

## I. OPPOSITION TO DEFENDANTS' MOTION FOR COSTS

Defendants' motion for costs should be denied, or at minimum held in abeyance, for three independent reasons.

**RECEIVED**

FEB 09 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## A. The Appeal Is Pending and the Judgment Is Not Final

The dismissal order on which Defendants base their request for costs is presently under review by the Court of Appeals. Where the validity of the underlying judgment remains unresolved, an award of costs is premature. If the dismissal is vacated or remanded, any costs award would necessarily fall with it.

## B. Threshold Motions Affecting the Integrity of the Proceedings Remain Unruled

Prior to dismissal, Plaintiff filed multiple threshold motions that went to the integrity of the proceedings themselves, including:

- A motion to disqualify counsel based on conflicts of interest and authority defects;

- A motion to strike tainted filings, including fabricated materials and perjured affidavits;

- Motions to Supplement and Amend Plaintiff's complaint raising independent federal questions, filed both before dismissal and with a Rule 59(e) to correct the court's misapprehension of the record;

- Motions presenting evidence of cross-border misconduct affecting the U.S. proceedings.

These motions were never adjudicated on their merits. Instead, they were declared "moot" as a consequence of dismissal. If any of those motions have merit—and subsequent developments

strongly suggest they do—the dismissal order itself may be procedurally infirm. Under those circumstances, taxing costs against the non-prevailing party would be inequitable.

### C. The Equities Strongly Disfavor Costs

Even apart from finality concerns, the equities counsel against an award of costs. This case involves unresolved allegations of:

- Improper representation and conflicts of interest;

- Reliance on disputed foreign materials;

- Alleged fabrication and perjury;

- Cross-border conduct with potential criminal implications presented to the Court and left unresolved.

Where serious integrity issues remain outstanding, and the court remained disengaged for the duration of the case, costs should not be used as a punitive mechanism for addressing errors the court itself made using proper and appropriate procedural tools. .

## II. CROSS-MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a)

Plaintiff respectfully moves for recusal under 28 U.S.C. § 455(a), which requires disqualification where a judge's "impartiality might reasonably be questioned."

This motion does not allege actual bias or improper motive. It rests solely on appearance, sequence, and institutional posture, evaluated from the perspective of a reasonable observer.

## A. Governing Standard

The test under § 455(a) is objective: whether "a reasonable person, knowing all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

The statute exists to protect public confidence in the judiciary and "requires not only actual impartiality but the appearance of impartiality." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995).

## B. Appearance Concerns Arising from the Procedural Sequence

The procedural sequence here is undisputed:

1. Plaintiff filed multiple threshold motions challenging counsel authority, record integrity, and alleged fraud;

2. Those motions remained pending without substantive ruling;

3. Plaintiff sought mandamus relief in the Court of Appeals to compel adjudication on the court's misapprehended order correction via Rule 59(e);

4. While the mandamus petition was pending, this Court issued a further sweeping dismissal for lack of subject-matter jurisdiction avoiding the uncomfortable motions altogether;

5. All pending motions—including those raising integrity and misconduct concerns—were declared "moot."

A reasonable observer could question whether the dismissal functioned, at least in appearance, to avoid adjudicating motions that implicated the integrity of the proceedings and the Court's own reliance on disputed materials. Even if unintended, that appearance alone triggers § 455(a).

## C. Pattern of Non-Resolution of Integrity-Based Motions

The motions left unresolved were not collateral. They included allegations that:

- Counsel appearing before the Court was conflicted - tacitly confirmed by Jeffrey Robinson's partial withdrawal under procedural duress and subsequent Non-Appearance at the Court of Appeals;

- Materials submitted to the Court were tainted, fabricated, or perjurious;

- The Court had been asked to rely on foreign filings procured through misconduct including Judicial Misconduct now under investigation by the Canadian Judicial Council (Honourable Justice Akazaki, CJC no. 26-008);

- Evidence of cross-border criminal conduct including David Kideckel and Aram Simovonian's extortionate, coercive, and abusive communications, affecting the U.S. litigation had been presented.

Courts have repeatedly emphasized that issues concerning who may appear before the Court and what evidence may be relied upon are antecedent to merits adjudication. The repeated non-resolution of such motions creates an appearance that they will never be meaningfully addressed.

### D. Subsequent Developments Reinforce the Appearance Problem

After dismissal, Defendants' counsel took the extraordinary step of disclaiming representation at the appellate level while maintaining representation in this Court, and declined to appear before the Court of Appeals.

Without deciding the merits of that conduct, its unusual nature underscores the seriousness of the unresolved disqualification and authority issues—and reinforces why a reasonable observer could question whether the same judicial officer should revisit those matters on remand.

### E. Recusal Serves Judicial Economy and Institutional Integrity

Recusal here would not impugn prior rulings. It would:

- Allow unresolved threshold issues to be considered by a judicial officer without institutional entanglement;

- Promote confidence in the neutrality of any remand proceedings;

- Reduce the risk that further litigation becomes consumed by disputes over appearance rather than substance.

Under § 455(a), that is sufficient.

# III. CROSS-MOTION FOR INDICATIVE RULINGS PURSUANT TO FRAP 12.1

In the alternative, Plaintiff respectfully seeks indicative rulings under Federal Rule of Appellate Procedure 12.1 on specified, pending motions.

## A. Legal Framework

FRAP 12.1 authorizes a district court, while an appeal is pending, to state that it:

- Would grant a motion if the court of appeals remands; or

- Concludes the motion raises a substantial issue.

The rule exists to prevent procedural paralysis and to assist appellate courts in determining whether remand would be productive.

## B. Motions Requiring Indicative Rulings

Plaintiff seeks indicative rulings on the following motions, all filed prior to dismissal and never adjudicated on the merits:

1. Motion to Disqualify Jeffrey Robinson for dual representation;

2. Motion to Disqualify George Breen for adopting criminal conduct and fraud upon *two* tribunals, by client Aram Simovonian, and for sitting idle beside Jeffrey Robinson's fraud on *this* court.

3. Motion to Disqualify Phillips Lytle for benefitting from Jeffrey Robinson's fraud on the court;

4. Motions to Sanction counsel for dual representation and fraud on the court;

5. Motions to Sanction non-parties including Christopher Barraza, Ian Sinke, and Tony Antoniou for facilitating, defending, or benefitting from fraud on the court;

6. Motion to Strike tainted, perjured, and fabricated evidence;

7. Jurisdictional Discovery Request as to the FSIA Defendants;

8. Motions presenting evidence of cross-border criminal conduct by David Kideckel and Aram Simovonian;

9. Motion for Declaratory Relief under the SPEECH Act;

10. Motion for Targeted Limited Discovery as to Jeffrey Robinson's dual representation and fraud on this court;

11. Motion to Supplement Complaint invoking an independent federal question;

12. Motion to Lodge foreign transcripts under seal showing objectively the Ontario Superior Court's Judicial Misconduct  (now docketed under seal at the circuit);

Each raises antecedent issues concerning representation, evidentiary integrity, and the legitimacy of the record.[1]

## C. Indicative Rulings Would Aid the Court of Appeals

Indicative rulings would:

- Clarify whether remand would meaningfully narrow or resolve threshold disputes;

- Inform the Court of Appeals' consideration of reassignment;

- Avoid full merits briefing before foundational issues are addressed.

Even a statement that the motions raise "substantial issues" would materially assist appellate review.

## D. Continued Refusal to Address These Motions Would Itself Be Informative

If the Court declines to issue indicative rulings, that decision—while discretionary—would further confirm that these threshold issues remain unaddressed and unavailable for adjudication in this forum, reinforcing the need for appellate intervention.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

---

[1] The court further did not rule on ministerial non-substantive motions including those to serve process in accordance with The Hague Service Convention; appointment of Plaintiff's counsel from Pro Bono Panel; and to recaption the case to reflect the procedural reality.

1. DENY Defendants' motion for costs, or hold it in abeyance pending appeal;

2. GRANT Plaintiff's motion for recusal pursuant to 28 U.S.C. § 455(a);

3. IN THE ALTERNATIVE, issue indicative rulings under FRAP 12.1 on Plaintiff's pending threshold motions; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: February 9, 2026

Respectfully submitted,

Brent Kideckel

Plaintiff, pro se

PO Box 20901

Floral Park, NY 11002

brentkideckel@gmail.com

(917) 634-0637