**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL, | Civil Action No. 1:24-cv-02907 (CJN) |
| *Plaintiff,* | |
| v. | |
| FOREIGN NATION OF CANADA *et al.*, | |
| *Defendants.* | |

## DEFENDANTS DAVID KIDECKEL AND DAHLIA SAIBIL'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR RECUSAL AND FOR INDICATIVE RULING

On August 12, 2025, the Court dismissed this suit for lack of subject matter jurisdiction and disposed of 32 motions Plaintiff had filed in the ten months since he commenced the matter. ECF No. 145 at 1, 7 (the "Dismissal Order"). Finding that Plaintiff had engaged defendants, particularly David Kideckel ("D. Kideckel") and Dahlia Saibil ("Ms. Saibil"), in needless motion practice for the greater part of 2025, the Court ordered Plaintiff to show cause why his conduct had not violated Rule 11(b). *Id.* at 8. Following the parties' briefing on the issue of sanctions (ECF Nos. 146, 149), the Court found on January 18, 2026 that Plaintiff had, indeed, violated Rule 11 and that further filings in this case or involving these facts "would constitute harassment of the defendants and would amount to a waste of resources for both defendants and for this Court." ECF No. 157 at 7 (the "Sanctions Order"). The Court ordered Plaintiff to pay defendants' legal fees in the matter and barred him from making further filings related to these claims and parties. *Id.* at 8-9.

1

Plaintiff was not deterred. On February 9, 2026, he moved for recusal pursuant to 28 U.S.C. § 455(a) and an indicative ruling pursuant to Federal Rule of Appellate Procedure 12.1, revisiting a number of familiar claims—the purported misconduct of D. Kideckel and Ms. Saibil's counsel, the Canadian court's judgment "procured through misconduct," and a general narrative of "tainted" proceedings. ECF No. 165 (the "Motion").[1] Plaintiff's arguments are without merit, and the Motion should be denied.

## I.    <u>There is no Basis for Plaintiff to Seek Recusal</u>.

Only one issue—the award of attorneys' fees—remains before the Court, and recusal is not necessary for its resolution.[2]

When confronting a motion for recusal, "the Court must begin its analysis … with a presumption against disqualification." *United States v. Nixon*, 267 F. Supp. 3d 140, 147 (D.D.C. 2017) (quoting *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)). To overcome such a presumption pursuant to 28 U.S.C. § 455(a), the moving party must demonstrate the Court's reliance on an extrajudicial source "that creates an appearance of partiality." *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, 710 F. Supp. 77, 78 (D.D.C. 2010), *aff'd*, No. 10-7064, 2011 WL 1770464 (D.C. Cir. Apr. 4, 2011). This analysis is determined by an objective standard—

---

[1] The Motion also purports to oppose defendants' "motion for costs." Mot. at 1. There is no pending "motion for costs"; the issue of whether sanctions should attach was fully briefed and decided by the Court on January 16, 2026. *See* Sanctions Order at 4-9. Those arguments do not need to be revisited here. Plaintiff's reference to a "motion for costs" is conceivably an argument in opposition to D. Kideckel and Ms. Saibil's Statement of Attorney's Fees, submitted on January 26, 2026 pursuant to the Court's instruction. ECF No. 163. Plaintiff does not, however, contest the reasonableness of the fees claimed by D. Kideckel and Ms. Saibil, which is the only issue presently before the Court. To the extent Plaintiff argues that the award of fees should be held in abeyance, D. Kideckel and Ms. Saibil join the Reply in Support of Defendants' Motion for Costs (ECF No. 168) filed by defendants The City of Toronto and Detective David Wilson (together, the "Toronto Defendants"). As the Toronto Defendants argue, Plaintiff's arguments lack merit and Plaintiff should be ordered to pay reasonable attorneys' fees consistent with the Sanctions Order.

[2] To the extent Plaintiff argues that recusal is necessary for any remand proceedings, such arguments are premature. Plaintiff noticed the appeal of the Dismissal and Contempt Orders on January 18, 2026 (ECF No. 159), and the appeal itself has not even begun to be briefed. *See* Order, *Kideckel v. Foreign Nation of Canada, et al.*, Case No. 26-7006 (D.C.Cir. Jan. 23, 2026), ECF No. 215835.

whether a "reasonable and informed observer with full knowledge of all the facts and circumstances" would question the judge's impartiality. *Nixon*, 267 F. Supp. 3d at 147.

Here, Plaintiff argues that the "procedural sequence" suggests that the "dismissal functioned … to avoid adjudicating motions that implicated the integrity of the proceedings and the Court's own reliance on disputed materials." Mot. at 4-5. These are not grounds for recusal. As an initial matter, Plaintiff concedes that the purported appearance of prejudice is derived entirely from the proceedings, not an extrajudicial source. This, alone, dooms his request.[3] *See, e.g.*, *Pigford v. Johanns*, CIV. A. 97–1978 PLF, 2008 WL 205614, at *2 (D.D.C. Jan. 24, 2008) ("[T]he law is clear that any alleged partiality or appearance of partiality must result from knowledge or bias acquired outside judicial proceedings and not, as alleged here, from the court's previous rulings or decisions in the case."); *Tripp v. Exec. Off. of the President*, 104 F. Supp. 2d 30, 36 (D.D.C. 2000) (no basis for recusal because "materials were before the court in the course of fulfilling its judicial responsibilities" and "court's exposure to these materials is not properly characterized as 'extrajudicial'").

Moreover, Plaintiff's argument is not a "well-informed, thoughtful and objective" observation, but the musings of a "hypersensitive, cynical, and suspicious person." *Nixon*, 267 F. Supp. 3d at 148 (*quoting Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). Subject matter jurisdiction is a threshold issue—"inflexible and without exception" (*Kiakombua v. Wolf*, 498

---

[3] In rare cases, a demonstration of "deep-seated favoritism or antagonism that would make fair judgment impossible" may sustain a request for recusal where no extrajudicial source is involved. *Tripp v. Exec. Off. of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). Plaintiff does not point to any statements or conduct by the Court that would suggest a "deep-seated antagonism" toward him. Nor can he; "assessments relevant to the case, whether they are correct or not … do not demonstrate bias, even if they are expressions of impatience, dissatisfaction, or annoyance." *Ryan v. Fed. Bureau of Investigation*, 125 F. Supp. 3d 1, 3 (D.D.C. 2015) (quoting *United States v. Ciavarella*, 716 F.3d 705, 719 (3d Cir. 2013); *Jordan v. U.S. Dep't of Just.*, 315 F. Supp. 3d 584, 592 (D.D.C. 2018) (judge's admonishment of party and threats to sanction him "did not rise to the level of 'deep-seated favoritism or antagonism' that would warrant recusal"); *see also United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992) ("[R]emarks reflecting even strong views about a defendant will not call for a judge's recusal so long as those views are based on his own observations during the performance of his judicial duties.").

F.Supp.3d 1, 21 (D.D.C. 2020)—that must be resolved before all others. *See, e.g.*, *Valve Corp. v. Abbruzzese*, 2:24-CV-1717-JNW, 2025 WL 1397057 at *3 (W.D. Wash. May 14, 2025) (issue of subject matter jurisdiction "must be resolved before the Court can meaningfully address the various other procedural motions"). The Court's consideration of its judicial power, its analysis of the dispositive issue, and the ensuing dismissal of the case were proper. *See Jordan v. U.S. Dep't of Just.*, 315 F. Supp. 3d 584, 592 (D.D.C. 2018) (because procedure followed by judge was permissible, movant's allegations insufficient to reasonably question partiality). The dismissal was not, as Plaintiff baselessly claims, an attempt to "avoid" Plaintiff's many motions addressing the purported fraud or impropriety in this proceeding. *See, e.g.*, *Middlebrooks*, 710 F. Supp. at 79 (denying motion for recusal based on conclusory allegations that judge's rulings were "based upon considerations other than those contemporaneously set forth in the record"); *see generally Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 Fed. Appx 270, 275 (D.C. Cir. 2004) (district court's denial of motion for disqualification appropriate where movant presented only "bald allegations of bias or prejudice"). Quite the contrary; the Dismissal Order meticulously resolved Plaintiff's many outstanding motions, and the Sanctions Order denied Plaintiff's later-filed motion for *in camera* review of the Ontario transcript as moot. Dismissal Order at 9; Sanctions Order at 9. The Court appropriately dismissed the case and left nothing more to be resolved, and the Motion provides no objective basis to question the Court's impartiality in reaching these results.

"[J]udicial rulings alone almost never constitute a valid basis for bias or partiality motion" (*Middlebrooks*, 710 F. Supp. 2d at 79 (citing *Tripp*, 104 F. Supp. 2d at 34), and Plaintiff has failed to articulate any reason why a reasonable observer, armed with full information, would question the Court's impartiality in issuing the Dismissal and Sanctions Orders. The Motion should be

4

denied.

## II.        There is no Basis for Plaintiff to Seek Indicative Rulings.

Plaintiff's request for the Court to issue an indicative ruling on a number of motions that it purportedly "never adjudicated on the merits" (Mot. at 7) is likewise misguided because the Court has resolved all of Plaintiff's motions in this case.

Rule 62.1[4] of the Federal Rules of Civil Procedure states that if a motion is made in the district court "for relief that the court lacks authority to grant because of an appeal that has been docketed and pending, the court may … state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Central here is that there must be a pending motion in the lower court. *See, e.g.*, *United States v. Johnson*, 464 F.Supp.3d 22, 34 (D.D.C. 2020) (indicative ruling appropriate where incarcerated person's motion for compassionate relief could not be adjudicated by the lower court because his appeal challenging his conviction and sentence was pending); *Veman v. City of Easton*, 5:25-CV-00291-JLS, 2025 WL 3296302 at *2 (E.D. Pa. Nov. 26, 2025) (indicative ruling appropriate where district court did not have jurisdiction to rule on motion seeking to clarify order partially granting motion to dismiss because the order itself was on appeal).

The Motion purports to list various outstanding motions that would benefit from an indicative ruling, but there are, in fact, no unresolved motions on the docket. As detailed in the chart below, what Plaintiff purports to be pending motions have already been adjudicated by the Court:

---

[4] The Motion purports to move pursuant to Federal Rule of Appellate Procedure 12.1. That rule, however, is inapplicable here.

5

| Motion on which Plaintiff Requests Indicative Rulings | Motion that Likely Corresponds to Plaintiff's Requests | Disposition of the Motion |
|---|---|---|
| Motion to Disqualify Jeffrey Robinson for dual representation | Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics (ECF No. 52) | DENIED (ECF No. 145 at 7) |
| | Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 Against Jeffrey Robinson, Annika Conrad, Lewis Baach Kaufmann Middlemiss PLLC and Dahlia Saibil (ECF No. 96) | DENIED (ECF No. 145 at 7) |
| | Plaintiff's Motion to Compel Withdrawal of Terminated Counsel Jeffrey Robinson, to Clarify Scope of Prior § 1927 Motion, and to Impose Trebled Sanctions for Bad-Faith Conduct (ECF No. 122) | DENIED (ECF No. 145 at 7) |
| Motion to Disqualify George Breen for adopting criminal conduct and fraud upon two tribunals, by client Aram Simovonian, and for sitting idle beside Jeffrey Robinson's fraud on this court | Plaintiff's Motion to Disqualify Epstein Becker & Green, P.C., George Breen, and Elizabeth Harris, for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, and to Strike All Filings Ab Initio (ECF No. 117) | DENIED (ECF No. 145 at 7) |
| | Plaintiff's Motion to Compel Certification or Disavowal by George Breen and Epstein Becker & Green, P.C. (ECF No. 132) | DENIED (ECF No. 145 at 7) |
| Motion to Disqualify Phillips Lytle for benefitting from Jeffrey Robinson's fraud on the court | Plaintiff's Motion to Disqualify Christopher Barraza and Phillips Lytle LLP, for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority, and to Strike All Filings Ab Initio (ECF No. 116) | DENIED (ECF No. 145 at 7) |
| | Motion for Procedural Sanctions Against the City of Toronto and David Wilson and to Compel the Clarification of Representation by Phillips Lytle LLP (ECF No. 131) | DENIED (ECF No. 145 at 7) |
| Motions to Sanction counsel for dual representation and fraud on the court | *See* ECF Nos. 52, 96, 122 | DENIED (ECF No. 145 at 7) |

| Motions to Sanction non-parties including Christopher Barraza, Ian Sinke, and Tony Antoniou for facilitating, defending, or benefitting from fraud on the court | Plaintiff's Combined Motion for Non-Party Chambers Sanctions and Per Diem Sanctions for Adoption of Fraud, Bad Faith Litigation, and Litigation Hold Violations (ECF No. 144) | DENIED (ECF No. 145 at 7) |
|---|---|---|
| Motion to Strike tainted, perjured, and fabricated evidence | Plaintiff's Motion to Strike Defendant Aram Simovonian's Irrelevant and Prejudicial Filing (ECF No. 53) | DENIED AS MOOT (ECF No. 145 at 7) |
| | Plaintiff's Motion to Strike the April 16, 2025 Motion to Dismiss Filed by Conflicted Counsel (ECF No. 97) | DENIED AS MOOT (ECF No. 145 at 7) |
| Jurisdictional Discovery Request as to the FSIA Defendants | Plaintiff's Memorandum of Law in Opposition to David Wilson and the City of Toronto's Motion to Dismiss Under the Foreign Sovereign Immunities Act[5] (ECF No. 64) | David Wilson and the City of Toronto's Motion to Dismiss (ECF No. 25) was GRANTED (ECF No. 145 at 7) |
| Motions presenting evidence of cross-border criminal conduct by David Kideckel and Aram Simovonian | Plaintiff's Motion for Declaratory Relief (ECF No. 59) | DENIED AS MOOT (ECF No. 145 at 7) |
| | Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing (ECF No. 66) | DENIED AS MOOT (ECF No. 145 at 7) |
| | Plaintiff's Emergency Motion for Oral Argument and Protective Scheduling Relief (ECF No. 134) | DENIED AS MOOT (ECF No. 145 at 7) |
| Motion for Declaratory Relief under the SPEECH Act | *Not filed.*[6] | |

---

[5] Plaintiff did not formally move for jurisdictional discovery but asserted that it was "required" as to the Toronto Defendants when opposing their motion to dismiss. Providing Plaintiff, a *pro se* party, with certain leniency, this assertion is assumed to be the "jurisdictional discovery request" referenced in the Motion.

[6] Plaintiff claims to have moved for relief pursuant to the SPEECH Act to address defendants' purported reliance on a foreign judgment, but no such motion was ever filed. *See* Notice of Supplemental Facts, Exhibit 1, at 9 (ECF No. 154-1). Notably, it was Plaintiff, and not defendants, who submitted the foreign judgment in question to the Court. *See* Notice of Emergency Motion for Oral Argument and Protective Scheduling Relief (ECF Nos. 133, 134).

| Motion for Targeted Limited Discovery as to Jeffrey Robinson's dual representation and fraud on this court | Plaintiff's Motion for Targeted Discovery into Fraudulent Declarations and MTD Exhibits (ECF No. 81) | DENIED AS MOOT (ECF No. 145 at 7) |
|---|---|---|
| Motion to Supplement Complaint invoking an independent federal question | Plaintiff's Combined Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief Under Rule 60(b), with Leave to Amend Complaint, and OSC Response (ECF No. 146) | DENIED (ECF No. 157 at 4) |
| Motion to Lodge foreign transcripts under seal showing objectively the Ontario Superior Court's Judicial Misconduct (now docketed under seal at the circuit) | Plaintiff's Motion for Leave to Submit Ontario Court Transcript for In-Camera Review Under Seal (ECF No. 153) | DENIED AS MOOT (ECF No. 157 at 9) |

As none of these motions are outstanding, Plaintiff's request for an indicative ruling should be denied.

### III. Conclusion

For the reasons stated above, D. Kideckel and Dahlia Saibil respectfully request this Court deny Plaintiff's Cross-Motion for Recusal Pursuant to 28 U.S.C. §455(a) and for Indicative Rulings Pursuant to Federal Rule of Appellate Procedure 12.1 (With Leave if Required).

Dated: February 20, 2026

Respectfully submitted,

_/s/  Jeffrey D. Robinson_____

Jeffrey D. Robinson, D.C. Bar No. 376037
LEWIS BAACH KAUFMANN
MIDDLEMISS pllc
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Jeffrey.Robinson@lbkmlaw.com

Elizabeth Velez
LEWIS BAACH KAUFMANN
MIDDLEMISS pllc
115 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for Defendants David Kideckel and Dahlia Saibil*