IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

        Plaintiff,

    v.

FOREIGN NATION OF CANADA, *et al.*,

        Defendants.

Case No. 1:24-cv-02907-CJN

**DEFENDANT ARAM SIMOVONIAN'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a) AND INDICATIVE RULINGS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 12.1**

Defendant Aram Simovonian ("Defendant"), by counsel, respectfully submits this Opposition to Plaintiff's Cross-Motion for Recusal Pursuant to 28 U.S.C. § 455(a) and Indicative Rulings Pursuant to Federal Rule of Appellate Procedure 12.1 [Dkt. 165] ("Cross-Motion").[1]

As an initial matter, Plaintiff's Cross-Motion is both procedurally improper because the docket was closed as of August 12, 2025 and in direct violation of the Court's Order that Plaintiff be "barred from making additional filings in this action…without leave of the Court" [Dkt. 158].

---

[1] Plaintiff's Cross-Motion also seeks to "oppose" Defendant's Motion for Costs. *See id*. at 1-3. However, Defendant did not file a Motion for Costs—Defendant submitted a Statement of Attorneys' Fees [Dkt. 162], including a Bill of Costs and supporting declaration and invoices, per the Court's Memorandum Opinion and Order after Plaintiff failed to show cause as to why Rule 11(b) sanctions should not be imposed. *See* Dkt. 157 at 8-9; Dkt. 158. Plaintiff does not dispute— or even mention—the reasonableness of Defendant's claimed attorneys' fees. Instead, Plaintiff vaguely argues that the "motion" should be denied or held in abeyance while the appeal is pending. As to those arguments, Defendant joins in the Reply to Plaintiff's Opposition to Defendants' Motion for Costs filed by Defendants The City of Toronto and Detective David Wilson ("Toronto Defendants") [Dkt. 168]. For the same reasons stated in the Toronto Defendants' Reply, Plaintiff's arguments lack merit, and Defendant respectfully requests that Plaintiff be ordered to pay Defendant's reasonable attorneys' fees in accordance with the Court's Order.

No grounds exist for Plaintiff to be granted leave to file his Cross-Motion, nor has Plaintiff even attempted to demonstrate that leave to file should be granted beyond stating "(With Leave If Required)" in the title of his filing. Dkt. 165 at 1; *see, e.g.*, *Urb. v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (ordering that in seeking leave of court to file following injunction, *pro se* vexatious litigant was required to: certify that the claims he sought to present were new, not frivolous, and not taken in bad faith; caption his motion for leave "Application Pursuant to Court Order Seeking Leave to File"; and cite or affix of copy of the court's order to the motion); *see also Bishay v. Harris*, 668 F. Supp. 3d 9, 14 (D.D.C. 2023), *aff'd*, No. 23-5019, 2023 WL 6784306 (D.C. Cir. Oct. 6, 2023) (imposing identical requirements on *pro se* litigant seeking leave of court to file following injunction). The Cross-Motion should be denied for those reasons alone. Regardless, there is no basis to grant the relief requested, and Plaintiff's Cross-Motion should be denied on the merits.

## ARGUMENTS

### I.    There Is No Basis For Recusal Under 28 U.S.C. § 455(a).

A party may seek recusal of a judge "'in any proceeding in which his impartiality might reasonably be questioned.'" *SEC v. Loving Spirit Found, Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting 28 U.S.C. § 455(a)). A judge is "'presumed to be impartial[,]'" and, as such, the 28 U.S.C. § 455(a) analysis starts with a "'presumption against disqualification.'" *United States v. Nixon*, 267 F.Supp.3d 140, 147 (D.D.C. 2017) (quoting *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003) and *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010)). The District of Columbia Circuit applies an objective test to determine whether "'a reasonable and informed observer would question the judge's impartiality.'" *Loving Spirit Found, Inc.*, 392 F.3d at 493 (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001)). Absent an extrajudicial source, recusal based on judicial statements or rulings is warranted only in the rare circumstances of "deep-

seated favoritism or antagonism that would make fair judgment impossible." *Liteky v United States*, 510 U.S. 540, 555 (1994). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*; *see also Loving Spirit Found, Inc.*, 392 F.3d at 494 (holding that judicial rulings "virtually never provide a basis for recusal" and the Court could find "no case where this or any other federal court recused a judge based only on his or her rulings").

Here, Plaintiff's Cross-Motion does not come close to overcoming the presumption against disqualification and satisfying the objective standard required for recusal. Plaintiff identifies no statement, conduct, or behavior by the Court that would indicate favoritism or antagonism. Plaintiff also does not allege that the Court had a personal interest, extrajudicial influence, or an improper relationship with any defendant. Indeed, Plaintiff expressly disclaims any allegations of actual bias or improper conduct and relies solely on "appearance, sequence, and institutional posture." *See* Dkt. 165 at 4. As support for his argument, Plaintiff claims that the "procedural sequence" of the case—namely, the Court's dismissal of the action for lack of subject matter jurisdiction while Plaintiff's numerous "threshold motions" were pending "without substantive ruling"—warrants recusal under section 455(a).[2] *Id*. These arguments are both misguided and inaccurate.

*First*, contrary to Plaintiff's claim that his numerous motions seeking sanctions against the parties and their counsel and disqualification of counsel are "threshold motions," whether a court has subject matter jurisdiction is a threshold issue that "ordinarily must be addressed before the merits of the case are reached." *William Penn Apartments v. D.C. Ct. of Appeals*, 39 F. Supp. 3d

---

[2] Plaintiff also argues that because counsel for Defendants David Kideckel and Dahlia Saibil "took the extraordinary step of disclaiming representation at the appellate level while maintaining representation in this Court[,]" this somehow supports recusal. Dkt. 165 at 6. In no way does this call the Court's impartiality into question, and Plaintiff's argument should be disregarded.

11, 15 (D.D.C. 2014) (citations omitted). Far from serving as a means for the Court to "avoid adjudicating motions," the Court's dismissal for lack of subject matter jurisdiction was appropriately decided at the outset of the case and correctly terminated any further proceedings.

*Second*, none of Plaintiff's motions remain pending without substantive ruling. The Court, acknowledging that Plaintiff's motions for sanctions and disqualification "could in theory remain operative notwithstanding [the] dismissal" for lack of subject matter jurisdiction, considered the motions and ***denied*** them because Plaintiff had failed to demonstrate the existence of any conflicts of interest or ethical violations, or that sanctions against the defendants or their counsel were warranted. Dkt. 145 at 5-7 (denying Dkts. 52, 96, 116, 117, 122, 131, 132, and 144). Plaintiff's remaining motions—Dkts. 12, 13, 14, 19, 20, 39, 53, 54, 57, 59, 60, 62, 63, 66, 69, 78, 80, 81, 97, 103, and 134—were correctly denied as moot as there were no other issues pending before the Court other than the Court's order to Plaintiff to show cause as to why Rule 11(b) sanctions should not be imposed for his vexatious conduct and "cartoonishly frivolous" motions practice. *Id*. at 7-8; *see also* Dkt. 169 at 6-8 (demonstrating that none of Plaintiff's motions remain unresolved).

Inaccuracies aside, Plaintiff's arguments rest solely on the Court's judicial rulings. However, judicial rulings alone are "almost never" grounds to warrant recusal, and Plaintiff's Cross-Motion is wholly devoid of any objective evidence from an extrajudicial source needed to warrant recusal. Plaintiff has not overcome the presumption against disqualification or satisfied the requisite objective standard, and his request for recusal must be denied.

## II.    There Is No Basis For Indicative Rulings Under Rule 12.1 or Rule 62.1.

A party may invoke Federal Rule of Civil Procedure 62.1[3] when a "[district] court has lost jurisdiction over a case because it has been docketed for appeal, and therefore cannot entertain

---

[3] Plaintiff incorrectly bases his Cross-Motion on Federal Rule of Appellate Procedure 12.1, which is not triggered unless the district court first issues an indicative statement under Rule 62.1. *See*

motions." *See Comm. on Oversight & Gov't Reform, United States House of Representatives v. Sessions*, 344 F. Supp. 3d 1, 7, n.4 (D.D.C. 2018). More specifically, Rule 62.1 allows a district court to make an indicative ruling on a motion while an appeal is pending, offering three choices: "(1) defer considering the motion; (3) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Rule 62.1 "exists to "promote judicial efficiency and fairness"— for example, where an indicative ruling would obviate the need for an appeal." *AIDS Vaccine Advocacy Coal. v. United States Dep't of State*, No. CV 25-00400 (AHA), 2025 WL 1380421, at *2 (D.D.C. May 13, 2025) (quoting *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015)).

Here, not only is Plaintiff's Cross-Motion procedurally improper because he failed to follow proper procedures under Rule 62.1 and Rule 12.1, his requested relief also rests on the erroneous assertion that the motions he filed before the case was dismissed for lack of subject matter jurisdiction were "never adjudicated on the merits." Dkt. 165 at 7. That assertion is plainly wrong because, as detailed above, the Court has already adjudicated Plaintiff's numerous motions for sanctions and disqualification, leaving no unresolved motions pending before this Court for purposes Rule 62.1.

In addition, Plaintiff cites no credible authority, evidence, or judicial error to justify his request that the Court issue "[e]ven a statement that the motions raise 'substantial issues.'" Dkt. 165 at 9. His request is nothing more than a baseless attempt to re-litigate frivolous and meritless motions that have already been decided and denied by the Court, and forcing Defendant to engage

---

Fed. R. App. P. 12.1(a)-(b). Instead, Rule 62.1 governs a party's request for an indicative ruling while an appeal is pending.

is more "pointless motions practice," [Dkt. 145 at 7], "would not promote judicial efficiency or fairness." *Amarin*, 139 F. Supp. 3d at 447 (citation omitted). Accordingly, Plaintiff's request for indicative rulings must be denied.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Cross-Motion.

Dated: February 23, 2026

Respectfully submitted,

*/s/ George B. Breen*
George B. Breen (Bar No. 428665)
Elizabeth A. Harris (Bar No. 1615589)
**Epstein Becker & Green, P.C.**
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
EHarris@ebglaw.com

*Attorneys for Defendant Aram Simovonian*