UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT KIDECKEL,

    Plaintiff,

v.                                                                    Civ. A. No. 24-2907 (CJN)

CANADA, et al.,

    Defendants.

**TORONTO DEFENDANTS' OPPOSITION TO PLANTIFF'S "CROSS-MOTION FOR RECUSAL" AND "CROSS-MOTION FOR INDICATIVE RULINGS PURSUANT TO FRAP 12.1"**

Defendants the City of Toronto and Detective David Wilson (collectively, the "Toronto Defendants") submit this opposition in response to Plaintiff's "Cross-Motion for Recusal Pursuant to 28 U.S.C. § 455(a)" and "Cross-Motion for Indicative Rulings Pursuant to FRAP 12.1." (Dkt. 165).

Plaintiff moves for relief pursuant to 28 U.S.C. § 455(a), seeking the recusal of Justice Nichols in this action on the grounds that the Court's alleged delay in ruling on his motions and its ultimate disposition of those motions demonstrate bias warranting disqualification. In the alternative, Plaintiff seeks relief under Federal Rules of Appellate Procedure 12.1 for an indicative ruling. The cross-motions should be denied for several reasons.

As a preliminary matter, Plaintiff has been barred from making additional filings in this action without prior leave of Court. (Dkt. 158). On that basis alone, Plaintiff's cross-motions should be denied.

Even assuming, arguendo, that the Court decides to consider Plaintiff's motions, Plaintiff's cross-motions lack merit and should be denied. The Court's rulings and perceived delays are insufficient to establish a claim of extrajudicial bias or the appearance of partiality under 28 U.S.C. § 455(a). *See Klayman v. Jud. Watch, Inc.*, 278 F. Supp. 3d 252, 257-258 (D.D.C. 2017); *Simon v. U.S. Dep't of Just.*, No. 16-5031, 2016 WL 3545484, at *1 (D.C. Cir. June 10, 2016) (affirming denial of motion for disqualification because appellant had "not alleged any basis for finding that the district judge had any personal bias against him, or that the judge's impartiality could reasonably be questioned").

Finally, considering that all of Plaintiff's motions have been adjudicated, there is no basis for an indicative ruling. (*See* Dkt. 157, 158, 145). In any event, issuing such ruling "would not promote judicial efficiency or fairness; to the contrary, it would 'only interrupt[] the appellate process.'" *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015) (alteration in original) (quoting *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013)).

Accordingly, the Court should deny Plaintiff's cross-motions.

| | |
|---|---|
| Dated: Washington, D.C.<br>February 23, 2026 | PHILLIPS LYTLE LLP<br><br>By: */s/ Natalia Marte*<br>Natalia Marte (9006283)<br>Attorney for Defendants<br>*The City of Toronto and David Wilson*<br>601 Pennsylvania Avenue NW<br>South Building, Suite 900<br>Washington, DC 20004<br>(202) 617-2712<br>nmarte@phillipslytle.com |