APPEAL,CLOSED,E−NTC,JURY,LTFREQ,PROSE−NP,TYPE−F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:24−cv−02907−CJN

KIDECKEL v. FOREIGN NATION OF CANADA et al
Assigned to: Judge Carl J. Nichols
Case in other court: USCA, 26−07006
USCA, 26−07172
Cause: 28:1605A Foreign Sovereign Immunities Act

Date Filed: 10/15/2024
Date Terminated: 08/12/2025
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Federal Question

**Plaintiff**

**BRENT KIDECKEL** represented by **BRENT KIDECKEL**
P.O. BOX 20901
Floral Park, NY 11002
917−634−0637
Email: Brentkideckel@gmail.com
PRO SE

V.

**Defendant**

**FOREIGN NATION OF CANADA**

**Defendant**

**DOUG DOWNEY**
*Attorney General of Ontario*

**Defendant**

**PROVINCE OF ONTARIO CANADA**

**Defendant**

**CITY OF TORONTO CANADA** represented by **Christopher D. Barraza**
DORSEY & WHITNEY LLP
1301 Avenue of the Americas
New York, NY 10019
212−415−9200
Email: Barraza.Christopher@dorsey.com
*TERMINATED: 04/17/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua S. Glasgow**
PHILLIPS LYTLE LLP
125 Main Street
One Canalside
Buffalo, NY 14203
716−847−8400

Fax: 716−852−6100
Email: jglasgow@phillipslytle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natalia Marte**
601 Pennsylvania Avenue NW
South Building
Suite 900
Washington, DC 20004
202−617−2700
Email: natalia.marte@ogletreedeakins.com
*TERMINATED: 04/03/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID J.N. WILSON** represented by **Christopher D. Barraza**
(See above for address)
*TERMINATED: 04/17/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua S. Glasgow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Natalia Marte**
(See above for address)
*TERMINATED: 04/03/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID KIDECKEL** represented by **Jeffrey D. Robinson**
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1050 K Street, N.W.
Suite 400
Washington, DC 20001
202−833−8900
Email: jeffrey.robinson@lbkmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAHLIA SAIBIL** represented by **Jeffrey D. Robinson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ARAM SIMOVONIAN** represented by **George Bradley Breen**
EPSTEIN, BECKER & GREEN, P.C
1227 25th Street, N.W.
Suite 7th Floor
Washington, DC 20037
202−861−1823
Fax: 202−861−3523
Email: gbreen@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D. Robinson**
(See above for address)
*TERMINATED: 03/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Harris**
EPSTEIN BECKER & GREEN, PC
1227 25th St NW
Ste 700
Washington, DC 20037
202−861−0900
Fax: 202−296−2882
Email: eharris@ebglaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GARY CAPLAN**
*TERMINATED: 12/08/2024*

**Defendant**

**IAN SINKE**
*TERMINATED: 12/08/2024*

**Defendant**

**JOHN DOE 1−15**

**Defendant**

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**
*USCIS*
*TERMINATED: 02/18/2025*

represented by **Kristen J. Rees**
DOJ−USAO
601 D Street, NW
Washinton, DC 20530
(956) 706−6897
Email: kristen.rees@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2024 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405, receipt number 208346) with Jury Demand filed by BRENT KIDECKEL. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(zdp) (Entered: 10/16/2024) |
| 10/15/2024 | | Summons (11) Issued as to GARY CAPLAN, CITY OF TORONTO CANADA, DOUG DOWNEY, FOREIGN NATION OF CANADA, JOHN DOE 1−15, DAVID KIDECKEL, PROVINCE OF ONTARIO CANADA, DAHLIA SAIBIL, ARAM SIMOVONIAN, IAN SINKE, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DAVID J.N. WILSON. (zdp) (Entered: 10/16/2024) |
| 10/15/2024 | 2 | NEW Pro Se Consent To Receive Notices of Electronic Filing by BRENT KIDECKEL (zdp) (Entered: 10/16/2024) |
| 11/15/2024 | 3 | AFFIDAVIT REQUESTING FOREIGN MAILING as to FOREIGN NATION OF CANADA and PROVINCE OF ONTARIO CANADA by BRENT KIDECKEL. (zdp) (Entered: 11/15/2024) |
| 11/15/2024 | 4 | Summons (2) Issued as to FOREIGN NATION OF CANADA, PROVINCE OF ONTARIO CANADA. (Attachments: # 1 Notice and Consent)(zdp) (Entered: 11/15/2024) |
| 11/15/2024 | 5 | REQUEST from BRENT KIDECKEL for the Clerk to dispatch for mailing one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3). (See docket entry 3 to view to document) (zdp) (Entered: 11/15/2024) |
| 11/15/2024 | 6 | CERTIFICATE OF CLERK dispatching one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state on 11/15/2024, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3). (Attachments: # 1 Waybill) (zdp) (Entered: 11/15/2024) |
| 12/08/2024 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID KIDECKEL served on 12/8/2024, answer due 12/29/2024 (zdp) Modified docket text on 12/13/2024 (zdp). (Entered: 12/10/2024) |
| 12/08/2024 | 8 | AFFIDAVIT FOR DEFAULT by BRENT KIDECKEL. (zdp) (Entered: 12/10/2024) |
| 12/08/2024 | 10 | NOTICE OF Partial Dismissal of Defendants Ian Sinke and Gary Caplan by BRENT KIDECKEL (zdp) (Entered: 12/12/2024) |
| 12/08/2024 | 11 | WITHDRAWN PURSUANT TO NOTICE FILED 2/18/2025.....Ex Parte, MOTION for Leave to Serve Defendant Aram Simovonian by BRENT KIDECKEL. (zdp) Modified on 2/19/2025 (zdp). (Entered: 12/12/2024) |
| 12/08/2024 | 12 | REQUEST FOR SUBPOENAS TO ISSUE. (zdp) (Entered: 12/13/2024) |
| 12/10/2024 | 9 | MILITARY AFFIDAVIT re 8 Affidavit for Default by BRENT KIDECKEL. (zdp) (Entered: 12/12/2024) |
| 12/13/2024 | 13 | MOTION for Entry of Default by BRENT KIDECKEL. (zdp) (Entered: 12/16/2024) |
| 12/13/2024 | 14 | Ex Parte, MOTION for Leave to Serve by BRENT KIDECKEL. (zdp) (Entered: 12/16/2024) |

| | | |
|---|---|---|
| 12/13/2024 | 15 | AFFIDAVIT REQUESTING FOREIGN MAILING by BRENT KIDECKEL. (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | | SUMMONS (1) REISSUED as to DAVID J.N. WILSON (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | 16 | REQUEST from BRENT KIDECKEL for the Clerk to effect service of one copy of the summons and complaint, together with a translation of each into the official language of the foreign state, by FED EX to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(b)(3)(B). (See docket entry 15 to view document) (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | 17 | CERTIFICATE OF CLERK dispatching one copy of the summons and complaint, together with a translation of each into the official language of the foreign state on 12/16/2024, by FED EX to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(b)(3)(B). (Attachments: # 1 Waybill) (zdp) (Entered: 12/16/2024) |
| 12/16/2024 | 18 | MOTION to Dismiss by UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. (Rees, Kristen) (Entered: 12/16/2024) |
| 12/19/2024 | 19 | Ex Parte, MOTION to Amend/Correct 11 MOTION for Leave to File by BRENT KIDECKEL. (zdp) (Entered: 12/20/2024) |
| 12/19/2024 | 20 | Ex Parte, MOTION to Amend/Correct 14 MOTION for Leave to File by BRENT KIDECKEL. (zdp) (Entered: 12/20/2024) |
| 12/20/2024 | 21 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID KIDECKEL served on 10/18/2024, answer due 11/8/2024 (zdp) (Entered: 12/23/2024) |
| 12/23/2024 | 22 | ENTERED IN ERROR.....Memorandum in opposition to re 13 Motion for Entry of Default filed by DAVID KIDECKEL. (Attachments: # 1 Declaration Declaration of David Kideckel in Support of his Opposition to Plaintiff's Motion for Entry of Default)(Lewis, Eric) Modified on 12/26/2024 (zdp). (Entered: 12/23/2024) |
| 12/26/2024 | | NOTICE OF ERROR regarding 22 Memorandum in Opposition,. The following error(s) need correction: Invalid attorney signature− signature on document must match PACER login. Please refile. (zdp) (Entered: 12/26/2024) |
| 12/26/2024 | 23 | Memorandum in opposition to re 13 Motion for Entry of Default filed by DAVID KIDECKEL. (Attachments: # 1 Declaration Declaration of David Kideckel in Support of his Opposition to Plaintiff's Motion for Entry of Default)(Robinson, Jeffrey) (Entered: 12/26/2024) |
| 01/09/2025 | 24 | NOTICE of Appearance by Christopher D. Barraza on behalf of CITY OF TORONTO CANADA, DAVID J.N. WILSON (Barraza, Christopher) (Entered: 01/09/2025) |
| 01/09/2025 | 25 | MOTION to Dismiss by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Barraza, Christopher) (Entered: 01/09/2025) |
| 01/10/2025 | 26 | WITHDRAWN PURSUAMT TO NOTICE FILED ON 6/18/2025.....Ex Parte, MOTION to Appoint Counsel by BRENT KIDECKEL. (zdp) Modified on 6/20/2025 (zdp). (Entered: 01/14/2025) |
| 01/11/2025 | 28 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 25 Motion to Dismiss filed by BRENT KIDECKEL. (zdp) (Entered: 01/14/2025) |
| 01/11/2025 | 29 | REPLY to opposition to motion re 13 Motion for Entry of Default filed by BRENT KIDECKEL. (zdp) (Entered: 01/14/2025) |
| 01/11/2025 | 30 | SUPPLEMENTAL MEMORANDUM to re 29 Reply to opposition to Motion filed by BRENT KIDECKEL. (zdp) (Entered: 01/14/2025) |
| 01/13/2025 | 31 | AFFIDAVIT REQUESTING FOREIGN MAILING under FRCP 4(f)(2)(C)(ii) by BRENT KIDECKEL. (Attachments: # 1 Letter)(mg) (Entered: 01/16/2025) |
| 01/13/2025 | 34 | AFFIDAVIT REQUESTING FOREIGN MAILING under FRCP 4(f)(2)(C)(ii) by BRENT KIDECKEL. (Attachments: # 1 Letter)(mg) (Attachment 1 replaced on 1/16/2025) (mg). (Entered: 01/16/2025) |
| 01/14/2025 | 27 | SUMMONS (2) ReIssued Electronically as to DAHLIA SAIBIL, ARAM SIMOVONIAN. (Attachments: # 1 Summons, # 2 Notice and Consent)(zdp) (Entered: 01/14/2025) |
| 01/16/2025 | 32 | REQUEST for the Clerk from Plaintiff to dispatch for mailing one copy of the summons and complaint upon ARAM SIMOVONIAN by FedEx, pursuant to FRCP 4(f)(2)(C)(ii). (See docket entry 31 to view document). (mg) (Entered: 01/16/2025) |
| 01/16/2025 | 33 | CERTIFICATE OF CLERK dispatching one copy of the summons and complaint on 1/16/2025 upon ARAM SIMOVONIAN by FedEx pursuant to FRCP 4(f)(2)(C)(ii). (Attachments: # 1 Waybill) (mg) (Entered: 01/16/2025) |
| 01/16/2025 | 35 | WITHDRAWN PURSUANT TO NOTICE FILED 1/24/2025.....REQUEST for the Clerk from Plaintiff to dispatch for mailing one copy of the summons and complaint upon DAHLIA SAIBIL by FedEx, pursuant to FRCP 4(f)(2)(C)(ii). (See docket entry 34 to view document). (mg) Modified on 1/27/2025 (zdp). (Entered: 01/16/2025) |
| 01/16/2025 | 36 | CERTIFICATE OF CLERK dispatching one copy of the summons and complaint on 1/16/2025 upon DAHLIA SAIBIL by FedEx pursuant to FRCP 4(f)(2)(C)(ii). (Attachments: # 1 Waybill) (mg) (Entered: 01/16/2025) |
| 01/18/2025 | 38 | NOTICE OF INTENT TO OPPOSE re 18 MOTION to Dismiss by BRENT KIDECKEL (zdp) Modified docket text on 1/23/2025 (zdp). (Entered: 01/22/2025) |
| 01/21/2025 | 37 | REPLY to opposition to motion re 18 Motion to Dismiss filed by UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. (Rees, Kristen) (Entered: 01/21/2025) |
| 01/21/2025 | 39 | MOTION for Default Judgment as to DAVID KIDECKEL, MOTION for Summary Judgment by BRENT KIDECKEL. (zdp) (Entered: 01/22/2025) |
| 01/23/2025 | 40 | RESPONSE re 39 MOTION for Default Judgment as to MOTION for Summary Judgment filed by DAVID KIDECKEL. (Robinson, Jeffrey) (Entered: 01/23/2025) |
| 01/23/2025 | 41 | WAIVER OF SERVICE. DAHLIA SAIBIL waiver sent on 1/16/2025, answer due 4/16/2025. (zdp) (Entered: 01/23/2025) |
| 01/24/2025 | 42 | NOTICE OF WITHDRAWAL OF REQUEST by BRENT KIDECKEL re 35 Request−FRCP 4(f)(2)(C)(ii) − DHL (zdp) (Entered: 01/27/2025) |
| 02/05/2025 | 43 | |

| | | |
|---|---|---|
| | | NOTICE of Partial Dismissal of Defendants Canada, Downey and Ontario by BRENT KIDECKEL. (zdp) (Entered: 02/05/2025) |
| 02/18/2025 | 44 | NOTICE OF WITHDRAWAL OF MOTION by BRENT KIDECKEL re 11 MOTION for Leave to File (zdp) (Entered: 02/19/2025) |
| 02/18/2025 | 45 | NOTICE of Voluntary Partial Dismissal of USCIS by BRENT KIDECKEL. (zdp) (Entered: 02/19/2025) |
| 02/23/2025 | 46 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ARAM SIMOVONIAN served on 2/23/2025, answer due 3/16/2025 (zdp) (Entered: 02/26/2025) |
| 03/08/2025 | 47 | NOTICE Seeking Clarification by BRENT KIDECKEL (zdp) (Entered: 03/10/2025) |
| 03/10/2025 | 48 | MOTION to Dismiss by DAVID KIDECKEL, ARAM SIMOVONIAN. (Attachments: # 1 Memorandum in Support Memorandum of Points and Authorities in Support of Aram Simovonian's Motion to Dismiss, # 2 Exhibit Aram Simovonian's Motion to Dismiss, # 3 Exhibit Canadian Case Law)(Robinson, Jeffrey) (Entered: 03/10/2025) |
| 03/10/2025 | 49 | NOTICE *Praecipe Regarding Aram Simovonian's Motion to Dismiss* by ARAM SIMOVONIAN re 48 Motion to Dismiss, (Robinson, Jeffrey) (Entered: 03/10/2025) |
| 03/11/2025 | 50 | NOTICE Seeking Clarification by BRENT KIDECKEL (zdp) (Entered: 03/12/2025) |
| 03/11/2025 | 51 | NOTICE of Intent to Oppose re 48 MOTION to Dismiss by BRENT KIDECKEL (zdp) Modified docket text on 3/14/2025 (zdp). (Entered: 03/12/2025) |
| 03/11/2025 | 52 | Emergency MOTION to Disqualify Opposing Counsel by BRENT KIDECKEL. (zdp) Modified docket text on 3/12/2025 (zdp). (Entered: 03/12/2025) |
| 03/13/2025 | 53 | MOTION to Strike 48 MOTION to Dismiss by BRENT KIDECKEL. (zdp) (Entered: 03/14/2025) |
| 03/14/2025 | 54 | MOTION to Amend/Correct Case Caption by BRENT KIDECKEL. (zdp) Modified docket text on 3/14/2025 (zdp). (Entered: 03/14/2025) |
| 03/14/2025 | 55 | RESPONSE re 47 Notice (Other) *to Plaintiff's Notice Seeking Clarification of Defendant Aram Simovonian's Law Firm Affiliation* filed by ARAM SIMOVONIAN. (Robinson, Jeffrey) (Entered: 03/14/2025) |
| 03/14/2025 | 57 | REQUEST FOR SUBPOENAS TO ISSUE by BRENT KIDECKEL. (Attachment: # 1 Subpoena)(zsl) (Entered: 03/18/2025) |
| 03/17/2025 | 56 | NOTICE of Appearance by Natalia Marte on behalf of CITY OF TORONTO CANADA, DAVID J.N. WILSON (Marte, Natalia) (Entered: 03/17/2025) |
| 03/17/2025 | 59 | MOTION Declaratory Relief by BRENT KIDECKEL. (zdp) (Entered: 03/20/2025) |
| 03/18/2025 | 60 | MOTION to Take Judicial Notice by BRENT KIDECKEL. (zdp) (Entered: 03/20/2025) |
| 03/18/2025 | 61 | NOTICE of Attempt to Confer by BRENT KIDECKEL (zdp) (Entered: 03/20/2025) |
| 03/19/2025 | 58 | RESPONSE re 50 Notice (Other) *Response to Plaintiff's Notice Seeking Clarification on Prefix of David Michael Kideckel* filed by DAVID KIDECKEL. (Robinson, Jeffrey) (Entered: 03/19/2025) |

| | | |
|---|---|---|
| 03/19/2025 | 62 | Ex Parte, MOTION for CM/ECF Password by BRENT KIDECKEL. (zdp) (Entered: 03/20/2025) |
| 03/21/2025 | 63 | MOTION to Compel by BRENT KIDECKEL. (zdp) (Entered: 03/24/2025) |
| 03/22/2025 | 64 | SUPPLEMENTAL MEMORANDUM to re 28 Memorandum in Opposition filed by BRENT KIDECKEL. (zdp) (Entered: 03/24/2025) |
| 03/24/2025 | 65 | NOTICE OF Emergency Filing by BRENT KIDECKEL (zdp) (Entered: 03/24/2025) |
| 03/24/2025 | 66 | EMERGENCY MOTION for Temporary Restraining Order, MOTION for Hearing, MOTION for Discovery by BRENT KIDECKEL. (zdp) (Entered: 03/24/2025) |
| 03/24/2025 | 69 | Cross MOTION for Leave to File Supplement Complaint by BRENT KIDECKEL. (Attachments: # 1 Exhibit)(zdp) (Entered: 03/26/2025) |
| 03/24/2025 | 70 | Memorandum in opposition to re 48 Motion to Dismiss, filed by BRENT KIDECKEL. (See docket entry 69 to view document) (zdp) (Entered: 03/26/2025) |
| 03/25/2025 | 67 | NOTICE OF SUBSTITUTION OF COUNSEL by George Bradley Breen on behalf of ARAM SIMOVONIAN Substituting for attorney Jeffrey D. Robinson (Breen, George) (Entered: 03/25/2025) |
| 03/25/2025 | 68 | Memorandum in opposition to re 52 Motion to Disqualify Counsel *David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Motion to Disqualify Opposing Counsel for Conflict of Interest and Bad Faith Litigation Tactics* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Declaration Declaration of Jeffrey D. Robinson, # 2 Declaration Declaration of Aram Simovonian)(Robinson, Jeffrey) (Entered: 03/25/2025) |
| 03/25/2025 | 71 | SUPPLEMENTAL MEMORANDUM to re 28 Memorandum in Opposition filed by BRENT KIDECKEL. (zdp) (Entered: 03/26/2025) |
| 03/26/2025 | 72 | Plaintiff STATUS REPORT by BRENT KIDECKEL. (zdp) (Entered: 03/26/2025) |
| 03/27/2025 | 73 | Memorandum in opposition to re 53 Motion to Strike filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 03/27/2025) |
| 03/27/2025 | 76 | REPLY to opposition to motion re 52 Motion to Disqualify Counsel filed by BRENT KIDECKEL. (zdp) (Entered: 03/28/2025) |
| 03/28/2025 | 74 | RESPONSE re 60 MOTION to Take Judicial Notice *Opposition to Motion* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 03/28/2025) |
| 03/28/2025 | 75 | RESPONSE re 59 MOTION Declaratory Relief *Opposition to Motion* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 03/28/2025) |
| 03/28/2025 | 77 | NOTICE Regarding Ethical Certification by BRENT KIDECKEL (zdp) (Entered: 03/28/2025) |
| 03/31/2025 | 78 | MOTION to Hold in Abeyance re 66 MOTION for Temporary Restraining Order MOTION for Hearing MOTION for Discovery by BRENT KIDECKEL. (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 79 | |

| | | |
|---|---|---|
| | | NOTICE of Non−Opposition by BRENT KIDECKEL re 54 Motion to Amend/Correct (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 80 | MOTION for Order for Resolution re 52 Emergency MOTION to Disqualify Opposing Counsel by BRENT KIDECKEL. (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 81 | MOTION for Discovery by BRENT KIDECKEL. (zdp) (Entered: 03/31/2025) |
| 03/31/2025 | 82 | REPLY to opposition to motion re 69 Motion for Leave to File *70 Memorandum in Opposition to Motion to Dismiss* filed by ARAM SIMOVONIAN. (Attachments: # 1 Exhibit A)(Breen, George) (Entered: 03/31/2025) |
| 04/01/2025 | 83 | REPLY to opposition to motion re 25 Motion to Dismiss *Reply to Plaintiff's Opposition* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 04/01/2025) |
| 04/01/2025 | 84 | NOTICE *of Joinder in Toronto Defendants' Opposition to Plaintiff's Motion for Declaratory Relief* by ARAM SIMOVONIAN re 75 Response to motion (Breen, George) (Entered: 04/01/2025) |
| 04/04/2025 | 85 | Memorandum in opposition to re 63 Motion to Compel *David Kideckel's Opposition to Plaintiff's Motion to Compel Consistent, Accurate, and Legally Recognizable Party Identification in Pleadings and Filings for David Michael Kideckel* filed by DAVID KIDECKEL. (Robinson, Jeffrey) (Entered: 04/04/2025) |
| 04/04/2025 | 86 | NOTICE *of Joinder in Defendant David Kideckels Opposition to Plaintiffs Motion to Compel Consistent, Accurate, and Legally Recognizable Party Identification in Pleadings and Filings for David Michael Kideckel* by ARAM SIMOVONIAN re 85 Memorandum in Opposition, (Breen, George) (Entered: 04/04/2025) |
| 04/07/2025 | 87 | Memorandum in opposition to re 66 Motion for TRO, Motion for Hearing, Motion for Discovery *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order, Limited Discovery, and Request for Expedited Hearing* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 04/07/2025) |
| 04/07/2025 | 88 | Memorandum in opposition to re 66 Motion for TRO, Motion for Hearing, Motion for Discovery filed by ARAM SIMOVONIAN. (Breen, George) (Entered: 04/07/2025) |
| 04/08/2025 | 89 | NOTICE OF Ongoing Prejudice by BRENT KIDECKEL (zdp) (Entered: 04/08/2025) |
| 04/08/2025 | 90 | REPLY to opposition to motion re 66 Motion for TRO, Motion for Hearing, Motion for Discovery filed by BRENT KIDECKEL. (zdp) (Entered: 04/08/2025) |
| 04/11/2025 | 91 | RESPONSE re 77 Notice (Other) filed by ARAM SIMOVONIAN. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Declaration of George B. Breen in Support)(Breen, George) (Entered: 04/11/2025) |
| 04/14/2025 | 92 | Memorandum in opposition to re 81 Motion for Discovery *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Motion for Targeted Discovery Into Fraudulent Declarations and MTD Exhibits* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 04/14/2025) |
| 04/14/2025 | 93 | Memorandum in opposition to re 81 Motion for Discovery filed by ARAM SIMOVONIAN. (Breen, George) (Entered: 04/14/2025) |

| | | |
|---|---|---|
| 04/16/2025 | 94 | MOTION to Dismiss by DAHLIA SAIBIL. (Attachments: # 1 Memorandum in Support Defendant Dahlia Saibil's Motion to Dismiss, # 2 Exhibit Canadian Case Law)(Robinson, Jeffrey) (Entered: 04/16/2025) |
| 04/17/2025 | 95 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CITY OF TORONTO CANADA, DAVID J.N. WILSON. Attorney Christopher D. Barraza terminated. (Marte, Natalia) (Entered: 04/17/2025) |
| 04/18/2025 | 96 | MOTION for Sanctions by BRENT KIDECKEL. (zdp) (Entered: 04/18/2025) |
| 04/18/2025 | 97 | MOTION to Strike 94 MOTION to Dismiss by BRENT KIDECKEL. (zdp) (Entered: 04/18/2025) |
| 04/18/2025 | 98 | SUPPLEMENTAL MEMORANDUM to re 13 MOTION for Entry of Default filed by BRENT KIDECKEL. (zdp) (Entered: 04/18/2025) |
| 04/21/2025 | 99 | REPLY to opposition to motion re 81 Motion for Discovery filed by BRENT KIDECKEL. (znmw) (Entered: 04/23/2025) |
| 04/21/2025 | 100 | STATUS REPORT by BRENT KIDECKEL. (znmw) (Entered: 04/23/2025) |
| 04/25/2025 | 101 | NOTICE OF Correction by BRENT KIDECKEL (zdp) (Entered: 04/28/2025) |
| 04/25/2025 | 102 | NOTICE OF SUPPLEMENTAL AUTHORITY to re 28 Memorandum in Opposition filed by BRENT KIDECKEL. (zdp) Modified docket text on 5/6/2025 (zdp). (Entered: 04/28/2025) |
| 04/25/2025 | 103 | MOTION for Entry of Default by BRENT KIDECKEL. (zdp) (Entered: 04/28/2025) |
| 04/29/2025 | 104 | NOTICE of Ratification and Complicity by BRENT KIDECKEL (zdp) (Entered: 04/29/2025) |
| 04/30/2025 | 108 | Memorandum in opposition to re 94 MOTION to Dismiss filed by BRENT KIDECKEL. (zdp) (Entered: 05/05/2025) |
| 05/02/2025 | 105 | Memorandum in opposition to re 96 MOTION for Sanctions, 97 MOTION to Strike 94 MOTION to Dismiss *Defendants David Kideckel and Dahlia Saibil's Consolidated Opposition to Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 and Motion to Strike the April 16, 2025 Motion to Dismiss Filed by Conflicted Counsel* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Exhibit Ex. A Plaintiff's 4/30/2025 E−mail to Chambers)(Robinson, Jeffrey) (Entered: 05/02/2025) |
| 05/05/2025 | 106 | NOTICE of Non−Opposition Ripeness by BRENT KIDECKEL (zdp) (Entered: 05/05/2025) |
| 05/05/2025 | 107 | SUPPLEMENTAL MEMORANDUM to re 96 MOTION for Sanctions filed by BRENT KIDECKEL. (See Docket entry 106 to view document) (zdp) (Entered: 05/05/2025) |
| 05/07/2025 | 109 | REPLY to opposition to motion re 94 Motion to Dismiss *Reply in Support of Defendant Dahlia Saibil's Motion to Dismiss* filed by DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 05/07/2025) |
| 05/09/2025 | 110 | NOTICE of Appearance by Elizabeth Harris on behalf of ARAM SIMOVONIAN (Harris, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | 111 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 103 MOTION for Entry of Default filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of George B. Breen, # 3 Declaration of Aram Simovonian, # 4 Index of Exhibits, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E)(Harris, Elizabeth) (Entered: 05/09/2025) |
| 05/13/2025 | 112 | NOTICE Regarding Strategic Withdrawal of Christopher Barraza by BRENT KIDECKEL (zdp) (Entered: 05/14/2025) |
| 05/13/2025 | 113 | NOTICE Regarding May 5th NEF tag by BRENT KIDECKEL (zdp) (Entered: 05/14/2025) |
| 05/21/2025 | 114 | RESPONSE re 112 Notice (Other), 95 Notice of Withdrawal of Appearance *Toronto Defendants' Response to Plaintiff's "Notice Regarding Strategic Withdrawal of Christopher Barraza and Derelection of Duty to the Court"* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 05/21/2025) |
| 06/16/2025 | 115 | NOTICE Regarding May 13th Second NEF TAG by BRENT KIDECKEL (zdp) (Entered: 06/17/2025) |
| 06/16/2025 | 116 | MOTION to Disqualify Counsel, MOTION for Sanctions, MOTION to Strike 25 MOTION to Dismiss , 114 Response to Document, 95 Notice of Withdrawal of Appearance, 24 Notice of Appearance by BRENT KIDECKEL. (zdp) (Entered: 06/17/2025) |
| 06/16/2025 | 117 | MOTION to Disqualify Counsel, MOTION for Sanctions, MOTION to Strike 82 Reply to opposition to Motion, 88 Memorandum in Opposition, 84 Notice (Other), 93 Memorandum in Opposition, 73 Memorandum in Opposition, 91 Response to Document, 86 Notice (Other), 67 Substitution of Counsel by BRENT KIDECKEL. (zdp) (Entered: 06/17/2025) |
| 06/18/2025 | 118 | NOTICE OF NON Compliance by BRENT KIDECKEL (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | 119 | NOTICE OF WITHDRAWAL OF MOTION by BRENT KIDECKEL re 26 MOTION to Appoint Counsel (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | 120 | REPLY to opposition to motion re 103 Motion for Entry of Default filed by BRENT KIDECKEL. (zdp) (Entered: 06/20/2025) |
| 06/18/2025 | 121 | NOTICE OF NON Compliance by BRENT KIDECKEL (zdp) (Entered: 06/20/2025) |
| 06/23/2025 | 122 | MOTION to Compel by BRENT KIDECKEL. (zdp) (Entered: 06/23/2025) |
| 06/25/2025 | 123 | SUPPLEMENTAL MEMORANDUM to re 122 MOTION to Compel, 116 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 25 MOTION to Dismiss , 114 Response to Document, 95 Notice of Withdrawal of Appearance, 24 Notice of Appearance filed by BRENT KIDECKEL. (zdp) (Entered: 06/26/2025) |
| 06/25/2025 | 124 | SUPPLEMENTAL MEMORANDUM to re 117 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 82 Reply to opposition to Motion, 88 Memorandum in Opposition, 84 Notice (Other), 93 Memorandum in Opposition, 73 Memorandum in Opposition, 91 Response to Document, 86 Notice (Other), 67 Substitution of Counsel filed by BRENT KIDECKEL. (zdp) (Entered: 06/26/2025) |
| 06/30/2025 | 125 | RESPONSE re 116 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 25 MOTION to Dismiss , 114 Response to Document, 95 Notice |

| | | |
|---|---|---|
| | | of Withdrawal of Appearance, 24 Notice of Appearance filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 06/30/2025) |
| 06/30/2025 | 126 | Memorandum in opposition to re 117 MOTION to Disqualify Counsel MOTION for Sanctions MOTION to Strike 82 Reply to opposition to Motion, 88 Memorandum in Opposition, 84 Notice (Other), 93 Memorandum in Opposition, 73 Memorandum in Opposition, 91 Response to Document, 86 Notice (Other), 67 Substitution of Counsel filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 06/30/2025) |
| 07/02/2025 | 127 | REPLY to opposition to motion re 117 Motion to Disqualify Counsel,, Motion for Sanctions,, Motion to Strike, 116 Motion to Disqualify Counsel, Motion for Sanctions, Motion to Strike filed by BRENT KIDECKEL. (zdp) (Entered: 07/07/2025) |
| 07/07/2025 | 128 | Memorandum in opposition to re 122 MOTION to Compel *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Motion to Compel Withdrawal of Terminated Counsel, Jeffrey Robinson, to Clarify Scope of Prior § 1927 Motion, and to Impose Trebled Sanctions for Bad−Faith Conduct* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Declaration Declaration of Jeffrey D. Robinson)(Robinson, Jeffrey) (Entered: 07/07/2025) |
| 07/09/2025 | 129 | REPLY to opposition to motion re 122 Motion to Compel filed by BRENT KIDECKEL. (zdp) (Entered: 07/09/2025) |
| 07/24/2025 | 130 | NOTICE of Submission for In Camera Review by BRENT KIDECKEL (zdp) (Entered: 07/24/2025) |
| 07/24/2025 | 131 | MOTION to Compel, MOTION for Sanctions by BRENT KIDECKEL. (zdp) (Entered: 07/25/2025) |
| 07/24/2025 | 132 | MOTION to Compel by BRENT KIDECKEL. (zdp) (Entered: 07/25/2025) |
| 07/25/2025 | 133 | NOTICE OF Emergency Motion by BRENT KIDECKEL (zdp) (Entered: 07/25/2025) |
| 07/25/2025 | 134 | EMERGENCY MOTION for Hearing, MOTION Protective Scheduling Relief by BRENT KIDECKEL. (zdp) (Entered: 07/25/2025) |
| 07/29/2025 | 135 | NOTICE OF Violation of Due Process by BRENT KIDECKEL (zdp) (Entered: 07/30/2025) |
| 07/30/2025 | 136 | NOTICE OF Adoption by BRENT KIDECKEL (zdp) (Entered: 07/30/2025) |
| 07/31/2025 | 137 | NOTICE OF WIREFRAUD by BRENT KIDECKEL (zdp) (Entered: 08/04/2025) |
| 08/07/2025 | 138 | Memorandum in opposition to re 131 MOTION to Compel MOTION for Sanctions *against City of Toronto and David Wilson* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 08/07/2025) |
| 08/07/2025 | 139 | Memorandum in opposition to re 132 MOTION to Compel *Certification or Disavowal* filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order, # 2 Index of Exhibits, # 3 Declaration of Aram Simovonian in Support, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Declaration of George Breen in Support)(Breen, George) (Entered: 08/07/2025) |

| | | |
|---|---|---|
| 08/08/2025 | 140 | Memorandum in opposition to re 134 MOTION for Hearing MOTION Protective Scheduling Relief *Defendants David Kideckel & Dahlia Saibil's Opposition to Plaintiff's Motion for Oral Argument and Protective Scheduling Relief* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 08/08/2025) |
| 08/08/2025 | 141 | NOTICE of Proposed Order by DAVID KIDECKEL, DAHLIA SAIBIL re 134 MOTION for Hearing MOTION Protective Scheduling Relief, 140 Memorandum in Opposition, (Robinson, Jeffrey) (Entered: 08/08/2025) |
| 08/08/2025 | 142 | Memorandum in opposition to re 134 MOTION for Hearing MOTION Protective Scheduling Relief filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 08/08/2025) |
| 08/08/2025 | 143 | NOTICE OF NON−CERTIFICATION by BRENT KIDECKEL (zdp) (Entered: 08/12/2025) |
| 08/11/2025 | 144 | MOTION for Sanctions by BRENT KIDECKEL. (zdp) (Entered: 08/12/2025) |
| 08/12/2025 | 145 | ORDER finding as moot 39 Motion for Default Judgment; finding as moot 39 Motion for Summary Judgment; granting 48 Motion to Dismiss; denying 52 Motion to Disqualify Counsel. ; finding as moot 53 Motion to Strike ; finding as moot 54 Motion to Amend/Correct; finding as moot 57 Request for Subpoenas to Issue ; finding as moot 59 Motion ; finding as moot 60 Motion to Take Judicial Notice; finding as moot 63 Motion to Compel; finding as moot 66 Motion for TRO; finding as moot 66 Motion for Hearing; finding as moot 66 Motion for Discovery; finding as moot 69 Motion for Leave to File; finding as moot 78 Order on Motion to Hold in Abeyance; finding as moot 80 Motion for Order; finding as moot 81 Motion for Discovery; granting 94 Motion to Dismiss; denying 96 Motion for Sanctions; finding as moot 97 Motion to Strike ; finding as moot 103 Motion for Entry of Default; denying 116 Motion to Disqualify Counsel. ; denying 116 Motion for Sanctions; denying 116 Motion to Strike ; denying 117 Motion to Disqualify Counsel. ; denying 117 Motion for Sanctions; denying 117 Motion to Strike ; denying 122 Motion to Compel; denying 131 Motion to Compel; denying 131 Motion for Sanctions; denying 132 Motion to Compel; finding as moot 134 Motion for Hearing; finding as moot 134 Motion ; denying 144 Motion for Sanctions; finding as moot 12 Request for Subpoenas to Issue ; finding as moot 13 Motion for Entry of Default; finding as moot 18 Motion to Dismiss; granting 25 Motion to Dismiss; Set/Reset Deadlines: Response to Show Cause due by 9/5/2025.. Signed by Judge Carl J. Nichols on 8/12/2025. (lccjn3) (Entered: 08/12/2025) |
| 08/25/2025 | 146 | MOTION to Alter or Amend Judgment as to 145 Order on Motion for Default Judgment, Order on Motion for Summary Judgment, Order on Motion to Dismiss, Order on Motion to Disqualify Counsel, Order on Motion to Strike, Order on Motion to Amend/Correct, Order on Request for Subpoenas to Issue, Order on Motion for Miscellaneous Relief, Order on Motion to Take Judicial Notice, Order on Motion to Compel, Order on Motion for TRO, Order on Motion for Hearing, Order on Motion for Discovery, Order on Motion for Leave to File, Order on Motion to Hold in Abeyance, Order on Motion for Order, Order on Motion for Sanctions, Order on Motion for Entry of Default by BRENT KIDECKEL. (Attachments: # 1 Memorandum in Support, # 2 Exhibits, # 3 Text of Proposed Order)(znmw) (Entered: 08/26/2025) |
| 08/25/2025 | 147 | RESPONSE TO ORDER TO SHOW CAUSE re 145 Order filed by BRENT KIDECKEL. (See Docket Entry 146 to view document). (znmw) (Entered: |

| | | |
|---|---|---|
| | | 08/26/2025) |
| 09/08/2025 | 148 | Memorandum in opposition to re 146 MOTION to Alter Judgment as to 145 Order on Motion for Default Judgment,,,,,,, Order on Motion for Summary Judgment,,,,,,, Order on Motion to Dismiss,,,,,,, Order on Motion to Disqualify Counsel,,,,,,, Order on Motion to Strike,,,,,,, Order on Motio *Toronto Defendants' Opposition to "Plaintiffs Combined Motion to Alter or Amend Judgment Pursuant To Rule 59(e), or in the Alternative For Relief Under Rule 60(b), With Leave to Amend Complaint, and OSC Response"* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 09/08/2025) |
| 09/08/2025 | 149 | Memorandum in opposition to re 146 MOTION to Alter Judgment as to 145 Order on Motion for Default Judgment,,,,,,, Order on Motion for Summary Judgment,,,,,,, Order on Motion to Dismiss,,,,,,, Order on Motion to Disqualify Counsel,,,,,,, Order on Motion to Strike,,,,,,, Order on Motio *Defendants David Kideckel and Dahlia Saibil's Opposition to Plaintiff's Combined Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the Alternative for Relief Under Rule 60(b), with Leave to Amend Complaint, and OSC Response, and Cross−Motion for Attorneys' Fees* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Text of Proposed Order Proposed Order)(Robinson, Jeffrey) (Entered: 09/08/2025) |
| 09/08/2025 | 150 | Memorandum in opposition to re 146 MOTION to Alter Judgment as to 145 Order on Motion for Default Judgment,,,,,,, Order on Motion for Summary Judgment,,,,,,, Order on Motion to Dismiss,,,,,,, Order on Motion to Disqualify Counsel,,,,,,, Order on Motion to Strike,,,,,,, Order on Motio filed by ARAM SIMOVONIAN. (Attachments: # 1 Text of Proposed Order)(Breen, George) (Entered: 09/08/2025) |
| 09/14/2025 | 151 | REPLY to opposition to motion re 146 Motion to Alter Judgment filed by BRENT KIDECKEL. (znmw) (Entered: 09/15/2025) |
| 10/30/2025 | 152 | NOTICE OF SUPPLEMENTAL AUTHORITY by BRENT KIDECKEL (Attachments: # 1 Exhibits)(znmw) (Entered: 10/31/2025) |
| 11/04/2025 | 153 | MOTION for Leave to File by BRENT KIDECKEL. (znmw) (Entered: 11/05/2025) |
| 11/05/2025 | 154 | NOTICE *of Supplemental Facts* by DAVID KIDECKEL, DAHLIA SAIBIL (Attachments: # 1 Exhibit 11/2/2025 E−mail)(Robinson, Jeffrey) (Entered: 11/05/2025) |
| 11/05/2025 | 155 | NOTICE to the Court by BRENT KIDECKEL re 154 Notice (Other), 149 Memorandum in Opposition. (znmw) (Entered: 11/06/2025) |
| 11/21/2025 | 156 | NOTICE of Disclaimed Representation by BRENT KIDECKEL (znmw) (Entered: 11/24/2025) |
| 01/16/2026 | 157 | MEMORANDUM OPINION. Signed by Judge Carl J. Nichols on 01/16/2026. (lccjn3) (Entered: 01/16/2026) |
| 01/16/2026 | 158 | ORDER denying 146 Motion to Alter Judgment, dismissing 153 Motion for Leave to File as moot, and ordering sanctions under Fed. R. Civ. P. 11. Signed by Judge Carl J. Nichols on 01/16/2026. (lccjn3) (Entered: 01/16/2026) |
| 01/18/2026 | 159 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 158 Order on Motion to Alter Judgment, Order on Motion for Leave to File, 145 Order on Motion for Default Judgment, Order on Motion for Summary Judgment, Order on Motion to Dismiss, Order on Motion to Disqualify Counsel, Order on Motion to Strike, Order on Motion |

| | | |
|---|---|---|
| | | to Amend/Correct, Order on Request for Subpoenas to Issue, Order on Motion for Miscellaneous Relief, Order on Motion to Take Judicial Notice, Order on Motion to Compel, Order on Motion for TRO, Order on Motion for Hearing, Order on Motion for Discovery, Order on Motion for Leave to File, Order on Motion to Hold in Abeyance, Order on Motion for Order, Order on Motion for Sanctions, Order on Motion for Entry of Default, 157 Memorandum & Opinion by BRENT KIDECKEL. Fee Status: No Fee Paid. Parties have been notified. (znmw) (Entered: 01/20/2026) |
| 01/18/2026 | 160 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 159 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 01/20/2026) |
| 01/23/2026 | | USCA Case Number 26−7006 for 159 Notice of Appeal to DC Circuit Court,,, filed by BRENT KIDECKEL. (znmw) (Entered: 01/28/2026) |
| 01/26/2026 | 161 | MOTION for Attorney Fees by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Attachments: # 1 Affirmation of Natalia Marte, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Marte, Natalia) (Entered: 01/26/2026) |
| 01/26/2026 | 162 | BILL OF COSTS by ARAM SIMOVONIAN. Objection to Bill of Costs due by 2/12/2026. (Attachments: # 1 Declaration of George Breen in Support, # 2 Exhibit A, # 3 Exhibit B)(Breen, George) (Entered: 01/26/2026) |
| 01/26/2026 | 163 | MOTION for Attorney Fees by DAVID KIDECKEL, DAHLIA SAIBIL. (Attachments: # 1 Declaration Declaration of Jeffrey D. Robinson, # 2 Exhibit Attorneys' Fees, # 3 Exhibit LBKM Bio's)(Robinson, Jeffrey) (Entered: 01/26/2026) |
| 01/29/2026 | | USCA Filing fee received: $ 605, receipt number: 211239. (znmw) (Entered: 01/30/2026) |
| 01/29/2026 | 164 | Supplemental Record on Appeal transmitted to US Court of Appeals re Filing Fee Received, 159 Notice of Appeal to DC Circuit Court;USCA Case Number 26−7006. (znmw) (Entered: 01/30/2026) |
| 02/09/2026 | 165 | RESPONSE re 162 Bill of Costs, 163 MOTION for Attorney Fees , 161 MOTION for Attorney Fees filed by BRENT KIDECKEL. (znmw) (Entered: 02/10/2026) |
| 02/09/2026 | 166 | Cross MOTION for Recusal by BRENT KIDECKEL. (See Docket Entry 165 to view document). (znmw). Added MOTION for Indicative Ruling on 3/2/2026 (znmw). (Entered: 02/10/2026) |
| 02/12/2026 | 167 | ORDER of USCA re Petition for Writ of Mandamus; no mandate will issue. USCA Case Number 25−7201. (znmw) (Entered: 02/12/2026) |
| 02/17/2026 | 168 | REPLY to opposition to motion re 163 Motion for Attorney Fees, 161 Motion for Attorney Fees filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) (Entered: 02/17/2026) |
| 02/20/2026 | 169 | Memorandum in opposition to re 166 MOTION for Recusal *and for Indicative Ruling* filed by DAVID KIDECKEL, DAHLIA SAIBIL. (Robinson, Jeffrey) (Entered: 02/20/2026) |
| 02/23/2026 | 170 | Memorandum in opposition to re 166 Motion for Recusal *and Indicative Rulings Pursuant to Federal Rule of Appellate Procedure 12.1* filed by ARAM |

| | | |
|---|---|---|
| | | SIMOVONIAN. (Breen, George) Modified event on 2/24/2026 (znmw). (Entered: 02/23/2026) |
| 02/23/2026 | 171 | Memorandum in opposition to re 166 MOTION for Recusal *Toronto Defendants' Opposition to Plaintiffs "Cross−Motion for Recusal" and "Cross−Motion for Indicative Rulings Pursuant to FRAP 12.1"* filed by CITY OF TORONTO CANADA, DAVID J.N. WILSON. (Marte, Natalia) Modified event on 2/24/2026 (znmw). (Entered: 02/23/2026) |
| 02/25/2026 | 172 | REPLY to opposition to motion re 166 Motion for Recusal filed by BRENT KIDECKEL. (Attachments: # 1 Exhibit)(znmw) (Entered: 02/26/2026) |
| 03/11/2026 | 173 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: BRETT KIDECKEL. Reason(s): Case is closed and on appeal. Filer requires leave to file pursuant to 158 Order. (znmw) (Entered: 03/12/2026) |
| 04/02/2026 | 174 | NOTICE of Appearance by Joshua S. Glasgow on behalf of CITY OF TORONTO CANADA, DAVID J.N. WILSON (Glasgow, Joshua) (Entered: 04/02/2026) |
| 04/03/2026 | 175 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CITY OF TORONTO CANADA, DAVID J.N. WILSON. Attorney Natalia Marte terminated. (Marte, Natalia) (Entered: 04/03/2026) |
| 05/07/2026 | 176 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: BRENT KIDECKEL − Motion to File Supplemental Authority. Reason(s): Case is closed and on appeal. Filer requires leave to file pursuant to Order. (znmw) (Entered: 05/08/2026) |
| 08/25/2026 | 177 | ORDER granting Motions for Attorney Fees and denying Motion for Recusal and Indicative Rulings. Signed by Judge Carl J. Nichols on 08/25/2026. (lccjn3) (Entered: 08/25/2026) |
| 08/25/2026 | 178 | ENTERED IN ERROR.....Amended NOTICE OF APPEAL re appeal 159 by BRENT KIDECKEL. (znmw) Modified on 8/27/2026; refiled as docket entry 180 pursuant to USCA (znmw). (Entered: 08/26/2026) |
| 08/25/2026 | 180 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 177 Order on Motion for Attorney Fees, Order on Motion for Recusal, Order on Motion for Order by BRENT KIDECKEL. Fee Status: No Fee Paid. (znmw) (Entered: 08/27/2026) |
| 08/26/2026 | 179 | ENTERED IN ERROR.....Supplemental Record on Appeal transmitted to US Court of Appeals re 178 Amended Notice of Appeal, 177 Order on Motion for Attorney Fees, Order on Motion for Recusal, Order on Motion for Order ; USCA Case Number 26−07006. (znmw) Modified on 8/27/2026 (znmw). (Entered: 08/26/2026) |
| 08/27/2026 | 181 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 180 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 08/27/2026) |
| 08/27/2026 | | USCA Case Number 26−7172 for 180 Notice of Appeal to DC Circuit Court filed by BRENT KIDECKEL. (znmw) (Entered: 08/27/2026) |
| 08/27/2026 | 182 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: BRENT KIDECKEL − Motion to Stay. Reason(s): Filer requires leave |

| | | |
|---|---|---|
| | | to file pursuant to Order. Case is closed and on appeal. (znmw) (Entered: 08/28/2026) |
| 08/30/2026 | 183 | Amended NOTICE OF APPEAL re appeal 180 by BRENT KIDECKEL. (znmw) (Entered: 08/31/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,
Plaintiff,
v. Civil Action No. 1:24-cv-02907 (CJN)
FOREIGN NATION OF CANADA et al.,
Defendants.

---

**AMENDED NOTICE OF APPEAL**

This Amended Notice of Appeal amends and supersedes the Notice of Appeal filed August 25, 2026, solely to add the designation in paragraph (e) below. Paragraphs (a) through (d) restate, without substantive change, the designations made in the original Notice of Appeal.

Notice is hereby given that Brent Kideckel, Plaintiff, appearing self-represented, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Order entered in this action on August 25, 2026 (ECF No. 177), and from each and every part thereof, including without limitation:

(a) the portion of the Order denying Plaintiff's Cross Motion for Recusal under 28 U.S.C. § 455(a) (ECF No. 166);

(b) the portion of the Order granting the Motions for Attorneys' Fees (ECF Nos. 161 and 163) and directing Plaintiff to pay $37,972.50 to the Toronto Defendants, $89,915.00 to Defendant Aram Simovonian, and $138,530.00 to Defendants David Kideckel and Dahlia Saibil;

(c) the determination that Plaintiff's conduct was sanctionable under Federal Rule of Civil Procedure 11, and the determination that a blanket award of all fees incurred in the litigation was warranted; and

RECEIVED
AUG 30 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

(d) the sanctions imposed by the Order and Memorandum Opinion entered January 16, 2026 (ECF Nos. 157 and 158), to the extent that those sanctions became final and appealable upon the entry of the August 25, 2026 Order fixing the amount of attorneys' fees to be awarded. *See Kideckel v. Foreign Nation of Canada*, No. 26-7006 (D.C. Cir. June 11, 2026) (holding that the portion of the January 2026 Order imposing sanctions under Rule 11 was not then appealable because the district court had not yet determined the amount of attorneys' fees to be awarded); and

(e) the portion of the Order and Memorandum Opinion entered January 16, 2026 (ECF No. 157) barring Plaintiff "from any future filings against these defendants, or arising from these claims, in this Court without leave of the Court," to the extent that restriction became final and appealable upon the entry of the August 25, 2026 Order.

This Notice of Appeal is filed pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure. To the extent any leave of court is required by the Order entered January 16, 2026, Plaintiff respectfully submits that no such leave is required for the filing of a notice of appeal, and requests leave in the alternative.

Dated: August 28, 2026
Floral Park, New York

Respectfully submitted,

______________________________

Brent Kideckel
Plaintiff, Self-Represented
P.O. Box 20901
Floral Park, NY 11002
(917) 634-0637
brentkideckel@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I caused the foregoing Amended Notice of Appeal to be filed with the Clerk of Court, and that a copy will be served upon counsel of record for all Defendants by electronic mail and, where required, by first-class mail.

Brent Kideckel

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL,<br>*Plaintiff*,<br>v.<br>FOREIGN NATION OF CANADA *et al.*,<br>*Defendants*. | Civil Action No. 1:24-cv-02907 (CJN) |

**ORDER**

On August 12, 2025, the Court dismissed Plaintiff Brent Kideckel's lawsuit for lack of subject-matter jurisdiction. ECF No. 145 (Aug. 2025 Order). Noting that Kideckel had been deemed a vexatious litigant in multiple states and had filed 32 motions in this action in less than a year, the Court also ordered Kideckel to show cause as to why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b). *Id.* at 1. Kideckel responded with six meritless but voluminous filings asking the Court to alter its judgment and to grant leave to amend his complaint. *See* ECF No. 157 (Jan. 2026 Mem. Op.) at 1. The Court denied those requests and sanctioned Kideckel under Rule 11. *Id.*; ECF No. 158 (Jan. 2026 Order).[1]

Specifically, the Court ordered Kideckel to pay to Defendants reasonable attorneys' fees to be specified by further order. Jan. 2026 Order at 1. Three groups of Defendants have since

[1] The Court of Appeals affirmed the Court's August 2025 and January 2026 Orders. *See Kideckel v. Foreign Nation of Can.*, No. 26-7006, 2026 WL 1766008 (D.C. Cir. June 11, 2026). "[T]o the extent that" Kideckel sought "review of the portion of the [January 2026 Order] sanctioning him under Federal Rule of Civil Procedure 11," however, the Court of Appeals held that because this Court had not yet "determined the amount of attorneys' fees to be awarded," the portion of the January 2026 Order imposing sanctions was not yet appealable. *Id.* at 1.

filed statements detailing their fees: the Toronto Defendants (ECF No. 161), Defendant Aram Simovonian (ECF No. 162), and Defendants David Kideckel and Dahlia Saibil (ECF No. 163). Kideckel opposes. ECF No. 165 (Opp.). He also moves for recusal under 28 U.S.C. § 455(a), which requires disqualification where a judge's "impartiality might reasonably be questioned." *Id.* at 3–6. Finally, he requests that the Court "issue indicative rulings under [Federal Rule of Appellate Procedure] 12.1 on Plaintiff's pending threshold motions." *Id.* at 10.

Kideckel's motions for recusal and indicative rulings are denied. To start, the motions are procedurally improper, as he is "barred from making additional filings in this action or in another action against these Defendants before this Court without leave of the Court." Jan. 2026 Order at 1. And they are meritless in any event. Kideckel has failed to articulate any reason why a reasonable observer, armed with full information, would question the Court's impartiality. *See United States v. Nixon*, 267 F. Supp. 3d 140, 147–48 (D.D.C. 2017). Finally, Kideckel's request for indicative rulings on several motions that the Court purportedly "never adjudicated on the merits" fails because the Court *has* resolved all of his motions. Opp. at 7; *cf.* ECF No. 169 at 5–8 (cataloguing those rulings). Only one issue—the amount of attorneys' fees to be awarded under Rule 11—remains.

## I. Legal Standard

Rule 11 allows courts to sanction a party for advancing an argument that is frivolous or presented for an improper purpose. Fed. R. Civ. P. 11(b)(1)–(4), (c). "[S]uch sanctions may be imposed against pro se plaintiffs, [and] the district court is accorded wide discretion in determining whether sanctions are appropriate." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010) (internal citations and quotation marks omitted). Monetary sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

In determining the amount of a reasonable fee award, courts apply the "lodestar" method, which requires multiplying "the number of hours reasonably expended on the litigation" by a "reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting figure is presumptively reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). The reasonable hourly rate is the prevailing market rate in the relevant community, and the relevant community is ordinarily the district in which the court sits. *See DL v. D.C.*, 924 F.3d 585, 591–92 (D.C. Cir. 2019). When the opposing party does not "rebut[] the presumption of reasonableness" established by the movants, the Court may "rel[y] solely upon [the movants'] unrebutted evidence." *Covington v. D.C.*, 57 F.3d 1101, 1111 (D.C. Cir. 1995).

In assessing the reasonableness of hours expended, the Court must exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Because Rule 11 sanctions are compensatory rather than punitive in nature, a fee award must bear a causal connection to the sanctionable conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–111 (2017). As to "reasonable hourly rates," "courts in this district have overwhelmingly" consulted the "Fitzpatrick Matrix rates." *Easterling v. D.C.*, No. 1:24-cv-02973, 2026 WL 923784, at *4 (D.D.C. Apr. 6, 2026). The "Fitzpatrick Matrix" was "first generated in 2021 by the DC-USAO" and can "properly be regarded as the benchmark for hourly billing rates for complex federal litigation in this jurisdiction." *J.T. v. D.C.*, 652 F. Supp. 3d 11, 16, 16–18 (D.D.C. 2023); *see* "Attorney's Fees," U.S. Attorney's Office for the District of Columbia, available at https://www.justice.gov/usao-dc/civil-division (accessed Aug. 25, 2026).[2]

[2] Although one group of Defendants invokes the "LSI-Laffey Matrix," *see* ECF No. 163 *passim*, "the Fitzpatrick Matrix is a superior reflection of reasonable rates." *Alavi v. Bennett*, No. 15-cv-2146, 2024 WL 5056204, at *13 (D.D.C. Dec. 10, 2024). In any event, the rates charged by all of the attorneys in this case do not exceed the rates of either matrix.

Generally, calculating sanctions involves a "grind of segregating individual expense items (a deposition here, a motion there)." *Goodyear*, 581 U.S. at 111. But where "a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." *Id.* at 110. "[T]he determination of fees 'should not result in a second major litigation,'" and "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437). The "essential goal . . . is to do rough justice, not to achieve auditing perfection." *Id.*

## II. Application

The Court has already determined that "Rule 11 sanctions are appropriate" because Kideckel "has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year." Jan. 2026 Mem. Op. at 4; Aug. 2025 Order at 7. Specifically, the Court found that Kideckel failed to meet the standards required by Rule 11(b) because his countless motions and other filings have done little more than "harass, cause unnecessary delay, [and] needlessly increase the cost of litigation," and his legal contentions are seldom "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* at 7; Fed. R. Civ. P. 11(b)(1), (2). The Court further determined that the "appropriate sanction" for Kideckel's violation was to pay Defendants' reasonable attorneys' fees. *Id.* at 8; Fed. R. Civ. P. 11(c)(1). The only remaining question is whether the fees requested by Defendants are reasonable. Because Kideckel does not object to the reasonableness of the fees and hours submitted by Defendants, *see* Opp. at 1–3, the Court accords their submissions substantial weight, *see Covington*, 57 F.3d at 1111.

The relevant questions are, first, whether Defendants' attorneys' rates were reasonable, and second, whether the hours expended on the litigation were reasonable. *Hensley*, 461 U.S. at 433.

Finally, the Court "must determine whether the fees requested would not have accrued but for" the sanctionable conduct. *Fox*, 563 U.S. at 839.

### A. Toronto Defendants

The Toronto Defendants request $37,972.50. ECF No. 161. The hours worked and rates charged are reflected in the following table, *see* ECF No. 161-3 at 24:

| **Name** | **Role (Years of Exp.)** | **Hours** | **Rate** | **Total Bill** |
|---|---|---|---|---|
| Natalia Marte | Associate (5) | 71.00 | $450.00 | $31,950.00 |
| Christopher Barraza | Partner (n/a) | 0.80 | $695.00 | $556.00 |
| Karen Kawczynski | Admin | 3.60 | $255.00 | $918.00 |
| Sharon Matheny | Paralegal | 9.40 | $280.00 | $2,632.00 |
| Elizabeth Lederer | Librarian | 3.70 | $245.00 | $906.50 |
| Laura Bennett Weber | Paralegal | 1.50 | $265.00 | $397.50 |
| Amanda Steinbacher | Librarian | 2.50 | $245.00 | $612.50 |
| | | **92.5** | | **$37,972.50** |

The rates charged by the Toronto Defendants' lawyers all comply with the 2026 Fitzpatrick Matrix, so the Court accepts that those rates are reasonable. As to the total of 92.5 hours put into this case, given the sheer number of filings Kideckel lodged on the docket, if anything the Court is impressed with counsel's restraint—the longest single time entry is only 5.90 hours, reflecting that the associate "[r]eviewed and analyzed cases concerning the standard to strike pleadings, disqualify counsel for dual representation in conjunction with D.C. Rule of Professional Conduct, and standards regarding imposing sanctions; [d]rafted opposition to Plaintiff's motion for sanctions and to disqualify counsel and supplemental brief in further support of same." ECF No.

161-3 at 17. Nothing in that entry, or any other, strikes the Court as "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The closer question is whether all those hours can be said to have stemmed from Kideckel's sanctionable conduct. Answering that question requires the Court to decide when Kideckel's conduct became sanctionable. Upon consideration of the entire record, the Court concludes that Kideckel's conduct was sanctionable from the beginning. The Court's previous Orders make this clear. In its Order dismissing the action, the Court described it as a "frivolous suit" in which Kideckel had "filed 32 motions in less than a year," all of which were "patently meritless." Aug. 2025 Order at 1. Kideckel, the Court added, had "presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year," all of which "present[ed] exactly the kinds of 'baseless filings . . . not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings' that Rule 11 is designed to neutralize." *Id.* at 7 (quoting *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002)).

Not deterred by the closure of his case and the order to show cause as to why he should not be sanctioned, Kideckel followed up with still more frivolous filings, many containing artificial intelligence "hallucinations" and bearing other hallmarks of generative A.I. misuse. *See* Jan. 2026 Mem. Op. at 5. The Court thus found that, "[e]ven setting his likely A.I. misuse aside, Kideckel's response to the Court's show-cause order [wa]s inadequate." *Id.* at 6. Worse, his "stated intention to revive his claims if the Court [did] not grant his motions by launching a new action against Defendants and other parties, based solely on their involvement in defending their clients in this litigation, further evince[d] Kideckel's bad faith." *Id.* at 7. In short, throughout the duration of this lawsuit, Kideckel has violated Rule 11 through "countless motions and other filings [that] have

done little more than 'harass, cause unnecessary delay, [and] needlessly increase the cost of litigation.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(1)).

Although a Court awarding attorneys' fees must generally separate the costs generated by sanctionable conduct from the costs incurred in the normal course of litigation, where "a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior," the court may make "a blanket award . . . because all fees in the litigation . . . would not have been incurred except for the misconduct." *Goodyear*, 581 U.S. at 110–11. For the reasons explained above and in the Court's previous Orders, that is the case here. This case has been "cartoonishly frivolous" from the beginning and seems to have been initiated and prosecuted with the primary intent of harassing the defendants. *See* Aug. 2025 Order at 7; Jan. 2026 Mem. Op. at 4–7. Given the reasonable rates charged and hours expended by the Toronto Defendants' counsel, the Court will order Kideckel to pay their entire requested amount of $37,972.50.

### B. Defendant Aram Simovonian (ECF No. 162)

Defendant Simovonian requests $89,915.00. ECF No. 162. The hours worked and rates charged are reflected in the following table, *see* ECF No. 162-1 at 1–13.

| **Name** | **Role (Years of Exp.)** | **Hours** | **Rate** | **Total** |
|---|---|---|---|---|
| George B. Breen | Partner (36) | 9.50 | $950.00 | $9,025.00 |
| Elizabeth A. Harris | Partner (14) | 105.70 | $625.00 | $66,062.50 |
| Jean-Claude Velasquez | Associate (3) | 43.6 | $365.00 | $15,914.00 |
| Erica Sibley Bahnsen | Partner (14) | 10.5 | $685.00 | $7,192.50 |
| | | **169.3** | **Total:** | **$98,194.00** |
| | | | **Requested:** | **$89,915.00** |

As with counsel for the Toronto Defendants, the rates charged by Simovonian's lawyers are below those provided by the Fitzpatrick Matrix and strike the Court as reasonable. And, as explained above, given the bad-faith nature of this entire action, Simovonian may request compensation for all his fees from the start of the litigation. But Simovonian's counsel expended far more hours on this suit than did the Toronto Defendants (169.3 hours compared to 92.5). Kideckel does not challenge Simovonian's bill of costs, but the Court has an independent obligation to ensure that the hours set forth in the invoice are justifiable. *See McNeil v. D.C.*, 233 F. Supp. 3d 150, 160 (D.D.C. 2017).

After careful review of Simovonian's billing records, the Court does not find any reason to question the reasonableness of the hours expended. The docket in this action is voluminous, and despite how frivolous Kideckel's filings were, defense counsel was obliged to review those and respond. That would understandably take a considerable amount of time. Over the course of a single week in July last year, for example, Kideckel filed eight notices and motions totaling over 84 pages. *See* ECF Nos. 130–37. The time Simovonian's attorneys expended reviewing and responding to those filings, as well as the litany of others, does not strike the Court as "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Court will therefore order Kideckel to pay the entire requested bill of $89,915.00.

### C. Defendants David Kideckel and Dahlia Saibil (ECF No. 163)

Finally, Defendants David Kideckel and Dahlia Saibil ("the Saibil Defendants") request $138,530.00. ECF No. 163. The hours worked and rates charged are reflected in the following table, *see* ECF No. 163-1 at 1–4.

| Name | Role (Years of Exp.) | Hours | Rate | Total |
|---|---|---|---|---|
| Annika Conrad | Associate (3) | 85.90 | $500.00 | $42,950.00 |
| Elizabeth Velez | Partner (15) | 89.60 | $675.00 | $60,480.00 |
| Jeffrey Robinson | Senior Counsel (43) | 31.50 | $850.00 | $26,775.00 |
| Anthony Munroe | Paralegal | 32.40 | $225.00 | $7,290.00 |
| Lauren Skala | Paralegal | 4.60 | $225.00 | $1,035.50 |
| | | **244.0** | | **$138,530.00** |

As with the other counsel in this case, the rates charged by the Saibil Defendants' lawyers are below those provided by the Fitzpatrick Matrix and strike the Court as reasonable. And, as with the other defendants, given the bad-faith nature of this entire action, the Saibil Defendants may request compensation for all their fees. But the Saibil Defendants' counsel expended over twice as many hours on this matter as the Toronto Defendants, and over 70 more hours than Simovonian's counsel. At first blush, that number appears high. But as noted above, this action involved a litany of filings, and the Saibil Defendants' counsel aver that their hours worked "reflect a conscious effort not to respond to every one of Plaintiff's 'notices' so as to not needlessly expend additional time and resources." ECF No. 163 at 3. Further, none of the individual billing statements strikes the Court as unreasonable. No lawyer ever spent more than a few hours on any given task, and the longer entries (the longest is 8.1 hours, *see* ECF No. 163-2 at 8) generally involved drafting and revising responses to Kideckel's numerous motions. Despite the low quality of those motions, the Court appreciates that drafting responses can take time. "In very few words,"—through, for instance, a single A.I. prompt—a litigant "can announce a half-truth[,] and in order to demonstrate that it is incomplete,"—or flat wrong—defense counsel "are obliged to have recourse to long and dry dissertations." FRÉDÉRIC BASTIAT, ECONOMIC SOPHISMS (Patrick

James Stirling trans., 5th ed. 1873), https://www.gutenberg.org/files/44145/44145-h/44145-h.htm (last visited Aug. 25, 2026). In other words, the hours expended by the Saibil Defendants' attorneys were not unreasonable.

### III. Conclusion

Plaintiff Kideckel has harassed Defendants in this case with over 100 meritless and vexatious filings since this action began. The Court determined previously that an order requiring Kideckel to pay Defendants' reasonable attorneys' fees would be an appropriate sanction for his wanton violations of Rule 11 and today determines that the fees requested by Defendants are reasonable. Accordingly, it is

**ORDERED** that Kideckel's Cross Motion for Recusal, ECF No. 166, is **DENIED**; it is further

**ORDERED** that the Motions for Attorneys' Fees, ECF Nos. 161 and 163, are **GRANTED**; and it is further

**ORDERED** that Kideckel shall pay the Toronto Defendants $37,972.50, Defendant Simovonian $89,915.00, and Defendants David Kideckel and Dahlia Saibil $138,530.00.

**SO ORDERED**.

DATE: August 25, 2026

CARL J. NICHOLS
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,

*Plaintiff*,

v.

FOREIGN NATION OF CANADA *et al.*,

*Defendants*.

Civil Action No. 1:24-cv-02907 (CJN)

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, ECF No. 157, it is

**ORDERED** that Kideckel's Motion to Alter or Amend Judgment, ECF No. 146, is **DENIED**; it is further

**ORDERED** that Kideckel's Motion for Leave to File, ECF No. 153, is **DISMISSED** as moot; it is further

**ORDERED** that Kideckel is barred from making additional filings in this action or in another action against these Defendants before this Court without leave of the Court; it is further

**ORDERED** that Kideckel shall pay to Defendants reasonable attorneys' fees to be specified by further order of this Court; and it is further

**ORDERED** that Defendants shall file statements of attorneys' fees within 10 calendar days from the date of this Order.

**SO ORDERED.**

DATE: January 16, 2026

CARL J. NICHOLS
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENT KIDECKEL,<br>*Plaintiff*,<br>v.<br>FOREIGN NATION OF CANADA *et al.*,<br>*Defendants*. | Civil Action No. 1:24-cv-02907 (CJN) |

**MEMORANDUM OPINION**

On August 12, 2025, the Court dismissed Plaintiff Brent Kideckel's lawsuit for lack of subject-matter jurisdiction. ECF No. 145 (Order). Noting that Kideckel is a serial plaintiff who has been deemed a vexatious litigant in multiple states and has filed 32 motions in this action in less than a year, the Court also ordered Kideckel to show cause as to why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b). Order at 1.

Kideckel has responded by filing a "Combined Motion to Alter or Amend Judgment" pursuant to Rules 59(e) and 60(b), ECF No. 146 (Mot.); a reply in support of that motion, ECF No. 151; a notice of supplemental authority, ECF No. 152; a motion for leave to file, ECF No. 153; a "Notice to the Court," ECF No. 155; and a "Notice of Disclaimed Representation," ECF No. 156. Kideckel's motion to alter the judgment also seeks leave to amend his complaint under Rule 15(a) and responds to the Court's show cause order. Mot. at 1, 7, 15–19.

Defendants oppose Kideckel's request to alter the Court's judgment or allow him to amend his complaint. *See* ECF Nos. 148, 149, 150. The Court agrees with Defendants and denies Kideckel's motion to alter the judgment, denies his motion to amend his complaint, denies his motion for leave to file, and sanctions him for frivolous and vexatious conduct.

## I. Legal Standards

The Federal Rules of Civil Procedure provide limited options for parties seeking relief from adverse judgments. Rule 59(e) allows a party to file a "motion to alter or amend a judgment," which "must be filed no later than 28 days after the entry of the judgment." Rule 60(b) provides that on a party's "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as "mistake, inadvertence, surprise," "newly discovered evidence," "fraud," and "any other reason that justifies relief." But motions for reconsideration are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (citation omitted). Such motions are not an opportunity "to reargue facts and theories upon which a court has already ruled." *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80–81 (D.D.C. 2015) (citation omitted).

Rule 15 governs the amendment of complaints. Outside of amendments as a matter of course, which must be filed no later than 21 days after serving a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although generally leave should be "freely given," *id.*, leave may be denied for "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 11 allows courts to sanction a party for advancing an argument that is frivolous or presented for an improper purpose. Fed. R. Civ. P. 11(b)(1)–(4), (c). "[S]uch sanctions may be imposed against pro se plaintiffs, [and] the district court is accorded wide discretion in determining whether sanctions are appropriate." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010) (citations and internal quotation marks omitted).

## II. Kideckel's Motions

Kideckel's arguments for leave to amend his complaint and for relief from the Court's August 2025 Order are meritless. The Court briefly addresses each in turn.

### A. Proposed Amended Complaint

In its August 2025 Order, the Court concluded that it lacks subject-matter jurisdiction over this action. Order at 3. Seeking to cure that jurisdictional defect, Kideckel's motion to alter the judgment attaches a proposed amended complaint that "eliminates the Foreign Sovereign Immunities Act defendants and asserts only federal claims—RICO, conspiracy under 42 U.S.C. § 1985(2), and related common-law causes of action—against private actors and their counsel." Mot. at 1. In other words, Kideckel's proposed amendment aims to create jurisdiction where none existed before. But "a plaintiff may not amend a complaint when a court has no subject matter jurisdiction over the case." *Adams v. Jud. Council of Sixth Cir.*, No. 17-cv-1894, 2020 WL 5409142, at *10 n.4 (D.D.C. Sept. 9, 2020).

His proposed amendment is futile in any event. To state a RICO claim, a plaintiff must allege a "pattern of racketeering activity." 18 U.S.C. § 1961(5). Kideckel's allegations, principally alleging that his family members sent fake texts and filed false affidavits in the context of a family dispute, "are simply not colorable and do not present a federal question for this Court's decision." *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d 22, 28 (D.D.C. 2012). As for his proposed conspiracy claims under 42 U.S.C. §§ 1985 and 1986, Kideckel fails to plead facts showing any agreement—let alone a conspiracy—to deter Kideckel from attending or testifying in U.S. federal court. *See* § 1985(2). It is well established that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In short, the new allegations in Kideckel's proposed amended complaint "are simply the latest examples of [his] misguided efforts to sue virtually every public official he thinks has wronged him." *Nabaya v. Lauck*, No. 23-cv-2650, 2024 WL 687967, at *4 (D.D.C. Feb. 16, 2024). Because the Court lacks subject-matter jurisdiction over this action, and because it would be futile to allow such an amendment in any event, Kideckel's request for leave to amend is denied.

**B. Motion to Alter Judgment**

Kideckel's motion to alter the judgment fares no better. As noted above, the Court dismissed this action for lack of subject-matter jurisdiction. Nothing in Kideckel's motion calls that conclusion into question. Kideckel's primary argument is that the Court "misapprehended the alignment of parties and the status of conflicted representation." Mot. at 11. Even assuming that is true, such "misapprehension" has no impact on the Court's jurisdictional conclusion. Neither does the "new evidence" Kideckel purports to have found or Defendants' alleged "misconduct," even if that misconduct "substantially interfered with Plaintiff's ability to litigate." *Id.* at 5, 19. Kideckel has thus not met the standards to obtain relief under either Rule 59(e) or 60(b).

**III. Sanctions**

Finally, the Court previously noted that Kideckel "has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year." Order at 7. Accordingly, the Court ordered Kideckel "to show cause why the conduct at issue has not violated Rule 11(b)," which requires representations made to the Court to meet certain minimal standards. *Id.* at 8. Kideckel's motion to alter the judgment responds to the show-cause order over several pages. *See* Mot. at 15–19. He argues that "[s]anctions cannot be predicated on the Court's own misunderstanding of the parties and issue." *Id.* at 19. The Court does not share Kideckel's view that there is any misunderstanding here; rather, it is because the Court understands the nature of Kideckel's lawsuit that the Court believes Rule 11 sanctions are appropriate.

### A. Kideckel Has Violated Rule 11

District courts have the authority to impose sanctions *sua sponte* after issuing a show-cause order to the offending party. Fed. R. Civ. P. 11(c)(3); 11(c)(5)(B). This inherent power "guard[s] against abuses of the judicial process," *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995), and serves the purpose of protecting the Court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (citation omitted). The court may impose an "appropriate sanction" on any party that violated Rule 11(b). Fed. R. Civ. P. 11(c)(1).

Here, Kideckel "has flooded the judicial system with duplicative, unduly voluminous, and hyperbolic filings." *McCreary v. Heath*, No. 04-cv-00623, 2005 WL 975736, at *1 (D.D.C. Apr. 22, 2005). Worse, several of his filings appear to have been written using generative artificial intelligence, as he frequently "includes direct quotes from case law that do not appear anywhere in the cited decisions." *See* ECF No. 111 at 3 n.4 (citing examples). Obviously, it "is not acceptable for parties to submit filings to the Court containing citations to legal authority that does not exist, whether drafted with the assistance of artificial intelligence or not." *Williams v. Cap. One Bank, N.A.*, No. 24-cv-2032, 2025 WL 843285, at *7 (D.D.C. Mar. 18, 2025). Kideckel's latest filing, in which he responds to the Court's show-cause order, repeat offends: He reports, for instance, that in *Chambers v. NASCO, Inc.*, the Supreme Court wrote that federal courts "must have the means to sanction conduct which abuses the judicial process." Mot. at 12 (citing 501 U.S. 32, 46 (1991)). That quote does not appear in *Chambers*.[1]

[1] Kideckel's motion also bears other hallmarks of being largely unedited A.I. output. *See* Sam Kriss, *Why Does A.I. Write Like . . . That?* N.Y. TIMES MAG. (Dec. 3, 2025), https://www.nytimes.com/2025/12/03/magazine/chatbot-writing-style.html (noting that generative A.I. is "extremely fixated on the rule of threes" and "always says, 'It's not X, it's Y.'").

Even setting his likely A.I. misuse aside, Kideckel's response to the Court's show-cause order is inadequate. He first offers "context" of his litigation history, seeking to explain why previous courts have deemed him a vexatious litigant. Mot. at 15. But he only discusses three lawsuits he's previously brought, not the dozen-plus noted by the Court. *See* Order at 1 n.1 (stating that "Kideckel has filed at least 15 lawsuits in multiple states" and citing examples). Kideckel also does not contest California and Nevada's designations of him as a vexatious litigant. *Id.*

Kideckel then argues that his FSIA claims were colorable and grounded in precedent. Mot. at 16. But the precedents he cites—*Letelier v. Republic of Chile*, *Liu v. Republic of China*, and *Republic of Argentina v. Weltover, Inc.*[2]—are simply hornbook examples of FSIA exceptions. *See generally* GEORGE A. BERMANN & DONALD E. CHILDRESS, TRANSNATIONAL LITIG. IN A NUTSHELL 135–75 (2d ed. 2021). Kideckel's response does not come close to explaining why he could reasonably believe that *his* suit against a foreign sovereign could proceed. At most, Kideckel argues that Canada's supposed hypocrisy regarding foreign sovereign immunity justifies stripping Canada of immunity in this case. Mot. at 17. That argument, of course, has no basis in law.[3]

Kideckel also asserts that "procedural developments since filing underscore [his] good faith." Mot. at 16 (capitalizations altered). Specifically, he asserts that Defendants "procured a default judgment in Ontario through falsified service and fabricated exhibits" and that multiple

---

*Compare with* Mot. at 12 ("This shift is significant for three reasons") *and id.* at 3–4 ("This is not a trivial error. The distinction goes to the heart of Plaintiff's ethics motions[.]").

[2] 488 F. Supp. 665, 673 (D.D.C. 1980); 892 F.2d 1419 (9th Cir. 1989); 504 U.S. 607 (1992).

[3] In Kideckel's telling, the Canadian government "urged the Government of India to revoke diplomatic immunity for its agents accused of extrajudicial conduct" in Canada but refuses to waive its own sovereign immunity here. Mot. at 17. Even assuming *arguendo* that Canada's conduct is somehow hypocritical, it provides no basis for piercing Canada's sovereign immunity in this suit.

law firms have "ratified [that] fraud." Mot. at 16. The Court does not see how an Ontario court's adverse judgment against Kideckel supports his claim that he has "been vindicated by subsequent events." *Id.* Nor does the Court think that Kideckel's "litigation conduct was in good faith." *Id.* at 17 (capitalizations altered). Far from exhibiting "the opposite of vexatious behavior," *id.*, Kideckel's filing of dozens of meritless motions in a matter of months demonstrates that he "has no regard for [the] judicial system or the drain on its resources caused by his actions." *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3, 5 (D.D.C. 2001), *aff'd* No. 01-7062, 2001 WL 936260 (D.C. Cir. July 27, 2001).

Finally, Kideckel's stated intention to revive his claims if the Court does not grant his motions by launching a new action against Defendants and other parties, based solely on their involvement in defending their clients in this litigation, further evinces Kideckel's bad faith. *See* Mot. at 2 ("If leave is denied, Plaintiff reserves the right to refile the same pleading as a new action[.]"). That is on top of the "cartoonishly frivolous" motions Kideckel has filed in an attempt to sanction *Defendants* in this case. See Order at 7; ECF Nos. 96, 107, 116, 117, 123, 124, 127, 128, 131, 144. It almost goes without saying that "[a]ny additional filings against these defendants and around this nucleus of facts would constitute harassment of the defendants and would amount to a waste of resources both for the defendants and for this Court." *Harbison v. U.S. Senate Comm. on Foreign Rels.*, 839 F. Supp. 2d 99, 111 (D.D.C. 2012).

The Court therefore finds that Kideckel has failed to meet the standards required by Rule 11(b). His countless motions and other filings have done little more than "harass, cause unnecessary delay, [and] needlessly increase the cost of litigation," and his legal contentions are seldom "warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1), (2). The next step is to determine an "appropriate sanction" for Kideckel's violation. Fed. R. Civ. P. 11(c)(1).

### B. Monetary and Injunctive Sanctions Are Appropriate

Although the Court exercises "virtually untrammeled" discretion in fixing the amount of sanctions to be imposed on a plaintiff like Kideckel for Rule 11 violations, provided that the sanctions are "appropriate to the facts," it should impose "the least severe sanction" adequate to effectuate the purposes of Rule 11. *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 46 (D.C. Cir. 1990) (citations and internal quotation marks omitted). Courts in this district have recognized that monetary sanctions under Rule 11 may be measured by the cost of defending against the frivolous action. *See, e.g.*, *John Akridge Co. v. Travelers Companies*, 944 F. Supp. 33, 34 (D.D.C. 1996) (granting sanctions of the "full cost" of defending the plaintiff's bad faith action); *Washington Bancorp. v. Said*, 812 F. Supp. 1256, 1275 (D.D.C.1993) (granting sanctions for defendant's attorneys' fees and costs in defending against baseless claims). Monetary sanctions are also appropriate under 28 U.S.C. § 1927.

Two of the Defendants ask the Court to declare Kideckel a vexatious litigant and order Kideckel to pay their attorneys' fees. ECF No. 149 at 12–15. The Court agrees that such a response is reasonable and constitutes an "appropriate sanction" under Rule 11. Kideckel is thus "hereby barred from any future filings against these defendants, or arising from these claims, in this Court without leave of the Court." *Harbison*, 839 F. Supp. 2d at 111; *see also Wallace v. Saffa*, No. 06-cv-402, 2007 WL 1020791, at *3 (D.D.C. Mar. 30, 2007) (enjoining litigant from filing lawsuits in this Court "concerning the actions, circumstances, transactions, or other events against the named defendants or any related parties"). Further, because Kideckel's conduct has "so multiplie[d] the proceedings . . . unreasonably and vexatiously," the Court will require him to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of

such conduct." 28 U.S.C. § 1927. The Court concludes that this sanction "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Court will thus order Defendants to file statements of attorneys' fees for final Court approval. *See Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 132 (D.D.C. 2012), *aff'd*, 554 F. App'x 3 (D.C. Cir. 2014) ("Within 10 days of the date of this order, the attorneys shall file unredacted copies of the bills for which they are seeking compensation[.]").

## IV. Conclusion

Kideckel's Motion to Alter or Amend Judgment, which includes his request to amend his Complaint, *see* ECF No. 146, is denied for the reasons stated above. His Motion for Leave to Submit Ontario Court Transcript for In-Camera Review Under Seal, ECF No. 153, is denied as moot. And his conduct merits both injunctive and monetary sanctions. A separate Order effectuating these decisions will issue contemporaneously.

DATE: January 16, 2026

CARL J. NICHOLS
United States District Judge