**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,
Plaintiff,
v. Civil Action No. 1:24-cv-02907 (CJN)
FOREIGN NATION OF CANADA et al.,
Defendants.

---

**MOTION TO STAY ENFORCEMENT OF THE AUGUST 25, 2026 JUDGMENT PENDING APPEAL**
(Fed. R. App. P. 8(a)(1); Fed. R. Civ. P. 62(b))

Plaintiff Brent Kideckel, appearing self-represented, respectfully moves to stay enforcement of the monetary judgment entered August 25, 2026 (ECF No. 177) pending appeal, and to waive the supersedeas bond.

Federal Rule of Appellate Procedure 8(a)(1) requires that a party ordinarily move first in the district court for a stay pending appeal and for approval of a bond. This motion is filed for that purpose. To the extent the Order entered January 16, 2026 requires leave for further filings, Plaintiff submits that a motion compelled by Rule 8(a)(1) as a predicate to relief in the Court of Appeals does not fall within it, and requests leave in the alternative.

**BACKGROUND**

On August 25, 2026, the Court directed Plaintiff to pay $37,972.50 to the Toronto Defendants, $89,915.00 to Defendant Simovonian, and $138,530.00 to Defendants David Kideckel and Dahlia Saibil — $266,417.50 in total — and denied Plaintiff's cross motion for recusal. ECF No. 177. Plaintiff noticed his appeal the same day.

The sanctions underlying that judgment were imposed on the Court's own initiative. ECF No. 145 at 8; ECF No. 157 at 5. The Court of Appeals held on June 11, 2026 that the Rule 11 portion of the January 2026 Order was not then appealable because the amount of fees had not yet been

RECEIVED
AUG 27 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

determined. ECF No. 177 at 1 n.1. That determination has now been made, and the Rule 11 sanction is before the Court of Appeals for the first time.

**STANDARD**

A movant need not show that reversal is more likely than not. It is enough to raise "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation," where the equities favor preserving the status quo. *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). The Court of Appeals has expressly rejected the proposition that a district court must find its own decision probably erroneous before granting a stay. *Id.* at 843–44. The remaining considerations are irreparable injury, harm to other parties, and the public interest. *Id.* at 843.

Plaintiff does not ask this Court to conclude that it erred. He asks that the questions presented be resolved before $266,417.50 changes hands.

**I. THE APPEAL PRESENTS A SERIOUS QUESTION UNDER RULE 11(c)(4)**

Rule 11(c)(4) limits what a sanction may consist of. A sanction "may include nonmonetary directives; an order to pay a penalty into court; or, *if imposed on motion* and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4) (emphasis added). The conditional clause governs only the third category.

That limitation was deliberate. Before 1993, the Rule provided that the court, "upon motion or upon its own initiative," could impose a sanction "which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Fed. R. Civ. P. 11 (1983). The Rule as then written authorized precisely the sanction entered here. The 1993 amendment replaced that provision with the present structure and conditioned an award of fees to a movant on the sanction having been "imposed on motion." The Advisory Committee explained that the

amended Rule "provides that a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court." Fed. R. Civ. P. 11 advisory committee's note to the 1993 Amendments. A form of relief the rulemakers expressly authorized and then withdrew does not survive by implication.

That the 1993 amendment worked this change was understood at the time. Dissenting from the Court's adoption of the amendments, Justice Scalia, joined by Justice Thomas, objected that the revision "restricts the award of compensation to 'unusual circumstances,' with monetary sanctions 'ordinarily' to be payable to the court," and that because "the deterrent effect of a fine is rarely increased by altering the identity of the payee, it takes imagination to conceive of instances in which this provision will ever apply." Amendments to the Federal Rules of Civil Procedure (Apr. 22, 1993) (Scalia, J., dissenting). The objection was to the narrowing; the narrowing was adopted notwithstanding it.

The Fifth Circuit applied that language to materially similar facts in *Marlin v. Moody National Bank, N.A.*, No. 07-20426 (5th Cir. June 30, 2008). There, as here, the district court determined on its own initiative that sanctions would be imposed, directed the defendants to submit statements of their fees and costs, and entered a substantial award payable to them. The Fifth Circuit vacated, holding that "[t]he rule's clear language allows for an award of attorney's fees and other expenses only 'if imposed on motion,'" and that sanctions imposed on a district court's own initiative "are limited to nonmonetary sanctions or a monetary penalty payable to the court." *See also Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998) (per curiam); *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000) (Rule 11 "prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party").

The submissions granted here do not supply what the Rule requires. ECF Nos. 161 and 163 are applications for costs and fees, and ECF No. 162 is a bill of costs. Each was filed after the Court had determined that Rule 11 was violated, and in response to the Court's direction that Defendants file

statements of fees for final approval. ECF No. 157 at 9. *Marlin* addressed that argument directly, declining to construe “after-the-fact fees-and-costs statements” as sanctions motions because they were “neither styled as motions, nor do they describe with specificity the alleged deficient conduct,” and because the court “had already ruled sanctions would be imposed.” No motion satisfying Rule 11(c)(2) was served on Plaintiff at any time.

Plaintiff objected when those submissions were filed. ECF No. 165. The plaintiffs in *Marlin* did the same, and the Fifth Circuit held it sufficient to preserve the issue: “[T]here has been neither waiver nor forfeiture of Plaintiffs' right on appeal to contest the sanctions.”

## II. RELATED QUESTIONS ARE ALSO PRESENTED

The appeal raises two further questions that need not be resolved now but bear on the seriousness of the issues. First, Rule 11(c)(3) permits sanctions on a court's own initiative only as to conduct “specifically described” in the show-cause order, and Rule 11(c)(6) requires that an order imposing a sanction “describe the sanctioned conduct.” The conduct described in the August 2025 show-cause order and the conduct relied upon in the January 2026 Opinion are not the same. Second, a fee award imposed as a sanction must be causally connected to the sanctioned conduct, and a blanket award of all fees is available only where a case is brought in such complete bad faith that every cost of defense is attributable to sanctioned behavior. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–11 (2017). No segregation of fees was undertaken at any stage.

The Court of Appeals has also recognized “the unusual position of the trial court” where sanctions issue on its own initiative, “serving at once as both prosecutor and judge,” and has held that such orders warrant “careful appellate review.” *Lucas v. Duncan*, No. 07-5264 (D.C. Cir. July 31, 2009). It has expressly reserved whether a heightened substantive standard governs in that posture. *Id.* A question this Circuit has identified and left open is fair ground for litigation. Throughout, a court “necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law.” *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## III. THE EQUITIES FAVOR A STAY

The judgment is for $266,417.50 in favor of three groups of Defendants, most of whom are outside the United States. Absent a stay, collection may proceed, and sums collected from a self-represented individual are unlikely to be recoverable if the judgment is vacated. Because the Rule 11 determination has never been reviewed on appeal, permitting collection now would render that review an empty exercise as to any amount collected.

Defendants seek money only. A stay defers collection; it does not extinguish the judgment, and post-judgment interest continues to accrue under 28 U.S.C. § 1961. The delay occasioned by appellate review is the ordinary incident of an appeal.

The public interest lies in ensuring that a substantial monetary sanction imposed on a self-represented litigant receives appellate review before it is executed, and in the observance of Rule 11's limitations on the form a court-initiated sanction may take.

## IV. BOND

Federal Rule of Civil Procedure 62(b) leaves the form and amount of security to the Court's discretion. Plaintiff respectfully requests that the bond be waived. Plaintiff is a self-represented individual without the means to post security in the amount of the judgment. Should the Court require a further showing, Plaintiff requests leave to submit a financial affidavit.

## CONCLUSION

Plaintiff respectfully requests that enforcement of the judgment entered August 25, 2026 be stayed pending resolution of his appeal, and that the supersedeas bond be waived.

Dated: August 27, 2026

Respectfully submitted,

______________________________

Brent Kideckel
Plaintiff, Self-Represented
P.O. Box 20901
Floral Park, NY 11002
(917) 634-0637
brentkideckel@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2026, I caused the foregoing to be filed with the Clerk of Court and served upon counsel of record for all Defendants by electronic mail and, where required, by first-class mail.

Brent Kideckel