**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,

*Plaintiff*,

v.

FOREIGN NATION OF CANADA *et al*.,

*Defendants*.

**Civil Action No. 1:24-cv-02907 (CJN)**

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF THE AUGUST 25, 2026 JUDGMENT PENDING APPEAL**

On August 25, 2026, as a result of Plaintiff's vexatious litigation tactics and "cartoonishly frivolous" filings, the Court ordered Plaintiff to pay Defendants a total of $266,417.50, as Defendants' reasonable attorneys' fees incurred in defending this meritless litigation. Dkt. No. 177 at 4, 10 (the "Fee Award"). Within hours, Plaintiff appealed the Fee Award to the District of Columbia Circuit Court of Appeals, arguing that this Court's sanction was not permissible under Rule 11, that enforcement of the Fee Award must be stayed pending appeal, and that the appeal must receive expedited consideration. *See* Appellant's Motion for Summary Reversal et al., *Kideckel v. Foreign Nation of Canada, et al.*, No. 26-7172 (D.C. Cir. Aug. 28, 2026), Dkt. No. 2190343 ("Mot. for Summary Reversal"). Several days later, on September 3, 2026, Plaintiff petitioned this Court for the same relief. *See* Dkt. No. 185 (the "Motion").

Plaintiff asserts that a stay should be issued pursuant to either the Court's inherent authority or Federal Rule of Civil Procedure ("Rule") 62; neither supports his request. A court considers four factors when assessing whether to grant a stay pursuant to its inherent authority, and the Motion fails to satisfy any of them. Plaintiff fails to articulate that his appeal is likely to succeed on the merits, that he will suffer any irreparable harm, or that the equities favor delayed payment. Separately, there is no basis to issue a stay pursuant to Rule 62, which permits a stay as of right if the movant posts a supersedeas bond in the full amount of the award or allows a court to grant an unsecured stay in its discretion. Plaintiff does not offer to post a bond in any amount, and he provides no reason to depart from the bond requirement.

A stay pending appeal should not be granted, and Plaintiff's Motion should be denied.

## I. <u>Plaintiff is Not Entitled to a Stay Pursuant to This Court's Inherent Authority</u>.

A stay pending appeal is an "extraordinary remedy" and an "intrusion into the ordinary processes of administration and judicial review." *Mann v. Wash. Metro. Area Transit Auth.*, 185

F. Supp. 3d 189, 194 (D.D.C. 2016) (internal citations omitted). A court considers four factors in determining whether this extraordinary remedy is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *M.M.V. v. Barr*, 459 F. Supp. 3d 1, 4 (D.D.C. 2020) (quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009)).

The first two factors are the most critical. *Id.* Regarding the first factor, "[i]t is not enough that the chance of success on the merits [is] better than negligible." *Id*. It must be "substantial," and failure to satisfy "this stringent standard for demonstrating a likelihood of success on the merits is 'an arguably fatal flaw for a stay application.'"[1] *M.M.V.*, 459 F. Supp. 3d at 4 (first quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977); and then quoting *Citizens for Responsibility & Ethics in Wash. ("CREW") v. Fed. Election Comm'n*, 904 F.3d 1014, 1019 (D.C. Cir. 2018)). Where there is a low likelihood of success on the merits, a movant must show a proportionally greater irreparable injury to warrant a stay (*see Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d at 978), and the "[i]rreparable harm must be both certain and great, and actual and not theoretical." *CREW*, 904 F.3d at 1019 (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). It is "well-settled" that "economic loss does not, in itself, constitute irreparable harm," and that "when a district court chooses to consider the unsuccessful party's financial hardship, it should require substantial documentation of a true inability to pay." *Mann*, 185 F. Supp. 3d at 195 (first quoting *Baker v. Socialist People's Libyan*

---

[1] Plaintiff erroneously argues that he need not show a likelihood of success, but only that his appeal raises "questions going to the merits so serious … as to make them a fair ground for litigation." Mot. at 2 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 844). He misreads the standard. *Wash. Metro. Area Transit* recognized that a movant's likelihood of success need not be "absolutely certain, wholly without doubt" only where "the balance of hardships tips decidedly toward" the movant. That is not the case here.

*Arab Jamahirya*, 810 F. Supp. 2d 90, 97 (D.D.C. 2011); and then quoting *Guevara v. Onyewu*, 943 F. Supp. 2d 192, 196 (D.D.C. 2013)). It is the movant's obligation to meet this high burden. *See Nat'l Ass'n of Mfrs. v. Taylor*, 549 F. Supp. 2d 68, 71–72 (D.D.C. 2008).

**A. *Plaintiff is unlikely to succeed on the merits.***

The premise of Plaintiff's appeal is the argument—that Plaintiff impermissibly raises for the first time before the D.C. Circuit—that this Court cannot impose attorneys' fees *sua sponte* for Rule 11 violations. Mot. for Summary Reversal at 1–5. His argument fails, and Plaintiff cannot show he is likely to succeed on the merits of his claims for several reasons. First, despite having had ample opportunity to do so, Plaintiff failed to timely challenge the Court's authority to impose a fee-award sanction. To the contrary, Plaintiff affirmatively acknowledged that "[t]he Court unquestionably has authority to sanction improper filings" (Dkt. No. 146 at 18), thereby waiving the argument he now makes on appeal. *See District of Columbia v. Air Florida Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal."); *Kideckel v. Foreign Nation of Canada*, No. 26-7006, 2026 WL 1766008, at *2 (D.C. Cir. June 11, 2026) (rejecting Plaintiff's RICO argument because he failed to raise it in the district court).

Furthermore, Plaintiff argues that fees may be awarded pursuant to Rule 11 only if imposed on motion, and that the Court lacked authority under Rule 11 to *sua sponte* issue the Fee Award. This argument is also unlikely to succeed, as Plaintiff ignores that multiple defendants did, in fact, file motions for attorneys' fees and costs. *See* Dkt. No. 149 at 13–15 (D. Kideckel and Ms. Saibil's cross motion requesting attorneys' fees); Dkt. No. 161 (City of Toronto and Detective Wilson requesting "[t]o the extent necessary, … that the Court treat this application for attorneys' fees and

costs as a motion for attorneys' fees and costs").[2]

Separately, Plaintiff's appeal and the Motion focus almost exclusively on the Court's purported lack of authority to impose the Fee Award pursuant to Rule 11 and ignore that the Court cited a second basis, the Court's inherent authority, when it issued sanctions. Dkt. No. 157 at 5. That authority imbues courts with the "discretion to determine a fitting sanction for conduct that abuses judicial proceedings, including assessing attorney's fees." *Parsi v. Daioleslam*, 778 F.3d 116, 130–31 (D.C. Cir. 2015). The Court was authorized to "safely rely on" that authority even if "neither the statutes nor the rules [were] up to the task." *Chambers v. NASCO, Inc*., 501 U.S. 32, 33 (1991). The appellate court therefore does not need to reach the purported issue on appeal—whether sanctions were permissible under Rule 11—to affirm the Fee Award. *See, e.g.*, *Borgess Med. Center v. Burwell*, 843 F.3d 497, 503 (D.C. Cir. 2016) (when one of several bases for a decision "alone is sufficient grounds to affirm the district court," this Court "need not decide whether" the other grounds are correct).

Finally, contrary to the Motion's contention, the Court specifically described the sanctionable conduct in its show-cause Order and imposed sanctions causally connected to the conduct. The Court's August 12, 2025 show-cause Order highlighted Plaintiff's "patently meritless motions" and his "cartoonishly frivolous claims that [had] mired Defendants in pointless motions practice for nearly a year." Dkt. No. 145 at 1, 7. Plaintiff baldly asserts that this is not the same conduct that the Court relied on in its January 16, 2026 Order imposing sanctions, but that is wrong. That Order, like the show-cause Order, focused on Plaintiff's filing of "dozens of meritless

[2] The Motion compares the Fee Award here to sanctions issued in *Marlin v. Moody National Bank, N.A.*, 533 F.3d 374 (5th Cir. 2008). That case is inapposite. *Marlin* concerned sanctions issued without adequate notice—a ruling, "*sua sponte*, without providing an opportunity for any response by [the sanctioned party], that sanctions would be imposed." *Id.* at 378. By contrast, here, the Court entered an order to show cause as to why conduct described in the Order did not violate Rule 11(b) before imposing monetary sanctions. Dkt. No. 145 at 8.

motions in a matter of months" that had "flooded the judicial system with duplicative, unduly voluminous, and hyperbolic filings." Dkt. No. 157 at 5, 7. And likewise, the Fee Award pointed to the same conduct: that Plaintiff had "filed 32 motions in less than a year, all of which were patently meritless." Dkt. No. 177 at 6. The Court ultimately tied this conduct to its award, holding that "[Plaintiff's] conduct was sanctionable from the beginning"—that this case was "initiated and prosecuted with the primary intent of harassing the defendants"—and that Plaintiff persisted in such conduct "throughout the duration of this lawsuit." *Id.* at 6, 7.

Plaintiff has failed to show that any of his arguments has a "substantial likelihood" of success in the appellate court, and due to this "fatal flaw," his motion for a stay must be denied. *M.M.V.*, 459 F. Supp. 3d at 4.

**B. *Plaintiff has not demonstrated irreparable harm.***

"The showing of irreparable harm must be more than a bare allegation of what is likely to occur. 'The movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future.'" *Naegele v. Albers*, No. 03-2507, 2014 WL 12683359, at *2 (D.D.C. Dec. 2, 2014) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Plaintiff has not attempted to make such a showing, nor can he. *See Mann*, 185 F. Supp. 3d at 195 (denying stay because, *inter alia*, "Plaintiff has made no attempt to make the requisite showing that he lacks the ability to pay due to financial hardship"). "For economic loss to constitute irreparable harm, 'legal remedies after the fact must be inadequate to restore the party seeking a stay to the status quo ante.'" *Id.* (quoting *Baker*, 810 F. Supp. 2d at 97; *see also Wisconsin Gas Co.*, 758 F.2d at 674 ("[E]conomic loss does not, in and of itself, constitute irreparable harm."). As Plaintiff could be made whole by the return of the costs awarded, this is "a hornbook example of a payment that does not constitute irreparable harm or

warrant a stay." *Beck v. Test Masters Educ. Servs., Inc.*, 937 F. Supp. 2d 85, 88 (D.D.C. 2013); *see also Mann*, 185 F. Supp. 3d at 195 (no irreparable harm where plaintiff would be "made whole" upon return of payment).

### C. *The remaining factors weigh in favor of Defendants D. Kideckel and Ms. Saibil.*

The remaining factors, whether the stay will substantially injure the other parties in the proceeding and where the public interest lies, also weigh in favor of D. Kideckel and Ms. Saibil. Though Plaintiff argues that D. Kideckel and Ms. Saibil will not be injured because "[a] stay defers collection" but does not "extinguish the judgment" (Mot. at 5), the Motion fails to account for the fact that Plaintiff followed through on his "stated intention to revive his claims … by launching a new action against Defendants and other parties, based solely on their involvement in defending their clients in this litigation." Dkt. No. 177 at 6. Many of the same parties, including D. Kideckel, and their counsel have now been sued in *Kideckel v. Epstein Becker & Green, P.C., et al.* (Index No. 159649/2026), recently filed in the Supreme Court of the State of New York. Those parties must now defend against Plaintiff's same frivolous accusations in another forum. Delay in collecting the Fee Award will enable Plaintiff's undeterred continued harassment. Likewise, the public interest "lies strongly in favor of prompt payment" because it is "much more likely to deter [Plaintiff] from continuing such conduct" (*Beck*, 937 F. Supp. 2d at 88) and provide "a prompt and final resolution of the instant lawsuit" (*McCammon v. United States*, 584 F. Supp. 2d 193, 199 (D.D.C. 2008)), which has seen dozens of frivolous motions and needlessly expended resources.

## II. <u>Plaintiff is Not Entitled to a Stay Pursuant to Rule 62</u>.

Rule 62 permits a stay as of right where the party provides a supersedeas bond in the full amount of the judgment. It also permits courts, in their "sound discretion," to authorize unsecured stays or bonds in an amount lower than the judgment or via a substitute security. *See Fed.*

*Prescription Serv. Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980); *Athridge v. Iglesias*, 464 F. Supp. 2d 19, 25 (D.D.C. 2006) (granting stay of execution in exchange for judgement debtors' post of commercial real estate holdings). "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution" and "a full supersedeas bond should be the requirement … where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case." *Fed. Prescription Serv., Inc.*, 636 F.2d at 760. A court's decision to deviate from this requirement and grant a stay without a bond hinges on the assessment of three considerations: "(1) the damage award amount, (2) the net worth of the moving party in relation to the damage award, and (3) the residency status of the moving party." *Klayman v. Judicial Watch*, No. 06-670, 2019 WL 4260380, at *1 (D.D.C. Sep. 9, 2019) (citing *Fed. Prescription Serv.*, 636 F.2d at 761). The burden is "on the moving party to objectively demonstrate the reasons for such a departure." *Howard Town Ctr. Dev., LLC v. Howard Univ.*, 288 F. Supp. 3d 11, 13 (D.D.C. 2017) (quoting *Grand Union Co. v. Food Emps.' Lab. Rels. Ass'n*, 637 F. Supp. 356, 357 (D.D.C. 1986)).

Plaintiff requests that the Court stay enforcement of the judgment pursuant to Rule 62 and waive the requirement that he post security because he is "a self-represented individual without the means to post security in the amount of the judgment." Mot. at 5. However, none of the three considerations counsel in favor of such an outcome. Plaintiff has not "'objectively demonstrated a present financial ability to … respond to a money judgment' nor 'presented to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" *Klayman*, 2019 WL 4260380, at *2 (quoting *Athridge v. Iglesias*, 464 F. Supp. 2d at 24). Indeed, he has failed to "objectively demonstrate" anything about his finances. *See Athridge v. Rivas*, 236 F.R.D. 6, 8 (D.D.C. 2006) (assertion that judgment debtors were "individuals"

insufficient to demonstrate why they could not post bond for full amount); *cf. Fed. Prescription Serv.*, 636 F.2d at 761 (considering judgment debtor's financial statements demonstrating net worth); *Ace Am. Ins. Co. v. Zurich Am. Ins. Co.*, No. 21-CV-1127, 2026 WL 2561413, at *2 (S.D. Ohio Aug. 31, 2026) ("[Judgment debtor] provides no financial figures, financial statements, or sworn testimony to support its assertions of its ability to satisfy the judgment."); *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, No. 17-11130, 2021 WL 1526277, at *4 (E.D. Mich. Apr. 19, 2021) (party moving for waiver of bond requirement typically submits "concrete evidence" of its finances); *S.E.C. v. Yun*, 208 F. Supp. 2d 1279, 1283–84 (M.D. Fla. 2002) (considering letters to SEC regarding judgment debtor's assets, ownership of annuity contracts, and borrowing potential in Rule 62 analysis). If anything, Plaintiff implies the opposite, conceding that he lacks "the means to post security in the amount of the judgment." Mot. at 5. *See Howard Town Ctr. Dev., LLC*, 288 F. Supp. 3d at 15 (denying stay because judgment debtor failed to present the Court with financially secure plan for maintaining solvency). Moreover, Plaintiff is not a D.C. resident and does not own D.C. real estate. *See Godfrey v. Iverson*, No. CIV.A. 05-2044, 2007 WL 3001426, at *1 (D.D.C. Oct. 16, 2007) (denying stay of execution because judgment creditor was not a D.C. resident and did not demonstrate why posting bond would not be "practicable"). Given Plaintiff's litigious history and failure to accept the outcome of this case, as recently demonstrated by his revival of the same frivolous claims in a new jurisdiction, there is a reasonable likelihood that he will be "[unwilling] to satisfy the judgment in full." *Gates v. Syrian Arab Republic*, No. CV 06-1500, 2009 WL 10693489, at *2 (D.D.C. Oct. 21, 2009).

This is a textbook example of circumstances requiring a full supersedeas bond. Allowing Plaintiff, an out-of-state litigant who concedes that he lacks the means to pay the Fee Award, to continue to litigate a judgment against him without providing the judgment creditors any security

significantly prejudices D. Kideckel and Ms. Saibil. Under these circumstances, Plaintiff should not be permitted to stay enforcement of the Fee Award unless he posts a supersedeas bond in the full amount.

## III. Conclusion

In light of the foregoing, D. Kideckel and Ms. Saibil request that this Court deny Plaintiff's motion to stay the enforcement of the Fee Award pending appeal.

Dated: September 10, 2026
Washington, DC

Respectfully submitted,

LEWIS BAACH KAUFMANN
MIDDLEMISS pllc

/s/ Jeffrey D. Robinson
Jeffrey D. Robinson, D.C. Bar No. 376037
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Jeffrey.Robinson@lbkmlaw.com

Elizabeth Velez
155 E. 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Elizabeth.Velez@lbkmlaw.com

*Counsel for Defendants David Kideckel and Dahlia Saibil*