**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,

Plaintiff,

Case No. 1:24-cv-02907-CJN

v.

THE FOREIGN NATION OF CANADA, et al.,

Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF THE AUGUST 25, 2026 ORDER PENDING APPEAL**

Plaintiff Brent Kideckel, appearing pro se, respectfully submits this reply.

Defendants' opposition defends the sanction on the merits of the underlying record. Plaintiff accordingly responds on that record, briefly: this case was analyzed against the wrong parties and the wrong conduct from the outset, and the docket already shows it.

The August 12, 2025 order stated that the Court had "no idea whether these were falsehoods" as to the Affidavit of Service. That statement was entered on the same page that denied Plaintiff's own motion at ECF No. 66 — which had already placed before the Court the certified corporate record answering that question — as moot, without examining it. The disqualification ruling that followed addressed a conflict between David Kideckel and Dahlia Saibil, a married couple, rather than the conflict Plaintiff's motion actually raised: Jeffrey Robinson's simultaneous representation of David Kideckel and Aram Simovonian, whose interests were directly adverse on the question of service. ECF No. 67, filed the next day, reflects Robinson's withdrawal as to Simovonian alone; he continued to represent David Kideckel on the same disputed record. And Simovonian's own written statement, sent to Plaintiff and to counsel of record on September 6, 2025, said he would "argue for jail time," ECF No. 152. None of this is new. Each item is already on this Court's docket, and none of it was resolved before the record was found frivolous.

Plaintiff maintains, as he has throughout, that the filings this Court found frivolous instead documented fraud — a characterization the record above, and the Verified Complaint attached as the sole exhibit to this reply, support. Neither the show-cause order nor anything that preceded it identified generative artificial intelligence, or the Court's inherent authority, as a ground under consideration; both grounds first appeared in the January 16, 2026 order, after Plaintiff had already filed his response to the order that issued. ECF No. 111 appears nowhere in the show-cause order, yet it is cited in the January 16, 2026 order as a basis for the finding on generative artificial intelligence. The question the show-cause order actually posed concerned Rule 11 motion practice following the disqualification ruling addressed above, and Plaintiff's response to the order answered that question. The disqualification ruling's treatment of the parties was not revisited; the sanction issued instead.

RECEIVED
SEP 14 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Further, the proposed Amended Complaint, ECF No. 146-2, requested relief at page 47 under 28 U.S.C. § 4102. A complaint invoking a specific statutory basis for relief cannot be deemed frivolous on that basis.

Plaintiff recognizes that repeating this argument at greater length is unlikely to change the Court's assessment of a record it has already reviewed. He offers instead, as **Exhibit 1** and the only exhibit to this reply, the Verified Complaint filed September 7, 2026 in the Supreme Court of the State of New York, Index No. 159649/2026 — sworn to under penalty of perjury — on the view that it states the underlying conduct more completely, and more plainly, than any further characterization of it by Plaintiff could.

Plaintiff respectfully requests that the Court indicate:

(a) whether, in any further consideration of sanctions in this action — including on remand, should the pending appeal result in one — it would issue notice specifically identifying inherent authority, and not Rule 11 alone, as a ground under consideration, before any sanction issues on that ground;

(b) whether it would issue a renewed order to show cause, on notice, that permits both sides to move for sanctions on a complete record; and

(c) whether it would hold an evidentiary hearing to resolve the disputed authenticity of the Affidavit of Service and the communications referenced in ECF Nos. 66, 67, and 152. Plaintiff respectfully requests such a hearing.

For these reasons, and for the reasons stated in the opening motion, Plaintiff respectfully requests that the Court stay enforcement of the August 25, 2026 order pending resolution of the appeal in No. 26-7172.

Dated: September 14, 2026

Respectfully submitted,

Brent Kideckel
Plaintiff, Pro Se
P.O. Box 20901
Floral Park, NY 11002
(917) 634-0637
brentkideckel@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, this document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.