IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>Plaintiff,<br><br>v.<br><br>FOREIGN NATION OF CANADA, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-02907-CJN |

**DEFENDANT ARAM SIMOVONIAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Defendant Aram Simovonian ("Defendant"), by counsel, respectfully submits this Memorandum of Points and Authorities in Opposition to the Motion for Leave to Proceed in Forma Pauperis filed by Plaintiff Brent Kideckel ("Plaintiff") [Dkt. 190] ("Motion"). Plaintiff's request to proceed with his latest appeal, currently pending in the United States Court of Appeals for the District of Columbia Circuit (No. 26-7172),[1] in forma pauperis should be denied.

**ARGUMENT**

Under 28 U.S.C. § 1915, any court may permit a party to proceed with a civil action "without prepayment of fees or security" if the party provides an affidavit that includes, *inter alia*, statements regarding the nature of the appeal and the party's assets." 28 U.S.C. § 1915(a)(1). An in forma pauperis ("IFP") affidavit must accurately detail the party's "net income, employment,

[1] The Court of Appeals has already affirmed Plaintiff's appeal of this Court's orders dismissing his underlying action on subject matter jurisdiction grounds and denying his various motions. *See Kideckel v. Foreign Nation of Canada, et al*., 2026 WL 1766008 (D.C. Cir. 2026). Plaintiff now seeks to appeal this Court's orders imposing monetary and injunctive sanctions against Plaintiff, which the Court of Appeals previously dismissed as non-final because this Court had not yet determined the amount of attorneys' fees to be awarded. *See id*. at *1-2.

valuable personal property, and equity in real property" and must "sufficiently demonstrate[] [the party's] inability to both provide himself with the necessities of life and pay the costs of litigation." *United States v. Valdes*, 300 F. Supp. 2d 82, 83-84 (D.D.C. 2004). "[S]omething more than a mere statement of poverty is necessary before the court can confer IFP status on" a party. *Id*. at 85 (citations omitted).

Notably, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Further, the district court "shall dismiss the case at any time if the court determines that…the action or appeal…is frivolous or malicious." *Id*. at § 1915(e)(2)(B)(i). Plaintiff has not demonstrated he is entitled to IFP status.

As an initial matter, Plaintiff asks this Court to take judicial notice of a "sealed affidavit and supporting exhibits"[2] filed in a separate proceeding as the sole support for his request. Without following the procedures set forth in LCvR 5.1(h) or filing a motion to seal such materials,[3] Plaintiff claims to have submitted "a copy of that sealed submission" to this Court but has failed to provide a copy of these documents to any party or counsel. Plaintiff has not offered any valid legal or factual basis for withholding these documents from either the parties or the public, nor does such a basis exist. *See, e.g.*, *SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127-28 (D.D.C. 2015) (concluding that plaintiff had "failed to specify any specific reasons justifying his

[2] The affidavit to which Plaintiff refers was submitted along with a one-paragraph request to seal—without any legal support—included in a motion for summary reversal. *See* Appellant's Motion for Summary Reversal or in the Alternative for a Stay of Enforcement Pending Appeal, with Expedited Consideration and Leave to File Appendix A Under Seal, *Kideckel v. Foreign Nation of Canada, et al*., No. 26-7172, Doc. No. 2190343, at 6-7 (D.C. Cir. Aug. 28, 2026). The Court of Appeals has not granted Plaintiff's request to seal the affidavit and supporting exhibits, and it is inaccurate to characterize it as already "sealed."

[3] Plaintiff's failure to file a motion to seal with this Court alone should result in the document being placed on the public docket. *See* LCvR 5.1(h)(1) (stating that "[f]ailure to file a motion to seal will result in the document being placed on the public record.").

request to file [his IFP application] under seal and *ex parte*" and "the interest in public access outweighs any interest in nondisclosure"). Regardless, because Plaintiff has refused to provide a copy of the affidavit and exhibits to Defendant, based on the record available to Defendant, Plaintiff has failed to state a basis which would permit him to proceed in forma pauperis and his motion to do so therefore should be denied.

Further, Plaintiff argued in his reply brief in support of his motion for summary reversal that, should the Court of Appeals deny his request to file the affidavit under seal, he will simply withdraw it instead of permitting it to be filed on the public docket. *See* Appellant's Combined Reply in Support of Motion for Summary Reversal and Response in Opposition to Appellees' Cross-Motion for Summary Affirmance, *Kideckel v. Foreign Nation of Canada, et al*., No. 26-7172, Doc. No. 2193201, at 20 (D.C. Cir. Sept. 15, 2026). Without the affidavit, and lacking any support in the Motion itself, the Court should disregard Plaintiff's IFP application, which must be denied under Section 1915.

Lack of adequate support aside, Plaintiff's request should be denied under Section 1915(e)(2) because it is not taken in good faith and is frivolous and malicious. *See Magee v. Hatch*, 26 F. Supp. 2d 153, 155 (D.D.C. 1998) (quoting 28 U.S.C. § 1915(e)(2)) (additional citations omitted) (holding that "[a]n *in forma pauperis* proceeding is not taken in good faith if it is 'frivolous or malicious'). At issue on appeal is the portion of this Court's Order determining that monetary and injunctive sanctions are appropriate based on Plaintiff's numerous Rule 11 violations and the Order requiring Plaintiff to pay Defendant's reasonable attorney's fees pursuant to its inherent authority and Rule 11. *See* Dkts. 157, 177, 183. This Court has already concluded that Plaintiff is a vexatious litigant, who "'has presented cartoonishly frivolous claims that have mired Defendants in pointless motions practice for nearly a year.'" Dkt. 157 at 7; Dkt. 177 at 4

(citing Dkt. 157 at 4; Dkt. 145 at 7). The Court has further found that Plaintiff's entire action was taken in bad faith, and he has "harassed Defendants in this case with over 100 meritless and vexatious filings since this action began." Dkt. 157 at 7; Dkt. 177 at 10. There is more than sufficient evidence for this Court to find that Plaintiff's current appeal—like his underlying action and initial appeal—is completely frivolous and serves no purpose beyond harassing the parties and needlessly wasting more judicial and party resources. Accordingly, there is no basis for Plaintiff's request, and his Motion should be denied.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion.

Dated: September 28, 2026

Respectfully submitted,

*/s/ George B. Breen*
George B. Breen (Bar No. 428665)
Elizabeth A. Harris (Bar No. 1615589)
**Epstein Becker & Green, P.C.**
1227 25th Street, NW, Suite 700
Washington, D.C. 20037
Telephone: (202) 861-1823
Facsimile: (202) 861-3523
GBreen@ebglaw.com
EHarris@ebglaw.com

*Attorneys for Defendant Aram Simovonian*