**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRENT KIDECKEL,

*Plaintiff*,

v.

FOREIGN NATION OF CANADA *et al.*,

*Defendants*.

Civil Action No. 1:24-cv-02907 (CJN)

**ORDER**

Plaintiff Brent Kideckel moves to stay this Court's order awarding attorneys' fees to Defendants as sanctions for Kideckel's vexatious conduct. *See* ECF No. 185 (Mot.). "A stay is not a matter of right" but is instead "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation and brackets omitted). Relevant considerations are (1) whether the petitioner has made a strong showing that he is likely to prevail on the merits of his appeal, (2) whether the petitioner has shown that without such relief, he will suffer irreparable injury, (3) whether the issuance of a stay would substantially harm other parties interested in the proceedings, and (4) where the public interest lies. *See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–43 (D.C. Cir. 1977). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434.

Kideckel has not made a strong showing of likelihood of success on the merits. As the Court has explained, "the Court 'has the authority to impose Rule 11 sanctions *sua sponte*' under FRCP 11(c)(5)(B) on the condition that, pursuant to FRCP 11(c)(3), it first orders the offending party to show cause why the conduct at issue has not violated Rule 11(b)." ECF No. 145 at 8. The

Court adhered to that requirement. *Id.* Rule 11 further provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Kideckel was given notice and was heard, and the Court determined that attorneys' fees were an appropriate sanction. *See* ECF No. 157 at 4–9; ECF No. 177 at 1–2.

Kideckel argues that under Rule 11(c)(4), however, a monetary sanction in the form of attorneys' fees may only be "imposed on motion," not on the Court's own initiative. Mot. at 2–4. That is, in his view, Rule 11(c)(4) provides an additional restriction on the Court's authority to impose a monetary sanction, notwithstanding Rule 11(c)(5)'s enumerated "limitations on monetary sanctions." (Capitalization omitted). Rule 11(c)(4) provides:

> *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; **or, if imposed on motion** and warranted for effective deterrence, **an order directing payment to the movant of part or all of the reasonable attorney's fees** and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4) (emphasis added).

Kideckel's argument finds some support in the other circuits' case law. The Fifth Circuit, for example, has held that "[s]anctions imposed on the district court's initiative . . . are limited to nonmonetary sanctions or a monetary penalty payable to the court." *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008); *see also, e.g.*, *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 926 (7th Cir. 2004) ("[I]f the sanction is imposed on the court's own motion, attorney fees cannot be awarded.").

But, at least as to the Toronto and Saibil Defendants, the fee awards *were* made in response to those parties' motions for attorneys' fees. *Compare* ECF No. 149 at 1–2, 13–15 (Saibil Defendants' cross-motion for attorneys' fees); ECF No. 161 (Toronto Defendants' motion for attorneys' fees); ECF No. 163 (Saibil Defendants' motion for attorneys' fees) *with* ECF No. 157 at 8–9 (detailing the Court's agreement with the Saibil Defendants' request to "order Kideckel to pay their attorneys' fees"); ECF No. 177 at 10 ("Accordingly, it is . . . **ORDERED** that the Motions for Attorneys' Fees, ECF Nos. 161 and 163, are **GRANTED**."). While Defendant Simovonian styled his filing as a bill of costs, rather than a motion, *see* ECF No. 162, that filing still "request[ed] that the Court award $89,915 to Defendant to be paid by Plaintiff in this matter." ECF No. 162-1 at 13. And Kideckel responded to the parties' filings as if they were all motions for attorneys' fees. *See* ECF No. 165 at 1 ("Defendants' motion for costs should be denied."). Finally, the Court's order awarding attorneys' fees relied directly on the filings from Defendants, so it can be construed as a "sanction . . . imposed on motion[s] . . . directing payment to the movant of part or all of the reasonable attorney's fees." Fed. R. Civ. P. 11(c)(4); *see also W. Union Tel. Co. v. State of Kansas ex rel. Coleman*, 216 U.S. 1, 27 (1910) (Courts "will look through forms to the substance of things.").

Even assuming Kideckel were correct, the Court provided an alternative basis for the sanctions and attorneys' fees awards. *See* ECF No. 157 at 8–9. The Court explained that under 28 U.S.C. § 1927, "because Kideckel's conduct has 'so multiplie[d] the proceedings . . . unreasonably and vexatiously,' the Court will require him to 'satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Id.* (citation omitted). Kideckel has not pointed to any authority supporting the proposition that § 1927 sanctions cannot be ordered *sua sponte* after a reasonable opportunity to be heard.

For these reasons, Kideckel is not likely to succeed on his argument that the Court's order awarding attorneys' fees was improper, which suffices to deny his motion for a stay. In any event, because "[e]conomic loss does not, in and of itself, constitute irreparable harm," *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 108 (D.C. Cir. 1986), Kideckel's motion for a stay can be denied on that basis as well. *See Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1236 (D.C. Cir. 2025) ("[A] movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors . . . merit such relief." (citation omitted)).

Lastly, the Court emphasizes the futility of Kideckel's stay motion and appeal. While the Court acknowledges that the appeal to the D.C. Circuit likely divests the Court of jurisdiction to otherwise alter its sanction and fees orders, the Court, if given the opportunity to do so, would clarify its orders as also relying on the Court's inherent authority as another basis for the sanctions against Kideckel. *See Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with . . . awards of attorneys' fees."). To sanction a litigant under the Court's inherent authority, the Court must find "bad faith by clear and convincing evidence." *Parsi v. Daioleslam*, 778 F.3d 116, 131 (D.C. Cir. 2015). The Court has already made such a finding. *See, e.g.*, ECF No. 157 at 7 ("Kideckel's stated intention to revive his claims if the Court does not grant his motions by launching a new action against Defendants and other parties . . . further evinces Kideckel's bad faith."); ECF No. 177 at 7 ("This

case has been 'cartoonishly frivolous' from the beginning and seems to have been initiated and prosecuted with the primary intent of harassing the defendants.").[1]

Accordingly, it is **ORDERED** that Kideckel's Motion to Stay, ECF No. 185, is **DENIED**.

DATE: October 5, 2026

CARL J. NICHOLS
United States District Judge

[1] Kideckel arguably invokes Rule 62(b), which permits a party to "obtain a stay by providing a bond or other security." *See* Mot. at 5. He asks the Court to waive the supersedeas bond. *Id.* Given Kideckel's conclusory request, the Court declines to do so. *See Howard Town Ctr. Dev., LLC v. Howard Univ.*, 288 F. Supp. 3d 11, 13 (D.D.C. 2017) ("Although the court has discretion to depart from the usual requirement of a supersedeas bond for the full amount of judgment, the burden is 'on the moving party to objectively demonstrate the reasons for such a departure.' (citation omitted)).